# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DIANE OWENS**, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>**FIRSTENERGY CORP., CHARLES E. JONES, JAMES F. PEARSON, STEVEN E. STRAH and K. JON TAYLOR,**<br><br>Defendants. | No.: 2:20-cv-03785<br><br>**JUDGE ALGENON L. MARBLEY**<br><br>**MAGISTRATE JUDGE KIMBERLY A. JOLSON**<br><br>**CLASS ACTION** |
| **CHANA FRAND**, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>**FIRSTENERGY CORP., CHARLES E. JONES, JAMES F. PEARSON, STEVEN E. STRAH and K. JON TAYLOR,**<br><br>Defendants. | No.: 2:20-cv-04287<br><br>**JUDGE JAMES L. GRAHAM**<br><br>**MAGISTRATE JUDGE ELIZABETH PRESTON DEAVERS**<br><br>**CLASS ACTION** |

**MOTION OF IRONWORKERS LOCALS 40, 361 & 417 UNION SECURITY FUNDS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**PLEASE TAKE NOTICE** that pursuant to Section 21D of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Rule 42 of the Federal Rules of Civil Procedure, Ironworkers Locals 40, 361 & 417 Union Security Funds ("Movant") hereby moves the Court for an Order:

(a) consolidating the above-captioned related actions (the "Related Actions");

(b) appointing Movant to serve as Lead Plaintiff in the Related Actions; and

(c) approving Movant's selection of Pomerantz LLP as Lead Counsel and Robert J. Wagoner Co., LLC as Liaison Counsel for the Class.

The reasons for this Motion are more fully supported within the accompanying Memorandum of Law (with exhibits A - E). A[n] [Proposed] Order is also being submitted for the Court's consideration.

Dated: September 28, 2020

Respectfully submitted,

**ROBERT J. WAGONER CO., L.L.C.**

/s/ *Robert J. Wagoner*
Robert J. Wagoner (0068991)
445 Hutchinson Avenue, Suite 100
Columbus, Ohio 43235
Telephone: (614) 796-4110
Facsimile: (614) 796-4111
bob@wagonerlawoffice.com

*Counsel for Movant and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application pending)
J. Alexander Hood II
(*pro hac vice* application pending)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
(*pro hac vice* application pending)
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Movant and Proposed Lead Counsel for the Class*

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF IRONWORKERS LOCALS 40, 361 & 417 UNION SECURITY FUNDS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

Movant Ironworkers Locals 40, 361 & 417 Union Security Funds ("Movant") respectfully submits this memorandum of law in support of its motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and Rule 42 of the Federal Rules of Civil Procedure:

(a) consolidating the above-captioned related actions (the "Related Actions");

(b) appointing Movant as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired FirstEnergy Corp. ("FirstEnergy" or the "Company") securities between February 21, 2017, and July 21, 2020, inclusive (the "Class Period"); and

(c) approving Movant's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Robert J. Wagoner Co., LLC ("Wagoner") as Liaison Counsel for the Class.

**PRELIMINARY STATEMENT**

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that is shown to be the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" is the one that possesses the "largest financial interest" in the outcome of the litigation and that satisfies the requirements of Fed. R. Civ. P. 23. *Id.* Movant believes that it should benefit from a rebuttable presumption arising from possessing the largest financial interest in this litigation. Movant is an institutional investor that purchased 33,722 shares of FirstEnergy securities during the Class Period, expended $1,508,427 on its purchases, retained 14,796 of its FirstEnergy shares at the end

3

of the Class Period, and incurred losses of approximately $287,975 in connection with its Class Period purchases of FirstEnergy securities. *See* Ex. A.

Beyond its significant financial interest, Movant also meets the applicable requirements of Rule 23 because its claims are typical of absent class members and because it will fairly and adequately represent the interests of the Class. As a sophisticated institutional investor with a significant financial interest in the litigation, Movant is a paradigmatic lead plaintiff under the PSLRA, and its appointment would thus advance the legislative purpose of "increasing the role of institutional investors in class actions" in order to "benefit shareholders and assist courts by improving the quality of representation in securities class actions." H.R. Conf. Rep. No. 104-369, at *34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733. For this reason, courts in this Circuit strongly prefer appointment of institutional investors to lead complex securities class actions. *See, e.g.*, *City of Pontiac Gen. Employees' Ret. Sys. v. Stryker Corp.*, No. 1:10-CV-520, 2011 WL 13228127, at *2 (W.D. Mich. Jan. 3, 2011) (finding that "the Pension Funds, being institutional investors . . . are the type of investor Congress envisioned as appropriate lead plaintiffs in securities class action cases" and, as such, "courts have routinely concluded that th[e] [professional plaintiff] provision [of the PSLRA] should not be strictly applied to institutional investors"); *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010 WL 5173851, at *8, *13 (W.D. Tenn. Dec. 15, 2010) (noting that "institutional investors[ are] exactly the type of sophisticated market participants Congress intended to take on the role of lead plaintiff following the PSLRA's reforms," and appointing a group as lead plaintiff, in part, because "one of the members is an institutional investor—the type of plaintiff Congress, through the passage of the PSLRA, sought to encourage to serve as lead plaintiff"); *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 458 F. Supp. 2d 455, 460 (E.D. Mich. 2006) (finding that "Congress explicitly stated that it hoped

4

that by selecting the plaintiff with the greatest financial loss, the PSLRA would thereby 'increase the likelihood that institutional investors will serve as lead plaintiffs,'" and that, "[i]n Congress's view, institutional investors should serve as lead plaintiffs where possible, since they are most likely to have the most at stake in the case and be the most sophisticated and competent litigants" (quoting H.R. Conf. Rep. No. 104-369 at 34, 1995 U.S.C.C.A.N. 730, 733)); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 305-06 (S.D. Ohio 2005) (noting that some courts have found the presence of an institutional investor "tipped the scales in favor of its appointment as lead plaintiff" (citation omitted)).

In order to fulfill its responsibilities as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Movant has selected Pomerantz as Lead Counsel and Wagoner as Liaison Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors. In 2018 alone, Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States, as well as an $80 million recovery on behalf of investors in Yahoo! securities. Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.

As a sophisticated institutional investor with a significant financial interest in this litigation, and having satisfied the Rule 23 requirements of adequacy and typicality, Movant respectfully requests that the Court enter an order appointing it as Lead Plaintiff and approving Pomerantz as Lead Counsel and Wagoner as Liaison Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the complaint in the first-filed of the Related Actions, *Owens v. FirstEnergy Corp. et al.*, No. 2:20-cv-03785 (S.D. Ohio Jul 28, 2020), ECF No. 1 ("Complaint"), defendant

FirstEnergy is headquartered in Akron, Ohio. Complaint at ¶ 2. The Company is an electric utility company with subsidiaries and affiliates involved in the distribution, transmission and generation of electricity, as well as energy management and other energy-related services. *Id.* Its ten electric utility operating companies comprise one of the United States' largest investor-owned utilities, serving more than six million customers in Ohio, Pennsylvania, West Virginia, Virginia, Maryland, New Jersey, and New York. *Id.* The Company also owned and operated two nuclear power plants in the State of Ohio, the Perry Nuclear Generating Station and the Davis-Besse Nuclear Power Station. *Id.*

During the Class Period, Defendants issued materially false and misleading statements regarding FirstEnergy's internal controls, business practices and prospects. *Id.* at ¶ 3. Specifically, Defendants touted FirstEnergy's legislative "solutions" to problems with its nuclear facilities, but failed to disclose that these "solutions" centered on an illicit campaign to corrupt high-profile state legislators in order to secure legislation favoring the Company. *Id.* Over a nearly three-year period, FirstEnergy and its affiliates funneled more than $60 million to prominent state politicians and lobbyists, including Ohio Speaker Larry Householder ("Householder"), in order to secure the passage of Ohio House Bill 6 ("HB6"), which provided a $1.3 billion ratepayer-funded bailout to keep the Company's failing nuclear facilities in operation. *Id.* In addition, Defendants falsely represented that they were complying with state and federal laws and regulations regarding regulatory matters throughout the Class Period, exposing the Company and its investors to the extreme undisclosed risks of reputational, legal and financial harm. *Id.*

FirstEnergy's unscrupulous tactics began to be revealed in dramatic fashion on July 21, 2020. *Id.* That day, federal agents announced the arrest of Householder and four other persons, including a prominent FirstEnergy lobbyist, in connection with a $60 million racketeering and

6

bribery scheme. *Id.* The 82-page criminal complaint and affidavit detailed a stunning pay-to-play scheme in which FirstEnergy brazenly corrupted every facet of the legislative process in order to ensure the passage of HB6. *Id.* Prosecutors described the case as involving the "'***largest bribery, money-laundering scheme***'" in Ohio history (emphasis added). *Id.*

On this news, the price of FirstEnergy stock plummeted, trading as low as $22.85 per share on July 22, 2020, down 45% from its closing price of $41.26 per share on July 20, 2020, inflicting massive losses on FirstEnergy shareholders. *Id.* The lawsuits in the Related Actions seek recompense for those losses, which resulted from Defendants' brazen violations of the federal securities laws as detailed in the Complaint. *See id.* at ¶ 3-4.

## ARGUMENT

**I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law ***or*** fact. *See* Fed. R. Civ. P. 42 (a). Specifically, "[c]ourts have found that consolidation is particularly appropriate in securities class action litigation." *French v. CBL & Assocs. Properties, Inc.*, No. 1:16-CV-165-TWP-CHS, 2016 WL 7668501, at *1 (E.D. Tenn. Sept. 26, 2016); *see, e.g.*, *Regions Morgan Keegan*, 2010 WL 5173851, at *14 (consolidating securities class actions that "raise[d] similar legal and factual issues"). Differences in causes of action, defendants, or the class

7

period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation.  *See French*, 2016 WL 7668501, at *1 (consolidating securities fraud class actions "[a]lthough one of the complaints asserts a slightly different class period and names two additional defendants than the other two complaints . . . because all three cases present common questions of law and fact, the differences do not outweigh the interests of judicial economy, and because consolidation would benefit the parties" (citing *In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4-8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods))).

The Related Actions at issue here clearly involve common questions of law ***and*** fact.  Each action was brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws.  Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of FirstEnergy's securities and subsequently damaged the Class when the Company's share price crashed as the truth emerged.  Consolidation of the Related Actions is therefore appropriate.  *See French*, 2016 WL 7668501, at *1; *Regions Morgan Keegan*, 2010 WL 5173851, at *14.

## II.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

8

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria and thus believes that it is entitled to the rebuttable presumption that it is the most adequate plaintiff within the meaning of the PSLRA. Specifically, Movant, a sophisticated institutional investor willing to serve as Lead Plaintiff, has the largest financial interest in the Related Actions to its knowledge and otherwise strongly satisfies the requirements of Rule 23. For all these reasons, as set forth in greater detail below, Movant respectfully urges the Court to appoint it to serve as Lead Plaintiff overseeing the Related Actions.

### A. MOVANT IS WILLING TO SERVE AS A CLASS REPRESENTATIVE

On July 28, 2020, counsel for Diane Owens, the initial plaintiff in the first-filed of the Related Actions, caused a notice (the "Notice") to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that the first-filed of the Related Actions had been filed against Defendants and which advised investors in FirstEnergy securities that they had 60 days—*i.e.*, until September 28, 2020—to file a motion to be appointed as lead plaintiff. *See* Ex. B. Movant has filed the instant motion pursuant to that Notice, and has attached a Certification, signed by Brian Sabbagh, on behalf of Movant, as Fund Administrator, attesting that

Movant is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See* Ex. C. Under the PSLRA, Movant's actions were timely and legally sufficient.

Accordingly, Movant readily satisfies the first requirement to serve as Lead Plaintiff of the Class. Movant is, in every respect, exactly the sort of well-managed, sophisticated institutional investor that Congress intended to fulfill the lead plaintiff role created by the PSLRA. Movant has significant assets under management and provides various benefits to the active and retired participants of Ironworkers Locals 40, 361 & 417.

### B. MOVANT HAS THE LARGEST FINANCIAL INTEREST

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the Sixth Circuit has not adopted a specific approach to calculating the largest financial interest, courts have typically appointed lead plaintiffs on the basis of having the largest loss. *See Farrah v. Provectus Biopharmaceuticals, Inc.*, 68 F. Supp. 3d 800, 804 (E.D. Tenn. 2014) (appointing as lead plaintiff the movant who had suffered a larger loss and holding that said Movant had the largest financial interest); *Delphi Corp.*, 458 F. Supp. 2d at 460-61 (explaining that Congress hoped that selecting plaintiffs with the largest financial loss would lead to plaintiffs, specifically institutional investors, with the largest financial interest being appointed).

During the Class Period, Movant: (i) purchased 33,722 shares of FirstEnergy securities; (ii) expended $1,508,427 on FirstEnergy securities; (iii) retained 14,796 of its shares of FirstEnergy securities; and (iv) as a result of the disclosure of the fraud at issue, suffered a loss of $287,975. *See* Ex. A.

Movant is not aware of any other movant that has suffered greater losses in FirstEnergy securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### C. MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *See Regions Morgan Keegan*, 2010 WL 5173851, at *5. Moreover, "Rule 23 establishes two requirements for appointing a lead plaintiff . . . 'typicality' and 'adequacy.'" *Id.*

Movant fulfills the requirements of Rule 23. Movant's claims share substantially similar questions of law and fact with the members of the Class, and its claims are typical of those of the members of the Class. Movant and all members of the Class allege that Defendants violated the Exchange Act by failing to disclose material facts about FirstEnergy's business and financial condition. Movant, as did all of the members of the Class, purchased FirstEnergy securities at

prices artificially inflated by Defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Movant is an adequate representative for the Class. Movant has submitted a signed Certification declaring its commitment to protecting the interests of the Class. *See* Ex. C. Movant has no conflicts of interest or antagonism with the Class of FirstEnergy investors it seeks to represent. Movants' significant losses from its Class Period transactions in FirstEnergy securities demonstrate that it has a sufficient interest in the outcome of this litigation that aligns with the interests of Class members.

Moreover, as noted above, Movant is a sophisticated institutional investor with significant assets under management. As such, its service as Lead Plaintiff would be consistent with the PSLRA's preference for appointment of institutional investors as class representatives in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Indeed, courts in this Circuit strongly prefer appointment of institutional investors to lead complex securities class actions such as this one. *See, e.g.*, *City of Pontiac*, 2011 WL 13228127, at *2 (finding that "the Pension Funds, being institutional investors . . . are the type of investor Congress envisioned as appropriate lead plaintiffs in securities class action cases" and, as such, "courts have routinely concluded that th[e] [professional plaintiff] provision [of the PSLRA] should not be strictly applied to institutional investors"); *Regions Morgan Keegan*, 2010 WL 5173851, at *8, *13 (noting that "institutional investors[ are] exactly the type of sophisticated market participants Congress intended to take on the role of lead plaintiff following the PSLRA's reforms," and appointing a group as lead plaintiff,

in part, because "one of the members is an institutional investor—the type of plaintiff Congress, through the passage of the PSLRA, sought to encourage to serve as lead plaintiff"); *Delphi Corp.*, 458 F. Supp. 2d at 460 (finding that "Congress explicitly stated that it hoped that by selecting the plaintiff with the greatest financial loss, the PSLRA would thereby 'increase the likelihood that institutional investors will serve as lead plaintiffs,'" and that, "[i]n Congress's view, institutional investors should serve as lead plaintiffs where possible, since they are most likely to have the most at stake in the case and be the most sophisticated and competent litigants" (quoting H.R. Conf. Rep. No. 104-369 at 34, 1995 U.S.C.C.A.N. 730, 733)); *Cardinal Health*, 226 F.R.D. at 305-06 (noting that some courts have found the presence of an institutional investor "tipped the scales in favor of its appointment as lead plaintiff" (citation omitted)).

Thus, the close alignment of interests between Movant and other Class members, as well Movant's status as a sophisticated institutional investor with a strong desire to prosecute the Related Action on behalf of the Class, provide ample reasons to grant Movant's motion to serve as Lead Plaintiff.

### D. MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS AND IS NOT SUBJECT TO UNIQUE DEFENSES

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

Movant's ability, and its desire, to represent the Class fairly and adequately is discussed

13

above. Movant is not aware of any unique defenses Defendants could raise against it that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

### III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Ex. D. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See* Ex. D. Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See* THE WALL STREET JOURNAL, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-for-110-million-11554746066).

Movant has also selected Wagoner as Liaison Counsel for the Class. Robert J. Wagoner of Wagoner regularly practices in the Southern District of Ohio, has handled numerous class

14

actions in Ohio, is admitted to practice in the Southern District, and can ably serve the Class if so appointed.  *See* Ex. E.

As a result of both firms' experience in litigation involving issues similar to those raised in the Related Actions, Movant's counsel have the skills and knowledge to prosecute the Related Actions effectively and expeditiously.  Thus, the Court may be assured that by approving Movant's selection of Lead Counsel and Liaison Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Movant as Lead Plaintiff for the Class; and (3) approving Lead Plaintiff's selection of Pomerantz as Lead Counsel and Wagoner as Liaison Counsel for the Class.

Dated: September 28, 2020

Respectfully submitted,

**ROBERT J. WAGONER CO., L.L.C.**

/s/ *Robert J. Wagoner*
Robert J. Wagoner (0068991)
445 Hutchinson Avenue, Suite 100
Columbus, Ohio 43235
Telephone: (614) 796-4110
Facsimile: (614) 796-4111
bob@wagonerlawoffice.com

*Counsel for Movant and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application pending)
J. Alexander Hood II
(*pro hac vice* application pending)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
(*pro hac vice* application pending)
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Movant and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

     I hereby certify that on September 28, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys on record.

                            **ROBERT J. WAGONER CO., L.L.C.**

                            /s/ *Robert J. Wagoner*
                            Robert J. Wagoner (0068991)
                            445 Hutchinson Avenue, Suite 100
                            Columbus, Ohio 43235
                            Telephone: (614) 796-4110
                            Facsimile: (614) 796-4111
                            bob@wagonerlawoffice.com