# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# COLUMBUS DIVISION

| | |
|---|---|
| DIANE OWENS, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>FIRSTENERGY CORP., et al.<br><br>                    Defendants. | No. 2:20-cv-03785-ALM-KAJ<br><br>Judge Algenon L. Marbley<br>Magistrate Judge Kimberly A. Jolson |
| CHANA FRAND, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>FIRSTENERGY CORP., et al.<br><br>                    Defendants. | No. 2:20-cv-04287-JLG-EPD<br><br>Judge James L. Graham<br>Magistrate Judge Elizabeth Preston Deavers |

### MEMORANDUM OF LAW IN SUPPORT OF PROPOSED LEAD PLAINTIFF LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

| | |
|---|---|
| MURRAY MURPHY MOUL + BASIL LLP<br>JOSEPH F. MURRAY (0063373)<br>BRIAN K. MURPHY (0070654)<br>1114 Dublin Road<br>Columbus, OH 43215<br>Telephone: 614/488-0400<br>614/488-0401 (fax) | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>DARREN J. ROBBINS<br>MARK SOLOMON<br>JASON A. FORGE<br>TOR GRONBORG<br>DANIELLE S. MYERS<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058<br>619/231-7423 (fax) |
| Liaison Counsel | [Proposed] Lead Counsel for [Proposed] Lead Plaintiff |

4850-2634-9260.v1

**TABLE OF CONTENTS**

|   |   |   | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | STATEMENT OF FACTS | | 1 |
| III. | ARGUMENT | | 3 |
|  | A. | The Related Actions Should Be Consolidated | 3 |
|  | B. | LACERA Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff | 4 |
|  |  | 1. LACERA's Motion Is Timely | 5 |
|  |  | 2. LACERA Has the Largest Financial Interest in the Relief Sought by the Class | 5 |
|  |  | 3. LACERA Is Typical and Adequate of the Putative Class | 5 |
|  |  | 4. LACERA's Selection of Robbins Geller as Lead Counsel Should Be Approved | 7 |
| IV. | CONCLUSION | | 11 |

4850-2634-9260.v1

## TABLE OF AUTHORITIES

Page

**CASES**

*Dougherty v. Esperion Therapeutics, Inc.*,
   No. 17-1701 (6th Cir. Sept. 27, 2018) ...........................................................................8

*Frank v. Dana Corp.*,
   547 F.3d 564 (6th Cir. 2008) ..........................................................................................8

*Frank v. Dana Corp.*,
   646 F.3d 954 (6th Cir. 2011) ..........................................................................................8

*Frank v. Dana Corp.*,
   No. 3:05-cv-07393-JGC (N.D. Ohio Nov. 18, 2016) .....................................................9

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
   No. 8:15-cv-00865-AG-JCG (C.D. Cal.) .....................................................................10

*In re Am. Realty Capital Props., Inc. Litig.*,
   No. 1:15-mc-00040-AKH (S.D.N.Y) .............................................................................8

*In re Cardinal Health Inc. Sec. Litig.*,
   528 F. Supp. 2d 752 (S.D. Ohio 2007) .......................................................................8, 9

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ............................................................................................6

*In re Enron Corp. Sec. Litig.*,
   No. 4:01-cv-03624 (S.D. Tex.) .......................................................................................8

*In re FirstEnergy Sec. Litig.*,
   No 5:03-cv-01684 (N.D. Ohio) ......................................................................................8

*In re HealthSouth Corp. Sec. Litig.*,
   No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ...................................................................8

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
   No. 1:01-cv-01451-REB-KLM (D. Colo.) ....................................................................8

*In re UnitedHealth Group Inc. Sec. Litig.*,
   No. 0:06-cv-01691-JMR-FLN (D. Minn.) .....................................................................8

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
   No. 3:15-cv-07658-MAS-LHG (D.N.J.) ....................................................................8, 9

Page

*Ind. State Dist. Council v. Omnicare, Inc.*,
   719 F.3d 498 (6th Cir. 2013) ..................................................................................................8

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
   No. 1:02-cv-05893 (N.D. Ill.) ............................................................................................8, 10

*Ohio Pub. Emps. Ret. Sys. v. Fannie Mae*,
   357 F. Supp. 2d 1027 (S.D. Ohio 2005) ................................................................................6

*Smilovits v. First Solar, Inc.*,
   No. 2:12-cv-00555-DGC (D. Ariz.)..................................................................................8, 10

*Walker v. L Brands, Inc.*,
   No. 2:19-cv-03186 (S.D. Ohio Oct. 16, 2019) ...............................................................4, 5, 6

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
   §78u-4 .......................................................................................................................................4
   §78u-4(a)(1) ..............................................................................................................................4
   §78u-4(a)(3)(A) ........................................................................................................................5
   §78u-4(a)(3)(A)(i) .....................................................................................................................4
   §78u-4(a)(3)(B)(i) .................................................................................................................1, 4
   §78u-4(a)(3)(B)(ii) ................................................................................................................1, 3
   §78u-4(a)(3)(B)(iii) ...................................................................................................................1
   §78u-4(a)(3)(B)(iii)(I) ...............................................................................................................5
   §78u-4(a)(3)(B)(iii)(I)(cc) .........................................................................................................5
   §78u-4(a)(3)(B)(v) ................................................................................................................1, 7

Federal Rules of Civil Procedure
   Rule 6(a)(1)(C)..........................................................................................................................5
   Rule 23 ..............................................................................................................................4, 5, 6
   Rule 23(a)(3).............................................................................................................................5
   Rule 42(a).............................................................................................................................1, 3

4850-2634-9260.v1

I.      **INTRODUCTION**

Presently pending in this District are two related securities class actions (the "Related Actions") on behalf of purchasers of FirstEnergy Corp. ("FirstEnergy" or the "Company") securities between February 21, 2017 and July 21, 2020 (the "Class Period") against the Company and four of its senior officers for alleged violations of the Securities Exchange Act of 1934 (the "1934 Act").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") directs district courts to resolve consolidation prior to appointing a lead plaintiff in securities cases like these. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the Related Actions should be consolidated because each asserts the same 1934 Act claims against identical defendants during the same class period.  *See* Fed. R. Civ. P. 42(a). As soon as practicable after a decision on consolidation, the PSLRA directs courts to "appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. §78u-4(a)(3)(B)(ii). The district courts are to appoint as lead plaintiff the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

The Los Angeles County Employees Retirement Association ("LACERA") should be appointed Lead Plaintiff.  LACERA filed a timely motion, has a substantial financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, LACERA selected Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel for the putative class and its selected counsel should be approved.  15 U.S.C. §78u-4(a)(3)(B)(v).

II.     **STATEMENT OF FACTS**

FirstEnergy is an electric utility company with subsidiaries and affiliates involved in the distribution, transmission, and generation of electricity, as well as energy management and other energy-related services. Its ten electric utility operating companies comprise one of the United

States' largest investor-owned utilities, serving more than six million customers in Ohio, Pennsylvania, West Virginia, Virginia, Maryland, New Jersey, and New York. The Company also owned and operated two nuclear power plants in Ohio, the Perry Nuclear Generating Station and the Davis-Besse Nuclear Power Station. FirstEnergy is headquartered in Akron and its common stock trades on the New York Stock Exchange under the ticker FE.

At the end of 2016, the prospects for FirstEnergy's nuclear facilities were grim. FirstEnergy was facing a weak energy market and was forecasting poor demand as well as hundreds of millions of dollars in losses, owing in large part to challenges associated with its nuclear energy affiliates, FirstEnergy Solutions Corp. (*a/k/a* Energy Harbor) and FirstEnergy Nuclear Operating Company. The Class Period begins on February 21, 2017, when the Company filed its 2016 Annual Report with the U.S. Securities and Exchange Commission in which FirstEnergy stated that the Company intended to pursue "[l]egislative or regulatory solutions" to address the challenges it was then facing. *Owens* ECF No. 1 at ¶30; *Frand* ECF No. 1 at ¶30. Likewise, FirstEnergy's CEO, Chuck Jones, repeated this plan on the Company's annual earnings call with investors, stating that FirstEnergy sought "[l]egislative or regulatory initiatives for [nuclear power] generation that recognize its environmental or energy security benefits." *Owens* ECF No. 1 at ¶18; *Frand* ECF No. 1 at ¶18.

The complaints allege that during the Class Period, defendants violated the federal securities laws by issuing false and misleading statements about FirstEnergy's legislative "solutions" to problems with its nuclear facilities, concealing that these "solutions" centered on an illicit campaign to corrupt state legislators and the legislative process in order to secure its legislative agenda. Over a nearly three-year period, FirstEnergy, FirstEnergy Solutions Corp., and their affiliates funneled more than $60 million in cash to prominent state politicians and lobbyists, including Ohio Speaker Larry Householder, to secure the passage of Ohio House Bill 6 ("HB6"), which provided a $1.3 billion ratepayer-funded bailout for the Company's failing nuclear facilities in operation. In addition,

defendants falsely represented that they were complying with state and federal laws and regulations throughout the Class Period, exposing the Company and its investors to the undisclosed risks of reputational, legal, and financial harm.

On July 21, 2020, federal agents announced the arrest of Speaker Householder and four other persons, including a prominent FirstEnergy lobbyist, in connection with a $60 million racketeering and bribery scheme. The 82-page criminal complaint and supporting affidavit detailed an alleged pay-to-play scheme in which FirstEnergy corrupted every facet of the legislative process to ensure the passage of HB6, including defending the bill against a citizens' ballot initiative. On this news, the price of FirstEnergy securities declined, with FirstEnergy stock suffering a two-session decline of approximately 45%.

As a result of defendants' alleged violations of the securities laws, and the significant decline in the market value of the Company's securities, LACERA and other class members have suffered significant losses and damages.

### III. ARGUMENT

#### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate where actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). Here, the Related Actions assert identical 1934 Act claims against the same defendants during an identical class period and rely on the same facts.[1]  Consolidation would preserve judicial resources and promote efficient

---

[1]  The *Owens* action seeks to represent those who purchased FirstEnergy common stock while the *Frand* action seeks to represent investors who purchased or otherwise acquired FirstEnergy securities. This difference will be resolved upon the filing of a consolidated complaint.

- 3 -

prosecution of the litigation. *See, e.g.*, *Walker v. L Brands, Inc.*, No. 2:19-cv-03186, ECF No. 19 at 3 (S.D. Ohio Oct. 16, 2019) (Morrison, J.) (consolidation of two securities class actions that "appear to involve identical legal and factual issues and assert the same or substantially the same claims arising under 15 U.S.C. § 78u-4"). Accordingly, the Court should consolidate the Related Actions.

> **B.** **LACERA Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). Notice regarding the pendency of the first-filed *Owens* Action was published by Robbins Geller on *Business Wire* on July 28, 2020. *See* Declaration of Joseph F. Murray in Support of Proposed Lead Plaintiff Los Angeles County Employees Retirement Association's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Murray Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

- 4 -

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Walker* ECF No. 19 at 4. LACERA meets these requirements and should be appointed Lead Plaintiff.

### 1. LACERA's Motion Is Timely

The July 28, 2020 statutory notice published by Robbins Geller advised putative class members of the pendency of the action, the claims asserted, the relevant time period, and the right to move the Court for appointment as lead plaintiff within 60 days, or by September 26, 2020. *See* Murray Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A). September 26, 2020, was a Saturday. Thus, pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday," is September 28, 2020. By filing a motion by the statutory deadline, LACERA has satisfied the first statutory requirement for appointment as lead plaintiff.

### 2. LACERA Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by its Certification, LACERA had net expenditures of more than $30.7 million on 1,522,037 shares of FirstEnergy common stock during the Class Period and suffered approximately $11.7 million in losses pursuant to the last-in, first-out accounting method.[2] *See* Murray Decl., Exs. B, C. In addition, LACERA had net gains of just over $500,000 on its transactions in bonds issued by FirstEnergy companies during the Class Period. To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, LACERA meets the PSLRA's prerequisite of having the largest financial interest.

### 3. LACERA Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "'The typicality requirement of Fed. R. Civ. P. 23(a)(3) is fulfilled if the prospective lead plaintiff's claims arise out

---

[2] LACERA's losses are the same under the first in, first out loss calculation methodology.

of the same course of conduct or series of events, and are based on the same legal theory as the other members of the class.'" *Walker* ECF No. 19 at 6 (quoting *Ohio Pub. Emps. Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1034 (S.D. Ohio 2005) (Marbley, J.)). The adequacy requirement is met "'if it appears that (1) plaintiff's interests are not antagonistic to those of the class they seek to represent and (2) plaintiff's counsel is qualified to conduct the litigation.'" *Id*. (quoting *Fannie Mae*, 357 F. Supp. 2d at 1034).

LACERA satisfies the Rule 23 requirements as it seeks to represent a class of purchasers of FirstEnergy securities during the Class Period and allegedly suffered a loss as a result of defendants' alleged misconduct. Moreover, LACERA is not aware of any potential conflicts of interest or any matters that would preclude it from fulfilling its duties as lead plaintiff. Because LACERA's claims deal with the same issues that pertain to the other class members, its interests are aligned with those of the class. In addition, LACERA is a sophisticated institutional investor with more than $58 billion in assets under management overseen for the benefit of more than 170,000 participants. *See* Murray Decl., Ex. D. LACERA is familiar with the requirements and responsibilities of overseeing complex class action litigation and being a lead plaintiff in a securities class action. LACERA has previously demonstrated its ability to successfully discharge those duties and is willing to undertake those responsibilities on behalf of the putative class in this case. *See id*., Exs. B, D. LACERA is thus precisely the type of movant whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 273-74 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."). Finally, as explained below, LACERA has selected experienced and qualified counsel, further evidencing its ability to fairly and competently represent the interests of the putative class.

Because LACERA filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated its typicality and adequacy, the Court should adopt the presumption that it is the "most adequate plaintiff."

### 4. LACERA's Selection of Robbins Geller as Lead Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, after conducting a thorough competitive process and engaging in extensive negotiations, LACERA selected Robbins Geller to serve as lead counsel for the proposed class. LACERA believes that the class will benefit significantly from the approval of Robbins Geller as lead counsel and Murray Murphy Moul + Basil LLP, respected members of the Ohio Bar with decades of experience in civil litigation, as liaison counsel.

Robbins Geller, a 200-attorney firm with offices nationwide, possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class.[3] The Firm's securities practice group includes numerous former federal and state prosecutors, and utilizes an extensive array of in-house experts to aid in prosecuting complex securities cases. District courts throughout the nation, including this Court, have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action cases:

> The quality of representation in this case was superb. Lead Counsel [Robbins Geller] are nationally recognized leaders in complex securities litigation class actions. The quality of the representation is demonstrated by the substantial benefit achieved for the Class and the efficient, effective prosecution and resolution of this action. Lead Counsel defeated a volley of motions to dismiss, thwarting well-formed challenges from prominent and capable attorneys from six different law firms.

---

[3] For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com. A paper copy of the Firm's resume is available upon the Court's request, if preferred.

*In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 768 (S.D. Ohio 2007) ($600 million recovery obtained by Robbins Geller attorneys remains the largest securities class action recovery in the Sixth Circuit and Southern District of Ohio).[4] Notably, in the first half of 2020 alone, Robbins Geller has recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion in *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y), $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) (pending final approval), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).

LACERA's selection of Robbins Geller in this case is particularly favorable as Robbins Geller lawyers already successfully prosecuted a securities fraud class action against FirstEnergy involving the same Davis-Besse facility at issue in this case, achieving an $84.9 million settlement as sole lead counsel in *In re FirstEnergy Sec. Litig.*, No 5:03-cv-01684 (N.D. Ohio) ("*FirstEnergy I*"). The Firm has also favorably shaped the law applicable to this case by securing numerous precedent-setting appellate victories in the Court of Appeals for the Sixth Circuit, including *Dougherty v. Esperion Therapeutics, Inc.*, No. 17-1701, ECF No. 37 (6th Cir. Sept. 27, 2018); *Frank v. Dana Corp.*, 547 F.3d 564 (6th Cir. 2008); *Frank v. Dana Corp.*, 646 F.3d 954 (6th Cir. 2011); and *Ind. State Dist. Council v. Omnicare, Inc.*, 719 F.3d 498 (6th Cir. 2013), which ultimately affirmed issuer

---

[4] Robbins Geller lawyers have also obtained the largest securities fraud class action recoveries in the Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits. *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

liability for misleading statements of opinion nationwide following a unanimous opinion issued by the U.S. Supreme Court (575 U.S. 175 (2015)).[5]

LACERA has assembled a highly effective, diverse, and qualified litigation team to prosecute this case. LACERA's selected team includes Robbins Geller attorneys Darren Robbins, Mark Solomon, Jason Forge, Tor Gronborg, and Danielle Myers. Darren Robbins and Tor Gronborg were members of the Robbins Geller team responsible for the $600 million recovery in *Cardinal Health*.[6] In addition, Jason Forge,[7] joined by Tor Gronborg[8] and Mark Solomon (who is

---

[5] *See also Dana Corp.*, No. 3:05-cv-07393-JGC, ECF No. 306 at 4, 14 (N.D. Ohio Nov. 18, 2016) (Then-Chief Judge Carr said of Robbins Geller's efforts in granting final approval to a securities class action settlement: "I kept throwing the case out, and you kept coming back. . . . And it's both remarkable and noteworthy and a credit to [Robbins Geller] that you did so. . . . [Y]ou persuaded the Sixth Circuit. As we know, that's no mean feat at all. . . . [The class is] a lot better off than if you hadn't been as tenacious and as dedicated" as you were.).

[6] Ms. Myers was a paralegal at the firm and worked on the lead plaintiff application in *Cardinal Health*. Ms. Myers is now one of the partners who oversees Robbins Geller's lead plaintiff practice group.

[7] As an Assistant U.S. Attorney for over 12 years, Mr. Forge became the nation's most prolific public corruption prosecutor, leading teams that investigated and prosecuted some of the nation's most significant public corruption and bribery cases, including the largest corruption and money laundering case in congressional history (against U.S. Rep. Randall "Duke" Cunningham) and the first search of an executive office at CIA Headquarters in Langley, Virginia, which was part of a corruption investigation which led to the conviction and imprisonment of the CIA's Executive Director (the highest ranking federal law enforcement or intelligence officer ever imprisoned), in addition to multiple other successful cases against corrupt state and federal officers and agents. Mr. Forge's extensive experience investigating and prosecuting money-laundering cases extends well beyond these corruption cases and represents specialized expertise that very few plaintiffs' securities counsel can match.

[8] Most recently, Mr. Robbins, Mr. Gronborg, and a Robbins Geller team obtained preliminary approval of a $1.21 billion settlement in *Valeant Pharm.*, a case that *Vanity Fair* reported as "the corporate scandal of its era" that had raised "fundamental questions about the functioning of our health-care system, the nature of modern markets, and the slippery slope of ethical rationalizations." *Valeant* is the largest securities class action settlement against a pharmaceutical manufacturer and the ninth largest ever.

- 9 -

admitted to the Ohio bar),[9] led the Robbins Geller team responsible for the most recent PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud. The *Puma* trial verdict is a bookend to the last PSLRA trial victory in *Jaffe v. Household Int'l, Inc.*, No. 1:02-cv-05893 (N.D. Ill.), in which Robbins Geller attorneys obtained a record-breaking $1.575 billion post-trial settlement.

LACERA's selected lead counsel is recognized not only for its track record of excellence in securities litigation, but also for regularly providing counsel to those unable to access legal representation as part of a continuous and longstanding commitment to the communities in which the Firm serves. As just one example of the Firm's *pro bono* work, Mr. Forge led the Robbins Geller prosecution team that litigated through summary judgment and to the brink of trial before securing 100% refunds (amounting to $25 million) for Trump University students in two coordinated class actions against candidate and President-elect Donald J. Trump.

Thus, the Court can be assured that by approving LACERA's choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber of representation.

---

[9] Mr. Solomon also represented the lead plaintiff in *First Solar*, a PSLRA class action which yielded a $350 million recovery for the investor class – the fifth-largest PSLRA settlement ever in the Ninth Circuit – earlier this year one day before trial.

IV. **CONCLUSION**

The Related Actions should be consolidated because they common issues of law and fact. LACERA has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, LACERA respectfully requests that the Court consolidate the Related Actions, appoint LACERA as Lead Plaintiff, and approve its selection of Robbins Geller as Lead Counsel.

DATED: September 28, 2020           Respectfully submitted,

MURRAY MURPHY MOUL + BASIL LLP


                 s/ Joseph F. Murray
JOSEPH F. MURRAY (0063373)
  murray@mmmb.com
BRIAN K. MURPHY (0070654)
  murphy@mmmb.com
1114 Dublin Road
Columbus, OH 43215
Telephone: 614/488-0400
614/488-0401 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (darrenr@rgrdlaw.com)
MARK SOLOMON (marks@rgrdlaw.com)
JASON A. FORGE (jforge@rgrdlaw.com)
TOR GRONBORG (torg@rgrdlaw.com)
DANIELLE S. MYERS (danim@rgrdlaw.com)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 28, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ Joseph F Murray
JOSEPH F. MURRAY

MURRAY MURPHY MOUL + BASIL LLP
1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)

E-mail:  murray@mmmb.com

4850-2634-9260.v1

# Mailing Information for a Case 2:20-cv-03785-ALM-KAJ Owens v. FirstEnergy Corp. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Brian E. Cochran**
  bcochran@rgrdlaw.com,e_file_sd@rgrdlaw.com,susanw@rgrdlaw.com

- **James Rubin Cummins**
  jcummins@cumminslaw.us,docket@cumminslaw.us

- **Marjorie P Duffy**
  mpduffy@jonesday.com,rfargabrite@jonesday.com

- **Daniel Richard Karon**
  dkaron@karonllc.com,cgood@karonllc.com,bhollowell@karonllc.com

- **Albert Grant Lin**
  alin@bakerlaw.com,phubbard@bakerlaw.com

- **Joseph F Murray**
  murray@mmmb.com,tiffany@mmmb.com,tiffany@ecf.courtdrive.com,murray@ecf.courtdrive.com

- **Carole Schwartz Rendon**
  crendon@bakerlaw.com

- **Geoffrey J. Ritts**
  gjritts@jonesday.com

- **Victoria Lynn Serrani**
  vlserrani@bmdllc.com

- **Robert J Wagoner**
  Lainie@wagonerlawoffice.com,bob@wagonerlawoffice.com

- **Daniel Rubin Warren**
  dwarren@bakerlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`