UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) No. 2:20-cv-03785-ALM-KAJ ) ) ) CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | ) )<br>) Judge Algenon L. Marbley<br>) Magistrate Judge Kimberly A. Jolson<br>) )<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO PARTIALLY LIFT THE PSLRA DISCOVERY STAY**

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY (0063373)
  murray@mmmb.com
1114 Dublin Road
Columbus, OH 43215
Telephone: 614/488-0400
614/488-0401 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN & DOWD LLP
DARREN J. ROBBINS (darrenr@rgrdlaw.com)
MARK SOLOMON (marks@rgrdlaw.com)
JASON A. FORGE (jforge@rgrdlaw.com)
TOR GRONBORG (torg@rgrdlaw.com)
BRIAN E. COCHRAN (bcochran@rgrdlaw.com)
SARA B. POLYCHRON (spolychron@rgrdlaw.com)
TING H. LIU (tliu@rgrdlaw.com)
FRANCISCO J. MEJIA (fmejia@rgrdlaw.com)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Lead Plaintiff Los Angeles County Employees Retirement Association

[Additional counsel appear on signature page.]

Lead Plaintiff Los Angeles County Employees Retirement Association ("Lead Plaintiff") respectfully submits this memorandum of points and authorities in support of Lead Plaintiff's Motion to Partially Lift the PSLRA Discovery Stay.[1]

## I. INTRODUCTION

This action involves one of the largest corruption and bribery schemes in United States history. The FirstEnergy scandal has generated numerous federal and state investigations, criminal indictments, guilty pleas and civil cases involving the Defendants in this case and other participants in the fraudulent scheme to secure the passage of Ohio House Bill 6 ("HB6") and bail out FirstEnergy's failing nuclear power plants.[2] While the civil and criminal litigation arising from the FirstEnergy bribery scandal is proceeding apace – including with discovery and settlement – discovery in this case is stayed in accordance with the PSLRA, which generally does not permit discovery during the pendency of a motion to dismiss. 15 U.S.C. §78u-4(b)(3)(B). The PSLRA, however, does permit the courts to lift the discovery stay when "particularized discovery is necessary to preserve evidence or to prevent undue prejudice." *Id*. Here, the criteria is met, as the discovery

---

[1] The "PSLRA" refers to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4. Plaintiffs Amalgamated Bank, City of Irving Supplemental Benefit Plan and Wisconsin Laborers' Pension Fund join Lead Plaintiff in this motion.

[2] The defendants in this case include FirstEnergy Corp. ("FirstEnergy") and current and former FirstEnergy officers Charles E. Jones, James F. Pearson, Steven E. Strah, K. Jon Taylor, Michael Dowling, Dennis M. Chack, Ty R. Pine, Robert Reffner, Leila L. Vespoli, John Judge and Donald R. Schneider; current and former FirstEnergy directors Jason J. Lisowski, George M. Smart, Paul T. Addison, Michael J. Anderson, Steven J. Demetriou, Julia L. Johnson, Donald T. Misheff, Thomas N. Mitchell, James F. O'Neil III, Christopher D. Pappas, Sandra Pianalto, Luis A. Reyes, Jerry Sue Thornton and Leslie Turner; and investment banks that underwrote FirstEnergy securities offerings during the February 21, 2017 to July 21, 2020 Class Period, Barclays Capital Inc., BofA Securities, Inc., Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, Mizuho Securities USA LLC, PNC Capital Markets LLC, RBC Capital Markets, LLC, Santander Investment Securities Inc., Scotia Capital (USA) Inc., SMBC Nikko Securities America, Inc., CIBC World Markets Corp., KeyBanc Capital Markets Inc., TD Securities (USA) LLC, U.S. Bancorp Investments, Inc. and MUFG Securities Americas Inc., collectively referred to herein as "Defendants."

sought is particularized and partially lifting the stay is necessary to prevent undue prejudice to Lead Plaintiff, as detailed herein.

Lead Plaintiff respectfully requests that the Court lift the discovery stay for the limited purpose of requiring Defendants to produce documents and have access to discovery that is already taking place in related civil and criminal litigation. Lifting the stay for this limited purpose would promote efficiency, avoid the need for duplicative discovery, and not impose any burden or prejudice on Defendants – Lead Plaintiff only seeks the production of discovery already produced in other cases. It is also consistent with other securities fraud cases where there is overlapping criminal and civil litigation, including a prior case against FirstEnergy where the PSLRA stay was lifted by Judge James Gwin. *See In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541 (N.D. Ohio 2004). Maintaining the discovery stay, however, would put Lead Plaintiff at a severe disadvantage and months behind other parties in a rapidly shifting landscape where discovery and prospects for settlement in related litigation are well underway.

## II. RELEVANT BACKGROUND

On July 21, 2020, the U.S. Attorney's Office for the Southern District of Ohio and the Federal Bureau of Investigation announced the arrests of Ohio House Speaker Larry Householder and several accomplices, and publicly filed a criminal complaint and supporting 80-page affidavit detailing the FirstEnergy bailout scheme. That announcement caused FirstEnergy's stock price to drop nearly 35%, inflicting billions of dollars of harm on investors and setting off a cavalcade of criminal and civil investigations and litigation. Criminal cases have been brought against Generation Now Inc., a 501(c)(4) organization used to secretly funnel over $60 million in the bailout scheme, and at least five other individuals. Numerous cases related to the FirstEnergy bribery scandal have been brought by individuals, institutions and governmental entities.

FirstEnergy has reportedly been "look[ing] to put [the] bribery scandal behind it" by "improv[ing] its compliance and settl[ing] litigation." *See* Declaration of Sara B. Polychron in Support of Lead Plaintiff's Motion to Partially Lift the PSLRA Discovery Stay ("Polychron Decl."), Ex. A. In keeping with this aim, FirstEnergy has recently seated two new board members in a reported "push" to "quickly settle litigation related to [FirstEnergy's] bribery scandal" by activist investor Carl Icahn, who owns a stake in the company. Polychron Decl., Ex. B. To that end, on February 1, 2021, a settlement agreement was announced between FirstEnergy and Ohio Attorney General Dave Yost that reportedly would save Ohio ratepayers almost $2 billion. Polychron Decl., Ex. C. As part of the settlement, FirstEnergy agreed to file an emergency application with the Public Utilities Commission of Ohio ("PUCO") to immediately reduce the decoupling rider in HB6 to zero – in essence agreeing to forego over $100 million in otherwise "guaranteed profit" in 2021 alone. Polychron Decl., Ex. D.

Discovery in cases, other than this one, is also moving forward rapidly. The criminal investigations into the bribery scandal have resulted in numerous indictments, "voluminous" discovery, and guilty pleas of Jeffrey Longstreth, Juan Cespedes and Generation Now, Inc. *See USA v. Householder*, No. 1:20-cr-00077 (S.D. Ohio) (ECF Nos. 63-64, 78).

Similarly, discovery is progressing in the related RICO action pending before Judge Edmund A. Sargus, Jr. after defendants' recent motion to stay was denied on February 11, 2021. *See Smith v. FirstEnergy Corp.*, No. 2:20-cv-03755 (S.D. Ohio) (ECF No. 47). In denying the motion, the court rejected defendants' attempt to stay discovery based on the pending criminal and securities actions against FirstEnergy, and concluded that "a wholesale stay . . . would injure [plaintiffs] only further." *Id*. at 2. Plaintiffs in the RICO action have since served interrogatories, requests for production of

- 3 -

documents and requests for admissions on several of the same Defendants in this action,[3] and have noticed the Federal Rule of Civil Procedure 30(b)(6) depositions of FirstEnergy and FirstEnergy Service Company for April 15, 2021 on topics related to the bailout scheme, including the passage of HB6, decoupling and ratepayer fees.  *Id.*, ECF Nos. 51, 55, 56.  In addition, the parties in the RICO action have jointly agreed to a mechanism for producing "previously produced documents" that were "originally . . . produced in other cases or government investigations" and that any "such documents initially shall be produced in the same format that they originally were produced or prepared for production."  *Id*., ECF No. 58 at 2.

In addition to the discovery and case resolutions occurring in related actions, there have been troubling events since FirstEnergy's bribery scandal first came to light in July 2020 that highlight the plight Lead Plaintiff faces from a discovery stay in this action.  For instance, one of the key witnesses indicted in the bribery scheme, Neil Clark, died from a gunshot wound on or about March 15, 2021.  Polychron Decl., Ex. E.  Clark was reportedly in the process of publishing a "tell all" book covering the scandal at the time of his death.  *Id.*  Before his death, Clark was a "prized" confidential source for a reporter in Ohio, providing the reporter with "background and context about dark money" and "FirstEnergy and the players in the biggest scandal to sully Ohio politics: House Bill 6 and the $60 million in bribes that authorities say were used to pass it."  Polychron Decl., Ex. F.  Clark reportedly also met with investigators and believed that "more people would be targeted and charged" for "committ[ing] crimes."  *Id.*

Another witness, SEC whistleblower Michael Pircio, an IT auditor with experience performing regulatory and operational auditing, was engaged by a firm performing financial audits

---

[3]  Specifically, FirstEnergy Corp., FirstEnergy Services Co., James F. Pearson, Steven E. Strah, K. Jon Taylor, Charles E. Jones and Michael Dowling.  *Id.*, ECF No. 55.

for FirstEnergy at the time then-Speaker of the Ohio House Larry Householder was indicted.[4] *See FirstEnergy Corp. v. Pircio*, No. 1:20-cv-01966-JPC (N.D. Ohio) (ECF. No. 14 at 12). According to Pircio, he quickly realized that those audits would have included "the reporting of payments funneled to Householder and his co-conspirators by FirstEnergy and/or its subsidiaries," and upon review he "observed that the 2019 audit of FirstEnergy may have violated one or more federal statutes." *Id.* After raising his concerns with his superiors, he was fired on July 30, 2020. *Id*. at 13. He was also later retaliated against, harassed, sued and publicly exposed by FirstEnergy after he turned over "57 unique files of FirstEnergy's confidential information relating to internal controls, Sarbanes-Oxley compliance, and other sensitive matters" to the SEC on August 7, 2020. *FirstEnergy Corp. v. Pircio*, _F. Supp. 3d_, 2021 WL 857107, at *1-*2 (N.D. Ohio Mar. 8, 2021). After receiving the whistleblower files, the SEC launched an ongoing investigation into FirstEnergy on August 10, 2020. Polychron Decl., Ex. G. FirstEnergy's case against Mr. Pircio was dismissed, and the Court ordered FirstEnergy "to show cause why they have not violated Rule 11(b) or should not otherwise be sanctioned" for "publicly identifying Mr. Pircio as a whistleblower." *FirstEnergy Corp. v. Pircio*, No. 1:20-cv-01966-JPC (N.D. Ohio) (ECF No. 31 at 1). According to Pircio, who is an honorably discharged disabled veteran, defendants' continued efforts to "silence and punish" him for his role in blowing the whistle on FirstEnergy "sen[ds] a chilling message to other similarly situated employees" who will be discouraged from "disclos[ing] what they know to a government agency, [because] they will suffer the same litigious fate as Mr. Pircio." *Id.*, ECF No. 40 at 1, 3. These disturbing and rapidly unfolding events further underscore the severe disadvantage Lead Plaintiff faces without access to discovery.

---

[4] Pircio was an employee of Clearsulting LLC, a management consulting firm based in Cleveland, Ohio. *FirstEnergy Corp. v. Pircio*, No. 1:20-cv-01966-JPC (N.D. Ohio) (ECF No. 14 at 10). FirstEnergy engaged Clearsulting "to perform financial and IT audits" which were then presented to FirstEnergy's outside auditor, PricewaterhouseCoopers. *Id.* at 11-12.

### III. ARGUMENT

The PSLRA provides for a stay of discovery "during the pendency of any motion to dismiss" in a private securities fraud action. *See* 15 U.S.C. §78u-4(b)(3)(B). The statute, however, expressly provides for an exception to the discovery stay where "the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." *Id*. "Thus a party asking a court to lift the PSLRA's stay must show that (1) the discovery sought is particularized and (2) necessary to (a) preserve evidence or (b) prevent undue prejudice to the party." *N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*, 2015 WL 1565462, at *3 (E.D. Mich. Apr. 8, 2015).[5] Here, the discovery sought is limited to just that which has been produced, and is being produced or generated (in the form of deposition testimony), in other cases regarding the bribery scandal and Lead Plaintiff will suffer undue prejudice if kept in the dark for months while related cases rapidly move forward with discovery and towards resolution.

#### A. The Requested Discovery Is Particularized and Presents No Burden

Lead Plaintiff's request for just the discovery that already has been (or will be) produced in related matters unquestionably satisfies the particularity requirement of the PSLRA discovery stay's exception. *See In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 2007 WL 518626, at *6 (E.D. Mich. Feb. 15, 2007) (particularity requirement satisfied where plaintiffs "only request[ed] the production of materials that have already been assembled and produced to Delphi's internal investigators and the federal authorities"); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 250 (D. Md. 2004) (particularity requirement satisfied where the motion "describes a 'clearly defined universe of documents,' and the burden of producing the materials should be slight,

---

[5] Emphasis is added and citations are omitted throughout unless otherwise noted.

considering that the defendants have previously produced them to other entities").[6]  Indeed, FirstEnergy's motion to stay discovery in the related RICO action was recently denied, with the court finding that "any prejudice to [FirstEnergy] would be minimal in terms of the discovery." *Smith v. FirstEnergy Corp.*, 2021 WL 507881, at *4 (S.D. Ohio Feb. 11, 2021).

Moreover, production of discovery that has already been produced in related litigation imposes virtually no burden on Defendants and is not prejudicial in any way.  Numerous courts have found that "[t]he burden on the defendants 'is slight when a defendant "has already found, reviewed and organized the documents."'" *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, 2009 WL 4796169, at *2 (S.D.N.Y. Nov. 16, 2009) (lifting stay as to materials already made available to numerous government agencies and others).  As Judge Gwin recognized in lifting the PSLRA discovery stay in a prior securities fraud case against FirstEnergy, the company "cannot . . . allege any burden from providing documents that it has already reviewed and compiled." *FirstEnergy*, 229 F.R.D. at 545; *accord N.Y. State Teachers' Ret. Sys.*, 2015 WL 1565462, at *4 (no undue burden where defendants "already had reviewed and compiled the documents when they produced them to other entities or parties"); *WorldCom*, 234 F. Supp. 2d at 306 (same); *Royal Ahold*, 220 F.R.D. at 250 ("the burden of producing the materials should be slight, considering that the defendants have previously produced them to other entities"); *Seippel v. Sidley, Austin, Brown & Wood LLP*, 2005 WL 388561, at *1 (S.D.N.Y. Feb. 17, 2005) (the cost of discovery that has already been compiled and produced by defendants "is minimal").

---

[6]  *See also N.Y. State Teachers' Ret. Sys.*, 2015 WL 1565462, at *3 (finding requested discovery particularized where "it is limited to materials that have been produced already"); *Waldman v. Wachovia Corp.*, 2009 WL 86763, at *1 (S.D.N.Y. Jan. 12, 2009) ("It is undisputed that the discovery plaintiffs request is sufficiently particularized, as it is limited to a set of documents already provided to state and federal regulators."); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 302, 306 (S.D.N.Y. 2002) (finding request for documents previously produced to other entities sufficiently particularized because it "involve[d] a clearly defined universe of documents").

### B. Partially Lifting the Discovery Stay Is Necessary to Prevent Undue Prejudice

"District courts have construed 'undue prejudice,' as used in the PSLRA, to mean '"*improper or unfair treatment* amounting to something less than irreparable harm."'" *N.Y. State Teachers' Ret. Sys.*, 2015 WL 1565462, at *3. Applying this standard, courts "have granted motions to discover documents previously produced to government agencies after finding it necessary to prevent undue prejudice to the plaintiff." *FirstEnergy*, 229 F.R.D. at 545 (citing *WorldCom*, 234 F. Supp. 2d at 305). As Judge Gwin recognized, "[w]ithout discovery of documents already made available to government entities, Plaintiffs would be unfairly disadvantaged pursuing litigation and settlement strategies." *FirstEnergy*, 229 F.R.D. at 545. *See also N.Y. State Teachers' Ret. Sys.*, 2015 WL 1565462, at *3 ("Undue prejudice has been found where the plaintiff lacks access to documents already produced to governmental and other agencies and in other lawsuits.") (collecting cases).

Undue prejudice has also been found where, as is the case here, a plaintiff is "'prejudiced by [its] inability to make informed decisions about [its] litigation strategy in a rapidly shifting landscape'" and when it is effectively "'the only major interested party in the criminal and civil proceedings . . . without access to documents that currently form the core of those proceedings.'" *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 182 (S.D.N.Y. 2004); *see also Bank of Am.*, 2009 WL 4796169, at *3 (undue prejudice found where plaintiffs would be "less able to make informed decisions about litigation strategy" and would "'fall substantially behind the SEC and other government actions'" without access to discovery).[7]

---

[7] Indeed, in the recent decision rejecting FirstEnergy's motion to stay discovery in the RICO action stemming from the bribery scandal, the court stated that the interests of and prejudice to plaintiffs favored denying a stay, noting that "there is a 'particularly harmful' 'risk of spoliation of evidence, failed memories, or witness availability'" if discovery is delayed. *Smith*, 2021 WL 507881, at *3. Unfortunately, the court has been proven correct with the recent death of Neil Clark. Moreover, FirstEnergy's recent conduct to silence a whistleblower threatens to have "a chilling

- 8 -

Here, Lead Plaintiff will suffer undue prejudice absent production of the discovery defendants have already produced in related criminal and civil actions and investigations. As detailed above, Defendants are in the process of, or have already collected, reviewed and produced discovery in both criminal and civil cases regarding the bribery scandal. Defendants' efforts to keep that discovery under wraps here, will result in Lead Plaintiff being up to one year behind the parties in these other cases, even as depositions of critical witnesses and defendants commence. This will not only result in delay and the accompanying problems with lost documents and fading memories, but increase the likelihood of duplicative discovery and wasted resources.

Defendants have also begun to enter into settlements of those cases and it has been publicly reported that FirstEnergy intends to "quickly settle" cases stemming from the bribery scheme. Polychron Decl., Ex. B. And pursuant to the Scheduling Order in this case, Lead Plaintiff is to make a settlement demand by April 23, 2021. *See* ECF No. 142. Given that FirstEnergy is already settling related cases and that the parties here are bound to address settlement shortly, the same discovery produced in those related matters is equally pertinent and necessary to Lead Plaintiff's own litigation and settlement strategies. Under similar circumstances, courts have routinely held that the PSLRA discovery stay should be lifted. *See, e.g.*, *Delphi*, 2007 WL 518626, at \*8; *WorldCom*, 234 F. Supp. 2d at 305; *Singer v. Nicor, Inc.*, 2003 WL 22013905, at \*2 (N.D. Ill. Apr. 23, 2003); *Turocy v. El Pollo Loco*, 2017 WL 2495172, at \*2 (C.D. Cal. May 10, 2017) (plaintiffs were "unduly disadvantaged in pursuing litigation and settlement without discovery of the documents already made available" in a related derivative action); *Royal Ahold*, 220 F.R.D. at 251-52 (the risk of undue prejudice to plaintiffs was "compelling" where a delay in discovery could limit plaintiffs' recovery vis-à-vis numerous civil and criminal actions not subject to the PSLRA discovery stay).

---

effect on future whistleblowers and undermines the ability . . . to effectively hold companies to account under securities laws." *FirstEnergy Corp. v. Pircio*, No. 1:20-cv-01966-JPC (N.D. Ohio) (ECF No. 40 at 10).

Not only will lifting the discovery stay prevent undue prejudice to Lead Plaintiff, it will do so without contravening the goals of the PSLRA. As courts in Ohio and elsewhere have held, "maintaining the discovery stay as to materials already provided to government entities ***does not*** further the policies behind the PSLRA." *FirstEnergy*, 229 F.R.D. at 545; *accord Delphi*, 2007 WL 518626, at *8; *WorldCom*, 234 F. Supp. 2d at 306. Indeed, "[w]hen enacting the PSLRA, Congress seemed motivated by a belief that 'the cost of discovery often forces innocent parties to settle frivolous securities class actions.'" *FirstEnergy*, 229 F.R.D. at 545. As was the case in the prior FirstEnergy litigation, the requested discovery here presents no such risk, as production of discovery from related cases would impose virtually no costs on Defendants. No credible argument can be made that this securities fraud action is frivolous, as it is grounded in undisputed facts about one of the largest bribery scandals in American history and has resulted in billions of dollars in damages to investors.

### IV. CONCLUSION

To prevent undue prejudice and in accordance with the PSLRA, Lead Plaintiff respectfully requests that the Court grant a partial lift of the discovery stay and enter an order requiring Defendants to produce the discovery that has been produced, and is being produced or generated (in the form of deposition testimony), in related investigations and litigation involving the FirstEnergy bribery scandal.

DATED: April 7, 2021    Respectfully submitted,

MURRAY MURPHY MOUL + BASIL LLP

s/ Joseph F. Murray
JOSEPH F. MURRAY, Trial Attorney (0063373)
1114 Dublin Road
Columbus, OH 43215
Telephone: 614/488-0400
614/488-0401 (fax)
murray@mmmb.com

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
MARK SOLOMON
JASON A. FORGE
TOR GRONBORG
BRIAN E. COCHRAN
SARA B. POLYCHRON
TING H. LIU
FRANCISCO J. MEJIA
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com
jforge@rgrdlaw.com
torg@rgrdlaw.com
bcochran@rgrdlaw.com
spolychron@rgrdlaw.com
tliu@rgrdlaw.com
fmejia@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL J. PFEFFERBAUM
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
dpfefferbaum@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHAD JOHNSON
DESIREE CUMMINGS
420 Lexington Avenue
New York, NY  10170
Telephone:  212/693-1058
chadj@rgrdlaw.com
dcummings@rgrdlaw.com

Lead Counsel for Lead Plaintiff Los Angeles
County Employees Retirement Association

- 11 -

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify under penalty of perjury that on April 7, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

           <u>s/ JOSEPH F. MURRAY</u>
           JOSEPH F. MURRAY

           MURRAY MURPHY MOUL + BASIL LLP
           1114 Dublin Road
           Columbus, OH 43215
           Telephone:  614/488-0400
           614/488-0401 (fax)

           E-mail:  murray@mmmb.com

4811-2208-0739.v1

# Mailing Information for a Case 2:20-cv-03785-ALM-KAJ Owens v. FirstEnergy Corp. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Daniel E. Barenbaum**
  dbarenbaum@bermantabacco.com,sfservice@bermantabacco.com

- **Jordan M. Baumann**
  jbaumann@jonesday.com

- **Javier Bleichmar**
  jbleichmar@bfalaw.com

- **Kip T Bollin**
  kip.bollin@thompsonhine.com,donna.mitchell@thompsonhine.com,ECFDocket@Thompsonhine.com

- **Peter Borkon**
  pborkon@bfalaw.com

- **Preston Burton**
  pburton@buckleyfirm.com,jwinter@buckleyfirm.com,jbunton@buckleyfirm.com

- **Veronica E. Callahan**
  veronica.callahan@arnoldporter.com

- **Brian E. Cochran**
  bcochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Desiree Cummings**
  dcummings@rgrdlaw.com

- **James Rubin Cummins**
  jcummins@cumminslaw.us,hpoindexter@cumminslaw.us,docket@cumminslaw.us

- **Lisa S Del Grosso**
  ldelgrosso@brouse.com

- **Justin Robert Donoho**
  jdonoho@bakerlaw.com

- **Marjorie P Duffy**
  mpduffy@jonesday.com,epalmer@jonesday.com,rfargabrite@jonesday.com

- **John C Fairweather**
  jcf@brouse.com,sgibson@brouse.com

- **John A Favret , III**
  jfavret@tuckerellis.com,darlene.hudeck@tuckerellis.com,Chelsea.croy@tuckerellis.com

- **Robert Stephen Faxon**
  rfaxon@jonesday.com

- **Wendy West Feinstein**
  wendy.feinstein@morganlewis.com,tammy.miller@morganlewis.com,PICalendarDepartment@morganlewis.com,tamara.giulianelli@morganlewis.com

- **Jason A. Forge**
  JForge@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com,christina@rgrdlaw.com

- **Christine M Haaker**
  Christine.Haaker@ThompsonHine.com,diana.davis@thompsonhine.com,ECFDocket@Thompsonhine.com,Diane.MacLeod@ThompsonHine.com

- **Kari Kathleen Hall**
  khall@buckleyfirm.com,nreeber@buckleyfirm.com,autodocket@buckleyfirm.com,mcarson@buckleyfirm.com,docket@buckleyfirm.com

- **Zheng (Jane) He**
  Jane.He@arnoldporter.com

- **Paul Helms**
  phelms@mwe.com

- **C. Chad Johnson**
  chadj@rgrdlaw.com

- **Daniel Richard Karon**
  dkaron@karonllc.com,cgood@karonllc.com,bhollowell@karonllc.com

- **Michael L. Kichline**
  michael.kichline@morganlewis.com

- **Nicole Lavallee**
  nlavallee@bermantabacco.com,sfservice@bermantabacco.com

- **Albert Grant Lin**
  alin@bakerlaw.com,phubbard@bakerlaw.com

- **Ting H. Liu**
  tliu@rgrdlaw.com

- **Douglas M Mansfield**
  dmansfield@lmng-law.com

- **John F McCaffrey**
  john.mccaffrey@tuckerellis.com,linda.karohl@tuckerellis.com

- **Laura Hughes McNally**
  laura.mcnally@morganlewis.com

- **Francisco J Mejia**
  FMejia@rgrdlaw.com

- **Adam B. Miller**
  amiller@buckleyfirm.com,autodocket@buckleyfirm.com,docket@buckleyfirm.com

- **Aaron F. Miner**
  aaron.miner@arnoldporter.com

- **John R Mitchell**
  john.mitchell@thompsonhine.com,ECFDocket@Thompsonhine.com

- **Thomas N Mitchell**
  mpduffy@jonesday.com

- **Bree Murphy**
  bmurphy@buckleyfirm.com

- **Joseph F Murray**
  murray@mmmb.com,tiffany@mmmb.com,tiffany@ecf.courtdrive.com,murray@ecf.courtdrive.com

- **Danielle S. Myers**
  DMyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Daniel J. Pfefferbaum**
  dpfefferbaum@rgrdlaw.com

- **Sara B. Polychron**
  spolychron@rgrdlaw.com

- **Carole Schwartz Rendon**
  crendon@bakerlaw.com

- **Geoffrey J. Ritts**
  gjritts@jonesday.com

- **Darren J Robbins**
  tedp@rgrdlaw.com

- **David S. Rosenbloom**
  drosenbloom@mwe.com

- **William Scherman**
  wscherman@gibsondunn.com

- **Steven S. Scholes**
  sscholes@mwe.com

- **Victoria Lynn Serrani**
  vlserrani@bmdllc.com

- **Mark Soloman**
  marks@rgrdlaw.com

- **Christopher W.H. Sullivan**
  csullivan@gibsondunn.com

- **Joseph J. Tabacco, Jr.**
  jtabacco@bermantabacco.com

- **Robert J Wagoner**
  Lainie@wagonerlawoffice.com,bob@wagonerlawoffice.com

- **David H Wallace**
  dwallace@taftlaw.com,esleva@taftlaw.com,CLE_Docket_Assist@taftlaw.com

- **F. Joseph Warin**
  fwarin@gibsondunn.com

- **Daniel Rubin Warren**
  dwarren@bakerlaw.com

- **Lesley Weaver**
  lweaver@bfalaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`