# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE FIRSTENERGY CORP. SECURITIES LITIGATION, <br><br> This document relates to: <br><br> ALL ACTIONS. | Case No. 2:20-cv-03785-ALM-KAJ <br><br> Chief Judge Algenon L. Marbley <br><br> Magistrate Judge Kimberly A. Jolson <br><br> ORAL ARGUMENT REQUESTED |

## THE UNDERWRITER DEFENDANTS' MOTION TO DISMISS COUNTS III AND IV OF PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for the reasons set forth in the accompanying Memorandum in Support, Defendants Barclays Capital Inc., BofA Securities, Inc., Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, Mizuho Securities USA LLC, PNC Capital Markets LLC, RBC Capital Markets, LLC, Santander Investment Securities Inc., Scotia Capital (USA) Inc., SMBC Nikko Securities America, Inc., CIBC World Markets Corp., KeyBanc Capital Markets Inc., TD Securities (USA) LLC, U.S. Bancorp Investments, Inc. and MUFG Securities Americas Inc. (collectively, the "Underwriter Defendants") hereby move the Court to dismiss Counts III and IV of Plaintiffs' Consolidated Amended Complaint (Dkt. No. 72) with prejudice. The Underwriter Defendants also join the motion and supporting papers of the FirstEnergy Defendants, filed separately, and adopt and incorporate all of the arguments made therein with respect to the claims under Counts III and IV.

Dated: May 18, 2021

Respectfully submitted,

*/s/ Jay A. Yurkiw*

Robert W. Trafford, Trial Attorney (0040270)
Jay A. Yurkiw (0068143)
Kirsten R. Fraser (009351)
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, Ohio 43215
Telephone: (614) 227-2000
rtrafford@porterwright.com
jyurkiw@porterwright.com
kfraser@porterwright.com

Brian S. Weinstein (admitted *pro hac vice*)
Sofia A. Vitiello (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
brian.weinstein@davispolk.com
sofia.vitiello@davispolk.com

*Counsel for the Underwriter Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE FIRSTENERGY CORP. SECURITIES LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS. | Case No. 2:20-cv-03785-ALM-KAJ<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Kimberly A. Jolson<br><br>ORAL ARGUMENT REQUESTED |

**MEMORANDUM IN SUPPORT OF THE UNDERWRITER DEFENDANTS' MOTION TO DISMISS COUNTS III AND IV OF PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**

Defendants Barclays Capital Inc., BofA Securities, Inc., Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, Mizuho Securities USA LLC, PNC Capital Markets LLC, RBC Capital Markets, LLC, Santander Investment Securities Inc., Scotia Capital (USA) Inc., SMBC Nikko Securities America, Inc., CIBC World Markets Corp., KeyBanc Capital Markets Inc., TD Securities (USA) LLC, U.S. Bancorp Investments, Inc. and MUFG Securities Americas Inc. (collectively, the "Underwriter Defendants") join the motion and supporting papers of the FirstEnergy Defendants (Dkt. Nos. 160, 161), and adopt and incorporate all of the arguments made therein with respect to the claim under Section 11 (Count III) and with respect to the claim under Section 12(a)(2) (Count IV), insofar as Plaintiffs have failed to adequately plead any materially false or misleading statement. In this separate submission, the Underwriter Defendants provide additional reasons why the Consolidated Amended Complaint fails to state a claim against them under Section 12(a)(2).

**BACKGROUND**[1]

On March 6, 2018, Defendant FirstEnergy Corp. ("FirstEnergy" or the "Company") filed a shelf registration statement with the Securities and Exchange Commission on a Form 3-ASR, pursuant to which the Company could conduct multiple securities offerings. (¶ 285.) On February 19, 2020, FirstEnergy filed a prospectus supplement that incorporated and formed part of the shelf registration statement (the "February Registration Statement"). (¶ 286.) Pursuant to the February Registration Statement, FirstEnergy registered for issuance over $1.7 billion of FirstEnergy notes (the "February 2020 Offering"), and Defendants solicited investors for the February 2020 Offering, issuing and selling over $1.7 billion of FirstEnergy notes near par. (*Id.*) The Underwriter Defendants served as underwriters and underwriter representatives in the February 2020 Offering. (¶ 287.)

On June 4, 2020, FirstEnergy filed a second prospectus supplement that incorporated and formed part of the shelf registration statement (the "June Registration Statement"). (¶ 288.) Pursuant to the June Registration Statement, FirstEnergy registered for issuance $750 million of FirstEnergy notes (the "June 2020 Offering," and together with the February 2020 Offering, the "Offerings"). (*Id.*) Defendants solicited investors for the June 2020 Offering, selling $750 million of FirstEnergy notes near par. (*Id.*) As with the February 2020 Offering, certain of the Underwriter Defendants also served as underwriters and underwriter representatives for the June 2020 Offering. (¶ 289.)

In support of their claims under Section 12(a)(2) of the Securities Act, Plaintiffs assert that the prospectuses used to complete the Offerings (the "Prospectuses") contained untrue

---

[1] Paragraph references are to the Consolidated Amended Complaint, the well-pled allegations of which are taken as true solely for purposes of this motion.

statements of material fact, omitted to state material facts required to be stated therein, and/or omitted to state other facts necessary to make the statements made therein not misleading (¶¶ 291-301, 314); that the Securities Act Defendants "issued, promoted and sold FirstEnergy notes to Plaintiffs" (¶ 313); that the Underwriter Defendants solicited their brokerage clients to purchase FirstEnergy notes in the Offerings (¶ 313); and that Plaintiffs and other purchasers were unaware of the alleged untruths and omissions in the Prospectuses and were injured thereby (¶¶ 316-17).

## ARGUMENT

The Consolidated Amended Complaint must be dismissed as to the Underwriter Defendants because it does not plead the elements necessary to state a claim under Sections 11 and 12(a)(2). To assert a claim under Section 11, a plaintiff must plead "facts showing that: (1) he purchased a registered security, either directly from the issuer or in the aftermarket following the offering; (2) the defendant participated in the offering in a manner sufficient to give rise to liability under Section 11; and (3) the registration statement contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading." *Loc. 295/Loc. 851 IBT Emp. Grp. Pension Tr. & Welfare Fund v. Fifth Third Bancorp.*, 731 F. Supp. 2d 689, 704 (S.D. Ohio 2010). To assert a claim under Section 12(a)(2), a plaintiff must plead that "(1) the defendant is a 'statutory seller'; (2) the sale was effectuated by means of a prospectus or oral communication; and (3) the prospectus or oral communication included an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading." *Id.* at 705. The Consolidated Amended Complaint fails to meet these pleading requirements for several reasons:

*First*, for the reasons set forth in the FirstEnergy Defendants' brief, the Consolidated Amended Complaint does not adequately allege any materially false or misleading statement in any registration statement or prospectus.  (*See, e.g.*, FirstEnergy Defs.' Br. (Dkt. No. 161) at 59-65.)  This is fatal to Plaintiffs' claims under both Sections 11 and 12(a)(2), because Plaintiffs do not allege any communication by the Underwriter Defendants apart from those contained in the Prospectuses.

*Second*, Plaintiffs' claims under Section 12(a)(2) also fail for lack of standing, because Plaintiffs have not alleged that they purchased FirstEnergy securities in the Offerings from any of the Underwriter Defendants.  "Section 12(a)(2) applies only to purchases made through initial offerings and not to aftermarket trading."  *Loc. 295/Loc. 851*, 731 F. Supp. 2d at 713; *see also In re FirstEnergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581, 602 (N.D. Ohio 2004) ("The Supreme Court has held that 12(a)(2) only applies to initial offerings and not to aftermarket trading."); *Gustafson v. Alloyd Co.*, 513 U.S. 561, 580 (1995) ("Congress contemplated that § 12(2) would apply only to public offerings . . . .").  Section 12(a)(2) therefore imposes liability only on "the 'buyer's immediate seller; remote purchasers are precluded from bringing actions against remote sellers.'"  *Gaynor v. Miller*, 273 F. Supp. 3d 848, 861 (E.D. Tenn. 2017) (quoting *Pinter v. Dahl*, 486 U.S. 622, 644 (1988)); *see also Yates v. Mun. Mortg. & Equity LLC*, 744 F.3d 874, 899-900 (4th Cir. 2014) ("[P]laintiffs should plead that they directly purchased securities in the relevant offering, and . . . a failure to do so implies that the securities were in fact purchased on the secondary market.").  None of the Plaintiffs pleads facts suggesting that it purchased shares from any of the sixteen Underwriter Defendants in the Offerings, as opposed to the secondary market.

Instead, the Consolidated Amended Complaint asserts in general terms that the Underwriter Defendants "served as underwriters" in the Offerings (*see* ¶¶ 287-89) and "solicited

4

their brokerage clients and other members of the investing public to submit indications of interest and subscriptions to purchase FirstEnergy notes in the Offerings" (¶ 313).  On the face of the Consolidated Amended Complaint, the Underwriter Defendants may or may not have sold FirstEnergy stock to Plaintiffs.  They may have sold the stock to Plaintiffs, or they may have sold the stock to other broker-dealers who sold to Plaintiffs.  Plaintiffs do not say.  These equivocations as to a key element are fatal.  *See, e.g.*, *In re Regions Morgan Keegan Sec., Derivative and Erisa Litig.*, 166 F. Supp. 3d 948, 968-69 (W.D. Tenn. 2014) (concluding plaintiffs lacked Section 12(a)(2) standing where plaintiffs' "mere ability to trace back securities to the offering, without allegations of direct purchase, [were] insufficient" (citation and internal quotation marks omitted)); *Ong ex rel. Ong v. Sears, Roebuck & Co.*, No. 03 C 4142, 2005 WL 2284285, at *13 (N.D. Ill. Sept. 14, 2005) (dismissing complaint for failure to plead Section 12(a)(2) standing where plaintiffs "neither confirm[ed] nor den[ied] that [the named plaintiff] purchased stock on the open market"); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 977 (N.D. Cal. 2010) (dismissing Section 12(a)(2) claim against underwriter defendants where plaintiffs' conclusory statements were insufficient to demonstrate that plaintiffs purchased directly in the relevant offering).

At most, the Consolidated Amended Complaint alleges that Plaintiffs purchased FirstEnergy stock on dates close in time to when FirstEnergy filed the Prospectuses.  Named Plaintiffs LACERA, Amalgamated Bank, Wisconsin Laborers' Pension Fund, and City of Irving Supplemental Benefit Plan claim to have purchased FirstEnergy securities close in time to the February 2020 Offering (on February 18 and 24 and March 2, 6, and 18) and the June 2020 Offering (on June 2, 3, 15, 19, and 23).  (Dkt. No. 33-4 at PageID #783; Dkt. No. 72 at PageID #1663-66, 1668, 1671.)  But the fact that Plaintiffs purchased FirstEnergy shares on those dates,

5

standing alone, does not support a "reasonable inference" that Plaintiffs purchased directly from the Underwriter Defendants as part of the Offerings, pursuant to the prospectuses filed on February 19 and June 4. Plaintiffs merely assert that they purchased "notes in and traceable to the Offerings" (¶ 307), but they offer no factual allegations to support that contention. Not one of them alleges that it had any dealings with any of the Underwriter Defendants, was allocated shares in the Offerings by the Underwriter Defendants, maintained an account with any Underwriter Defendant, placed any orders with any Underwriter Defendant, or spoke to an Underwriter Defendant broker. Plaintiffs' allegations lack "sufficient 'factual enhancement' to support a 'reasonable inference that the defendants are liable for the misconduct alleged,'" *see Yates*, 744 F.3d at 901 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), and their Section 12(a)(2) claim against the Underwriter Defendants accordingly must be dismissed.

Further, even had Plaintiffs adequately alleged that they directly purchased from the Underwriter Defendants—which they have not—Plaintiffs fail to set forth any allegation that they purchased FirstEnergy securities from any particular Underwriter Defendant. In fact, beyond merely defining the term "Underwriter Defendants" as those institutions that underwrote the Offerings (¶¶ 283, 287, 289), Plaintiffs do not set forth a single allegation that establishes privity with any underwriter or that otherwise mentions a specific underwriter. Because no allegation in the Consolidated Amended Complaint indicates that Plaintiffs purchased FirstEnergy stock from any of the sixteen Underwriter Defendants—as would be necessary to state a claim under Section 12(a)(2)—Plaintiffs' claim against the Underwriter Defendants should be dismissed. *See In re Regions Morgan Keegan Sec.*, 166 F. Supp. 3d at 968-69 (dismissing Section 12(a)(2) claim where plaintiffs "d[id] not allege with particularity that [they] purchased their shares from [defendant fund] directly"); *China Intelligence Lighting and Elecs.,*

6

*Inc. Sec. Litig.*, No. CV 11-2768 PSG (SSx), 2012 WL 12893520, at *5 (C.D. Cal. Feb. 16, 2012) (granting motion to dismiss Section 12(a)(2) claims because of plaintiffs' failure to allege that some of the defendants passed title of the securities to the lead plaintiffs).

## CONCLUSION

For the foregoing reasons, the Underwriter Defendants respectfully request that their Motion to Dismiss Counts III and IV of Plaintiffs' Consolidated Amended Complaint with prejudice be granted.

Dated: May 18, 2021

Respectfully submitted,

*/s/ Jay A. Yurkiw*
Robert W. Trafford, Trial Attorney (0040270)
Jay A. Yurkiw (0068143)
Kirsten R. Fraser (009351)
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, Ohio 43215
Telephone: (614) 227-2000
rtrafford@porterwright.com
jyurkiw@porterwright.com
kfraser@porterwright.com

Brian S. Weinstein (admitted *pro hac vice*)
Sofia A. Vitiello (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
brian.weinstein@davispolk.com
sofia.vitiello@davispolk.com

*Counsel for the Underwriter Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will notify all counsel of record.

>                                  */s/ Jay A. Yurkiw*
>                                  Jay A. Yurkiw

14527851v1