**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE FIRSTENERGY CORP. SECURITIES LITIGATION,<br><br>This document relates to:<br><br>    ALL ACTIONS. | Case No. 2:20-cv-03785-ALM-KAJ<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Kimberly A. Jolson |

## ANSWER OF DEFENDANT FIRSTENERGY CORP. TO PLAINTIFFS' COMPLAINT

Defendant FirstEnergy Corp. ("FirstEnergy" or the "Company"), by and through counsel, hereby submits its Answer and Additional Defenses to Plaintiffs' Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint"). With this Answer, FirstEnergy responds only on behalf of itself. Unless otherwise indicated, FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations directed at the other defendants, which are therefore denied. All responses are propounded as of April 6, 2022, and should not be interpreted as an admission of knowledge or of possession of information as of any other time. Unless expressly admitted, each and every allegation in the Complaint is denied. No response by FirstEnergy in this Answer is intended, or shall be deemed, to contradict FirstEnergy's acceptance of responsibility as set forth in the DPA[1] or the facts described in the Statement of Facts attached to the DPA.

The introduction constitutes Plaintiffs' statement of the case and contains numerous legal conclusions. Accordingly, it does not require an answer. To the extent one is required, FirstEnergy denies each and every allegation in the introduction except to the extent such denials contradict

---

[1] "DPA" refers to the Deferred Prosecution Agreement, executed by FirstEnergy Corp. on July 20, 2021, and filed in the U.S. District Court for the Southern District of Ohio as Doc. #3 in the matter captioned *United States of America v. FirstEnergy Corp.*, Case No. 1:21-cr-00086-TSB.

FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's filings with the Securities and Exchange Commission ("SEC"), media reports about the Company, and case filings in *USA v. Borges*, 1:20-mj-00526 (S.D. Ohio), FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in the introduction inconsistent therewith.

1.      FirstEnergy avers that Plaintiffs purport to bring this action on behalf of a putative class and assert claims under §§ 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") and §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as well as SEC Rule 10b-5 promulgated thereunder. FirstEnergy denies violations of the statutes and regulation referenced in this paragraph.

2.      Admit and aver that FirstEnergy is an Akron, Ohio-based public utility holding company involved in the generation, transmission, and distribution of electricity and that FirstEnergy's ten regulated distribution companies form one of the nation's largest investor-owned electric systems, based on serving more than six million customers in the Midwest and Mid-Atlantic regions.

3.      Paragraph 3 sets forth legal conclusions to which no response is required. To the extent one is required, FirstEnergy denies the allegations in Paragraph 3 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

4.      Denied.

5.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within the DPA or FirstEnergy's SEC filings, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in this paragraph inconsistent therewith.     Further, to the extent Plaintiffs purport to quote, paraphrase, or characterize HB 6 and provisions therein, FirstEnergy states that the bill speaks for itself and, on that basis, denies each and every allegation in this paragraph inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

6.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's SEC filings, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 6 inconsistent therewith.  The remainder of Paragraph 6 sets forth legal conclusions to which no response is required.  To the extent one is required, FirstEnergy is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

7.     To the extent Plaintiffs purport to reference or characterize the price of FirstEnergy stock or FirstEnergy's SEC filings, FirstEnergy states that the publicly reported prices as listed on the New York Stock Exchange ("NYSE") and/or NASDAQ and the disclosures in the SEC filings speak for themselves and, on that basis, denies each and every allegation in Paragraph 7 inconsistent therewith.  FirstEnergy admits and avers that Jones received compensation, as disclosed in the Company's SEC filings.  To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's SEC filings, including the Form 4s, FirstEnergy states

that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 7 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

8. Admit and aver that the U.S. Attorney for the Southern District of Ohio filed the Criminal Complaint and Affidavit in Support of the Criminal Complaint (collectively, the "Charging Documents") on July 17, 2020, against Larry Householder, Matthew Borges, Neil Clark, Jeffrey Longstreth, Juan Cespedes, and Generation Now. To the extent Plaintiffs purport to quote, paraphrase, or characterize the Charging Documents, FirstEnergy states that the documents speak for themselves and, on that basis, denies each and every allegation in Paragraph 8 inconsistent therewith. FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents. Further responding, FirstEnergy refers to the Statement of Facts attached to the DPA with respect to the total payments made by FirstEnergy. Except as expressly admitted, the allegations in this paragraph are denied.

9. To the extent Plaintiffs purport to reference or characterize the price of FirstEnergy stock, FirstEnergy states that the publicly reported prices as listed on the NYSE and/or NASDAQ speak for themselves and, on that basis, denies each and every allegation in Paragraph 9 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

10. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements by Jones, including those made during an earnings call on July 24, 2020, FirstEnergy states that the documents or other records purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 10 inconsistent therewith.

11. Admit and aver that Charles Jones, Michael Dowling, and Dennis Chack were terminated from employment with the Company on October 29, 2020. To the extent Plaintiffs

purport to quote, paraphrase, or characterize statements within FirstEnergy's Form 10-Q filed November 19, 2020, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation in Paragraph 11 inconsistent therewith. Except as expressly admitted in this Answer or in the Statement of Facts attached to the DPA, the allegations in this paragraph are denied.

12. Admit and aver that the Company is involved in lawsuits and regulatory and governmental investigations. Further admit and aver that FirstEnergy's credit rating was downgraded to BB+ in November 2020 following a $1.95 billion draw on two revolving credit facilities. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's Form 10-Q filed November 19, 2020, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation in Paragraph 12 inconsistent therewith. Except as expressly admitted in this Answer or in the Statement of Facts attached to the DPA, the allegations in this paragraph are denied.

13. Denied.

14. To the extent Paragraph 14 does not set forth legal conclusions to which no response is required, FirstEnergy states that it does not contest that this Court has jurisdiction over this action.

15. To the extent Paragraph 15 does not set forth legal conclusions to which no response is required, FirstEnergy states that it does not contest venue.

16. Paragraph 16 sets forth legal conclusions to which no response is required. To the extent one is required, FirstEnergy denies each and every allegation in Paragraph 16 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

17.     Paragraph 17 sets forth legal conclusions to which no response is required.  To the extent one is required, FirstEnergy avers that Plaintiffs purport to bring this action on behalf of a putative class.

18.     Paragraph 18 sets forth legal conclusions to which no response is required.  To the extent one is required, FirstEnergy admits that FirstEnergy's stock trades on the NYSE and its debt trades in debt markets, and further admits that certain of its stockholders may be identified through its records.  FirstEnergy is otherwise without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 18, which are therefore denied.

19.     Paragraph 19 sets forth legal conclusions to which no response is required.  To the extent one is required, FirstEnergy denies the allegations in Paragraph 19 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

20.     Paragraph 20 sets forth legal conclusions to which no response is required.  To the extent one is required, FirstEnergy denies the allegations in Paragraph 20.

21.     Paragraph 21 sets forth legal conclusions to which no response is required.  To the extent one is required, FirstEnergy denies the allegations in Paragraph 21.

21a.     Paragraph 21a sets forth legal conclusions to which no response is required. To the extent one is required, FirstEnergy denies the allegations in Paragraph 21a.

21b.     Paragraph 21b sets forth legal conclusions to which no response is required. To the extent one is required, FirstEnergy denies the allegations in Paragraph 21b.

21c.     Paragraph 21c sets forth legal conclusions to which no response is required. To the extent one is required, FirstEnergy denies the allegations in Paragraph 21c.

22. Paragraph 22 sets forth legal conclusions to which no response is required. To the extent one is required, FirstEnergy denies the allegations in Paragraph 22.

23. To the extent Plaintiffs purport to quote, paraphrase, or characterize Certification in this action (ECF No. 33-4), FirstEnergy states that the document speaks for itself and, on that basis, denies each and every allegation in Paragraph 23 inconsistent therewith. FirstEnergy denies that Los Angeles County Employees Retirement Association ("LACERA") suffered damages. FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 23, which are therefore denied. Except as expressly admitted, the allegations in this paragraph are denied.

24. To the extent Plaintiffs purport to quote, paraphrase, or characterize the Certification in this action (ECF No. 33-4), FirstEnergy states that the document speaks for itself and, on that basis, denies each and every allegation in Paragraph 24 inconsistent therewith. FirstEnergy denies that Amalgamated Bank, as Trustee for the LongView LargeCap 500 Index Fund, LongView Quantitative LargeCap Fund, LongView Broad Market 3000 Index Fund, LongView LargeCap 500 Index Fund VEBA, LV LargeCap 1000 Value Index Fund, LongView Quantitative MidCap Fund, LongView Quant LargeCap Equity VEBA Fund and LongView Core Plus Fixed Income Fund ("Amalgamated Bank") suffered damages. FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24, which are therefore denied. Except as expressly admitted, the allegations in this paragraph are denied.

25. To the extent Plaintiffs purport to quote, paraphrase, or characterize the Certification in this action (ECF No. 33-4), FirstEnergy states that the document speaks for itself and, on that basis, denies each and every allegation in Paragraph 25 inconsistent therewith.

FirstEnergy denies that Wisconsin Laborers' Pension Fund suffered damages. FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 25, which are therefore denied. Except as expressly admitted, the allegations in this paragraph are denied.

26.     To the extent Plaintiffs purport to quote, paraphrase, or characterize the Certification in this action (ECF No. 33-4), FirstEnergy states that the document speaks for itself and, on that basis, denies each and every allegation in Paragraph 26 inconsistent therewith. FirstEnergy denies that City of Irving Supplemental Benefit Plan suffered damages. FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26, which are therefore denied. Except as expressly admitted, the allegations in this paragraph are denied.

27.     Admit and aver that FirstEnergy is an Akron, Ohio-based public utility holding company involved in the generation, transmission, and distribution of electricity and that FirstEnergy's ten regulated distribution companies form one of the nation's largest investor-owned electric systems, based on serving more than six million customers in Ohio, Pennsylvania, West Virginia, Virginia, Maryland, New Jersey and New York. Further admit and aver that the Company's common stock is listed on the NYSE under the ticker symbol "FE." Further admit and aver that FirstEnergy Solutions Corp. ("FES"), a former FirstEnergy subsidiary that emerged from bankruptcy proceedings as Energy Harbor LLC in February 2020, was the owner of Perry and Davis-Besse, two nuclear facilities in Ohio, which were operated by FirstEnergy Nuclear Operating Company ("FENOC"), a former FirstEnergy subsidiary now known as Energy Harbor Nuclear Corp. Except as expressly admitted, the allegations in this paragraph are denied.

28.     Admit and aver that Charles E. Jones served as CEO and a Director of FirstEnergy. Further admit and aver that Charles Jones was terminated from employment with the Company on October 29, 2020.  Except as expressly admitted, the allegations in this paragraph are denied.

29.     Admit and aver that James Pearson served as CFO of FirstEnergy until March 2018, when he transitioned to Executive Vice President of Finance until his retirement on April 1, 2019. Further admit and aver that Pearson was a Company member of the Restructuring Working Group ("RWG"), which provided advisory services (including recommendations, suggestions and advice) to the management of the Company regarding the potential bankruptcy restructuring of FES and the Company's participation in such restructuring.  Except as expressly admitted, the allegations in this paragraph are denied.

30.     Admit and aver that Steven E. Strah is CEO and President of FirstEnergy and was appointed to this position in October 2020.  Further admit and aver that Strah served as Senior Vice President and President of FirstEnergy's Utilities Operations from 2015 to 2018 and as CFO from March 2018 to May 2020. Except as expressly admitted, the allegations in this paragraph are denied.

31.     Admit and aver that K. Jon Taylor became CFO in May 2020 following Strah and was FirstEnergy's Controller and Chief Accounting Officer until March 2018, after which he became President of Ohio Operations and, in 2019, Vice President of Utilities Operations.  Except as expressly admitted, the allegations in this paragraph are denied.

32.     Admit and aver that Michael Dowling was the Senior Vice President, External Affairs of FirstEnergy.  Further admit and aver that Michael Dowling was terminated from employment with the Company on October 29, 2020.  Except as expressly admitted, the allegations in this paragraph are denied.

33.     Admit and aver that Dennis Chack was FirstEnergy's Senior Vice President of Product Development, Marketing, and Branding.  Further admit and aver that Dennis Chack was terminated from employment with the Company on October 29, 2020.  Except as expressly admitted, the allegations in this paragraph are denied.

34.     Admit and aver that Ty Pine served as a FirstEnergy lobbyist and its director of state affairs during the Class Period.

35.     Admit and aver that Robert Reffner was FirstEnergy's Senior Vice President and Chief Legal Officer and was elected Senior Vice President and General Counsel in 2018.  Further admit and aver that Reffner was separated from employment with the Company on November 8, 2020.  Except as expressly admitted, the allegations in this paragraph are denied.

36.     Admit and aver that Leila Vespoli served as FirstEnergy's Executive VP of Corporate Strategy and Regulatory Affairs and Chief Legal Officer until her retirement on March 31, 2019.  Further admit and aver that Vespoli was a Company member of the RWG, which provided advisory services (including recommendations, suggestions and advice) to the management of the Company regarding the potential bankruptcy restructuring of FES and the Company's participation in such restructuring.  Except as expressly admitted, the allegations in this paragraph are denied.

37.     Admit and aver that John Judge served as Vice President, Corporate Risk and Chief Risk Officer at FirstEnergy.  FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 37, which are therefore denied.

38.     FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38, which are therefore denied.

39.     Paragraph 39 constitutes a definition to which no response is required.

40.     Admit and aver that Charles Jones, Michael Dowling, and Dennis Chack were terminated from employment with the Company on October 29, 2020, as disclosed in FirstEnergy's October 29, 2020, press release.  FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 40, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

41.     Admit.

42.     Admit and aver that FES, a former FirstEnergy subsidiary that emerged from bankruptcy proceedings as Energy Harbor LLC in February 2020, was the owner of Perry and Davis-Besse, two nuclear facilities in Ohio, which were operated by FirstEnergy Nuclear Operating Company ("FENOC"), a former FirstEnergy subsidiary now known as Energy Harbor Nuclear Corp.  Further admit and aver that substantially all of FirstEnergy's subsidiaries' operations that previously comprised the CES reportable operating segment, including FES and FENOC, are presented as discontinued operations in FirstEnergy's consolidated financial statements.  Further admit that corrosion was discovered at Davis-Besse, leading to its closure from 2002 to March 2004.  To the extent Plaintiffs purport to quote, paraphrase, or characterize the Deferred Prosecution Agreement between the United States and FENOC and the settlement in *In re FirstEnergy Shareholder Derivative Litigation*, No. 5:03-cv-01826 (N.D. Ohio), FirstEnergy states that the documents speak for themselves and, on that basis, denies each and every allegation in Paragraph 42 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph and its footnote are denied.

43.     To the extent Plaintiffs purport to quote, paraphrase, or characterize FirstEnergy's SEC filings, FirstEnergy states that the documents speak for themselves and, on that basis, denies each and every allegation in Paragraph 43 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

44.     Admit and aver that FirstEnergy publicly announced in November 2016 that it planned to exit competitive generation.  Further admit and aver that, as stated in the DPA, in 2016, FirstEnergy reported a bleak outlook with respect to its energy generation business.  To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy earnings calls, analyst coverage, and SEC filings, including the Company's 2016 Annual Report and subsequent earnings calls, FirstEnergy states that the documents or other records purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 44 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

45.     Admit and aver that FES was a separate company from FirstEnergy and had its own board of directors.  Further admit and aver that on March 28, 2018, FES notified PJM Interconnection (PJM) that the Perry and Davis-Besse plants owned by its subsidiary would be deactivated during the next three years.  Further admit and aver that FES, its subsidiaries, and FENOC voluntarily filed for Chapter 11 bankruptcy on March 31, 2018, in the U.S. Bankruptcy Court for the Northern District of Ohio. Except as expressly admitted, the allegations in this paragraph are denied.

46.     Admit and aver that FirstEnergy Service Company provided shared services to FES pursuant to the Amended and Restated Shared Services Agreement.  To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within the Shared Services Agreement and

case filings from the bankruptcy proceeding (*In re FirstEnergy Sols. Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio)), FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 46 inconsistent therewith. Further, to the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's SEC filings, including the Company's Form 10-Q filed April 23, 2018, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 46 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

47. To the extent Plaintiffs purport to quote, paraphrase, or characterize the bankruptcy court's opinion in *In re FirstEnergy Sols. Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio), FirstEnergy states that the document purportedly containing the statements speaks for itself and, on that basis, denies each and every allegation in Paragraph 47 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph and its footnote are denied.

48. FirstEnergy admits that on December 6, 2016, FirstEnergy and certain of its subsidiaries entered into a $700 million two-year secured revolving credit and surety credit support agreement among FirstEnergy Solutions Corp. (FES), as borrower, FirstEnergy Generation, LLC (FG) and FirstEnergy Nuclear Generation, LLC (NG), as guarantors, and FE, as lender (New FES Secured Facility). To the extent Plaintiffs purport to quote, paraphrase, or characterize case filings in *In re FirstEnergy Sols. Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio), FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 48 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph and its footnote are denied.

49.     To the extent Plaintiffs purport to quote, paraphrase, or characterize case filings in *In re FirstEnergy Sols. Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio), FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 49 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph and its footnote are denied.

50.     To the extent Plaintiffs purport to quote, paraphrase, or characterize case filings in *In re FirstEnergy Sols. Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio), FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 50 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

51.     To the extent Plaintiffs purport to quote, paraphrase, or characterize case filings in *In re FirstEnergy Sols. Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio), FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 51 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

52.     To the extent Plaintiffs purport to quote, paraphrase, or characterize case filings in *In re FirstEnergy Sols. Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio), including statements by The Department of Justice ("DOJ") on behalf of the Environmental Protection Agency ("EPA"), FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 52 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph and its footnote are denied.

53.     To the extent Plaintiffs purport to quote, paraphrase, or characterize case filings in *In re FirstEnergy Sols. Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio), including statements within

a January 29, 2019, notice from government agencies, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 53 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph and its footnote are denied.

54. To the extent Plaintiffs purport to quote, paraphrase, or characterize case filings in *In re FirstEnergy Sols. Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio), including statements within the DOJ's bankruptcy filing on March 12, 2019, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 54 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph and its footnote are denied.

55. To the extent Plaintiffs purport to quote, paraphrase, or characterize case filings in *In re FirstEnergy Sols. Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio), including statements within the DOJ's bankruptcy filing, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 55 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph and its footnote are denied.

56. To the extent Plaintiffs purport to quote, paraphrase, or characterize case filings in *In re FirstEnergy Sols. Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio), including statements by the Ohio Consumer Counsel, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 56 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph and its footnote are denied.

57.     To the extent Plaintiffs purport to quote, paraphrase, or characterize case filings in *In re FirstEnergy Sols. Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio), including statements by the ELPC, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 57 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph and its footnote are denied.

58.     To the extent Plaintiffs purport to quote, paraphrase, or characterize case filings in *In re FirstEnergy Sols. Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio), including statements by FES, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 58 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

59.     To the extent Plaintiffs purport to quote, paraphrase, or characterize case filings in *In re FirstEnergy Sols. Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio), including statements by FES, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 59 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph and its footnote are denied.

60.     To the extent Plaintiffs purport to quote, paraphrase, or characterize case filings in *In re FirstEnergy Sols. Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio), including statements by FirstEnergy in its briefing, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 60 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph and its footnote are denied.

61.     To the extent Plaintiffs purport to quote, paraphrase, or characterize case filings in *In re FirstEnergy Sols. Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio), including statements by FES's creditors, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 61 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph and its footnote are denied.

62.     To the extent Plaintiffs purport to quote, paraphrase, or characterize the bankruptcy court hearing on April 4, 2019, FirstEnergy states that any ruling speaks for itself and, on that basis, denies each and every allegation in Paragraph 62 inconsistent therewith. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within an April 5, 2019, article published by *Crain's Cleveland Business*, FirstEnergy states that the document purportedly containing the statements speaks for itself and, on that basis, denies each and every allegation in Paragraph 62 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

63.     Denied.

64.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's Corporate Political Activity Policy, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation in Paragraph 64 inconsistent therewith. FirstEnergy denies the remaining allegations in Paragraph 64 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

65.     Admit and aver that Householder's legislative career history speaks for itself. Further admit and aver that Larry Householder traveled to Washington D.C. in January 2017 on a company plane and aver that Householder reimbursed the Company for the cost of the travel. Further admit and aver that FirstEnergy Service Company processed payments of $250,000 to Generation Now on each of March 16, 2017, May 14, 2017, August 10, 2017, and December 8, 2017. FirstEnergy denies the remaining allegations in Paragraph 65 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

66.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within an article published by the *Pittsburgh Post-Gazette*, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation in Paragraph 66 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

67.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within an April 20, 2018, article posted by Cleveland.com, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation in Paragraph 67 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

67a.     FirstEnergy denies the allegations in Paragraph 67a except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

67b.     FirstEnergy denies the allegations in Paragraph 67b except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

67c.     FirstEnergy denies the allegations in Paragraph 67c except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

68.     Admit and aver that FirstEnergy Service Company processed payments of $250,000 to Generation Now on each of March 16, 2017, May 14, 2017, August 10, 2017, and December 8, 2017.  Further admit that, as stated in the DPA, before Partners for Progress was formally organized, Michael Dowling directed that $5 million be designated for an unnamed 501(c)(4) in December 2016.  FirstEnergy denies the remaining allegations in Paragraph 68 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

69.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements presented in Longstreth's plea agreement, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 69 inconsistent therewith.  Except as specifically admitted, the allegations in this paragraph are denied.

70.     FirstEnergy denies the allegations in Paragraph 70 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

71.     Admit and aver, upon information and belief, that Householder was elected as Speaker of the House on January 7, 2019. Except as expressly admitted, the allegations in this paragraph are denied.

72.     Admit and aver that, as stated in the DPA, FirstEnergy paid approximately $4.3 million dollars to Samuel Randazzo through his consulting company in return for Randazzo performing official action in his capacity as PUCO Chairman to further FirstEnergy's interests relating to passage of nuclear legislation. FirstEnergy denies the remaining allegations in Paragraph 72 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

73.     Admit and aver, upon information and belief, that Householder introduced HB 6 in the Ohio House on April 12, 2019.

74.     Admit and aver, upon information and belief, that HB 6 passed the Ohio House on May 29, 2019. To the extent Plaintiffs purport to quote, paraphrase, or characterize HB 6 and its legislative history, FirstEnergy states that the bill speaks for itself and, on that basis, denies each and every allegation in Paragraph 74 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

75.     Admit and aver that when HB6 was pending in the Senate, FirstEnergy Service Company, directed by FirstEnergy Solutions n/k/a Energy Harbor, wire transferred $7,358,255 to Generation Now. To the extent Plaintiffs purport to quote, paraphrase, or characterize provisions within HB 6, FirstEnergy states that the documents purportedly containing the provisions speak for themselves and, on that basis, denies each and every allegation in Paragraph 75 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

76.     To the extent Plaintiffs purport to quote, paraphrase, or characterize decoupling, FirstEnergy states that the documents purportedly containing the provisions speak for themselves and, on that basis, denies each and every allegation in Paragraph 76 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

77.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements by the National Resources Defense Council and the HB6 decoupling provision, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 77 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

78.     To the extent Plaintiffs purport to quote, paraphrase, or characterize HB 6 and its legislative history, FirstEnergy states that the bill or other records speak for themselves and, on that basis, denies each and every allegation in Paragraph 78 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

79.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements by John Judge in a July 24, 2019, press release, FirstEnergy states that the document speaks for itself and, on that basis, denies each and every allegation in Paragraph 79 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

80.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements by the Columbus Dispatch and statements within FirstEnergy's Corporate Political Activity Policy, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 80 inconsistent therewith.  FirstEnergy denies the remaining allegations in Paragraph 80 except to the extent such denials

contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

81.     Admit and aver that HB 6 faced a statewide ballot referendum seeking to repeal it. FirstEnergy is without knowledge or information sufficient to form a belief as to any remaining allegations in Paragraph 81, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

82.     Admit and aver that between August 1, 2019, and October 2019, FirstEnergy Service Company, as directed by FirstEnergy Solutions Corp. n/k/a Energy Harbor, wire transferred $25,738,591 from FirstEnergy Solutions Corp. to Generation Now.  Further admit and aver that on October 10, 2019, FirstEnergy Service Company wire transferred $10,000,000 to Partners for Progress, which FirstEnergy understands then wire transferred $10,000,000 to Generation Now and that on October 18, 2019, FirstEnergy wire transferred $10,000,000 to Partners for Progress, which FirstEnergy understands then wired $3,000,000 to Generation Now on October 22, 2019.  To the extent Plaintiffs purport to quote, paraphrase, or characterize statements by the Columbus Dispatch, FirstEnergy states that the document purportedly containing the statements speaks for itself and, on that basis, denies each and every allegation in Paragraph 82 inconsistent therewith.  FirstEnergy denies the remaining allegations in Paragraph 82 and its footnote except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

83.     To the extent Plaintiffs purport to quote, paraphrase, or characterize the pictured ad, FirstEnergy states that the ad speaks for itself and, on that basis, denies each and every allegation in Paragraph 83 inconsistent therewith.  FirstEnergy denies the remaining allegations in

Paragraph 83 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

84. FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

85. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements from the Charging Documents, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 85 inconsistent therewith. FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents. FirstEnergy denies the remaining allegations in Paragraph 85 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 85, which are therefore denied.

86. Admit and aver that the referendum campaign failed to collect enough signatures and HB 6 went into effect. FirstEnergy further admits that on October 18, 2019, FirstEnergy wire transferred $10,000,000 to Partners for Progress, which FirstEnergy understands then wired $3,000,000 to Generation Now on October 22, 2019. Except as expressly admitted, the allegations in this paragraph are denied.

87. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements made during FirstEnergy's third quarter 2019 analyst conference call on November 4, 2019,

FirstEnergy states that the documents or other records purportedly containing these statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 87 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

88.　　To the extent Plaintiffs purport to quote, paraphrase, or characterize the amended plan of re-organization in *In re FirstEnergy Sols. Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio), FirstEnergy states that the document speaks for itself and, on that basis, denies each and every allegation in Paragraph 88 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

89.　　To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's April 18, 2019, press release, FirstEnergy states that the document purportedly containing the statements speaks for itself and, on that basis, denies each and every allegation in Paragraph 89 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

90.　　To the extent Plaintiffs purport to quote, paraphrase, or characterize case filings in *In re FirstEnergy Sols. Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio), including EPLC's objection filed August 2, 2019, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 90 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

91.　　To the extent Plaintiffs purport to quote, paraphrase, or characterize case filings in *In re FirstEnergy Sols. Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio), including FES's expert declaration, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 91 inconsistent

therewith.  Except as expressly admitted, the allegations in this paragraph and its footnote are denied.

92.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements by the Court in *In re FirstEnergy Sols. Corp.*, Case No. 18-50757 (Bankr. N.D. Ohio), FirstEnergy states that the document purportedly containing the statements speaks for itself and, on that basis, denies each and every allegation in Paragraph 92 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph and its footnote are denied.

93.     FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93 and its subparts, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

94.     The allegations in Paragraph 94 and its subparts are denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

95.     Admit and aver that Plaintiffs purport to assert a Class Period beginning on February 21, 2017.  Further admit and aver that FirstEnergy filed the 2016 10-K on February 21, 2017, and that Jones, Pearson, and Taylor signed the 2016 10-K on behalf of FirstEnergy.  To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's 2016 Form 10-K, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 95 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

96.     Admit and aver that the 2017 10-K was signed by Jones, Pearson, and Taylor on behalf of FirstEnergy.  Further admit and aver that each of the 2017 10-Qs were signed by Taylor

on behalf of FirstEnergy. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's SEC filings, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 96 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

97. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements presented in FirstEnergy's 2016 Form 10-K, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 97 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

98. Admit and aver that both the 2018 Form 10-K and the 2019 10-K were signed by Jones and Strah. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements presented in SEC filings, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 98 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph and its footnote are denied.

99. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements presented in FirstEnergy's SEC filings, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 99 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

100. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements presented in FirstEnergy's SEC filings, FirstEnergy states that the documents purportedly

containing those statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 100 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

101. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements presented in FirstEnergy's SEC filings, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 101 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

102. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements presented in FirstEnergy's SEC filings, including certifications filed by Jones, Pearson, and Strah, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 102 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

103. To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of or participants in/attendees of FirstEnergy's earnings call on February 22, 2017, FirstEnergy states that the documents or other records purportedly containing these statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 103 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

104. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's 2017 Proxy Statements and Corporate Responsibility Reports and on FirstEnergy's website, FirstEnergy states that the documents purportedly containing these statements speak for themselves and, on that basis, denies each and every allegation of Paragraph

104 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph and its footnote are denied.

105. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements presented in FirstEnergy's SEC filings, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 105 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

106. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements presented in a version of FirstEnergy's Code of Conduct, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 106 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph and its footnote are denied.

107. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements presented in a version of FirstEnergy's Code of Conduct, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 107 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

108. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements presented in a version of FirstEnergy's Code of Conduct, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 108 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph and its footnote are denied.

109.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements presented in two versions of the FirstEnergy Director Code of Conduct, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 109 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph and its footnote are denied.

110.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements in the 2017 Proxy Statements, including the shareholder proposals therein, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 110 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

111.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained in FirstEnergy's Corporate Political Activity Policy, the latest version of the Company's Political Activity Policy, and the Company's Corporate Responsibility Reports, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 111 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph and its footnotes are denied.

112.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained in an April 7, 2017, article published by *The News Messenger*, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 112 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

113.     To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of or participants in/attendees of FirstEnergy's earnings call on April 28, 2017, FirstEnergy states

that the documents or other records purportedly containing these statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 113 inconsistent therewith.

114.    To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained in a May 17, 2017, article published by the *Akron Beacon Journal*, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 114 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

115.    To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of or participants in/attendees of FirstEnergy's earnings call on July 28, 2017, FirstEnergy states that the documents or other records purportedly containing these statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 115 inconsistent therewith.

116.    FirstEnergy is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 116, which are therefore denied.

117.    To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of or participants in/attendees of FirstEnergy's earnings call on October 27, 2017, FirstEnergy states that the documents or other records purportedly containing these statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 117 inconsistent therewith.

118.    To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of or participants in/attendees of FirstEnergy's earnings call on February 21, 2018, FirstEnergy states that the documents or other records purportedly containing these statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 118 inconsistent therewith.

119. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained in a March 28, 2018, article distributed by PR Newswire, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 119 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

120. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained in a March 31, 2018, article distributed by PR Newswire, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 120 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

121. To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of or participants in/attendees of FirstEnergy's earnings call on April 23, 2018, FirstEnergy states that the documents or other records purportedly containing these statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 121 inconsistent therewith.

122. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained in an April 25, 2018, article distributed by PR Newswire, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 122 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

123. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained in a June 2, 2018, article published by *The Plain Dealer of Cleveland*, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis,

denies each and every allegation of Paragraph 123 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

124.    To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of or participants in/attendees of FirstEnergy's earnings call on August 1, 2018, FirstEnergy states that the documents or other records purportedly containing these statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 124 inconsistent therewith.

125.    To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained in a December 17, 2018, article published by *Crain's Cleveland Business*, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 125 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

126.    To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained in a January 23, 2019, article distributed by PR Newswire, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 126 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

127.    To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of or participants in/attendees of FirstEnergy's earnings call on February 20, 2019, FirstEnergy states that the documents or other records purportedly containing these statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 127 inconsistent therewith.

128.    FirstEnergy admits that it filed a Form 8-K with the SEC on July 23, 2019.  To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within a presentation

attached to the Form 8-K, FirstEnergy states that the documents purportedly containing these statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 128 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

129. To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of or participants in/attendees of FirstEnergy's earnings call on July 24, 2019, FirstEnergy states that the documents or other records purportedly containing these statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 129 inconsistent therewith.

130. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained in a July 24, 2019, article distributed by PR Newswire, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 130 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

131. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements in FirstEnergy's Form 10-Q for the quarter ending September 30, 2019, and FirstEnergy's 2020 Form 10-Q, FirstEnergy states that the documents purportedly containing these statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 131 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

132. To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of or participants in/attendees of FirstEnergy's earnings call on November 4, 2019, FirstEnergy states that the documents or other records purportedly containing these statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 132 inconsistent therewith.

133.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained in a March 5, 2020, article published by *Energy News Network*, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 133 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

134.     To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of or participants in/attendees of FirstEnergy's earnings call on April 24, 2020, FirstEnergy states that the documents or other records purportedly containing these statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 134 inconsistent therewith.

135.     FirstEnergy denies each and every allegation in Paragraph 135 and its subparts except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

136.     FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 136 and its subparts, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

137.     To the extent Plaintiffs purport to quote, paraphrase, or characterize FirstEnergy's reported contributions, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 137 inconsistent therewith.

138.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained within the Ohio Secretary of State's July 21, 2020, referral and August 27, 2020, complaint, FirstEnergy states that the documents purportedly containing those statements speak

for themselves and, on that basis, denies each and every allegation of Paragraph 138 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

139.    To the extent Plaintiffs purport to quote, paraphrase, or characterize Item 303 of SEC Regulation S-K, 17 C.F.R. § 229.303, FirstEnergy states that the statute speaks for itself and, on that basis, denies each and every allegation of Paragraph 139 inconsistent therewith. FirstEnergy denies violations of the statute referenced in this paragraph. The remainder of Paragraph 139 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies the allegations in Paragraph 139.

140.    To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained within the SEC's 1989 Interpretative Release, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 140 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

141.    To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained within the SEC's 1989 Interpretative Release, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 141 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

142.    To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained within the SEC's 1989 Interpretative Release, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 142 inconsistent therewith. The remainder of Paragraph 142 sets forth legal conclusions to which no response is required.

143.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained in a July 21, 2020, press release issued by the U.S. Attorney's Office for the Southern District of Ohio, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 143 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

144.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained within a July 21, 2020, FirstEnergy statement and analyst ratings recommendations, including a July 21, 2020, Wolfe Research report, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 144 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

145.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained within a Cleveland.com article, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 145 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

146.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained in a July 22, 2020, analyst report issued by Barclays, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 146 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

147.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained in a July 22, 2020, analyst report issued by Scotiabank, FirstEnergy states that the

document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 147 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

148. To the extent Plaintiffs purport to reference or characterize the price of FirstEnergy stock, FirstEnergy states that the publicly reported prices as listed on the NYSE and/or NASDAQ speak for themselves and, on that basis, denies each and every allegation in Paragraph 148 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

149. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained in a July 23, 2020, S&P announcement, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 149 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

150. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained in a July 24, 2020, Moody's announcement, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 150 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

151. Admit and aver that FirstEnergy filed a Form 8-K with the SEC on July 23, 2020. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements contained in that Form 8-K, including statements in the attached press release, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 151 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

152. To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of or participants in/attendees of FirstEnergy's earnings call on July 24, 2020, FirstEnergy states that the documents or other records purportedly containing these statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 152 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

153. To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of FirstEnergy's July 24, 2020, earnings call, FirstEnergy states that the transcript purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 153 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

154. To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of FirstEnergy's July 24, 2020, earnings call, FirstEnergy states that the transcript purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 154 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

155. To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of FirstEnergy's July 24, 2020, earnings call, FirstEnergy states that the transcript purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 155 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

156. To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of FirstEnergy's July 24, 2020, earnings call, FirstEnergy states that the transcript purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation

of Paragraph 156 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

157. To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of FirstEnergy's July 24, 2020, earnings call, FirstEnergy states that the transcript purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 157 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

158. To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of FirstEnergy's July 24, 2020, earnings call, FirstEnergy states that the transcript purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 158 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

159. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements from FirstEnergy's July 27, 2020, statement, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 159 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

160. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within a July 28, 2020, Fitch Ratings outlook, FirstEnergy states that the document purportedly containing the statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 160 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

161.    Admit and aver that FirstEnergy filed a Form 12b-25 Notification of Late Filing with the SEC on August 10, 2020.  To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within that Form 12b-25, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 161 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

162.    To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within a September 18, 2020, Utilitydive.com story, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 162 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

163.    To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within a September 19, 2020, Athens Messenger article, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 163 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

164.    Admit and aver, upon information and belief, that the State of Ohio filed a lawsuit against FirstEnergy in the Court of Common Pleas of Franklin County on September 23, 2020.  To the extent Plaintiffs purport to quote, paraphrase, or characterize filings from *State of Ohio v. FirstEnergy Corp. et al.*, Case No 20-cv-6281, FirstEnergy states that the documents or other records speak for themselves and, on that basis, denies each and every allegation of Paragraph 164 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

165.     To the extent Plaintiffs purport to reference or characterize the price of FirstEnergy stock, FirstEnergy states that the publicly reported prices as listed on the NYSE and/or NASDAQ speak for themselves and, on that basis, denies each and every allegation in Paragraph 165 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

166.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within an analyst report issued by RBC Capital Markets on September 23, 2020, and a report by TheFly.com, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 166 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

167.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within a September 25, 2020, Radio.Wosu.org article, FirstEnergy states that the document purportedly containing the statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 167 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

168.     To the extent Plaintiffs purport to quote, paraphrase, or characterize an October 14, 2020, *Wall Street Journal* article, FirstEnergy states that the document speaks for itself and, on that basis, denies each and every allegation of Paragraph 168 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

169.     To the extent Plaintiffs purport to quote, paraphrase, or characterize an October 26, 2020, *Akron Beacon Journal* article, FirstEnergy states that the document speaks for itself and, on that basis, denies each and every allegation of Paragraph 169 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

170. Admit and aver that the cities of Cincinnati and Columbus filed a lawsuit in Franklin County Court of Common Pleas against FirstEnergy and other defendants. To the extent Plaintiffs purport to quote, paraphrase, or characterize a press release, FirstEnergy states that the document speaks for itself and, on that basis, denies each and every allegation of Paragraph 170 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

171. Admit and aver, upon information and belief, that Longstreth and Cespedes entered guilty pleas in *USA v. Householder et al.*, Case No. 1:20-cr-00077 (S.D. Ohio). To the extent Plaintiffs purport to quote, paraphrase, or characterize these plea agreements, FirstEnergy states that the documents speak for themselves and, on that basis, denies each and every allegation of Paragraph 171 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

172. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's October 29, 2020, press release, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 172 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

173. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within Guggenheim's October 29, 2020, analyst report, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 173 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

174. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's October 30, 2020, Form 8-K, FirstEnergy states that the document

purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 174 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

175. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within S&P's October 23, 2020, credit rating, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 175 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

176. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements from Fitch's October 30, 2020, ratings outlook, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 176 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

177. To the extent Plaintiffs purport to reference or characterize the price of FirstEnergy stock, FirstEnergy states that the publicly reported prices as listed on the NYSE and/or NASDAQ speak for themselves and, on that basis, denies each and every allegation in Paragraph 177 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

178. Admit and aver that FirstEnergy filed a Form 8-K with the SEC on November 2, 2020. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within that Form 8-K, including the attached presentation, and from a FirstEnergy earnings call, FirstEnergy states that the documents or other records purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 178 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

179. To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of FirstEnergy's earnings call, FirstEnergy states that the transcript purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 179 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

180. To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of FirstEnergy's earnings call, FirstEnergy states that the transcript purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 180 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

181. To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of FirstEnergy's earnings call, FirstEnergy states that the transcript purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 181 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

182. To the extent Plaintiffs purport to quote, paraphrase, or characterize the audit proceedings initiated by PUCO and statements from PUCO's announcement of the audit, FirstEnergy states that the documents or other records purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 182 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

183. To the extent Plaintiffs purport to reference or characterize the price of FirstEnergy stock, FirstEnergy states that the publicly reported prices as listed on the NYSE and/or NASDAQ speak for themselves and, on that basis, denies each and every allegation in Paragraph 183 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

184. Admit and aver that FirstEnergy filed a Form 8-K on November 9, 2020. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within the Form 8-K,

FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 184 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

185.    Admit and aver, upon information and belief, that the State of Ohio filed a lawsuit against Energy Harbor in the Court of Common Pleas of Franklin County on November 13, 2020. To the extent Plaintiffs purport to quote, paraphrase, or characterize filings from *State of Ohio v. Energy Harbor et al.*, Case No 20-cv-7386, FirstEnergy states that the documents or other records speak for themselves and, on that basis, denies each and every allegation of Paragraph 185 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

186.    To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within news reports regarding Randazzo, FirstEnergy states that the documents or other records purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 186 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

187.    To the extent Plaintiffs purport to reference or characterize the price of FirstEnergy stock, FirstEnergy states that the publicly reported prices as listed on the NYSE and/or NASDAQ speak for themselves and, on that basis, denies each and every allegation in Paragraph 187 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

188.    To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's November 17, 2020, press release, FirstEnergy states that the document purportedly containing the statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 188 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

189.     Admit and aver that FirstEnergy filed on November 19, 2020, an amendment to its annual report for the fiscal year 2019 on Form 10-K/A and its Form 10-Q for the quarter ending September 30, 2020.   To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within the Form 10-K/A or the Form 10-Q, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 189 inconsistent therewith.   Except as expressly admitted, the allegations in this paragraph are denied.

190.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within the Form 10-K/A or the Form 10-Q, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 190 inconsistent therewith.   Except as expressly admitted, the allegations in this paragraph are denied.

191.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within the Form 10-K/A or the Form 10-Q, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 191 inconsistent therewith.   Except as expressly admitted, the allegations in this paragraph are denied.

192.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within the Form 10-K/A or the Form 10-Q, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 192 inconsistent therewith.   Except as expressly admitted, the allegations in this paragraph are denied.

193. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within a November 19, 2020, WFMJ story, FirstEnergy states that the document purportedly containing the statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 193 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

194. Admit and aver, upon information and belief, that Randazzo announced his resignation as PUCO Chairman on November 20, 2020. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements from Fitch's ratings announcement, FirstEnergy states that the document purportedly containing the statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 194 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

195. To the extent Plaintiffs purport to reference or characterize the price of FirstEnergy stock, FirstEnergy states that the publicly reported prices as listed on the NYSE and/or NASDAQ speak for themselves and, on that basis, denies each and every allegation in Paragraph 195 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

196. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements from FirstEnergy's Form 8-K filed November 23, 2020, and earnings call, FirstEnergy states that the documents or other records purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 196 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

197. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within a November 24, 2020, Moody's announcement, FirstEnergy states that the document purportedly containing the statements speaks for itself and, on that basis, denies each and every

allegation of Paragraph 197 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

198.    To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within a S&P Global Market Intelligence announcement, FirstEnergy states that the document purportedly containing the statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 198 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

199.    To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within a November 24, 2020, Bank of America analyst report and a December 1, 2020, Wells Fargo analyst report, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 199 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

200.    To the extent Plaintiffs purport to reference or characterize the price of FirstEnergy stock, FirstEnergy states that the publicly reported prices as listed on the NYSE and/or NASDAQ speak for themselves and, on that basis, denies each and every allegation in Paragraph 200 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

201.    Admit and aver that Judge Chris Brown issued an Entry and Order Granting Stay of Discovery Under Civ.R.26, Granting Relator and Plaintiffs' Motions for PI Under Civ.R.65, and Denying Defendants' Motions to Dismiss Under Civ.R.12(B)(6) in *State of Ohio v. FirstEnergy Corp. et al.*, Case Nos. 20-cv-6281, 7005, 7386 (Franklin County Common Pleas) on December 21, 2020. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within a December 28, 2020, story posted by The Courier website, FirstEnergy states that the document purportedly containing the statements speaks for itself and, on that basis, denies

each and every allegation of Paragraph 201 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

202. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within the Ohio Attorney General's January 14, 2021, press release and case filings from *State of Ohio v. FirstEnergy Corp. et al.*, Case Nos. 20-cv-6281, 7005, 7386 (Franklin County Common Pleas), including the State's January 13, 2020, Motion for Temporary Restraining Order & Preliminary Injunction Against FirstEnergy Defendants, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 202 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

203. Admit and aver that FirstEnergy filed a Form 8-K with the SEC on February 2, 2021. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within that Form 8-K, FirstEnergy states that the document purportedly containing the statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 203 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

204. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within a Reuters article, FirstEnergy states that the document purportedly containing the statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 204 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

205. Admit and aver, upon information and belief, that Generation Now entered a guilty plea in *USA v. Householder et al.*, Case No. 1:20-cr-00077 (S.D. Ohio) on February 5, 2021. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within this plea agreement, FirstEnergy states that the document purportedly containing the statement speaks for

itself and, on that basis, denies each and every allegation of Paragraph 205 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

206. Admit and aver that FirstEnergy filed a Form 8-K with the SEC on February 16, 2021. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within this Form 8-K, FirstEnergy states that the document purportedly containing the statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 206 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

207. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements from two February 18, 2021, FirstEnergy press releases, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 207 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

208. Paragraph 208 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 208, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

209. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements from the Charging Documents, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 209 inconsistent therewith. FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents. The remainder of Paragraph 209 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy is

without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 209, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

210.    Admit and aver that Householder traveled to Washington D.C. in January 2017 on a company plan and aver that Householder reimbursed the company for the cost of the travel.  To the extent Plaintiffs purport to quote, paraphrase, or characterize statements by news organizations such as Cleveland.com and the Energy and Policy Institute, FirstEnergy states that the documents or other records purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 210 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

211.    Admit and aver that Charles Jones was terminated from employment with the company on October 29, 2020. To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcript of FirstEnergy's earnings calls, FirstEnergy states that the transcript purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 211 inconsistent therewith.  The remaining allegations in Paragraph 211 set forth legal conclusions to which no response is required.  To the extent a response is required, FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 211, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

212.    Admit and aver that Charles Jones, Michael Dowling, and Dennis Chack were terminated from employment with the company on October 29, 2020, and that Robert Reffner and

Ebony Yeboah-Amankwah were separated from employment with the company on November 8, 2020.  To the extent Plaintiffs purport to quote, paraphrase, or characterize statements from the Company's SEC filings, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 212 inconsistent therewith.  The remainder of Paragraph 212 sets forth legal conclusions to which no response is required.  To the extent a response is required, FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 212, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

213.    Admit and aver that certain Officer Defendants received compensation from FirstEnergy, as disclosed in the Company's SEC filings.  To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's SEC filings, including Form 4s, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 213 inconsistent therewith.  Further, to the extent Plaintiffs purport to quote, paraphrase, or characterize HB 6 and the provisions therein, FirstEnergy states that the bill speaks for itself and, on that basis, denies each and every allegation in Paragraph 213 inconsistent therewith.  The remainder of Paragraph 213 sets forth legal conclusions to which no response is required.  To the extent a response is required, FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 213, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

214. Paragraph 214 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 214, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

215. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within Generation Now and Longstreth's plea agreements, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 215 inconsistent therewith. The remainder of Paragraph 215 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 215, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

216. Admit and aver that Charles Jones, Michael Dowling, and Dennis Chack were terminated from employment with the company on October 29, 2020, and that Robert Reffner and Ebony Yeboah-Amankwah were separated from employment with the Company on November 8, 2020. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements from the Company's SEC filings and press releases, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 216 inconsistent therewith. The remainder of Paragraph 216 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies the remaining allegations in Paragraph 216 except to the extent such denials contradict

FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

217.    To the extent Plaintiffs purport to quote, paraphrase, or characterize statements from the Company's SEC filings, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 217 inconsistent therewith.    Except as expressly admitted, the allegations in this paragraph are denied.

218.    To the extent Plaintiffs purport to quote, paraphrase, or characterize the transcripts of FirstEnergy earnings calls, FirstEnergy states that the transcripts of the earnings calls speak for themselves and, on that basis, denies each and every allegation of Paragraph 218 inconsistent therewith.    The remainder of Paragraph 218 sets forth legal conclusions to which no response is required.    To the extent a response is required, FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 218, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

219.    To the extent Plaintiffs purport to quote, paraphrase, or characterize the Charging Documents, FirstEnergy states that the documents speak for themselves and, on that basis, denies each and every allegation in Paragraph 219 inconsistent therewith.    FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.    The remainder of Paragraph 219 sets forth legal conclusions to which no response is required.    To the extent a response is required, FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 219, which are therefore

denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

220.     Admit and aver that Charles E. Jones served as CEO and a Director of FirstEnergy from 2015 until his termination on October 29, 2020.  To the extent Plaintiffs purport to quote, paraphrase, or characterize the Charging Documents, FirstEnergy's SEC filings, and FirstEnergy earnings calls, FirstEnergy states that the documents or other records speak for themselves and, on that basis, denies each and every allegation in Paragraph 220 inconsistent therewith.  FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.  FirstEnergy denies the remaining allegations in Paragraph 220 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

221.     Admit and aver that Charles Jones was terminated from employment with the company on October 29, 2020.  Further admit and aver, upon information and belief, that Householder became Speaker in January 2019 and HB 6 was signed into law in July 2019.  To the extent Plaintiffs purport to quote, paraphrase, or characterize the Charging Documents and FirstEnergy's SEC filings, FirstEnergy states that the documents speak for themselves and, on that basis, denies each and every allegation in Paragraph 221 inconsistent therewith.  FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.  FirstEnergy denies the remaining allegations in Paragraph 221 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

222.     Admit and aver that Michael Dowling was the Senior Vice President, External Affairs of FirstEnergy and was terminated from employment with the Company on October 29,

2020. To the extent Plaintiffs purport to quote, paraphrase, or characterize the Charging Documents and FirstEnergy's SEC filings, FirstEnergy states that the documents speak for themselves and, on that basis, denies each and every allegation in Paragraph 222 inconsistent therewith. FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents. FirstEnergy denies the remaining allegations in Paragraph 222 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

223. Admit and aver that Ty Pine served as a lobbyist for FirstEnergy and its director of state affairs. To the extent Plaintiffs purport to quote, paraphrase, or characterize the Charging Documents and FirstEnergy's SEC filings, FirstEnergy states that the documents speak for themselves and, on that basis, denies each and every allegation in Paragraph 223 inconsistent therewith. FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents. FirstEnergy denies the remaining allegations in Paragraph 223 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

224. Admit and aver that Dennis Chack was FirstEnergy's Senior Vice President of Product Development, Marketing, and Branding from June 2015 until his termination on October 29, 2020. To the extent Plaintiffs purport to quote, paraphrase, or characterize the Charging Documents and FirstEnergy's SEC filings, FirstEnergy states that the documents speak for themselves and, on that basis, denies each and every allegation in Paragraph 224 inconsistent therewith. FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents. FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 224, which are

therefore denied, except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

225. Admit and aver that James Pearson served as CFO of FirstEnergy from 2013 until March 2018, when he transitioned to Executive Vice President of Finance until his retirement on April 1, 2019. Further admit and aver that Pearson was a Company member of the RWG, which provided advisory services (including recommendations, suggestions and advice) to the management of the Company regarding the potential bankruptcy restructuring of FES and the Company's participation in such restructuring. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's SEC filings, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 225 inconsistent therewith. FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 225, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

226. Admit and aver that Strah served as Senior Vice President and President of FirstEnergy's Utilities Operations from 2015 to 2018 and as CFO from March 2018 to May 2020. Further admit and aver that Strah is CEO and President of FirstEnergy and was appointed to this position in October 2020. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's SEC filings, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 226 inconsistent therewith. FirstEnergy denies the remaining allegations in

Paragraph 226 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

227.    Admit and aver that Robert Reffner was FirstEnergy's Senior Vice President and Chief Legal Officer, with responsibility for Legal, Corporate Secretary, Ethics, Risk and Internal Auditing, and the Innovation Center before his separation on November 8, 2020, and that Reffner reported to Jones.  Further admit and aver that Reffner was elected Senior Vice President and General Counsel in 2018.  To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's SEC filings, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 227 inconsistent therewith.  FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 227, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

228.    Admit and aver that Leila Vespoli served as FirstEnergy's Executive VP of Corporate Strategy and Regulatory Affairs and Chief Legal Officer until her retirement on March 31, 2019.  Further admit and aver that Vespoli was a Company member of the RWG, which provided advisory services (including recommendations, suggestions and advice) to the management of the Company regarding the potential bankruptcy restructuring of FES and the Company's participation in such restructuring.  To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's SEC filings, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies

each and every allegation in Paragraph 228 inconsistent therewith. FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 228, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

229. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within the Charging Documents, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 229 inconsistent therewith. FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents. FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 229, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

230. Admit and aver that Judge served as the Chief Risk Officer of FirstEnergy until February 2019. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within the Charging Documents and a July 24, 2019, FirstEnergy Solutions press release, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 230 inconsistent therewith. FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents. FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 230, which are therefore denied

except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

231.     Paragraph 231 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 231, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

232.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within the plea agreements in the criminal proceedings and FirstEnergy's SEC filings, FirstEnergy states that the documents or other records purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 232 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

233.     To the extent Plaintiffs purport to quote, paraphrase, or characterize the Charging Documents, FirstEnergy states that the documents speak for themselves and, on that basis, denies each and every allegation in Paragraph 233 inconsistent therewith. FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents. FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 233, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

234.    To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within a 2020 investor call and statements by prosecutors, FirstEnergy states that the documents or other records purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 234 inconsistent therewith.  Further, to the extent Plaintiffs purport to quote, paraphrase, or characterize the Charging Documents, FirstEnergy states that the documents speak for themselves and, on that basis, denies each and every allegation in Paragraph 234 inconsistent therewith.  FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.  FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 234, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

235.    Admit and aver that Charles Jones was terminated from employment with the company on October 29, 2020. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's SEC filings and statements by Jones made during an earnings call on July 24, 2020, and the following day, FirstEnergy states that the documents or other records purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 235 inconsistent therewith.  FirstEnergy denies the remaining allegations in Paragraph 235 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

236.    To the extent Plaintiffs purport to quote, paraphrase, or characterize the Charging Documents, FirstEnergy states that the documents speak for themselves and, on that basis, denies

each and every allegation in Paragraph 236 inconsistent therewith. FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents. Further, to the extent Plaintiffs purport to quote, paraphrase, or characterize HB 6 and the provisions therein, FirstEnergy states that the bill speaks for itself and, on that basis, denies each and every allegation in Paragraph 236 inconsistent therewith. The remainder of Paragraph 236 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 236, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

237. FirstEnergy denies each and every allegation in Paragraph 237 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

238. Admit and aver that FirstEnergy and certain of its current and former officers are the subject of lawsuits, investigations, regulatory reviews and/or other proceedings, and otherwise deny except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

239. To the extent Plaintiffs purport to quote, paraphrase, or characterize the legal actions pending against FirstEnergy, including *State of Ohio v. FirstEnergy Corp. et al.*, Case Nos. 20-cv-6281, 7005, 7386 (Franklin County Common Pleas) and *Smith v. FirstEnergy Corp. et al.*, Case Nos. 20-cv-3755, 3987, 3954 (S.D. Ohio), FirstEnergy states that the filings in those cases or other records speak for themselves and, on that basis, denies each and every allegation of

Paragraph 239 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

240. Admit and aver that FirstEnergy and certain officers received subpoenas from the U.S. Attorney's Office for the Southern District of Ohio and the SEC. Further admit and aver that on September 15, 2020, the PUCO opened a new proceeding to review the political and charitable spending by the Ohio Companies in support of HB 6 and the subsequent referendum effort, directing the Ohio Companies to show cause, demonstrating that the costs of any political or charitable spending in support of HB 6, or the subsequent referendum effort, were not included, directly or indirectly, in any rates or charges paid by ratepayers. Further admit and aver that on November 4, 2020, the PUCO initiated an additional corporate separation audit as a result of the termination of certain members of senior management. Further admit and aver that on December 30, 2020, the PUCO reopened the DMR audit docket, and directed PUCO staff to solicit a third-party auditor and conduct a full review of the DMR to ensure funds collected from ratepayers through the DMR were only used for the purposes established in ESP IV. Further admit and aver that on January 26, 2021, staff of FERC's Division of Investigations issued a letter directing FirstEnergy to preserve and maintain all documents and information related to an ongoing audit being conducted by FERC's Division of Audits and Accounting, including activities related to lobbying and governmental affairs activities concerning HB 6. FirstEnergy is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 240, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

241. To the extent Plaintiffs purport to quote, reference, or characterize statements within FirstEnergy's Form 10-K filings, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 241 inconsistent therewith. The remainder of Paragraph 241 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies the remaining allegations in Paragraph 241.

242. To the extent Plaintiffs purport to reference or characterize the price of FirstEnergy stock or FirstEnergy's SEC filings, FirstEnergy states that the publicly reported prices as listed on the NYSE and/or NASDAQ and the disclosures in the SEC filings speak for themselves and, on that basis, denies each and every allegation in Paragraph 242 inconsistent therewith. Further, to the extent Plaintiffs purport to quote, reference, or characterize statements within FirstEnergy's 2019 Form 10-K filing, FirstEnergy states that the document purportedly containing the statements speaks for itself and, on that basis, denies each and every allegation in Paragraph 242 inconsistent therewith. The remainder of Paragraph 242 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies the remaining allegations in Paragraph 242.

243. To the extent Plaintiffs purport to reference or characterize the price of FirstEnergy stock or FirstEnergy's SEC filings, FirstEnergy states that the publicly reported prices as listed on the NYSE and/or NASDAQ and the disclosures in the SEC filings speak for themselves and, on that basis, denies each and every allegation in Paragraph 243 inconsistent therewith. Further, to the extent Plaintiffs purport to quote, reference, or characterize statements within the prospectus, FirstEnergy states that the document purportedly containing the statements speaks for itself and,

on that basis, denies each and every allegation in Paragraph 243 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

244.    To the extent Plaintiffs purport to reference or characterize the price of FirstEnergy stock or FirstEnergy's SEC filings, FirstEnergy states that the publicly reported prices as listed on the NYSE and/or NASDAQ and the disclosures in the SEC filings speak for themselves and, on that basis, denies each and every allegation in Paragraph 244 inconsistent therewith. Further, to the extent Plaintiffs purport to quote, paraphrase, or characterize FirstEnergy's SEC filings and the prospectus for these securities, FirstEnergy states that the documents speak for themselves and, on that basis, denies each and every allegation in Paragraph 244 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

245.    Admit and aver that PUCO approved a Distribution Modernization Rider in late 2016. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within a Moody's credit opinion and an S&P research update, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 245 inconsistent therewith. Further, to the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's SEC filings and a February 22, 2017, conference call with analysts and investors, FirstEnergy states that the documents or other records purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 245 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

246.    To the extent Plaintiffs purport to quote, paraphrase, or characterize FirstEnergy's credit ratings with Moody's, S&P, and Fitch, FirstEnergy states that the documents or other records speak for themselves and, on that basis, denies each and every allegation in Paragraph 246

inconsistent therewith. Further, to the extent Plaintiffs purport to quote, paraphrase, or characterize statements made during a February 20, 2019, conference call and within FirstEnergy's SEC filings, FirstEnergy states that the documents or other records purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 246 inconsistent therewith. FirstEnergy denies the remaining allegations in Paragraph 246.

247. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within the credit ratings of the three major ratings agencies, including Moody's July 24, 2020, credit rating, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 247 inconsistent therewith. The remainder of Paragraph 247 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies the remaining allegations in Paragraph 247.

248. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's 2020 Proxy Statements, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 248 (and footnotes 28–31) inconsistent therewith. FirstEnergy is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 248 and its footnotes, which are therefore denied.

249. Admit and aver that Jones, Pearson, Strah, Reffner, and Vespoli received compensation, as disclosed in the company's SEC filings. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's SEC filings, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 249 inconsistent therewith.

250.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within the Form 4s, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 250 inconsistent therewith.  Except as expressly admitted, the allegations in this paragraph are denied.

251.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within the Form 4s, FirstEnergy states that the documents purportedly containing those statements speak for themselves and, on that basis, denies each and every allegation in Paragraph 251 inconsistent therewith.  FirstEnergy is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 251, which are therefore denied except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

252.     Paragraph 252 sets forth legal conclusions to which no response is required.  To the extent a response is required, FirstEnergy denies the allegations in Paragraph 252.

253.     Paragraph 253 sets forth legal conclusions to which no response is required.  To the extent a response is required, FirstEnergy is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 253, which are therefore denied.

254.     Admit and aver that FirstEnergy's common stock trades on the NYSE, that FirstEnergy files periodic public reports with the SEC, and that FirstEnergy, from time to time, communicated with public investors, including by means of press releases.  To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's Form 10-K for the fiscal year ended December 31, 2019, FirstEnergy states that the document purportedly containing those statements speaks for itself and, on that basis, denies each and every allegation in Paragraph 254 and its subparts inconsistent therewith.  Paragraph 254 and its subparts otherwise set forth

legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies the remaining allegations set forth in Paragraph 254 and its subparts. Except as expressly admitted, the allegations in this paragraph are denied.

255. Paragraph 255 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies allegations in Paragraph 255.

256. Paragraph 256 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies the allegations in Paragraph 256.

257. Paragraph 257 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies the allegations in Paragraph 257.

258. To the extent Plaintiffs purport to reference or characterize the price of FirstEnergy stock or FirstEnergy's SEC filings, FirstEnergy states that the publicly reported prices as listed on the NYSE and/or NASDAQ and the disclosures in the SEC filings speak for themselves and, on that basis, denies each and every allegation in Paragraph 258 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

259. To the extent Plaintiffs purport to reference or characterize the price of FirstEnergy stock, FirstEnergy states that the publicly reported prices as listed on the NYSE and/or NASDAQ speak for themselves and, on that basis, denies each and every allegation in Paragraph 259 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

260. Paragraph 260 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies the allegations in Paragraph 260.

261. Paragraph 261 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy states that, to the extent Plaintiffs purport to reference or characterize the price of FirstEnergy stock, that the publicly reported prices as listed on the

NYSE and/or NASDAQ speak for themselves and, on that basis, denies each and every allegation in Paragraph 261 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

262. To the extent Plaintiffs purport to reference or characterize the price of FirstEnergy stock, FirstEnergy states that the publicly reported prices as listed on the NYSE and/or NASDAQ speak for themselves and, on that basis, denies each and every allegation in Paragraph 262 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

263. Paragraph 263 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies the allegations in Paragraph 263.

264. Paragraph 264 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy states that, to the extent Plaintiffs purport to reference or characterize the price of FirstEnergy stock, the publicly reported prices as listed on the NYSE and/or NASDAQ speak for themselves and, on that basis, denies each and every allegation in Paragraph 264 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

265. To the extent Plaintiffs purport to reference or characterize the price of FirstEnergy stock, FirstEnergy states that the publicly reported prices as listed on the NYSE and/or NASDAQ speak for themselves and, on that basis, denies each and every allegation in Paragraph 265 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

266. Paragraph 266 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies the allegations in Paragraph 266.

267. Paragraph 267 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies each and every allegation set forth in Paragraph 267.

268. FirstEnergy incorporates its previous responses by reference. FirstEnergy incorporates by reference its responses to any paragraph that purports to rely on the Charging Documents.

269. Paragraph 269 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies each and every allegation set forth in Paragraph 269 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

270. Paragraph 270 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies each and every allegation set forth in Paragraph 270.

271. Paragraph 271 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies each and every allegation set forth in Paragraph 271.

272. FirstEnergy incorporates its previous responses by reference.

273. Paragraph 273 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies each and every allegation set forth in Paragraph 273 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

274. Paragraph 274 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies each and every allegation set forth in Paragraph 274.

275. Paragraph 275 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies each and every allegation set forth in Paragraph 275.

276. FirstEnergy incorporates its previous responses to ¶¶ 1–6, 14–26 by reference.

277. Admit.

278. Admit.

279. Admit.

280. Admit.

281. Admit and aver that George M. Smart, Paul T. Addison, Michael J. Anderson, Steven J. Demetriou, Julia L. Johnson, Donald T. Misheff, Thomas N. Mitchell, James F. O'Neil III, Christopher D. Pappas, Sandra Pianalto, Luis A. Reyes, Jerry Sue Thornton and Leslie Turner signed the registration statement for the Offerings, and/or were named as directors in the registration statements for the Offerings. The remainder of Paragraph 281 constitutes a definition to which no response is required. Except as expressly admitted, the allegations in this paragraph are denied.

282. Paragraph 282 constitutes a definition to which no response is required.

283. Admit and aver that FirstEnergy engaged the Underwriter Defendants to provide underwriting services in connection with the Offerings. The remainder of Paragraph 283 constitutes a definition to which no response is required. Except as expressly admitted, the allegations in this paragraph are denied.

284. Paragraph 284 constitutes a definition to which no response is required.

285. Admit and aver that FirstEnergy filed a shelf registration statement with the SEC on Form 3-ASR on March 6, 2018. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within that Form 3-ASR, FirstEnergy states that the document purportedly containing the statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 285 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

286. Admit and aver that FirstEnergy filed a prospectus supplement to the Form 3-ASR with the SEC on February 19, 2020. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within that supplement or any other SEC filing, FirstEnergy states that the document purportedly containing the statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 286 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

287. Admit and aver that FirstEnergy engaged the Underwriter Defendants to provide underwriting services in connection with the February 2020 Offering. Except as expressly admitted, the allegations in this paragraph are denied.

288. Admit and aver that FirstEnergy filed a second prospectus supplement to the Form 3-ASR with the SEC on June 4, 2020. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within that supplement, FirstEnergy states that the document purportedly containing the statements speaks for itself and, on that basis, denies each and every allegation of Paragraph 288 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

289.     Admit and aver that FirstEnergy engaged the Underwriter Defendants to provide underwriting services in connection with the June 2020 Offering.  Except as expressly admitted, the allegations in this paragraph are denied.

290.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's SEC filings, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 290 inconsistent therewith.  The remainder of Paragraph 290 constitutes a definition to which no response is required.  Except as expressly admitted, the allegations in this paragraph are denied.

291.     Paragraph 291 sets forth legal conclusions to which no response is required.  To the extent a response is required, FirstEnergy denies each and every allegation set forth in Paragraph 291.

292.     FirstEnergy denies the allegations in Paragraph 292 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

293.     To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within the Registration Statements, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 293 inconsistent therewith.  The remainder of Paragraph 293 sets forth legal conclusions to which no response is required.  To the extent a response is required, FirstEnergy denies the remaining allegations in Paragraph 293 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 293, which are therefore denied.

294. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's SEC filings, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 294 inconsistent therewith. Except as expressly admitted, the allegations in this paragraph are denied.

295. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's SEC filings, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 295 inconsistent therewith. The remainder of Paragraph 295 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies each and every allegation set forth in Paragraph 295.

296. To the extent Plaintiffs purport to quote, paraphrase, or characterize statements within FirstEnergy's SEC filings, FirstEnergy states that the documents purportedly containing the statements speak for themselves and, on that basis, denies each and every allegation of Paragraph 296 inconsistent therewith. Further, to the extent Plaintiffs purport to quote, paraphrase, or characterize HB 6 and the provisions therein, FirstEnergy states that the bill speaks for itself and, on that basis, denies each and every allegation of Paragraph 296 inconsistent therewith. The remainder of Paragraph 296 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies the remaining allegations in Paragraph 296 except to the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

297.     Paragraph 297 sets forth legal conclusions to which no response is required.  To the extent a response is required, FirstEnergy denies each and every allegation set forth in Paragraph 297.

298.     To the extent Plaintiffs purport to quote, paraphrase, or characterize Item 303, FirstEnergy states that the regulation speaks for itself and, on that basis, denies each and every allegation of Paragraph 298 inconsistent therewith.

299.     Paragraph 299 sets forth legal conclusions to which no response is required.  To the extent a response is required, FirstEnergy denies the allegations in Paragraph 299.

300.     To the extent Plaintiffs purport to quote, paraphrase, or characterize Item 105 of SEC Regulation S-K, 17 C.F.R. § 229.105, FirstEnergy states that the regulation speaks for itself and, on that basis, denies each and every allegation of Paragraph 300 inconsistent therewith.  The remainder of Paragraph 300 sets forth legal conclusions to which no response is required.  To the extent a response is required, FirstEnergy denies the remaining allegations in Paragraph 300.

301.     Paragraph 301 sets forth legal conclusions to which no response is required.  To the extent a response is required, FirstEnergy denies each and every allegation set forth in Paragraph 301.

302.     FirstEnergy incorporates its previous responses by reference to any paragraph that purports to rely on the Charging Documents.

303.     FirstEnergy avers that Plaintiffs purport to state claims under § 11 of the Securities Act, 15 U.S.C. § 77k.  FirstEnergy denies violations of the statute referenced in this paragraph.

304.     Paragraph 304 sets forth legal conclusions to which no response is required.  To the extent a response is required, FirstEnergy denies each and every allegation set forth in Paragraph 304.

305. Paragraph 305 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies each and every allegation set forth in Paragraph 305.

306. Denied.

307. FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 307, which are therefore denied.

308. FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 308, which are therefore denied.

309. FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 309, which are therefore denied.

310. FirstEnergy incorporates its previous responses by reference.

311. FirstEnergy avers that Plaintiffs purport to state claims under § 12(a)(2) of the Securities Act, 15 U.S.C. § 771(a)(2). FirstEnergy denies violations of the statute referenced in this paragraph.

312. Paragraph 312 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies each and every allegation set forth in Paragraph 312.

313. Denied.

314. Denied.

315. Paragraph 315 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies each and every allegation set forth in Paragraph 315.

316. Paragraph 316 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies each and every allegation set forth in Paragraph 316.

317. Paragraph 317 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 317, which are therefore denied.

318. FirstEnergy incorporates its previous responses by reference.

319. FirstEnergy avers that Plaintiffs purport to state claims under § 15 of the Securities Act, 15 U.S.C. § 77. FirstEnergy denies violations of the statute referenced in this paragraph.

320. Paragraph 320 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies each and every allegation set forth in Paragraph 320.

321. Paragraph 321 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies each and every allegation set forth in Paragraph 321.

322. Paragraph 322 sets forth legal conclusions to which no response is required. To the extent a response is required, FirstEnergy denies each and every allegation set forth in Paragraph 322.

The remainder of the Complaint contains Plaintiffs' prayer for relief, to which no response is required. To the extent one is required, FirstEnergy denies any allegations in Plaintiffs' prayer for relief and further avers that Plaintiffs are not entitled to the relief sought, or any relief, in this action. Unless expressly admitted, each and every allegation in the Complaint is denied except to

the extent such denials contradict FirstEnergy's acceptance of responsibility as set forth in the DPA or the facts described in the Statement of Facts attached to the DPA.

FirstEnergy also demands a trial by jury for all claims in this Complaint so triable.

## ADDITIONAL DEFENSES

FirstEnergy sets forth the following Additional Defenses to the Complaint. FirstEnergy reserves the right to assert further additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case. In asserting these defenses, FirstEnergy does not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiffs and members of the putative class.

1. The Complaint fails to state a claim upon which relief may be granted against FirstEnergy with respect to each cause of action.

2. Plaintiffs' claims against FirstEnergy are barred, in whole or in part, to the extent they lack standing to bring or maintain claims under the Securities Act.

3. FirstEnergy did not make any material misstatements or material omissions.

4. FirstEnergy had no duty to disclose any facts allegedly not disclosed.

5. The substance of any allegedly misrepresented or omitted information in fact was represented accurately and/or disclosed.

6. Any allegedly material information allegedly omitted from any of the Company's filings already was disclosed or publicly known.

7. Any alleged misrepresentations or omissions for which FirstEnergy allegedly is responsible were not material.

8. FirstEnergy acted at all times in good faith and had no knowledge, and was not reckless in not knowing, that any alleged statement or omission was false or misleading.

9. The Complaint fails to the extent that the statements about which Plaintiffs on behalf of the putative class complain were non-actionable statements of opinion.

10. The Complaint fails to the extent that the statements about which Plaintiffs on behalf of the putative class complain were non-actionable omissions.

11. Neither Plaintiffs nor any member of the putative class have incurred legally cognizable injury or damages.

12. FirstEnergy did not proximately cause any injury or loss suffered by Plaintiffs or any member of the putative class.

13. The conduct of persons and/or entities other than FirstEnergy was a superseding or intervening cause of any damage, loss, or injury sustained Plaintiffs or any member of the putative class.

14. Plaintiffs' claims against FirstEnergy are barred in whole or in part by laches, equitable estoppel, waiver, or other equitable doctrines.

15. Plaintiffs' claims against FirstEnergy are barred in whole or in part because of inequitable conduct and unclean hands by Plaintiffs and/or members of the putative class.

16. The claims asserted in the Complaint are not properly maintainable as a class action.

17. The claims asserted in the Complaint are barred in whole or in part for failure to plead or prove loss causation.

18. Any depreciation in the market price of FirstEnergy's common stock resulted from factors other than the purported misstatements or omissions alleged in the Complaint.

19. If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, and if any of the

Plaintiffs and members of the putative class were aware of that statement or omission, then such Plaintiffs and members of the putative class cannot prevail.

20. In making some or all of their purchases of the Company's securities, neither Plaintiffs nor any member of the putative class acted in reasonable reliance upon statements alleged to have been made by FirstEnergy.

21. In making some or all of their purchases of the Company's securities, Plaintiffs and members of the putative class relied on factors extraneous to the market price of the Company's securities.

22. Any alleged damages are barred in whole or in part to the extent Plaintiffs or members of the putative class failed to mitigate any damages that they may have suffered.

23. Any alleged damages should be offset by any tax, insurance, or other benefit Plaintiffs or members of the putative class received or could receive.

24. Neither Plaintiffs nor any member of the putative class is entitled to recover attorneys' fees, experts' fees, or other costs and disbursements.

25. The claims alleged in the Complaint fail to the extent that FirstEnergy's statements are covered by the safe-harbor provisions in the Private Securities Litigation Reform Act.

26. The claims alleged in the Complaint fail to the extent that they rely on statements protected by the relevant statutory and common law safe harbors or the "bespeaks caution" doctrine.

27. Plaintiffs' claims fail in whole or in part because FirstEnergy lacked the requisite scienter.

28.     Plaintiffs' claims fail to the extent they seek to recover damages for trading losses that were or would have been offset by subsequent gains in FirstEnergy's stock price, including gains arising after the purported class period.

29.     The claims asserted under § 20(a) of the Securities and Exchange Act fail because FirstEnergy did not participate in a violation of § 10(b) of the Exchange Act or Rule 10b-5.

30.     The claims asserted under § 15 of the Securities Act fail because FirstEnergy did not participate in a violation of § 11 or § 12 of the Securities Act.

31.     Plaintiffs' claims fail in whole or in part because FirstEnergy did not engage in any market activity that was directly connected to the purchase or sale of securities.

32.     Plaintiffs' claims fail in whole or in part because FirstEnergy did not engage in conduct that was inherently deceptive when performed.

33.     Plaintiffs' claims fail in whole or in part because neither Plaintiffs nor the putative class relied on any deceptive conduct by FirstEnergy.

34.     FirstEnergy incorporates by reference any defenses asserted by any other defendant to the extent applicable to FirstEnergy.

35.     FirstEnergy reserves the right to assert such other additional defenses as may be appropriate at a later time.

## PRAYER FOR RELIEF

FirstEnergy requests that the Court dismiss the Complaint, enter judgment in its favor, award it costs and attorneys' fees, and otherwise grant such relief in its favor as the Court deems just and proper.

Dated:  April 6, 2022

s/ Geoffrey J. Ritts
Geoffrey J. Ritts, Trial Attorney (0062603)
Robert S. Faxon (0059678)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114.1190
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Email:  gjritts@jonesday.com
Email:  rfaxon@jonesday.com

Marjorie P. Duffy (0083452)
Jordan M. Baumann (0093844)
JONES DAY
325 John H. McConnell Boulevard, Suite 600
Columbus, OH  43215-2673
Telephone:  (614) 469-3939
Facsimile:  (614) 461-4198
Email:  mpduffy@jonesday.com
Email:  jbaumann@jonesday.com

*Attorneys for Defendant FirstEnergy Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2022, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system, which will notify all counsel of record.

s/ Geoffrey J. Ritts
Geoffrey J. Ritts, Trial Attorney (0062603)

*Attorney for Defendant FirstEnergy Corp.*