# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE FIRSTENERGY CORP. SECURITIES LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS. | Case No. 2:20-cv-03785-ALM-KAJ<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Kimberly A. Jolson |

## JOINT REPORT REGARDING RULE 30(B)(6) DEPOSITION

Lead Plaintiff, defendants Charles E. Jones and Michael J. Dowling, and defendant FirstEnergy Corp., by and through their respective counsel of record, met and conferred on April 18 and 19, 2022 regarding Lead Plaintiff's deposition notice to FirstEnergy pursuant to Fed. R. Civ. P. 30(b)(6) and Jones/Dowling's deposition notice to FirstEnergy pursuant to Fed. R. Civ. P. 30(b)(6).

The parties were unable to reach agreement as to date, duration, location, or mode of deposition. Accordingly, pursuant to the Court's order (Doc. #257), the parties set forth their respective positions below.

**Lead Plaintiff's position.**

I.  **FirstEnergy's Sense of Entitlement Does Not Override the Federal Rules of Civil Procedure**

At the most basic level, the issue before the Court is a very simple one: on March 29, 2022, Lead Plaintiff Los Angeles County Employees Retirement Association ("Lead Plaintiff") sent counsel for defendant FirstEnergy Corp. ("FirstEnergy") a Rule 30(b)(6) deposition notice with just one topic: the Deferred Prosecution Agreement (the "DPA") into which FirstEnergy entered with the government last summer, including the accompanying detailed statement of facts outlining the years FirstEnergy admittedly functioned as a criminal enterprise, as opposed to a law-

abiding corporate citizen. *See* Exhibit 1, attached hereto. FirstEnergy waited nearly a week to inform Lead Plaintiff that it would not provide a date, and that if it were to provide a date, it would be in May or June. *See* Exhibit 2, attached hereto. Accordingly, on April 5, 2022, Lead Plaintiff noticed the Rule 30(b)(6) deposition for April 27, 2022 – nine months after the sworn verification and four weeks after providing FirstEnergy with the first notice. *See* Exhibit 3 (the "April 27 Deposition"), attached hereto. FirstEnergy responded by declaring that it would not appear for this properly noticed deposition. FirstEnergy never filed a motion for a protective order, let alone filed such a motion in time to obtain a protective order. Instead, it effectively declared itself the Judge of this case and excused its appearance from a properly noticed deposition. That is not how the discovery rules are written, and FirstEnergy is unequivocally obligated to appear at the properly noticed April 27 Deposition:

> **(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection**.
>
> **(1)** *In General*.
>
> **(A)** *Motion; Grounds for Sanctions*. The court where the action is pending may, on motion, order sanctions if:
>
> (i) a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition
>
> \* \* \*
>
> **(2)** *Unacceptable Excuse for Failing to Act.* A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

Fed. R. Civ. P. 37; *see also In re River Ridge Ranch, Inc.*, 347 B.R. 65, 69 (Bankr. S.D. Ohio 2006) ("a Motion For Protective Order under Rule 26(c) is not self-executing; the parties seeking the protective order must obtain an order prior to the time scheduled for the deposition or discovery being sought").

We are one week away from the scheduled deposition, which is too late for FirstEnergy to move for a protective order. Accordingly, FirstEnergy is obligated to appear for the properly noticed April 27 Deposition.

## II. The Size and Complexity of This Case Demands Maximum Efficiency, Not Seven Weeks to Take a Deposition About Previously Admitted Conduct

The Court need go no further to dispense with the issue before it, but there are larger issues in play if the Court wishes to consider them. Chief Judge Marbley has sustained the sufficiency of the allegations against all defendants in this case, which is a matter of great public concern. ECF No. 219. All told, there are 25 individual defendants and 17 entities. Even if Lead Plaintiff were to adopt a lean approach to discovery and trial preparation by deposing only one witness for each defendant in addition to defendants themselves, that would yield 84 fact depositions. Fact discovery must be completed in approximately 12 months, by April 28, 2023. ECF No. 255 at 2. This means Lead Plaintiff will need to average seven depositions per month. There are also approximately 20 different law firms and over 100 defense lawyers representing these defendants. Put simply, Lead Plaintiff has no time to waste.

Accordingly, on March 29, 2022, Lead Plaintiff sent counsel for FirstEnergy a Rule 30(b)(6) notice for the DPA. This is the most efficient launching point for discovery because the breadth of the statement of facts would enable Lead Plaintiff to use the bases for these facts to more precisely target additional deponents and other discovery requests. Likewise, FirstEnergy and its same counsel had vetted these facts long ago, as it entered into the DPA in July 2021, including an agreement to pay a $230 million penalty, and its President and Chief Executive Officer ("CEO") (defendant Steven Strah) stood before Judge Timothy Black, took the oath, and swore that FirstEnergy had engaged in the conduct set forth in the DPA's statement of facts.

Transcript at 7 and 11, *United States v. FirstEnergy Corp.*, No. 1:21-cr-00086 (S.D. Ohio Aug. 1, 2021) (ECF No. 6). *See* Exhibit 4, attached hereto.

Although the DPA's facts, which defendant Strah confirmed under oath, had to have been fully vetted nearly a year ago, the same law firm that represented FirstEnergy then now contends that it would need seven weeks to prepare someone to testify as to the bases for these same facts. Put bluntly, it will be impossible to complete discovery in this matter if it takes seven weeks for FirstEnergy to do something as routine as explaining the who, why, and how of a discrete set of facts that its counsel vetted and its CEO verified nearly a year ago. Lead Plaintiff gave FirstEnergy a week to provide an April date for this deposition, but FirstEnergy declined to do so. Instead, FirstEnergy waited nearly a week to inform Lead Plaintiff that it would not provide a date, and that if it were to provide a date, it would be in May or June. *See* Exhibit 2. Accordingly, on April 5, 2022, Lead Plaintiff noticed the 30(b)(6) deposition for April 27, 2022. *See* Exhibit 3. FirstEnergy responded by declaring that it would not appear for this properly noticed April 27 Deposition.

**III.  Defendants Have a Common Interest in Frustrating Lead Plaintiff's Efforts to Build Its Case, as Demonstrated Here**

It is no secret that defendants here want to prevent Lead Plaintiff from building its case against them. In many ways, that is the fundamental nature of civil litigation. One side searches for the truth, while the other tries to obscure it. Here, dozens of defendants are incentivized to frustrate Lead Plaintiff's efforts to prepare to prove its case at trial. Since the outset of this case, defendants have coordinated their efforts. For example, even though they are each represented by their own counsel, defendants Jones and Dowling each joined FirstEnergy's motion to dismiss – and filed their own motions, tripling the work for the Court and Lead Plaintiff. *See* ECF Nos. 174

and 165, respectively. Defendants have also assisted one another in trying to frustrate Lead Plaintiff's efforts to take the April 27 Deposition within a month of noticing it.

After FirstEnergy declared it would not appear for this properly noticed deposition, Lead Plaintiff asked to meet and confer, and FirstEnergy agreed to a meet and confer scheduled for 4:00 p.m. on April 12, 2022. Less than three hours before the scheduled meet and confer, Jones and Dowling served their own 30(b)(6) notice for 15 different topics. Although many of these topics were directly tied to the DPA, others were not, such as, "FEC's termination of Mr. Jones' and Mr. Dowling's employment and the separation of Robert Reffner, Ebony Yeboah-Amankwah, Eileen Mikkelsen, Brad Bingaman, Justin Biltz, Joel Bailey, Ty Pine, Mark Hayden from employment." *See* Exhibit 5 (the "Jones-Dowling 30(b)(6) Notice") at 4 (attached hereto). Jones and Dowling did not even identify a date for their 30(b)(6) deposition, but rather used the exact months FirstEnergy had identified in a communication that did not list counsel for any other defendants. *Compare* Exhibit 2 *with* Exhibit 5. The most compelling inference from these circumstances is that they are not coincidental, but instead, defendants FirstEnergy, Jones, and Dowling had all discussed this maneuver in advance. Immediately after Jones and Dowling served their 30(b)(6) notice, FirstEnergy cancelled its meet and confer with Lead Plaintiff – one hour before it was scheduled to begin. Thereafter, over Lead Plaintiff's objection, FirstEnergy refused to meet and confer with Lead Plaintiff about the properly noticed April 27 Deposition – first noticed on March 29, 2022 – without simultaneously meeting conferring with Jones and Dowling about their 30(b)(6) deposition for an unspecified future date – first noticed on April 12, 2022.

On April 18, 2022, the parties participated in a telephonic meet and confer that failed to resolve their differences. FirstEnergy refused to provide a deposition date earlier than May 20, 2022. Likewise, FirstEnergy insisted on tying Lead Plaintiff's April 27 Deposition to the

subsequently served Jones-Dowling 30(b)(6) Notice, even though FirstEnergy admitted that the Jones-Dowling 30(b)(6) Notice included several topics that went beyond the lone topic of Lead Plaintiff's April 27 Deposition, FirstEnergy had yet to even serve its formal objections to the Jones-Dowling 30(b)(6) Notice, and there was no date for the Jones-Dowling deposition. Lead Plaintiff continued to object to this attempt to delay by combining two separate notices with separate topics, served weeks apart for depositions months apart, explaining the obvious: with so many defendants in this matter, it will be impossible for Lead Plaintiff to complete its necessary investigation and evidence gathering if any one defendant can derail Lead Plaintiff's efforts to gather discovery from any other defendant by simply and belatedly raising their hand weeks into the process.

## IV. The Importance of This Case Demands that Lead Plaintiff Have a Full Opportunity to Build Its Case for Trial

This case features individuals and entities at the epicenter of the largest public corruption scheme in the history of this state, and perhaps the largest (exposed) corruption scheme in the history of the country. Moreover, this scheme did not merely cheat the public of their right to their representatives' honest services, it was designed to cheat the public out of their own money. It is essentially a scheme to steal billions of dollars from the public. It would be difficult to exaggerate the significance of this case and importance of the light Lead Plaintiff can shine on defendants' corruption, especially after FirstEnergy bought its way out of a criminal conviction and the government has yet to charge Jones, Dowling, or any of the other FirstEnergy executives and officers who orchestrated this scheme. Lead Plaintiff just needs a full and fair opportunity to complete its investigation.

By definition, defendants will seek to elicit deposition testimony to help their case and hurt Lead Plaintiff's case. For example, multiple media accounts have identified Jones and Dowling as principal participants in FirstEnergy's criminal enterprise. *See, e.g.*, https://www.

beaconjournal.com/story/news/2022/03/23/former-firstenergy-ceo-vice-president-named-bribery-scheme-chuck-jones-michael-dowling-adams-court/7140966001/; https://ohiocapitaljournal.com/2022/03/24/firstenergys-ceo-and-svp-ordered-64-million-bribery-scheme-shareholders-say/; https://www.reuters.com/legal/transactional/shareholders-lawyers-reveal-firstenergy-bribe-payers-after-judges-order-2022-03-23/.  It is highly unlikely their counsel will be seeking testimony that exposes this truth.  Rather, they will be seeking to obscure it, as will other defendants when they elicit testimony, making it essential for Lead Plaintiff to have ample time for cross-examination.  After all, most of the deponents in this case will be defendants themselves or their employees, meaning they will be biased for the defense and hostile to Lead Plaintiff.  Therefore, defense counsel will be able to prepare these witnesses to cooperate with questioning from one another but to resist Lead Plaintiff's examination.  Lead Plaintiff makes this point not to impugn defense counsel, but rather to recognize a reality undersigned counsel has observed in dozens and dozens of depositions and trials.  As such, whenever a defendant here notices a deposition, Lead Plaintiff will have to cross-notice the deposition and reserve up to seven hours to complete its cross-examination.  This does not mean Lead Plaintiff will end up needing or using the full seven hours – that will depend almost entirely on the testimony defendants elicit and each witness's candor.  But it is imperative that Lead Plaintiff have up to the full seven hours allotted for each witness.  After all, it is entirely possible that over a half-dozen defense lawyers will elicit testimony from a witness before Lead Counsel gets to ask a single question.

Regarding Lead Plaintiff's April 27 Deposition, FirstEnergy, Jones, and Dowling are effectively attempting to hijack it, postpone it nearly a month or almost two months, add more topics to it, and force Lead Counsel to choose between participating remotely with all defense counsel appearing in person or missing half the weekend with Lead Counsel's families, as

FirstEnergy simply refused to provide a single deposition date that did not end on a Friday. And on top of all that, FirstEnergy is refusing to allocate any time for Lead Counsel to cross-examine the Jones-Dowling 30(b)(6) witness, even on topics that are not part of Lead Plaintiff's 30(b)(6) notice. Instead, FirstEnergy has declared that Lead Plaintiff must share time with Jones and Dowling for a total of 10 hours, even though Lead Plaintiff has consistently opposed any attempt to combine its April 27 Deposition with Jones and Dowling's deposition, which still does not even have a set date, and Jones and Dowling have insisted on seven hours for their deposition.

V. **It is Imperative to Put Discovery in This Case on the Right Path and to Avoid Any Reward for FirstEnergy's Sense of Entitlement**

This is a very simple issue, but one that will have a lasting impact on this litigation. Lead Plaintiff provided over four weeks' notice of the lone topic for the April 27 Deposition, and that topic is the DPA and accompanying statement of facts that FirstEnergy and its same counsel fully vetted over nine months ago, and that FirstEnergy's CEO confirmed under oath on July 27, 2021. It would be a grave injustice and set an ominous precedent to allow FirstEnergy to make up its own rules, brazenly disregard a properly noticed deposition, and force Lead Plaintiff to wait over seven weeks for such a deposition. If it takes over seven weeks to complete a deposition of previously vetted and confirmed conduct, there will not be enough weeks in the Scheduling Order for Lead Plaintiff to complete the 80+ additional depositions this case will require. Nor should FirstEnergy's foot dragging and failure to move for a protective order (let alone carry its burden for such relief), as required, excuse it from appearing for the properly noticed April 27 Deposition. The public and investors have suffered enough from FirstEnergy's above-the-law attitude. It is a confessed criminal enterprise, based not on one isolated crime, but rather a years-long crime spree targeting the public and its investors. Most such criminals languish in prison for years. FirstEnergy refuses to be inconvenienced. This sense of

entitlement needs to end now, and what the Court does here will set the tone for the next year of this litigation and either help restore the public's faith in our system or confirm its skepticism. Lead Plaintiff respectfully submits that it is time to level the playing field by refusing to excuse FirstEnergy from doing what every other litigant is obligated to do:  appear for a properly noticed deposition.  Any other outcome will confirm defendants' cynical confidence that they are so powerful and so connected that they need not play by the same rules as the rest of us, and the 42 defendants here will have a blueprint to obstruct discovery throughout this litigation.  The properly noticed April 27 Deposition should proceed as scheduled weeks ago.

**Jones/Dowling's position.**

Defendants Jones and Dowling's position is that the parties should schedule one 30(b)(6) deposition of FirstEnergy, totaling no more than 14 hours over two back-to-back dates (assuming Lead Plaintiff uses a full day of 7 hours under Rule 30(d)(1)). The topics identified in Lead Plaintiff's 30(b)(6) Deposition Notice largely overlap with those identified in the Jones/Dowling 30(b)(6) Deposition Notice, and FirstEnergy has stated that it intends to designate one representative to testify on all topics covered by the two deposition notices. As a result, Defendants Jones and Dowling believe that this is the most efficient and economical approach.

Defendants Jones and Dowling have no objection to FirstEnergy's suggestion that the deposition take place in Cleveland, Ohio, with the option for counsel to attend either in person or remotely. FirstEnergy has proposed three sets of dates for the 30(b)(6) deposition: May 19-20, June 2-3 and June 23-24. Counsel for Jones and Dowling are available on these dates.

**FirstEnergy's position.**  As a preliminary matter, there is only one deposition at issue here:  the deposition of defendant FirstEnergy via corporate representative pursuant to Rule 30(b)(6) seeking testimony related to the conduct underlying the DPA.  The fact that this single deposition has been noticed by more than one party does not entitle each noticing party to separate depositions, each of seven hours.  Rather, the Federal Rules of Civil Procedure presumptively contemplate that a deponent is deposed only once and only for seven hours.  Fed. R. Civ. P. 30(a)(2)(ii), (d)(1).  Plaintiff, however, has espoused the following view:  that "Plaintiff's" 30(b)(6) deposition of FirstEnergy is entirely separate from the 30(b)(6) deposition of FirstEnergy pursuant to the notice issued by Jones and Dowling.  That position is contrary to the Rules and, despite FirstEnergy's repeated requests, Plaintiff has supplied no authority to support its position.  Accordingly, FirstEnergy here refers to the "Deposition," which is the single deposition of FirstEnergy via corporate representative pursuant to Rule 30(b)(6), as noticed by Plaintiff and by Jones and Dowling (together, the "Noticing Parties").

*FirstEnergy's offer and the Noticing Parties' responses*.  FirstEnergy has agreed to make its corporate representative available in person for the Deposition, in Cleveland, Ohio. FirstEnergy does not believe that hours in excess of the 7 hours by rule are necessary, particularly given the substantial overlap between the topics in Plaintiffs' notice and the Jones/Dowling notice.  However, in the interest of compromise, FirstEnergy has agreed to make its representative available for up to 10 hours, with the Noticing Parties to determine among themselves how to allocate that time.  FirstEnergy has further agreed to identify two consecutive days when FirstEnergy's representative is available, as the Noticing Parties requested, and has offered the following sets of dates for the Deposition:  May 19-20, 2022; June 2-3, 2022; or June

23-24, 2022.  FirstEnergy has committed to working with the Noticing Parties to identify other dates in the event the offered dates do not work.

The Noticing Parties rejected this offer.  Plaintiff's stated position is that Plaintiff refuses to agree to any proposal unless it provides for the "Plaintiff's deposition" to proceed on April 27, 2022, and allocates seven hours to Plaintiff.  In addition, Plaintiff agrees to the "Plaintiff's deposition" in Cleveland, but only on April 27; Plaintiff otherwise does not agree to any proposal whereby FirstEnergy makes its representative available in person in Cleveland with the option for counsel to participate remotely or in person.  Because Plaintiff regards its notice as setting a separate "Plaintiff's deposition" from the deposition noticed by Jones/Dowling, Plaintiff also stated that it would cross-notice the "Jones/Dowling deposition" and demand an additional 7 hours of its own, for a total of 14 hours of questioning by Plaintiff.  Plaintiff's position thus contemplates at least 21 hours of deposition testimony for the 30(b)(6) deposition of a single FirstEnergy corporate representative.[1]

Jones/Dowling also rejected FirstEnergy's offer of 10 hours, and demanded 14 hours for the Deposition:  7 hours for Plaintiff and another 7 hours for Jones and Dowling, which they would split among themselves.

*Date*.  FirstEnergy submits that Plaintiff's demanded date, April 27, 2022, is neither practicable nor necessary.  To start, FirstEnergy is still meeting and conferring with the Noticing Parties regarding the subject matter of the Deposition.  The notices for the Deposition together span nearly 40 substantively overlapping topics, and it is premature for the deposition to proceed

---

[1] In fact, it appears that Lead Plaintiff takes the view that Plaintiffs are entitled to seven hours for each deposition Plaintiff notices and that any other party that notices a deposition of the same witness is separately entitled to seven hours, which then entitles Lead Plaintiff to another seven hours.  Lead Plaintiff has provided no support for this argument, which ignores the plain language of the Rule, and could theoretically result in a single deposition (if noticed by multiple parties) lasting for hundreds of hours.

on April 27 where, as of April 20, the topics of the Deposition are not yet finalized.[2] Second, it is in the interest of all parties for the topics to be clearly defined and for there to be sufficient time to prepare FirstEnergy's representative to testify about those topics. Even though FirstEnergy has begun the process of preparing its corporate representative, it is impracticable to expect FirstEnergy's representative to be prepared to testify in one week, given the circumstances here.[3] Third, and relatedly, discovery does not close for more than a year (Doc. #255), meaning that no party will be prejudiced if the Deposition occurs on any of the multiple dates in May or June that FirstEnergy has offered. The first set of dates FirstEnergy has offered is less than four weeks after the date Plaintiff selected. Also, the Jones/Dowling notice contemplates a "mutually agreeable date in May or June," and FirstEnergy has offered dates in May and June.

*Location and mode*. FirstEnergy submits that its proposal—to make its corporate representative available for deposition in Cleveland, with each Noticing Party choosing whether to participate in person or remotely—is reasonable and should be accepted.[4] Jones/Dowling do not object to this proposal. Plaintiff agrees only to the extent the "Plaintiff deposition" proceeds

---

[2] On April 12, 2022, Jones and Dowling served their 30(b)(6) deposition notice on FirstEnergy. FirstEnergy sent a letter to defendants Jones and Dowling on April 13, 2022, outlining the deficiencies in their notice. Jones and Dowling then requested topic-by-topic objections, which FirstEnergy served on April 20, 2022, only 8 days after receiving the Jones/Dowling notice. To the extent Plaintiff complains about some delay, that complaint would be misplaced and, in any event, Plaintiff's own refusal to meet and confer with FirstEnergy contributed to any "delay." *See* Order, Doc. #257 (vacating teleconference set at Plaintiff's request after Plaintiff failed to participate in a scheduled meet and confer).

[3] While Plaintiff no doubt will take the view that FirstEnergy's admissions in the DPA should enable FirstEnergy to have it representative available in a very short amount of time, that view fails to recognize that the DPA is a legal document that was negotiated between FirstEnergy and the government, that the document and exhibits incorporated into it are 49 pages long, and that the DPA addresses a large number of events and documents spanning a period of four years.

[4] *See, e.g.*, *Cassidy v. Teaching Co., LLC*, 2014 WL 4377843, at *1 (S.D. Ohio Sept. 4, 2014) (recognizing "the presumption that depositions of a corporation through its agents and officers should ordinarily be taken at the corporation's principal place of business"); *MEMC Elec. Materials v. Balakrishnan*, 2012 WL 1606053, at *4 (S.D. Ohio May 8, 2012) (same; denying motion to compel deposition in Columbus where 30(b)(6) representative worked at corporate headquarters in St. Louis, Missouri and also lived there) (Marbley, J.).

on April 27, and otherwise will not agree having FirstEnergy produce its representative in Cleveland with the option for counsel to participate remotely. FirstEnergy is unclear as to what aspect of the proposal is objectionable to Plaintiff, and is similarly unclear what option Plaintiff would prefer instead of the in-person, with remote option, proposal that FirstEnergy offered.

* * *

FirstEnergy respectfully submits that the Court should enter an order for one deposition of FirstEnergy pursuant to Rule 30(b)(6) for no more than 10 hours over the course of two days, with such deposition to take place in Cleveland, Ohio (with the option for counsel to participate remotely), on one of the three sets of dates FirstEnergy offered. In the event the dates FirstEnergy offered present conflicts to the Noticing Parties, FirstEnergy shall offer additional sets of dates consisting of two back-to-back days when its corporate representative will be available. In the meantime, FirstEnergy will continue to complete the meet and confer process regarding the topics for the Deposition.

*[signatures begin on next page]*

| | |
|---|---|
| Dated: April 20, 2022 | Respectfully submitted, |
| /s/ Joseph F. Murray (with permission) | s/ Geoffrey J. Ritts |
| Joseph F. Murray, Trial Attorney (0063373)<br>MURRAY MURPHY MOUL<br>   + BASIL LLP<br>1114 Dublin Road<br>Columbus, OH  43215<br>Telephone:  (614) 488-0400<br>Facsimile:  (614) 488-0401<br>Email:  murray@mmmb.com<br><br>*Liaison Counsel*<br><br>Darren J. Robbins (admitted *pro hac vice*)<br>Mark Solomon (admitted *pro hac vice*)<br>Jason A. Forge (admitted *pro hac vice*)<br>Tor Gronborg (admitted *pro hac vice*)<br>Brian E. Cochran (admitted *pro hac vice*)<br>Sara B. Polychron (admitted *pro hac vice*)<br>Ting H. Liu (admitted *pro hac vice*)<br>Francisco J. Mejia (admitted *pro hac vice*)<br>Ashley M. Kelly (admitted *pro hac vice*)<br>ROBBINS GELLER RUDMAN<br>   & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  (619) 231-1058<br>Facsimile:  (619) 231-7423<br>Email:  darrenr@rgrdlaw.com<br>Email:  marks@rgrdlaw.com<br>Email:  jforge@rgrdlaw.com<br>Email:  torg@rgrdlaw.com<br>Email:  bcochran@rgrdlaw.com<br>Email:  spolychron@rgrdlaw.com<br>Email:  tliu@rgrdlaw.com<br>Email:  femijia@rgrdlaw.com<br>Email:  ashleyk@rgrdlaw.com<br><br>*Attorneys for Lead Plaintiff* | Geoffrey J. Ritts, Trial Attorney (0062603)<br>Robert S. Faxon (0059678)<br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH  44114.1190<br>Telephone:  (216) 586-3939<br>Facsimile:  (216) 579-0212<br>Email:  gjritts@jonesday.com<br>Email: rfaxon@jonesday.com<br><br>Marjorie P. Duffy (0083452)<br>Jordan M. Baumann (0093844)<br>JONES DAY<br>325 John H. McConnell Boulevard, Suite 600<br>Columbus, OH  43215-2673<br>Telephone:  (614) 469-3939<br>Facsimile:  (614) 461-4198<br>Email:  mpduffy@jonesday.com<br>Email:  jbaumann@jonesday.com<br><br>*Attorneys for Defendants FirstEnergy Corp., Steven E. Strah, K. Jon Taylor, Jason J. Lisowski, George M. Smart, Paul T. Addison, Michael J. Anderson, Steven J. Demetriou, Julia L. Johnson, Donald T. Misheff, Thomas N. Mitchell, James F. O'Neil III, Christopher D. Pappas, Sandra Pianalto, Luis A. Reyes, Jerry Sue Thornton, and Leslie M. Turner* |

s/ John F. McCaffrey (with permission)
John F. McCaffrey (0039486)
John A. Favret (0080427)
TUCKER ELLIS LLP
950 Main Avenue - Suite 1100
Cleveland, OH  44113
Telephone:  (216) 592-5000
Facsimile:  (216) 592-5009
E-mail:  john.mccaffrey@tuckerellis.com
E-mail:  john.favret@tuckerellis.com

*Attorneys for Defendant Michael J. Dowling*

s/ Albert G. Lin (with permission)
Carole S. Rendon, Trial Attorney (0070345)
Daniel R. Warren (0054595)
Douglas L. Shively (0094065)
Jeremy Steven Dunnaback (0098129)
Baker & Hostetler LLP
Key Tower, 127 Public Square, Suite 2000
Cleveland, OH  44114
Telephone:  (216) 621-0200
Facsimile:  (216) 696-0740
Email:  crendon @bakerlaw.com
Email:  dwarren@bakerlaw.com
Email:  dshively@bakerlaw.com
Email:  jdunnaback@bakerlaw.com

Albert G. Lin (0076888)
Baker & Hostetler LLP
200 Civic Center Drive, Suite 1200
Columbus, OH  43215
Telephone:  (614) 228-1541
Facsimile:  (614) 462-2616
Email:  alin@bakerlaw.com

George A. Stamboulidis (admitted *pro hac vice*)
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone:  (212) 589-4211
Facsimile:  (212) 589-4201
Email:  gstamboulidis@bakerlaw.com

William S. Scherman (admitted *pro hac vice*)
Jason J. Mendro (admitted *pro hac vice*)
Jason R. Meltzer (admitted *pro hac vice*)
Robert K. Hur (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
Email:  wscherman@gibsondunn.com
Email:  jmendro@gibsondunn.com
Email:  jmeltzer@gibsondunn.com
Email:  rhur@gibsondunn.com

*Attorneys for Defendant Charles E. Jones*

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will notify all counsel of record.

    s/ Geoffrey J. Ritts
    Geoffrey J. Ritts (0062603)

*One of the Attorneys for Defendants FirstEnergy Corp., Steven E. Strah, K. Jon Taylor, Jason J. Lisowski, George M. Smart, Paul T. Addison, Michael J. Anderson, Steven J. Demetriou, Julia L. Johnson, Donald T. Misheff, Thomas N. Mitchell, James F. O'Neil III, Christopher D. Pappas, Sandra Pianalto, Luis A. Reyes, Jerry Sue Thornton, and Leslie M. Turner*