# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE FIRSTENERGY CORP. SECURITIES LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS. | Case No. 2:20-cv-03785-ALM-KAJ<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Kimberly A. Jolson |

**MEMORANDUM IN SUPPORT OF STEVEN E. STRAH'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE DEPOSITION ON MAY 25, 2022**

This is a motion for a protective order that Defendant Steven E. Strah should never have had to file. Mr. Strah is the current Chief Executive Officer of FirstEnergy Corp. ("FirstEnergy"), and Plaintiff has noticed his deposition for the middle of a previously planned week-long family vacation at the end of May. Mr. Strah has offered five dates in June as options for a full-day deposition, working around the responsibilities and scheduling demands necessarily associated with running the day-to-day operations of a Fortune 500 public utility company that serves millions of customers in a five-state region.

Rather than accepting any of these dates (or indicating conflicts with them) and instead of working cooperatively with counsel, Plaintiff unilaterally selected a different date, May 25, for Mr. Strah's deposition. And now counsel for defendants Jones and Dowling also have noticed his deposition for that same date. But Mr. Strah is unavailable on May 25, as he will be on a family vacation that was scheduled, confirmed, and booked well before Plaintiff asked for Mr. Strah's availability for a deposition. Despite the civility obligations under this Court's Local Rules and the fact that discovery does not close in this action until April 2023, Plaintiff refuses to withdraw or modify the notice setting forth that date. Though Plaintiff has never indicated that it

-1-

is unavailable on the dates offered in June, Plaintiff still has declared that Mr. Strah's only option is to move for a protective order.

Accordingly and regretfully, Mr. Strah now seeks a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) providing that his deposition not proceed on May 25, 2022. Mr. Strah does not seek to avoid his deposition altogether, but rather asks only that the Court require the deposition to proceed on a date that is mutually convenient for the parties (whether on one of the five June dates already offered or on another date to the extent the June dates do not work for Plaintiff's counsel's or Jones/Dowling's counsel's schedules).

## I. BACKGROUND

On Thursday, April 14, 2022, counsel for Plaintiff stated that he intended to depose Mr. Strah, the sitting CEO of FirstEnergy, within the next four to seven weeks, and demanded that counsel for Mr. Strah provide a listing of every date on which he would be unavailable during that multi-week period with an explanation of each conflict. (Ex. 1, 4/14/22 Email from J. Forge to M. Duffy.) Counsel for Mr. Strah promptly responded the following Monday, indicating the request was received and that counsel was working to determine Mr. Strah's availability. (*Id.*, 4/18/22 Email from M. Duffy to J. Forge.) Two days later, counsel for Mr. Strah followed up and informed Plaintiff's counsel that Mr. Strah was available for a deposition on June 10, 2022 and that counsel would make their office in Cleveland available for the deposition. (*Id.*, 4/20/22 Email from M. Duffy to J. Forge at 8:22 a.m.)

Rather than continuing to meet and confer regarding the deposition date—or even stating that he was unavailable on June 10—Plaintiff's counsel responded that he would unilaterally "select a date for the Strah deposition" and that if Mr. Strah had an "unresolvable conflict," Mr. Strah could "file a motion for protective order." (*Id.*, 4/20/22 Email from J. Forge to M. Duffy at 11:37 a.m.) Counsel for Plaintiff also expressed his view that offering a deposition on a Friday

-2-

was "discourteous," as Plaintiff's counsel did not "intend to miss half the weekend with our families every time we take a deposition." (*Id.*)[1]

The same day, counsel for Mr. Strah responded that they have worked in good faith to identify a date for the deposition, considering that Mr. Strah, as the CEO of a public company, has limited availability and considering the time necessary to prepare him for his deposition. (*Id.*, 4/20/22 Email from M. Duffy to J. Forge at 12:09 p.m.) Counsel for Mr. Strah also stated that they would look for another date for the deposition if June 10 did not work for Plaintiff's counsel and further offered that Mr. Strah could be made available remotely if Plaintiff's counsel did not wish to travel. (*Id.*) Plaintiff's counsel responded that Plaintiff would be noticing the deposition for May 25 and again stated if that if there was an "unresolvable conflict," Mr. Strah would have to move for a protective order. (*Id.*, 4/20/22 Email from J. Forge to M. Duffy at 3:26 p.m.) Minutes later, Plaintiff noticed Mr. Strah's deposition for May 25.

The following day, counsel for Mr. Strah informed Plaintiff's counsel that Mr. Strah was unavailable for a deposition on May 25 because of a previously planned family vacation. (*Id.*, 4/21/22 Email from M. Duffy to J. Forge at 1:36 p.m.) As relayed to Plaintiff's counsel, that vacation was scheduled, confirmed, and booked before Plaintiff asked for Mr. Strah's availability for a deposition. (*Id.*) Though Plaintiff's counsel had not even indicated he was unavailable for a deposition on Mr. Strah's first offered date of June 10, Mr. Strah's counsel nonetheless offered four additional dates for the deposition: June 7, 9, 16, and 17. (*Id.*) Mr. Strah's counsel also reminded Plaintiff's counsel of the obligations set forth in the Introductory Statement on Civility ("Civility Statement") in this Court's Local Civil and Criminal Rules and

---

[1] Plaintiff's travel preferences apparently would mean that no depositions could occur on a Monday or a Friday. (*See* Ex. 1, 4/21/22 Email from M. Duffy to J. Forge at 1:36 p.m.)

reiterated their commitment to finding dates that worked for both Plaintiff and Mr. Strah. (*Id.*) Mr. Strah's counsel asked whether June 10 or any of the alternative dates would work for Plaintiff and expressed a hope that there would no need to burden the Court with this dispute or similar ones going forward. (*Id.*) Plaintiff's counsel, still refusing to engage in a discussion about any of the dates offered, responded that Mr. Strah would "have to move for a protective order if you seek to avoid the May 25, 2022 deposition date." (*Id.*, 4/21/22 Email from J. Forge to M. Duffy at 4:43 p.m.) On April 29, 2022, counsel for defendants Jones and Dowling served a cross-notice for Mr. Strah's deposition, using the May 25 date from Plaintiff's notice.

Plaintiff's refusal to engage in constructive dialogue to address matters without judicial intervention is consistent with its actions throughout this litigation. For example, despite the fact that Plaintiff's own proposed case schedule provided for Defendants to answer the complaint on April 6, 2022, Plaintiff refused to allow Defendants to file an unopposed motion for an extension of time to reflect that agreement. (*See* Doc. #255.) More recently, Plaintiff unilaterally noticed the Rule 30(b)(6) deposition of FirstEnergy and refused to attend a meet and confer regarding the scheduling of the deposition until ordered by the Court to do so. (*See* Doc. #259 at 12.) Additional ongoing discussions with Plaintiff's counsel follow this pattern of threats to bring matters to the Court before the parties have had a reasonable opportunity to meet and confer.

Given Plaintiff's refusal to continue to meet and confer in good faith regarding this matter, too, Mr. Strah now moves the Court for a protective order against his noticed deposition on May 25. In light of the emergence of a pattern of behavior by Plaintiff that we submit is not consistent with this Court's expectations, we further request that the Court enter a protocol for deposition scheduling in this matter to prevent similar disputes in the future.

## II. LEGAL STANDARD

The Court may issue a protective order "for good cause" shown to "protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense," including specifying the time for discovery. Fed. R. Civ. P. 26(c)(1). "Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order." *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016). The Court has discretion to determine "when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## III. ARGUMENT

### A. In This District, It Is Customary For Parties To Agree To Mutually Convenient Dates For Depositions.

In this District, "it is customary . . . for parties to agree to a date and time for a deposition that is mutually convenient to the parties." *Duncan v. Husted*, 2014 WL 4659863, at *3 (S.D. Ohio Sept. 17, 2014), *on reconsideration in part*, 2015 WL 631103 (S.D. Ohio Feb. 12, 2015). Consistent with that custom, courts here and across the Circuit routinely order parties to work together to determine mutually agreeable dates for depositions. *See, e.g.*, *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, 2011 WL 13157347, at *6 (S.D. Ohio July 21, 2011) (ordering parties to "act with good-faith in determining and agreeing upon a mutually convenient time, date, and if applicable, location, for this deposition"); *Cahoo v. SAS Inst. Inc.*, 2020 WL 12442441, at *2 (E.D. Mich. June 3, 2020) (granting motion for protective order insofar as it sought relief from the date of the noticed deposition and directing counsel to "confer to arrive at a mutually agreeable date to conduct the depositions, with the interests of professionalism and civility foremost in their discussions"); *Scott-Warren v. Liberty Life Assurance Co. of Bos.*, 2016 WL 3876660, at *12 (W.D. Ky. July 13, 2016) (ordering plaintiff to serve a renewed deposition

notice after counsel for the parties "confer in good faith regarding potential dates"); *Farquhar v. Shelden*, 116 F.R.D. 70, 73 (E.D. Mich. 1987) (granting motion for protective order regarding location and ordering deposition to occur at a "date and time to be agreed upon by the parties"); *Culver v. Wilson*, 2015 WL 1737779, at *3 (W.D. Ky. Apr. 16, 2015) (ordering parties to confer regarding dates that were "acceptable to both parties prior to any notice of deposition being issued").

Furthermore, under this District's Civility Statement, a party may not unilaterally schedule depositions in disregard of the opposing party's schedule. *See Clevenger v. Dillard's Dep't Stores, Inc.*, 2005 WL 8161490, at *1 (S.D. Ohio Mar. 18, 2005) (ordering the parties to "comply with this Court's Civility Statement and to not unilaterally schedule depositions, conferences or hearings in disregard of the schedules of opposing counsel"). Section 1 of the Civility Statement, entitled "Common Courtesy," provides: "In everyday life most people accord each other common courtesies. Ordinarily these include: politeness in conversation, ***respect for others' time and schedules, and an attitude of cooperation and truthfulness***. Involvement in the legal system does not diminish the desirability of such conduct." Civility Statement (emphasis added). More specifically, "[l]awyers who practice the art of making life difficult," for example, those "who . . . are deliberately uncooperative in the discovery or trial preparation process . . . bring disrepute on the legal profession and harm the reputation of this Court's bar in the community." *Id.*; *see also Per Servs., LLC v. Van Sickle,* 2021 WL 1030224, at *2 (S.D. Ohio Feb. 22, 2021) (Jolson, J.) (offering "a word of caution" and directing the parties "to compromise in good faith" in developing a discovery plan). This District's Local Rules also require parties to exhaust "among themselves ***all extrajudicial means*** for resolving their differences" before bringing discovery disputes to the Court. L.R. 37.1 (emphasis added).

-6-

This exhaustion requirement is intended to ensure that disputes that could be resolved through good-faith negotiations are, in fact, so resolved—without burdening the Court with unnecessary disputes, like this one.

> **B.    Good Cause Exists For A Protective Order Because Plaintiff Has Unilaterally Noticed Mr. Strah's Deposition For A Date When Mr. Strah Is Unavailable.**

Good cause exists for a protective order providing that Mr. Strah's deposition not proceed on May 25, 2022. In the absence of a protective order, Mr. Strah will suffer specific prejudice or harm, as he would be unable to attend his long-planned family vacation. (Ex. 2, Strah Decl. ¶ 4.) Mr. Strah is scheduled to leave for his vacation on Sunday, May 22, and to return on Friday, May 27, after spending a week with his wife and son. (*Id.* ¶ 2.)[2] This vacation was scheduled and confirmed before Plaintiff's counsel asked for dates for Mr. Strah's deposition. (*Id.* ¶ 3.) Mr. Strah and his family selected the week of May 22 for their vacation because his son is set to take summer coursework from May 31 through the end of July, and because his wife, who takes classes and is a teaching assistant at Case Western Reserve University School of Medicine, has a course that begins the first week of June. (*Id.* ¶ 5.)

Mr. Strah has limited availability in May, given his obligations as the CEO of FirstEnergy, which holds its annual shareholder meeting on May 17. (*Id.* ¶ 6.) In addition, Mr. Strah has to attend a meeting of FirstEnergy's board of directors in the second half of May, as well as committee meetings. (*Id.*) Also in the second half of May, he is scheduled to attend a meeting of the Executive Council, conduct one-on-one meetings with leadership, participate in investor meetings following the Company's first quarter earnings call, and lead listening sessions

---

[2] The deposition is scheduled for Wednesday, meaning that, if the deposition proceeds on May 25, Mr. Strah would have to miss the entirety of the vacation, with prep in the days before the deposition and travel on Thursday after the deposition. (Ex. 2, Strah Decl. ¶ 4.)

with approximately 400 employees, in addition to the Memorial Day holiday. (*Id.*) Furthermore, Mr. Strah needs sufficient time to prepare with his counsel for the deposition. (*Id.* ¶ 7.) *See In re Trans-Industries, Inc.*, 2011 WL 1130431, at *4 (N.D. Ohio Mar. 28, 2011) (stating that the parties should arrange a "mutually-convenient time" for the deposition that gives the witness "adequate time to prepare"); *see also Core Labs. LP v. Spectrum Tracer Servs., L.L.C.*, 2016 WL 183706, at *3 n.5 (W.D. Okla. Jan. 14, 2016) (stating that "the parties may consider rescheduling the deposition to ensure all parties have adequate time to prepare for the deposition"); *Martin v. I-Flow Corp.*, 2008 WL 11508380, at *3 (N.D. Fla. Dec. 4, 2008) (noting that a party "would be prejudiced by being forced to attend and participate in depositions for which they contend they are unprepared"). Given the need for adequate preparation time, Mr. Strah's limited availability, and his previously planned family vacation, proceeding with the deposition as noticed on May 25 would be an undue burden.

In contrast, Plaintiff's counsel has not, and cannot, identify any prejudice that would result from conducting the deposition on any of the five dates offered. Mr. Strah's counsel offered five dates for the full-day deposition of Mr. Strah—all within a few weeks of May 25. In fact, the first date, June 7, is only 7 business days after May 25. Plaintiff's counsel has vaguely indicated he is unavailable for one of the dates, but has said nothing about the other four. (*See* Ex. 1, 4/21/22 Email from J. Forge to M. Duffy at 4:43 p.m. (stating defense counsel's "assumption regarding [his] availability" on June 10 was "false" but not indicating unavailability on any of June 7, 9, 16, or 17).)[3] To the extent Plaintiff's counsel is unavailable on all five of the

---

[3] Though Plaintiff's counsel demanded to know the details of any conflicts Mr. Strah had over a multi-week period, Plaintiff's counsel has never identified the nature of his purported conflict on June 10.

offered dates,[4] counsel for Mr. Strah remains willing to continue to meet and confer to identify dates that work for all parties, as Plaintiff's counsel repeatedly has been told. Given that fact discovery in this matter does not close until April 28, 2023, it is hard to imagine what prejudice Plaintiff could possibly suffer by deposing Mr. Strah on any of the dates offered. Plaintiff's conduct violates this District's customs and Civility Statement. The Court should grant a protective order and encourage the parties to work collaboratively to come to a mutually agreeable date for Mr. Strah's deposition. *See Seabrook Medical Systems, Inc. v. Baxter Healthcare Corp.*, 164 F.R.D. 232, 232-33 (S.D. Ohio 1995) (granting protective order where counsel for one party did not receive input on deposition date from counsel for the other party and holding that "counsel for both sides should contact each other and jointly agree to a deposition date.").

      **C.    The Court Should Implement A Protocol For Scheduling Depositions That Complies With This Court's Civility Statement.**

Plaintiff has indicated to defense counsel that it wishes to take 84 fact depositions in this case. (*See* Ex. 1, 4/21/22 Email from M. Duffy to J. Forge at 1:36 p.m.) In light of Plaintiff's refusal to meaningfully cooperate in the scheduling of depositions to date, including Mr. Strah's deposition and the 30(b)(6) deposition of a corporate representative for FirstEnergy, counsel for Mr. Strah, on behalf of the FirstEnergy Defendants,[5] respectfully request that the Court adopt a procedure for the scheduling of depositions in this matter, as follows:

- For each deponent, the noticing party shall provide the name of the deponent and the desired period of time in which it wants to depose the witness. That period of

---

[4] Sixteen attorneys from the Robbins Geller firm have entered appearances in this matter.

[5] The "FirstEnergy Defendants" are FirstEnergy, Mr. Strah, K. Jon Taylor, Jason J. Lisowski, George M. Smart, Paul T. Addison, Michael J. Anderson, Steven J. Demetriou, Julia L. Johnson, Donald T. Misheff, Thomas N. Mitchell, James F. O'Neil III, Christopher D. Pappas, Sandra Pianalto, Luis A. Reyes, Jerry Sue Thornton, and Leslie M. Turner.

      time must be no sooner than three weeks from the date of the request and be at least a three-week period.

- Counsel for the witness would then have four business days to provide at least one date when the deponent is available within that specified period. Counsel shall endeavor to provide more than one date, to the extent additional dates within the period are available.

- All weekdays, including Mondays and Fridays, may be offered. (Any counsel who prefer not to travel on Monday or Friday may participate in the deposition by remote means.)

- If, because of legitimate scheduling conflicts, the witness has no dates within the specified time period or if the noticing party has scheduling conflicts on the dates offered by the witness, the parties must meet and confer. The parties must engage in the meet and confer process in good faith, and explore alternate options, including weekend depositions or depositions outside the proposed three-week period.

- If no agreement can be reached despite good-faith efforts, the noticing party may seek an informal telephonic conference with the Court pursuant to Local Rule 37.1.

Counsel respectfully submits that this protocol will streamline the process for scheduling depositions in this matter and prevent the parties from unnecessarily burdening the Court with disputes.[6]

## IV. CONCLUSION

For these reasons, the Court should enter a protective order providing that Mr. Strah's deposition not proceed on May 25, 2022 and implementing a protocol for scheduling depositions that complies with the Civility Statement, as outlined above.

---

[6] Moment before filing this motion, Plaintiff sent a letter proposing specific dates for depositions of many of the FirstEnergy Defendants and expressing a willingness to meet and confer. However, in light of Plaintiff's conduct to date, counsel for Mr. Strah (as counsel also for several other individual defendants) respectfully submit that entry of a protocol as set forth above would ensure compliance with this Court's Civil Statement.

| | |
|---|---|
| Dated: May 3, 2022 | /s/ Geoffrey J. Ritts<br>Geoffrey J. Ritts (0062603), Trial Attorney<br>Robert S. Faxon (0059678)<br>Corey A. Lee (0099866)<br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, Ohio 44114-1190<br>Telephone: (216) 586-3939<br>Facsimile: (216) 579-0212<br>Email: gjritts@jonesday.com<br>Email: rfaxon@jonesday.com<br>Email: calee@jonesday.com<br><br>Marjorie P. Duffy (0083452)<br>Jordan M. Baumann (0093844)<br>JONES DAY<br>325 John H. McConnell Boulevard, Suite 600<br>Columbus, Ohio 43215<br>Telephone: (614) 469-3939<br>Facsimile: (614) 461-4198<br>Email: mpduffy@jonesday.com<br>Email: jbaumann@jonesday.com<br><br>*Attorneys for Defendant Steven E. Strah* |

-12-

## **CERTIFICATE OF SERVICE**

I certify that on May 3, 2022, I electronically filed the foregoing using the CM/ECF system, which will send notification of this filing to all counsel of record.

/s/ Marjorie P. Duffy
Marjorie P. Duffy (0083452)

*One of the Attorneys for Defendant Steven E. Strah*