UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | No. 2:20-cv-03785-ALM-KAJ |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | Judge Algenon L. Marbley |
| ALL ACTIONS. | Magistrate Judge Kimberly A. Jolson |

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANT STEVEN E. STRAH'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE DEPOSITION ON MAY 25, 2022

MURRAY MURPHY MOUL
 + BASIL LLP
JOSEPH F. MURRAY (0063373)
  murray@mmmb.com
1114 Dublin Road
Columbus, OH 43215
Telephone: 614/488-0400
614/488-0401 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS
MARK SOLOMON
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com

Lead Counsel for Lead Plaintiff Los Angeles County Employees Retirement Association

4871-7133-3150.v1

I. **INTRODUCTION**

Defendant Steven E. Strah's ("Strah") motion for a protective order lacks the candor to which the Court is entitled. Fortunately, this issue need not rely on the unseemly and inaccurate he-said-she-said characterizations that comprise the entire basis of Strah's motion. Strah's attempts to twist basic acts of courtesy into something sinister simply cannot be reconciled with the objectively verifiable facts here. The clearest confirmation that Strah's motion is not well taken is that Lead Plaintiff Los Angeles Country Employees Retirement Association's ("Lead Plaintiff") actions here comported with every substantive aspect of Strah's proposed deposition protocol, yet it was Strah who failed to live up to the very standards he contends should be required. Accordingly, Lead Plaintiff respectfully submits that the Court should deny Strah's motion on the merits, but as another act of courtesy, so long as Strah agrees to refrain from further mischaracterizations and comply with his own supposed scheduling standards, Lead Plaintiff will agree to take his May 25, 2022 deposition off calendar.

II. **RELEVANT FACTS**

A simple comparison of the parties' respective actions with regard to Strah's supposed deposition-scheduling standards exposes his motion as unsubstantiated.

| Action | Strah's Purported Standard |
|---|---|
| On April 14, 2022, Lead Plaintiff provided defense counsel with the name of the deponent (Strah) and the desired period of time in which Lead Plaintiff wanted to depose Strah. That period began four weeks *after* April 14 and it extended for three weeks:<br><br>"Hi Marjorie, we would like to depose defendant Steven Strah in the next 4-7 weeks. Please provide any dates on which he is unavailable during that period and a very brief de[s]cription of the conflict."<br><br>Exhibit 1 (ECF 266-2) at 4. This 4-7 week | "For each deponent, the noticing party shall provide the name of the deponent and the desired period of time in which it wants to depose the witness. That period of time must be no sooner than three weeks from the date of the request and be at least a three-week period." Memorandum in Support of Steven E. Strah's Motion for A Protective Order to Preclude Deposition on May 25, 2022 (ECF 266-1) at 9-10.<br><br>**Did Lead Plaintiff Comply? Yes. In fact, Lead Plaintiff provided an *additional* week from the date of the request for a total four-week notice of a three-week period.** |

- 1 -

| Action | Strah's Purported Standard |
|---|---|
| period spanned May 12 - June 2, 2022. | |
| On April 20, 2022, four business days after Lead Plaintiff's April 14, 2022 notice, Strah offered no dates within the requested period, no explanation of any conflicts within the requested period, and offered only a single date outside the requested period:<br><br>"Mr. Strah is available for deposition on June 10."<br><br>ECF 266-2 at 3-4. | "Counsel for the witness would then have four business days to provide at least one date when the deponent is available within that specified period. Counsel shall endeavor to provide more than one date, to the extent additional dates within the period are available." ECF 266-1 at 10.<br><br>**Did Strah comply? No, he neither provided a date within the specified period nor provided more than one date**. |
| Strah's response did not identify any scheduling conflicts throughout the provided three-week period of May 12 - June 2, 2022, despite being expressly asked to identify any dates of unavailability during that period.<br><br>ECF 266-2 at 3-4. | "If, because of legitimate scheduling conflicts, the witness has no dates within the specified time period or if the noticing party has scheduling conflicts on the dates offered by the witness, the parties must meet and confer." ECF 266-1 at 10.<br><br>**Did Strah comply? No, he did not identify any scheduling conflicts throughout the specified three-week period of May 12 - June 2, 2022, despite being expressly asked to identify any dates of unavailability during that period. Nor did he offer to meet and confer. He simply insisted on a single date well outside the requested period.** |
| On April 21, 2022, *after* Lead Plaintiff had noticed Strah's deposition for May 25, 2022, Strah continued to refuse to either: (1) identify an available date during the requested May 12 - June 2, 2022 period; or (2) represent that he had "legitimate scheduling conflicts" *throughout* the requested period. Instead, he identified only one unavailable date during the requested period: the noticed date of May 25, 2022. ECF 266-2 at 2-3. Strah also incorrectly represented that the June 10, 2022 date he provided was within the requested May 12 - June 2, 2022 period. *Id.* | "Counsel for the witness would then have four business days to provide at least one date when the deponent is available within that specified period. Counsel shall endeavor to provide more than one date, to the extent additional dates within the period are available." ECF 266-1 at 10.<br><br>"If, because of legitimate scheduling conflicts, the witness has *no dates* within the specified time period or if the noticing party has scheduling conflicts on the dates offered by the witness, the parties must meet and confer." ECF 266-1 at 10.<br><br>**Did Strah comply? No, even after five** |

| Action | Strah's Purported Standard |
|---|---|
| | business days, Strah continued to refuse to either (1) identify any available dates during the May 12 - June 2, 2022 period, or (2) represent that he had "legitimate scheduling conflicts" *throughout* the period.  Instead, he represented only one date of unavailability during the specified period (the noticed date of May 25, 2022). ECF 266-2 at 2-3.  More troublingly, Strah incorrectly represented that the June 10, 2022 date he provided was within the specified period. *Id*. |

Strah's deviations from the truth did not end with the puzzling assertion that his provided date of June 10, 2022 fell within the specified three-week period ending on June 2, 2022.  In his motion, Strah also represents that "Plaintiff has never indicated that it is unavailable on the dates offered in June."  ECF 266-1 at 1-2.  Once again, this representation not only turns Strah's own purported standards on their head, it is demonstrably false.  On April 21, 2022, Lead Plaintiff's counsel expressly stated, "your assumption regarding my availability [on June dates outside the requested period] is false."  ECF 266-2 at 1.  It is hard to imagine a clearer indication of unavailability, yet Strah represents to the Court the exact opposite.

In addition to this plain misrepresentation, Strah's motion does not fairly present the facts set forth above.  For example, on April 14, 2022, Lead Counsel sent the following email:  "Hi Marjorie, we would like to depose defendant Steven Strah in the next 4-7 weeks. Please provide any dates on which he is unavailable during that period and a very brief de[s]cription of the conflict."  ECF 266-2 at 4.  That is the entirety of email, which was plainly a courteous invitation for Strah to provide dates of unavailability to enable the setting of his deposition on a ***mutually*** convenient date.  Yet, Strah's motion tries to characterize this act of cooperation as something sinister:  "On Thursday, April 14, 2022, counsel for Plaintiff . . . demanded that counsel for Mr. Strah provide a listing of every date on

- 3 -

which he would be unavailable during that multi-week period with an explanation of each conflict." ECF 266-1 at 2.

Likewise, Strah's motion represents that, "Plaintiff's travel preferences apparently would mean that no depositions could occur on a Monday or a Friday." ECF 266-1 at 3 n.1. In truth, however, by the time of the April 20, 2022 email to which Strah's motion refers, defense counsel had proposed a combined four deposition dates for Strah and a 30(b)(6) witness. Joint Report Regarding Rule 30(B)(6) Deposition (ECF 259) at 9; ECF 266-2 at 4. The four dates had three things in common: (1) none fell within correspondingly requested four- and three-week periods, contrary to Strah's own purported standards; (2) none were provided within four business days of a request for dates, contrary to Strah's own purported standards; and (3) every single one of them ended on a Friday. ECF 259 at 9; ECF 266-2 at 4. Accordingly, Lead Counsel was not contending "that no depositions could occur on a Monday or a Friday," but rather simply that not *all* depositions occur on a Friday: "please stop trying to insist on Friday deposition dates." ECF 266-1 at 3 n.1; ECF 266-2 at 3.

### III. ARGUMENT

Strah was given a generous four-week advance notice of a three-week period throughout which he was free to identify any and all unavailable dates due to genuine scheduling conflicts. He chose to ignore this courtesy, thereby waiving any conflicts by repeatedly refusing to identify his unavailability, and insisted on a lone date falling over *eight weeks* after Lead Plaintiff's April 14, 2022 notice and outside the specified three-week period. After Strah's refusal to cooperate, Lead Plaintiff noticed Strah's deposition for a date that was nearly six weeks after the date of notice, and that did not land on any date Strah had identified as unavailable. By repeatedly passing up opportunities to identify unavailable dates within the requested period, Strah waived any conflicts. Under such circumstances, there is clearly no good cause to grant Strah's motion for a protective

order due to a one-week family vacation he knew about but chose not to disclose, despite an express request to do so:

> The burden of establishing good cause for a protective order rests with the movant. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)). To establish good cause, the movant must articulate "specific facts" showing the risk of a "clearly defined and serious injury." *Id*. Under Federal Rule of Civil Procedure 26, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense, . . ." Fed. R. Civ. P. 26(c)(1).

*M.A. v. Wyndham Hotels & Resorts, Inc.*, 2020 WL 5417560, at *1 (S.D. Ohio Sept. 10, 2020) (alterations in original); *see also Natural-Immunogenics Corp. v. Newport Trial Grp.*, 2017 WL 10562990, at *5-*6 (C.D. Cal. Aug. 14, 2017) (denying protective order and forcing witnesses to return from vacation for depositions after witnesses had chosen not to inform opposing party of vacation plans until after their depositions were noticed).

As is apparent from the objective record here, it is FirstEnergy and Strah who have: (1) repeatedly refused to provide deposition dates within the requested periods, contrary to Strah's own purported standards; and (2) repeatedly refused to provide any dates within four business days of requests for dates, contrary to Strah's own purported standards.  In addition, Strah has repeatedly misrepresented and mischaracterized facts to Lead Counsel and the Court.  Strah has no legitimate basis for his motion for a protective order and it should be denied in its entirety.  Nevertheless, so long as Strah agrees to refrain from further mischaracterizations and to comply with the very scheduling standards he and FirstEnergy have repeatedly violated, Lead Plaintiff will agree to take the May 25, 2022 deposition off calendar.

DATED:  May 4, 2022                                       Respectfully submitted,

                                                                      s/ Joseph F. Murray
                                                           JOSEPH F. MURRAY, Trial Attorney (0063373)

- 5 -

4871-7133-3150.v1

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY, Trial Attorney (0063373)
1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
MARK SOLOMON
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com

Lead Counsel for Lead Plaintiff Los Angeles County Employees Retirement Association

- 6 -

CERTIFICATE OF SERVICE

      I hereby certify under penalty of perjury that on May 4, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                          s/ Joseph F. Murray
                                          JOSEPH F. MURRAY

                                          MURRAY MURPHY MOUL + BASIL LLP
                                          1114 Dublin Road
                                          Columbus, OH  43215
                                          Telephone:  614/488-0400
                                          614/488-0401 (fax)
                                          Email:  murray@mmmb.com

4871-7133-3150.v1

# Mailing Information for a Case 2:20-cv-03785-ALM-KAJ Owens v. FirstEnergy Corp. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James Edward Arnold**
  jarnold@arnlaw.com,7489829420@filings.docketbird.com,tashby@arnlaw.com,ablosser@arnlaw.com

- **David L. Axelrod**
  axelrodd@ballardspahr.com,mangiaracinaj@ballardspahr.com

- **Daniel E. Barenbaum**
  dbarenbaum@bermantabacco.com,sfservice@bermantabacco.com

- **Jordan M. Baumann**
  jbaumann@jonesday.com

- **Javier Bleichmar**
  jbleichmar@bfalaw.com

- **David S Bloomfield , Jr**
  dbloomfield@porterwright.com,mruyf@porterwright.com

- **Joseph Michael Brunner**
  jmbrunner@vorys.com,tlschwarz@vorys.com

- **Preston Burton**
  pburton@buckleyfirm.com,lschwartz@buckleyfirm.com

- **Veronica E. Callahan**
  veronica.callahan@arnoldporter.com,edocketscalendaring@arnoldporter.com,veronica-callahan-1417@ecf.pacerpro.com,maosdoh@arnoldporter.com

- **Brian E. Cochran**
  bcochran@rgrdlaw.com,mlydon@rgrdlaw.com,e_file_sd@rgrdlaw.com,kjohnson@rgrdlaw.com

- **Desiree Cummings**
  dcummings@rgrdlaw.com

- **James Rubin Cummins**
  jcummins@cumminslaw.us,hpoindexter@cumminslaw.us,docket@cumminslaw.us

- **Lisa S Del Grosso**
  ldelgrosso@brouse.com,sslabaugh@brouse.com

- **Marjorie P Duffy**
  mpduffy@jonesday.com,rfargabrite@jonesday.com,erector@jonesday.com

- **Jeremy Steven Dunnaback**
  jdunnaback@bakerlaw.com,jlazanich@bakerlaw.com

- **John C Fairweather**
  jcf@brouse.com,sgibson@brouse.com

- **John A Favret , III**
  jfavret@tuckerellis.com,darlene.hudeck@tuckerellis.com,Chelsea.croy@tuckerellis.com

- **Robert Stephen Faxon**
  rfaxon@jonesday.com

- **Jason A. Forge**
  JForge@rgrdlaw.com

- **Gerhardt A Gosnell , II**
  ggosnell@arnlaw.com,1524359420@filings.docketbird.com,tashby@arnlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com,ckopko@rgrdlaw.com

- **Andrew Paul Guran**
  apguran@vorys.com,ramurphy@vorys.com

- **Kari Kathleen Hall**
  khall@buckleyfirm.com,nreeber@buckleyfirm.com,autodocket@buckleyfirm.com,jwilliams@buckleyfirm.com,docket@buckleyfirm.com

- **Zheng (Jane) He**
  Jane.He@arnoldporter.com

- **Paul Helms**
  phelms@mwe.com

- **Robert K. Hur**
  rhur@gibsondunn.com

- **C. Chad Johnson**
  chadj@rgrdlaw.com

- **Daniel Richard Karon**
  dkaron@karonllc.com,cgood@karonllc.com,bhollowell@karonllc.com

- **Timothy D. Katsiff**
  katsifft@ballardspahr.com

- **Ashley M. Kelly**
  akelly@rgrdlaw.com,E_File_SD@rgrdlaw.com,AKellyRGRD@ecf.courtdrive.com

- **Michael L. Kichline**
  michael.kichline@morganlewis.com

- **Eric Kim**
  eric.kim@davispolk.com

- **Nicole Lavallee**
  nlavallee@bermantabacco.com,sfservice@bermantabacco.com

- **Corey Anthony Lee**
  calee@jonesday.com

- **Albert Grant Lin**
  alin@bakerlaw.com,phubbard@bakerlaw.com

- **Ting H. Liu**
  tliu@rgrdlaw.com

- **Douglas M Mansfield**
  dmansfield@lmng-law.com

- **John F McCaffrey**
  John.McCaffrey@tuckerellis.com,christen.wilk@tuckerellis.com

- **Laura Hughes McNally**
  laura.mcnally@morganlewis.com,carole.griffin@morganlewis.com

- **Francisco J Mejia**
  FMejia@rgrdlaw.com

- **Jason R. Meltzer**
  jmeltzer@gibsondunn.com

- **Jason J Mendro**
  JMendro@gibsondunn.com

- **Adam B. Miller**
  amiller@buckleyfirm.com,testad@buckleyfirm.com,autodocket@buckleyfirm.com,docket@buckleyfirm.com

- **Aaron F. Miner**
  aaron.miner@arnoldporter.com

- **John R Mitchell**
  jmitchell@taftlaw.com,ECFDocket@Thompsonhine.com

- **Thomas N Mitchell**
  mpduffy@jonesday.com

- **Bree Murphy**
  bmurphy@buckleyfirm.com

- **Joseph F Murray**
  murray@mmmb.com,tiffany@mmmb.com,tiffany@ecf.courtdrive.com,murray@ecf.courtdrive.com

- **Danielle S. Myers**
  DMyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Lucas Freeman Olts**
  lolts@rgrdlaw.com,E_File_SD@rgrdlaw.com,lolts@ecf.courtdrive.com

- **Daniel J. Pfefferbaum**
  dpfefferbaum@rgrdlaw.com

- **Sara B. Polychron**
  spolychron@rgrdlaw.com

- **Carole Schwartz Rendon**
  crendon@bakerlaw.com

- **Geoffrey J. Ritts**
  gjritts@jonesday.com

- **Darren J Robbins**
  tedp@rgrdlaw.com

- **William Scherman**
  wscherman@gibsondunn.com

- **Steven S. Scholes**
  sscholes@mwe.com

- **Kevin Shen Sciarani**
  ksciarani@rgrdlaw.com,KSciarani@ecf.courtdrive.com,E_File_SD@rgrdlaw.com,tdevries@rgrdlaw.com

- **Victoria Lynn Serrani**
  vlserrani@bmdllc.com

- **Jessica Tally Shinnefield**
  jshinnefield@rgrdlaw.com,E_File_SD@rgrdlaw.com,ChristC@rgrdlaw.com,JShinnefield@ecf.courtdrive.com

- **Douglas L. Shively**
  dshively@bakerlaw.com

- **Hannah M. Smith**
  hannah.smith@tuckerellis.com,christen.wilk@tuckerellis.com

- **Mark Soloman**
  marks@rgrdlaw.com

- **George A. Stamboulidis**
  gstamboulidis@bakerlaw.com

- **Joseph J. Tabacco, Jr.**
  jtabacco@bermantabacco.com

- **Jeremy R Teaberry**
  teaberryj@ballardspahr.com

- **Robert Ward Trafford**
  rtrafford@porterwright.com,tmagley@porterwright.com

- **Emilia McKee Vassallo**
  mckeevassalloe@ballardspahr.com

- **Robert J. Wagoner**
  bob@dwslaw.com,bob@wagonerlawoffice.com

- **Victor A Walton , Jr**
  vawalton@vorys.com,kjwooldridge@vorys.com

- **Daniel Rubin Warren**
  dwarren@bakerlaw.com

- **Lesley Weaver**
  lweaver@bfalaw.com

- **Brian S. Weinstein**
  brian.weinstein@davispolk.com

- **Brittany Marie Wilson**
  wilsonbm@ballardspahr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`