IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION, ) ) ) This Document Relates To: ) ALL ACTIONS. ) ) ) ) ) ) ) | No. 2:20-cv-03785-ALM-KAJ <br><br> <u>CLASS ACTION</u> <br><br> Judge Algenon L. Marbley <br> Magistrate Judge Kimberly A. Jolson <br><br> **NOTICE OF SERVICE OF SUBPOENA ON PARTNERS FOR PROGRESS** |

Defendant, Michael J. Dowling, hereby gives notice of filing the attached service of subpoena upon Partners for Progress on May 4, 2022.

                              Respectfully submitted,

                              <u>/S/ *John F. McCaffrey*</u>
                              John F. McCaffrey (0039486)
                              John A. Favret (0080427)
                              Hannah M. Smith (0090870)
                              Tucker Ellis LLP
                              950 Main Avenue, Suite 1100
                              Cleveland, OH 44113
                              Office:    (216) 592-5000
                              Fax:      (216) 592-5009
                              E-mail:   john.mccaffrey@tuckerellis.com
                                                  john.favret@tuckerellis.com
                                                  hannah.smith@tuckerellis.com

*Attorneys for Defendant Michael J. Dowling*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically on May 10, 2022. Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/S/ John J. McCaffrey*
John F. McCaffrey (0039486)
John A. Favret (0080427)
Hannah M. Smith (0090870)

*Attorneys for Defendant Michael J. Dowling*

5532897.1

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| In re FirstEnergy Corp. Securities Litigation | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:20-cv-03785-ALM-KAJ |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Partners for Progress, C/O Fritz E. Berckmueller, Esq.
1405 East Sixth Street, Cleveland, Ohio 44114-1607

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A

| Place: Tucker Ellis, LLP<br>950 Main Avenue, Suite 1100, Cleveland, Ohio 44113 | Date and Time:<br>06/08/2022 9:30 am |
|---|---|

The deposition will be recorded by this method: Court Reporter & video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attached Exhibit A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 05/04/2022

SANDY OPACICH, CLERK OF COURT

OR

*/s/ John F. McCaffrey*

*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Michael J. Dowling
, who issues or requests this subpoena, are:

John F. McCaffrey, Esq.
Tucker Ellis LLP, 950 Main Avenue, Suite 1100, Cleveland, Ohio 44113
john.mccaffrey@tuckerellis.com / (216) 592-5000

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:20-cv-03785-ALM-KAJ

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* __Partneufor Progress__

was received by me on *(date)* __5/4/2022__

☑ I served the subpoena by delivering a copy to the named individual as follows: __Counsel to Partneufor Progress (Fritz Berkmueller) accepted service by email on 5/4/2022__ on *(date)* ____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ . __Request was made of Mr. Berkmueller to identify the witness and we will forward a check to that individual.__

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: __5/9/2022__

__John F. McCaffrey__
*Server's signature*

__JOHN F. MCCAFFREY - ATTORNEY__
*Printed name and title*

__950 Main Ave #1100__
__Cleveland, OH 44113__
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information;
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
  (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# Exhibit A

## I. Definitions and Instructions

In responding to the subpoena the following definitions apply:

    A.    "You," "Your," "Yourself" and "Partners For Progress" refer to the recipient of this subpoena, Partners For Progress, Inc., a Delaware corporation constituted in February 2017, including its principals, partners, directors, signors, board members, representatives, agents, fiduciaries, predecessors in interest, successors in interest, and anyone acting on its behalf.

    B.    "FirstEnergy" refers to FirstEnergy Corp., FirstEnergy Service Company, FirstEnergy Solutions (n/k/a Energy Harbor Corp.), and any and all of their agents, officers, employees, representatives, predecessors in interest, successors in interest, and anyone acting on their behalf.

    C.    "Generation Now" refers to a Delaware corporation and 501(c)(4) constituted in January 2017, including its principals, partners, directors, signors, board members, representatives, agents, fiduciaries, predecessors in interest, successors in interest, and anyone acting on its behalf.

    D.    "Document" or "Documents" has the same full meaning as construed by Federal Rule of Civil Procedure 34, and includes without limitation the original (or identical duplicate when the original is not available) and all non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notation, or highlighting of any kind) and drafts of all writing, whether handwritten, typed, printed or otherwise produced, and includes, without limitation, letters, correspondence, memoranda, legal pleadings, notes, reports,

agreements, calendars, diaries, travel and expense records, summaries, records, messages or logs of telephone calls, conversations, interviews, speeches, presentations, historical overviews, studies, plans, minutes, marketing materials, newsletters, expert reports, strategic assessments, statistical analyses or compilations, surveys, evaluations, competitive analyses, investigative or other reports, telegrams, mailgrams, microfiche, facsimile transmissions (including cover sheets and confirmations), electronic mail, minutes or records of meeting, compilations, notebooks, laboratory notebooks, work papers, books, pamphlets, brochures, circulars, manuals, instructions, sales, advertising or promotional literature or materials, ledgers, graphs, charts, blue prints, drawings, sketches, photographs, film and sound reproductions, recordings of any kind, or any other tangible materials on which there is any recording or writing of any sort. The term also includes the file, folder tabs, and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy of all Documents requested herein.

  E. "Communication" means, without limitation, the imparting or exchange of information, thoughts or opinions by any means including orally, in writing, by signs signals or code, including oral, written or electronic communications, such as face-to-face meetings, electronic communications, emails, facsimiles, telephone communications, correspondence or other exchange or written or recorded information. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

  F. "Relating to" means, without limitation, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, embodying, identifying, constituting, concerning, containing, mentioning, stating, evidencing, studying,

2

surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

## II. Instructions

In addition to the requirements set forth in the Federal Rules of Civil Procedure, which are incorporated herein, the following instructions apply to the request set forth below:

    A.    The Request is continuing in nature so that if You subsequently discover or obtain possession, custody, or control of any Document previously requested or required to be produced, You shall promptly make such Document available.

    B.    The Request includes Documents, data and information stored electronically, magnetically, or in machine-readable format. To the extent responsive Documents or data are maintained in an electronic format, including but not limited to on a disk, tape, hard drive, flash drive, steady state drive, or other magnetic or machine-readable format, please produce the electronic version along with manuals and all other Documents sufficient to operate, display, read and interpret the programs, Documents or data.

    C.    You should construe the Requests as follows: (1) the singular includes the plural and the plural includes the singular; (2) the masculine, feminine, or neuter pronoun includes the other genders; (3) the conjunctions "and" and "or" should be read either disjunctively or conjunctively to bring within the scope of the request all information that might otherwise be construed to be outside its scope; (4) the words "any" and "all" shall include each and every; and (5) the present tense of a verb includes its past tense and vice versa.

D. All Documents produced in paper form should be numbered sequentially, with unique number on each page, and with a prefix identifying the party producing the Document.

E. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each Document's custodian.

F. If You object to any part of these Document Requests, please (a) state each objection you assert in sufficient detail to permit the Court to determine the validity of the objection; and (b) produce all responsive Documents to which Your objection does not apply.

G. If You redact, or otherwise exclude (such as making the name of a person in a recording unintelligible), any portion of Documents (including recordings) requested, identify each redaction made and provide the reason for each redaction in sufficient detail to assess the validity of the claim for redaction.

H. If any requested Document was, but is no longer in Your possession or subject to Your control, or is no longer in existence, You must identify the Document and state whether it (1) has been destroyed, (2) has been lost or misplaced, or (3) has never been or is no longer in your possession, custody or control in which case the name and address of the individual or entity known or believed to have been in possession, custody or control of that Document or category of Documents should be identified. In each instance, explain the circumstances surrounding the disposition and the identity of all persons You believe to have knowledge of such disposition.

I.  If You claim the attorney-client privilege or any other privilege, work-product protection, or other protection for any Document, identify with reasonable particularity: (1) the Document, (2) the general nature of its contents, (3) the individual who created the Document, (4) all recipients of the Document (both intended and unintended), (5) the privilege that forms the basis of withholding the Document, and (6) the Request(s) for production to which the Document is responsive.

### III. Documents to be Produced

A.  Documents relating to the formation and operation of Partners For Progress, including but not limited to:

    i. Communications to and from the Internal Revenue Service;

    ii. Communications to and from the State of Ohio or any government official or government entity in the State of Ohio;

    iii. Form 1024-A or Form 8896, or documents or communications related to either Form 1024-A or Form 8896;

    iv. Any 990-series tax document, whether in draft form or otherwise, filed with the Internal Revenue Service, or any documents or communications related to any 990-series tax filing;

    v. Documents or Communications related to required filings by the Federal Communications Commission;

    vi. Any advertisements, commercials, or other public communications paid for by Partners For Progress, whether Partners For Progress directly paid for the advertisement, commercial, or public communication, or Partners For Progress made an expenditure to

        another entity to pay for the advertisement, commercial, or public communication;

vii. Documents or Communications related to compliance with applicable federal, state and local tax and/or campaign finance laws and regulations;

viii. Documents or Communications related to any filing with federal, state, or local entity or agency, including, but not limited to, campaign finance registration and reporting or lobbying registration and reporting;

ix. Documents or Communications related to the stated purpose(s) (including any revisions or changes) of Partners For Progress;

x. Documents or Communications related to board meeting minutes, board resolutions, or any other record of board decisions or board actions;

xi. Documents or Communications related to contributions received and/or expenditures made by Partners For Progress;

xii. Bank statements;

xiii. Financial reports and summaries;

xiv. Any Documents provided to any contributor to Partners For Progress regarding the purpose or use of any contribution to Partners For Progress; and

xv. Any Documents regarding earmarked contributions to Partners For Progress or any other individual or entity.

    B.    Documents relating to Communications between and among Michael VanBuren and Partners For Progress.

    C.    Documents relating to Communications between and among FirstEnergy and Partners For Progress.

    D.    Documents relating to Communications between Partners For Progress and Calfee Halter & Griswold LLP.

    E.    Documents relating to Communications between Partners For Progress and Generation Now.

    F.    Documents relating to any expenditures by Partners For Progress.

    G.    Documents relating Partners For Progress's decisional process for making contributions, disbursements, or the expenditure of funds.

    H.    Documents relating to Partners For Progress's decisional process involved when considering, denying or postponing a contribution, disbursement, or expenditure of funds.

    I.    Documents produced to the Department of Justice and/or the U.S. Securities and Exchange Commission in response to a subpoena or in response to a request for the production of documents.

    J.    Documents produced to any third party pursuant to a request (written or verbal) for documents on or after July 21, 2020 to the date of this request.

    K.    Documents relating to Communications with any one or more of the following:

        i.    Jeff Longstreth

        ii.    Brooke Bodney

        iii.    Larry Householder

|       |       |
|-------|-------|
| iv.   | Neil Clark |
| v.    | Juan Cespedes |
| vi.   | Matt Borges |
| vii.  | Representatives from Hardworking Ohioans, Inc. |
| viii. | Representatives from Ohioans for Energy Security, LLC. |
| ix.   | Representatives from The Success Group |
| x.    | Representatives from the Coalition for Growth & Opportunity, Inc. |
| xi.   | Representatives from Growth and Opportunity PAC, Inc. |
| xii.  | Representatives from Liberty Ohio, Inc. |
| xiii. | Representatives from Consumers Against Deceptive Fees |
| xiv.  | Representatives from Jobs and Progress Fund |
| xv.   | Representatives from Protecting Ohio, Inc. |
| xvi.  | Eric Lycan |
| xvii. | McKenzie Davis |
| xviii.| Dan McCarthy |
| xix.  | Scott Davis |

## IV. Deposition Subject Matters

In accordance with Federal Rule of Civil Procedure 30(b)(6), you are advised of your duty to designate one or more of your officers, directors, employees, managing agents or other persons most qualified to testify on your behalf with respect to any and all facts concerning the following:

Topic No. 1: Circumstances and events leading to the formation of Partners For Progress.

Topic No. 2: Circumstances concerning the purpose and operation of Partners For Progress, including but not limited to, contributions, disbursements and/or the expenditure of funds.

Topic No. 3: Circumstances concerning the relationship with, communications with, interactions with Michael VanBuren as a Director of and one of the legal counsel to Partners For Progress.

Topic No. 4: Circumstances concerning the relationship with, communications with, interactions with FirstEnergy.

Topic No. 5: Circumstances concerning the relationship with, communications with, interactions with Calfee Halter & Griswold LLP.

Topic No. 6: Circumstances concerning the relationship with, communications with, interactions with Generation Now.

Topic No. 7: Circumstances concerning the relationship with, communications with, interactions with FirstEnergy.

Topic No. 8: Circumstances concerning obligations to, communications with, interactions with the Department of Justice and/or the U.S. Securities and Exchange Commission in response to a subpoena or in response to a request for the production of documents.

Topic No. 9: Circumstances concerning obligations to, communications with, interactions with any third party pursuant to a request (written or verbal) for documents on or after July 21, 2020 to the date of this subpoena.

Topic No. 10: Circumstances concerning the relationship with, communications with, interactions with the individuals identified above in Section III.K.i.-xix.

Topic No. 11: Circumstances concerning how Partner For Progress documents were generated, maintained, and/or kept, including but not limited to, the manner in which documents were identified and produced in compliance with the requests identified above in Section III.