**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE FIRSTENERGY CORP. SECURITIES LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS. | Case No. 2:20-cv-03785-ALM-KAJ<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Kimberly A. Jolson |

**JOINT STATUS REPORT**

Pursuant to the Scheduling Order (Doc. #255), the parties jointly submit their second status report. This second status report generally reflects the progress of discovery since the filing of the first initial report filed on May 13, 2022 (Doc. # 276), although it is not an exhaustive report of all discovery efforts undertaken during this period. To the extent the Court would like additional detail regarding any of these topics, the parties would be happy to supply such information.

**Written Discovery/Paper Discovery:** The parties continue to engage in the exchange of written discovery, including propounding and responding to requests for production of documents and interrogatories. Plaintiffs have represented that they have substantially completed their document productions in response to FirstEnergy's first requests for production, based on their respective responses and objections (Doc. # 276), and they have made productions of materials on which their experts relied. The parties continue to meet and confer regarding Plaintiffs' document requests, including about date range, custodians, and search terms, and regarding other document production matters. FirstEnergy produced its fifteenth volume of documents and will continue to make rolling productions.

The parties also continue to issue subpoenas to third parties seeking records, and certain third parties have produced documents in response to those subpoenas.

On June 10, 2022, following negotiations by certain parties, the Court entered the Privilege Log Supplement To The Joint Protocol For Production Of Documents and Electronically Stored Information (Doc. # 295). The Underwriter Defendants have requested a separate protocol for the production of their documents and electronically stored information and are engaged in negotiations with Plaintiffs regarding the protocol.

To the extent the parties have a dispute that requires the Court's assistance, the parties will set forth details regarding that dispute when presenting the issue to the Court.[1]

**Deposition/Discovery Protocols:** The parties have agreed that they will not depose any individual defendant before September 1, 2022. The parties continue to negotiate a Joint Protocol for Fact Depositions and a Joint Protocol Concerning Expert Discovery. The parties expect to conclude negotiations by the end of this week and then plan to present the proposed protocols to the Court for resolution, noting consensus by the parties and/or any divergence of positions by the parties. As part of those negotiations, the parties have been discussing coordination of fact discovery. The parties will set forth their respective positions regarding coordination when they submit the proposed Joint Protocol for Fact Depositions to the Court later this week.

*FirstEnergy Defendants' Position*

As indicated in the immediately preceding sentences, the parties have agreed to provide their respective positions regarding coordination when they submit the proposed Joint Protocol for Fact Depositions to the Court later this week. To avoid burdening the Court with redundant submissions, the FirstEnergy Defendants respectfully refer the Court to the forthcoming

---

[1] In this regard, the FirstEnergy Defendants would appreciate the guidance of the Court. The FirstEnergy Defendants, consistent with what they believe the Court's expectations are, do not include here granular detail regarding various discovery matters that may be resolved among the parties, but will provide appropriate detail if and to the extent the dispute is presented to the Court or if the Court otherwise would prefer to receive more detailed information. Plaintiffs expressed their disagreement with this approach.

-3-

submission, which will set forth all Defendants' position with respect to matters addressed in the protocol, and so do not respond to Plaintiffs' position below. [2]

*Lead Plaintiff's Position*

While mindful of the Court's May 6, 2022 Order, Lead Plaintiff submits that the negotiations on the deposition protocol have been ongoing for more than a month (including two weeks without any responses from defendants) with little progress. In fact, there are at least three different positions on multiple critical points, including the total number of depositions for each side, the length of depositions, and time allotments during depositions. In addition, the Underwriter Defendants maintain that they are entitled to dictate that Lead Plaintiff must depose every single named defendant deemed a "lead" underwriter before having to share with Underwriter Defendants' counsel their strategic reasoning for wanting to depose a single named defendant deemed a "non-lead." This is another example of how certain defendants are using the meet-and-confer process to delay, as months of meeting and conferring have passed with the Underwriter Defendants still insisting on an unprecedented position that Lead Plaintiff may not depose certain named defendants as a matter of right or determine the order in which it deposes witnesses (*e.g.,* it often makes sense to work up from witnesses with less power to witnesses with greater power so the latter are not able to establish a testimonial framework for the former to follow). Lead Plaintiff respectfully submits that without time limits and other ground rules for

---

[2] The Underwriter Defendants agree with the FirstEnergy Defendants that the parties' respective positions as to the deposition protocol should be reserved for the parties' forthcoming submission on that issue. For purposes of this joint status report, the Underwriter Defendants note only that Lead Plaintiff's representations below regarding the Underwriter Defendants' position as to the deposition protocol are inaccurate and misleading. As the Underwriter Defendants will explain more fully in the parties' forthcoming submission, the Underwriter Defendants are simply proposing that the parties meet and confer about the need for depositions of the "non-lead" underwriters after the depositions of the "lead" underwriters have occurred.

meet-and-confer processes, it will be impossible to litigate this case according to the Court's Scheduling Order,

As part of the negotiations regarding a deposition protocol, certain Defendants have insisted that Lead Plaintiff be required to "coordinate" with counsel for certain opt-out cases. These opt-out cases have not been consolidated with this action, the opt-out plaintiffs are not parties to this case or represented by Lead Counsel, and the opt-out plaintiffs' counsel do not represent any party or any member of the proposed class in this action. Lead Counsel and Liaison Counsel are the only counsel properly vetted and appointed by Chief Judge Marbley to represent the putative class here, as required under Private Securities Litigation Reform Act. As such, it is Lead Plaintiff's position that any "coordination" with separate opt-out cases must be limited, structured to minimize any potential prejudice to the class, and approved by Chief Judge Marbley. And in no manner should the existence of opt-out cases infringe on the timing or scope of deposition testimony to which Lead Plaintiff is entitled.

As the Court can discern from this report, the many parties and law firms involved this case have made it very difficult to manage. Having to also coordinate with outside parties and law firms would make a challenging situation far worse.

**Class Discovery:** Plaintiffs filed their Motion for Class Certification on June 6, 2022. FirstEnergy noticed Plaintiffs and Plaintiffs' experts for deposition to take place between July 19 and August 9, 2022. Due to one of the Plaintiff's schedule, the parties expect to submit a joint stipulation for a one-week extension of time for the Defendants' opposition and Plaintiffs' reply briefs. To the extent the parties have a dispute that requires the Court's assistance, the parties will set forth details regarding that dispute when presenting the issue to the Court.

**Rule 30(b)(6) Deposition of FirstEnergy:** On May 19 and 20, 2022, Lead Plaintiff and Defendants Jones and Dowling deposed FirstEnergy's representative. FirstEnergy is meeting and conferring with Lead Plaintiff and with Jones and Dowling regarding the deposition.

### *FirstEnergy Defendants' Position*

Jones/Dowling notice: FirstEnergy committed to provide a substantive written response to Jones/Dowling's written request that FirstEnergy appear for a second 30(b)(6) deposition and to their concerns about the propriety of FirstEnergy's privilege objections during the deposition by June 29, 2022. Counsel for FirstEnergy also committed to make themselves available for a meet-and-confer on June 30, 2022.

Plaintiffs' notice: FirstEnergy committed to provide a deponent to answer questions on 10 sections of the DPA and another subject. Plaintiffs' counsel and counsel for FirstEnergy intend to further meet and confer on June 27, 2022.

To the extent the parties have a dispute that requires the Court's assistance, the parties will set forth details regarding that dispute when presenting the issue to the Court.

### *Lead Plaintiff's Position*

During the deposition, FirstEnergy's corporate representative repeatedly indicated that she was unprepared to answer questions concerning FirstEnergy's deferred prosecution agreement (the "DPA") and subjects specifically identified in Defendants Jones and Dowling's notice and Lead Plaintiff's cross-notice. Counsel for FirstEnergy also repeatedly instructed the witness not to answer questions on privilege grounds.

On June 3, counsel for Defendants Jones and Dowling e-mailed counsel for FirstEnergy requesting a meet-and-confer session to discuss their position that FirstEnergy's corporate representative was unprepared to testify on the topics noticed for deposition under Rule 30(b)(6).

On June 3, counsel for Lead Plaintiff responded to the e-mail indicating that Lead Plaintiff joins Jones and Dowling's position. On June 9, Counsel for FirstEnergy, counsel for Jones and Dowling, and counsel for Lead Plaintiff participated in a meet-and-confer session. During the session, counsel for FirstEnergy indicated that he had neither attended the 30(b)(6) deposition nor read the transcripts and therefore could not substantively engage. Although FirstEnergy's counsel agreed to respond later in writing to the positions taken and issues raised, from Lead Plaintiff's perspective, FirstEnergy's counsel's lack of preparation for the scheduled discussion about FirstEnergy's witness's lack of preparations confirms the need for basic meet-and-confer guidelines, such as completion deadlines and participants who are prepared and authorized to make decisions.

After the meet-and-confer session, on June 14, counsel for Jones and Dowling e-mailed counsel for FirstEnergy reiterating their request that FirstEnergy appear for a second 30(b)(6) deposition and their concerns about the propriety of FirstEnergy's privilege objections during the deposition. On June 17, counsel for FirstEnergy acknowledged receipt of the June 14 e-mail from counsel for Jones and Dowling and confirmed that FirstEnergy was preparing a response. On June 22, during the parties' meet and confer regarding the deposition protocol, counsel for Jones, Dowling, and Lead Plaintiff asked when FirstEnergy would provide its promised response. Counsel for FirstEnergy responded that she did not know when FirstEnergy would provide its response. On June 23, counsel for Jones and Dowling sent another e-mail to counsel for FirstEnergy seeking a response from FirstEnergy. On June 23, counsel for FirstEnergy committed to provide a substantive written response to Jones/Dowling's written request that FirstEnergy appear for a second 30(b)(6) deposition and to their concerns about the propriety of FirstEnergy's

privilege objections during the deposition by June 29.  Counsel for FirstEnergy also committed to make themselves available for a meet-and-confer on June 30.

Also on June 23, counsel for FirstEnergy responded to Lead Plaintiff by committing to provide a deponent to answer questions on 10 sections of FirstEnergy's DPA and another subject, about which FirstEnergy's witness was not prepared to testify in May.  FirstEnergy has yet to respond to Lead Plaintiff's concerns about the instructions not to answer, but Lead Plaintiff's counsel and counsel for FirstEnergy intend to meet and confer on June 27, 2022.  In sum, weeks of meeting and conferring preceded the 30(b)(6) deposition, over a month has passed since the 30(b)(6) deposition, and the parties are still meeting and conferring regarding the 30(b)(6) deposition.

*Jones and Dowling's Report on 30(b)(6)*

As reported above, Jones and Dowling have been meeting and conferring with FirstEnergy and have asked for 7 hours to question a Rule 30(b)(6) witness that is properly prepared and knowledgeable regarding the agreed-upon topics. Jones and Dowling have raised concerns with the lack of knowledge and preparation exhibited by the Company's prior corporate representative, and the propriety of certain privilege issues that arose during the deposition. Jones and Dowling hope to conclude the meet and confer portion of this process the week of June 27, and have reserved the right to seek relief via motion practice.

**Additional Updates by Certain Parties**

**Dowling, Pearson, Lead Plaintiff's Update Regarding Subpoena to Partners for Progress:** On May 4, 2022, Defendant Dowling issued a subpoena to the 501(c)(4) entity Partners for Progress, Inc. ("PFP") seeking records and a Rule 30(b)(6) deposition of its representative. *See*

-7-

Doc. 273. Lead Plaintiff issued a separate subpoena to PFP on May 25th also seeking records and a Rule 30(b)(6) deposition. Pearson issued a subpoena on May 24th seeking records.

On May 18th, counsel for PFP filed general objections to both the document requests and deposition topics identified in the Dowling subpoena. Counsel for Dowling responded to PFP's objections by letter dated May 23rd. That exchange lead to a meet-and-confer session between counsel for PFP and Dowling on May 25th. PFP agreed to supplement its initial production of documents and provide particularity as to its multiple claims of privilege. With no documents or articulation as to the privilege claims forthcoming, another meet-and-confer session took place and included counsel for PFP, Dowling, Pearson and Lead Plaintiff on June 8th. Thereafter, PFP made a supplemental production of documents previously withheld from the original subpoena production on June 13th. There was still no particularity provided as to the claims of privilege or identification of the character of documents continuing to be withheld. Accordingly, a third meet-and-confer session was held with PFP's counsel on June 13th. Again, the parties issuing the subpoenas were seeking particularity as to the underlying basis for assertions of privilege and withholding of documents and information sought by the subpoenas. A fourth meet-and-confer session was scheduled for June 17th. Counsel for those parties that issued the subpoenas were present; counsel for PFP failed to appear for the meet-and-confer. On June 21st, a second supplemental production of approximately nine emails and attachments were produced. However, PFP's counsel again failed to provide the particularity relating to its continued claims of privilege as required under Fed. R. Civ. P. 45(e)(2). PFP has further refused to respond to requests for a date that a representative of PFP would be available for deposition as noticed by Dowling, Pearson and Lead Plaintiff unless and until the privilege issues are resolved. PFP recently advised that it needed to resolve these privilege issues with counsel for FirstEnergy, and it would be back in touch once

those issues are resolved. This matter may need to be placed before the Court for resolution if not resolved in the short term.

**Dowling and Lead Plaintiff's Update Regarding Subpoena to Generation Now:** On May 11, 2022, Defendant Dowling served a subpoena on non-party Generation Now, Inc., a 501(c)(4) entity, for records and a Rule 30B(b)(6) deposition. *See* Doc. 277. On May 25th Lead Plaintiff issued a separate subpoena to Generation Now seeking records and a Rule 30(b)(6) deposition.

Through counsel, Generation Now produced 61 documents despite having operated continuously from January 2017 through July 2020. Despite efforts to obtain documents clearly missing from the production, Generation Now's counsel claimed that the production of the 61 documents was all that could be provided. In refusing to produce a corporate representative to testify on the topics identified in Dowling's subpoena, Generation Now's counsel represented that it is no longer in business and that the individual who served as president and secretary will be asserting his Fifth Amendment Right to any and all the questions on the topics set forth in the subpoena. Lead Plaintiff met and conferred with Generation Now's counsel on June 23, during which Generation Now's counsel explained that its former Treasurer had not responded to counsel's attempts to reach him to explore the former Treasurer's possible production of documents and/or appearance as Generation Now's 30(b)(6) witness.

Despite good faith efforts by Dowling's counsel to resolve this matter, including to point out to Generation Now's counsel that its refusal to present a corporate representative to testify on this basis is contrary to well-established law, Generation Now continues to refuse to produce a corporate representative to testify on the topics identified in Dowling's subpoena. Accordingly,

Dowling plans to file a motion to compel asking this Court to compel Generation Now to produce a corporate representative who will testify pursuant to Rule 30(b)(6).

Dated:  June 27, 2022

Respectfully submitted,

/s/ Joseph F. Murray (with permission)
Joseph F. Murray, Trial Attorney (0063373)
MURRAY MURPHY MOUL
   + BASIL LLP
1114 Dublin Road
Columbus, OH  43215
Telephone:  (614) 488-0400
Facsimile:  (614) 488-0401
Email:  murray@mmmb.com

*Liaison Counsel*

Darren J. Robbins (admitted *pro hac vice*)
Mark Solomon (admitted *pro hac vice*)
ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  (619) 231-1058
Facsimile:  (619) 231-7423
Email:  darrenr@rgrdlaw.com
Email:  marks@rgrdlaw.com

*Attorneys for Lead Plaintiff*

/s/ Albert G. Lin (with permission)
Carole S. Rendon, Trial Attorney (0070345)
Douglas L. Shively (0094065)
Daniel R. Warren (0054595)
Jeremy Steven Dunnaback (0098129)
Baker & Hostetler LLP
Key Tower, 127 Public Square, Suite 2000
Cleveland, OH  44114
Telephone:  (216) 621-0200
Facsimile:  (216) 696-0740

/s/ Geoffrey J. Ritts (with permission)
Geoffrey J. Ritts (0062603)
Robert S. Faxon (0059678)
Corey A. Lee (99866)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Email:  gjritts@jonesday.com
Email:  rfaxon@jonesday.com
Email:  calee@jonesday.com

Marjorie P. Duffy (0083452)
Jordan M. Baumann (0093844)
JONES DAY
325 John H. McConnell Boulevard, Suite 600
Columbus, Ohio  43215
Telephone:  (614) 469-3939
Facsimile:  (614) 461-4198
Email:  mpduffy@jonesday.com
Email:  jbaumann@jonesday.com

*Attorneys for Defendants FirstEnergy Corp., Steven E. Strah, K. Jon Taylor, Jason J. Lisowski, George M. Smart, Paul T. Addison, Michael J. Anderson, Steven J. Demetriou, Julia L. Johnson, Donald T. Misheff, Thomas N. Mitchell, James F. O'Neil III, Christopher D. Pappas, Sandra Pianalto, Luis A. Reyes, Jerry Sue Thornton, and Leslie M. Turner*

Email:  crendon@bakerlaw.com
Email:  dshively@bakerlaw.com
Email:  dwarren@bakerlaw.com
Email:  jdunnaback@bakerlaw.com

Albert G. Lin (0076888)
Baker & Hostetler LLP
200 Civic Center Drive, Suite 1200
Columbus, OH  43215
Telephone:  (614) 228-1541
Facsimile:  (614) 462-2616
Email:  alin@bakerlaw.com

| | |
|---|---|
| George A. Stamboulidis (admitted *pro hac vice*) | /s/ John F. McCaffrey |
| Baker & Hostetler LLP | John F. McCaffrey (0039486) |
| 45 Rockefeller Plaza | John A. Favret (0080427) |
| New York, NY 10111 | Hannah M. Smith (0090870) |
| Telephone:  (212) 589-4211 | TUCKER ELLIS LLP |
| Facsimile:  (212) 589-4201 | 950 Main Avenue - Suite 1100 |
| Email:  gstamboulidis@bakerlaw.com | Cleveland, OH  44113 |
| | Telephone:  (216) 592-5000 |
| | Facsimile:  (216) 592-5009 |
| William S. Scherman (admitted *pro hac vice*) | Email:  john.mccaffrey@tuckerellis.com |
| Jason J. Mendro (admitted *pro hac vice*) | Email:  john.favret@tuckerellis.com |
| Jason R. Meltzer (admitted *pro hac vice*) | Email:  hannah.smith@tuckerellis.com |
| Robert K. Hur (admitted *pro hac vice*) | |
| GIBSON, DUNN & CRUTCHER LLP | Steve Grimes (*pro hac vice* pending) |
| 1050 Connecticut Avenue, N.W. | Dan K. Webb (*pro hac vice* pending) |
| Washington, D.C. 20036-5306 | WINSTON & STRAWN, LLP |
| Telephone: (202) 955-8500 | 35 W. Wacker Drive |
| Facsimile: (202) 467-0539 | Chicago, IL 60601 |
| Email:  wscherman@gibsondunn.com | Telephone:  (312) 558-5600 |
| Email:  jmendro@gibsondunn.com | Facsimile:  (312) 558-5700 |
| Email:  jmeltzer@gibsondunn.com | Email:  SGrimes@winston.com |
| Email:  rhur@gibsondunn.com | Email:  DWebb@winston.com |
| *Attorneys for Defendant Charles E. Jones* | *Attorneys for Defendant Michael J. Dowling* |

| | |
|---|---|
| /s/ John R. Mitchell (with permission) | /s/ Jeremy R. Teaberry (with permission) |
| John R. Mitchell (0066759) | Jeremy R. Teaberry (0082870) |
| Michael J. Zbiegien, Jr. (0078352) | Timothy D. Katsiff (admitted *pro hac vice*) |
| Taft Stettinius & Hollister LLP | David L. Axelrod (admitted *pro hac vice*) |
| 200 Public Square, Suite 3500 | Emilia McKee Vassallo (admitted *pro hac vice*) |
| Cleveland, OH  44114-2302 | Brittany M. Wilson (admitted *pro hac vice*) |
| Telephone:  (216) 706-3909 | BALLARD SPAHR LLP |
| Facsimile:  (216) 241-3707 | 1735 Market Street, 51st Floor |
| Email:  jmitchell@taftlaw.com | Philadelphia, PA 19103-7599 |
| Email:  mzbiegien@taftlaw.com | Telephone:  (215) 665-8500 |
| | Facsimile:  (215) 864-8999 |
| *Attorneys for Defendant Ty R. Pine* | Email:  teaberryj@ballardspahr.com |
| | Email:  katsifft@ballardspahr.com |
| | Email:  axelrodd@ballardspahr.com |
| | Email:  mckeevassalloe@ballardspahr.com |
| | Email:  wilsonbm@ballardspahr.com |
| | |
| | *Attorneys for Defendant James F. Pearson* |

/s/ Douglas M. Mansfield (with permission)
Douglas M. Mansfield (0063443)
Lape Mansfield Nakasian & Gibson, LLC
9980 Brewster Lane, Suite 150
Powell, OH 43065
Telephone:  (614) 763-2316
Facsimile:  (614) 467-3704
Email:  dmansfield@lmng-law.com

Michael L. Kichline (admitted *pro hac vice*)
Laura H. McNally (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:  (215) 963-5000
Facsimile:  (215) 963-5001
Email:  michael.kichline@morganlewis.com
Email:  laura.mcnally@morganlewis.com

*Attorneys for Defendant Dennis M. Chack*

/s/ Brian P. O'Connor (with permission)

Brian P. O'Connor (0086646)
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
Telephone: (513) 721-4450
Facsimile: (513) 852-5994
Email: bpo@santenhughes.com

Preston Burton (admitted *pro hac vice*)
Adam Miller (admitted *pro hac vice*)
Bree Murphy (admitted *pro hac vice*)
Jill Winter (admitted *pro hac vice*)
BUCKLEY LLP
2001 M Street NW, Suite 500
Washington, DC  20036
Telephone:  (202) 349-8000
Facsimile:  (202) 349-8080
Email:  pburton@buckleyfirm.com
Email:  amiller@buckleyfirm.com
Email:  bmurphy@buckleyfirm.com
Email:  jwinter@buckleyfirm.com

*Attorneys for Defendant Donald R. Schneider*

/s/ John C. Fairweather (with permission)
John C. Fairweather (0018216)
Lisa S. DelGrosso (0064938)
BROUSE McDOWELL
388 South Main Street, Suite 500
Akron, OH  44311
Telephone:  (330) 535-5711
Facsimile:  (330) 253-8601
Email: jfairweather@brouse.com
Email: ldelgrosso@brouse.com

Stephen S. Scholes (admitted *pro hac vice*)
Paul M.G. Helms (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, IL  60606-0029
Telephone:  (312) 372-2000
Facsimile:  (312) 984-7700
Email:  sscholes@mwe.com
Email:  phelms@mwe.com

*Attorneys for Defendant Robert P. Reffner*

/s/ Victor A. Walton, Jr. (with permission)
Victor A. Walton, Jr. (0055241)
Joseph M. Brunner (0085485)
VORYS, SATER, SEYMOUR & PEASE LLP
301 East Fourth Street, Suite 3500
Great American Tower
Cincinnati, OH  45202
Telephone:  (513) 723-4000
Facsimile:  (513) 723-4056
Email:  vawalton@vorys.com
Email:  jmbrunner@vorys.com

Andrew P. Guran (0090649)
VORYS, SATER, SEYMOUR & PEASE LLP
106 South Main Street, Suite 1100
Akron, OH  44308-1471
Telephone:  (330) 208-1000
Facsimile:  (330) 208-1001
Email:  apguran@vorys.com

*Attorneys for Defendant John Judge*

-14-

/s/ James E. Arnold (with permission)
James E. Arnold (0037712)
Gerhardt A. Gosnell II (0064919)
ARNOLD & CLIFFORD LLP
115 W. Main St., Fourth Floor
Columbus, OH 43215
Telephone: (614) 460-1600
Facsimile: (614) 469-1093
Email: jarnold@arnlaw.com
Email: ggosnell@arnlaw.com

Veronica E. Callahan (admitted *pro hac vice*)
Aaron F. Miner (admitted *pro hac vice*)
Zheng (Jane) He (admitted *pro hac vice*)
ARNOLD & PORTER KAYE
SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
Email: aaron.miner@arnoldporter.com
Email: veronica.callahan@arnoldporter.com
Email: jane.he@arnoldporter.com

*Attorneys for Defendant Leila L. Vespoli*

/s/ Robert W. Trafford (with permission)
Robert W. Trafford, Trial Attorney (0040270)
David S. Bloomfield, Jr. (0068158)
Porter, Wright, Morris & Arthur LLP
41 South High Street, Suite 2900
Columbus, Ohio 43215-6194
Telephone: (614) 227-2000
Facsimile: (614) 227-2100
Email: rtrafford@porterwright.com
Email: dbloomfield@porterwright.com

Brian S. Weinstein (admitted *pro hac vice*)
Eric M. Kim (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (202) 450-4000
Email: brian.weinstein@davispolk.com
Email: eric.kim@davispolk.com

*Attorneys for the Underwriter Defendants*

-15-

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was filed electronically on June 27, 2022.  Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

      */s/ John F. McCaffrey*
      John F. McCaffrey (0039486)

      *One of the Attorneys for Defendant Michael J. Dowling*