IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE FIRSTENERGY CORP.
SECURITIES LITIGATION,

This document relates to:  Civil Action 2:20-cv-3785
                          Chief Judge Algenon L. Marbley
                          Magistrate Judge Jolson

    ALL ACTIONS.

## ORDER

This matter is before the Court on the parties' Joint Motion for Fact Deposition Protocol (Doc. 306). The parties reached consensus as to Sections D–I of the protocol, but require court intervention as to Sections A–C. (*Id.*). Having reviewed the respective positions outlined by the parties in the Motion, the Court adopts a fact deposition protocol as enumerated below.

Further, the Court acknowledges that meet and confer efforts have not progressed efficiently or urgently. (*See id.* at 2–4). Accordingly, the Court imposes the following procedure: The parties are to engage in meet and confer every seven (7) days, represented by counsel authorized to negotiate and compromise. Should any dispute remain unresolved after discussion at two such meet and confer efforts, the parties should consider the issue at an impasse and present the issue and their respective positions to the Court in a joint submission.

### PROTOCOL FOR FACT DEPOSITIONS

**A.  Number of Depositions**

1. Without seeking leave of the Court, each side shall be permitted to take 65 depositions (that is, 42 party depositions and up to 23 non-party depositions).

**B.  Time Allotment**

1. Unless additional time is requested and supported by a good faith argument, no individual deponent will be required to sit for more than 14 hours of deposition testimony, with up

      to 7 hours allocated to Plaintiffs and up to 7 hours allocated to Defendants.

2. For planning and scheduling purposes, if counsel for any party intends to question a witness that it did not originally notice, counsel must provide notice of that intention via email correspondence within three business days of service of the deposition notice.  If a party fails to provide such notice, leave to participate in questioning must be requested and supported by a good faith argument.

**C.**    **Coordination**

1. This Protocol will govern how the parties in the action captioned *In re FirstEnergy Corp. Securities Litigation*, No. 2:20-cv-3785 (S.D. Ohio) (the "Action"), conduct fact depositions in this case.

2. Consistent with the Court's prior indications and in the interest of party and judicial efficiency, the parties must attempt to coordinate the fact depositions conducted in the Action with those conducted in the related opt-out cases captioned *MFS Series Trust I, et al. v. FirstEnergy Corp., et al.*, No. 2:21-cv-05839 (S.D. Ohio), *Brighthouse Funds Trust II – MFS Value Portfolio, et al. v. FirstEnergy Corp., et al.*, No. 2:22-cv-00865 (S.D. Ohio) (together, the "Coordinated Cases").

3. Should coordination of fact depositions between the Action and the Coordinated Cases prove impracticable, or should Lead Plaintiff and its counsel believe that coordination is hindering its ability to represent the putative class in the Action, the parties are directed to schedule a status conference before the Court.  At such conference, the Court will require a showing of the opt-out parties' inability to cooperate.

**D.**    **Noticing Depositions**

1. All deposition notices shall comply with the requirements of Federal Rule of Civil Procedure 30(b) and shall be served to email addresses provided by the parties.

2. Once a deposition notice is served by one party, no other party need serve a notice for deposition of the same witness.  For the sake of clarity, time allotment for deposition questions is addressed in Subpart B, *supra*.

3. All third-party subpoenas seeking deposition testimony shall comply with Federal Rule of Civil Procedure 45.

4. For each deposition of an organization, the noticing party shall provide the list of topics to be covered in the Rule 30(b)(6) deposition together with the Target Period (as defined below).

5. For 30(b)(6) depositions, if any party other than the noticing party wants to question on additional topics, that party must serve a notice identifying those additional topics within five business days of service of the original notice.

6. To the extent a deposition noticed is not proceeding on the noticed date, the noticing party agrees to promptly provide written confirmation to counsel for all parties.

E. **Selecting Deposition Dates**

1. Absent agreement of the parties, depositions of individual defendants shall not proceed until after the deadline for substantial completion of document production by Defendants, *see* Doc #276  ("Substantial Completion Deadline").

2. The parties shall meet and confer regarding third-party depositions that may proceed before the Substantial Completion Deadline.

3. For each individual deponent, the noticing party shall provide the name of the deponent and the desired period of time in which it wants to depose the witness ("Target Period"). The noticing party shall provide this information to counsel for all parties.

4. The "Target Period" must commence no sooner than three weeks from the date of the request and include at least a three-week period.

5. Absent exigent circumstances, Counsel for the witness would then have four business days to provide at least two dates when the deponent is available within the Target Period ("Available Dates").  Counsel shall endeavor to provide more than two Available Dates, to the extent additional dates within the Target Period are available.

6. All weekdays, including Mondays and Fridays, may be offered.

7. If more than three depositions are noticed within a 24-hour period, the period of time for providing Available Dates shall be extended to 6 business days.

8. If any party objects to a deposition going forward within the proposed Target Period, the party must raise its objection to the Target Period within two business days of the Target Period being identified.  The parties shall then promptly meet and confer regarding any objections to the Target Period.

9. Absent agreement of all parties, no more than one party deposition may occur on the same date.

10. If, because of legitimate scheduling conflicts, the witness has fewer than two Available Dates within the Target Period or if the noticing party has scheduling conflicts on the Available Dates identified by the witness, the parties must meet and confer in good faith and explore alternate options, including weekend depositions or depositions outside the proposed Target Period.

11. If no agreement can be reached despite good-faith efforts, the parties may seek an informal telephonic conference with the Court pursuant to Local Rule 37.1.

12. During the fact discovery period, Lead Plaintiff shall circulate a calendar of scheduled depositions via email to the service list on the 1st and 15th of every month, or the next business day thereafter.

**F.     Location and Means of Attendance**

1. Unless all examining and defending parties are participating remotely or otherwise agree, the court reporter shall be in the same room with the witness.

2. Where any examining counsel is participating remotely, that counsel is responsible for accessing the remote deposition platform sufficiently in advance to ensure the deposition begins on time.

3. Every deposition noticed under this protocol must allow for any counsel and party representatives to attend by remote means.

4. Unless the parties agree otherwise, depositions of the parties and their current or former officers and employees will take place within seventy-five (75) miles of the location where the deponent resides, is located at the time of the deposition, is employed, or regularly transacts business in person.  Upon agreement of both the noticing party and the deponent, depositions may be taken at the offices of counsel for the party or deponent.

5. Federal Rule of Civil Procedure 45(c) shall govern the location of third-party depositions.

6. In order for counsel to make arrangements for adequate deposition space, representatives of Plaintiffs and each Defendant shall share the number of expected attendees with counsel responsible for hosting the deposition upon reasonable request and in any event no fewer than ten (10) business days prior to the deposition.

7. A party or counsel hosting a deposition may require, for security purposes, the names of all attendees appearing at the deposition.  If requested, this information must be provided at least three business days in advance of the deposition or as otherwise required.

**G.     Conduct at Depositions**

1. A failure by counsel to allocate time among Plaintiffs, on the one hand, or among Defendants, on the other hand, or to enforce that allocation of time among themselves during a deposition shall not constitute grounds to extend a deposition.

2. The noticing party shall proceed with its examination first. Examination of the witness by any other party should proceed immediately following the conclusion of the noticing party's examination, unless otherwise agreed by the parties.

3. Counsel designated to conduct the examinations shall strive to ensure that any examination is as non-duplicative as is practicable and to ensure that the needs of all examining parties are reasonably accommodated.

4. The only objections permissible during depositions shall be objections to "form" (and such objection shall preserve any and all objections, not limited only to the form of the question) or instructions regarding attorney-client privilege.  The examining attorney may ask for clarification of an objection, if he or she desires.

5. An objection made by any counsel is considered to be an objection on behalf of all counsel.

**H.    Video Depositions**

1. By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape or digitally recorded video pursuant to Fed. R. Civ. P. 30(b)(3).

2. If the noticing party does not designate that the deposition will be recorded by videotape or digitally recorded video, any other questioning party may issue a notice of its intent to so record the deposition.

3. If any one party seeks to record its portion of the deposition, all portions shall be so recorded.

4. No one shall use any form of recording device to record the deposition during the course of a deposition other than the designated videographer or court reporter.  This shall include recording using any form of remote transmitting device, computer recording device, laptops, camera or personal device, including smart phones, tablets, iPads, Androids, iPhones, Blackberries, or other PDAs.

5. Any person who violates this provision shall be immediately identified and reported to the Court for the possible imposition of sanctions.

6. Nothing in this provision prevents or limits the taking of notes by those identified on the record.

**I.    Expense**

1. The noticing party shall bear the initial expense of videotaping (if so noticed) and stenographic recording for the entirety of the deposition, regardless of how the questioning time is allotted, as well as any witness fees.

2. Alternatively, upon agreement of the parties, the expense of videotaping and stenographic recording of the deposition shall be prorated and billed directly to each party based on the relative percentage of allotted questioning time.

3.  If any party other than the original noticing party issues a notice of its intent to record the deposition, that party shall bear the expense of recording for the entirety of the deposition, regardless of how the questioning time is allotted.

4.  The parties shall pay for their own copies of transcripts and videotapes of depositions.

IT IS SO ORDERED.

Date: July 6, 2022                     /s/ Kimberly A. Jolson
                                       KIMBERLY A. JOLSON
                                       UNITED STATES MAGISTRATE JUDGE