UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE FIRSTENERGY CORP. SECURITIES LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS. | Case No. 2:20-cv-03785-ALM-KAJ<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Kimberly A. Jolson |

**STIPULATION AND ORDER BETWEEN PLAINTIFFS AND UNDERWRITER DEFENDANTS RELATING TO
PROTOCOL FOR UNDERWRITER DEFENDANTS'
PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

This Stipulation and Proposed Order relates to a Protocol that will govern how Defendants Barclays Capital Inc., BofA Securities, Inc., Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, Mizuho Securities USA LLC, PNC Capital Markets LLC, RBC Capital Markets, LLC, Santander Investment Securities Inc., Scotia Capital (USA) Inc., SMBC Nikko Securities America, Inc., CIBC World Markets Corp., KeyBanc Capital Markets Inc., TD Securities (USA) LLC, U.S. Bancorp Investments, Inc. and MUFG Securities Americas Inc. (each an "Underwriter Defendant," and collectively, the "Underwriter Defendants") manage electronic discovery in the above-captioned Action. The production specifications in this Protocol apply to documents that are produced in the first instance in this Action by the Underwriter Defendants, unless otherwise specified below. Documents produced by other parties to this Action shall be governed by the Joint Protocol for Production of Documents and Electronically Stored Information entered by the Court on October 5, 2021 [ECF No. 204].

I.     **GENERAL PROVISIONS**

    A.     The agreements set forth herein are without prejudice to or waiver of any rights of a party to request additional information about, or production of, additional ESI or object to such

requests for information or production on grounds related to the particular request. The parties shall confer in good faith with regard to whether such additional efforts are reasonably required and may seek assistance from the Court to resolve such disputes if agreement cannot be reached.

      B.      Each party shall identify an E-Discovery Coordinator(s) through whom all ediscovery requests and responses are coordinated. Regardless of whether the E-Discovery Coordinator(s) is an attorney (in-house or outside counsel), a third-party consultant, or an employee of the party, that individual must be (a) familiar with, or have access to person(s) familiar with, the party's past and present electronic systems and capabilities to explain these systems and to answer relevant questions; (b) knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and formatting issues; and (c) prepared to participate in e-discovery dispute resolutions. If a party's E-Discovery Coordinator(s) is not outside counsel to the party, all communications to that E-Discovery Coordinator(s) must also include the party's outside counsel.

      C.      The parties shall make reasonable efforts to resolve any differences concerning compliance with this Protocol. If any Underwriter Defendant cannot comply with any aspect of this Protocol, such party shall promptly and fully explain to the requesting party why compliance with the Protocol is unreasonable or not possible. The parties shall meet and confer to the extent reasonably necessary to resolve any issues regarding production format and to facilitate the import and use of the produced materials with commercially available document management or litigation support software.

      D.      No party may seek relief from the Court concerning compliance with this Protocol until it has conferred with the other party or parties relevant to the dispute.

## II. PRODUCTION OF PREVIOUSLY PRODUCED DOCUMENTS AND ESI

A. To the extent any Underwriter Defendant is required or agrees to re-produce documents in this Action that originally were produced in other cases or government investigations, such documents may initially be produced in the same format that they originally were produced or prepared for production, including the same metadata, and such Underwriter Defendant shall provide information sufficient to identify the Bates numbers of the documents from prior productions. Should the receiving party believe in good faith that there is a need for any previously produced documents to be produced in a format consistent with this Protocol, such receiving party shall promptly explain its basis for such belief and the parties shall meet and confer to resolve any issues regarding the production format for such previously produced documents.

## III. IDENTIFICATION OF RESPONSIVE ESI

A. **Search for Discoverable ESI**. In response to a requesting party's discovery request for which documents will be produced either by agreement that the request is properly within the scope of discovery in the Action or as a result of intervention by the Court ("Document Request"), the Underwriter Defendants will conduct a reasonable and good faith search for responsive ESI.

B. **Reasonably Accessible ESI**. To the extent any of the Underwriter Defendants becomes aware of sources of ESI that contain unique data that is potentially responsive to a Document Request but that such Underwriter Defendant in good faith considers to be not reasonably accessible because of undue burden or cost, such Underwriter Defendant must promptly and fully disclose such ESI and meet and confer with the receiving party. For the avoidance of doubt, this paragraph shall not require the Underwriter Defendants to search for or identify sources of ESI that are (i) used primarily for backup or disaster recovery purposes or (ii)

3

stored on any computer servers, external hard drives, or other media created for disaster recovery purposes (collectively, "Backup ESI") absent agreement of the Underwriter Defendants or court order.

      C.      **Custodians**. Unless otherwise agreed to by the Underwriter Defendants, within the later of fourteen (14) days of (i) the Underwriter Defendants serving their responses and/or objections agreeing to produce documents in response to a party's Requests for Production of Documents served in accordance with Federal Rule of Civil Procedure 34 ("RFPs") or (ii) entry of this Protocol, the Underwriter Defendants will disclose the individuals they believe in good faith to be the most likely to possess ESI and other documents potentially responsive to the requests. Within ten (10) days of the Underwriter Defendants' disclosure, the parties shall meet and confer to attempt to agree on a list of individuals whose custodial ESI will be searched. The list of individuals, either as a result of agreement by the parties or intervention by the Court, shall be considered the "Custodians," whose documents, email and other ESI will be searched in this matter in response to the RFPs. The list of Custodians can be amended at any time by agreement of the requesting parties and Underwriter Defendants or by order of the Court. This paragraph is not intended to limit the sources of ESI to be considered and/or searched to individual custodial ESI.

      D.      **Preservation**. The Underwriter Defendants represent that they have taken the required steps to preserve hard copy documents and ESI related to this Action. These steps include, but are not limited to, providing written notice to employees who are likely to possess relevant information and who are under each Underwriter Defendant's control. The Underwriter Defendants will disclose categories or sources of responsive information (other than Backup

Case: 2:20-cv-03785-ALM-KAJ Doc #: 310 Filed: 07/06/22 Page: 5 of 16 PAGEID #: 6741

ESI) that they have reason to believe have not been preserved or should not be preserved, after the duty to preserve arose, and will explain the reasons to support such a belief.

  E. **Search Terms**. Unless otherwise agreed to by the requesting party and Underwriter Defendants, within the later of fourteen (14) days of (i) the Underwriter Defendants serving their responses and/or objections agreeing to produce documents in response to a party's Requests for Production of Documents served in accordance with Federal Rule of Civil Procedure 34 ("RFPs") or (ii) entry of this Protocol, the Underwriter Defendants will disclose the search terms and any other culling/search criteria they propose to apply ("Proposed Search Terms") to filter the sources of ESI; provided, however, that the Underwriter Defendants may amend the Proposed Search Terms within twenty-four (24) days of disclosing the Proposed Search Terms to the requesting party if the Underwriter Defendants subsequently believe in good faith that the Proposed Search Terms hit on an unreasonable number of documents. If the requesting party would like additional search terms used, it shall inform the Underwriter Defendants of the additional proposed search terms in writing within ten (10) days of the initial exchange of Proposed Search Terms. Within twenty-one (21) days of receiving the proposed additional search terms, the Underwriter Defendants shall notify the requesting party of any objections to any of the proposed additional search terms and produce a hit count after global de-duplication (including the number of documents that hit on each term for each Custodian, the number of unique documents that hit on each term, and the total number of documents that would be returned using the Proposed Search Terms (including families) ("Hit Report") for any search terms that are objected to. The Underwriter Defendants may also provide hit reports for some additional subset of the Proposed Search Terms if otherwise agreed to by the Underwriter Defendants and the requesting party. The parties will then confer in good faith to reach

agreement on the Proposed Search Terms and/or any alternative or additional search terms within ten (10) days. If the parties cannot reach an agreement within ten (10) days thereafter, the requesting party may seek relief from the Court. The list of agreed upon search terms can be amended at any time by agreement of the requesting party and Underwriter Defendants or by order of the Court.

F.       **Technology-Assisted Review**. If a party intends to use predictive coding/technology-assisted review for the purpose of culling documents to be produced, the party shall notify the requesting party prior to using such predictive coding/technology-assisted review.

G.       **Acknowledgment**. The parties acknowledge that each party must produce responsive documents, subject to their objections, that they know to exist, even if not captured by the search protocol contained in this Protocol. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

IV.     **PRODUCTION OF ESI**

A.       **Format**. The parties will produce ESI in single-page TIFF format at 300 dpi in black-and-white, with the exception of spreadsheet type files, audio, and video files, which shall be produced in native format. A receiving party may request that documents be re-produced with the coloration of the original document by providing a list of the Bates numbers of documents it requests to be produced in color format. Upon such a request, should the producing party object to it, the parties shall promptly meet and confer as to the appropriateness of the request and shall attempt to come to an agreement regarding the number, types, and format of documents to be produced in color, if any. Parties are under no obligation to enhance an image beyond how it was kept in the usual course of business. TIFFs will show any and all text and images which would be visible to the reader using the native software that created the document (including, for

example, the BCC line). Presentation and spreadsheet documents shall be processed with hidden slides and all speaker notes unhidden; presentation documents shall also be processed to show both the slide and the speaker's notes on the image.

      B.      **Natives**. If a document is produced in native format, a single-page Bates stamped image slip sheet stating the document has been produced in native format will also be provided. Each native file should be named according to the Bates number it has been assigned and should be linked directly to its corresponding record in the load file using the LINK field. To the extent either party believes that specific documents or classes of documents not already identified within this Protocol should be produced in native format, the parties agree to meet and confer in good faith to resolve the request. The producing party shall not unreasonably deny such requests.

      C.      **Redaction of Native Documents**. If files required to be produced in native format contain both discoverable information and non-discoverable privileged information that would otherwise be redacted for production, the producing party shall apply the redactions directly on the native file itself or with burned-in redactions in lieu of a native file and TIFF placeholder image, as follows:

            i.      If applying redactions to the native file itself, a party shall in no way remove or alter formatting and contextual information (e.g., headers, column headings, etc.) in creating the modified file for production and must retain a copy of the original, unmodified file in its native format. Documents that are to be produced in a native format but that require redactions shall be produced along with a single-page Bates stamped image slip sheet stating the document has been produced in native format.

      ii.    A party producing TIFF files that contain redacted text shall ensure that native files, prior to conversion to TIFF, reveal hidden data from redacted native files and will be formatted so as to be readable.

    D.    **Appearance**. Each document's electronic image shall convey the same information and appearance as the original native document except for the addition of Bates numbers, any confidentiality designation(s) consistent with the terms of the Protective Order entered in this Action, and redactions (labelled as such) for any asserted privilege or other confidential or private and sensitive information agreed to by the producing and requesting parties or as ordered by the Court. If it is not practicable to include within the electronic files themselves the confidentiality designation, then the producing party shall designate in a transmittal letter or email to the party to whom the materials are produced any portions of the ESI that should be so designated. Documents shall appear with any such redactions, revisions, and/or comments visible and printed.

    E.    **Unitization**. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed in the original file of the producing party or shall be documented in a load file or otherwise electronically tracked.

    F.    **De-Duplication**. Each party shall remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level. Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates. Parties agree that an email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical. No party shall remove near-duplicate documents or use email threading as a means to eliminate documents from production without the consent

of the requesting party and allowing time for the parties to meet and confer in advance. De-duplication will be done across the entire collection (global de-duplication), and the CUSTODIAN field will list the Custodian of a document after de-duplication. Each of the Custodians associated with the document (including those that are excluded due to de-duplication) shall be listed in the ALL_CUSTODIAN field. Mobile data is not subject to de-duplication.

      G.      **Compressed File Types**. Compressed file types (i.e., .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

      H.      **Metadata**. The parties will produce extracted metadata for each document in the form of an industry standard Concordance .DAT file and include the fields shown in the table below. If specific fields cannot be provided for a particular document because, e.g., the field is unavailable or contains privileged information or the document was scanned from a hard copy, the field(s) may be left blank. For date and time field types, the format shall be provided in the following format in separate fields as specified below: mm/dd/yyyy for dates and hh:mm for time. The parties will produce the following metadata fields to the extent available:

| Field Name | Description |
|---|---|
| **Common Fields** | |
| FIRSTBATES | The beginning Bates number of the document. |
| LASTBATES | The last Bates number of the document. |
| ATTACHRANGE | The Bates range for the document family. |
| BEGATTACH | The beginning Bates number of the document family. |
| ENDATTACH | The last Bates number of the entire document family |
| PARENT_BATES | The beginning Bates number of the parent document of the document family. |

9

| Field Name | Description |
|---|---|
| CHILD_BATES | The beginning Bates number for each child document within the document family. |
| CUSTODIAN | Custodian of a document from which the document originated. |
| ALL_CUSTODIAN | All of the custodians of a document from which the document originated, separated by semicolons. |
| FILE_SIZE | The file size of a document in kilobytes. |
| PGCOUNT | The number of single page images associated with the document. |
| FILEPATH | The path which the document existed at its source. |
| HASH_VALUE | Unique identifier associated with the document or "de-duplication key" assigned to the document. |
| TEXT PATH | The path to the extracted text of the document. There should be a folder on the deliverable, containing a separate text file per document. There, text files should be named with their corresponding Bates numbers. |
| REDACTED | If a document contains a redaction the field will display YES. |
| **Non-Mobile Originated** | |
| FROM | The display name and email address of the author of an email/calendar item. |
| TO | The display name and email address of the recipient(s) of an email/calendar item. |
| CC | The display name and email address of the copyee(s) of an email/calendar item. |
| BCC | The display name and email address of the blind copyee(s) of an email/calendar item. |
| SUBJECT | The subject line of the email/calendar item. |
| FILE_NAME | The file name of a document. |
| DATE LAST MODIFIED | The date the document was last modified. |
| TIME LAST MODIFIED | The time the document was last modified. |
| LAST MODIFIED BY | Name of the person who last modified or saved the document. |
| DATE_SENT | The date the email or calendar entry was sent. |

| Field Name | Description |
|---|---|
| TIME_SENT | The time the email or calendar entry was sent. |
| TIME_ZONE | The time zone the document was processed in. |
| CREATE DATE | The date the document was created. |
| CREATE TIME | The time the document was created. |
| DATE RECEIVED | The date the email or calendar entry was received. |
| TIME_RECEIVED/TIME_ZONE | The time the email or calendar entry was received. |
| CONFIDENTIALITY | The confidentiality designation of a document if it has been so designated under the Protective Order. |
| TRACK CHANGES | A Yes/No indicator that identifies whether a document has tracked changes. |
| LINK | The relative path to a native copy of a document. |
| FILE_EXTEN | The file extension of the document. |
| AUTHOR | The author of the document from extracted metadata. |
| **Mobile Originated** | |
| CONVERSATION_GROUP | The participants within a mobile device chat. |
| CONVERSATION_START_DATE | The start date of a mobile device chat conversation. |
| CONVERSATION_START_TIME/TIME_ZONE | The start time of a mobile device chat conversation. |
| CONVERSATION_END_DATE | The end date of a mobile device chat conversation. |
| CONVERSATION_END_TIME/TIME_ZONE | The end time of a mobile device chat conversation. |
| MOBILE_SOURCE_APP | The mobile device application from which the document was derived. |
| MOBILE_SOURCE_APP_ACCOUNT | The mobile device application account from which the document was extracted. |

I. **Attachments**. The parties agree that if any part of a parent document or its attachments is responsive, the entire document family will be produced, except any family member that must be withheld or redacted on the basis of privilege. If a family member is withheld on the basis of privilege, a slip sheet stating it has been withheld will be produced. In instances where any family member is withheld under a claim of privilege, and where such

11

family member is later produced, the entire family (except any family members that must continue to be withheld or redacted on the basis of privilege) will be produced with a new Bates number. The attachments will be produced sequentially after the parent email.

## V. PRODUCTION FROM DATABASES

If responding to a discovery request requires production of ESI contained in a database, the producing party may comply with the discovery request by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic format (for example, in Excel or .csv format). The parties shall meet and confer as needed to agree upon the sets of data or fields to be included and to generate a report in a useable format. Upon review of the report(s), the requesting party may make reasonable requests for additional information to explain the database schema, codes, abbreviations, and different report formats or to request specific data from identified fields. The parties reserve all rights to object, including but not limited to objections for relevance, undue burden, and/or inaccessibility.

## VI. PRODUCTION OF HARD COPY DOCUMENTS

Hard copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (i.e., .dat). The database load file should contain, at a minimum, the following fields: FIRSTBATES, LASTBATES, PGCOUNT, and CUSTODIAN. The documents should be logically unitized (i.e., distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business. A receiving party may request that documents be re-produced with the coloration of the original document by providing a list of the Bates numbers of documents it requests to be produced in color format and an explanation of the need for production in color format. Upon such a request, should any Underwriter Defendant object to it, the relevant parties shall promptly

meet and confer as to the appropriateness of the request and shall attempt to come to an agreement regarding the number, types, and format of documents to be produced in color, if any. The Underwriter Defendants agree not to degrade the searchability of documents as part of the document production process, but have no affirmative obligation to OCR documents.

**VII.    SERVICE OF PRODUCTIONS**

    A.    **Production Media**. The Underwriter Defendants shall produce documents on CD, DVD, external hard drive (with standard PC compatible interface), FTP site, or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). Each piece of Production Media shall be labeled with: (1) the party making the production; (2) the date of the production; (3) text referencing the case caption; (4) the Bates number range of the materials contained on the Production Media; and (5) any confidentiality designation(s) consistent with the terms of the Protective Order that may be entered in this matter. To maximize the security of information in transit, any Production Media may be encrypted by the producing party. In such cases, the Underwriter Defendants shall transmit the encryption key or password to the requesting party, under separate cover, contemporaneously with sending the encrypted media.

    B.    **Parties to Receive Productions**. The Underwriter Defendants shall provide all other parties to this Action a copy of any production made in response to any discovery request or other production made in accordance with Federal Rule of Civil Procedure 26.

    C.    **Copies of Production Received by Third Parties**. Any party that receives a production of documents from a third party in response to a subpoena shall provide all other parties a copy of the third party production within 10 days of receipt of the production.

## VIII. PRIVILEGE LOGS

To the extent an Underwriter Defendant withholds documents or produces documents with redactions based on one or more claims of privilege, such Underwriter Defendant(s) shall produce a privilege log of such documents no later than forty-five (45) days after the first document is withheld from production and shall produce rolling logs thereafter with the final privilege log being produced no later than forty-five (45) days after such Underwriter Defendant(s) asserts that it has completed its document production.

For the avoidance of doubt, the Privilege Log Supplement to Joint Protocol for Production of Documents and Electronically Stored Information [ECF No. 295] shall not apply to the Underwriter Defendants. The Underwriter Defendants may provide a privilege log(s) in a manner that is consistent with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Ohio. Nothing in this Protocol shall be deemed a waiver of any objection made by a party in response to a discovery request.

**IT IS SO ORDERED.**

Date: July 6, 2022                               /s/ Kimberly A. Jolson
                                                 KIMBERLY A. JOLSON
                                                 UNITED STATES MAGISTRATE JUDGE


[*signatures begin on next page*]

AGREED TO AND RESPECTFULLY SUBMITTED BY:

| | |
|---|---|
| MURRAY MURPHY MOUL + BASIL LLP<br><br>/s/ Joseph F. Murray per email authorization on July 5, 2022 by David S. Bloomfield, Jr.<br>JOSEPH F. MURRAY, Trial Attorney (0063373)<br>1114 Dublin Road<br>Columbus, OH 43215 Telephone: 614/488-0400 614/488-0401 (fax)<br>murray@mmmb.com<br><br>*Liaison Counsel* | /s/ Robert W. Trafford by<br>David S. Bloomfield, Jr.<br>Robert W. Trafford, Trial Attorney (0040270)<br>David S. Bloomfield, Jr. (0068158)<br>PORTER, WRIGHT, MORRIS & ARTHUR LLP<br>41 South High Street, Suite 2900<br>Columbus, Ohio 43215-6194<br>Telephone: (614) 227-2000<br>Facsimile: (614) 227-2100<br>Email: rtrafford@porterwright.com<br>Email: dbloomfield@porterwright.com |
| ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>DARREN J. ROBBINS<br>MARK SOLOMON<br>JASON A. FORGE<br>TOR GRONBORG<br>BRIAN E. COCHRAN<br>SARA B. POLYCHRON<br>TING H. LIU<br>FRANCISCO J. MEJIA<br>655 West Broadway, Suite 1900 San Diego, CA 92101-8498<br>Telephone: 619/231-1058<br>619/231-7423 (fax)<br>darrenr@rgrdlaw.com<br>marks@rgrdlaw.com<br>jforge@rgrdlaw.com<br>torg@rgrdlaw.com<br>bcochran@rgrdlaw.com<br>spolychron@rgrdlaw.com<br>tliu@rgrdlaw.com<br>efmejia@rgrdlaw.com | Brian S. Weinstein (admitted *pro hac vice*)<br>Eric M. Kim (admitted *pro hac vice*)<br>Joshua N. Shinbrot (admitted *pro hac vice*)<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (202) 450-4000<br>Email: brian.weinstein@davispolk.com<br>Email: eric.kim@davispolk.com<br>Email: joshua.shinbrot@davispolk.com<br><br>*Attorneys for the Underwriter Defendants* |

| | |
|---|---|
| ROBBINS GELLER RUDMAN <br>  & DOWD LLP <br> DANIEL J. PFEFFERBAUM <br> Post Montgomery Center <br> One Montgomery Street, Suite 1800 San Francisco, CA 94104 <br> Telephone: 415/288-4545 <br> 415/288-4534 (fax) <br> dpfefferbaum@rgrdlaw.com | |
| ROBBINS GELLER RUDMAN <br>  & DOWD LLP <br> CHAD JOHNSON <br> DESIREE CUMMINGS <br> 420 Lexington Avenue, Suite 1832 New YORK, NY 10170 <br> Telephone: 212/432-5100 <br> chadj@rgrdlaw.com <br> dcummings@rgrdlaw.com <br><br> *Lead Counsel for Lead Plaintiff Los Angeles County Employees Retirement Association* | |

21059608v1