UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) | No. 2:20-cv-03785-ALM-KAJ |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | |
| | ) | Judge Algenon L. Marbley |
| ALL ACTIONS. | ) ) | Magistrate Judge Kimberly A. Jolson |
| | ) | |

STATUS REPORT BY PLAINTIFFS, DEFENDANTS,
AND NON-PARTY OPT-OUT PLAINTIFFS

MURRAY MURPHY MOUL
 + BASIL LLP
JOSEPH F. MURRAY (0063373)
1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com


Liaison Counsel

ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com

Lead Counsel for Lead Plaintiff Los Angeles County
Employees Retirement Association and Plaintiffs
Amalgamated Bank, City of Irving Supplemental
Benefit Plan, and Wisconsin Laborers' Pension
Fund

Pursuant to the Court's August 19, 2022 Opinion and Order (ECF 333), the Parties provide the following discovery status report. There is one active discovery dispute in this case, which concerns the Parties' "attempt to coordinate the fact depositions conducted in the Action with those conducted in the related opt-out cases captioned *MFS Series Trust I, et al. v. FirstEnergy Corp., et al.*, No. 2:21-cv-05839 (S.D. Ohio), *Brighthouse Funds Trust II – MFS Value Portfolio, et al. v. FirstEnergy Corp., et al.*, No. 2:22-cv-00865 (S.D. Ohio)." Order re. Fact Deposition Protocol, ECF 309 at PageID 6732. The positions of the Parties to this dispute, as well as the position of the Opt-Out Plaintiffs are set forth below.

## I. Plaintiffs' Position

The Court directed the parties to "attempt to coordinate the fact depositions conducted in the Action with those conducted in the related opt-out cases captioned *MFS Series Trust I, et al. v. FirstEnergy Corp., et al.*, No. 2:21-cv-05839 (S.D. Ohio), *Brighthouse Funds Trust II – MFS Value Portfolio, et al. v. FirstEnergy Corp., et al.*, No. 2:22-cv-00865 (S.D. Ohio) (together, the '[Opt-Out] Cases')." Order re. Fact Deposition Protocol, ECF 309 at PageID 6732. Plaintiffs[1] have attempted just that, but the Opt-Out Plaintiffs and defendants insisted on ***combining***, rather than ***coordinating***, depositions, demanding that Lead Counsel either represent the Opt-Out Plaintiffs by taking their depositions for them or that they allow Opt-Out Counsel to serve as co-lead counsel by relying on them to take parts of Plaintiffs' depositions. This insistence on combining rather than coordinating depositions defies the Private Securities Litigation Reform Act of 1995's ("PSLRA") rigorous vetting for appointments of lead plaintiffs and lead counsel (15 U.S.C. §78u-4), Judge Marbley's

---

[1] Plaintiffs are Lead Plaintiff Los Angeles County Employees Retirement Association ("Lead Plaintiff" or "LACERA") and Named Plaintiffs Amalgamated Bank, as Trustee for the LongView LargeCap 500 Index Fund, LongView Quantitative LargeCap Fund, LongView Broad Market 3000 Index Fund, LongView LargeCap 500 Index Fund VEBA, LV LargeCap 1000 Value Index Fund, LongView Quantitative MidCap Fund, LongView Quant LargeCap Equity VEBA Fund and LongView Core Plus Fixed Income Fund, City of Irving Supplemental Benefit Plan, and Wisconsin Laborers' Pension Fund (collectively, "Plaintiffs").

Opinion and Order appointing Lead Plaintiff and Lead Counsel, and raises significant conflicts. Ignoring these substantive concerns, the Opt-Out Plaintiffs and defendants have resorted to an "everybody else is doing it" defense. Irrespective of the circumstances that have led to ***agreements*** to combine efforts in other cases, none provides any substantive justification, let alone one that would apply to this unique Action.

The underlying conduct at issue here demands extensive federal criminal law experience but Opt-Out Counsel have refused to identify the actual lawyers prosecuting the Opt-Out Cases. The Court knows that this Action has been aggressively prosecuted and aggressively defended, but the dockets for the Opt-Out Cases reflect no efforts to prosecute them. This raises the risk that Opt-Out Counsel are attempting to rely on Lead Counsel's work-product as a substitute for their own, which risk is epitomized by their demand to attend depositions of defendants ***who are not defendants in the Opt-Out Cases***, concerning claims that are ***not raised in the Opt-Out Cases***. There are 42 defendants in this Action versus only 8 in the Opt-Out Cases, and half the counts in this Action (those under §§11, 12(a)(2) and 15 of the Securities Act of 1933 (15 U.S.C. §§77k, 77l(a)(2) and 77o)) are not alleged in the Opt-Out Cases. This Action will have more distinct depositions than depositions that overlap with the Opt-Out Cases.

The Court has already determined that Plaintiffs ***in this Action*** need up to seven hours of questioning for each deponent. ECF 309 at PageID 6731-32. Properly coordinated depositions should take no more than three days, and now that remote depositions eliminate the need to travel, three days of deposition testimony can be completed in the same amount of "attorney time" that a single day of testimony used to take. FirstEnergy has confessed to orchestrating and committing the largest confirmed state corruption scheme in history. Allowing an extra day to depose those who helped or failed to stop these prolonged crimes is a minimal accommodation to enable Plaintiffs to

- 2 -

help right this wrong. Accordingly, Plaintiffs respectfully request that fact depositions of common witnesses be coordinated, not combined, as follows:

- Depositions shall be scheduled according to the procedures set forth in the Court's July 6, 2022 Order in this Action (ECF 309);

- For depositions of witnesses the Opt-Out Plaintiffs wish to question, the deposition for the Opt-Out Cases shall be completed first (with up to seven hours of questioning for each side). Upon completion of the Opt-Out deposition, Opt-Out Counsel's participation shall end, and the deposition for this Action will then be completed (with up to seven hours of questioning for each side, but both sides shall use their best efforts to avoid duplicative questioning); and

- For depositions of witnesses the Opt-Out Plaintiffs do not wish to question, only parties to this Action shall attend.

**A. Forcing Plaintiffs to "Combine" Their Depositions with Those in the Opt-Out Cases Would Be Improper**

      **1. "Combining" Depositions Would Conflict with Plaintiffs and Lead Counsel's Fiduciary Duties**

Lead Plaintiff/Class representatives and Lead/Class Counsel have tremendous responsibilities to thousands of individuals and entities. *See, e.g.*, *Atkinson v. Morgan Asset Mgmt., Inc.*, 2008 WL 11319683, at *12 (W.D. Tenn. Sept. 23, 2008) ("Lead plaintiff has a fiduciary duty to all class members and is obligated to protect those interests, even if they are not identical to the lead plaintiff's.") (citation omitted); *Howard Gunty Profit Sharing Plan v. CareMatrix Corp.*, 354 F. Supp. 2d 18, at *23-*24 (D. Mass. 2000) (same); *In re Am. Serv. Grp., Inc.*, 2006 WL 2503648, at *4 (M.D. Tenn. Aug. 29, 2006) (same). As a result, "[a]ssessing the qualifications, competency, and adequacy of class counsel is important because class certifications have far-reaching implications. Thus 'a court must in the broadest sense be satisfied that the fiduciary duties and responsibilities . . . the class counsel will be conscientiously, fairly, and justly discharged in order to protect the interests of the class.'" *Parchman v. SLM Corp.*, 2019 WL 13169737, at *6 (W.D. Tenn. Oct. 18, 2019) (alteration in original) (quoting *Ballan v. Upjohn Co.*, 159 F.R.D. 473, 479 (W.D. Mich. 1994)). It would violate Plaintiffs and Lead Counsel's fiduciary obligations to the Class if

- 3 -

they were to rely on unidentified, unvetted, and potentially unprepared, unappointed counsel to complete any portion of a deposition.

## 2. Judge Marbley Has Already Vetted and Appointed Counsel

Fully assessing Class Counsel is particularly important here, where the underlying conduct comprises an unprecedented public corruption scheme, defendant FirstEnergy has entered into an extensive deferred prosecution agreement with the government, multiple third-parties have pled guilty, there is an ongoing federal prosecution that is scheduled for trial early next year, and there appear to be ongoing grand jury investigations – all of which demands extensive knowledge and experience with federal criminal law and procedure, as well as internal policies. Understandably, defendants Charles Jones and Michael Dowling have enlisted two criminal law specialists to plan and execute a defense in which they are aggressively using civil discovery rules to build defenses to this Action **and** possible criminal cases (counsel for defendant Jones, Carole Rendon, is the former U.S. Attorney for the Northern District of Ohio, and counsel for defendant Dowling, John McCaffrey, is a former Special Assistant U.S. Attorney and FBI Special Agent). In addition, the massive scope of this Action, 42 defendants, dozens of defense lawyers, and over 1.6 million pages of discovery (and counting), demands correspondingly large human and technical resources.

Against this backdrop, pursuant to the PSLRA's requirements, Judge Marbley carefully considered multiple lead-plaintiff movants, including their respective selections for lead counsel, and entrusted this prosecution to LACERA as Lead Plaintiff, Robbins Geller Rudman & Dowd LLP as Lead Counsel, and Murray Murphy Moul + Basil LLP as Liaison Counsel. Opinion & Order re. Consolidation, Appointment of Lead Counsel, and Lead Plaintiff, ECF 65. In doing so, Judge Marbley explicitly rejected a request from one movant for a forced marriage – appointing them as co-lead plaintiff and their law firm as co-lead counsel. *Id*. at PageID 1523. As LACERA had promised Judge Marbley, it planned for the many unique aspects of this Action by selecting and

overseeing a prosecution team that includes *multiple* former federal prosecutors and over a dozen lawyers with extensive experience investigating and prosecuting large complex securities class actions.  Lead and Liaison Counsel have already devoted to this Action tens of thousands of hours and hundreds of thousands in out-of-pocket expenses, with many more of each to come.  The parties have briefed multiple discovery disputes, deposed multiple witnesses, and filed hundreds of pages of briefs and exhibits.

In stark contrast, the dockets of the Opt-Out Cases reflect no substantive motions of any kind, no depositions, and no briefs.  Opt-Out Counsel have invoked the fact that their law firm has worked successfully with Lead Counsel on multiple cases in the past, present, and likely in the future.  This is true, and as a firm, Lead Counsel has great respect for Opt-Out Counsel's law firm.  But that familiarity is a double-edged sword.  Despite years of working cases together, Lead Counsel is not aware of Opt-Out Counsel having the experience and depth necessary to investigate and prosecute a securities case of this magnitude, with extensive inextricably intertwined issues of criminal law and criminal-law specialists aggressively defending it.  Still, Lead Counsel asked, "would you please identify all attorneys who are working an average of at least 15 hours per week on behalf [of the Opt-Out] Plaintiffs in your matters and for how long they've been doing so?  This information will be helpful for our meet and confer, as well as for whatever submissions to Judge Jolson and Chief Judge Marbley may become necessary."  Ex. 1 at 3 (Aug. 26, 2022 email from J. Forge to M. Miarmi).  Opt-Out Counsel refused to provide this basic information, which heightens concerns about: (1) the apparent failure to prosecute the Opt-Out Cases, as demonstrated by their dockets; (2) the resources Opt-Out Counsel are committing to the Opt-Out Cases; and (3) the experience and preparedness of whatever lawyers could take time currently allocated to Plaintiffs.

### 3. Only Judge Marbley Can Appoint Counsel to Represent the Interests of the Class

Under the PSLRA and Rule 23 of the Federal Rules of Civil Procedure, only Judge Marbley has authority to appoint Lead and Class Counsel. Opt-Out Counsel have chosen to withhold all information about the identities and experience of the lawyers working on behalf of the Opt-Out Plaintiffs, as well as the time they have devoted to the Opt-Out Cases. On this record, it would be improper to force Plaintiffs to accept unknown co-lead counsel, yet that is the practical effect of forcing Plaintiffs to "share" their allotted examination time. Each minute taken from Lead Counsel and given to Opt-Out Counsel would represent a minute when Plaintiffs and the Class would have to depend on the preparedness and effectiveness of Opt-Out Counsel instead of their own chosen and appointed counsel.

### B. Forcing Lead Counsel to Assist Opt-Out Counsel Would Pose a Conflict of Interest and Threaten Unjust Enrichment

Allowing Opt-Out Counsel to access and rely on Lead Counsel's deposition examinations would likewise have the practical effect of forcing Lead Counsel to work on behalf of Out-Out Plaintiffs, which presents a clear conflict of interest. *See e.g.*, *Kurczi v. Eli Lilly & Co.*, 160 F.R.D. 667, 679 (N.D. Ohio 1995) (holding that potential conflict existed where class counsel was also counsel for individual plaintiffs against the same defendant); *Kuper v. Quantum Chem. Corp.*, 145 F.R.D. 80, 83 (S.D. Ohio 1992) (finding potential conflict of interest where class counsel represented plaintiffs in two different class actions). This conflict is even more problematic here, where the past, ongoing, and likely future co-counseling engagements between Lead Counsel and Opt-Out Counsel in other matters would provide fodder for future objectors.

Likewise, the resources Lead Counsel have devoted to this Action will ultimately be deducted from the recovery Plaintiffs and Lead Counsel secure for the Class. If Opt-Out Counsel were to enjoy the fruits of all this experience, work, and expenditures, while refusing to specify who

has committed what to their cases, or to justify the glaring docket disparities, that would be the equivalent of forcing the Class to subsidize Opt-Out Counsel, which would raise potential unjust enrichment issues. Unless and until Opt-Out Counsel establish that they have similarly experienced attorneys prosecuting the Opt-Out Cases and are dedicating comparable time and resources, it would be unjust to allow Opt-Out Counsel access to any of Lead Counsel's deposition examinations in this Action.

## II.     Defendants' Position

Class Plaintiffs' refusal to coordinate fact depositions in the Class Action with the Opt-Out Actions violates the Court's Order regarding the Protocol for Fact Depositions (Doc. 309, the "Order") and would impose significant burdens on the witnesses.[2]  Class Plaintiffs' asserted bases for refusing to comply with the Order amount to an attempt to relitigate an issue already decided by the Court.  Accordingly, Defendants request that the Court enforce its Order, which requires the Class and Opt-Out Plaintiffs to share the "up to 7 hours" of deposition testimony allotted to "Plaintiffs" for each fact deposition.  (Order at 1-2.)

Before the Court entered the Order, the parties made detailed submissions setting forth their respective positions regarding coordination.  In those submissions, Class Plaintiffs made the same groundless arguments that they make again now:  that coordination with the Opt-Out Actions somehow violates the PSLRA, raises conflicts of interest, and will complicate discovery.  (Doc. 306 at 15-18.)  Defendants pointed out that:  Class Plaintiffs cited no authority that coordination violates the PSLRA; Robbins Geller (in cases where it represents opt-out plaintiffs) has coordinated with court-appointed class counsel in other actions; and coordination would promote party and judicial efficiency.  (*Id.* at 18-20.).  No party disputes that the claims in the Class and Opt-Out Actions overlap.  Having carefully considered Class Plaintiffs' arguments against coordination, the Court nevertheless ordered that "the parties ***must attempt to coordinate***" fact depositions, a mandate that was "[c]onsistent with the Court's prior indications and in the interest of party and judicial efficiency."  (Order at 2.)

Despite the Order, Class Plaintiffs have refused to engage in any meaningful attempt to coordinate the depositions.  Instead, they have sought to evade compliance with the Order and to

---

[2] The "Opt-Out Actions" are, together, the related actions captioned *MFS Series Trust I, et al. v. FirstEnergy Corp., et al.*, No. 2:21-cv-05839 (S.D. Ohio), and *Brighthouse Funds Trust II – MFS Value Portfolio, et al. v. FirstEnergy Corp., et al.*, No. 2:22-cv-00865 (S.D. Ohio).

rewrite it. According to Class Plaintiffs, "coordination" means consecutive independent depositions, where each deponent could sit for up to *28* hours of testimony. Class Plaintiffs contend that depositions "should take no more than three days," but their own description of their proposal belies that:

> "For depositions of witnesses the Opt-Out Plaintiffs wish to question, the deposition for the Opt-Out Cases shall be completed first (with up to seven hours of questioning for each side). Upon completion of the Opt-Out deposition, Opt-Out Counsel's participation shall end, and the deposition for this Action will then be completed (with up to seven hours of questioning for each side, but both sides shall use their best efforts to avoid duplicative questioning)."

(Class Pls.' Position Statement.)

In other words, Class Plaintiffs propose that Opt-Out Plaintiffs depose a witness for one day of up to 7 hours of testimony, with up to 7 hours of testimony for Defendants. Then, that deposition concludes, and is followed by a separate deposition by Class Plaintiffs of the same witness for one day of up to 7 hours of testimony. This would then be followed by an additional day of up to 7 hours of testimony allocated to Defendants—resulting in up to 28 total hours of testimony for each deposition. It would be unfair to subject witnesses to such lengthy depositions and repetitive questioning, for no purpose other than Class Plaintiffs' refusal to abide by the Order. Class Plaintiffs fail to acknowledge that burden. Instead, they focus on the "attorney time" required for each deposition, which misses the point. Furthermore, Class Plaintiffs' proposal would make it impossible for the parties to complete fact discovery by the June 30, 2023 deadline, given that each side is permitted to take 65 depositions under the Order. (Order at 1.)[3]

---

[3] There are 152 business days between November 21, 2022 (the first business day after the deadline for FirstEnergy's substantial completion of document production) and June 30, 2023. Even assuming that a deposition were to occur on every single business day, and further assuming that each of the 65 allotted depositions were to last 4 days (as Class Plaintiffs would have it), depositions could not be completed until more than *three months after* the close of fact discovery, given that no party deposition can proceed on the same day as another party deposition absent agreement of the parties. (Order at 3.)

In short, Class Plaintiffs' position is inconsistent with any reasonable understanding of the term "coordination," as well as the Order, which requires the parties to at least "attempt to coordinate" fact depositions.  (*Id.*)

Class Plaintiffs also have stated that Opt-Out Plaintiffs should not be permitted to attend depositions of those parties who are defendants only with respect to the 1933 Act claims, because Opt-Out Plaintiffs have not asserted those claims.  That position makes no sense:  many witnesses (both parties and non-parties) are likely to have information that is relevant to both the 1933 Act claims and the 1934 Act claims, since all claims are based on overlapping sets of alleged misstatements.  For instance, the directors are named as defendants only as to the 1933 Act claims, but they will surely also have testimony that will be relevant to the 1934 Act claims too.  The 1933 Act claims are based on the registration statements for the 2020 debt offerings; Plaintiffs allege that those registration statements were false or misleading because they incorporate some of the same SEC filings that are alleged to be false for the 1934 Act claims.  (*E.g.*, Doc. 72, Compl. ¶¶ 294-95.) Under Class Plaintiffs' rewrite of the Order, all of the director defendants would be subjected to duplicative depositions on the very same matters; once by the Class Plaintiffs and once by the Opt-Out Plaintiffs.  That is surely not what the Court intended in the Order.

For their part, Defendants and Opt-Out Plaintiffs have discussed coordination and, in large part, reached agreement, as reflected in Exhibit A and as confirmed by Opt-Out Plaintiffs' submission.  There is one issue in dispute:  Defendants understood the Order to require Class Plaintiffs and Opt-Out Plaintiffs to share the "up to 7 hours" allocated to "Plaintiffs" for each deposition. (Order at 1-2.)  Defendants' understanding is consistent with the Court's directive that the parties coordinate fact depositions, the requirement that all Defendants are collectively allocated up to 7 hours, as well as the Court's order that "no individual deponent will be required to sit for more than 14 hours of deposition testimony."  (*Id.* at 2.)  If Class and Opt-Out Plaintiffs did not

4884-7881-9128.v4

share the "up to 7 hours" (*id.* at 1-2), each deponent could be required to sit for up to 21 hours of testimony.

The Court has repeatedly expressed its support for coordination.  (*See* Doc. 274 at 1 (encouraging the parties to coordinate discovery between the Class and Opt-Out Actions to "promote the efficiency of discovery in all actions"); Order at 2 (requiring coordination).)  Though the Order permits the Class Plaintiffs to try to make a "showing of the opt-out parties' inability to cooperate" if the coordination of fact depositions "prove[s] impracticable" (Order at 2), Class Plaintiffs have not made that showing here.  (Nor could they, given that there have been no depositions in which Opt-Out Plaintiffs have participated and thus nothing to show an "inability to cooperate.")

For these reasons, Defendants request that the Court enforce the Order, which requires the Class and Opt-Out Plaintiffs to share the "up to 7 hours" of deposition testimony allotted to plaintiffs for each fact deposition.

### III.     Direct Action Plaintiffs' Position

Since commencing their cases nearly a year ago, Plaintiffs in the *MFS* and *Brighthouse* actions ("Direct Action Plaintiffs" or "DAPs") have litigated their claims independently of the Class Action, including negotiating with defense counsel on a pretrial schedule and other case management matters, serving and responding to written discovery, and reviewing voluminous document productions.  While Direct Action Plaintiffs intend to continue managing their own cases, coordination of depositions with the Class Action is appropriate in light of the overlapping claims and witnesses among the Actions.  The issue before the Court is what form that coordination should take.

DAPs submit the Court should order that the Fact Deposition Protocol entered in the Class Action (Doc. 309, "Protocol") likewise governs the Direct Actions, subject to the supplemental provisions in the draft coordination stipulation attached as Exhibit A to Defendants' position statement.  Most relevant to the present dispute, those provisions include that absent agreement of the parties or order of the Court, each fact witness is subject to deposition only once in connection with the Actions and that all parties (with limited exceptions) are entitled to attend all depositions of any Defendant in the Actions and any third party, and to receive the transcripts and accompanying exhibits for all depositions.

DAPs further submit the Court should allow at least 16 hours for each fact deposition, divided evenly between Plaintiffs and Defendants.  Additionally, because Class Counsel have made clear they will not collaborate with DAPs' counsel to allocate deposition time, the Court should order that for each deposition, (i) the Plaintiffs questioning first will have up to six hours (or more if the Court allocates more than eight hours total to Plaintiffs) and the Plaintiffs questioning second will have up to two hours; and (ii) Plaintiffs must communicate within seven days after the deposition notice is served to decide the order of questioning.  Defendants agree with the provisions

in the draft stipulation but oppose adding time beyond the 14 hours allocated for each deposition under the Protocol.

Class Plaintiffs, on the other hand, advocate for a bifurcated deposition structure that neither Defendants nor DAPs support.   Under that scenario, DAPs' counsel would question first, Defendants' counsel would cross-examine, and DAPs' counsel would then leave the room, precluded from attending Class Counsel's questioning or even obtaining the transcript of the "Class" examination.  Class Counsel would then question the witness while ostensibly attempting not to duplicate our questioning, though reserving the full seven hours allotted to them under the Protocol, followed by additional questioning by defense counsel.  Class Plaintiffs thus call for two depositions of each witness, entailing up to 28 hours of questioning, with the caveat that Class Plaintiffs could use DAPs' examination but DAPs could not use Class Plaintiffs' examination.  Class Plaintiffs' approach is inefficient, unfair, and unsupported in law.

### A.    Class Plaintiffs' Challenges to DAPs' Proposal Lack Merit

#### 1.    Dividing deposition time among all Plaintiffs does not violate any fiduciary duty, statutory requirement, or Court order.

Class Plaintiffs contend dividing deposition time would cause them and Class Counsel to breach their fiduciary duties to the class, and would violate the Private Securities Litigation Reform Act ("PSLRA") and the lead plaintiff appointment order.  They are wrong on all counts.

*First*, neither the appointment order nor the PSLRA even addresses coordination, let alone prohibits Class Counsel from coordinating with other counsel to minimize inefficiency.  Class Plaintiffs' argument rests on the false premise that dividing deposition time would amount to DAPs' counsel effectively representing the class.  We have seen no authority supporting that position.  Nor are we aware of any authority holding that allocating deposition time among related cases would conflict with a lead plaintiff's or lead counsel's fiduciary duties.  Tellingly, Class Plaintiffs cite no case where depositions were structured in the manner they propose.

- 13 -

To the contrary, it is common practice for plaintiffs in related cases—including where Robbins Geller has served as class or opt-out counsel—to collaborate on depositions and divide time, typically (though not always) with class counsel taking the lead. *See, e.g.*, *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 15-cv-07658-MAS-LHG (D.N.J.), Doc. 369, at 1 (noting there was "no objection to coordinating" securities putative class action with opt-out actions for pretrial purposes; class counsel at Robbins Geller, opt-out counsel including Lieff Cabraser, and counsel for plaintiffs in other related litigation split deposition time); *TIAA-CREF Inv. Mgmt., LLC, et al. v. Perrigo Co. plc, et al.*, No. 18-cv-08175-MCA-LDW (D.N.J.), Doc. 52, at 3 (¶ 4) ("Depositions taken in the Class Action shall be deemed taken in the Individual Actions and the Individual Action Plaintiffs [including plaintiffs represented by Robbins Geller] will be permitted to have a full right of participation in the fact witness depositions, including the opportunity to examine witnesses during the depositions (subject to coordination with Class counsel)."); *In re Mylan N.V. Sec. Litig.*, No. 16-cv-07926-JPO (S.D.N.Y.), Doc. 150, at 3 (¶ 7) (providing that "[f]act witness depositions in the Related Actions [including an opt-out action involving Robbins Geller] will be coordinated so that no witness shall be deposed more than once absent agreement of the parties or leave of the Court"). Likewise, as an opt-out plaintiff in *In re BP plc Securities Litigation*, the Los Angeles County Employees Retirement Association (the lead plaintiff here) agreed to a deposition protocol providing that "[n]o witness shall be deposed more than one time in both the Class Action and the Individual Actions combined, except by leave of Court for good cause shown." No. 12-cv-01272 (S.D. Tex.), Doc. 171, at 6 (¶ 7). As in those cases, nothing about dividing deposition time will mean DAPs' counsel are representing the class or Class Counsel is representing DAPs. And nothing specific to this litigation warrants endorsing the (at best) highly unusual structure Class Plaintiffs propose.

Class Plaintiffs' arguments are belied even by their own proposal. Class Plaintiffs contend allowing us "to complete any portion of a deposition" would "violate Plaintiffs and Lead Counsel's

- 14 -

fiduciary obligations to the Class," but they nonetheless intend to rely on our examination "to avoid duplicative questioning." Class Pls.' Position Stmt. ("CP Stmt.") at 3, 4. This patent inconsistency further demonstrates the illogic of Class Plaintiffs' position.

*Second*, because (as discussed above) dividing deposition time does not give rise to any shared-representation issues, Class Plaintiffs' complaint that DAPs' counsel have not been "vetted" by the Court is a non-sequitur. Further, Class Counsel overstates the extent to which it was "vetted." As the Court observed in the appointment order, the PSLRA affords great deference to the lead plaintiff's choice of counsel, which a court must disturb only "if doing so is necessary to protect the interests of the class." Doc. 65, at 25. Accordingly, the primary criterion for Class Counsel's appointment was its selection by the lead plaintiff movant with the largest loss. The Court did ***not*** say pursuing these claims "demands extensive knowledge and experience with federal criminal law and procedure, as well as internal policies" (CP Stmt. at 4). This is, after all, a ***civil securities case***, which (as detailed in our July 5, 2022 letter to the Court) DAPs' counsel are well qualified to litigate.

Class Plaintiffs misleadingly contend the dockets "reflect no efforts to prosecute" the Direct Actions, "[i]n stark contrast" to the Class Action (CP Stmt. at 2, 5). But the "hundreds of pages of briefs and exhibits" in the Class Action (*id.* at 5) relate primarily to motions to dismiss—which were not filed in the Direct Actions, as the defendants answered DAPs' complaints—and Class Plaintiffs' motion for class certification, which does not involve the Direct Actions. Likewise, to DAPs' knowledge, all but one of the "multiple witnesses" deposed thus far in the Class Action (*id.*) have related to class certification. Further, among the "multiple discovery disputes" (*id.*) was a motion for protective order relating to a routine scheduling matter as well as defendants Jones and Dowling's motion to compel a second Rule 30(b)(6) deposition of FirstEnergy based on the corporate representative's inadequate preparation. The absence of such motion practice in the Direct Actions

- 15 -

hardly bespeaks any failure to prosecute.  Nor do the dockets reflect the extensive work DAPs have been doing to obtain discovery and analyze significant productions in anticipation of depositions, and to search through their own voluminous records in response to FirstEnergy's document requests.

Class Counsel's professed concern over the "risk" that by attending their questioning we would "rely on [Class] Counsel's work-product as a substitute for [our] own" (*id.* at 2) makes no sense, as we are fully prepared to lead the questioning at any deposition.  *See* Ex. 1 (Aug. 31, 2022 E-mail from M. Miarmi to J. Forge).  Indeed, under Class Plaintiffs' proposal, they would rely on and use ***our*** work product.  And Class Plaintiffs' attempt to minimize the overlap between these cases is unavailing, as the potential relevance of a witness's testimony to DAPs' claims does not turn on whether the witness is named as a defendant in the Direct Actions.  More generally, beyond the obvious unfairness of excluding DAPs from examinations in which all other parties would be permitted to participate, the testimony is relevant to all Actions regardless whether it is elicited by Class Counsel or DAPs' counsel.  *See* Manual for Complex Litigation, Fourth, § 20.14, at 227-28 ("Filing or cross-filing deposition notices . . . in related cases will make the product of discovery usable in all cases and avoid duplicative activity.").

### 2.     DAPs' proposal entails no ethical conflict or "unjust enrichment."

DAPs' proposal does not raise any ethical conflict.  Class Plaintiffs once again offer no authority, and we are aware of none, suggesting that allocating deposition time among plaintiffs is tantamount to counsel representing each other's clients.  Class Plaintiffs cite cases holding the proposed class counsel did not satisfy Rule 23's adequacy requirement where they simultaneously represented individual plaintiffs in parallel proceedings against the same defendants or represented potentially competing classes.  That authority has no bearing on dividing deposition time.

Nor does dividing deposition time "raise potential unjust enrichment issues" (CP Stmt. at 7). It is an inevitable, and unremarkable, aspect of related litigation that similarly situated parties may

benefit from each other's efforts.  Once again Class Plaintiffs' own proposal undermines their argument: by seeking to avoid duplicative questioning following DAPs' examination, Class Plaintiffs would be relying on DAPs' efforts.  There is no "unjust enrichment" in that scenario (as in other cases, like *Valeant*, where opt-out plaintiffs have led depositions), just as there is none where Class Plaintiffs take the lead.

### B.    Allotting at Least 16 Hours for Each Deposition Is Reasonable.

Defendants assert that because the Protocol contemplates coordination, the seven hours allotted to Class Plaintiffs for each deposition encompass DAPs as well.  We disagree.  The Protocol addresses how the parties to the Class Action "conduct fact depositions *in th[at] case*."  Doc. 309, at 2 (emphasis added).  While the Court directed the parties to attempt to coordinate depositions with the Direct Actions, it did not indicate Plaintiffs collectively should be limited to seven hours.

Additional deposition time is also appropriate given the conflicting interests among Defendants.  In particular, Jones and Dowling will no doubt attempt to elicit testimony to undermine FirstEnergy's admissions that they engaged in criminal misconduct.  More time for redirect or cross-examination with respect to those issues may be necessary.  In short, the circumstances amply support allowing at least 16 hours per deposition.

DATED:  October 17, 2022                     Respectfully submitted,

                                             MURRAY MURPHY MOUL + BASIL LLP
                                             JOSEPH F. MURRAY, Trial Attorney (0063373)

                                             _____
                                                    s/ Joseph F. Murray
                                                  JOSEPH F. MURRAY

                                             1114 Dublin Road
                                             Columbus, OH  43215
                                             Telephone:  614/488-0400
                                             614/488-0401 (fax)
                                             murray@mmmb.com

                                             Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
JASON A. FORGE (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com
jforge@rgrdlaw.com

Lead Counsel for Lead Plaintiff Los Angeles
County Employees Retirement Association and
Plaintiffs Amalgamated Bank, City of Irving
Supplemental Benefit Plan, and Wisconsin
Laborers' Pension Fund

Dated:  October 17, 2022           Respectfully submitted,

/s/ Albert G. Lin (with permission)    /s/ Geoffrey J. Ritts    (with permission)
Carole S. Rendon, Trial Attorney (0070345)    Geoffrey J. Ritts (0062603)
Douglas L. Shively (0094065)    Robert S. Faxon (0059678)
Daniel R. Warren (0054595)    Corey A. Lee (0099866)
Jeremy Steven Dunnaback (0098129)    Stephen G. Sozio (0032405)
BAKER & HOSTETLER LLP    Adrienne F. Mueller (0076332)
Key Tower, 127 Public Square, Suite 2000    JONES DAY
Cleveland, OH  44114    North Point
Telephone:  (216) 621-0200    901 Lakeside Avenue
Facsimile:  (216) 696-0740    Cleveland, Ohio 44114-1190
Email:  crendon@bakerlaw.com    Telephone:  (216) 586-3939
Email:  dshively@bakerlaw.com    Facsimile:  (216) 579-0212
Email:  dwarren@bakerlaw.com    Email:  gjritts@jonesday.com
Email:  jdunnaback@bakerlaw.com    Email:  rfaxon@jonesday.com
    Email:  calee@jonesday.com
Albert G. Lin (0076888)    Email:  sgsozio@jonesday.com
BAKER & HOSTETLER LLP    Email:  afmueller@jonesday.com
200 Civic Center Drive, Suite 1200
Columbus, OH  43215    Marjorie P. Duffy (0083452)
Telephone:  (614) 228-1541    Jordan M. Baumann (0093844)
Facsimile:  (614) 462-2616    Emily M. Rector (0098058)
Email:  alin@bakerlaw.com    M. Ryan Harmanis (0093642)
    JONES DAY
George A. Stamboulidis (admitted *pro hac vice*)  325 John H. McConnell Boulevard, Suite 600
BAKER & HOSTETLER LLP    Columbus, Ohio  43215

- 18 -

45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4211
Facsimile: (212) 589-4201
Email: gstamboulidis@bakerlaw.com

William S. Scherman (admitted *pro hac vice*)
Jason J. Mendro (admitted *pro hac vice*)
Jason R. Meltzer (admitted *pro hac vice*)
Robert K. Hur (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
Email: wscherman@gibsondunn.com
Email: jmendro@gibsondunn.com
Email: jmeltzer@gibsondunn.com
Email: rhur@gibsondunn.com

*Attorneys for Defendant Charles E. Jones*

/s/ Robert W. Trafford (with permission)
Robert W. Trafford, Trial Attorney (0040270)
David S. Bloomfield, Jr. (0068158)
PORTER, WRIGHT, MORRIS & ARTHUR
LLP
41 South High Street, Suite 2900
Columbus, Ohio 43215-6194
Telephone: (614) 227-2000
Facsimile: (614) 227-2100
Email: rtrafford@porterwright.com
Email: dbloomfield@porterwright.com

Brian S. Weinstein (admitted *pro hac vice*)
Eric M. Kim (admitted *pro hac vice*)
Joshua N. Shinbrot (admitted *pro hac vice*)
Shanaye Y. Carvajal (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (202) 450-4000
Email: brian.weinstein@davispolk.com
Email: eric.kim@davispolk.com
Email: joshua.shinbrot@davispolk.com
Email: shanaye.carvajal@davispolk.com

*Attorneys for the Underwriter Defendants*

Telephone: (614) 469-3939
Facsimile: (614) 461-4198
Email: mpduffy@jonesday.com
Email: jbaumann@jonesday.com
Email: erector@jonesday.com
Email: rharmanis@jonesday.com

Scott B. Scheinberg (admitted *pro hac vice*)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
Telephone: (412) 391-3939
Facsimile: (412) 394-7959
Email: sscheinberg@jonesday.com

*Attorneys for Defendants FirstEnergy Corp.,
Steven E. Strah, K. Jon Taylor, Jason J.
Lisowski, George M. Smart, Paul T. Addison,
Michael J. Anderson, Steven J. Demetriou, Julia
L. Johnson, Donald T. Misheff, Thomas N.
Mitchell, James F. O'Neil III, Christopher D.
Pappas, Sandra Pianalto, Luis A. Reyes, Jerry
Sue Thornton, and Leslie M. Turner*

/s/ John F. McCaffrey (with permission)
John F. McCaffrey (0039486)
John A. Favret (0080427)
Hannah M. Smith (0090870)
TUCKER ELLIS LLP
950 Main Avenue - Suite 1100
Cleveland, OH 44113
Telephone: (216) 592-5000
Facsimile: (216) 592-5009
Email: john.mccaffrey@tuckerellis.com
Email: john.favret@tuckerellis.com
Email: hannah.smith@tuckerellis.com

Steve Grimes (admitted *pro hac vice*)
Dan K. Webb (admitted *pro hac vice*)
WINSTON & STRAWN, LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: SGrimes@winston.com
Email: DWebb@winston.com

*Attorneys for Defendant Michael J. Dowling*

- 19 -

4884-7881-9128.v4

/s/ Douglas M. Mansfield (with permission)
Douglas M. Mansfield (0063443)
LAPE MANSFIELD NAKASIAN & GIBSON, LLC
9980 Brewster Lane, Suite 150
Powell, OH 43065
Telephone: (614) 763-2316
Facsimile: (614) 467-3704
Email: dmansfield@lmng-law.com

Michael L. Kichline (admitted *pro hac vice*)
Laura H. McNally (admitted *pro hac vice*)
Emily S. Kimmelman (admitted *pro hac vice*)
Karen Pieslak Pohlmann (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
Email: michael.kichline@morganlewis.com
Email: laura.mcnally@morganlewis.com
Email: emily.kimmelman@morganlewis.com
Email: karen.pohlmann@morganlewis.com

*Attorneys for Defendant Dennis M. Chack*

/s/ Brian P. O'Connor (with permission)
Brian P. O'Connor (0086646)
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
Telephone: (513) 721-4450
Facsimile: (513) 852-5994
Email: bpo@santenhughes.com

Preston Burton (admitted *pro hac vice*)
Adam Miller (admitted *pro hac vice*)
Bree Murphy (admitted *pro hac vice*)
Jill Winter (admitted *pro hac vice*)
BUCKLEY LLP
2001 M Street NW, Suite 500
Washington, DC 20036
Telephone: (202) 349-8000
Facsimile: (202) 349-8080
Email: pburton@buckleyfirm.com

/s/ Jeremy R. Teaberry (with permission)
Jeremy R. Teaberry (0082870)
Timothy D. Katsiff (admitted *pro hac vice*)
David L. Axelrod (admitted *pro hac vice*)
Emilia McKee Vassallo (admitted *pro hac vice*)
Brittany M. Wilson (admitted *pro hac vice*)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
Email: teaberryj@ballardspahr.com
Email: katsifft@ballardspahr.com
Email: axelrodd@ballardspahr.com
Email: mckeevassalloe@ballardspahr.com
Email: wilsonbm@ballardspahr.com

*Attorneys for Defendant James F. Pearson*

/s/ John R. Mitchell (with permission)
John R. Mitchell (0066759)
Michael J. Zbiegien Jr. (0078352)
Kelsey Hughes-Blaum (admitted *pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-2302
Telephone: (216) 706-3909
Facsimile: (216) 241-3707
Email: jmitchell@taftlaw.com
Email: mzbiegien@taftlaw.com
Email: khughesblaum@taftlaw.com

*Attorneys for Defendant Ty R. Pine*

/s/ John C. Fairweather (with permission)
John C. Fairweather (0018216)
Lisa S. DelGrosso (0064938)
BROUSE McDOWELL
388 South Main Street, Suite 500
Akron, OH 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
Email: jfairweather@brouse.com
Email: ldelgrosso@brouse.com

Stephen S. Scholes (admitted *pro hac vice*)

4884-7881-9128.v4

Email:  amiller@buckleyfirm.com
Email:  bmurphy@buckleyfirm.com
Email:  jwinter@buckleyfirm.com

*Attorneys for Defendant Donald R. Schneider*

/s/ James E. Arnold (with permission)
James E. Arnold (0037712)
Gerhardt A. Gosnell II (0064919)
ARNOLD & CLIFFORD LLP
115 W. Main St., Fourth Floor
Columbus, OH 43215
Telephone:  (614) 460-1600
Facsimile:  (614) 469-1093
Email:  jarnold@arnlaw.com
Email:  ggosnell@arnlaw.com

Veronica E. Callahan (admitted *pro hac vice*)
Aaron F. Miner (admitted *pro hac vice*)
Zheng (Jane) He (admitted *pro hac vice*)
Yiqing Shi (admitted *pro hac vice*)
ARNOLD & PORTER KAYE
    SCHOLER LLP
250 West 55th Street
New York, NY  10019-9710
Telephone:  (212) 836-8000
Facsimile:  (212) 836-8689
Email:  aaron.miner@arnoldporter.com
Email:  veronica.callahan@arnoldporter.com
Email:  jane.he@arnoldporter.com
Email:  Yiqing.Shi@arnoldporter.com

Andrew C. Johnson (admitted *pro hac vice*)
ARNOLD & PORTER KAYE
    SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001-3743
Telephone:  (202) 942-5631
Email:  Andrew.Johnson@arnoldporter.com

*Attorneys for Defendant Leila L. Vespoli*

Dated: October 17, 2022

Paul M.G. Helms (admitted *pro hac vice*)
Samantha L. Fenton (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, IL  60606-0029
Telephone:  (312) 372-2000
Facsimile:  (312) 984-7700
Email:  sscholes@mwe.com
Email:  phelms@mwe.com
Email:  sfenton@mwe.com

*Attorneys for Defendant Robert P. Reffner*

/s/ Victor A. Walton, Jr. (with permission)
Victor A. Walton, Jr. (0055241)
Joseph M. Brunner (0085485)
VORYS, SATER, SEYMOUR & PEASE LLP
301 East Fourth Street, Suite 3500
Great American Tower
Cincinnati, OH  45202
Telephone:  (513) 723-4000
Facsimile:  (513) 723-4056
Email:  vawalton@vorys.com
Email:  jmbrunner@vorys.com

Andrew P. Guran (0090649)
VORYS, SATER, SEYMOUR & PEASE LLP
106 South Main Street, Suite 1100
Akron, OH  44308-1471
Telephone:  (330) 208-1000
Facsimile:  (330) 208-1001
Email:  apguran@vorys.com

*Attorneys for Defendant John Judge*

By: /s/ Matthew L. Fornshell (with permission)

ICE MILLER LLP

Matthew L. Fornshell (0062101)
    TRIAL ATTORNEY
Nicole R. Woods (0084865)

- 21 -

250 West Street, Suite 700
Columbus, OH 43215-7509
Tel.: (614) 462-1061
Fax: (614) 222-3692
matthew.fornshell@icemiller.com
nicole.woods@icemiller.com

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP

Steven E. Fineman (admitted *pro hac vice*)
Daniel P. Chiplock (admitted *pro hac vice*)
Michael J. Miarmi (admitted *pro hac vice*)
John T. Nicolaou (admitted *pro hac vice*)
Gabriel A. Panek (admitted *pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel.: (212) 355-9500
Fax: (212) 355-9592
sfineman@lchb.com
dchiplock@lchb.com
mmiarmi@lchb.com
jnicolaou@lchb.com
gpanek@lchb.com

Richard M. Heimann (admitted *pro hac vice*)
Bruce W. Leppla (admitted *pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel.: (415) 956-1000
Fax: (415) 956-1008
rheimann@lchb.com
bleppla@lchb.com

*Attorneys for Direct Action Plaintiffs*

- 22 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on October 17, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Joseph F. Murray
JOSEPH F. MURRAY

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY, Trial Attorney (0063373)
1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)

Email:  murray@mmmb.com

# Mailing Information for a Case 2:20-cv-03785-ALM-KAJ Owens v. FirstEnergy Corp. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **X. Jay Alvarez**
  jaya@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James Edward Arnold**
  jarnold@arnlaw.com,7489829420@filings.docketbird.com,tashby@arnlaw.com,ablosser@arnlaw.com

- **David L. Axelrod**
  axelrodd@ballardspahr.com,mangiaracinaj@ballardspahr.com

- **Daniel E. Barenbaum**
  dbarenbaum@bermantabacco.com,sfservice@bermantabacco.com

- **Jordan M. Baumann**
  jbaumann@jonesday.com

- **Javier Bleichmar**
  jbleichmar@bfalaw.com

- **David S Bloomfield , Jr**
  dbloomfield@porterwright.com,mruyf@porterwright.com

- **Joseph Michael Brunner**
  jmbrunner@vorys.com,tlschwarz@vorys.com

- **Preston Burton**
  pburton@buckleyfirm.com,lschwartz@buckleyfirm.com

- **Veronica E. Callahan**
  veronica.callahan@arnoldporter.com,edocketscalendaring@arnoldporter.com,veronica-callahan-1417@ecf.pacerpro.com,maosdoh@arnoldporter.com

- **Shanaye Y. Carvajal**
  shanaye.carvajal@davispolk.com

- **Rachel Ann Cocalis**
  rcocalis@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Brian E. Cochran**
  bcochran@rgrdlaw.com,mlydon@rgrdlaw.com,e_file_sd@rgrdlaw.com,kjohnson@rgrdlaw.com

- **Desiree Cummings**
  dcummings@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **James Rubin Cummins**
  jcummins@cumminslaw.us,hpoindexter@cumminslaw.us,docket@cumminslaw.us

- **Lisa S Del Grosso**
  ldelgrosso@brouse.com,sslabaugh@brouse.com

- **Marjorie P Duffy**
  mpduffy@jonesday.com,rfargabrite@jonesday.com,erector@jonesday.com

- **Jeremy Steven Dunnaback**
  jdunnaback@bakerlaw.com

- **John C Fairweather**
  jcf@brouse.com,sslabaugh@brouse.com

- **John A Favret , III**
  jfavret@tuckerellis.com,darlene.hudeck@tuckerellis.com,Chelsea.croy@tuckerellis.com

- **Robert Stephen Faxon**
  rfaxon@jonesday.com

- **Samantha L Fenton**
  sfenton@mwe.com

- **Jason A. Forge**
  JForge@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Christopher Thomas Gilroy**
  cgilroy@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Jonah H. Goldstein**
  jonahg@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Gerhardt A Gosnell , II**
  ggosnell@arnlaw.com,1524359420@filings.docketbird.com,tashby@arnlaw.com

- **Steven Grimes**
  SGrimes@winston.com

- **Tor Gronborg**
  torg@rgrdlaw.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com,ckopko@rgrdlaw.com

- **Andrew Paul Guran**
  apguran@vorys.com

- **M. Ryan Harmanis**
  rharmanis@jonesday.com,nafickle@jonesday.com

- **Paul Helms**
  phelms@mwe.com

- **Kelsey Hughes-Blaum**
  khughesblaum@taftlaw.com

- **Robert K. Hur**
  rhur@gibsondunn.com

- **Andrew W Hutton**
  dhutton@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Steve Michael Jodlowski**
  sjodlowski@rgrdlaw.com,E_File_SD@rgrdlaw.com,SusanM@rgrdlaw.com

- **Andrew C. Johnson**
  Andrew.Johnson@arnoldporter.com

- **C. Chad Johnson**
  chadj@rgrdlaw.com

- **Francis Paul Karam**
  fkaram@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Daniel Richard Karon**
  dkaron@karonllc.com,cgood@karonllc.com,bhollowell@karonllc.com

- **Timothy D. Katsiff**
  katsifft@ballardspahr.com

- **John M Kelley**
  jkelley@rgrdlaw.com

- **Ashley M. Kelly**
  akelly@rgrdlaw.com,E_File_SD@rgrdlaw.com,AKellyRGRD@ecf.courtdrive.com

- **Michael L. Kichline**
  michael.kichline@morganlewis.com

- **Eric Kim**
  eric.kim@davispolk.com

- **Emily S. Kimmelman**
  emily.kimmelman@morganlewis.com

- **Nicole Lavallee**
  nlavallee@bermantabacco.com,sfservice@bermantabacco.com

- **Corey Anthony Lee**
  calee@jonesday.com

- **Albert Grant Lin**
  alin@bakerlaw.com,phubbard@bakerlaw.com

- **Ting H. Liu**
  tliu@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Douglas M Mansfield**
  dmansfield@lmng-law.com

- **John F McCaffrey**
  John.McCaffrey@tuckerellis.com,christen.wilk@tuckerellis.com

- **Laura Hughes McNally**
  laura.mcnally@morganlewis.com,carole.griffin@morganlewis.com

- **Francisco J Mejia**
  FMejia@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jason R. Meltzer**
  jmeltzer@gibsondunn.com

- **Jason J. Mendro**
  JMendro@gibsondunn.com

- **Adam B. Miller**
  amiller@buckleyfirm.com,testad@buckleyfirm.com,autodocket@buckleyfirm.com,docket@buckleyfirm.com

- **Aaron F. Miner**
  aaron.miner@arnoldporter.com

- **Jonathan P. Misny**
  misny@mmmb.com,tiffany@mmmb.com,tiffany@ecf.courtdrive.com,misny@ecf.courtdrive.com

- **David W Mitchell**
  davidm@rgrdlaw.com,slandry@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **John R Mitchell**
  jmitchell@taftlaw.com,LUdovicic@taftlaw.com,ewerner@taftlaw.com,CLE_Docket_Assist@taftlaw.com

- **Thomas N Mitchell**
  mpduffy@jonesday.com

- **Geoffrey J Moul**
  moul@mmmb.com,tiffany@mmmb.com,tiffany@ecf.courtdrive.com,moul@ecf.courtdrive.com

- **Adrienne Marie Ferraro Mueller**
  afmueller@jonesday.com

- **Bree Murphy**
  bmurphy@buckleyfirm.com,wbusch@buckleyfirm.com

- **Brian K Murphy**
  murphy@mmmb.com,tiffany@mmmb.com,murphy@ecf.courtdrive.com,tiffany@ecf.courtdrive.com

- **Joseph F Murray**
  murray@mmmb.com,tiffany@mmmb.com,tiffany@ecf.courtdrive.com,murray@ecf.courtdrive.com

- **Danielle S. Myers**
  DMyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Brian Patrick O'Connor**
  bpo@santen-hughes.com,sla@santen-hughes.com

- **Lucas Freeman Olts**
  lolts@rgrdlaw.com,E_File_SD@rgrdlaw.com,lolts@ecf.courtdrive.com

- **Steven Wayne Pepich**
  stevep@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Daniel J. Pfefferbaum**
  dpfefferbaum@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Karen Pieslak Pohlmann**
  karen.pohlmann@morganlewis.com

- **Sara B. Polychron**
  spolychron@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Emily Mae Rector**
  erector@jonesday.com

- **Carole Schwartz Rendon**
  crendon@bakerlaw.com

- **Darren J Robbins**
  tedp@rgrdlaw.com

- **Scott B. Scheinberg**
  sscheinberg@jonesday.com

- **William Scherman**
  wscherman@gibsondunn.com

- **Steven S. Scholes**
  sscholes@mwe.com

- **Kevin Shen Sciarani**
  ksciarani@rgrdlaw.com,KSciarani@ecf.courtdrive.com,E_File_SD@rgrdlaw.com,tdevries@rgrdlaw.com

- **Victoria Lynn Serrani**
  vlserrani@bmdllc.com

- **Yiqing Shi**
  yiqing.shi@arnoldporter.com

- **Joshua N. Shinbrot**
  joshua.shinbrot@davispolk.com

- **Jessica Tally Shinnefield**
  jshinnefield@rgrdlaw.com,E_File_SD@rgrdlaw.com,ChristC@rgrdlaw.com,JShinnefield@ecf.courtdrive.com

- **Douglas L. Shively**
  dshively@bakerlaw.com

- **Hannah M. Smith**
  hannah.smith@tuckerellis.com,christen.wilk@tuckerellis.com

- **Mark Soloman**
  marks@rgrdlaw.com

- **Stephen G Sozio**
  sgsozio@jonesday.com

- **Hillary Bryn Stakem**
  hstakem@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **George A. Stamboulidis**
  gstamboulidis@bakerlaw.com

- **Joseph J. Tabacco, Jr.**
  jtabacco@bermantabacco.com

- **Jeremy R Teaberry**
  teaberryj@ballardspahr.com

- **Robert Ward Trafford**
  rtrafford@porterwright.com,tmagley@porterwright.com

- **Emilia McKee Vassallo**
  mckeevassalloe@ballardspahr.com

- **Robert J. Wagoner**
  bob@dwslaw.com,bob@wagonerlawoffice.com

- **Victor A Walton , Jr**
  vawalton@vorys.com,kjwooldridge@vorys.com

- **Daniel Rubin Warren**
  dwarren@bakerlaw.com

- **Lesley Weaver**
  lweaver@bfalaw.com

- **Dan K Webb**
  dwebb@winston.com

- **Brian S. Weinstein**
  brian.weinstein@davispolk.com,shanaye.carvajal@davispolk.com,ecf.ct.papers@davispolk.com

- **Brittany Marie Wilson**
  wilsonbm@ballardspahr.com

- **Jill Winter**
  jwinter@buckleyfirm.com,wbusch@buckleyfirm.com

- **Michael J. Zbiegien , Jr**
  mzbiegien@taftlaw.com,aoverly@taftlaw.com,cle_docket_assist@taftlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)