**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**IN RE FIRSTENERGY CORP. SECURITIES LITIGATION,**

**This document relates to:**

**ALL ACTIONS.**

**Civil Action 2:20-cv-3785
Chief Judge Algenon L. Marbley
Magistrate Judge Jolson**

# <u>ORDER</u>

This matter is before the Court on the Response to Order to Show Cause (Doc. 356) submitted by McNees, Wallace & Nurick, LLC ("McNees"). At issue is compliance with a subpoena served upon third-party Industrial Energy Users of Ohio ("IEU-Ohio") by Defendant Charles E. Jones. The ongoing conferral between IEU-Ohio and Jones has been the subject of several status reports and orders of the Court. (Docs. 342, 344, 348, 349, 351, 353). IEU-Ohio and Jones reached an agreement about how to conduct an initial search related to the subpoena. (*See* Doc. 351). Specifically, they plan to use agreed-upon search terms on certain files to produce a hit report exhibiting only:

- the total number of documents in the searchable set,
- the total number of documents with hits,
- the total number of documents with unique hits,
- a graph showing the number of search term hits by year,
- a term-by-term breakdown of the number of search-term responsive documents.

(*Id.* at 3–4).

Yet, McNees—IEU-Ohio's general counsel and document custodian—refused to include the .pst files of four document custodians in the initial search. (*Id.* at 4). Its refusal was premised on the fact that the .pst files contain information related to the representation of clients beyond IEU-Ohio, and the resulting hit report would implicate the attorney-client privilege. (*Id.*). This contention was presented without supporting legal authority, and left IEU-Ohio and Jones at an impasse regarding compliance with the subpoena—so the Court ordered McNees to show cause as to the legal authority

supporting its position. (Doc. 353).

Now, McNees has attempted to do so (Doc. 356), but the Court finds its arguments unpersuasive. Principally, McNees relies on Ohio Rule of Professional Conduct 1.6(a), which provides that "[a] lawyer shall not reveal information relating to the representation of a client . . . unless the client gives *informed consent*[.]" Ohio R. Prof'l Cond. 1.6(a). Because McNees does not have the informed consent of its other clients, and because it further believes the information in the hit report "could be used to extrapolate the duration, scope, timing and/or other protected information[,]" related to representation of those clients, McNees says Rule 1.6 prohibits it from including the .pst files in the search. (Doc. 356 at 3–4).

The general principle of Rule 1.6, however, is subject to numerous exceptions, which the Rule itself enumerates. This includes, in pertinent part, that:

> (b) A lawyer may reveal information relating to the representation of a client, including information protected by the attorney-client privilege under applicable law, to the extent the lawyer *reasonably believes* necessary for any of the following purposes:
>
> . . .
>
> (6) to comply with other law or a court order[.]

Ohio R. Prof'l Cond. 1.6(b)(6). The Court finds that McNees is under a duty to disclose the information to comply with other law—notably, with Federal Rule of Civil Procedure 45. Further, the Court does not find that the generalized information requested in the hit report reveals much at all about the representation of McNees's clients. Indeed, a privilege log, which is designed to assess the merits of privilege claims without outright disclosing privileged information, reveals much more information than the at-issue hit report. And, as has been noted by Jones, the initial hit report is merely a starting point from which all the interested parties can then further collaborate to "refine and narrow" the search to protect privileged information and reduce the burden of compliance. (Doc. 351 at 2).

The Court understands McNees's sensitivity about the use of client information. But now, to clarify McNees's obligation and provide clear support for disclosure under Ohio Rule of Professional Conduct 1.6(b)(6), the Court **ORDERS** McNees to include the .pst files of the document custodians[1] in the initial search of files and resulting hit report.

IT IS SO ORDERED.

Date: October 26, 2022

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

[1] The .pst files of four document custodians, Sam Randazzo, Kevin Murray, Deborah Ryan, and Matt Pritchard, were previously represented to be at-issue. (*See* Doc. 351). McNees now represents that Deborah Ryan's .pst file "was deleted after she left employment with the firm in 2019, consistent with firm practice." (Doc. 356 at 3 n.2). Accordingly, the Court understands that only the .pst files of Randazzo, Murray, and Pritchard can be included in the search.