# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

IN RE FIRSTENERGY CORP.
SECURITIES LITIGATION,

This document relates to:    Civil Action 2:20-cv-3785
                             Chief Judge Algenon L. Marbley
                             Magistrate Judge Jolson

ALL ACTIONS.

## OPINION AND ORDER

This matter is before the Court on the Joint Motion of Plaintiffs and Defendant Michael J. Dowling to Compel Production of Documents from Non-Party Partners for Progress (Doc. 350). The Motion is **GRANTED in part**. Specifically, Partners for Progress ("PFP") must do three things by December 7, 2022. First, PFP shall conduct a diligent search for all responsive documents to the subpoenas. The search must cover any and all documents within PFP's possession, custody, or control. Second, non-privileged documents must be produced. Third, all documents withheld on the basis of privilege must be logged.

The remainder of the Motion is held in abeyance. It is too soon for the Court to decide questions of privilege and waiver given that this matter is still in its relative infancy. After the above production is complete, if disputes remain, the parties shall attempt to resolve their disputes extrajudicially as follows:

- Plaintiffs and Defendant Dowling ("Movants") shall notify PFP of concerns by December 17, 2022;
- Movants and PFP shall attempt to resolve disputes up and until January 6, 2022;
- If disputes remain, Movants and PFP may file supplemental briefs (not to exceed 15 pages) by January 13, 2022.

I.    **BACKGROUND**

This case is a consolidated class action brought on behalf of all purchasers of securities in FirstEnergy Corp. ("FirstEnergy") between February 21, 2017 and July 21, 2020. (Doc. 72, ¶ 1). Plaintiffs seek relief under the Securities Act of 1933 and the Securities Exchange Act of 1934 against FirstEnergy, certain of its current and former employees, and "the investment banks which underwrote two FirstEnergy debt offerings during the Class Period." (*Id.*). Plaintiffs and Defendant Dowling bring the instant Motion to compel proper subpoena production from PFP.

On May 4, 2022, Dowling—who is a defendant in this case in part because of his alleged involvement with PFP—issued a subpoena to PFP. (Doc. 350 at 10–11). The subpoena included document requests involving: "(1) the formation and operation of PFP[;] (2) PFP internal communications and documents relating to its receipt and expenditures of funds; (3) PFP communications with specific third-party individuals and entities; and (4) documents that PFP produced in response to any subpoenas issued to PFP by a regulatory or law enforcement organization." (*Id.* at 11). The subpoena further requested that withheld documents be recorded in a privilege log. (*Id.*). PFP responded with objections to the subpoena on May 18, 2022, claiming that: "(1) the document requests were unduly burdensome; and (2) some of the requests could be construed to seek information protected by the attorney-client privilege, including documents related to the formation of PFP, as well as 'the attorney work product doctrine, statutes and rules applying to grand jury proceedings, or any other applicable statutory or common law privilege, prohibition, limitation or immunity from disclosure.'" (*Id.* at 12) (quoting Doc. 350-3). PFP also provided a limited production of documents, including documents related to its incorporation, communications with the IRS, tax documents, and bank statements. (*Id.*).

2

Plaintiffs also issued a subpoena to PFP, on May 25, 2022. (*Id.* at 11). Their requests were substantially similar to Dowling's, with the addition of "specific requests concerning PFP's role as described in the DPA and its communications with relevant witnesses, such as individuals and entities" alleged to have participated or been implicated in FirstEnergy's scheme. (*Id.*). As with Dowling's subpoena, "PFP responded with general objections to Plaintiffs' subpoena, asserting undue burden, duplication with FirstEnergy's production, and attorney-client privilege." (*Id.*).

Weeks of conferral followed, with PFP producing some additional material which was largely duplicative of its earlier production or else substantially redacted. (*Id.* at 13–15). No corresponding privilege log was produced, but PFP instead "provided vague descriptions of three broad categories of documents over which PFP maintained a claim of attorney-client privilege." (*Id.* at 15). On July 18, 2022, PFP produced other documents, which it represented as its final supplementation. (*Id.* at 16). Plaintiffs then "addressed PFP's failure to provide sufficient information about the assertion of the attorney-client privilege," and noted that PFP had refused to conduct a sufficiently thorough search for documents. (*Id.*). Namely, PFP had searched for files related to only one of its directors, Michael VanBuren—who is also an attorney and partner at Calfee Halter & Griswold LLP ("Calfee"), which represents PFP. (*Id.* at 1, 10–11, 16). In other words, PFP had only searched for VanBuren's documents maintained on Calfee's servers, but not elsewhere, and not for any documents in the possession, custody, and control of three of its current and former directors: Scott Davis, Daniel McCarthy, and McKenzie Davis. (*Id.* at 7, 16).

After months of conferral, the parties represented that they were at an impasse regarding compliance with the subpoenas (Doc. 335-1), and the Court encouraged PFP to produce a privilege log (Doc. 336). PFP did produce a privilege log, but Movants noted that the privilege log did not provide sufficient information to allow the parties to assess PFP's claims of attorney-client

3

privilege and that PFP still refused to search for documents other than those stored on Calfee's servers. (Doc. 337). Accordingly, the Court set a briefing schedule for Movants' Motion to Compel. (Doc. 343). The Motion has been fully briefed (Docs. 350, 359, 365) and, excepting its requests for rulings on privilege disputes, is ripe for consideration.

## II. STANDARD OF REVIEW

Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 45, for its part, provides that when a subpoena has been objected to, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). "While relevancy is broad, 'district courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce.'" *Plain Local Sch. Dist. Bd. of Educ. v. DeWine*, 335 F.R.D. 115, 119 (N.D. Ohio 2020) (alteration in original) (quoting *Surles ex rel. Johnson v. Greyhound, Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). At base, "the scope of discovery is within the sound discretion of the trial court." *Stumph v. Spring View Physician Practices, LLC*, No. 3:19-CV-00053-LLK, 2020 WL 68587, at *2 (W.D. Ky. Jan. 7, 2020) (quotation marks and citations omitted).

## III. DISCUSSION

Despite its non-party status, PFP must engage meaningfully in the discovery process as described below.

4

*A. PFP must fulfill its discovery obligations.*

As a threshold matter, Movants ask for PFP to conduct a diligent and good faith document search, produce responsive documents, and more thoroughly log withheld documents. (Doc. 350 at 32). Those requests are granted in part as follows. Specifically, PFP must search for and produce responsive documents in its possession, custody, and control. And any documents withheld on the basis of privilege must be logged thoroughly enough to assess PFP's assertions.

*1. Document Search and Production*

Up front, the Court addresses whether PFP's discovery obligations are lighter here simply because it is a non-party. First, non-parties are not alleviated from participating in discovery. Indeed, the function of Rule 45 is to require the compliance of non-parties in discovery, including the right to command a non-party to produce documents. *Taylor v. Universal Auto Grp. I, Inc.*, No. 14-mc-50, 2015 WL 1810316, at *4 (S.D. Ohio Apr. 17, 2015); *see also United States v. Tenn. Walking Horse Breeders' and Exhibitors' Assoc.*, 727 F. App'x 119, 123 (6th Cir. 2018) (quoting 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2451 (3d ed. 2008) (describing Rule 45's function "to compel the attendance of witnesses and the production of documents so that the court may have access to all of the available information for the determination of controversies before it."). Insofar as non-parties are subject to special consideration in discovery, it is primarily that issuing parties "must take reasonable steps to avoid imposing undue burden" on them. Fed. R. Civ. P. 45(d)(1).

Moreover, PFP is not a run-of-the-mill non-party. FirstEnergy exclusively funded PFP with millions of dollars and asserted control over it. *United States v. FirstEnergy Corp.*, 1:21-cr-86 (S.D. Ohio), Doc. 3 at 15 (Deferred Prosecution Agreement between FirstEnergy and the government stating, "Although Partners for Progress appeared to be an independent 501(c)(4) on

paper, in reality, it was controlled in part by certain former FirstEnergy Corp. executives, who funded it and directed its payments to entities associated with public officials."); *see also FirstEnergy Corp. Statement*, FIRSTENERGY (July 22, 2021), https://firstenergycorp.com/newsroom/news_articles/firstenergy-corp--statement-.html (describing how "FirstEnergy Corp. used the 501(c)(4) corporate form as a mechanism to conceal payments for the benefit of public officials and in return for official action[,]" and further that "[t]his effort would not have been possible, both in the nature and volume of money provided, without the use of a 501(c)(4) entity.").

Second, when considering the burden a non-party must endure, courts do not abandon discovery principles. *Mid Am. Sols. LLC v. Vantiv, Inc.*, No. 1:16-mc-2, 2016 WL 1611381, at *5 (S.D. Ohio Apr. 20, 2016) (citation omitted) ("A subpoena to a third party under [Federal Rule of Civil Procedure] 45 is subject to the same discovery limitations as those set out in Rule 26."). Under Rule 26 of the Federal Rules of Civil Procedure, the Court must consider proportionality guided by the following factors:

- Importance of the issues at stake in the action
- Amount in controversy
- Parties' relative access to relevant information
- Parties' resources
- Importance of the discovery in resolving the issues
- Whether the burden or expense of the proposed discovery outweighs its likely benefit

Fed. R. Civ. P. 26(b)(1).

On balance, the factors require PFP to search for responsive documents in its possession, custody, or control. As described above, FirstEnergy has by its own admission stated that PFP was vital to its efforts to conceal payments to public officials in exchange for favorable official action. FirstEnergy's scheme is at the heart of the cause of action brought by Plaintiffs. And the

6

allegations against Dowling include his alleged involvement with PFP. In other words, the requested discovery is necessary for resolving issues in this litigation, and the issues themselves are of central importance to the litigation. Similarly, the amount in controversy is large—this is a class action brought on behalf of a purported class of thousands who owned securities in FirstEnergy. (Doc. 293-1 at 16–17). PFP has far greater access to the requested discovery than Movants, and there is no apparent concern regarding PFP's resources.

Still more, PFP has not shown that searching for responsive documents within its possession, custody, or control is burdensome. *Ball v. Kasich,* No. 2:16-cv-282, 2018 WL 6242230, at *3 (S.D. Ohio Nov. 29, 2018) (citation omitted) (noting that if the movant makes an initial showing of relevance, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome."). At most, PFP says it should not have to search for responsive documents, including those associated with three PFP directors, because Movants might hypothetically obtain those documents through subpoenas to those individuals themselves. (Doc. 359 at 16). This argument is insufficient. The Court must limit the extent of discovery when it "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i). But PFP has not shown that the at-issue discovery is unreasonably cumulative or is less burdensomely obtained elsewhere. In particular, though Plaintiffs have served—or in one case only attempted service on—the three directors, virtually no documents have been produced. (Doc. 365 at 15 n.6). In other words, none of the discovery sought from PFP would be cumulative with anything already discovered by Movants. Nor has PFP shown that it would be less burdensome to obtain the documents elsewhere. As the organization at which the responsive discovery was created and shared, PFP is in the best position to produce the discovery. And, significantly, the three directors

are also non-parties to this action, making the situation here clearly distinct from those cases in which "courts routinely quash subpoenas to non-parties where the discovery sought was obtainable from a party to the litigation." *McGlone v. Centrus Energy Corp.*, No. 2:19-cv-2196, 2020 WL 4462305, at *4 (S.D. Ohio Aug. 4, 2020).

In sum, the Court concludes that PFP is likely to have relevant information in its possession, custody, or control, and the factors the Court must consider do not outweigh requiring production. PFP is **ORDERED** to search for and produce responsive documents within its possession, custody, or control by December 7, 2022. Though this turnaround is relatively quick, it is justified because the subpoenas were served roughly six months ago.

   2. *Privilege Log*

Previously, the Court encouraged PFP to prepare a privilege log and shared guidance from the Sixth Circuit: "The Court notes that the Sixth Circuit has held that, when it comes to assertions of privilege, 'conclusory statements are insufficient to meet an objecting party's evidentiary burden.' *Cox v. Franklin Cty. Bd. of Comm'rs*, No. 2:18-cv-1631, 2019 WL 6711388, at *4 (internal quotation marks omitted) (citing *U.S. v. Roxworthy*, 457 F.3d 590, 597 (6th Cir. 2006))." (Doc. 336 at 1).

Thereafter, PFP prepared and produced a privilege log. But Movants say the log is too vague to assess PFP's assertions of privilege. (Doc. 350 at 19–20). Still more, Movants believe significant documents that have been withheld are not logged at all. (*Id.*).

The Court agrees. A party asserting privilege must provide sufficient information to allow a court to determine whether the communications in question were in fact confidential communications relating to legal advice. *Cooey v. Strickland*, 269 F.R.D. 643, 649 (S.D. Ohio 2010); *see also* Fed. R. Civ. P. 45(e)(2)(A); S.D. Ohio Local Civ. R. 26.1 ("A privilege log shall

8

list documents, electronically stored information, communications, or tangible things withheld in an organized and logical order and *must contain sufficient information to enable an opposing party and the Court to evaluate the applicability of the claimed privilege or protection*.") (emphasis added).

A review of the log shows that neither Movants nor the Court can assess PFP's assertions of privilege. For example, the vast majority of entries on the privilege log are communications to or from Michael VanBuren, PFP's director and Calfee attorney, which purport—without elaboration—to be legal advice on topics ranging from PFP's formation, its donations, and its consulting agreements. PFP's implication being that a communication is necessarily properly withheld if it: (1) involves an attorney; and (2) is represented to be "legal advice." But this is precisely the sort of conclusory statement of privilege the Sixth Circuit deems insufficient. And it is a statement that is complicated particularly by VanBuren's dual status as director and attorney. There are significant, fact-intensive questions regarding whether VanBuren was acting in his capacity as a director rendering business advice, or as an attorney rendering legal advice, when he engaged in those communications. And the mere label of legal advice does not allow for assessment of the claimed basis for privilege. In addition, the privilege log appeared to lack reference to certain documents altogether, like the redacted documents that PFP had previously produced. (Doc. 350 at 20).

The privilege log must be more fulsome to allow for meaningful review. Additionally, after the required search and production are complete, all documents withheld on the basis of any privilege must be logged properly. The log must be completed by December 7, 2022.

  B. *Questions of privilege and waiver are premature.*

It is too soon for the Court to answer the remaining questions. Document production is not yet complete and PFP still has an opportunity to supplement its privilege log. PFP shall fulfill its obligations, and the parties shall then attempt to resolve remaining disputes. If disputes remain, the Court will entertain supplemental briefing consistent with the schedule stated herein.

**IV. CONCLUSION**

For the foregoing reasons, the Joint Motion of Plaintiffs and Defendant Michael J. Dowling to Compel Production of Documents from Non-Party Partners for Progress (Doc. 350) is **GRANTED in part**. Specifically, by December 7, 2022, PFP must (1) search for all responsive documents to the subpoenas within its possession, custody, or control, (2) produce non-privileged documents, and (3) prepare and produce a privilege log.

The remainder of the Motion is held in abeyance. After the above production is complete, if disputes remain, the parties shall attempt to resolve their disputes extrajudicially as follows:

- Movants shall notify PFP of concerns by December 17, 2022;
- Movants and PFP shall attempt to resolve disputes up and until January 6, 2022;
- If disputes remain, Movants and PFP may file supplemental briefs (not to exceed 15 pages) by January 13, 2022.

IT IS SO ORDERED.


Date: November 18, 2022       /s/ Kimberly A. Jolson
                  KIMBERLY A. JOLSON
                  UNITED STATES MAGISTRATE JUDGE