IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| *In re* FIRSTENERGY CORP. SECURITIES LITIGATION | Case No. 2:20-cv-3785 |
| | Chief Judge Algenon L. Marbley |
| This document relates to: ALL ACTIONS. | Magistrate Judge Kimberly A. Jolson |

**OPINION & ORDER**

This matter is before the Court for consideration of Class Plaintiffs' Objection (ECF No. 360) to the Magistrate Judge's Aggregation Order (ECF No. 355) and Request to Stay Pending Resolution of Class Plaintiffs' Objection filed by Lead Plaintiffs Los Angeles County Employees Retirement Association and Plaintiffs Amalgamated Bank as Trustee for the LongView LargeCap 500 Index Fund, LongView Quantitative LargeCap Fund, LongView Broad Market 3000 Index Fund, LongView LargeCap 500 Index Fund VEBA, LV LargeCap 1000 Value Index Fund, LongView Quantitative MidCap Fund, LongView Quant LargeCap Equity VEBA Fund and LongView Core Plus Fixed Income Fund, City of Irving Supplemental Benefit Plan, and Wisconsin Laborers' Pension Fund (collectively, "Class Plaintiffs"). For the reasons that follow, Class Plaintiffs' Objection (ECF No. 360) is **OVERRULED**.

**I.  BACKGROUND**

In her October 18, 2022 Opinion and Order ("the Aggregation Order"), the Magistrate Judge considered the discovery dispute raised by the parties in their October 17, 2022 Joint Status Report (ECF No. 354). In addition to the Class Plaintiffs and the defendants (who include FirstEnergy Corporation), this case also involves several plaintiffs who have litigated their claims

1

against defendants independently of the Class Action (the "Opt-Out Plaintiffs"). The dispute concerned the parties' attempt, pursuant to this Court's Fact Deposition Protocol (ECF No. 309 at 2), "to coordinate the fact depositions conducted in the [Class] Action with those conducted in the related [Direct Action] cases captioned *MFS Series Trust I, et al. v. FirstEnergy Corp., et al.*, No. 2:21-cv-05839 (S.D. Ohio), *Brighthouse Funds Trust II – MFS Value Portfolio, et al. v. FirstEnergyCorp., et al.*, No. 2:22-cv-00865 (S.D. Ohio)."

In the Joint Status Report, Class Plaintiffs asserted that coordination with the Opt-Out Plaintiffs would violate the Private Securities Litigation Reform Act of 1995's ("PSLRA") rigorous vetting for appointments of lead plaintiffs and lead counsel (15 U.S.C. §78u-4) and the Court's previous Opinion and Order (ECF No. 65) appointing Lead Plaintiff and Lead Counsel. (ECF No. 354 at 2–8). Class Plaintiffs also argued that coordination would raise significant conflicts given the material differences in the case theories presented by the two sets of Plaintiffs. (*Id.*). As such, asserted Class Plaintiffs, both they and Opt-Out Plaintiffs should be afforded separate opportunities to depose each of the 65 fact witnesses for seven hours. (*Id.* at 3–4). Each witness would be then subject to seven hours of cross-examination by the defendants after each set of plaintiffs conducted their direct examinations. (*Id.*). All told, this would amount to 28 hours of questioning per witness. Defendants reached substantial agreement with the Opt-Out Plaintiffs concerning the depositions. (*Id.* at 11). Defendants disagreed only in that they believed that Class Plaintiffs and Opt-Out Plaintiffs were required to share the "up to 7 hours" allocated to Plaintiffs for each deposition. (*Id.*).

Opt-Out Plaintiffs made several requests in the Joint Status Report. First, Opt-Out Plaintiffs asserted that "the Court should order that the Fact Deposition Protocol [(ECF No. 309)] likewise governs the Direct Actions." (*Id.* at 13). Second, they contended that this Court should allow at

least 16 hours for each fact deposition. (*Id.*). Finally, they maintained that, given Class Plaintiffs' unwillingness to collaborate with Opt-Out Plaintiffs to allocate deposition time, this Court order for each deposition that Plaintiffs questioning first have up to six hours and Plaintiffs questioning second have up to two. (*Id.*). Plaintiffs would be required to determine the order of questioning within seven days of the service of the deposition notice. (*Id.*).

The Magistrate Judge considered the parties' competing proposals and determined, "in the interest of justice and efficiency," the following:

> The Court will allow up to eighteen hours for each fact deposition, divided evenly between Plaintiffs and Defendants . . . For each deposition, the Plaintiffs questioning first will have up to seven hours and the Plaintiffs questioning second will have up to two hours. The Plaintiffs must communicate within seven days after the deposition notice is served to decide the order of questioning. In the event the Plaintiffs cannot agree on an order of questioning, the Class Action Plaintiffs will conduct questioning first and the [Opt-Out] Plaintiffs will conduct questioning second.

(ECF No. 355 at 1–2).

The Aggregation Order also held that the Fact Deposition Protocol would govern both the Direct Actions and the Putative Class Action, and that "[a]ll Parties are entitled to participate in all depositions of any Defendant named in any of the Actions and any third party, without needing to separately notice or subpoena those parties or third parties, subject to Section B(2) of the Fact Deposition Protocol." (*Id.* at 3). The Magistrate Judge there essentially rejected Class Plaintiffs' suggested plan, which would "offer coordination" with the Opt-Out Plaintiffs "only in the sense that deponents would be available to both groups within the same three-day period." (*Id.* at 1).

Subsequent to the Opinion and Order, Class Plaintiffs transmitted an email to the Magistrate Judge purportedly "seek[ing] to clarify" the following points:

- Each side in each case gets equal deposition time (seven hours per side in the Class Action and two hours per side in the Opt-Out Cases (assuming Class-Action Plaintiffs go "first" among the plaintiffs in the three cases, which is a very safe assumption));
- Opt-Out Plaintiffs may attend, and use testimony and accompanying documents elicited during Class-Action Plaintiffs' examinations, but testimony and accompanying documents elicited by Opt-Out Counsel or by defendants during Opt-Out portions of depositions are inadmissible in the Class Case;
- Each deposition shall be counted against the total number of depositions of whichever side notices the deposition in each respective case;
- Chief Judge Marbley shall determine the extent to which the Class should share in any Opt-Out recoveries; [and]
- The Coordination Order does not apply to expert discovery.

(ECF No. 360-4 at 2). Class Plaintiffs further intimated that they would "be forced to object to the Consolidation Order" if the Magistrate Judge did not schedule an immediate teleconference or otherwise indicate she was "willing to withdraw the Consolidation Order." (*Id.* at 3).

The Magistrate Judge declined Class Plaintiffs' thinly-veiled request for reconsideration in her October 27, 2022 Order. (ECF No. 358). The Magistrate Judge noted that Class Plaintiffs had conducted only "a single meet-and-confer call" with counsel for the Defendants and the Opt-Out Plaintiffs before sending its email purporting to seek clarification on the Aggregation Order. (*Id.*

4

at 1). The Magistrate Judge then reminded Class Plaintiffs that the Court had established procedures to dispatch with discovery disputes among the parties, including an Order requiring the parties to engage in weekly meet-and-confer efforts (ECF No. 309) and an Order requiring the parties to submit regular joint status reports and hold presumptive in-person status conferences (ECF No. 333). (*Id.*). Further, the Magistrate Judge noted, discovery disputes could also be resolved via "a meaningful conferral process with the other parties" after which remaining issues could be brought to the Court's attention or, failing that, "class counsel may also seek any relief available to them under the Federal Rules of Civil Procedure." (*Id.*).

Unsatisfied with the Magistrate Judge's response, Class Plaintiffs filed their Objections on November 1, 2022. (*See* ECF No. 360 at 1). In their Memorandum of Law (ECF No. 360-1) accompanying their Objection, Class Plaintiffs assert that the Aggregation Order is "clearly erroneous" in the following respects:

- The Order effectively allows another party and its counsel to force their way into an aggregation as co-lead plaintiff and co-lead counsel contrary to a prior Order from this Court (*See* ECF No. 65);

- The Order is "plainly inequitable and legally indefensible" by allowing the Class Plaintiffs seven hours to examine witnesses, while allowing nine hours for defendants – leaving "unvetted" Opt-Out Counsel to represent Class Plaintiffs' interests for two hours of each fact deposition;

- The Order would usurp this Court's authority by appointing Opt-Out Counsel as co-counsel to Lead Counsel such that if the "unidentified, unvetted, and understaffed" Opt-Out Counsel elicit "bad" testimony from the defendants, the testimony would be admissible against all members of the putative class and the

5

      bad depositions would count against the total number of depositions Lead Counsel can take on behalf of the Class; and

- The Order erroneously combines Class Plaintiffs with Opt-Out Plaintiffs (instead of having them collaborate) such that it allows for depositions noticed by
- The unappointed Opt-Out Plaintiffs, acting through unidentified, unvetted, and understaffed Opt-Out Counsel, in separate cases to count against Class Plaintiffs' 23 third-party depositions.

(ECF No. 360-1).

Additionally, Class Plaintiffs request that this Court order that any opt-outs who gain access to the depositions in this Class Case (by attending, receiving transcripts, etc.) must pay to the Class a portion of any recoveries from defendants in an amount to be determined by the Court. (ECF No. 360-1 at 19). Lastly, Class Plaintiffs request that this Court expressly order that (1) the Aggregation Order does not apply to expert discovery; (2) Opt-Out Plaintiffs are prohibited from receiving or relying on any opinions (including reports) and/or testimony of any of the Class Plaintiffs' experts and vice versa; and (3) any opinions (including reports) and/or testimony of any Opt-Out Plaintiffs' expert shall be inadmissible in the in the Class Case, and any opinions (including reports) and/or testimony of any Class Plaintiffs' expert shall be inadmissible in the in the Opt-Out Cases. (*Id.* at 16).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), district judges reviewing magistrate judges' orders on non-dispositive matters "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Indeed, "the clearly erroneous standard applies to factual findings by the

magistrate judge" in light of the considerable deference that Rule 72(a) provides to the determinations of magistrates. Fed.R.Civ.P. 72(a); *Hunter v. Booz Allen Hamilton, Inc.*, No. 2:19-CV-411, 2021 WL 2410378, at *2 (S.D. Ohio June 14, 2021) (Marbley, J.) (internal quotation marks omitted). A magistrate judge's factual finding is "clearly erroneous" only when, after reviewing the evidence, the court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A court will overturn a magistrate judge's legal conclusions only where those conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992) *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (internal quotation marks and citation omitted).

### III.　ANALYSIS

As an initial matter, nowhere in Class Plaintiffs' Objections do they argue, under the appropriate standard of review, *see Hunter*, 2021 WL 2410378, at *2, exactly how any portion of the Magistrate Judge's Order was "clearly erroneous" or "contrary to law." Class Plaintiffs' Objections make clear that they *disagree* with the Aggregation Order. This Court finds equally clear that Class Plaintiffs' reliance on minimally relevant caselaw and doomsday hypotheticals in which the Aggregation Order *could* cause prejudice fails to demonstrate "clear error." Class Plaintiffs missed an important piece throughout its 28-page Objection that the Magistrate Judge reiterated in her October 27, 2022 Order: "[i]f class counsel seeks resolution of the present dispute . . . they can engage in a *meaningful conferral* process with the other parties, and *should* the issue reach an impasse and require the Court's immediate attention, raise it in a joint status report." (*See* ECF No. 358 at 1). As such, the parties retain the right to collaborate on how they will manage the 18 total hours of deposition time for each fact witness.

The Fact Deposition Protocol that Class Plaintiffs characterize as improper "forced aggregation" (ECF No. 360-1 at 4) explicitly advises that "in the interest of party and judicial efficiency, the parties must attempt to coordinate the fact depositions conducted in the Action with those conducted in the related opt-out cases." (ECF No. 309 at 2). Despite there being little indication in the record that Class Plaintiffs have earnestly attempted to coordinate the upcoming fact depositions, they argue in their Objections that the provisions of the Aggregation Order are "plainly inequitable and legally indefensible." (ECF No. 360-1 at 14). This Court declines to credit this assertion. The October 27, 2022 Order reiterated that the preceding orders expressly allowed the parties to coordinate their allotment to produce a mutually agreeable result. (ECF No. 358 at 1). The October 27, 2022 Order also acknowledged that the parties have several options for redress if any issues indeed result from the established protocol. (*Id.*). This Court further notes, as Opt-Out Plaintiffs asserted in the Joint Status Report, that no "fiduciary duty, statutory requirement, or Court order" has the effect of "prohibit[ing] Class Counsel from coordinating with other counsel to minimize inefficiency." (*See* ECF No. 147 at 14).

But even if the Aggregation Order's provision that "the Plaintiffs questioning first will have up to seven hours and the Plaintiffs questioning second will have up to two hours" (*See* ECF No. 355 at 2) was unreasonable, Class Plaintiffs' alternative proposition—allowing for each of 65 fact witnesses to be deposed for up to 28 hours—would be even more unreasonable (*See* ECF No. 360-1 at 10–11). Such a process would present significant burdens to the witnesses, extend the discovery process past that allowed by the Scheduling Order (*See* ECF No. 318), and run afoul of the Court's interest in judicial efficiency.

This Court finds that the Aggregation Order is reasonable both as an order in its own right and as a compromise between the positions taken by the Class Plaintiffs, the Opt-Out Plaintiffs,

8

and Defendants in their Joint Status Report. This Court reminds Class Plaintiffs that the Magistrate Judge's orders mean exactly what they convey: the parties are encouraged to *collaborate*. This Court will not entertain Class Plaintiffs' unsupported characterization of Opt-Out Plaintiffs' counsel as unvetted, unproductive, or inadequate. (*See, e.g.*, ECF No. 360-1 at 4–5, 12–15). Similarly, this Court will not entertain Class Plaintiffs' equally unsupported assertions that the doomsday scenarios that it has created out of whole cloth—in which unprepared Opt-Out Plaintiffs prejudice or unfairly benefit from Class Plaintiffs' case—will come to pass. (*See, e.g.*, ECF No. 360-1 at 13). This Court also cautions Class Plaintiffs that their email (ECF No. 360-4) to the Magistrate Judge purporting to request clarification on her Aggregation Order (when it instead sought reconsideration of the same) was improper. The proper method to seek reconsideration would have been to submit a motion to do so or to submit objections, the latter of which the Class Plaintiffs eventually did.

This Court clarifies and orders the following. First, the provision of the Aggregation Order that "the Plaintiffs questioning first will have up to seven hours and the Plaintiffs questioning second will have up to two hours" for the deposition of each fact witness is to be understood as a default arrangement subject to change if the parties so agree; however, this Court reaffirms that each fact witness will be deposed for no more than 18 hours each, giving Plaintiffs nine hours to divide. Second, *if* issues indeed arise with respect to the upcoming fact witness depositions, the parties may petition this Court for additional time to complete the depositions. The movant's petition for additional time to complete the depositions must include the following information: (1) why the movant did not complete the deposition in its entirety within the originally allotted time; (2) what subjects the movant was unable to cover during the deposition; (3) why the movant was unable to complete the deposition as to those subjects; and (4) what new issues the movant

9

seeks to address if allotted additional time to complete the deposition. Third, Class Plaintiffs' request that this Court expressly order that the Aggregation Order does not apply to expert discovery is not ripe for adjudication because the issue has not been previously raised before the Magistrate Judge. Finally, this Court declines to make a declaration concerning the allocation of attorney's fees at this time because such a declaration would be premature. Having found no merit to the Class Plaintiffs' Objections, this Court finds that the Objections are overruled.

## IV.

For the reasons set forth above, Class Plaintiffs' Objection to the Magistrate Judge's October 18, 2022 Opinion and Order (ECF No. 360) is **OVERRULED**. Class Plaintiffs' request therein to stay the Aggregation Order pending resolution of their Objection is thus **DENIED AS MOOT**.

**IT IS SO ORDERED.**

```
                                    ALGENON L. MARBLEY
                                    UNITED STATES DISTRICT COURT
```

**DATED:  November 21, 2022**