IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| *In re* FIRSTENERGY CORP. SECURITIES LITIGATION | Case No. 2:20-cv-3785 |
| | Chief Judge Algenon L. Marbley |
| This document relates to: ALL ACTIONS. | Magistrate Judge Kimberly A. Jolson |

## OPINION & ORDER

This matter is before the Court for consideration of Interested Party Partners for Progress Inc.'s Partial Objection to, and Motion to Partially Stay, the Magistrate Judge's November 18, 2022 Opinion and Order (ECF No. 378). (ECF No. 388). For the reasons that follow, Partners for Progress's Objection (ECF No. 388) is **OVERRULED**.

### I.     BACKGROUND

In her November 18, 2022 Opinion and Order (the "Order," ECF No. 378), the Magistrate Judge partially granted the Joint Motion of Plaintiffs and Defendant Michael J. Dowling to Compel Production of Documents from Non-Party Partners for Progress (ECF No. 350). Specifically, the Order provided Partners for Progress ("PFP") until December 7, 2022, to "(1) search for all responsive documents to the subpoenas within its possession, custody, or control, (2) produce non-privileged documents, and (3) prepare and produce a privilege log." (ECF No. 378 at 10). This dispute concerns PFP's contention that it should not be obligated to search for or produce records from former director and officer Dan McCarthy or to further supplement its privilege log. (ECF No. 388 at 14). Further background leading up to the present dispute is captured comprehensively in the Magistrate Judge's Order. (*See* ECF No. 378 at 2–4).

1

PFP filed its Objection to the Order on December 2, 2022. (ECF No. 388). There are two bases for PFP's Objection. First, PFP asserts that the Order's mandate to search for additional documents in the personal accounts or devices of its current and former directors and officers is "contrary to law" insofar as it requires PFP to produce documents from McCarthy. (*Id.* at 1–2). According to PFP, it lacks "possession, custody, or control" of any of McCarthy's documents because he resigned from the organization in December 2018. (*Id.* at 2). Second, PFP challenges the Order's mandate to provide a privilege log with more specificity because PFP's previously submitted log was "too vague to assess" its "assertions of privilege." (ECF No. 388 at 7; ECF No. 378 at 8). Namely, as PFP characterizes, the issue "primarily hinges" on whether the purportedly privileged items are solely business in nature or involve the seeking or giving of legal advice. (ECF No. 388 at 9). PFP argues that the logs that it produced are already sufficient and that to provide more information would jeopardize the information it seeks to protect. (*Id.* at 9–10). Further, PFP argues, the task of providing a more detailed log would be unduly burdensome—especially if the Magistrate Judge orders PFP to produce an itemized privileged log. (*Id.* at 11–12). Additionally, PFP requests that this Court stay the Order pending its resolution of the present dispute. (*Id.* at 12–13).

In sum, PFP requests that this Court expressly order that (a) Partners for Progress is not obligated to search for or produce documents from the personal devices or accounts of Dan McCarthy; and (b) Partners for Progress is not obligated to supplement further its privilege log. (*Id.* at 13).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), district judges reviewing magistrate judges' orders on non-dispositive matters "must consider timely objections and modify or set aside any

2

part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Indeed, "the clearly erroneous standard applies to factual findings by the magistrate judge" in light of the considerable deference that Rule 72(a) provides to the determinations of magistrates. Fed.R.Civ.P. 72(a); *Hunter v. Booz Allen Hamilton, Inc.*, No. 2:19-CV-411, 2021 WL 2410378, at *2 (S.D. Ohio June 14, 2021) (Marbley, J.) (internal quotation marks omitted). A magistrate judge's factual finding is "clearly erroneous" only when, after reviewing the evidence, the court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A court will overturn a magistrate judge's legal conclusions only where those conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992) *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (internal quotation marks and citation omitted).

### III. LAW AND ANALYSIS

Nowhere in PFP's Objection does it argue, under the appropriate standard of review, *see Hunter*, 2021 WL 2410378, at *2, exactly how any portion of the Magistrate Judge's Order was "clearly erroneous" or "contrary to law." This is the exact same flaw that was present in Class Plaintiffs' two Objections (ECF Nos. 360, 371) and which this Court noted in its Order overruling their first Objection. (ECF No. 382).[1]

The trial court has broad discretion to determine the proper scope of discovery. *Kokosing Const. Co. v. RLI Ins. Co.*, No. 2:07-CV-265, 2008 WL 619359, at *1 (S.D. Ohio Mar. 3, 2008) (citing *Lewis v. ACD Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Federal Rule of Civil Procedure 45 provides that a party may command a nonparty to produce documents. Fed. R.

---

[1] This Court did not rule on Class Plaintiffs' Second Objection because the motion was withdrawn. (ECF No. 390)

3

Civ. P. 45(a)(1). Under Rule 45, "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (internal quotation marks omitted). The party issuing a subpoena, however, must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed.R.Civ.P. 45(c)(1). Whether a subpoena imposes an "undue burden" is a case-specific inquiry which depends on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999).

A party can only be requested to produce documents "which are in the possession, custody or control of the party upon whom the request is served." Fed.R.Civ.P. 34(a). If that a party seeks to invoke attorney-client privilege over a document, the movant "must provide the reviewing court with enough information for it to make a determination that the document in question was, in fact, a confidential communication involving legal advice." In *re Search Warrant Executed at L. Offs. of Stephen Garea*, 173 F.3d 429 (6th Cir. 1999); S.D. Ohio Local Civ. R. 26.1 ("A privilege log . . . must contain sufficient information to enable an opposing party and the Court to evaluate the applicability of the claimed privilege or protection."). When a lawyer provides non-legal services, such as providing business advice, the attorney-client privilege fails to attach. *See, e.g.., United States v. Bartone,* 400 F.2d 459, 461 (6th Cir. 1968) ("The mere fact that a person is an attorney does not render as privileged everything he does for and with a client.*"); In re Lindsey*, 158 F.3d 1263, 1270 (D.C. Cir. 1998) ("[Attorney's] advice on political, strategic, or policy issues, valuable as it may have been, would not be shielded from disclosure by the attorney-client privilege."); *United States v. BAE Sys. Tactical Vehicle Sys., LP*, No. 15-12225, 2017 WL 1457493, at *4 (E.D.

4

Mich. Apr. 25, 2017) (collecting cases); *In re Haynes,* 577 B.R. 711, 737 (Bankr. E.D. Tenn. 2017) (collecting cases).

With respect to the first basis for PFP's Objection, PFP never demonstrates *how* the discovery being asked of it violates the heightened protection from discovery abuses that Rule 45 provides to non-parties. In other words, PFP fails to make any showing of *how* complying with the discovery order would constitute an "undue burden" or abuse in some other fashion. Its conclusory statement that compliance with the subpoenas cost it "significant efforts and . . . significant expenses" is insufficient to make this showing. This is especially true given the indication in the record that PFP has had trouble complying with the mandate to even *search* for responsive documents. (*See* ECF No. 378 at 7) (stating that "though Plaintiffs have served—or in one case only attempted service on—the three directors, virtually no documents have been produced."). As PFP explicitly acknowledges, "the scope of substantive discovery, as set forth in Rule 26(a), is the same for non-parties as it is parties." (ECF No. 388 at 5).

PFP further argues that the Order is clearly erroneous because it requires PFP to produce documents in the personal possession, custody, or control of former constituents. But there is no language in the Order requiring PFP to produce documents to which it lacks legal access. The Order is responsive to Plaintiffs' and Defendant Michael Dowling's expressed concerns about "PFP's persistent refusal to *make inquiry* with one of the former Directors of PFP and two current Directors of PFP to determine *the extent to which they possess materials responsive* to the similar subpoenas issued by Plaintiffs and Mr. Dowling." (ECF No. 350 at 14) (emphasis added). The Order requires PFP to turn over documents to which it has "possession, custody, and control." (*See* ECF No. 378 at 5) (ordering that PFP "must search for and produce responsive documents in its possession, custody, and control."). PFP never contended that it lacked the ability to obtain

5

responsive documents from McCarthy; indeed, there is no indication that PFP even attempted to do so before lodging its Objection. As such, the Court is puzzled by PFP's objection that it is somehow being forced to turn over documents to which it does *not* have legal access. More important, PFP makes no argument and cites no authority showing that the Order constitutes clear error. *See Hunter*, 2021 WL 2410378, at *2. PFP is only asked to do what the law requires of it: to produce responsive documents within its "possession, custody, and control." Fed.R.Civ.P. 34(a).

PFP is no more successful in demonstrating "clear error" with respect to the second basis for its Objection: the Order's request that PFP produce a log that is "more fulsome to allow for meaningful review." (ECF No. 378 at 8). PFP itself implicitly acknowledges that there is no bright-line authority which establishes conclusively an upper or lower boundary for what a court may require from a party in its privilege log. (*See* ECF No. 388 at 7). Instead, PFP merely cites cases in which courts have found supposedly similar privilege logs to be *sufficient*. But none of PFP's argument demonstrates that the Magistrate Judge clearly erred by determining that PFP's log failed to "provide sufficient information to allow a court to determine whether the communications in question were in fact confidential communications relating to legal advice." (ECF No. 378 at 8) (citing *Cooey v. Strickland*, 269 F.R.D. 643, 649 (S.D. Ohio 2010)). No case cited by PFP precludes this Court from making the case-specific finding that, *in this case*, the provided privilege log is insufficient. (ECF No. 388 at 7–10). This is true even if similar logs were deemed sufficient in *other courts* in *other cases*.

PFP's argument that complying with the Order would cause an "undue burden" are also unavailing. The Order notes that the "vast majority" of the entries on the privilege log are communications to or from Michael VanBuren. (ECF No. 378 at 9). VanBuren notably served PFP

6

as both director and attorney at the time that the communications were made. (*Id.*). The main thrust of the Order's mandate that PFP provide more elaboration in its privilege log are due to the importance of deciphering whether VanBuren was acting in his director capacity or his attorney capacity when engaging in the communications at issue. (*Id.*). The Magistrate Judge further determined that the privilege log was not only too vague to support PFP's assertions of privilege, but that "significant documents that have been withheld are not logged at all" on it. (*Id.* at 8). This Court is satisfied that the Order's mandate is both undeniably relevant and appropriately cabined such that it does not impose an undue burden on PFP to comply. *See Am. Elec. Power Co.*, 191 F.R.D. at 136. After all, it is not necessarily true that a communication to a lawyer is subject to the attorney-client privilege. *See, e.g., Graff v. Haverhill N. Coke Co.,* No. 1:09-CV-670, 2012 WL 5495514, at *21 (S.D. Ohio Nov. 13, 2012) (holding that the attorney-client privilege was inapplicable to a set of documents because defendants failed to establish that the communication was made to corporate counsel "for the predominant purpose of seeking legal advice."). Even if this Court were convinced that the Order should have resolved the issues directly, PFP's Objection still falls short of demonstrating that the Magistrate Judge therein committed "clear error." *See Duncan v. Husted,* 2015 WL 631103, at *1 (S.D. Ohio Feb. 12, 2015) (Marbley, J.) (explaining that the clear error standard requires the district court to affirm the magistrate's decision unless, after reviewing the record, it "'is left with the definite and firm conviction that a mistake has been committed.'").

The instant filing constitutes the third set of meritless objections from parties to this case that this Court has been called to resolve in recent weeks. (*See* ECF Nos. 360, 382, 388). Parties' lodging of such meritless objections have played a leading role in instigating what the Magistrate Judge once labeled "a developing pattern of disputes which threaten to unduly slow the progress

of discovery." (ECF No. 333 at 9). This Court does not look favorably upon the wasteful expenditure of the limited resources of the other parties and this Court to resolve a stream of meritless disputes and objections. All three of the objections at issue have failed to meet the proper legal standard or to cite to relevant authority supporting its assertions. (*See* ECF Nos. 360, 382, 388). This Court thus continues to discourage the parties from impeding the discovery process by refusing to cooperate with the other parties and raising meritless disputes for this Court to resolve.

## IV.   CONCLUSION

For the reasons set forth above, Partners for Progress's Objection to the Magistrate Judge's November 18, 2022 Opinion and Order is **OVERRULED**. (ECF No. 388). PFP's request therein to stay the Magistrate Judge's Order pending resolution of their Objection is thus **DENIED AS MOOT**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  January 10, 2023**