# EXHIBIT B



MChiricosta@Calfee.com
216.622.8284 **Direct**

**Calfee, Halter & Griswold LLP**
*Attorneys at Law*

The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
216.622.8200 **Phone**
216.241.0816 **Fax**
*www.calfee.com*

December 15, 2022

**VIA EMAIL**

John A. Favret
Tucker Ellis LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113
John.Favret@TuckerEllis.com

Re: Subpoenas issued to Partners for Progress Inc. by Michael J. Dowling and Lead Plaintiff in connection with *In re FirstEnergy Corp. Secs. Litig.*, S.D. Ohio No. 2:20-CV-03785

Dear John:

I write in response to your December 14, 2022 email. First, as you know, Partners for Progress has objected in part to Magistrate Judge Jolson's November 18, 2022 Opinion and Order ("Order") and sought a stay of the remaining deadlines. Partners for Progress responds to your questions in the spirit of cooperation and does not waive its objections to, or its request for a partial stay of, the Order. We turn now to your questions.

**Privilege log.**

As should have been apparent from Partners for Progress's partial Objection to the Order (and a review of the December 7, 2022 production), Partners for Progress did not produce a supplemental privilege log with its December 7, 2022 production. Partners for Progress stands on its objections on this issue, as briefed to and pending with the Court.

**Contents of the December 7, 2022 supplemental production.**

The December 7, 2022 supplemental production contains responsive documents from email accounts belonging to Scott Davis (rsdii74@hotmail.com) and McKenzie Davis (mdavis@thesuccessgroup.com), the other two current Partners for Progress officers and directors. Partners for Progress searched these email accounts for emails sent or received before July 22, 2020 using the following search terms:

1. House Bill 6
2. HB6
3. H.B. 6
4. House Bill Six
5. H.B. Six
6. H. B. 6

*Cleveland  |  Columbus  |  Cincinnati*

*4855-3453-5236, v.1*

**Calfee, Halter & Griswold LLP**

John A. Favret
December 15, 2022
Page 2

7. H. B. Six
8. HB 6
9. Consumers Against Deceptive Fees
10. Partners for Progress
11. CADF
12. Liberty /2 Ohio
13. Jobs and Progress Fund
14. Protecting /2 Ohio
15. Securing Ohio's Future
16. Securing Ohio Future
17. Rebuilding America
18. LEAD Ohio
19. Earmark
20. Ear mark
21. Brooke
22. Bodney
23. Bodny
24. Generation Now
25. Longstreth
26. Householder
27. Neil /2 Clark
28. Neal /2 Clark
29. Cespedes
30. Borges
31. Hardworking Ohioans
32. Ohioans for Energy Security
33. Coalition for Growth
34. Growth and Opportunity
35. Protecting Ohio
36. Lycan
37. Dan! /2 McCarthy
38. Pearson
39. Strah
40. Chack
41. Ty /2 Pine
42. Reffner
43. Vespoli
44. John /2 Judge
45. Donald /2 Schneider
46. George /2 Smart
47. Paul /2 Addison
48. Michael /2 Anderson
49. Demetriou
50. Pianalto
51. Luis /2 Reyes
52. Jerry /3 Thornton

Calfee, Halter & Griswold LLP

John A. Favret
December 15, 2022
Page 3

53. Leslie /2 Turner
54. Lisowski
55. Randazzo
56. Datwyler
57. Joel /2 Riter
58. Bill /2 Greener
59. Scott /2 Guthrie
60. Rex /2 Elsass
61. Kevin /2 Bingle
62. Chris /2 Schrimpf
63. Chris /2 Slagle
64. Lewandowski
65. Bob /2 Paduchik
66. Tony /2 George
67. Jane /2 Timken
68. Rob /2 Secaur
69. David /2 Griffing
70. Ohio United
71. JPL & Associates
72. JPL and Associates
73. Constant Content
74. 17 Consulting
75. FirstEnergy PAC
76. Oxley Group
77. Grant Street Consultants
78. 614 Solutions
79. Hardworking Americans Committee
80. Sustainability Funding Alliance of Ohio
81. Industrial Energy Users Ohio
82. Industrial Energy Users-Ohio
83. Akin Gump
84. dmccarthy@thesuccessgroup.com
85. Mccarthy4355@gmail.com
86. dmccarthy@alliedbenefit.com
87. Dan.mccarthy@governor.ohio.gov
88. dmc@thesuccessgroup.com

As for your request that Partners for Progress reveal "any criteria used to determine a document was non-responsive," that is an improper attempt to discover the mental impressions and work product of counsel. Partners for Progress is not obligated to disclose such information.

**Dan McCarthy.**

Partners for Progress did not search for documents "from Dan McCarthy"—at least to the extent you are referring to accounts or devices in Mr. McCarthy's possession, custody, or control—for the reasons detailed in Partners for Progress's Objection. Because Partners for Progress's position on this issue was

**Calfee, Halter & Griswold LLP**

John A. Favret
December 15, 2022
Page 4

clearly detailed in the Objection to the Order, this question is indicative of the harassing aims of Mr. Dowling's and Plaintiffs' never-ending requests.

**Calfee custodians.**

Likewise, Partners for Progress did not search Calfee email custodians other than Michael VanBuren. Our recollection is that this is the first time that Mr. Dowling or Plaintiffs have ever suggested that other Calfee email custodians be searched. For that reason alone, this request is tardy, improper, and yet another indication of Mr. Dowling's and Plaintiffs' ever-expanding efforts to harass and unduly burden Partners for Progress. Leaving those matters aside, Calfee was not subpoenaed. And in any event, the Joint Protocol indicates that "outside counsel for the parties shall not be deemed custodians for purposes of discovery served on their client(s)." *See* Doc. No. 112 at 3. Moreover, such a request raises obvious privilege and confidentiality issues. Unlike Attorney VanBuren, no other Calfee lawyer served as a director or officer of Partners for Progress. So, unlike Attorney VanBuren, Partners for Progress-related materials on other Calfee lawyers' email accounts would contain privileged information or at minimum, information that Calfee is ethically obligated to maintain as confidential under Prof.Cond.R. 1.6. At bottom, there is no good-faith basis for this additional fishing expedition and attempt to invade Partners for Progress's privilege.

**Redacted Calfee invoices.**

Lastly, with respect to your repeated request for unredacted Calfee invoices, leaving aside the obvious privilege concerns (and leaving aside that the Order deferred ruling on substantive privilege issues, including this one), there is no fathomable relevance to the narratives on the Calfee invoices. As noted in Partners for Progress's Objection, your partner, John McCaffrey, stated that Calfee's "engagement letter… and invoices" were sought as a means to "determin[e] whether an attorney-client relationship exists and the scope of any such relationship" so that "the inquiry does not delve into privileged issues." *See* 5/27/22 Letter from J. McCaffrey to F. Berckmueller at p. 2. As baseless as it was to question whether Partners for Progress had an attorney-client relationship with Calfee in the first place, Partners for Progress nevertheless produced the redacted invoices to put to rest this baseless challenge. There is no relevance to the narratives in the invoices, and Partners for Progress stands on its prior objections and briefing.

Sincerely,

/s/ *Matthew A. Chiricosta*

cc:   John McCaffrey (via email: John.McCaffrey@TuckerEllis.com)
      David Mitchell (via email: DavidM@RGRDLaw.com)
      Kevin Sciarani (via email: KSciarani@RGRDLaw.com)
      Mitchell G. Blair (via email: MBlair@Calfee.com)
      Fritz E. Berckmueller (via email: FBerckmueller@Calfee.com)

4855-3453-5236, v.1