# **EXHIBIT D**



**Calfee, Halter & Griswold LLP**
*Attorneys at Law*

The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
216.622.8200 **Phone**
216.241.0816 **Fax**
*www.calfee.com*

MChiricosta@Calfee.com
216.622.8284 **Direct**

December 21, 2022

**VIA EMAIL**

David W. Mitchell
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
DMitchell@RGRDLaw.com

Re:   Subpoenas issued to Partners for Progress Inc. by Michael J. Dowling and Lead Plaintiff in connection with *In re FirstEnergy Corp. Secs. Litig.*, S.D. Ohio No. 2:20-CV-03785

Dear David:

I write in response to your December 16, 2022 letter. As an initial matter, we will not further belabor our views on the motivations for the persistent requests and follow-up by Plaintiffs and Mr. Dowling. Suffice it to say, we see things differently on those points. Our silence on any of the assertions or characterizations in your letter (or elsewhere) is not agreement. We are instead opting to try to focus on narrowing the issues here. For clarity of record and efficiency, we also believe it more prudent to confer on these matters in writing as opposed to engaging in additional, costly oral meet-and-confers.

**Search terms.**

With respect to search terms, we reject your characterization that the 88 search terms that were applied are "overly-narrow." The search terms were reasonably and appropriately drafted to encompass, among other things, the entities and persons listed in Mr. Dowling's and Plaintiffs' subpoenas. We also note that your letter—sent many months after those subpoenas were issued—is the first time that Plaintiffs or Mr. Dowling ever proposed ***any*** search terms or otherwise asked to negotiate them. Had they indicated a desire to negotiate search terms, Partners for Progress would have been amenable to that in the first instance. In the absence of any such request by Plaintiffs or Mr. Dowling, Partners for Progress conducted a good-faith search and review of documents based on its own appropriately tailored search terms. The eleventh-hour, after-the-fact attempt to propose additional search terms—many of which use names or words that are not expressly listed in any of the subpoenas' discrete requests—will further multiply Partners for Progress's mounting costs.

That said, Partners for Progress is willing to consider applying the additional search terms proposed in your letter if Plaintiffs and Dowling agree to cover all costs of any additional document review and production. *See* Fed. R. Civ. P. 45(d)(2)(B)(ii) (when a court orders compliance with a subpoena over an objection, "the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance"); *Am. Municipal Power, Inc. v. Voith Hydro, Inc.*, No. 2:17-cv-708, 2021 WL 1084605, at *2 (S.D. Ohio Mar. 22, 2021) ("Fed. R. Civ. P. 45(d)(2)(B)(ii) has been deemed to

*Cleveland  |  Columbus  |  Cincinnati*

*4878-8158-6757, v.1*

**Calfee, Halter & Griswold LLP**

David W. Mitchell
December 21, 2022
Page 2

make cost shifting mandatory in all instances in which a non-party incurs significant expense from compliance with a subpoena.").

Let us know.

**Remaining objections.**

Your letter lists four bullet-pointed "objections," including the search terms. Except for the search terms addressed above, we already addressed the other three objections relating to the privilege log, Dan McCarthy documents, and the requested search of "Calfee custodians who worked on PFP matters." We refer you back to my December 15, 2022 letter and our pending Objection with the Court.

Sincerely,

/s/ *Matthew A. Chiricosta*

cc: John McCaffrey (via email: John.McCaffrey@TuckerEllis.com)
John Favret (via email: John.Favret@TuckerEllis.com)
Kevin Sciarani (via email: KSciarani@RGRDLaw.com)
Mitchell G. Blair (via email: MBlair@Calfee.com)
Fritz E. Berckmueller (via email: FBerckmueller@Calfee.com)

4878-8158-6757, v.1