# EXHIBIT E

## Chiricosta, Matthew

| | |
|---|---|
| **From:** | Chiricosta, Matthew |
| **Sent:** | Friday, January 6, 2023 11:52 AM |
| **To:** | Kevin Sciarani; Berckmueller, Fritz; Blair, Mitchell |
| **Cc:** | McCaffrey, John F.; David Mitchell; Favret, John A. |
| **Subject:** | RE: In Re FirstEnergy Corp. Sec. Litigation / Partners for Progress |

Kevin,

After our first set of meet and confers, where we were lectured and offered little by way of productive compromise, and all was later recounted in written correspondence anyway, we learned that emailing like this is the better way to address you while minimizing the time and cost burden on our client.  And it is that cost and burden on our client that only seems to increase here with your expanding demands.

We understand your desire to have the last word.  We're not going to continue going back-and-forth in circles on these issues other than to say we continue to disagree with all your assertions.  We fundamentally see things differently on these issues, and we can address them with the court.

Thanks.

Matt

---

**From:** Kevin Sciarani <KSciarani@rgrdlaw.com>
**Sent:** Thursday, January 5, 2023 6:30 PM
**To:** Chiricosta, Matthew <MChiricosta@Calfee.com>; Berckmueller, Fritz <FBerckmueller@Calfee.com>; Blair, Mitchell <MBlair@Calfee.com>
**Cc:** McCaffrey, John F. <john.mccaffrey@tuckerellis.com>; David Mitchell <DavidM@rgrdlaw.com>; Favret, John A. <John.Favret@tuckerellis.com>
**Subject:** RE: In Re FirstEnergy Corp. Sec. Litigation / Partners for Progress

Matt,

Given your continued refusal to meet and confer, we write to briefly address your points.

First, with respect to the impasse, the filing of an objection the Magistrate's November 18 Order ("the Order") does not stay PFP's obligation to comply with the Order.  S.D. Ohio Civ. L.R. 72.3  states "[w]hen an objection is filed to a Magistrate Judge's ruling on a non-case dispositive motion, the ruling remains in full force and effect unless and until it is (1) stayed by the Magistrate Judge or a District Judge, or (2) overruled by a District Judge."  As the Order has not been stayed by Judge Jolson, nor overruled by Judge Marbley, PFP is in violation of the Local Rules for failing to comply with the Order.  Plaintiffs and Mr. Dowling will raise this issue with Judge Jolson in the supplement brief.

Second, we reject your self-serving attempt to recast this meet and confer. The search terms and custodians are not "new issues" but rather instances in which plaintiffs and Mr. Dowling, under the procedures set forth in the Order, raised their concerns over PFP's production and non-compliance with the Order.  Doc # 378 at PAGEID# 9004.  ("[Movants] shall notify PFP of concerns").   PFP's erroneous failure to include "FirstEnergy" in the first instance is PFP's issue, and not our own, especially given the plain language of the document requests in the subpoenas and Plaintiffs' allegations that PFP funneled millions of dollars between FirstEnergy and third parties. The search terms were thus proposed to help remedy PFP's failure to "conduct a diligent search for all responsive documents to the subpoenas." Id.  PFP never requested reimbursement nor did the Court order plaintiffs or Mr. Dowling to reimburse PFP for its

1

compliance with the November 18 Order.  Furthermore, as required by the Federal Rules of Civil Procedure, PFP has not provided any evidence to meet its burden to establish that that such search would create an undue burden or is otherwise disproportionate to the needs of the case.  We continue to reject conclusory assertions as sufficient to meet PFP's burden, and do not agree to cost-shifting.

Similarly, if Calfee lawyers other than VanBuren were involved with the PFP account, you should have conducted a search of such files in the first instance, and not seek to cast blame for your refusal to do so.  The Court ordered that PFP's search for documents  "must cover any and all documents within PFP's possession, custody, or control." Id.   To the extent any other Calfee lawyer worked on PFP matters, those PFP-related custodial documents are part of the client files of PFP, and thus are within the possession, custody or control of PFP.  They must be produced pursuant to the Order – in particular, documents and communications with third parties to the Calfee-PFP attorney-client relationship.

We again express our willingness to meet and confer on the above, however, we must do so tomorrow.  Please let us know if there's a time that works for you.

Best,
Kevin

**From:** Chiricosta, Matthew <MChiricosta@Calfee.com>
**Sent:** Thursday, January 5, 2023 11:15 AM
**To:** Kevin Sciarani <KSciarani@rgrdlaw.com>; Favret, John A. <John.Favret@tuckerellis.com>
**Cc:** McCaffrey, John F. <john.mccaffrey@tuckerellis.com>; David Mitchell <DavidM@rgrdlaw.com>; Blair, Mitchell <MBlair@Calfee.com>; Berckmueller, Fritz <FBerckmueller@Calfee.com>
**Subject:** RE: In Re FirstEnergy Corp. Sec. Litigation / Partners for Progress

EXTERNAL SENDER
Kevin,

We agree that it seems we are at an impasse on the privilege log, Calfee custodians, Calfee invoices, and Dan McCarthy custodial documents.  As previously noted, the issues relating to the privilege log and McCarthy custodial documents are the subject of PFP's pending Objection to Judge Marbley, and Magistrate Judge Jolson deferred ruling on the substantive privilege issues, including the invoice redactions.  Plaintiffs and Dowling's attempt to re-raise these issues while they are pending with the Court is inappropriate.

Beyond that, what you've raised are new issues that you are trying to shoehorn into this dispute at a too late date, and without justification, adding cost and complications and ultimately undue burden on PFP.  For example, neither Plaintiffs nor Mr. Dowling ever previously requested that Calfee custodians be searched, nor would such a request be properly posed to Partners for Progress even if it had been timely raised much sooner.

As for your assertions regarding the supplemental search terms that Plaintiffs and Dowling proposed ***for the first time on December 16***, Partners for Progress stands by its previously-detailed efforts and search terms and rejects your assertions of non-compliance.  Our search terms were directed at gathering responsive information and are more than proportional to the needs in this case.  That said, Partners for Progress remains amenable to running the additional, belatedly-proposed, overbroad search terms and reviewing any additional documents for responsiveness, but only at Dowling's and Plaintiffs' cost, as is contemplated by Rule 45's cost-shifting provisions.  But know that, for example, your demand to search on "FirstEnergy" and similar catch-alls for FirstEnergy will draw in many non-responsive and irrelevant documents, driving the costs of that review even higher.  If your respective clients are unwilling to share in the costs of this additional review, that underscores the lack of proportionality to the continually escalating and changing demands they've made on Partners for Progress over the last several months.

Let us know.

2

Thanks,

Matt

**Matthew A. Chiricosta**
*Attorney at Law*
mchiricosta@calfee.com
216.622.8284  **Phone**

**From:** Kevin Sciarani <KSciarani@rgrdlaw.com>
**Sent:** Tuesday, January 3, 2023 4:06 PM
**To:** Chiricosta, Matthew <MChiricosta@Calfee.com>; Favret, John A. <John.Favret@tuckerellis.com>
**Cc:** McCaffrey, John F. <john.mccaffrey@tuckerellis.com>; David Mitchell <DavidM@rgrdlaw.com>; Blair, Mitchell <MBlair@Calfee.com>; Berckmueller, Fritz <FBerckmueller@Calfee.com>
**Subject:** Re: In Re FirstEnergy Corp. Sec. Litigation / Partners for Progress

Matt,

On behalf of Plaintiffs and Mr. Dowling, we write to respond to PFP's December 21 letter.  We understand that you are refusing to consider revising PFP's position with respect to the privilege log, Calfee invoices, Calfee custodians and Dan McCarthy custodial documents.  We believe the parties are at an impasse here.

With respect to your demand that Plaintiffs and Mr. Dowling reimburse PFP for a production of documents returned by the December 16 proposed supplemental search terms, we reject that demand.  On November 18, the Court ordered PFP to "conduct a diligent search for all responsive documents to the subpoenas." ECF 378, at PAGEID # 9004.  PFP did not comply with the Order because it failed to include, for example, the corporate defendant, "FirstEnergy" as a search term to identify materials responsive to the Partners for Progress subpoenas.  Accordingly, these documents should be produced to comply with the Court's November 18 Order.

We are ready and able to meet and confer on these issues, and invite you to reconsider your refusal to do so.

Best,

Kevin

---

**From:** Chiricosta, Matthew <MChiricosta@Calfee.com>
**Sent:** Wednesday, December 21, 2022 8:47 AM
**To:** Kevin Sciarani; Favret, John A.
**Cc:** McCaffrey, John F.; David Mitchell; Blair, Mitchell; Berckmueller, Fritz
**Subject:** RE: In Re FirstEnergy Corp. Sec. Litigation / Partners for Progress

EXTERNAL SENDER

Kevin,

Thank you for passing along David's letter of December 16.  Please see the attached.

**Matthew A. Chiricosta**
*Attorney at Law*
mchiricosta@calfee.com
216.622.8284  **Phone**

---

**From:** Kevin Sciarani <KSciarani@rgrdlaw.com>
**Sent:** Friday, December 16, 2022 6:08 PM
**To:** Chiricosta, Matthew <MChiricosta@Calfee.com>; Favret, John A. <John.Favret@tuckerellis.com>
**Cc:** McCaffrey, John F. <john.mccaffrey@tuckerellis.com>; David Mitchell <DavidM@rgrdlaw.com>; Blair, Mitchell <MBlair@Calfee.com>; Berckmueller, Fritz <FBerckmueller@Calfee.com>
**Subject:** RE: In Re FirstEnergy Corp. Sec. Litigation / Partners for Progress

Counsel,

Please see the attached correspondence.

Best,

Kevin

Kevin Sciarani

Robbins Geller Rudman & Dowd LLP

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

   

---

**From:** Chiricosta, Matthew <MChiricosta@Calfee.com>
**Sent:** Thursday, December 15, 2022 1:08 PM
**To:** Favret, John A. <John.Favret@tuckerellis.com>
**Cc:** McCaffrey, John F. <john.mccaffrey@tuckerellis.com>; David Mitchell <DavidM@rgrdlaw.com>; Kevin Sciarani

4

<KSciarani@rgrdlaw.com>; Blair, Mitchell <MBlair@Calfee.com>; Berckmueller, Fritz <FBerckmueller@Calfee.com>
**Subject:** RE: In Re FirstEnergy Corp. Sec. Litigation / Partners for Progress

EXTERNAL SENDER

See the attached.

**Matthew A. Chiricosta**
*Attorney at Law*

mchiricosta@calfee.com
216.622.8284      **Office**
Error! Hyperlink   **Fax**
reference not
valid.

**Calfee, Halter & Griswold LLP**
The Calfee Building
1405 East Sixth Street
Cleveland, OH  44114-1607





**Calfee.com  |  Info@Calfee.com  |  888.CALFEE1**

vCard

This electronic mail transmission may contain confidential and legally privileged information from the law firm of Calfee, Halter & Griswold LLP intended only for the use of the individual(s) identified as addressee(s). If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this electronic mail transmission is strictly prohibited. If you have received this transmission in error, please notify me by telephone immediately.

**From:** Favret, John A. <John.Favret@tuckerellis.com>
**Sent:** Wednesday, December 14, 2022 8:52 AM
**To:** Chiricosta, Matthew <MChiricosta@Calfee.com>; Berckmueller, Fritz <FBerckmueller@Calfee.com>
**Cc:** McCaffrey, John F. <john.mccaffrey@tuckerellis.com>; David Mitchell <DavidM@rgrdlaw.com>; Kevin Sciarani <KSciarani@rgrdlaw.com>
**Subject:** In Re FirstEnergy Corp. Sec. Litigation / Partners for Progress

Fritz and Matt:

We received your production on December 7, 2022. Thank you.

The cover letter doesn't identify the content of the supplemental production and so on behalf of Mr. Dowling and plaintiffs, we are sending this e-mail to get confirmation and clarification in order to be able to continue to proceed in accordance with Magistrate Judge Jolson's Order (Doc. 378).

Please confirm that this production does not contain a supplemental privilege log as Ordered. Presumably, you are not producing it solely for the reasons outlined in PFP's Partial Objection (Doc. 388) to the Order. If that presumption is not accurate, please advise otherwise.

Further, please clarify PFP's search and what this supplemental production contains, including:

- Did PFP search for responsive documents from Scott Davis?
- Did PFP search for responsive documents from McKenzie Davis?
- Did PFP search for responsive documents from Dan McCarthy?
- Did PFP search for responsive documents from Calfee custodians (other than M. VanBuren) (for example, other lawyers who did worked on PFP matters)?

- For the documents obtained/produced by PFP on 12/7, please specify where these came from, including please specify the custodian(s) searched (for example, Scott Davis), the source(s) searched from (for example, email account of Scott Davis), the time period applied to the search(es), the search terms used if any, and any criteria used to determine a document was non-responsive.

We look forward to a response to this inquiry by no later than close of business Thursday, 12/15 so that the parties can continue to work towards resolution and/or narrowing of this discovery dispute and also ensure that we stay in compliance with the deadlines set by the Order.  We note that under the Local Civil Rules the magistrate's "ruling remains in full force and effect" unless expressly stayed or overruled by the district judge.  S.D. Ohio Civ. L.R. 72.3.

Our initial concerns are that PFP has not produced a supplemental privilege log, PFP has not produced unredacted Calfee invoices (for the relevant information which PFP is not claiming privilege), it appears PFP did not search/obtain documents from D. McCarthy, and it appears that PFP did not search/obtain documents from other Calfee custodians/lawyers (other than M. VanBuren) that did work on PFP matters. We will need confirmation/clarification from the information requested above to be able to completely and fully raise our concerns to PFP in accordance with the Order.

We continue to be open/available for discussion and questions on any of the above and are generally available this week for a call.

Regards,

**John Favret**

Tucker Ellis LLP **|** 950 Main Avenue, Suite 1100 | Cleveland, OH 44113

Direct: 216-696-2678 | Fax: 216-592-5009 | john.favret@tuckerellis.com

This e-mail is sent by the law firm of Tucker Ellis LLP and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately by return email.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**