# **EXHIBIT F**



FBerckmueller@Calfee.com
216.622.8671 **Direct**

**Calfee, Halter & Griswold LLP**
*Attorneys at Law*

The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
216.622.8200 **Phone**
216.241.0816 **Fax**
*www.calfee.com*

May 18, 2022

**VIA EMAIL**

John F. McCaffrey
Tucker Ellis LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113
John.McCaffrey@TuckerEllis.com

Re:  Subpoena issued to Partners for Progress Inc. by Michael J. Dowling in connection with *In re FirstEnergy Corp. Secs. Litig.*, S.D. Ohio No. 2:20-CV-03785-ALM-KAJ

Dear John:

As you know, we represent Partners for Progress Inc. ("Partners for Progress") in connection with the above-referenced document and deposition subpoena directed to Partners for Progress dated May 4, 2022 issued by your office on Michael J. Dowling's behalf (the "Subpoena").

This letter serves as Partners for Progress's objection to the document requests in the Subpoena pursuant to Federal Rule of Civil Procedure 45(d)(2)(B) and Partners for Progress's objections to, and initial attempt to confer in good faith regarding, the proposed topics of deposition examination in the Subpoena.

A.  **Objections to document requests.**

As we previously discussed, Partners for Progress's overarching practical objection to the document requests is the unreasonable costs Partners for Progress would have to incur, and cannot cover, to meet the undue burdens of searching for, reviewing, and producing documents responsive to the Subpoena. These circumstances render it unduly burdensome for Partners for Progress to respond to the Subpoena unless either it is substantially narrowed in scope or else Mr. Dowling agrees to cover the unreasonable costs. Partners for Progress also specifically objects to the document requests as follows:

- The requests in the Subpoena are overbroad and unduly burdensome in certain material respects, including (a) the open-ended timeframe for each request; (b) the facial breadth, vagueness, and/or ambiguity of many of the requests; (c) they could be construed to request certain electronically stored information that is not reasonably accessible because

Calfee, Halter & Griswold LLP

John F. McCaffrey
May 18, 2022
Page 2

- of undue burden and expense; and (d) they could be construed to seek certain information that is neither relevant nor proportional to the needs of either case.  By way of limited example only, the Subpoena requests "documents relating to communications" between Partners for Progress and more than 20 discrete entities and individuals, with no limitation on the subject matter of the communications sought or timeframe.  *See, e.g.*, Subpoena Doc. Req. Letters B-E; K(i)-(xix).  These requests are improperly and unduly broad on their face.  *See, e.g.*, *Williamson v. Recovery Ltd. P'shp*, No. 2:06-cv-292, 2016 WL 4920773, at *4 (S.D. Ohio Sept. 15, 2016) (holding subpoena was overbroad to the extent it sought "all communications," without any express subject matter limitation).

- The Subpoena appears to seek, at least in substantial part, the production of documents that are or should be available to or from one or more of the parties to the action in which the Subpoena was issued—including FirstEnergy itself.  *See, e.g.*, *In re CareSource Mgmt. Grp. Co.*, 289 F.R.D. 251, 253-54 (S.D. Ohio 2013) ("Sagebrush must first establish that it cannot obtain the discoverable information from its party-opponent before subpoenaing those documents from a non-party… Accordingly, Sagebrush's subpoena should not be enforced as currently drafted."); *Cleveland Clinic Health Sys.-E. Region v. Innovative Placements, Inc.*, No. 1:11–CV–2074, 2012 WL 187979, at *2 (N.D. Ohio Jan. 23, 2012) (quashing subpoena because it "suffer[ed] from a number of flaws," the "most important" of which was that "the [subpoenaing] defendants have another viable means—Plaintiff—to obtain the many of documents they requested from the [subpoena recipient]").  By way of limited example only, to the extent the Subpoena seeks communications involving FirstEnergy, such communications should be readily available in first-party discovery from FirstEnergy.  *See, e.g.*, Subpoena Doc. Req. Letter C.  Partners for Progress is not obligated to produce what can be obtained from FirstEnergy in first-party discovery, particularly given the practical resource challenges we discussed previously.

- Certain requests in the Subpoena could be construed to seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, statutes and rules applying to grand jury proceedings, or any other applicable statutory or common law privilege, prohibition, limitation, or immunity from disclosure.  By way of limited example only, requests such as "Documents or Communications relating to the formation and operation of Partners for Progress," "Documents or Communications related to compliance with applicable federal, state and local tax and/or campaign finance laws and regulations," "Documents relating to any expenditures by Partners for Progress," and "Documents relating to Communications between Partners For Progress and Calfee Halter & Griswold LLP" could be construed to seek or encompass privileged information.  *See, e.g.*, Subpoena Doc. Req. Letters A, A(vii), A(xi), D, and F.  As worded, these requests encompass privileged materials.  *State Farm Mut. Auto. Ins. Co. v. Hawkins*, No. 08–10367, 2011 WL 595694, at *4 (E.D. Mich. Feb. 10, 2011) ("[T]he subpoenas would inappropriately sweep in Liss and the Liss Firm's communications with

4892-3032-4255, v.1

**Calfee, Halter & Griswold LLP**

John F. McCaffrey
May 18, 2022
Page 3

> their attorneys from Miller, Canfield, Paddock & Stone, since they seek 'all documents' relating to broad subject matters without appropriate qualification.").

By way of reminder, on January 11, 2022, Partners for Progress produced 742 pages of documents in response to a nearly identical subpoena Mr. Dowling issued in the related shareholder derivative lawsuits. That production was expressly made subject to, and without waiving, the objections stated in my prior December 23, 2021 letter. Subject to and without waiving the foregoing objections, or its previously stated objections, Partners for Progress re-encloses that production here in response to the Subpoena. In addition, and still subject to Partners for Progress's standing objections, enclosed are two additional responsive documents, which have been Bates-stamped PFP-SUBPOENA_000743 - PFP-SUBPOENA_000746 and designated "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" in accordance with the protective orders entered by the courts in the cases from which the Subpoena issued. These documents can be downloaded from this link: https://calfee-my.sharepoint.com/:f:/p/jsobczak/Et_BI5UK_3FJkbn8wN2tDsEBzLCKm6GZEc4sEbEjlsysOw?e=xvZZXh.

While Partners for Progress would face significant practical challenges and unreasonable costs in responding further to these requests under the circumstances, Partners for Progress is willing to discuss these objections to discern whether any of them could be tailored and narrowed such that additional non-privileged responsive documents that may exist could be readily located. To the extent you wish to discuss, please contact me.

**B.     Objections to deposition topics of examination**

Partners for Progress also objects to the topics of deposition examination listed in the Subpoena for the reasons listed below. These objections constitute Partners for Progress's initial effort to "confer in good faith about the matters for examination" pursuant to Fed. R. Civ. P. 30(b)(6).

- **The topics are overbroad and unduly burdensome in many respects.** The party noticing a corporate deposition must describe topics of examination with "reasonable particularity." *See* Fed. R. Civ. P. 30(b)(6). "The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for and what is not." *Tera II, LLC v. Rice Drilling D, LLC*, No. 2:19-cv-2221, 2020 WL 5792921, at *3 (S.D. Ohio Sept. 29, 2020). Topics must be designated "with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Webb v. Ethicon Endo-Surgery, Inc.*, 2014 WL 7685527 (D. Minn. Aug. 8, 2014); *Adidas Am., Inc. v. TRB Acquisitions LLC*, 324 F.R.D. 389 (D. Ore. 2017). Most if not all the topics of examination are overbroad, generic, and non-specific. As a result, it would be unduly burdensome for Partners to Progress to attempt to prepare one or more designees to testify on them. For example, Topic No. 2 is worded, "Circumstances concerning the purpose and operation of Partners For Progress, including but not limited to, contributions, disbursements and/or the expenditure of funds."

**Calfee, Halter & Griswold LLP**

John F. McCaffrey
May 18, 2022
Page 4

"Courts have frowned on 30(b)(6) notices that describe the topics with the term 'including but not limited to.'" *Centurylink Commc'ns LLC v. Peerless Network, Inc.*, No. 18 C 3114, 2020 WL 11647818, at *1 (N.D. Ill. Jan. 28, 2020); *Winfield v. New York*, No. 15-CV-05236, 2018 WL 840085, at *5 (S.D.N.Y. Feb. 12, 2018) ("'Reasonable particularity' requires the topics listed to be specific as to subject area and to have discernible boundaries.... This means that the topics should not be listed as 'including but not limited to;' rather, they must be explicitly stated."). In addition, such a wide-ranging topic as "the purpose and operation of Partners for Progress" is facially overbroad. *Shannon v. Taesa Airlines*, No. Civ.A. 2:93–CV–689, 1994 WL 931216, at *1 (S.D. Ohio Nov. 10, 1994) ("This Court agrees that the scope of the deposition seeking to depose… defendant TAESA regarding 'all aspects of TAESA operations, including but not limited to its operations in employee manuals,' is over broad."). Likewise, multiple topics of examination seek "circumstances concerning the relationship with [or] communications with" various third parties, including FirstEnergy, Calfee, Generation Now, and U.S. governmental agencies, and in most cases these topics are unlimited by subject matter. *See, e.g.*, Topic Nos. 3-10. Such sweeping categorical topics are overbroad. *Majestic Bldg. Maintenance, Inc. v. Huntington Bancshares Inc.*, No. 2:15-cv-3023, 2018 WL 3358641, at *7 (S.D. Ohio Jul. 10, 2018) (topic seeking testimony on "all communications between [entity-deponent] and [plaintiff]" was "not sufficiently particular"); *Phoenix Life Ins. Co. v. Raider–Dennis Agency, Inc.*, No. 07–CV–15324, 2010 WL 4901181, at *3 (E.D. Mich. Nov. 24, 2010) (striking topics seeking "'all communications' because [t]he burden of this far-reaching topic far outweighs its likely benefit."); *Richardson v. Rock City Mech. Co., LLC*, No. 3-09-0092, 2010 WL 711830, at *10 (M.D. Tenn. Feb. 24, 2010) (ordering requesting party to revise his deposition topics "to focus on the information he really seeks in contrast to all communications, in whatever form....").

- **The topics of examination improperly seek to invade one or more privileges.** For reasons similar to those detailed above regarding the document requests, the topics of examination as worded would inevitably seek to elicit myriad information protected by one or more privileges, including but not limited to the attorney-client privilege, the attorney work product doctrine, statutes and rules applying to grand jury proceedings, or any other applicable statutory or common law privilege, prohibition, limitation, or immunity from disclosure. Indeed, by way of limited example only, topics seeking testimony on "circumstances concerning the relationship with, communications with, interactions with Calfee Halter & Griswold LLP" and "circumstances concerning obligations to, communications with, interactions with the Department of Justice and/or the U.S. Securities and Exchange Commission in response to a subpoena or in response to a request for the production of documents" on their face would elicit testimony subject to multiple testimonial privileges. Candidly, given the circumstances, we anticipate that any deposition of Partners for Progress is likely to entail significant privilege concerns in any event. Absent significant narrowing and additional specificity in topics, the

**Calfee, Halter & Griswold LLP**

John F. McCaffrey
May 18, 2022
Page 5

> deposition is likely to entail myriad privilege objections and potential disputes, which would be inefficient for all sides.

- **A deposition would be unduly burdensome for Partners for Progress.** Separate and apart from the breadth and privilege issues noted above, Partners for Progress cannot cover the costs it would incur in preparing for a deposition on wide-ranging topics. Absent substantial narrowing and tailoring of the topics of examination, Partners for Progress and any potential corporate designees would be unduly burdened by preparing for and sitting for any deposition. *See, e.g.*, *Stiles v. Walmart, Inc.*, No. 1:20-mc-002, 2020 WL 1976426, at *6 (S.D. Ohio Apr. 24, 2020) ("P&G argues persuasively that this Court should quash the subpoena because Plaintiffs seek to impose an inordinate burden on a non-party to prepare and produce a Rule 30(b)(6) witness to testify about communications with the Defendant Walmart, when Plaintiff could have more easily obtained all of the requested information directly from the Defendant.").

- **It is unclear whether Mr. Dowling seeks the testimony of corporate representative(s) of Partners for Progress or any individuals' personal testimony.** In your April 30, 2022 email, you wrote, "If Michael Van Buren is not the individual that will be offered as the corporate representative of Partners for Progress, please let me know. In that event a separate subpoena will be issued to Mr. Van Buren for his testimony" (emphasis in original). As an initial matter, until we reach consensus on the topics of examination, Partners for Progress cannot identify with certainty who the corporate representative(s) would be. And, at any rate, if Mr. Dowling seeks to procure the personal testimony of any Partners for Progress constituents, including Mr. VanBuren, please clarify that now.

- **The protocol for any potential deposition is unsettled.** From our review of the docket in the litigation, it appears that the parties have had several disputes over deposition protocols and logistics, including who may participate in examination of the deponent, how much time will be allotted to each party, whether any other parties will attempt to cross-notice a deposition with or without additional topics, *etc.* We understand from the public filings in the litigation that the parties are trying to work out an agreed-upon general deposition protocol to minimize future disputes over discrete depositions. However, until we understand better all the parties' expectations for any potential deposition of Partners for Progress, and have an opportunity to resolve any disagreements over such expectations, Partners for Progress is not in a position to prepare or appear for a deposition.

**Calfee, Halter & Griswold LLP**

John F. McCaffrey
May 18, 2022
Page 6

Partners for Progress is willing to confer and further discuss these objections and attempt to reach a consensus on more narrowly tailored, specific topics of examination that address these concerns. But until and unless we are able to reach a consensus (or, if needed, obtain the Court's guidance), it is premature to schedule a deposition date. Partners for Progress and its corporate designee(s) would need time to adequately prepare for whatever the agreed-upon or court-narrowed topics of examination end up being.

Sincerely,

/s/ *Fritz E. Berckmueller*

cc:   Mitchell G. Blair (via email: MBlair@Calfee.com)
      Matthew A. Chiricosta (via email: MChiricosta@Calfee.com)

4892-3032-4255, v.1