**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION, | ) | Case No. 2:20-cv-03785-ALM-KAJ |
| | ) | |
| | ) | CLASS ACTION |
| | ) | |
| This document relates to: | ) | Chief Judge Algenon L. Marbley |
| | ) | Magistrate Judge Kimberly A. Jolson |
| ALL ACTIONS. | ) | |
| | ) | |

**ORDER IN RESOLUTION OF DISCOVERY ISSUE PURSUANT TO FRE 502(d)**

This matter is before the Court for consideration to narrow a discovery dispute between Plaintiffs and Defendant Michael J. Dowling ("Movants") and Partners for Progress Inc. ("PFP"), which was subject of briefing as it relates to the Movants' motion to compel PFP (Doc. 350, et al.), and as it relates specifically to certain e-mails where PFP asserts the basis of a claim of privilege to be "Portion of email describing nature of legal services rendered" and Calfee invoices where PFP asserts the basis of a claim of privilege to be "Privileged attorney service narratives" which are logged on the PFP's Second Supplemental Privilege Log ("PFP Log") in the section entitled "Documents Produced with Redactions." Ex. 1 (PFP Log).

Whereas, PFP asserts that these e-mails and invoices are subject to the attorney-client privilege and disputes Movants' waiver arguments.

Whereas, Movants assert that PFP's redactions were overbroad and that PFP, nevertheless, waived privilege because of production to a third-party. Movants also assert that PFP has no valid claim of attorney-client privilege or attorney work product privilege.

Whereas, PFP and Movants have been working diligently to comply with the Court's Order (Doc. 403) to narrow disputes on the claims of privilege.

Whereas, given PFP's claims of privilege and Movants' claimed need for this discovery, PFP and Movants agree and jointly request that the Court order that the production of the subject documents, as described above, do not constitute a waiver of privilege in this litigation or any other state or federal proceedings pursuant to Rule 502(d).

Movants and PFP further agree that the fact of PFP's production pursuant to this Order will not itself constitute waiver of any applicable privilege; however, Movants retain the right to raise any other waiver arguments and are permitted to reference the substantive material revealed by the removal of redactions as a basis for challenging any assertion of privilege. Movants and PFP further agree that this agreement and Order would apply so that any such documents and unredacted information produced pursuant to the Order may be used by the parties in this litigation or any other state or federal proceedings with similar allegations.

For good cause shown, and on agreement of PFP and Movants, the Court orders that (a) pursuant to Federal Rule of Evidence 502(d), the production of documents described above shall not constitute a waiver of any claim of privilege or work product protection in this case or any other federal or state proceeding; (b) any such documents and unredacted information produced pursuant to this Order may be used by the parties in this litigation or any other federal or state proceedings with similar allegations; and (c) Movants retain the right to raise any other waiver arguments and are permitted to reference the substantive material revealed by the removal of redactions as a basis for challenging any assertion of privilege.

**IT IS SO ORDERED**.

Date: March 27, 2023

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE