IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE FIRSTENERGY CORP.
SECURITIES LITIGATION,

This document relates to:	Civil Action 2:20-cv-3785
	Chief Judge Algenon L. Marbley
	Magistrate Judge Jolson
ALL ACTIONS.

# ORDER

This matter is before the Court on the parties' April 3, 2023 Joint Status Report (Doc. 438). Two active disputes were raised in the report. One warrants immediate resolution, and the other requires additional briefing. Accordingly, the Court **VACATES** the hearing set for April 6, 2023, at 11:00am.

First, Class Plaintiffs have identified deficiencies in document production from third parties Samuel C. Randazzo and Sustainability Funding Alliance of Ohio, Inc. ("SFAO").[1] (Doc. 438 at 2–9). Namely, Class Plaintiffs say that the third parties have not produced any discovery regarding what happened to a $4.3 million payment that Defendant FirstEnergy Corp. ("FirstEnergy") made to SFAO. (*Id.* at 2). The third parties challenge these deficiencies based upon a belief that the documents sought "are neither relevant to the claim or defense of any party, nor discovery reasonably calculated to lead to the discovery of admissible evidence." (*Id.* at 9). The Court, however, finds that the discovery sought is clearly relevant and reasonably calculated to lead to the discovery of admissible evidence.

As Class Plaintiffs highlight, FirstEnergy has represented that the $4.3 million payment to SFAO was a *quid pro quo* exchange in furtherance of the fraud scheme at the center of Class

---

[1] The Opt-Out Plaintiffs have also served subpoena requests on Randazzo and join in Class Plaintiffs' request. (Doc. 438 at 3 n.2). For the same reasons outlined in this Order, the Opt-Out Plaintiffs' request is also granted and Randazzo must comply with their subpoena requests.

Plaintiffs' allegations. (Doc. 438 at 2–7); (*see, e.g.*, Doc. 72, ¶¶ 6, 72, 194, 207). Additionally, Class Plaintiffs have alleged that several of the individual Defendants in this action had direct involvement with the payment. (*Id.*, ¶¶ 11, 211, 216, 222, 224). But those Defendants have denied the illicit purpose of the payment. (Doc. 438 at 4–5). So, information from the third parties regarding how the payment was used and disbursed will make the respective positions of the Class Plaintiffs and the Defendants more or less reasonable, and the liability of Defendants for the alleged harm to Class Plaintiffs therefore more or less likely. This tendency is the cornerstone of relevance. Randazzo and SFAO are **ORDERED** to produce any documents regarding the $4.3 million payment within their possession, custody, or control to Class Plaintiffs.

Second, Class Plaintiffs have noticed depositions for Defendants Charles E. Jones and Michael Dowling in late May and early June. (Doc. 438 at 9). Jones and Dowling ask that depositions be postponed "in light of the parallel criminal investigation[,]" and because they say they need additional time and discovery to prepare for their depositions. (*Id.* at 19–25). Because Jones and Dowling have requested expedited briefing on this issue (*see id.*), the Court **SETS** the following briefing schedule: Jones and Dowling shall file a Motion for Protective Order on or before April 17, 2023; Plaintiffs' response in opposition due within 14 days after the motion is filed; Jones and Dowling's reply due within 7 days after the response is filed.

IT IS SO ORDERED.

Date: April 5, 2023          /s/ Kimberly A. Jolson
                             KIMBERLY A. JOLSON
                             UNITED STATES MAGISTRATE JUDGE