**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

IN RE FIRSTENERGY CORP.
SECURITIES LITIGATION,

This document relates to:            Civil Action 2:20-cv-3785
                                                Chief Judge Algenon L. Marbley
      ALL ACTIONS.                     Magistrate Judge Jolson

## ORDER

This matter is before the Court on the parties' May 15, 2023 Joint Status Report (Doc. 459). One active dispute was raised in the report, and is resolved in the instant Order. Accordingly, the Court **VACATES** the hearing set for May 18, 2023, at 11:00am.

The present dispute "concerns non-parties Samuel C. Randazzo ("Randazzo") and Sustainability Funding Alliance of Ohio Inc.'s ("SFAO") compliance with the Court's April 5, 2023 Order." (Doc. 459 at 2). In that prior Order, the Court found that subpoenas served on Randazzo and SFAO were requesting clearly relevant information about a $4.3 million payment that FirstEnergy Corp. made to SFAO. (Doc. 440). The Court ordered the non-parties "to produce any documents regarding the $4.3 million payment within their possession, custody, or control to Class Plaintiffs." (*Id.* at 2).

Since that Order, Randazzo and SFAO have purportedly produced only nine documents, and have refused to detail (or employ at all) a search protocol to identify responsive information. (Doc. 459 at 4–5). Randazzo and SFAO maintain that, because certain bank and tax records have been produced, no further production is required. (*Id.* at 7–12). They rely on an overly narrow interpretation of the Court's prior Order to say they were only required to produce information about how the payment was "used and disbursed." And they further say that the receipts of credits and debits from these various bank accounts provide that complete picture. In other words, they seem to

suggest that because they have collected certain quantitative information about the payment, they are under no obligation to produce other qualitative information "regarding" the payment, like emails discussing the payment. And beyond that, they claim to have identified all relevant quantitative information without disclosing their search protocol—if any—for doing so. Their position is not consistent with the Court's prior Order, which, as stated, ordered them "to produce any documents regarding the $4.3 million payment within their possession, custody, or control to Class Plaintiffs." (Doc. 440 at 2). Further, their reluctance to be transparent about their search methodology does not suggest good-faith compliance with their discovery obligations.

Accordingly, it is **ORDERED** that Randazzo and SFAO comply with the Court's prior Order and file declarations to the public docket by May 29, 2023 certifying: (1) that they have made reasonable efforts to locate and produce "any documents regarding the $4.3 million payment within their possession, custody, or control" and that all such documents of which they are aware have been produced; (2) the specific steps taken to identify responsive documents, including locations and email accounts searched, and inquiries made of others; and (3) the search methodology utilized to comply with the Court's April 5 Order.

IT IS SO ORDERED.

Date: May 16, 2023  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE