IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE FIRSTENERGY CORP. SECURITIES LITIGATION, | : : : : : | Case No. 2:20-cv-3785<br><br>Judge Algenon L. Marbley<br>Magistrate Judge Jolson |

### DECLARATION OF ROGER P. SUGARMAN

1. I am counsel to Mr. Randazzo and Sustainability Funding Alliance of Ohio, Inc. ("SFAO").

2. I make this Declaration pursuant to the Court's May 16 Order (Doc #: 460).

3. As described herein, I certify that reasonable efforts have been made and actions taken to locate and produce "any documents regarding the $4.3 million payment within the possession, custody, or control of Mr. Randazzo and SFAO" and all such documents of which I am aware have been produced.

4. Such documents were included among those produced in response to Subpoenas from Class and Opt-Out Plaintiffs. Those productions occurred on August 8, 2022, September 13, 2022, September 21, 2022, October 3, 2022, February 1, 2023, and May 3, 2023.

5. The FirstEnergy Deferred Prosecution Agreement, the Chase Bank Records of Mr. Randazzo and SFAO, and the documents from the files of Mott, Self & Associates, Inc., which were described in the Parties' May 15 Joint Status Report (Doc #: 459) are already in the possession of the Class and Opt-Out Plaintiffs and were not duplicated and re-produced by Mr. Randazzo and SFAO to the Plaintiffs.

6. I certify that the following specific steps have been taken to identify responsive documents, including locations and email accounts searched:
    a. The computers within the possession, custody, or control of Mr. Randazzo and his spouse, Carol Farmer.
    b. The email accounts of Mr. Randazzo and Ms. Farmer were searched.
    c. The mobile phone used by Mr. Randazzo during the relevant period was searched.
    d. SFAO has never had, nor has it maintained an email account, email address, computer, or mobile phone (different from those used by Mr. Randazzo.)
7. I certify that I have made further inquiries of and requests to Mott, Self & Associates, Inc., the outside accounting firm, to determine and identify if there were any additional responsive documents, including emails, regarding the $4.3 million payment that have not been produced and was advised there are not.
8. I certify that in April 2021, I retained a third-party vendor to collect, process, analyze and review electronic data by imaging Mr. Randazzo's computer and cell phone. The computer and cell phone were searched utilizing search terms and keywords to locate emails, loose documents, and text messages for the period January 1, 2015, through November 20, 2020.
9. I certify that the emails, loose documents, and text messages located and identified were then searched to determine and produce documents responsive to the Plaintiffs' three (3) Subpoenas, and to produce documents pursuant to the Court's April 5 Order.
10. The declarations Ordered by this Court per its May 16 Order are to be filed to the public docket. In that Order, the Court expressed concern regarding the transparency of the

search protocol and search methodology utilized to comply with the non-parties' discovery obligations. Given the work product and confidential nature of the search terms, search protocol and keywords utilized to perform the search, it is requested that the search terms, protocol, and methodology be provided for **in camera** inspection by the Court, rather than also being filed to the public docket.

11. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of May 2023.

_____
Roger P. Sugarman (0012007)