IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE FIRSTENERGY CORP. | : | Case No. 2:20-cv-3785 |
| SECURITIES LITIGATION, | : | |
| | : | Judge Algenon L. Marbley |
| | : | Magistrate Judge Jolson |

**REPLY TO REQUEST TO CONSIDER PLAINTIFFS' RESPONSE IN TANDEM WITH, AND PROVIDE ACCESS TO, ANY IN CAMERA SUBMISSION**

**I.     Introduction**

Plaintiffs' relentless and factually baseless harangues, evolving complaints and parsing of words cannot and do not change the fact that Mr. Randazzo and SFAO have produced any documents regarding the $4.3 million payment within their possession, custody, or control, and have complied with this Court's Orders. (Doc. 460).  The undersigned, together with Mr. Randazzo, have submitted the Declarations ordered by this Court. (Doc. 464, 465).  The Plaintiffs appear to want something more based on unexplained "concerns" that there may be more responsive emails and text messages within the possession, custody, or control of these non-parties. (Doc. 468, Page ID 10337.)  There are none.

A non-party's responsiveness to a subpoena is not measured by some magic quantity of documents (9, or 900, or 9,000) produced.  The question is whether reasonable efforts of a non-party have been undertaken to respond to a subpoena. The answer to that query is: YES.

**II.     Plaintiffs' "Challenges" to the Declarations**

In the Joint Discovery Status Report of May 15, 2023 (Doc. 459) Plaintiffs requested that the Court order Mr. Randazzo and SFAO, or their counsel, to execute declarations by May 29, 2023 certifying: (1) that they have made reasonable efforts to locate and produce "any documents

regarding the $4.3 million payment within their possession, custody, or control" and that all such documents of which they are aware have been produced; (2) the specific steps taken to identify responsive documents, including locations and email accounts searched, and inquiries made of others; and (3) the search methodology utilized to comply with the Court's April 5 Order.

The Court adopted Plaintiffs' request and Mr. Randazzo and SFAO have complied with the Court's Order. Nonetheless, Plaintiffs seek to move the goalposts by contending the Declarations are "incomplete" and taking issue with the Court's *in camera* review of the search terms, protocol and methodology employed. The Court has the answers it ordered Randazzo and SFAO to provide, as do the Plaintiffs, and yet Plaintiffs persist.

Now, Plaintiffs request the Court to authorize a 60-minute deposition of the undersigned to seek information they claim may not have been provided. (Doc. 468 Page ID 10339.) Plaintiffs' attack on the honesty, truthfulness, and accuracy of the certifications in the Declarations are particularly galling. But it does, however, show Plaintiffs' true intentions -- to harass, annoy, and waste the resources of Mr. Randazzo, SFAO and their counsel. The United States District Court for the Southern District of Ohio has never been a forum where *ad hominum* and unsupported personal attacks have been countenanced, and this Court should not start now.

A. Reasonable Efforts

By complaining that "reasonable efforts" yielded but nine documents since the Court's May 16 Order, Plaintiffs continue to ignore that nearly 2,000 pages of documents were previously produced by Mr. Randazzo and SFAO; that hundreds of pages of financial and banking records of SFAO for the relevant time period were produced by the outside accounting firm of Mott, Self & Associates; and, that thousands of pages of comprehensive banking records of SFAO, Mr. Randazzo, and Industrial Energy Users-Ohio, Inc, were produced by Chase Bank for a ten-year

2

period.  The Plaintiffs do not dispute the fact that the information they have in hand allows them to identify **all** revenue received, **all** sources of the received revenue and **all** disbursements made by these non-parties regarding the $4.3 million payment during the relevant period.

The search conducted by the third-party vendor in 2021 may not have been prompted by any specific litigation, but the breadth of the search terms used was comprehensive. The results of the search were available and referred to when responding to the Plaintiffs' Subpoenas.  A "new search" was not initiated to respond to the Court's April 5 Order because a new search was not needed to reasonably determine that there were no other documents on Mr. Randazzo's computer or cell phone regarding, directly or indirectly, any $4.3 million payment.

B.  Reliance on Documents Produced by Third Parties

Mr. Randazzo and SFAO could reproduce to the Plaintiffs the same documents from Mott, Self & Associates.  Would that the satisfy Plaintiffs as to the completeness of their production?  Of course not!  As stated above, the Mott documents and the bank records in the possession of the Plaintiffs account for and allow the Plaintiffs to trace the receipt of any $4.3 million payment and every disbursement thereafter through October 2021. This was the position on which the Plaintiffs claimed "relevancy" in the first instance in their Discovery Status Report (Doc. 438), and on which the Court  found that " information from the third parties regarding how the payment was used and disbursed will make the respective positions of the Class Plaintiffs and the Defendants more or less reasonable, and the liability if the Defendants for the alleged harm to the Class Plaintiffs therefore more or less likely." This tendency is the cornerstone of relevance." (Doc. 440 Page ID10060). Again, the Plaintiffs do not dispute the fact that the information they have in hand allows them to identify **all** revenue received, **all** sources of the received revenue and **all** disbursements made by these non-parties during the relevant period.

3

C. Search Cut Off Date

Plaintiffs' assert the search cutoff date of November 20, 2020, is "unjustifiable." Why? Because they claim so! Again, they have bank and accounting records showing all revenue receipts and disbursements through October 2021 (not November 20, 2020.) They have all the responsive documents, emails and text messages that resided on the computer and cell phone of Mr. Randazzo/SFAO regarding any $4.3 million payment.

D. Third Party Vendor

The third-party vendor information has been provided *in camera* to the Court per the Court's Notation Order. (Doc. 467). As is clear in the undersigned's Declaration, the word "computers" used in ¶6a of such Declaration refers to both the individual computer belonging to Mr. Randazzo and that of his spouse Ms. Farmer. Collectively, they are the "computers."[1] The use of "computers" in ¶6a is the product of proper grammar not indicative of some mystery or conflict.

E. Further Inquiries

Per this Court's May 16 Order, the undersigned re-contacted Mr. Tim Mott at Mott, Self & Associated on May 17, 2023, and again on May 19, 2023, and inquired whether there were any emails, meeting notes or supporting materials in the firm's files for Mr. Randazzo (individually), or SFAO, regarding any $4.3 million payment. Mr. Mott responded on May 19, 2023, that he did not have any emails or notes regarding the SFAO income from January 2019. Plaintiffs have been in direct contact with Mr. Mott. Through their non-party subpoena, the Plaintiffs obtained directly from Mr. Mott any responsive information within his possession, custody, or control. The

---

[1] The third-party vendor did not conduct a search of Ms. Farmer's computer.

undersigned reached out to Mr. Mott again to ensure that he had provided Plaintiffs with all responsive information within his possession, custody, or control.

Additionally, on My 17, 2023, Ms. Farmer's computer was searched for email messages from Mr. Randazzo in both the Outlook "archive" folder, Outlook inbox and deleted items folder. There was nothing in these folders dealing with any payment from FirstEnergy, or anything associated with SFAO's involvement with FirstEnergy or HB6. And unsurprisingly, there was no email from Mr. Randazzo to his wife the day after the payment, boasting, "I hit the $4 mm jackpot with FirstEnergy" as self-servingly postulated by Plaintiffs' Discovery Status Report (Doc. 458 Page ID10287) and subsequently echoed by the media.

### III. Conclusion

The Plaintiffs have fully veered off course of Fed.R.Civ.P. 26 and 45, seeking further relief from the Court, which if granted, can only be fairly seen as needless, harassing, oppressive, and burdensome to Mr. Randazzo and SFAO. Plaintiffs' Request (Doc. 468) offers neither facts nor evidence to support their "position." Instead, they continue to litter the record with speculative straw men, personal attacks, and meritless quibbles. The Plaintiffs' laments do not become valid when they are oft repeated. Their repetition serves only to confirm the Plaintiffs' ongoing efforts to cajole the Court to prolong a discovery "dispute" that exists solely in their minds.

Respectfully Submitted,

*/s/Roger P. Sugarman*
Roger P. Sugarman (0012007)
6025 Cranberry Ct.
Columbus, Ohio 43213
(614) 578-6456
rogerpsugarman@gmail.com

Attorney for Samuel C. Randazzo and Sustainability Funding Alliance of Ohio, Inc.

5

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on this 31st day of May 2023, notice of which will be sent electronically to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                    */s/Roger P. Sugarman*
                                                    Roger P. Sugarman (0012007)