**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**IN RE FIRSTENERGY CORP.**
**SECURITIES LITIGATION,**

**This document relates to:**

**ALL ACTIONS.**

**Civil Action 2:20-cv-3785**
**Chief Judge Algenon L. Marbley**
**Magistrate Judge Jolson**

# ORDER

This matter is before the Court on Plaintiffs' response (Doc. 468) to the affidavits recently submitted by Roger P. Sugarman and Samuel C. Randazzo (Docs. 464, 465) and the Court's subsequent Notation Order (Doc. 467). The response concerns an ongoing dispute about non-parties Randazzo and Sustainability Funding Alliance of Ohio Inc.'s (SFAO) compliance with a prior Court Order that they produce relevant discovery. Randazzo and SFAO have filed their own reply to the response. (Doc. 469).

The Court recently ordered Randazzo and SFAO to detail their efforts to locate and produce responsive documents in public declarations. (Doc. 460). Counsel for Randazzo and SFAO, Roger P. Sugarman, submitted one such declaration, in which he requested—because of the purported confidential nature of certain search terms used in the protocol—to submit "the search terms, protocol, and methodology . . . for in camera inspection by the Court, rather than also being filed to the public docket." (Doc. 464 at 3). The Court granted that request (Doc. 467), presuming that counsel had already provided the complete search methodology to Plaintiffs' counsel, and was merely attempting to show a compelling interest in protecting the search terms from public disclosure.

Yet, Plaintiffs now represent that Randazzo and SFAO have failed to identify their search methodology to Plaintiffs. (Doc. 468 at 3–4). The Court agrees with Plaintiffs that this is

impermissible. Typically, it is a matter of course that parties voluntarily exchange information that documents and validates a discovery protocol—particularly when there have been specific questions regarding deficiency raised by the requesting party. Further, the Court is satisfied from its own *in camera* review that no legitimate concerns about attorney-client privilege or work product preclude sharing the details of the search terms, protocol, and methodology with Plaintiffs. Accordingly, Randazzo and SFAO are **ORDERED** to provide the search terms, protocol, and methodology previously provided to the Court to Plaintiffs on or before June 2, 2023.

In their response, Plaintiffs further identify purported deficiencies in Randazzo and SFAO's production and ask that the Court give them leave to depose Sugarman regarding compliance with the Court's Order. (*See* Doc. 468). The Court will not make any rulings on these issues in the present Order. There is more work to be done by the parties, which will begin with the production of the above protocol. Aided by this additional information, the parties must confer regarding the sufficiency of the production and attempt to resolve any disputes. The parties are **ORDERED** to file a joint status report on or before June 16, 2023, updating the Court on the progress of their conferral and which—if any—disputes remain at an impasse.

IT IS SO ORDERED.

Date: May 31, 2023

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE