**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE FIRSTENERGY CORP. SECURITIES LITIGATION, <br><br> This document relates to: <br><br> ALL ACTIONS. | Case No. 2:20-cv-03785-ALM-KAJ <br><br> Chief Judge Algenon L. Marbley <br><br> Magistrate Judge Kimberly A. Jolson |

## [PROPOSED] ORDER APPOINTING SPECIAL MASTER

By email on July 6, 2023, the Court informed the parties that at the upcoming July 20 status conference that they should be prepared to discuss the appointment of a Special Master. On July 19, 2023, the parties submitted a status report discussing the appointment of a Special Master. (ECF No. 501.) On July 20, 2023, the Court held a status conference regarding the appointment of a Special Master, and held the hearing open for seven days for the parties to provide written submissions regarding the issue, which the Court subsequently extended to twelve days. (ECF Nos. 502, 512.)

On July 27 and August 1, the parties provided to the Court names of potential Special Master candidates and information concerning those candidates. On August 4, the parties provided a proposed form of order governing the appointment of a Special Master.

Consistent with Rule 53(b)(1) of the Federal Rules of Civil Procedure, the Court afforded the parties an opportunity to be heard on the issue. (ECF Nos. 501, 502, 512.)

On consideration of the record and the parties' respective positions, and pursuant to Rule 53, the Court **APPOINTS** as Special Master _____. As Rule 53 requires, the Court sets out below the duties of the Special Master, the reasons and terms for

appointment, and **ORDERS** the Special Master to "proceed with all reasonable diligence." Fed. R. Civ. P. 53(b)(2).

## I.    Background

As this case has progressed, it has reached a point where substantial, direct, hands-on management of the exchange of information and various discovery issues, including depositions and the production and review of electronically stored information and of confidential, proprietary, or trade-secret information, is necessary.   Based on the number and frequency of discovery disputes to date, this process will continue to require a substantial commitment of time and attention.   Additionally, it appears to the Court that some exchange of information, whether informally or through discovery, might facilitate resolution of the parties' disputes.   All of these tasks and effective pretrial management of this case will require a significant amount of attention and oversight from the Court.

The assigned judicial officers manage significant workloads, particularly at a time when the Court's resources are stretched thin.   Further, the subject matter of this action will require knowledge of and experience with complex civil litigation and class actions.    In such circumstances, courts facing similar challenges conclude that appointment of a Special Master is appropriate to help the Court with various pretrial, trial, and post- trial tasks.   Indeed, the 2003 amendments to Rule 53 specifically recognize the pretrial, trial, and post-trial functions of masters in contemporary litigation.  Accordingly, the Court finds that appointment of a Special Master will assist the Court in both effectively and expeditiously facilitating the exchange of information and discovery between the parties, including resolving any discovery disputes and preparing this case for dispositive motions and trial.

## II.    Rule 53(b)(2)

Rule 53 requires an order of appointment to include certain contents. See Fed. R. Civ. P. 53(b)(2).  The following discussion sets forth the matters required.

### II.A.   Master's Duties

Rule 53 provides that the Court may appoint a master to "address pretrial and post-trial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."   Fed. R. Civ. P. 53(a)(1)(C).   Based on the Court's pretrial management of the case to date and discussions with counsel, the Court finds that the exchange of information between the parties, pretrial and discovery proceedings cannot be effectively and timely addressed by a judicial officer of the Court given the nature and frequency of the disputes.

The Court has reviewed legal authority addressing the duties of a Special Master that are permitted under the Federal Rules of Civil Procedure and Article III of the Constitution. Consistent with this legal authority and the currently anticipated needs of the case, the Court states that the Special Master in these proceedings shall have the authority to address pretrial matters, including but not limited to the following:

1.    Establish discovery and other schedules; direct and supervise the production  of discovery, including electronically stored information; review  and attempt to resolve informally any discovery conflicts, including issues such as the discoverability of particular information, privilege, confidentiality, and access to trade secrets and other records; and generally supervise formal discovery and any informal exchanges of information.

2.    Assist with preparation for attorney conferences (including formulating agendas), scheduling, and negotiating changes to case management and scheduling orders.

3. Oversee management of docketing, including the identification and processing of matters requiring court rulings including but not limited to the filing of any materials under seal if appropriate under governing law.

4. Compile data or information and assist with, or make findings and recommendations with regard to, interpretation of commercial, technical, or other specialized evidence and, if necessary, assist with legal analysis of the parties' motions or other submissions, and make recommended findings of fact and conclusions of law on any substantive non-dispositive motion(s).

5. Direct, supervise, monitor, and report on implementation and compliance with the Court's Orders and make findings and recommendations on remedial action if required.

6. Interpret any agreements that the parties reach.

7. Communicate with parties and attorneys as needs might arise to permit the full and efficient performance of these duties.

In addition to the foregoing, the Court may refer any motion, but not including motions under Rule 702 or Rule 56, to the Special Master for a report and recommendation, if the Court determines that doing so is appropriate and will assist the Court in effectively and timely resolving the motion.

### II.B.  Communications with the Parties and the Court

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances, if any, in which the master may communicate *ex parte* with the court or a party."

### II.B.1.  *Ex Parte* Communications with the Court

The Special Master may communicate *ex parte* with the Court at the Special Master's discretion, without providing notice to the parties, to assist the Court with legal analysis of the parties' positions and the Court's understanding of highly specialized or technical matters that

may bear on the proceedings. The Special Master may also communicate *ex parte* with the Court, without providing notice to the parties, regarding logistics, the nature of his or her activities, management of the litigation, and other appropriate procedural matters.

### II.B.2. *Ex Parte* Communications with the Parties

The Special Master may not communicate *ex parte* with any party, or counsel for any party, with three exceptions:

(1) all parties provide written consent;

(2) no party objects to the *ex parte* communication within two days of being notified of the intended communication and its subject matter; or

(3) during an in camera inspection arising from a claim of privilege or a confidentiality designation.

The Special Master shall make reasonable efforts to conduct as many communications as possible not on an *ex parte* basis.

### II.C.   Master's Record

Rule 53(b)(2)(C) states that the Court must define "the nature of the materials to be preserved and filed as the record of the master's activities."   The Special Master shall maintain normal billing records of his or her time spent on this matter, with reasonably detailed descriptions of his or her activities and the matters worked on. *See also* Section II.E of this Order, below.

If appropriate, the Special Master shall submit a report and recommendation in writing for electronic filing on the case docket.   The Special Master need not preserve for the record any documents created by the Special Master that are docketed in this or any other court, nor any documents received by the Special Master from counsel or parties in this case.   The Court may

later amend the requirements for the Special Master's record if the role of the Special Master changes.

### II.D. Review of the Special Master's Orders

Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations." The Special Master shall either: (1) reduce any formal order, finding, report, or recommendation to writing and file it electronically on the case docket via Electronic Case Filing; or (2) issue any formal order, finding, report, or recommendation on the record, before a court reporter.

Pursuant to Rule 53(f)(2), any party may file an objection to the Special Master's orders, reports or recommendations within 21 calendar days of the date it is electronically filed. All such objections shall be directed to Chief Judge Marbley and Magistrate Judge Jolson simultaneously. Failure to meet these deadlines results in permanent waiver of any objection to the Special Master's orders, reports, or recommendations.

Absent timely objection, the orders, reports or recommendations of the Special Master shall be deemed approved, accepted, and ordered by the Court, unless the Court explicitly provides otherwise. As provided in Rule 53(f)(4) and (5), the Court shall decide de novo all objections to conclusions of law made or recommended by the Special Master; and the Court shall set aside a ruling by the Special Master on a procedural matter only for an abuse of discretion. The Court shall retain sole authority to issue final rulings on matters formally submitted for adjudication, unless otherwise agreed by the parties and subject to waiver of objection to written orders or recommendations as noted above. To the extent the Special Master enters an order, finding, report, or recommendation regarding an issue of fact, the Court shall review such issue de novo, if any party timely objects. *See* Fed. R. Civ. P. 53(f)(3). Failure to timely object within

21 calendar days results in permanent waiver of any objection to the Special Master's findings of fact.

### II.E. Compensation

Rule 53(b)(2)(E) states that the Court must set forth "the basis, terms, and procedure for fixing the master's compensation." *See also* Fed. R. Civ. P. 53(g) (addressing compensation). The Special Master shall be compensated at the rate of $_____ per hour, with the parties bearing this cost equally (50% by Plaintiffs and 50% by Defendants). This cost is subject to reallocation on an issue-by-issue basis on the recommendation of the Special Master. The Special Master shall incur only such fees and expenses as might be reasonably necessary to fulfill his or her duties under this Order, or such other Orders as the Court might issue, which may include the hourly compensation costs of staff assisting the Special Master and other reasonable costs.

Within 14 days of the date of this Order, the parties shall **REMIT** to the Special Master an initial, one-time retainer of $25,000.00 (50% by Plaintiffs and 50% by Defendants); the Court will not order additional payments by the parties to the Special Master until the retainer is fully earned. The Court has "consider[ed] the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3). From time to time, on approximately a monthly basis, the Special Master shall submit to the Court an itemized statement of fees and expenses, which the Court will inspect carefully for regularity and reasonableness. The itemized statement shall not reflect any confidential information or the substance of any *ex parte* communications. Each itemized statement shall include a signature line for the Court, accompanied by the statement "approved for disbursement." If the Court determines the itemized statement is regular and reasonable, the Court will sign the corresponding statement and transmit it to the parties. The parties shall then

remit to the Special Master their half-share of any Court-approved amount within 20 calendar days of Court approval.

### II.F.   Other Matters

#### II.F.1.   Affidavit or Declaration

Rule 53(b)(3) notes that the Court may enter an order of appointment "only after the master files an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455."  *See also* Fed. R. Civ. P. 53(a)(2) (discussing grounds for disqualification).

#### II.F.2.   Protective Order

At the same time the Special Master executes the affidavit discussed above, he shall also execute an affidavit agreeing to be bound by the governing Protective Order in this case.  (ECF No. 411.)   Pursuant to Paragraph 6(b)(vi) and Paragraph 6(c)(v), the Court orders that the Special Master and any person with whom the master works, pursuant to Section II.E. of this Appointing Order or further order of the Court, shall have access to and review any documents produced pursuant to the Protective Order.  Pursuant to this Order, the Special Master will have access to Confidential and Attorneys' Eyes Only materials and information under the Protective Order, and the Court clarifies, in case of any doubt, that providing such materials to the Special Master does not waive any protections under the Protective Order.

The Special Master and any person with whom the master works, pursuant to Section II.E. of this Appointing Order or further order of the Court, shall execute the agreement to be bound by the Protective Order, which is Attachment A to the Protective Order.   (ECF No. 411 at 25.)

#### II.F.3.   Cooperation

The Special Master shall have the full cooperation of the parties and their counsel. Pursuant to Rule 53(c), the Special Master may, if appropriate, "impose on a party any

noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty." As an agent and officer of the Court, the Special Master shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

The parties will make readily available to the Special Master any and all facilities, files, databases, and documents which are necessary to fulfill the Special Master's functions under this Order.

### II.F.4.   Electronic Filing

The Court **ORDERS** that _____ be given access to file electronically in this matter. Further, the Court **ORDERS** that _____ receive access to any and all sealed filings in this matter.

**SO ORDERED.**

Dated:  August ___, 2023

_____
Chief Judge Algenon L. Marbley
United States District Judge Southern District of Ohio

_____
Magistrate Judge Kimberly A. Jolson
United States Magistrate Judge Southern District of Ohio