# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION, | ) ) ) | No. 2:20-cv-03785-ALM-KAJ |
| | ) | CLASS ACTION |
| _____ | ) ) | Judge Algenon L. Marbley |
| This Document Relates To: | ) ) | Magistrate Judge Kimberly A. Jolson |
| ALL ACTIONS. | ) ) | |

## DEFENDANT MICHAEL DOWLING'S MOTION FOR PROTECTIVE ORDER
## ORAL ARGUMENT REQUESTED

## [REDACTED]

Defendant Michael Dowling, by and through his undersigned counsel, respectfully moves this Court for entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) *briefly* continuing Dowling's deposition scheduled for August 15–16, 2023, until no more than three weeks after First Energy produces the relevant materials (and no earlier than October 6, 2023), in order to allow Dowling to review a significant volume of *forthcoming* discovery productions from Dowling's custodial files (as well as a not insignificant set of recently produced documents) by FirstEnergy, and to provide time to resolve current privilege issues with FirstEnergy related to Dowling's upcoming testimony. To be clear, Dowling intends to testify. Dowling has been diligently preparing for his deposition and does not bring this motion for the purpose of unnecessary delay. Rather, Dowling only requests that this Court, in its discretion, enter a short continuance of the deposition to ensure that he, and those examining him, review the significant volume of forthcoming productions. This short delay creates no prejudice to other

parties, whereas disallowing the delay would result in substantial and irreparable prejudice to Dowling.

As set forth below, Dowling's ability to accurately testify and explain himself during this deposition will be severely undermined if he is unable to review the more than 70,000 soon-to-be-produced calendar entries from ***his own custodial files,*** related to events critical to this case that occurred as far back as 2016. Moreover, without resolution on specific privilege issues with FirstEnergy, Dowling could be prevented from providing complete testimony that would aid in his defense.

I.      **BACKGROUND**

        A.      **Forthcoming Productions of Dowling's Custodial Files from FirstEnergy.**

        ***Less than a week ago***, FirstEnergy informed all parties that it intended to make substantial productions of Dowling's custodial files in the coming weeks. These productions could not be made in advance of Dowling's deposition, but involve critically important documents that were previously withheld, redacted for privilege, or had been refused to be produced until recently.

        ***First***, on August 2, 2023, counsel for FirstEnergy informed the parties that it would be producing "a significant volume of documents"—namely, expense reports and "at least 70,000 calendar entries custodial to Mr. Dowling alone" from January 1, 2016 to July 21, 2020. *See* Ex. A (August 2, 2023 Email). Counsel for FirstEnergy noted that although it was moving quickly, it did "not anticipate that the documents will be produced prior to Mr. Dowling's currently scheduled deposition." *Id.* Rather, FirstEnergy anticipates that these documents will be produced by August 31, 2023. *Id.*

        Notably, Plaintiffs, Dowling and Defendant Charles Jones had requested these documents as part of their requests for production dating back over one year ago—***July 2022***. *Id.*

6120527.1

(referencing Lead Plaintiffs' Request for Production No. 8); *see also* Ex. B (Jones's First Request for Production at Nos. 8, 9, 11, and 13).[1] In response to those initial requests, FirstEnergy produced ***some*** calendar entries and expense reports, and otherwise withheld all other documents specific to these requests. After reviewing the productions made by FirstEnergy, counsel for Dowling and Jones consistently followed up and reiterated its request that FirstEnergy rectify its delinquent productions and produce these documents, "as they are both relevant and responsive to Request No. 8 of Lead Plaintiff's Second Set of Requests for Production." *See e.g.*, Ex. C (Jones and Dowling's June 5, 2023 Letter). FirstEnergy confirmed on July 11, 2023, it was processing and reviewing the calendar entries and expense reports for production. *See* Ex. A.

**Second**, on August 4, 2023, counsel for FirstEnergy informed the parties of another forthcoming production of Dowling's custodial files—specifically, the "production of the entire contents of iPad and iPhone devices used by Mr. Jones or Mr. Dowling from January 1, 2016 through December 31, 2020." *See* Ex. D (August 4, 2023 Email). This new production was being provided to the parties because certain undisclosed "governmental authorities" had requested the entire contents of these devices. *Id.* FirstEnergy informed the parties that it anticipated the production of these documents would be made "on or about September 15, 2023." *Id.* This production is expected to include documents for the entire 2016 calendar year which, notably, has not previously been part of prior discovery productions, despite being a "relevant period" as noted in FirstEnergy's Deferred Prosecution Agreement.[2]

---

[1]   The term "documents," was defined to include calendars, memoranda, and written communications. (*See* Ex. B,. at p. 2).

[2]   *See United States v. First Energy Corp.*, ECF. 3, No. 1:21-cr-00086-TSB at 14.

6120527.1

***Third***, FirstEnergy's current counsel, Sullivan & Cromwell, only recently agreed to produce responsive, nonprivileged documents pursuant to new search parameters.[3] These parameters also include pre-2017 dates (i.e., the relevant time period referenced in the Deferred Prosecution Agreement). *See* Ex. E (May 30, 2023 Email); Ex. C. At the same time, FirstEnergy agreed to undertake additional review of FirstEnergy's privilege designations and make subsequent productions of documents that were either improperly withheld or redacted for privilege. *See* Ex. F (July 28, 2023 FirstEnergy Production Letter); Ex. G (August 4, 2023 FirstEnergy Production Letter). Since then, FirstEnergy has engaged in rolling productions, including productions of hundreds of documents totaling thousands of pages on July 28, 2023, and August 4, 2023. *Id.*

**B.** **Dowling and FirstEnergy's Ongoing Efforts to Resolve Certain Privilege Issues on Critical Topics of Potential Testimony.**

███████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

---

[3] FirstEnergy's reversal from prior discovery positions came after this Court's order denying Dowling's prior request for a protective order. (ECF 461).

[REDACTED]

## II.    <u>ARGUMENT</u>

Rule 26(c)(1) of the Federal Rules of Civil Procedure grants courts discretion to enter a protective order upon merely a showing of "good cause" to protect an individual from "annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "To establish good cause, the movant must articulate 'specific facts' showing the risk of a 'clearly defined and serious injury.'" *Hogan v. Cleveland Ave Rest., Inc.*, 2:15-CV-2883, 2023 WL 2568299, at *2 (S.D. Ohio Mar. 20, 2023). "[I]t is entirely within the scope of this Court's discretion to temporarily continue a deposition for good cause shown." *Martinez v. First Class Interiors of Naples, LLC*, 3:18-CV-00583, 2019 WL 13059934, at *2 (M.D. Tenn. Jan. 24, 2019) (citing *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)).

Dowling is mindful of the timing with his scheduled deposition and does not bring this motion for the purpose of delay. Rather, a short continuance of his deposition is warranted to both ensure that he has sufficient time to review forthcoming productions of his own custodial files, and to resolve outstanding privilege issues with FirstEnergy so that Dowling can testify completely.

### A. A Brief Continuance is Warranted to Allow Dowling Sufficient Time to Review the Forthcoming Productions of His Custodial Files.

Without reiterating the production schedule above, a brief continuance is warranted in order for Dowling to review and refresh his memory. These productions are critically important for Dowling to be able to accurately testify regarding the timing of key meetings, the subject matter of communications, and the timing, attendance, and agendas related to in-person discussions with others regarding events that are central to this case. While FirstEnergy has produced some limited calendar entries (based on search term inquiries), it has only recently agreed to produce *all* calendar entries during the recent time period, after agreeing to review its productions for deficiencies. Importantly, FirstEnergy has not produced *any* calendar entries for the *entire year of 2016*, despite relevant events in 2016 being referenced in Plaintiffs' Amended Complaint and FirstEnergy's Deferred Prosecution Agreement,[4] and at depositions, including questions into FirstEnergy's lobbying practices, FirstEnergy's legislative and regulatory strategy, and monies being allocated for payment to a 501(c)(4) entity that became Partners for Progress. As such, FirstEnergy's counsel agrees that the forthcoming productions "cover a year not covered by the previously agreed scope" (i.e., 2016), and therefore, may be "deem[ed] relevant." *See* Ex. J (August 6, 2023 Email).

---

[4] For example, the DPA also discusses relevant emails and actions taken in 2016 by Dowling and others, including that Dowling "directed that $5 million be designated for an unnamed 501(c)(4) in December 2016." *See* ECF. 3, No. 1:21-cr-00086-TSB at 18.

6120527.1

Additionally, while many of Dowling's emails and text messages have been produced already, a number of missing emails and text messages have not been produced that will be contained in the forthcoming production of the entire contents of these devices. Indeed, FirstEnergy's August 4, 2023 production of documents, previously withheld on privilege grounds, consists of hundreds of documents and thousands of pages of highly relevant events. These last-minute production of "previously withheld" documents demonstrates what is happening here—FirstEnergy's *current* counsel is revisiting *previous* discovery productions and producing relevant information that arguably should have been produced long ago.

To date, Dowling has little to no visibility into what he was doing, when he was doing it, and who he was meeting with during critical time periods of this case. Documents relevant to the calendar year 2016 is one stark example. Dowling should be provided the opportunity to refresh his recollection by being permitted to review critical information from 2016—and likely thousands of other relevant meetings from other years—that will be produced to in the coming weeks. Through no fault of his own, FirstEnergy is producing documents requested long ago *after* Dowling is set to testify. While Dowling appreciates that FirstEnergy is finally producing this information, forcing Dowling to testify without the benefit of this relevant information disadvantages him severely.[5]

### B.    Plaintiffs' Response is Indicative of the Prejudice Dowling Faces.

Notably, FirstEnergy does not oppose moving Dowling's deposition, and as set forth above, FirstEnergy admits that the forthcoming productions may contain information that the

---

[5]    Additionally, Plaintiffs received a supplemental production from Sam Randazzo on August 4, 2023 consisting of 4,844 documents. *See* ECF 523. The time period of these documents, as requested by Plaintiffs, consist of January 1, 2015 through November 20, 2020. Notably, Dowling has *not* received this production despite his deposition being less than a week away. Presumably, these documents will be critical to review in advance of the deposition considering Plaintiffs' allegations relating to Randazzo.

6120527.1

parties deem relevant. *See* Ex. J. Yet Plaintiffs will not agree to this short extension that would benefit all parties. They even refuse to agree that they would not seek to re-open or reserve time to depose Dowling a second time if (and surely when) the forthcoming productions containing relevant information are produced. Plaintiffs' posture of forcing Dowling to sit for his deposition, while leaving open the possibility for deposition confirms that even Plaintiffs are concerned that these productions contain new, relevant information that would directly inform Dowling's deposition. Thus, there is no harm to the other parties of Dowling's deposition is delayed for the short period of time within the discovery period.

## III. CONCLUSION

A brief continuance of Dowling's deposition will not cause any harm or undue prejudice to Plaintiffs, and would ensure that the deposition can be completed within the fact discovery cut off period. Indeed, between October 6 and October 20, 2023 (the fact discovery cut-off date), there are only two depositions scheduled. And, Plaintiffs have been noticing depositions beyond the fact-discovery period—as far back as November 17, 2023—and have suggested that certain depositions may need to occur in December 2023.[6] As such, a brief continuance will not disrupt the discovery schedule or Plaintiffs' prosecution of this case.

Conversely, it would be patently unfair and highly prejudicial for Mr. Dowling to be forced to testify without having an opportunity for him and his counsel to review these new relevant documents which go many years back and coincide with key events to this litigation.

Finally, Plaintiffs seek to potentially use the forthcoming productions by FirstEnergy to their advantage which undermines their opposition to a short continuance. As noted above, counsel for Plaintiffs refused to agree that they would not seek to re-open or reserve time in the

---

[6] The case schedule, as ordered by this Court, extends the schedule for half the number of days between the filing of a motion to compel and final resolution. *See* ECF 474, 458.

deposition of Dowling in light of the forthcoming productions, and they declined to comment on whether or not Dowling should be subject to only this one deposition since they do not know what information may exist in the forthcoming productions. In essence, Plaintiffs want to have their cake and eat it too.

For the foregoing reasons, Michael Dowling respectfully requests that this Court enter a protective order as set forth in the proposed order.

Dated: August 8, 2023

Respectfully submitted,

/s/ *John F. McCaffrey*
John F. McCaffrey (0039486)
John A. Favret (0080427)
Hannah M. Smith (0090870)
TUCKER ELLIS LLP
950 Main Avenue - Suite 1100
Cleveland, OH 44113
216-592-5000
Fax: 216-592-5009
john.mccaffrey@tuckerellis.com
john.favret@tuckerellis.com
hannah.smith@tuckerellis.com

Dan K. Webb (admitted *pro hac vice*)
Steven Grimes (admitted *pro hac vice*)
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: 312-558-5600
Fax: 312-558-5700
dwebb@winston.com
sgrimes@winston.com

*Attorneys for Defendant Michael J. Dowling*

6120527.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 8, 2023, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

/s/ <i>John F. McCaffrey</i>
John F. McCaffrey (0039486)
One of the Attorneys for Defendant
Michael J. Dowling

6120527.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION, | ) ) ) | No. 2:20-cv-03785-ALM-KAJ |
| | ) | CLASS ACTION |
| ——————————————————— | ) | |
| | ) | Judge Algenon L. Marbley |
| This Document Relates To: | ) | Magistrate Judge Kimberly A. Jolson |
| | ) | |
| ALL ACTIONS. | ) | **ORAL ARGUMENT REQUESTED** |

**[PROPOSED] ORDER GRANTING DEFENDANT
MICHAEL DOWLING'S MOTION FOR A PROTECTIVE ORDER**

John F. McCaffrey (0039486)
John A. Favret (0080427)
Hannah M. Smith (0090870)
TUCKER ELLIS LLP
950 Main Avenue - Suite 1100
Cleveland, OH 44113
Telephone: 216-592-5000
Fax: 216-592-5009
john.mccaffrey@tuckerellis.com
john.favret@tuckerellis.com
hannah.smith@tuckerellis.com

Dan K. Webb (admitted *pro hac vice*)
Steven Grimes (admitted *pro hac vice*)
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: 312-558-5600
Fax: 312-558-5700
dwebb@winston.com
sgrimes@winston.com

*Attorneys for Defendant Michael J. Dowling*

6120527.1

Before the Court is Defendant Michael Dowling's Motion for a Protective Order.  Having reviewed the motion and finding good cause shown pursuant to Federal Rule of Civil Procedure 26(c)(1), the Court GRANTS the motion.

It is therefore ORDERED as follows:

1.      Pursuant to Federal Rule of Civil Procedure 26(c), any deposition of Michael Dowling is continued until after October 6, 2023.

IT IS SO ORDERED.

DATED: _____      _____
                                                                                    THE HON. KIMBERLY A. JOLSON
                                                                                    UNITED STATES MAGISTRATE JUDGE