IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE FIRSTENERGY CORP.
SECURITIES LITIGATION,

This document relates to:

ALL ACTIONS.

Civil Action 2:20-cv-3785
Chief Judge Algenon L. Marbley
Magistrate Judge Jolson

**ORDER**

This matter is before the Court on the parties' August 7, 2023 Joint Status Report (Doc. 524) and Defendant Michael J. Dowling's Motion for Protective Order (Doc. 525). In the status report, the parties raise three discovery disputes. Because the dispute regarding Dowling's deposition is time-sensitive and has been briefed by the parties (Docs. 525, 527), it is addressed in the instant Order. The Court will hold the other two disputes in abeyance while it continues to consider the appointment of a special master. The Court **VACATES** the hearing set for August 10, 2023, at 11:00am.

The Court previously denied Dowling's motion for a protective order and ordered that his deposition take place between August 3 and August 23, 2023. (*See* Doc. 461). The parties then agreed Dowling would sit for his deposition on August 15 and 16, 2023. (Doc. 524 at 2). Now, however, Dowling asks that his deposition be continued because Defendant FirstEnergy Corp. ("FirstEnergy") is producing new discovery which he says will enable him to testify accurately. (Doc. 525 at 1–4). In particular, FirstEnergy is producing Dowling's calendar entries and expense reports, as well as the entire contents of the iPhone and iPad he used while employed by the company. (*Id.*).

Plaintiffs have understandable concerns that this late production and delay is, at least in part, a matter of Dowling's own contrivance. (*See* Doc. 524 at 3). Yet, the record also indicates that there

were meaningful changes in circumstances which led to the availability of new discovery. Notably, FirstEnergy recently substituted its lead counsel (Docs. 463, 466), and while prior lead counsel agreed to produce Dowling's calendar entries and expense reports captured by a search-term protocol within a certain time frame, new counsel has agreed to produce all material dating back to 2016 (Doc. 525-1). Further, FirstEnergy only recently decided to produce the contents of Dowling's electronic devices because "certain governmental authorities have requested the production of the entire contents of iPad and iPhone devices used by . . . Mr. Dowling from January 1, 2016 through December 31, 2020[,]" and "[i]n keeping with the protocol in this matter, those documents will be produced to all parties." (Doc. 525-5 at 3).

Plaintiffs further suggest that because the Court previously denied a motion for protective order brought by Dowling, his present Motion should not be treated as a new motion for protective order under Federal Rule of Civil Procedure 26, but rather as a motion for relief from an order under Federal Rule of Civil Procedure 60. (Doc. 527 at 3–4). The Court is not persuaded by this characterization. Dowling is not asking the Court to revisit its prior holding that this deposition be stayed pending the clarification of potential criminal charges against him. And the Court will not do so. Rather, he is asking for a limited continuance on wholly separate grounds—to review new discovery to prepare adequately for his deposition. So the proper inquiry is whether Dowling has demonstrated good cause for a protective order. *See Smith v. Gen. Mills, Inc.*, No. C2 04-705, 2006 WL 7276959, at *1–2 (S.D. Ohio Apr. 13, 2006) (quoting *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001)).

The Court finds that he has. While Plaintiffs question the utility of this additional discovery (Doc. 527 at 4–5), fairness dictates that Dowling be able to review the discovery and determine for himself its import to his defense. Still more, though Plaintiffs believe the impact of Dowling's lack of review and potential recitation of "I don't recall" during the deposition will be minor (*id.*), the

Court finds that it is in the interest of all parties to have a maximumly productive deposition supported by fulsome preparation.

Accordingly, Defendant's Motion for Protective Order (Doc. 525) is **GRANTED**.  Dowling is **ORDERED** to sit for his deposition between October 6 and 20, 2023.  **This window will not be further delayed.**  To ensure that the outstanding discovery production is expeditious, the Court will enforce the presumptive production deadlines FirstEnergy has provided to Dowling.  (Doc. 525-5). FirstEnergy is **ORDERED** to produce the relevant documents from Dowling's custodial file on or before August 31, 2023, and the contents of his iPhone and iPad devices on or before September 15, 2023.  Further, to the extent Dowling has represented that discussions with FirstEnergy about privilege may impact his deposition (Doc. 525 at 4–5), Dowling and FirstEnergy must urgently resolve those issues—failure to do so will not serve as a basis for further delaying this deposition.

IT IS SO ORDERED.


Date: August 9, 2023                     /s/ Kimberly A. Jolson
                                         KIMBERLY A. JOLSON
                                         UNITED STATES MAGISTRATE JUDGE