**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE FIRSTENERGY CORP. SECURITIES LITIGATION, | Case No. 2:20-cv-03785-ALM-KAJ |
| This document relates to: | Chief Judge Algenon L. Marbley |
| ALL ACTIONS. | Magistrate Judge Kimberly A. Jolson |

<u>**JOINT DISCOVERY STATUS REPORT**</u>

**[REDACTED]**

Pursuant to the Court's August 19, 2022 Opinion and Order (ECF 333), the parties submit this joint discovery status report. There is one active privilege dispute between Class Plaintiffs and FirstEnergy. There is also one active dispute between Class Plaintiffs, Opt-Out Plaintiffs, and Michael Dowling regarding the Rule 30(b)(6) deposition of Partners for Progress, Inc. The relevant parties' positions are set forth below. The parties continue to meet-and-confer in good faith regarding a number of other discovery issues.

**I.      Privilege Dispute Regarding Documents Clawed Back by FirstEnergy**

**A.      Plaintiffs' Position re FirstEnergy Corp.'s August 15, 2023 Clawback**

On Thursday, October 29, 2020, defendant FirstEnergy Corp. ("FirstEnergy") fired defendant Charles E. Jones ("Jones"). The next day, Friday, October 30, 2020, FirstEnergy scrambled to scrub Jones from the script for its Monday, November 2, 2020 earnings call. This was a seemingly all-hands effort, involving dozens of FirstEnergy employees (most of whom were not lawyers) and an outside public relations firm, but no outside counsel. *See, e.g.*, Ex. 1 (FE_CIV_SEC_0763991) attached hereto. Fifteen months later, on February 17, 2022, FirstEnergy produced several emails and attachments from this October 30, 2020 scramble.

Over 18 months after this February 17, 2022 production, FirstEnergy's new counsel asserted that 2 of these emails were "inadvertently produced" (FE_CIV_SEC_0377634 and FE_CIV_SEC_0377643, respectively attached hereto as Exs. 2-3), even though FirstEnergy's present counsel were not the counsel who produced them and the counsel who produced them has yet to assert that their production was inadvertent. *Bracy v. Consumers Energy Co.*, 2021 WL 5194106, at *6 (E.D. Mich. Aug. 4, 2021) ("'When a producing party claims inadvertent disclosure, it has the burden of proving that the disclosure was truly inadvertent.'") (citation omitted). FirstEnergy's belated privilege assertion also fails to: (1) identify an attorney whose *legal* advice these two emails reflect; and (2) provide a declaration from any witness attesting *the* primary purpose of these emails was to convey *legal* advice. *See* Opinion & Order, ECF 456 at PageID 10263; *Bracy*, 2021 WL 5194106 at *6 (with no affidavit "to explain that the specific document in question here was created for the purpose of obtaining legal advice" and no "evidence that documents such as the document in question here are *always* prepared for the purpose of obtaining legal advice," "it cannot be established that the document in question was created for the purpose of seeking legal advice") (emphasis in original). If in-house counsel are simply wordsmithing scripts or giving tactical suggestions/edits, that does not constitute *legal* advice.

Pursuant to Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, Plaintiffs are providing *in camera* the two emails that FirstEnergy is attempting to claw back for a determination of FirstEnergy's belated and unsupported privilege claim.[1] *See* Exs. 2-3. "Where, as here, in-

---

[1] Plaintiffs refers to Class Representatives Los Angeles County Employees Retirement Association, Amalgamated Bank, as Trustee for the LongView LargeCap 500 Index Fund, LongView Quantitative LargeCap Fund, LongView Broad Market 3000 Index Fund, LongView LargeCap 500 Index Fund VEBA, LV LargeCap 1000 Value Index Fund, LongView Quantitative MidCap Fund, LongView Quant LargeCap Equity VEBA Fund and LongView Core Plus Fixed Income Fund, City of Irving Supplemental Benefit Plan, and Wisconsin Laborers' Pension Fund (collectively, the "Plaintiffs").

house counsel appears as one of many recipients of an otherwise business-related memo, the federal courts place a heavy burden on the proponent to make a clear showing that counsel is acting in a professional legal capacity and that the document reflects legal, as opposed to business, advice." *Amway Corp. v. Procter & Gamble Co.*, 2001 WL 1818698, at \*5 (W.D. Mich. Apr. 3, 2001). "*In camera* inspection of each shows that the context of the Category II documents was public relations and other business strategizing and was not legal in nature, even when lawsuits or the prospect of lawsuits were under discussion." *Id.* at \*8.

### B.      Defendant FirstEnergy's Position

On August 15, 2023, FirstEnergy clawed back two documents that it had inadvertently produced in this action that reflect legal advice provided by in-house counsel on scripts prepared for a quarterly earnings call. Plaintiffs now challenge the clawback based on the conclusory claim that the advice reflected in the documents served no legal purpose and instead concerned only "tactical" or "strategic" purposes. The Court should reject Plaintiffs' argument because it cannot be squared with established law providing that counsel's advice on an issuer's public disclosures is privileged under the governing predominant purpose standard.

### Background

On August 15, 2023, pursuant to the court-ordered Joint Protocol for Production of Documents and Electronically Stored Information in this action (ECF No. 204), FirstEnergy sent a letter to all parties clawing back two documents containing privileged information that FirstEnergy had inadvertently produced without redactions (the "Clawback Documents"). As described on FirstEnergy's privilege log, both documents are "[c]onfidential email communication[s] reflecting legal advice of counsel regarding [a] quarterly earnings call."[2] The

---

[2]      FirstEnergy's privilege log reflecting the relevant entries is attached as Exhibit FE 1.

documents refer to "legal's comments" on the draft script for the earnings call,



The

Clawback Documents specifically describe counsel's comments as follows:



Contemporaneously with sending the August 15 letter, FirstEnergy produced replacement versions of the documents bearing appropriate redactions of the privileged material.[3]

      Less than an hour after FirstEnergy notified the parties of the clawback, Plaintiffs stated that they intended to "present [the documents] to the Court under seal for a determination of FirstEnergy's claim, as this appears to be a classic primary business purpose." Seeking to avoid burdening the Court with a needless dispute, FirstEnergy asked Plaintiffs to meet and confer on August 22, 2023 to discuss their position. During the meet and confer, Plaintiffs asserted that they were challenging FirstEnergy's privilege claims because the Clawback Documents reflected a "tactical" or strategic purpose, and because FirstEnergy had supposedly failed to identify a "legal doctrine" to which the advice at issue related. Although identifying a specific "doctrine" is not required to assert privilege, FirstEnergy explained that counsel's advice on investor disclosures is

---

[3]    The redacted versions of the Clawback Documents are attached as Exhibits FE 2 and FE 3. In addition, for the Court's consideration, attached as exhibits FE 4 and FE 5 are unredacted versions of the Clawback Documents with highlighting reflecting the text that FirstEnergy has now redacted.

based on the securities laws, and proposed that the parties exchange the legal authority supporting their respective positions. Plaintiffs declined the offered exchange, and the parties were not able to reach an agreement regarding the Clawback Documents. As shown below, FirstEnergy's prima facie assertion of privilege over the Clawback Documents is proper and supported by ample authority. FirstEnergy's clawback request regarding those documents thus should be enforced.

### Argument

"In the corporate context," a confidential attorney-client communication is privileged as long as "the predominant purpose of the communication [is] to render or solicit legal advice." *See Abington Emerson Cap., LLC* v. *Landash Corp.*, 2019 WL 6167085, at *3 (S.D. Ohio Nov. 20, 2019) (Jolson, M.J.). Here—where FirstEnergy's internal counsel commented on the ████████████ ████████████ in a draft investor disclosure governed by the securities laws—that standard is easily satisfied.

It is beyond dispute that an issuer's statements to investors, including in an earnings call, are governed by the securities laws. Plaintiffs themselves demonstrate that point by asserting securities fraud claims against FirstEnergy based in part on alleged misstatements and omissions *in earnings calls*. *See, e.g.*, Consolidated Complaint (ECF No. 72) ¶¶ 103, 113, 115, 127, 132; *see also Zaller* v. *Fred's, Inc.*, 560 F. Supp. 3d 1146, 1171 (W.D. Tenn. 2021) ("Defendant's assurances in the [quarterly earnings] conference call" found actionable); *Plagens* v. *Deckard*, 2023 WL 2711263, at *18, *31 (N.D. Ohio Mar. 30, 2023) (officers' "statements on earnings calls" were actionable); *Cutler* v. *Kirchner*, 696 Fed. App'x 809, 815 (9th Cir. 2017) ("challenged statements . . . made by individual UTi executives during earnings calls" were "actionabl[e]").

Given that legal framework, an attorney's advice on the contents or phrasing of investor disclosures necessarily involves an assessment of legal obligations under the securities laws. That

is why courts have specifically held that counsel's input on a quarterly earnings call script is privileged. *See Pearlstein* v. *Blackberry Ltd.*, 2019 WL 1259382, at \*12 (S.D.N.Y. Mar. 19, 2019) (holding that a "draft script for an investor conference call that include[d] comments from [an] in-house attorney . . . in response to a request for legal review . . . [wa]s protected by the attorney-client privilege" under the predominant purpose standard).

The same result should follow here. The Clawback Documents reflect the advice of FirstEnergy's legal department regarding ███████████████████████████████████

███████████████████████████████████████ That advice reflects counsel's legal judgment. ██

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████████████████████

Plaintiffs do not meaningfully challenge this showing. Beyond their vague assertion that the Clawback Documents reflect "tactical" or "strategic" advice, they have not pointed to any purported business purpose of the attorney review reflected in the documents. Instead, Plaintiffs' argument appears to be that an attorney's comments on an investor disclosure cannot serve a legal purpose absent citation to a specific "legal doctrine." That novel contention is irreconcilable with established law.

*First*, courts routinely uphold privilege claims without requiring identification of a specific "legal doctrine," as long as the relevant communication reflects a request for or the provision of legal advice or analysis. *See, e.g., Abington Emerson Cap.*, 2019 WL 6167085, at \*3 (sustaining privilege claims over communications reflecting counsel's "legal advice and opinions concerning . . . [a] dispute").

-6-

*Second*, in light of the intricate legal regime governing investor disclosures, the advice of FirstEnergy's internal counsel on the earnings call script at issue constitutes legal advice, not merely, as Plaintiffs contend, "tactical" business advice. The relevant advice— ███████████████—necessarily reflects counsel's legal judgment. Courts in this circuit that have considered this question have come to the same conclusion. In *Roth* v. *Aon Corp.*, for example, the court held that Aon's chief financial officer "reasonably [sought] legal advice" when asking in-house counsel to review a draft Form 10-K. 254 F.R.D. 538, 539 (N.D. Ill. 2009). The Court reasoned that "[t]he determination of what information should be disclosed for compliance [with SEC regulations] *is not merely a business operation, but a legal concern.*" *Id.* at 541 (emphasis added). Courts from other circuits agree. *See, e.g.*, *In re Banc of California Sec. Litig.*, 2018 WL 6167907, at *2 (C.D. Cal. Nov. 26, 2018) ("[w]hen a client sends a draft disclosure document to an attorney for comment or input, the attorney-client privilege attaches to the draft and remains intact even after the final document is disclosed"); *Pearlstein*, 2019 WL 1259382, at *12 (attorney comments on draft investor call script held to be privileged).

Indeed, companies routinely engage dedicated "disclosure counsel" specifically for the purpose of "understanding and satisfying [their] disclosure responsibilities under federal securities laws." *Disclosure Counsel*, National Association of Bond Lawyers, https://www.nabl.org/bond-basics/disclosure-counsel/ (last assessed August 23, 2023). Those "disclosure responsibilities" are implicated by the phrasing of every portion of a statement to investors. Against that context, Plaintiffs cannot reasonably contend that a business purpose predominates with respect to the legal review reflected in the Clawback Documents.

Even if Plaintiffs pointed to some secondary business purpose reflected in the Clawback Documents (they have not), that would not render the communications non-privileged. Legal and business issues are often "inextricably intertwined," and "[w]hen an attorney acts in both a legal and a business capacity," a communication remains privileged "if the legal aspect predominates." *Carhartt, Inc.* v. *Innovative Textiles, Inc.*, 333 F.R.D. 113, 117 (E.D. Mich. 2019); *see also Abington Emerson Cap.*, 2019 WL 6167085, at *3 (same). Here, where the Clawback Documents reflect attorneys' performance of a classic disclosure counsel function, that test is amply satisfied. Accordingly, the Court should reject Plaintiffs' misguided challenge and order them to destroy the Clawback Documents.

## II. PFP's Reservation of Rights to Invoke the Fifth Amendment at Its Rule 30(b)(6) Deposition

### A. Plaintiffs, Opt-Out Plaintiffs, and Dowling's Position

Plaintiffs, Opt-Out Plaintiffs, and Dowling have reached an impasse with non-party Partners for Progress, Inc. ("PFP") over whether Michael VanBuren's ("VanBuren") acknowledgement that he will invoke his Fifth Amendment right against self-incrimination at his individual deposition can serve as a basis for PFP to similarly block some or all deposition testimony by VanBuren, its corporate designee for the deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) (a "30(b)(6) deposition").[4] VanBuren is an improper corporate designee for this 30(b)(6) deposition because his Fifth Amendment rights do not apply to PFP. Controlling law holds that PFP has no Fifth Amendment right and PFP cannot block 30(b)(6) deposition testimony on that basis. *Braswell v. United States*, 487 U.S. 99, 110 (1988) ("Any claim of Fifth Amendment

---

[4] Opt-Out Plaintiffs in *MFS Series Trust I, et al. v. FirstEnergy Corp., et al.*, No. 2:21-cv-05839-ALM-KAJ (S.D. Ohio), and *Brighthouse Funds Trust II – MFS Value Portfolio, et al. v. FirstEnergy Corp., et al.*, No. 2:22-cv-00865-ALM-KAJ (S.D. Ohio), join in Plaintiffs' arguments. Dowling refers to defendant Michael J. Dowling.

privilege asserted by the agent would be tantamount to a claim of privilege by the corporation - which of course possesses no such privilege.").

PFP's 30(b)(6) deposition is set for September 11-12, 2023 and VanBuren's is set for September 12-13, 2023.[5] Those dates were agreed to by all parties and the deponents on July 12, 2023. On a July 18, 2023 meet-and-confer call, counsel for PFP stated that VanBuren would serve as the entity's representative pursuant to Federal Rule of Civil Procedure 30(b)(6). On August 16, 2023, however, VanBuren's counsel stated by email that VanBuren will not testify substantively regarding his activities and/or conduct relating to PFP because he will invoke his Fifth Amendment rights at his individual deposition. Upon learning that VanBuren would not provide substantive testimony, on August 18, 2023, Plaintiffs requested PFP provide an alternative 30(b)(6) witness who would not invoke the Fifth Amendment.[6] Rather than agree to this, counsel for PFP takes the position that its corporate representative reserves the right to assert the Fifth Amendment at the 30(b)(6) deposition.

Because PFP has no Fifth Amendment rights, Plaintiffs and the Class are entitled to two types of answers to questions posed at the 30(b)(6) deposition: (1) substantive responses based on the corporate designee's personal knowledge (or on their educating themselves about what occurred from documents and/or witness interviews); or (2) testimony that the designee does not know the answer because either they looked for the information and it was unavailable or they

---

[5] VanBuren serves as PFP's director and treasurer, and has since PFP's founding in 2017. He is represented by separate counsel from PFP for the purpose of the two scheduled depositions.

[6] It is clear that VanBuren will provide no substantive answers to questions at deposition. On the basis of the Fifth Amendment privilege, his counsel has refused to even say whether VanBuren has previously given testimony to the SEC. It is inconceivable that VanBuren would refuse to testify in his individual capacity, only to then testify to the very same matters in his representative capacity.

failed to investigate a factual issue. PFP is refusing to provide a witness who will fulfill PFP's obligation to give the required testimony; instead, it wants to reserve the right to assert the Fifth Amendment to preclude such testimony.

Additionally, PFP contends that if it designated another of its three current or former directors and officers as a corporate representative, any one of them would similarly assert Fifth Amendment rights against testifying. But that simply means PFP must designate someone else to serve as its representative witness who will not assert the Fifth Amendment privilege. *United States v. Barth*, 745 F.2d 184, 189 (2d Cir. 1984) ("If all current employees successfully assert a fifth amendment privilege, the corporations must appoint an agent who will testify without asserting the privilege."); *accord In re Classicstar Mare Lease Litig.*, 2009 WL 1313311, at *2 (E.D. Ky. May 12, 2009); *City of Chicago, Ill. v. Wolf*, 1993 WL 177020 at *1 (D. Ill. May 21, 1993) ("corporations . . . can be compelled to answer the questions through an agent who will not invoke the privilege . . . includ[ing], if necessary, retaining a person not previously associated with the corporation so that that person can answer the questions").

Accordingly, to avoid the needless waste of the parties' time and resources attending a 30(b)(6) deposition where the required testimony is blocked by improper objection, Plaintiffs, Opt-Out Plaintiffs, and Dowling respectfully request that PFP be ordered to produce a witness for the 30(b)(6) deposition who will not refuse to answer questions based on a meritless assertion of a nonexistent Fifth Amendment privilege.

### B. PFP's Position

Because Plaintiffs' counsel proposed a simultaneous exchange of positions today, PFP has not seen Plaintiffs' position in full and so does not know exactly what to address.

But PFP continues to stand on the position it articulated in its portion of the August 7, 2023 Joint Discovery Status Report, and it will further reassert here what it shared with counsel for

Plaintiffs and Dowling as an update on August 17, 2023, which is that if it is true that Plaintiffs are demanding that PFP's 30(b)(6) designee waive any 5th Amendment rights in advance without first knowing what questions will be asked, then such a demand from Plaintiffs is inappropriate, and PFP's designee will thus be someone who is reserving the right to assert appropriate personal objections, depending on the questions actually asked, including with regard to 5th Amendment rights.  If Plaintiffs or others are seeking an order to that extent from the Court, then PFP asks for an opportunity to see the arguments from them in full and to be able to file a written response within a reasonable period of time thereafter.

Dated: August 28, 2023

Respectfully submitted,

/s/ Joseph F. Murray (with permission)
Joseph F. Murray, Trial Attorney (0063373)
MURRAY MURPHY MOUL + BASIL LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: (614) 488-0400
Facsimile: (614) 488-0401
Email: murray@mmmb.com

*Liaison Counsel*

Darren J. Robbins (admitted *pro hac vice*)
Mark Solomon (admitted *pro hac vice*)
Jason A. Forge (admitted *pro hac vice*)
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
Email: darrenr@rgrdlaw.com
Email: marks@rgrdlaw.com
Email: jforge@rgrdlaw.com

Respectfully submitted,

/s/ Thomas D. Warren
Thomas D. Warren, Trial Attorney (0077541)
WARREN TERZIAN LLP
30799 Pinetree Rd., Suite 345
Pepper Pike, OH 44124
Telephone: (216) 304-4970
Email: tom.warren@warrenterzian.com

Robert J. Giuffra, Jr. (admitted *pro hac vice*)
Sharon L. Nelles (admitted *pro hac vice*)
David M.J. Rein (admitted *pro hac vice*)
Hilary M. Williams (admitted *pro hac vice*)
Tasha N. Thompson (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
Email: giuffrar@sullcrom.com
Email: nelless@sullcrom.com
Email: reind@sullcrom.com
Email: williamsh@sullcrom.com
Email: thompsontas@sullcrom.com

*Attorneys for Lead Plaintiff Los Angeles County Employees Retirement Association and Plaintiffs Amalgamated Bank, City of Irving Supplemental Benefit Plan, and Wisconsin Laborers' Pension Fund*

/s/ Carole S. Rendon (with permission)
Carole S. Rendon, Trial Attorney (0070345)
Douglas L. Shively (0094065)
Daniel R. Warren (0054595)
Jeremy Steven Dunnaback (0098129)
BAKER & HOSTETLER LLP
Key Tower, 127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
Email: crendon@bakerlaw.com
Email: dshively@bakerlaw.com
Email: dwarren@bakerlaw.com
Email: jdunnaback@bakerlaw.com

George A. Stamboulidis (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4211
Facsimile: (212) 589-4201
Email: gstamboulidis@bakerlaw.corn

*Attorneys for Defendant Charles E. Jones*

/s/ Douglas M. Mansfield (with permission)
Douglas M. Mansfield (0063443)
LAPE MANSFIELD NAKASIAN &
GIBSON, LLC
9980 Brewster Lane, Suite 150
Powell, OH 43065
Telephone: (614) 763-2316
Facsimile: (614) 467-3704
Email: dmansfield@lmng-law.com

Michael L. Kichline (admitted *pro hac vice*)
Laura H. McNally (admitted *pro hac vice*)
Emily S. Kimmelman (admitted *pro hac vice*)

Kamil R. Shields (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
1700 New York Ave., N.W.
Suite 7000
Washington, DC 20006
Telephone: (202) 956-7040
Facsimile: (202) 293-6330
Email: shieldska@sullcrom.com

*Attorneys for Defendant FirstEnergy Corp.*

/s/ Geoffrey J. Ritts (with permission)
Geoffrey J. Ritts (0062603)
Robert S. Faxon (0059678)
Corey A. Lee (0099866)
Stephen G. Sozio (0032405)
Adrienne F. Mueller (0076332)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: gjritts@jonesday.com
Email: rfaxon@jonesday.com
Email: calee@jonesday.com
Email: sgsozio@jonesday.com
Email: afmueller@jonesday.com

Marjorie P. Duffy (0083452)
Jordan M. Baumann (0093844)
M. Ryan Harmanis (0093642)
JONES DAY
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43215
Telephone: (614) 469-3939
Facsimile: (614) 461-4198
Email: mpduffy@jonesday.com
Email: jbaumann@jonesday.com
Email: rharmanis@jonesday.com

Scott B. Scheinberg (admitted *pro hac vice*)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514

Karen Pieslak Pohlmann (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
Email: michael.kichline@morganlewis.com
Email: laura.mcnally@morganlewis.com
Email: emily.kimmelman@morganlewis.com
Email: karen.pohlmann@morganlewis.com

*Attorneys for Defendant Dennis M. Chack*

/s/ Brian P. O'Connor (with permission)
Brian P. O'Connor (0086646)
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, OH 45202
Telephone: (513) 721-4450
Facsimile: (513) 852-5994
Email: bpo@santenhughes.com

Preston Burton (admitted *pro hac vice*)
Adam Miller (admitted *pro hac vice*)
Bree Murphy (admitted *pro hac vice*)
Jill Winter (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE
2001 M Street NW, Suite 500
Washington, DC 20036
Telephone: (202) 349-8000
Facsimile: (202) 349-8080
Email: pburton@orrick.com
Email: adam.miller@orrick.com
Email: bmurphy@orrick.com
Email: jwinter@orrick.com

*Attorneys for Defendant Donald R. Schneider*

/s/ James E. Arnold (with permission)
James E. Arnold (0037712)
Gerhardt A. Gosnell II (0064919)
ARNOLD & CLIFFORD LLP

Telephone: (412) 391-3939
Facsimile: (412) 394-7959
Email: sscheinberg@jonesday.com

*Attorneys for Defendants Steven E. Strah, K. Jon Taylor, Jason J. Lisowski, George M. Smart, Paul T. Addison, Michael J. Anderson, Steven J. Demetriou, Julia L. Johnson, Donald T. Misheff, Thomas N. Mitchell, James F. O'Neil III, Christopher D. Pappas, Sandra Pianalto, Luis A. Reyes, Jerry Sue Thornton, and Leslie M. Turner*

/s/ John F. McCaffrey (with permission)
John F. McCaffrey (0039486)
John A. Favret (0080427)
Hannah M. Smith (0090870)
TUCKER ELLIS LLP
950 Main Avenue - Suite 1100
Cleveland, OH 44113
Telephone: (216) 592-5000
Facsimile: (216) 592-5009
Email: john.mccaffrey@tuckerellis.com
Email: john.favret@tuckerellis.com
Email: hannah.smith@tuckerellis.com

Steve Grimes (admitted *pro hac vice*)
Dan K. Webb (admitted *pro hac vice*)
WINSTON & STRAWN, LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: SGrimes@winston.com
Email: DWebb@winston.com

*Attorneys for Defendant Michael J. Dowling*

/s/ Jeremy R. Teaberry (with permission)
Jeremy R. Teaberry (0082870)
Timothy D. Katsiff (admitted *pro hac vice*)
David L. Axelrod (admitted *pro hac vice*)

115 W. Main St., Fourth Floor
Columbus, OH 43215
Telephone: (614) 460-1600
Facsimile: (614) 469-1093
Email: jarnold@arnlaw.com
Email: ggosnell@arnlaw.com

Veronica E. Callahan (admitted *pro hac vice*)
Aaron F. Miner (admitted *pro hac vice*)
Yiqing Shi (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER
LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
Email: aaron.miner@arnoldporter.com
Email: veronica.callahan@arnoldporter.com
Email: Yiqing.Shi@arnoldporter.com

Andrew C. Johnson (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: (202) 942-5631
Email: Andrew.Johnson@arnoldporter.com

*Attorneys for Defendant Leila L. Vespoli*

/s/ Victor A. Walton, Jr. (with permission)
Victor A. Walton, Jr. (0055241)
Joseph M. Brunner (0085485)
VORYS, SATER, SEYMOUR & PEASE
LLP
301 East Fourth Street, Suite 3500
Great American Tower
Cincinnati, OH 45202
Telephone: (513) 723-4000
Facsimile: (513) 723-4056
Email: vawalton@vorys.corn
Email: jmbrunner@vorys.com

Andrew P. Guran (0090649)
VORYS, SATER, SEYMOUR & PEASE
LLP

Emilia McKee Vassallo (admitted *pro hac vice*)
Brittany M. Wilson (admitted *pro hac vice*)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
Email: teaberryj@ballardspahr.com
Email: katsifft@ballardspahr.com
Email: axelrodd@ballardspahr.com
Email: mckeevassalloe@ballardspahr.com
Email: wilsonbm@ballardspahr.com

*Attorneys for Defendant James F. Pearson*

/s/ John C. Fairweather (with permission)
John C. Fairweather (0018216)
Lisa S. DelGrosso (0064938)
BROUSE McDOWELL
388 South Main Street, Suite 500
Akron, OH 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
Email: jfairweather@brouse.com
Email: ldelgrosso@brouse.com

Stephen S. Scholes (admitted *pro hac vice*)
Paul M.G. Helms (admitted *pro hac vice*)
Samantha L. Fenton (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: sscholes@mwe.com
Email: phelms@mwe.com
Email: sfenton@mwe.com

*Attorneys for Defendant Robert P. Reffner*

/s/ Robert W. Trafford (with permission)
Robert W. Trafford, Trial Attorney (0040270)
David S. Bloomfield, Jr. (0068158)

106 South Main Street, Suite 1100
Akron, OH 44308-1471
Telephone: (330) 208-1000
Facsimile: (330) 208-1001
Email: apguran@vorys.com

*Attorneys for Defendant John Judge*

PORTER, WRIGHT, MORRIS & ARTHUR
LLP
41 South High Street, Suite 2900
Columbus, OH 43215-6194
Telephone: (614) 227-2000
Facsimile: (614) 227-2100
Email: rtrafford@porterwright.com
Email: dbloomfield@porterwright.com

Brian S. Weinstein (admitted *pro hac vice*)
Eric M. Kim (admitted *pro hac vice*)
Joshua N. Shinbrot (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (202) 450-4000
Email: brian.weinstein@davispolk.com
Email: eric.kim@davispolk.com
Email: joshua.shinbrot@davispolk.com

*Attorneys for the Underwriter Defendants
Barclays Capital Inc., BofA Securities, Inc.,
Citigroup Global Markets Inc., J.P. Morgan
Securities LLC, Morgan Stanley & Co. LLC,
Mizuho Securities USA LLC, PNC Capital
Markets LLC, RBC Capital Markets, LLC,
Santander Investment Securities Inc., Scotia
Capital (USA) Inc., SMBC Nikko Securities
America, Inc., CIBC World Markets Corp.,
KeyBanc Capital Markets Inc., TD Securities
(USA) LLC, U.S. Bancorp Investments, Inc.,
and MUFG Securities Americas Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2023, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will notify all counsel of record.

/s/ Thomas D. Warren
Thomas D. Warren (0077541)

*Counsel for Defendant FirstEnergy Corp.*