CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 1

1          IN THE UNITED STATES DISTRICT COURT

2           FOR THE SOUTHERN DISTRICT OF OHIO

3                    EASTERN DIVISION

4

5   IN RE:  FIRSTENERGY CORP.      CIVIL ACTION NO.

         SECURITIES LITIGATION      2:20-cv-3785

6

7

    THIS DOCUMENT RELATES TO:

8   ALL ACTIONS.

              --------------------------------

9

10                    CONFIDENTIAL

11            UNDER THE PROTECTIVE ORDER

12            --------------------------------

13

14                 HEARING HELD BEFORE

              SPECIAL MASTER SHAWN JUDGE

15

16

               Thursday, November 2, 2023

17                    11:02 A.M.

18

19      Taken remotely via Zoom videoconference

20

21

       REPORTER:  PAMELA S. GREENFIELD, CRR, RDR

22

23

24  Job No. 6296570

25

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 2

```
 1   APPEARANCES OF COUNSEL:
 2
     For the Class Plaintiffs:
 3
            ROBBINS GELLER RUDMAN & DOWD LLP
 4          BY:  JASON FORGE, ESQ.
            BY:  RACHEL A. COCALIS, ESQ.
 5          BY:  STEVEN W. PEPICH, ESQ.
            BY:  LUCAS OLTS, ESQ.
 6          BY:  KEVIN S. SCIARANI, ESQ.
            BY:  FRANCIS KARAM, ESQ.
 7          BY:  ASHLEY M. KELLY, ESQ.
            BY:  CHRISTOPHER GILROY, ESQ.
 8          655 West Broadway
            San Diego, California 92101
 9          jforge@rgrdlaw.com
            rcocalis@rgrdlaw.com
10          spepich@rgrdlaw.com
            lolts@rgrdlaw.com
11          fkaram@rgrdlaw.com
            kscariani@rgrdlaw.com
12          cgilroy@rgrdlaw.com
            akelly@rgrdlaw.com
13
            -and-
14
            MURRAY MURPHY MOUL + BASIL LLP
15          BY:  JOSEPH MURRAY, ESQ.
            1114 Dublin Road
16          Columbus, Ohio 43215
            murray@mmmb.com
17
18
     For the Direct-Action Plaintiffs:
19
            LIEFF CABRASER HEIMANN & BERNSTEIN, LLP:
20          BY:  MICHAEL MIARMI, ESQ.
            250 Hudson Street
21          8th Floor
            New York, New York  10013
22          Mmiarmi@lchb.com
23
24
25
```

Veritext Legal Solutions

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 3

```
 1    APPEARANCES OF COUNSEL: (CONTINUED)
 2
      For Defendants Steven Strah; K. Jon Taylor; Jason
 3    J. Lisowski; George M. Smart; Paul T. Addison;
      Michael J. Anderson; Steven J. Demetriou; Julia
 4    L. Johnson; Donald T. Misheff; Thomas N.
      Mitchell; James F. O'Neil III; Christopher D.
 5    Pappas; Sandra Pianalto; Luis A. Reyes; Jerry Sue
      Thornton and Leslie M. Turner;
 6
 7            JONES DAY:
              BY:  GEOFFREY J. RITTS, ESQ.
 8            901 Lakeside Avenue
              Cleveland, Ohio 44114
 9            gjritts@jonesday.com
              -and-
10            BY:  MARJORIE P. DUFFY, ESQ.
              325 John H. McConnell Boulevard
11            Suite 600
              Columbus, Ohio 43215
12            mpduffy@jonesday.com
13    For Defendant First Energy:
14            SULLIVAN & CROMWELL LLP
              BY:  DAVID M. J. REIN, ESQ.
15            BY:  SHARON L. NELLES, ESQ.
              BY:  ROBERT J. GIUFFRA, JR., ESQ.
16            BY:  THOMAS R. McIVER, ESQ.
              125 Broad Street
17            New York, New York 10004
              Reind@sullcrom.com
18            Nelless@sullcrom.com
              GuiffraR@sullcrom.com
19            Mcivert@sullcrom.com
20    For Defendant Charles E. Jones:
21            BAKER & HOSTETLER
              BY:  CAROLE S. RENDON, ESQ.
22            BY:  RACHAEL L. ISRAEL, ESQ.
              Key Tower Suite 2000
23            127 Public Square
              Cleveland, Ohio 44114
24            CRendon@bakerlaw.com
              Risrael@bakerlaw.com
25
```

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 4

```
 1    APPEARANCES OF COUNSEL:  (CONTINUED)
 2    For Defendant Donald Schneider:
 3           ORRICK, HERRINGTON & SUTCLIFFE, LLP
              BY:  BREE MURPHY, ESQ.
 4           1152 15th Street NW
              Columbia Center
 5           Washington, D.C. 20005
              Bmurphy@orrick.com
 6
              -and-
 7
              SANTEN & HUGHES
 8           By:  BRIAN P. O'CONNOR, ESQ.
              600 Vine Street
 9           Suite 700
              Cincinnati, Ohio 45202
10           513.721.4450
              Bpo@santenhughes.com
11
12
      For Defendant Michael Dowling:
13
              TUCKER ELLIS LLP
14           BY:  JOHN F. McCAFFREY, ESQ.
              BY:  JOHN A. FAVRET, ESQ.
15           950 Main Avenue, Suite 1100
              Cleveland, Ohio 44113
16           john.mccaffrey@tuckerellis.com
              john.favret@tuckerellis.com
17
18
      For Defendant Leila Vespoli:
19
              ARNOLD & PORTER
20           BY:  AARON F. MINER, ESQ.
              BY:  YIQING SHI, ESQ.
21           250 West 55th Street
              New York, New York 10019-9710
22           aaron.miner@arnoldporter.com
              yiqing.shi@arnoldporter.com
23
24
25
```

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

```
1   APPEARANCES OF COUNSEL:  (CONTINUED)
2
    For Defendant John Judge:
3
4         VORYS, SATER, SEYMOUR AND PEASE LLP
          BY:  EMILY TAFT, ESQ.
5         301 East 4th Street
          Cincinnati, Ohio 45202
6         Ejtaft@vorys.com
7
8   For Defendant James Pearson:
9         BALLARD SPAHR LLP
          BY:  TIMOTHY D. KATSIFF, ESQ.
10        BY:  DAVID L. AXELROD, ESQ.
          1735 Market Street, 51st Floor
11        Philadelphia, Pennsylvania 19103
          katsifft@ballardspahr.com
12        axelrodd@ballardspahr.com
13
14  For Defendant Dennis Chack:
15        MORGAN, LEWIS & BOCKIUS LLP
          BY:  KAREN POHLMANN, ESQ.
16        1701 Market Street
          Philadelphia, Pennsylvania 19103
17        Karen.Pohlmann@morganlewis.com
18        -and-
19        LAPE MANSFIELD NAKASIAN & GIBSON LLC
          BY:  DOUGLAS M. MANSFIELD, ESQ.
20        9980 Brewster Lane
          Suite 150
21        Powell, Ohio  43065
          614.763.2313
22        dmansfield@lmng-law.com
23
24
25
```

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 6

```
 1    APPEARANCES OF COUNSEL:  (CONTINUED)
 2    For The Underwriter Defendants:
 3          DAVIS POLK & WARDWELL LLP
            BY:  JOSHUA SHINBROT, ESQ.
 4          BY:  BRIAN S. WEINSTEIN, ESQ.
            450 Lexington Avenue
 5          New York, New York 10017
            Joshua.Shinbrot@davispolk.com
 6          Brian.Weinstein@davispolk.com
 7          -and-
 8          PORTER, WRIGHT, MORRIS & ARTHUR LLP
            BY:  DAVID S. BLOOMFIELD, JR., ESQ.
 9          41 South High Street
            Suite 2900
10          Columbus, Ohio 43215
            614.227.2169
11          Dbloomfield@porterwright.com
12
      For Defendant Robert Reffner:
13
            MCDERMOTT WILL & EMERY LLP
14          BY:  PAUL HELMS, ESQ.
            444 West Lake Street, Suite 4000
15          Chicago, Illinois 60606
            phelms@mwe.com
16
            -and-
17
            BROUSE McDOWELL
18          BY:  JOHN C. FAIRWEATHER, ESQ.
            388 South Main Street, Suite 500
19          Akron, Ohio 44311
            jfairweather@brouse.com
20
21    For Energy Harbor:
22          ZEIGER, TIGGES & LITTLE LLP
            BY:  STUART G. PARSELL, ESQ.
23          41 South High Street
            3500 Huntington Center
24          Columbus, Ohio 43215
            parsell@litohio.com
25
```

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 7

1   APPEARANCES OF COUNSEL: (CONTINUED)

2

    For Non-Party Ebony Yeboah-Amankwah:

3

            SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4           BY:  MARCIE LAPE, ESQ.
            155 N. Wacker Drive
5           Chicago, Illinois 60606
            312.407.0700
6           Marcie.lape@skadden.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 8

1

2       P  R  O  C  E  E  D  I  N  G  S

3

4               SPECIAL MASTER JUDGE:   All

5    right.  Today's date is November 2nd, 2023.

6    We're here regarding In Re:  FirstEnergy

7    Corp. Securities Litigation status conference

8    with the special master and all parties

9    including the movant, Non-Party Ebony

10   Yeboah-Amankwah.  It's Case Number

11   2:20-cv-3785.

12               Today we're going to address the

13   motion for protective order, ECF Number 552.

14   I received that yesterday through the docket

15   and by email.  I have read the accompanying

16   memorandum in support and I have also read

17   what I will refer to as plaintiffs' email

18   brief submitted by Mr. Forge yesterday at

19   7:36 p.m. as well as the attachments

20   submitted with that matter.

21               Traditionally I would ask that

22   people not submit an email brief to me unless

23   requested; although Mr. Forge, you were very

24   frustrating last night because I found it

25   helpful, and so reluctantly I'd like to

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 9

1    admonish you but I also probably would have

2    asked you to give me something like this

3    anyway.

4              Let's jump right into the motion

5    and then I have a few comments I'll make at

6    the end regarding the motion.  So, counsel,

7    if you would enter your appearance.

8              MS. LAPE:   Marcie Lape from

9    Skadden Arps on behalf of Non-Party Ebony

10   Yeboah-Amankwah.

11             SPECIAL MASTER JUDGE: Mr. Forge.

12             MR. FORGE:   Jason Forge on

13   behalf of the class plaintiffs.

14             SPECIAL MASTER JUDGE:  Ms. Lape,

15   whenever you're ready.

16             MS. LAPE:   On behalf of our

17   client, Ebony Yeboah-Amankwah, we appreciate

18   the opportunity to be heard this morning.  We

19   had hoped that this would be a matter that we

20   would resolve among the parties but that

21   wasn't the case.

22             Ms. Yeboah-Amankwah's motion is

23   really quite straightforward.  She is a

24   non-party who is set to give a two-day,

25   18-hour deposition next Tuesday and

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 10

1    Wednesday.  She's a former employee of

2    FirstEnergy who served in a number of roles

3    in the legal department over her career

4    including as the general counsel at the time

5    of the Householder indictment.  In that role

6    when the company had its initial internal

7    investigation following the indictment,

8    Ms. Yeboah-Amankwah had company oversight of

9    that.  She participated in interviews.  She

10   reviewed key documents and she prepared in

11   connection with outside counsel legal

12   briefings that went to the board of

13   directors.  That participation that

14   Ms. Yeboah-Amankwah had in the internal

15   investigation is at the heart of the

16   privilege dispute that is now pending before

17   the Special Master here and when the motion

18   to compel remained pending in mid October we

19   reached out to plaintiffs counsel to inquire

20   about whether it was appropriate to move

21   forward with Ms. Yeboah-Amankwah's deposition

22   planned for November 7th and 8th in light of

23   the pending privilege dispute.

24            It was clear to us that a ruling

25   on the pending motion to compel would have a

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 11

1    material affect on the discoverability of

2    information in Ms. Yeboah-Amankwah's

3    deposition.

4              We also understood that

5    plaintiffs' requested relief included the

6    production of additional documents which very

7    well likely would involve Ms. Yeboah-Amankwah

8    as well as an order that all witnesses be

9    ordered to answer both past and future

10   questions related to the internal

11   investigation. Again, issues that would

12   really affect the testimony of

13   Ms. Yeboah-Amankwah.

14             Plaintiffs initially indicated to

15   us that they wanted to wait until after a

16   ruling on the pending motion in order to

17   determine whether or not to move forward with

18   Ms. Yeboah-Amankwah's deposition but the time

19   kept getting closer and closer and so we

20   reached out again requesting a call and

21   expressing our concern about moving forward

22   and what we told plaintiffs -- and you've

23   seen this -- is that we have concerns that if

24   we move forward when the decision is not

25   final, that there could be a possibility that

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 12

1   Ms. Yeboah-Amankwah would be forced to sit

2   for a second deposition, and as a non-party

3   witness who is already being forced to come

4   in and give testimony over two days for 18

5   hours, it's a extremely burdensome to be

6   forced to come back and answer questions

7   given that this is plaintiffs' choice to move

8   forward with a deposition notwithstanding the

9   pending privilege dispute.

10              Plaintiffs declined our request

11  to stay the deposition and also declined our

12  request for a call, so we offered a

13  compromise that if they wanted to move

14  forward with the deposition, we would agree

15  to do so but only if we had an agreement from

16  the movants to the motion to compel that they

17  would not then ask to reopen a deposition to

18  elicit testimony related to those issues that

19  are at the heart of the privilege dispute

20  before the Special Master.

21              Plaintiffs again declined the

22  offer leaving us no choice but to file the

23  motion to compel.  We need to guard against

24  the possibility that Ms. Yeboah-Amankwah, a

25  non-party, would be forced to sit for a

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 13

1    second deposition here.

2              Now, requiring her to do, sit for

3    that deposition just because plaintiffs want

4    to move forward notwithstanding the

5    uncertainty of this discovery issue is unduly

6    prejudicial to Ms. Yeboah-Amankwah, it's

7    burdensome and it's improper and as the case

8    that we cited in our motion shows In Re:

9    Subpoena of Wang, it's not, there's

10   absolutely good cause here to stay her

11   deposition until this privilege issue is

12   resolved.

13             I want to just quickly address

14   the points that Mr. Forge raised in his email

15   yesterday because I think there are a lot of

16   inaccuracies in those points.

17             SPECIAL MASTER JUDGE:   Before

18   you do, if I could interrupt for just a

19   moment:  Tell me your position, everyone's

20   going to get a decision on the privilege

21   issue Monday morning.

22             How does that affect your motion?

23             MS. LAPE:   Well, I don't know

24   what that privilege decision is going to be,

25   so there's a couple things.

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 14

```
 1              So Monday morning's the day
 2      before her deposition.
 3              If you were to rule that
 4      FirstEnergy does not have privilege or has
 5      waived its privilege, Ms. Yeboah-Amankwah is
 6      certainly not prepared to testify today.
 7      She's not prepared to testify on the very
 8      next day over matters related to the internal
 9      investigation.  She was separated from the
10      company in October of 2020.  It's three years
11      later, so she does not have access to any
12      materials that were from that time period.
13      She would not have reviewed those materials.
14              She would, nor would plaintiffs
15      have those materials to be ready to ask
16      questions about the internal investigation.
17              If the ruling was against the
18      movants, I understand that there is still a
19      21-day time period in which the plaintiffs
20      could object and that decision may or may not
21      be overturned and then we could be in the
22      same position we are today where there's an
23      uncertainty regarding the discoverability of
24      the information that she has that FirstEnergy
25      contends is privileged related to the
```

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 15

1    internal investigation.

2             I think that the most logical

3    situation here would be to stay her

4    deposition until after there is a final

5    decision in this court, so until after the

6    time period to object and there is a ruling

7    by the District Court on that.

8             SPECIAL MASTER JUDGE:   So after

9    the 21-day period?

10            MS. LAPE:   After the 21-day

11   period, yes.

12            Now, my understanding is that the

13   parties are discussing an end of fact

14   discovery cutoff of around April which is

15   five months from now, so this is all

16   secondhand knowledge of course because we're

17   not a party to the action so aren't privy to

18   all of the information, but my understanding,

19   my expectation would be that there would

20   still be sufficient time to have

21   Ms. Yeboah-Amankwah's deposition, to do any

22   follow-up necessary discovery, and we've

23   committed that Ms. Yeboah-Amankwah will

24   promptly meet and confer and be flexible with

25   her dates in resetting that deposition.

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 16

1              SPECIAL MASTER JUDGE:   Okay.

2      Anything else you care to add?

3              MS. LAPE:   The only other thing

4      I would add, and it's not my job to protect

5      FirstEnergy's privilege by any means, but

6      another thought that I had was that if you

7      were to rule in favor of the movants on

8      Monday and FirstEnergy sought to appeal, it

9      would be unlikely that a stay would be in

10     effect before the Tuesday deposition, which

11     could create some difficulties for the

12     company as well.

13             SPECIAL MASTER JUDGE:   Talk to

14     me about your request for alternate relief

15     that if the deposition would be allowed to

16     proceed that you want to preclude plaintiffs

17     from reopening the deposition.

18             MS. LAPE:   Well, this was a very

19     narrow compromise that we tried to develop in

20     order to move forward with the deposition as

21     plaintiff seemed to want to do.

22             It's not that under no

23     circumstances if there's good cause a party

24     could ever reopen the deposition.  That's not

25     what we're asking for.

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 17

1          What we're asking for is simply

2   that because plaintiffs desired to move

3   forward, notwithstanding that there's five

4   months of discovery time period left and

5   notwithstanding that there's this privilege

6   dispute, that then they should bear the

7   burden of any prejudice that results from

8   that decision to move forward and that would

9   be simply that if Ms. Yeboah-Amankwah is

10  asked about questions related to the internal

11  investigation that FirstEnergy contends are

12  privileged, that plaintiff should not

13  thereafter be able to reopen the deposition

14  and ask those privileged questions about the

15  internal investigation if a decision is later

16  determined that there is no privilege over

17  the internal investigation.

18          Now, plaintiffs are correct that

19  we did not find authority on point that

20  granted this kind of relief but I will say

21  that in the case that we cited in our motion,

22  the In Re:  Subpoena of Wang case, that's

23  precisely what the movant did there:  The

24  movant asked for the stay until the court

25  determined a privilege dispute but said but

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 18

1    in the alternative, if the court's not

2    inclined to grant the stay, then we would ask

3    you to please issue an order that they would

4    not be able to reopen the deposition in order

5    to ask questions related to this privileged

6    matter after the fact because they're making

7    a decision to move forward.

8              Now, the court in that case

9    declined to even consider the alternative

10   argument because they determined there was in

11   fact good cause to issue the stay given the

12   pendency of the privilege dispute.

13             SPECIAL MASTER JUDGE:  I got to

14   say that makes very little sense to me but I

15   think I understand, I understand the

16   argument.  I'm not surprised you didn't find

17   a lot of case law supporting it out there

18   but...

19             MS. LAPE:  Well, and I think

20   it's because, you know, first this is a very

21   unique fact pattern so it's really trying to

22   find a needle in a haystack as far as having

23   a deposition of a key employee involved in an

24   issue that there's a privilege dispute

25   pending over, so it's really a needle in the

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

1      haystack and so where it did come up, you

2      know, we saw the stay being issued.

3                      SPECIAL MASTER JUDGE:   Okay.  I

4      appreciate that.  Before I interrupted you,

5      you were going to pick apart Mr. Forge's

6      email objections.

7                      Do you want to address that or

8      are some of the points you were going to say

9      moot in light of the decision I promised on

10     Monday?

11                     MS. LAPE:  I don't believe, I

12     think certainly there are some points that

13     I'd like to respond to that would not be moot

14     regardless of your decision.

15                     SPECIAL MASTER JUDGE:   Go ahead.

16                     MS. LAPE:   The first is that

17     Ms. Yeboah-Amankwah is not the highest

18     ranking legal employee involved in the events

19     concerning Mr. Randazzo.  In fact she's the

20     third highest ranking legal employee in this

21     case.

22                     We understand also that

23     plaintiffs recently agreed to move the

24     deposition of the highest ranking legal

25     employee, who was Leila Vespoli, in part

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 20

1    because of this pending privilege dispute and

2    the possibility that there could be

3    additional documents that are produced

4    related to the allegations.

5                    Second, another inaccuracy is

6    that Ms. Yeboah-Amankwah did not agree to the

7    November 7th and 8th deposition dates while

8    the motion to compel was pending.

9    Ms. Yeboah-Amankwah was served the subpoena

10   on June 22nd and the docket reflects that the

11   motion to compel was filed on June 30th after

12   she had agreed to those deposition dates.

13                   Again we understand that with an

14   expected April deadline there would be no

15   prejudice to plaintiffs if the deposition is

16   stayed until there's a final privilege

17   ruling.

18                   Fourth, again, our requested

19   relief, alternative relief, first it's not

20   the primary relief that we seek and, second,

21   it really is quite narrow and it just focused

22   on the specific subject matter at the heart

23   of the motion to compel which is whether or

24   not FirstEnergy's internal investigation is

25   privileged.  We are not asking for a blanket

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 21

1    refusal to allow a reopening of the

2    deposition if there's good cause shown.

3              Fifth, we feel like plaintiffs'

4    offer to try to minimize the burdens to

5    Ms. Yeboah-Amankwah if there would be a

6    second deposition are insufficient to

7    overcome the well-established principle that

8    bars non-party witnesses from sitting for

9    multiple-day depositions.  Federal Rule of

10   Civil Procedure 45 really requires that a

11   party not place an undue burden on a

12   non-party, and finally --

13             SPECIAL MASTER JUDGE:   Explain

14   to me in detail what the burden would be

15   here.

16             MS. LAPE:   The burden for

17   Ms. Yeboah-Amankwah?

18             SPECIAL MASTER JUDGE:  Yes.

19             MS. LAPE:   Well, the deposition

20   in the first instance here, as you know, is

21   quite rare to have a two-day deposition with

22   18 hours multiple parties asking her

23   questions.

24             Ms. Yeboah-Amankwah has, is not

25   employed by FirstEnergy.  She's the vice

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 22

1    president of compliance and ethics at another

2    publicly traded company, so she is already

3    taking off significant time from work in

4    order to prepare for the deposition.

5                    SPECIAL MASTER JUDGE:   How much

6    time?

7                    MS. LAPE:   Well, probably it

8    will be a full week between prep sessions and

9    the two days of deposition, so five full days

10   taking off from work already for the two-day

11   deposition now and then if she's required to

12   sit for a second deposition and there's

13   additional documents that are produced and

14   that will require additional topics that she

15   can be questioned about, that will require us

16   to prepare her once again and for her to take

17   off additional time from her job.

18                   SPECIAL MASTER JUDGE:   Has she

19   already sat for several days of prep?

20                   MS. LAPE:   She has sat for some

21   prep sessions and we have additional prep

22   sessions set for the next couple days.

23                   SPECIAL MASTER JUDGE:   Okay.  Go

24   ahead.  I'm sorry I interrupted you.

25                   MS. LAPE:   No, that's fine.

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

1          And then the final, just to

2     address Mr. Forge's offer of moving the

3     deposition to November 29th or 30th or

4     December 1st, you know, while we appreciated

5     that offer, we felt like it was a band-aid

6     approach here given the ability to object to

7     any decision and the uncertainty of when a

8     decision would come out.

9          We did not believe that that

10    would cover that 21-day objection period and

11    give an opportunity for there to be a final

12    court order here.

13          SPECIAL MASTER JUDGE:  All right.

14    Thank you.

15          MS. LAPE:   Thank you.

16          SPECIAL MASTER JUDGE:  Mr. Forge.

17          MR. FORGE:   Thank you,

18    Mr. Judge. I'll start by debunking the

19    attempted debunking of the email.

20          And I'll just go in reverse order

21    of what counsel is discussing.

22          I really appreciate the way you

23    get to the point on these matters with your

24    questions and I think it's clear from the

25    responses regarding the burden that there is

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 24

1    no threat of a unique burden here with this

2    witness.

3              She has already been questioned

4    by one governmental entity regarding some of

5    her conduct with FirstEnergy. Clearly she was

6    prepped for that.  She sat through a

7    deposition there.

8              She's -- counsel has acknowledged

9    that she's already had some days, she was

10   vague about how many, to prep for this

11   deposition and the reality is that if she

12   doesn't want to prepare, she doesn't have to

13   prepare.

14             If she doesn't recall the answer

15   to a question, that is a perfectly acceptable

16   response to a question.

17             I don't want to butcher Mark

18   Twain's quote but I know to paraphrase it,

19   it's something along the lines of as long as

20   you tell the truth, you don't have to

21   remember anything. And that's all she has to

22   do is tell the truth.

23             If the truth is she doesn't

24   remember the answer to a question, that's

25   totally acceptable.

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 25

1              Counsel remarked that this is
2      quite rare, what is going on, as far as she
3      has a two-day deposition and it is out of the
4      ordinary, but this case is out of the
5      ordinary.  It is the largest public
6      corruption scheme in the history of the State
7      of Ohio and one of the largest in the
8      country's history and quite frankly
9      Ms. Amankwah was at the heart of it.  She was
10     FirstEnergy's chief ethics officer for much
11     of the period of this conduct, and that has
12     nothing to do with the internal
13     investigation.  It does have everything to do
14     with her engaging in misconduct herself, and
15     we have emails to that effect.  She
16     unquestionably conspired to conceal an
17     arrangement with Sam Randazzo.
18              That is probably one of the
19     reasons why counsel waited until the midnight
20     hour to file their motion for protective
21     order, so we couldn't provide you with the
22     email evidence in which she is openly
23     discussing structuring payments to
24     Mr. Randazzo to avoid signature requirements
25     at FirstEnergy, she is openly discussing ways

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 26

1    that they can avoid having to disclose side

2    agreements and basically payoffs with

3    Mr. Randazzo and openly discussing keeping

4    the relationship with Mr. Randazzo off

5    budget.

6                 So we are not talking about a

7    completely disinterested third party.  She is

8    at the eye of this hurricane and that has

9    nothing to do with the post-arrest internal

10   investigation and because she was -- and so

11   in terms of her role, she was the highest

12   ranking member of the legal department that

13   was directly dealing with this issue.

14                First of all, for some of the

15   period she was literally the highest ranking

16   member of the legal department, she was the

17   general counsel; but even for the period

18   before she was the general counsel, even when

19   you have a Mr. Reffner or Ms. Vespoli, who

20   were superior to her, they weren't the ones

21   dealing directly with Sam Randazzo.  She was.

22                So I, frankly I believe that

23   you'll see why I disagree with Mr. Jones' and

24   Mr. Dowling's defense, I think it will come

25   into much sharper focus with this witness

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 27

```
 1    because you and the jury will eventually see

 2    just how integrally involved and how

 3    complicit the chief ethics officer was at

 4    FirstEnergy with much of this conduct which I

 5    believe, respectfully, all jurors will find

 6    to be misconduct, you know, what she was

 7    engaged in.

 8              So she is, she was the highest

 9    ranking member of the in-house legal team

10    involved in directly dealing with Sam

11    Randazzo.

12              Regarding the timing of things,

13    even counsel's description confirms that the

14    subpoena was June 22nd.  The motion was

15    submitted on June 30th.  She still had two

16    days to object to the timing of the

17    deposition.  Of course she had months after

18    that to object.  There were discussions about

19    the location.  Never once raised a request to

20    postpone or wait until the decision; but

21    thankfully you've exposed the hollowness of

22    that argument because you've told us the

23    decision is coming out on Monday.

24              So whether they want to site the

25    In Re: Subpoena to Wang or any other
```

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 28

1    argument, the decision will be made Monday.

2              Counsel is wrong again, the

3    deposition is not starting Monday.  The

4    deposition starts Tuesday.  That is after the

5    decision.

6              Again, this was withheld from you

7    but now it's out in the open:  We offered to

8    move the deposition three weeks, a little

9    over three weeks; and rather than engage,

10   rather than accept that offer, which would

11   fully address every single point that she

12   made, they just went silent and then waited

13   until the midnight hour to file the motion

14   for protective order so I think that sheds a

15   lot of light on what the real intentions are

16   here, which is to completely disrupt what is

17   not just plaintiffs' litigation and discovery

18   plan but also the discovery plan for

19   Defendants Jones and Dowling because we have

20   a number of depositions set up already.

21             A number of those depositions

22   include Ms. Yeboah-Amankwah's former

23   subordinates.  We need her deposition

24   testimony first and then we're going to

25   depose them.  That is our prerogative to

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 29

```
1      schedule these depositions as we deem to be
2      in the best interest of the class.  Counsel
3      does not address at all the need for
4      follow-up discovery and while it's not her
5      job to respect our need for follow-up
6      discovery, it is my job and it is completely
7      impractical to move this deposition into 2024
8      which, by the way, the first two months have
9      already gotten pretty crowded.  We would be
10     talking about a, needing as late as March of
11     2024 deposition and that will make it
12     impossible for us to do follow-up discovery,
13     again for the highest ranking member of the
14     in-house legal team dealing directly with Sam
15     Randazzo.
16                  SPECIAL MASTER JUDGE:  So let me
17     ask you this:  Just assume for the sake of
18     argument that I rule in your favor Monday on
19     the privilege issue.  You're inclined to go
20     ahead with her deposition on Tuesday and
21     Wednesday, correct?
22                  MR. FORGE:  Yes.  Or, again, I'm
23     still happy to move it to the 30th and the
24     31st.
25                  SPECIAL MASTER JUDGE:  And for a
```

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 30

1    continued deposition down the road, you would

2    not assume that you are entitled to that but

3    you would have to demonstrate good cause for

4    that, correct?

5              MR. FORGE:   Absolutely.  I made

6    that clear to counsel as well.

7              SPECIAL MASTER JUDGE:   Okay.

8    Thank you.

9              MR. FORGE:   I've never suggested

10   that we get an automatic do-over or to

11   reopen; but even that, I think your questions

12   and counsel's answers have revealed we're not

13   talking about an extreme burden.  You know, I

14   threw out, and again counsel chose not to

15   engage whatsoever, but I said look, we'll be

16   talking about limited subjects, a limited

17   duration.  We could do it remotely.  It is,

18   if her deposition has to be reopened, it

19   would definitely be for, you know, no more

20   than one day, not even a full day.

21              I don't want to pre-argue that

22   because we're speculating about whether it

23   does need to be reopened but I'm simply

24   suggesting that this entire exercise is based

25   on their speculation that we are going to ask

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 31

1    to reopen the deposition, and what I'm saying

2    is even that speculative argument is not some

3    sort of apocalyptic outcome.

4                There's nothing unduly burdensome

5    about a witness who was integrally involved

6    in this type of significant activity to

7    submit to a deposition for an additional few

8    hours.

9                Again I'm not trying to pre-argue

10   it.  I'm just suggesting that even if the

11   worst case scenario by their argument comes

12   true, we're still not talking about a

13   tremendous burden.

14               So what it all comes back to is

15   the fact that this is their burden.  We have

16   legal standards for a reason and I know that

17   you like to stick to the facts and stick to

18   the law, and that's the best way to proceed.

19   That's the only efficient way to get through

20   this.

21               They have not met their burden.

22   They have not met their burden of showing

23   that going forward after the decision has

24   been rendered is going to be somehow unduly

25   burdensome to her.  They haven't shown any

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 32

1    burden whatsoever to proceeding, so they
2    haven't met their burden at all.
3              Regarding the risk of us asking
4    to reopen the deposition, again, these are
5    all arguments they can make in opposition to
6    it but we can protect against pretty much
7    everything counsel raised if we move the
8    deposition to November 30th and December 1st,
9    she'll get the decision, everybody will get
10   the decision on Monday.  That will give over
11   three weeks to do whatever counsel wants with
12   the information.
13             Likewise if we proceed on
14   Tuesday, we will have the decision and the
15   witness can answer all the questions that
16   she's entitled to answer given the decision.
17             So under either of those --
18             SPECIAL MASTER JUDGE:  If I can
19   interrupt for a moment, I think one of her
20   concerns, if I am inferring correctly, is
21   that, you know, one side or the other has to
22   appeal the privilege issue.  You know, if
23   they're going to be dissatisfied with my
24   decision Monday, they're likely to object.
25   Magistrate Judge Jolson and Chief Judge

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 33

1    Marbley, what if they don't rule on it before

2    the November 30th date, where does that leave

3    everybody?

4                 MR. FORGE:   That's a great point

5    because that's what to me exposes what's so

6    problematic about making decisions based on

7    speculation because you could, first of all,

8    anybody could make that argument in any case

9    that oh, someone might want to reopen this

10   deposition down the road, therefore we should

11   not have the deposition.

12                Look, is it possible that someone

13   will object to your decision?  Yes, it's

14   possible.  Is it possible that we won't have

15   a decision within three weeks?  Yes.  Is it

16   possible we won't have a decision on the

17   objection within three months?  Yes, that is

18   also possible.  And that's why it's so

19   problematic to start making decisions when

20   we're heaping one level of speculation upon

21   another upon another.

22                We're just doing the best that we

23   can and we know for absolute certain that

24   Ms. Yeboah-Amankwah has extremely relevant

25   information that has, that predates the

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 34

```
 1    internal investigation so I know we're going

 2    to make productive use of our time if we

 3    depose her starting Tuesday or, you know, the

 4    8th or if we start deposing her on November

 5    30th.  If we depose her in November of 2023,

 6    I know we are going to make productive use of

 7    everyone's time.  We are not going to waste

 8    her time.  We are not going to waste our

 9    time.  It will be extremely productive.

10               Whether we wind up asking to

11    reopen to explore other issues post-dating

12    those events is really not what should be

13    controlling here.  We can only deal with what

14    we know at the time; and what we know right

15    now is she has extremely relevant information

16    that predates the internal investigation and

17    that will almost certainly trigger the need

18    for follow-up discovery and so we really need

19    to take this deposition in November.

20               I'm not trying to draw a hard

21    line that it has to be Tuesday or bust.  I'm

22    willing to wait until November 30th, but I

23    can send you the schedule.  It's a very

24    crowded deposition schedule.  That's the best

25    I can do and counsel hasn't pointed to any
```

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 35

1    reason why that wouldn't at least help; and

2    so to the extent they want perfection, it

3    just doesn't exist in the law.  We are never

4    going to have complete certainty.

5                    SPECIAL MASTER JUDGE:    Thank

6    you.

7                    Brief rebuttal, if any.

8                    MS. LAPE:   Yeah, I'd just like

9    to respond to a couple points, please.

10                    So counsel keeps suggesting that

11    I'm asking you to make decisions based on

12    speculation and that there's no indication

13    that they would even seek to reopen

14    Ms. Yeboah-Amankwah's deposition; but if you

15    look at the relief that they're seeking in

16    the motion to compel, they have asked as a

17    primary leaf in the motion to compel that

18    FirstEnergy must produce all previously

19    withheld documents and witnesses must answer

20    all questions past and future related to the

21    internal investigation.

22                    So the relief they seek suggests

23    that if she is asked questions that are

24    protected as privileged during a deposition,

25    that they would then be able to and force her

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

1    to ask -- or to answer those same questions

2    again.  It's primary relief that they are

3    seeking in the motion to compel.  This is not

4    speculative on my part thinking that they

5    might later seek to reopen the deposition.

6                Second, clearly we disagree with

7    all of the factual characterizations that

8    Mr. Forge made.  She was not intimately

9    involved in any of the bad acts in this case.

10   She was not the highest ranking legal

11   employee, but I don't think that this is the

12   time to be arguing merits before you.

13               We're not asking you to

14   completely disrupt the discovery plan.  We're

15   asking for a brief stay so that this

16   privilege issue can be resolved.  As you

17   recognized, November 29th is not going to

18   finally resolve the privilege issue.

19               We are very flexible in

20   rescheduling dates.  We are, we recognize

21   that a ruling on the privilege issue has

22   already been determined by the court, that it

23   will extend the fact discovery deadline and

24   certainly there will be opportunity for

25   Ms. Yeboah-Amankwah's complete testimony over

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 37

1    both pre July 2020 actions and post 2020

2    actions including the internal investigation

3    should you issue the stay.

4                    SPECIAL MASTER JUDGE:   Thank

5    you.

6                    Final question for you:  Why wait

7    till yesterday to file?

8                    MS. LAPE:   Well, we had been

9    trying to reach plaintiffs counsel for

10   several weeks.  Had attempted to have phone

11   conversations with them.  We, initially they

12   indicated that they wanted to wait for you to

13   issue your ruling and then I believe we found

14   out on Monday that they plan to go forward.

15                   This is all in Mr. Forge's email

16   exchange that he copied you on or that he

17   provided to you yesterday.  We asked for the

18   alternative relief, said we would agree to

19   move forward if you would agree to this

20   limited relief and we had also reached out to

21   Jones' and Dowling's counsel as well to see

22   what their position would be.  We heard back

23   from Jones' counsel yesterday morning and we

24   put together the motion for protective order

25   and got it on file as quickly as we could.

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 38

1           Now, as far as why we waited from

2      the June time period, again we're not a party

3      to the case.  We weren't involved in the back

4      and forth and didn't have knowledge quite

5      frankly of what the timeline was.  We

6      believed it would be resolved before her

7      deposition and that it would not be an issue

8      and it wasn't until the deposition got closer

9      that we realized that it was in fact an

10     issue.

11          We also understood over that

12     period of time that there had been multiple

13     other depositions that had been moved for

14     this very reason and so it was quite frankly

15     a surprise to us in that plaintiffs would

16     want to move forward with this deposition

17     given this pretty significant privilege

18     dispute which really is at the heart of

19     what's discoverable with respect to our

20     client.

21          SPECIAL MASTER JUDGE:  I

22     appreciate that.

23          Anything else?

24          MS. LAPE:  No, your Honor.

25          SPECIAL MASTER JUDGE:  Thank

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

1    you.  Thank you both.

2              The matter is taken under

3    advisement with a decision to be issued in

4    due course.  I would anticipate issuing that

5    as part of the bundle on Monday.

6              I remind you that absent a stay,

7    that any orders of the Special Master go into

8    effect, they need to either be stayed by

9    myself, Magistrate Judge Jolson or Chief

10   Judge Marbley.  So please keep that in mind

11   as you make your decisions.

12             I encourage the parties to keep

13   discussing any possible resolutions to this

14   matter between now and Monday.  I anticipate

15   -- on Tuesday of this week I cleared, I

16   cancelled everything for today, tomorrow and

17   Saturday so I could spend the next four days

18   writing and get you guys more decisions than

19   you'll be happy with.

20             I anticipate there will be some

21   objections to that on Monday.  We do not have

22   a status conference scheduled for next week;

23   however, I will be at a conference in

24   Cleveland.  I can make myself available if

25   there are any issues that arise as a result

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 40

1    of the decisions or as a result of the

2    proceeding with or declining to proceed with

3    the deposition scheduled for next week.

4              Anything else that we need to

5    discuss today?

6              MR. FORGE:   Mr. Judge, can I

7    just ask, if I think I heard you correctly,

8    but the decision on this issue is going to

9    come out on Monday also?

10             SPECIAL MASTER JUDGE:   Yes.

11             MR. FORGE:   Okay.  And the only

12   reason I ask that is because I, I know I'm

13   being guilty of pointing out the obvious but

14   there are a number, you know, we do have

15   several dozen people, I know you invited us

16   to continue discussing it.  I'm fine, you

17   know.  I don't want to inconvenience several

18   dozen people if, you know, November 30th

19   would be just fine.  I put the offer out

20   there.

21             I don't know that it's, if that's

22   what it takes, I would rather agree to that

23   now than keep everybody in limbo until

24   Monday; but if there's any guidance you could

25   offer along those lines sooner than Monday, I

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 41

```
 1    would really appreciate it.
 2              MR. McCAFFREY:  Mr. Judge, John
 3    McCaffrey on behalf of movant Michael
 4    Dowling.  To underscore Mr. Forge's position,
 5    the deposition is scheduled to occur in
 6    Cleveland starting Tuesday morning.
 7              I know that we have counsel
 8    coming in from out of town.  They would, that
 9    had may affect their ability to cancel
10    flights or make other arrangements.  I just
11    wanted to make the Court aware of that.
12              SPECIAL MASTER JUDGE:   I mean,
13    if no one has any objection, I can tell you
14    the result right now but I'm not going to be
15    able to get it written and filed before
16    Monday.  Would that be helpful to everyone?
17              MR. McCAFFREY:  That would be
18    helpful to Mr. Dowling.
19              UNIDENTIFIED SPEAKER:  That would
20    be helpful to all counsel that have to travel
21    on Monday.
22              MS. LAPE:  That would also be
23    helpful to us.  I don't know that -- you
24    know, a decision on this without
25    understanding the decision on the overall
```

Page 42

```
 1    privilege dispute is a little concerning
 2    although, so I will say that we would be
 3    amenable to the November 30th/December 1st
 4    date as a alternative; although, you know,
 5    obviously we'll have to see what the parties
 6    do after your decision is made on the
 7    underlying dispute.
 8                 SPECIAL MASTER JUDGE:   I
 9    understand.
10                 Mr. Forge, response?
11                 MR. FORGE:   Sooner is better,
12    Mr. Judge.  I would really appreciate it.
13    Not just personally, but for everybody else.
14                 SPECIAL MASTER JUDGE:   Yeah.
15    The decision on the underlying dispute will
16    be issued Monday.  The decision, the written
17    decision on the motion for protective order
18    that was filed yesterday will be coming
19    Monday.
20                 The decision that I will be
21    making that I can give you today is motion
22    denied.
23                 MR. FORGE:   Thank you.
24                 SPECIAL MASTER JUDGE:   So
25    proceed with the deposition next week if you
```

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 43

```
 1    are inclined.  If not, kick it down the road.

 2    I ask that you let me know either way just so

 3    my own edification, but I will be getting

 4    written orders out on, memorializing this

 5    decision, explaining the rationale, and on

 6    the all the other pending motions on Monday.

 7                 MR. FORGE:    Thank you.

 8                 MS. LAPE:    Thank you.

 9                 SPECIAL MASTER JUDGE:    Anything

10    else from anyone we need to address?

11                 MR. FORGE:    Not from class

12    plaintiffs.  Thank you.

13                 SPECIAL MASTER JUDGE:    All

14    right.  Thank you all for your time.  We will

15    reconvene in two weeks.  If I'm needed before

16    then as a result of the decisions or

17    otherwise, please reach out by email or

18    telephone.  Thank you.

19                 And thank you for your efforts,

20    Pam.  If anyone orders the transcript, it

21    need not be expedited but send a copy to me

22    as soon as it's available to you.

23                 It's not necessary that I receive

24    one before Monday, although it's helpful but

25    not necessary.  I took pretty copious notes
```

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 44

1        while we were talking today.  Thank you.

2        Have a good rest of the week.

3                        -   -   -   -

4            (Proceedings concluded at 11:46 a.m.)

5                        -   -   -   -

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

Page 45

```
1

2

3                C E R T I F I C A T E

4

5        I, Pamela S. Greenfield, a Notary Public

6    within and for the State of Ohio, do hereby

7    certify that I attended the foregoing

8    proceedings in their entirety, that I wrote the

9    same in stenotypy, and that this is a true and

10   correct transcript of my stenotype notes.

11           IN WITNESS WHEREOF, I have hereunto set

12   my hand and seal of office, at Cleveland, Ohio,

13   this 2nd day of November, 2023.

14

15

16

17

18   _____
     Pamela S. Greenfield, CRR, RDR

19   Notary Public, State of Ohio
     My commission expires July 2, 2028

20

21

22

23

24

25
```

Veritext Legal Solutions

www.veritext.com                                    888-391-3376

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

[& - addison]

**&**

**&** 2:3,19 3:14
3:21 4:3,7,19
5:15,19 6:3,8
6:13,22 7:3

**1**

**10004** 3:17
**10013** 2:21
**10017** 6:5
**10019-9710**
4:21
**1100** 4:15
**1114** 2:15
**1152** 4:4
**11:02** 1:17
**11:46** 44:4
**125** 3:16
**127** 3:23
**150** 5:20
**155** 7:4
**15th** 4:4
**1701** 5:16
**1735** 5:10
**18** 9:25 12:4
21:22
**19103** 5:11,16
**1st** 23:4 32:8
42:3

**2**

**2** 1:16 45:19
**2000** 3:22
**20005** 4:5
**2020** 14:10
37:1,1

**2023** 1:16 8:5
34:5 45:13
**2024** 29:7,11
**2028** 45:19
**21** 14:19 15:9
15:10 23:10
**22nd** 20:10
27:14
**250** 2:20 4:21
**25705** 45:16
**2900** 6:9
**29th** 23:3 36:17
**2:20** 1:5 8:11
**2nd** 8:5 45:13

**3**

**301** 5:5
**30th** 20:11 23:3
27:15 29:23
32:8 33:2 34:5
34:22 40:18
42:3
**312.407.0700**
7:5
**31st** 29:24
**325** 3:10
**3500** 6:23
**3785** 1:5 8:11
**388** 6:18

**4**

**4000** 6:14
**41** 6:9,23
**43065** 5:21
**43215** 2:16
3:11 6:10,24

**44113** 4:15
**44114** 3:8,23
**44311** 6:19
**444** 6:14
**45** 21:10
**450** 6:4
**45202** 4:9 5:5
**4th** 5:5

**5**

**500** 6:18
**513.721.4450**
4:10
**51st** 5:10
**552** 8:13
**55th** 4:21

**6**

**600** 3:11 4:8
**60606** 6:15 7:5
**614.227.2169**
6:10
**614.763.2313**
5:21
**6296570** 1:24
**655** 2:8

**7**

**700** 4:9
**7:36** 8:19
**7th** 10:22 20:7

**8**

**8th** 2:21 10:22
20:7 34:4

**9**

**901** 3:8
**92101** 2:8
**950** 4:15
**9980** 5:20

**a**

**a.m.** 1:17 44:4
**aaron** 4:20
**aaron.miner**
4:22
**ability** 23:6
41:9
**able** 17:13 18:4
35:25 41:15
**absent** 39:6
**absolute** 33:23
**absolutely**
13:10 30:5
**accept** 28:10
**acceptable**
24:15,25
**access** 14:11
**accompanying**
8:15
**acknowledged**
24:8
**action** 1:5 2:18
15:17
**actions** 1:8
37:1,2
**activity** 31:6
**acts** 36:9
**add** 16:2,4
**addison** 3:3

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

[additional - ballardspahr.com]                    Page 2

| | | | |
|---|---|---|---|
| **additional** 11:6 | **amankwah** 7:2 | **appreciate** 9:17 | **asking** 16:25 |
| 20:3 22:13,14 | 8:10 9:10,17 | 19:4 23:22 | 17:1 20:25 |
| 22:17,21 31:7 | 10:8,14 11:7 | 38:22 41:1 | 21:22 32:3 |
| **address** 8:12 | 11:13 12:1,24 | 42:12 | 34:10 35:11 |
| 13:13 19:7 | 13:6 14:5 | **appreciated** | 36:13,15 |
| 23:2 28:11 | 15:23 17:9 | 23:4 | **assume** 29:17 |
| 29:3 43:10 | 19:17 20:6,9 | **approach** 23:6 | 30:2 |
| **admonish** 9:1 | 21:5,17,24 | **appropriate** | **attachments** |
| **advisement** | 25:9 33:24 | 10:20 | 8:19 |
| 39:3 | **amankwah's** | **april** 15:14 | **attempted** |
| **affect** 11:1,12 | 9:22 10:21 | 20:14 | 23:19 37:10 |
| 13:22 41:9 | 11:2,18 15:21 | **argue** 30:21 | **attended** 45:7 |
| **agree** 12:14 | 28:22 35:14 | 31:9 | **authority** 17:19 |
| 20:6 37:18,19 | 36:25 | **arguing** 36:12 | **automatic** |
| 40:22 | **amenable** 42:3 | **argument** | 30:10 |
| **agreed** 19:23 | **anderson** 3:3 | 18:10,16 27:22 | **available** 39:24 |
| 20:12 | **answer** 11:9 | 28:1 29:18 | 43:22 |
| **agreement** | 12:6 24:14,24 | 31:2,11 33:8 | **avenue** 3:8 4:15 |
| 12:15 | 32:15,16 35:19 | **arguments** | 6:4 |
| **agreements** | 36:1 | 32:5 | **avoid** 25:24 |
| 26:2 | **answers** 30:12 | **arnold** 4:19 | 26:1 |
| **ahead** 19:15 | **anticipate** 39:4 | **arnoldporter....** | **aware** 41:11 |
| 22:24 29:20 | 39:14,20 | 4:22,22 | **axelrod** 5:10 |
| **aid** 23:5 | **anybody** 33:8 | **arps** 7:3 9:9 | **axelrodd** 5:12 |
| **akelly** 2:12 | **anyway** 9:3 | **arrangement** | |
| **akron** 6:19 | **apart** 19:5 | 25:17 | **b** |
| **allegations** | **apocalyptic** | **arrangements** | |
| 20:4 | 31:3 | 41:10 | **back** 12:6 |
| **allow** 21:1 | **appeal** 16:8 | **arrest** 26:9 | 31:14 37:22 |
| **allowed** 16:15 | 32:22 | **arthur** 6:8 | 38:3 |
| **alternate** 16:14 | **appearance** 9:7 | **ashley** 2:7 | **bad** 36:9 |
| **alternative** | **appearances** | **asked** 9:2 17:10 | **baker** 3:21 |
| 18:1,9 20:19 | 2:1 3:1 4:1 5:1 | 17:24 35:16,23 | **bakerlaw.com** |
| 37:18 42:4 | 6:1 7:1 | 37:17 | 3:24,24 |
| | | | **ballard** 5:9 |
| | | | **ballardspahr....** |
| | | | 5:11,12 |

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**[band - complete]**                                                    Page 3

**band**  23:5
**bars**  21:8
**based**  30:24
  33:6 35:11
**basically**  26:2
**basil**  2:14
**bear**  17:6
**behalf**  9:9,13
  9:16 41:3
**believe**  19:11
  23:9 26:22
  27:5 37:13
**believed**  38:6
**bernstein**  2:19
**best**  29:2 31:18
  33:22 34:24
**better**  42:11
**blanket**  20:25
**bloomfield**  6:8
**bmurphy**  4:5
**board**  10:12
**bockius**  5:15
**boulevard**  3:10
**bpo**  4:10
**bree**  4:3
**brewster**  5:20
**brian**  4:8 6:4
**brian.weinstein**
  6:6
**brief**  8:18,22
  35:7 36:15
**briefings**  10:12
**broad**  3:16
**broadway**  2:8

**brouse**  6:17
**brouse.com**
  6:19
**budget**  26:5
**bundle**  39:5
**burden**  17:7
  21:11,14,16
  23:25 24:1
  30:13 31:13,15
  31:21,22 32:1
  32:2
**burdens**  21:4
**burdensome**
  12:5 13:7 31:4
  31:25
**bust**  34:21
**butcher**  24:17

**c**

**c**  6:18 8:2 45:3
  45:3
**cabraser**  2:19
**california**  2:8
**call**  11:20
  12:12
**cancel**  41:9
**cancelled**  39:16
**care**  16:2
**career**  10:3
**carole**  3:21
**case**  8:10 9:21
  13:7 17:21,22
  18:8,17 19:21
  25:4 31:11
  33:8 36:9 38:3

**cause**  13:10
  16:23 18:11
  21:2 30:3
**center**  4:4 6:23
**certain**  33:23
**certainly**  14:6
  19:12 34:17
  36:24
**certainty**  35:4
**certify**  45:7
**cgilroy**  2:12
**chack**  5:14
**characterizati...**
  36:7
**charles**  3:20
**chicago**  6:15
  7:5
**chief**  25:10
  27:3 32:25
  39:9
**choice**  12:7,22
**chose**  30:14
**christopher**  2:7
  3:4
**cincinnati**  4:9
  5:5
**circumstances**
  16:23
**cited**  13:8
  17:21
**civil**  1:5 21:10
**class**  2:2 9:13
  29:2 43:11
**clear**  10:24
  23:24 30:6

**cleared**  39:15
**clearly**  24:5
  36:6
**cleveland**  3:8
  3:23 4:15
  39:24 41:6
  45:12
**client**  9:17
  38:20
**closer**  11:19,19
  38:8
**cocalis**  2:4
**columbia**  4:4
**columbus**  2:16
  3:11 6:10,24
**come**  12:3,6
  19:1 23:8
  26:24 40:9
**comes**  31:11,14
**coming**  27:23
  41:8 42:18
**comments**  9:5
**commission**
  45:19
**committed**
  15:23
**company**  10:6
  10:8 14:10
  16:12 22:2
**compel**  10:18
  10:25 12:16,23
  20:8,11,23
  35:16,17 36:3
**complete**  35:4
  36:25

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**completely**
26:7 28:16
29:6 36:14
**compliance**
22:1
**complicit** 27:3
**compromise**
12:13 16:19
**conceal** 25:16
**concern** 11:21
**concerning**
19:19 42:1
**concerns** 11:23
32:20
**concluded** 44:4
**conduct** 24:5
25:11 27:4
**confer** 15:24
**conference** 8:7
39:22,23
**confidential**
1:10
**confirms** 27:13
**connection**
10:11
**consider** 18:9
**conspired**
25:16
**contends** 14:25
17:11
**continue** 40:16
**continued** 3:1
4:1 5:1 6:1 7:1
30:1

**controlling**
34:13
**conversations**
37:11
**copied** 37:16
**copious** 43:25
**copy** 43:21
**corp** 1:5 8:7
**correct** 17:18
29:21 30:4
45:10
**correctly** 32:20
40:7
**corruption**
25:6
**counsel** 2:1 3:1
4:1 5:1 6:1 7:1
9:6 10:4,11,19
23:21 24:8
25:1,19 26:17
26:18 28:2
29:2 30:6,14
32:7,11 34:25
35:10 37:9,21
37:23 41:7,20
**counsel's** 27:13
30:12
**country's** 25:8
**couple** 13:25
22:22 35:9
**course** 15:16
27:17 39:4
**court** 1:1 15:5
15:7 17:24
18:8 23:12

36:22 41:11
**court's** 18:1
**cover** 23:10
**create** 16:11
**crendon** 3:24
**cromwell** 3:14
**crowded** 29:9
34:24
**crr** 1:21 45:18
**cutoff** 15:14
**cv** 1:5 8:11

**d**

**d** 3:4 5:9 8:2
**d.c.** 4:5
**date** 8:5 33:2
42:4
**dates** 15:25
20:7,12 36:20
**dating** 34:11
**david** 3:14 5:10
6:8
**davis** 6:3
**davispolk.com**
6:5,6
**day** 3:7 9:24
14:1,8,19 15:9
15:10 21:9,21
22:10 23:10
25:3 30:20,20
45:13
**days** 12:4 22:9
22:9,19,22
24:9 27:16
39:17

**dbloomfield**
6:11
**deadline** 20:14
36:23
**deal** 34:13
**dealing** 26:13
26:21 27:10
29:14
**debunking**
23:18,19
**december** 23:4
32:8 42:3
**decision** 11:24
13:20,24 14:20
15:5 17:8,15
18:7 19:9,14
23:7,8 27:20
27:23 28:1,5
31:23 32:9,10
32:14,16,24
33:13,15,16
39:3 40:8
41:24,25 42:6
42:15,16,17,20
43:5
**decisions** 33:6
33:19 35:11
39:11,18 40:1
43:16
**declined** 12:10
12:11,21 18:9
**declining** 40:2
**deem** 29:1
**defendant** 3:13
3:20 4:2,12,18

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**[defendant - email]**                                                        Page 5

5:2,8,14 6:12
**defendants** 3:2
 6:2 28:19
**defense** 26:24
**definitely** 30:19
**demetriou** 3:3
**demonstrate**
 30:3
**denied** 42:22
**dennis** 5:14
**department**
 10:3 26:12,16
**depose** 28:25
 34:3,5
**deposing** 34:4
**deposition** 9:25
 10:21 11:3,18
 12:2,8,11,14,17
 13:1,3,11 14:2
 15:4,21,25
 16:10,15,17,20
 16:24 17:13
 18:4,23 19:24
 20:7,12,15
 21:2,6,19,21
 22:4,9,11,12
 23:3 24:7,11
 25:3 27:17
 28:3,4,8,23
 29:7,11,20
 30:1,18 31:1,7
 32:4,8 33:10
 33:11 34:19,24
 35:14,24 36:5
 38:7,8,16 40:3

41:5 42:25
**depositions**
 21:9 28:20,21
 29:1 38:13
**description**
 27:13
**desired** 17:2
**detail** 21:14
**determine**
 11:17
**determined**
 17:16,25 18:10
 36:22
**develop** 16:19
**diego** 2:8
**difficulties**
 16:11
**direct** 2:18
**directly** 26:13
 26:21 27:10
 29:14
**directors** 10:13
**disagree** 26:23
 36:6
**disclose** 26:1
**discoverability**
 11:1 14:23
**discoverable**
 38:19
**discovery** 13:5
 15:14,22 17:4
 28:17,18 29:4
 29:6,12 34:18
 36:14,23

**discuss** 40:5
**discussing**
 15:13 23:21
 25:23,25 26:3
 39:13 40:16
**discussions**
 27:18
**disinterested**
 26:7
**dispute** 10:16
 10:23 12:9,19
 17:6,25 18:12
 18:24 20:1
 38:18 42:1,7
 42:15
**disrupt** 28:16
 36:14
**dissatisfied**
 32:23
**district** 1:1,2
 15:7
**division** 1:3
**dmansfield**
 5:22
**docket** 8:14
 20:10
**document** 1:7
**documents**
 10:10 11:6
 20:3 22:13
 35:19
**doing** 33:22
**donald** 3:4 4:2
**douglas** 5:19

**dowd** 2:3
**dowling** 4:12
 28:19 41:4,18
**dowling's**
 26:24 37:21
**dozen** 40:15,18
**draw** 34:20
**drive** 7:4
**dublin** 2:15
**due** 39:4
**duffy** 3:10
**duration** 30:17

**e**

**e** 3:20 8:2,2
 45:3,3
**east** 5:5
**eastern** 1:3
**ebony** 7:2 8:9
 9:9,17
**ecf** 8:13
**edification** 43:3
**effect** 16:10
 25:15 39:8
**efficient** 31:19
**efforts** 43:19
**either** 32:17
 39:8 43:2
**ejtaft** 5:6
**elicit** 12:18
**ellis** 4:13
**email** 8:15,17
 8:22 13:14
 19:6 23:19
 25:22 37:15
 43:17

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**[emails - forge]**

Page 6

| | | | |
|---|---|---|---|
| **emails**  25:15 | **events**  19:18 | **fact**  15:13 18:6 | **firstenergy**  1:5 |
| **emery**  6:13 | 34:12 | 18:11,21 19:19 | 8:6 10:2 14:4 |
| **emily**  5:4 | **eventually**  27:1 | 31:15 36:23 | 14:24 16:8 |
| **employed** | **everybody**  32:9 | 38:9 | 17:11 21:25 |
| 21:25 | 33:3 40:23 | **facts**  31:17 | 24:5 25:25 |
| **employee**  10:1 | 42:13 | **factual**  36:7 | 27:4 35:18 |
| 18:23 19:18,20 | **everyone's** | **fairweather** | **firstenergy's** |
| 19:25 36:11 | 13:19 34:7 | 6:18 | 16:5 20:24 |
| **encourage** | **evidence**  25:22 | **far**  18:22 25:2 | 25:10 |
| 39:12 | **exchange**  37:16 | 38:1 | **five**  15:15 17:3 |
| **energy**  3:13 | **exercise**  30:24 | **favor**  16:7 | 22:9 |
| 6:21 | **exist**  35:3 | 29:18 | **fkaram**  2:11 |
| **engage**  28:9 | **expectation** | **favret**  4:14 | **flexible**  15:24 |
| 30:15 | 15:19 | **federal**  21:9 | 36:19 |
| **engaged**  27:7 | **expected**  20:14 | **feel**  21:3 | **flights**  41:10 |
| **engaging**  25:14 | **expedited** | **felt**  23:5 | **flom**  7:3 |
| **enter**  9:7 | 43:21 | **fifth**  21:3 | **floor**  2:21 5:10 |
| **entire**  30:24 | **expires**  45:19 | **file**  12:22 25:20 | **focus**  26:25 |
| **entirety**  45:8 | **explain**  21:13 | 28:13 37:7,25 | **focused**  20:21 |
| **entitled**  30:2 | **explaining**  43:5 | **filed**  20:11 | **follow**  15:22 |
| 32:16 | **explore**  34:11 | 41:15 42:18 | 29:4,5,12 |
| **entity**  24:4 | **exposed**  27:21 | **final**  11:25 15:4 | 34:18 |
| **esq**  2:4,4,5,5,6 | **exposes**  33:5 | 20:16 23:1,11 | **following**  10:7 |
| 2:6,7,7,15,20 | **expressing** | 37:6 | **force**  35:25 |
| 3:7,10,14,15,15 | 11:21 | **finally**  21:12 | **forced**  12:1,3,6 |
| 3:16,21,22 4:3 | **extend**  36:23 | 36:18 | 12:25 |
| 4:8,14,14,20,20 | **extent**  35:2 | **find**  17:19 | **foregoing**  45:7 |
| 5:4,9,10,15,19 | **extreme**  30:13 | 18:16,22 27:5 | **forge**  2:4 8:18 |
| 6:3,4,8,14,18 | **extremely**  12:5 | **fine**  22:25 | 8:23 9:11,12 |
| 6:22 7:4 | 33:24 34:9,15 | 40:16,19 | 9:12 13:14 |
| **established** | **eye**  26:8 | **first**  3:13 18:20 | 23:16,17 29:22 |
| 21:7 | **f** | 19:16 20:19 | 30:5,9 33:4 |
| **ethics**  22:1 | | 21:20 26:14 | 36:8 40:6,11 |
| 25:10 27:3 | **f**  3:4 4:14,20 | 28:24 29:8 | 42:10,11,23 |
| | 45:3 | 33:7 | 43:7,11 |

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**[forge's - included]**

**forge's** 19:5
   23:2 37:15
   41:4
**former** 10:1
   28:22
**forth** 38:4
**forward** 10:21
   11:17,21,24
   12:8,14 13:4
   16:20 17:3,8
   18:7 31:23
   37:14,19 38:16
**found** 8:24
   37:13
**four** 39:17
**fourth** 20:18
**francis** 2:6
**frankly** 25:8
   26:22 38:5,14
**frustrating**
   8:24
**full** 22:8,9
   30:20
**fully** 28:11
**future** 11:9
   35:20

**g**

**g** 6:22 8:2
**geller** 2:3
**general** 10:4
   26:17,18
**geoffrey** 3:7
**george** 3:3
**getting** 11:19
   43:3

**gibson** 5:19
**gilroy** 2:7
**giuffra** 3:15
**give** 9:2,24 12:4
   23:11 32:10
   42:21
**given** 12:7
   18:11 23:6
   32:16 38:17
**gjritts** 3:9
**go** 19:15 22:23
   23:20 29:19
   37:14 39:7
**going** 8:12
   13:20,24 19:5
   19:8 25:2
   28:24 30:25
   31:23,24 32:23
   34:1,6,7,8 35:4
   36:17 40:8
   41:14
**good** 13:10
   16:23 18:11
   21:2 30:3 44:2
**gotten** 29:9
**governmental**
   24:4
**grant** 18:2
**granted** 17:20
**great** 33:4
**greenfield** 1:21
   45:5,18
**guard** 12:23
**guidance** 40:24

**guiffrar** 3:18
**guilty** 40:13
**guys** 39:18

**h**

**h** 3:10
**hand** 45:12
**happy** 29:23
   39:19
**harbor** 6:21
**hard** 34:20
**haystack** 18:22
   19:1
**heaping** 33:20
**heard** 9:18
   37:22 40:7
**hearing** 1:14
**heart** 10:15
   12:19 20:22
   25:9 38:18
**heimann** 2:19
**held** 1:14
**helms** 6:14
**help** 35:1
**helpful** 8:25
   41:16,18,20,23
   43:24
**hereunto** 45:11
**herrington** 4:3
**high** 6:9,23
**highest** 19:17
   19:20,24 26:11
   26:15 27:8
   29:13 36:10
**history** 25:6,8

**hollowness**
   27:21
**honor** 38:24
**hoped** 9:19
**hostetler** 3:21
**hour** 9:25
   25:20 28:13
**hours** 12:5
   21:22 31:8
**house** 27:9
   29:14
**householder**
   10:5
**hudson** 2:20
**hughes** 4:7
**huntington**
   6:23
**hurricane** 26:8

**i**

**iii** 3:4
**illinois** 6:15 7:5
**impossible**
   29:12
**impractical**
   29:7
**improper** 13:7
**inaccuracies**
   13:16
**inaccuracy**
   20:5
**inclined** 18:2
   29:19 43:1
**include** 28:22
**included** 11:5

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**[including - kept]**

including  8:9
  10:4 37:2
inconvenience
  40:17
indicated  11:14
  37:12
indication
  35:12
indictment
  10:5,7
inferring  32:20
information
  11:2 14:24
  15:18 32:12
  33:25 34:15
initial  10:6
initially  11:14
  37:11
inquire  10:19
instance  21:20
insufficient
  21:6
integrally  27:2
  31:5
intentions
  28:15
interest  29:2
internal  10:6
  10:14 11:10
  14:8,16 15:1
  17:10,15,17
  20:24 25:12
  26:9 34:1,16
  35:21 37:2

interrupt  13:18
  32:19
interrupted
  19:4 22:24
interviews  10:9
intimately  36:8
investigation
  10:7,15 11:11
  14:9,16 15:1
  17:11,15,17
  20:24 25:13
  26:10 34:1,16
  35:21 37:2
invited  40:15
involve  11:7
involved  18:23
  19:18 27:2,10
  31:5 36:9 38:3
israel  3:22
issue  13:5,11
  13:21 18:3,11
  18:24 26:13
  29:19 32:22
  36:16,18,21
  37:3,13 38:7
  38:10 40:8
issued  19:2
  39:3 42:16
issues  11:11
  12:18 34:11
  39:25
issuing  39:4

**j**

j  3:3,3,3,7,14
  3:15
james  3:4 5:8
jason  2:4 3:2
  9:12
jerry  3:5
jfairweather
  6:19
jforge  2:9
job  1:24 16:4
  22:17 29:5,6
john  3:10 4:14
  4:14 5:2 6:18
  41:2
john.favret
  4:16
john.mccaffrey
  4:16
johnson  3:4
jolson  32:25
  39:9
jon  3:2
jones  3:7,20
  26:23 28:19
  37:21,23
jonesday.com
  3:9,12
joseph  2:15
joshua  6:3
joshua.shinbrot
  6:5
jr  3:15 6:8
judge  1:14 5:2
  8:4 9:11,14

13:17 15:8
16:1,13 18:13
19:3,15 21:13
21:18 22:5,18
22:23 23:13,16
23:18 29:16,25
30:7 32:18,25
32:25 35:5
37:4 38:21,25
39:9,10 40:6
40:10 41:2,12
42:8,12,14,24
43:9,13
julia  3:3
july  37:1 45:19
jump  9:4
june  20:10,11
  27:14,15 38:2
jurors  27:5
jury  27:1

**k**

k  3:2
karam  2:6
karen  5:15
karen.pohlma...
  5:17
katsiff  5:9
katsifft  5:11
keep  39:10,12
  40:23
keeping  26:3
keeps  35:10
kelly  2:7
kept  11:19

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

[kevin - matters]

| | | | |
|---|---|---|---|
| **kevin** 2:6 | **largest** 25:5,7 | **litigation** 1:5 | **makes** 18:14 |
| **key** 3:22 10:10 | **late** 29:10 | 8:7 28:17 | **making** 18:6 |
| 18:23 | **law** 18:17 | **litohio.com** | 33:6,19 42:21 |
| **kick** 43:1 | 31:18 35:3 | 6:24 | **mansfield** 5:19 |
| **kind** 17:20 | **law.com** 5:22 | **little** 6:22 18:14 | 5:19 |
| **know** 13:23 | **lchb.com** 2:22 | 28:8 42:1 | **marbley** 33:1 |
| 18:20 19:2 | **leaf** 35:17 | **llc** 5:19 | 39:10 |
| 21:20 23:4 | **leave** 33:2 | **llp** 2:3,14,19 | **march** 29:10 |
| 24:18 27:6 | **leaving** 12:22 | 3:14 4:3,13 5:4 | **marcie** 7:4 9:8 |
| 30:13,19 31:16 | **left** 17:4 | 5:9,15 6:3,8,13 | **marcie.lape** 7:6 |
| 32:21,22 33:23 | **legal** 10:3,11 | 6:22 7:3 | **marjorie** 3:10 |
| 34:1,3,6,14,14 | 19:18,20,24 | **lmng** 5:22 | **mark** 24:17 |
| 40:12,14,15,17 | 26:12,16 27:9 | **location** 27:19 | **market** 5:10,16 |
| 40:18,21 41:7 | 29:14 31:16 | **logical** 15:2 | **master** 1:14 8:4 |
| 41:23,24 42:4 | 36:10 | **lolts** 2:10 | 8:8 9:11,14 |
| 43:2 | **leila** 4:18 19:25 | **long** 24:19 | 10:17 12:20 |
| **knowledge** | **leslie** 3:5 | **look** 30:15 | 13:17 15:8 |
| 15:16 38:4 | **level** 33:20 | 33:12 35:15 | 16:1,13 18:13 |
| **kscariani** 2:11 | **lewis** 5:15 | **lot** 13:15 18:17 | 19:3,15 21:13 |
| | **lexington** 6:4 | 28:15 | 21:18 22:5,18 |
| **l** | **lieff** 2:19 | **lucas** 2:5 | 22:23 23:13,16 |
| | **light** 10:22 19:9 | **luis** 3:5 | 29:16,25 30:7 |
| **l** 3:4,15,22 5:10 | 28:15 | | 32:18 35:5 |
| **lake** 6:14 | **likely** 11:7 | **m** | 37:4 38:21,25 |
| **lakeside** 3:8 | 32:24 | | 39:7 40:10 |
| **lane** 5:20 | **likewise** 32:13 | **m** 2:7 3:3,5,14 | 41:12 42:8,14 |
| **lape** 5:19 7:4 | **limbo** 40:23 | 5:19 | 42:24 43:9,13 |
| 9:8,8,14,16 | **limited** 30:16 | **made** 28:1,12 | **material** 11:1 |
| 13:23 15:10 | 30:16 37:20 | 30:5 36:8 42:6 | **materials** 14:12 |
| 16:3,18 18:19 | **line** 34:21 | **magistrate** | 14:13,15 |
| 19:11,16 21:16 | **lines** 24:19 | 32:25 39:9 | **matter** 8:20 |
| 21:19 22:7,20 | 40:25 | **main** 4:15 6:18 | 9:19 18:6 |
| 22:25 23:15 | **lisowski** 3:3 | **make** 9:5 29:11 | 20:22 39:2,14 |
| 35:8 37:8 | **literally** 26:15 | 32:5 33:8 34:2 | **matters** 14:8 |
| 38:24 41:22 | | 34:6 35:11 | 23:23 |
| 43:8 | | 39:11,24 41:10 | |
| | | 41:11 | |

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**[mccaffrey - number]**

**mccaffrey** 4:14
41:2,3,17
**mcconnell** 3:10
**mcdermott**
6:13
**mcdowell** 6:17
**mciver** 3:16
**mcivert** 3:19
**meagher** 7:3
**mean** 41:12
**means** 16:5
**meet** 15:24
**member** 26:12
26:16 27:9
29:13
**memorandum**
8:16
**memorializing**
43:4
**merits** 36:12
**met** 31:21,22
32:2
**miarmi** 2:20
**michael** 2:20
3:3 4:12 41:3
**mid** 10:18
**midnight** 25:19
28:13
**mind** 39:10
**miner** 4:20
**minimize** 21:4
**misconduct**
25:14 27:6
**misheff** 3:4

**mitchell** 3:4
**mmiarmi** 2:22
**mmmb.com**
2:16
**moment** 13:19
32:19
**monday** 13:21
14:1 16:8
19:10 27:23
28:1,3 29:18
32:10,24 37:14
39:5,14,21
40:9,24,25
41:16,21 42:16
42:19 43:6,24
**months** 15:15
17:4 27:17
29:8 33:17
**moot** 19:9,13
**morgan** 5:15
**morganlewis....**
5:17
**morning** 9:18
13:21 37:23
41:6
**morning's** 14:1
**morris** 6:8
**motion** 8:13 9:4
9:6,22 10:17
10:25 11:16
12:16,23 13:8
13:22 17:21
20:8,11,23
25:20 27:14
28:13 35:16,17

36:3 37:24
42:17,21
**motions** 43:6
**moul** 2:14
**movant** 8:9
17:23,24 41:3
**movants** 12:16
14:18 16:7
**move** 10:20
11:17,24 12:7
12:13 13:4
16:20 17:2,8
18:7 19:23
28:8 29:7,23
32:7 37:19
38:16
**moved** 38:13
**moving** 11:21
23:2
**mpduffy** 3:12
**multiple** 21:9
21:22 38:12
**murphy** 2:14
4:3
**murray** 2:14,15
2:16
**mwe.com** 6:15

**n**

**n** 3:4 7:4 8:2
**nakasian** 5:19
**narrow** 16:19
20:21
**necessary**
15:22 43:23,25

**need** 12:23
28:23 29:3,5
30:23 34:17,18
39:8 40:4
43:10,21
**needed** 43:15
**needing** 29:10
**needle** 18:22,25
**nelles** 3:15
**nelless** 3:18
**never** 27:19
30:9 35:3
**new** 2:21,21
3:17,17 4:21
4:21 6:5,5
**night** 8:24
**non** 7:2 8:9 9:9
9:24 12:2,25
21:8,12
**notary** 45:5,19
**notes** 43:25
45:10
**notwithstandi...**
12:8 13:4 17:3
17:5
**november** 1:16
8:5 10:22 20:7
23:3 32:8 33:2
34:4,5,19,22
36:17 40:18
42:3 45:13
**number** 8:10
8:13 10:2
28:20,21 40:14

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**[nw - plaintiffs]**

Page 11

| nw 4:4 | 40:11 | **p** | pending 10:16 |
|---|---|---|---|

nw 4:4

**o**

o 8:2
o'connor 4:8
o'neil 3:4
object 14:20
 15:6 23:6
 27:16,18 32:24
 33:13
objection 23:10
 33:17 41:13
objections 19:6
 39:21
obvious 40:13
obviously 42:5
occur 41:5
october 10:18
 14:10
offer 12:22
 21:4 23:2,5
 28:10 40:19,25
offered 12:12
 28:7
office 45:12
officer 25:10
 27:3
oh 33:9
ohio 1:2 2:16
 3:8,11,23 4:9
 4:15 5:5,21
 6:10,19,24
 25:7 45:6,12
 45:19
okay 16:1 19:3
 22:23 30:7

40:11
olts 2:5
once 22:16
 27:19
ones 26:20
open 28:7
openly 25:22
 25:25 26:3
opportunity
 9:18 23:11
 36:24
opposition 32:5
order 1:11 8:13
 11:8,16 16:20
 18:3,4 22:4
 23:12,20 25:21
 28:14 37:24
 42:17
ordered 11:9
orders 39:7
 43:4,20
ordinary 25:4,5
orrick 4:3
orrick.com 4:5
outcome 31:3
outside 10:11
overall 41:25
overcome 21:7
oversight 10:8
overturned
 14:21
own 43:3

**p**

p 3:10 4:8 8:2
p.m. 8:19
pam 43:20
pamela 1:21
 45:5,18
pappas 3:5
paraphrase
 24:18
parsell 6:22,24
part 19:25 36:4
 39:5
participated
 10:9
participation
 10:13
parties 8:8 9:20
 15:13 21:22
 39:12 42:5
party 7:2 8:9
 9:9,24 12:2,25
 15:17 16:23
 21:8,11,12
 26:7 38:2
past 11:9 35:20
pattern 18:21
paul 3:3 6:14
payments
 25:23
payoffs 26:2
pearson 5:8
pease 5:4
pendency
 18:12

pending 10:16
 10:18,23,25
 11:16 12:9
 18:25 20:1,8
 43:6
pennsylvania
 5:11,16
people 8:22
 40:15,18
pepich 2:5
perfection 35:2
perfectly 24:15
period 14:12,19
 15:6,9,11 17:4
 23:10 25:11
 26:15,17 38:2
 38:12
personally
 42:13
phelms 6:15
philadelphia
 5:11,16
phone 37:10
pianalto 3:5
pick 19:5
place 21:11
plaintiff 16:21
 17:12
plaintiffs 2:2
 2:18 8:17 9:13
 10:19 11:5,14
 11:22 12:7,10
 12:21 13:3
 14:14,19 16:16
 17:2,18 19:23

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**[plaintiffs - raised]**                                    Page 12

20:15 21:3
28:17 37:9
38:15 43:12
**plan** 28:18,18
36:14 37:14
**planned** 10:22
**please** 18:3
35:9 39:10
43:17
**pohlmann** 5:15
**point** 17:19
23:23 28:11
33:4
**pointed** 34:25
**pointing** 40:13
**points** 13:14,16
19:8,12 35:9
**polk** 6:3
**porter** 4:19 6:8
**porterwright....**
6:11
**position** 13:19
14:22 37:22
41:4
**possibility**
11:25 12:24
20:2
**possible** 33:12
33:14,14,16,18
39:13
**post** 26:9 34:11
37:1
**postpone** 27:20
**powell** 5:21

**pre** 30:21 31:9
37:1
**precisely** 17:23
**preclude** 16:16
**predates** 33:25
34:16
**prejudice** 17:7
20:15
**prejudicial**
13:6
**prep** 22:8,19,21
22:21 24:10
**prepare** 22:4
22:16 24:12,13
**prepared** 10:10
14:6,7
**prepped** 24:6
**prerogative**
28:25
**president** 22:1
**pretty** 29:9
32:6 38:17
43:25
**previously**
35:18
**primary** 20:20
35:17 36:2
**principle** 21:7
**privilege** 10:16
10:23 12:9,19
13:11,20,24
14:4,5 16:5
17:5,16,25
18:12,24 20:1
20:16 29:19

32:22 36:16,18
36:21 38:17
42:1
**privileged**
14:25 17:12,14
18:5 20:25
35:24
**privy** 15:17
**probably** 9:1
22:7 25:18
**problematic**
33:6,19
**procedure**
21:10
**proceed** 16:16
31:18 32:13
40:2 42:25
**proceeding**
32:1 40:2
**proceedings**
44:4 45:8
**produce** 35:18
**produced** 20:3
22:13
**production**
11:6
**productive**
34:2,6,9
**promised** 19:9
**promptly** 15:24
**protect** 16:4
32:6
**protected**
35:24

**protective** 1:11
8:13 25:20
28:14 37:24
42:17
**provide** 25:21
**provided** 37:17
**public** 3:23
25:5 45:5,19
**publicly** 22:2
**put** 37:24 40:19

---

q

---

**question** 24:15
24:16,24 37:6
**questioned**
22:15 24:3
**questions** 11:10
12:6 14:16
17:10,14 18:5
21:23 23:24
30:11 32:15
35:20,23 36:1
**quickly** 13:13
37:25
**quite** 9:23
20:21 21:21
25:2,8 38:4,14
**quote** 24:18

---

r

---

**r** 3:16 8:2 45:3
**rachael** 3:22
**rachel** 2:4
**raised** 13:14
27:19 32:7

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**[randazzo - reyes]**                                    Page 13

**randazzo** 19:19
  25:17,24 26:3
  26:4,21 27:11
  29:15
**ranking** 19:18
  19:20,24 26:12
  26:15 27:9
  29:13 36:10
**rare** 21:21 25:2
**rather** 28:9,10
  40:22
**rationale** 43:5
**rcocalis** 2:9
**rdr** 1:21 45:18
**reach** 37:9
  43:17
**reached** 10:19
  11:20 37:20
**read** 8:15,16
**ready** 9:15
  14:15
**real** 28:15
**reality** 24:11
**realized** 38:9
**really** 9:23
  11:12 18:21,25
  20:21 21:10
  23:22 34:12,18
  38:18 41:1
  42:12
**reason** 31:16
  35:1 38:14
  40:12
**reasons** 25:19

**rebuttal** 35:7
**recall** 24:14
**receive** 43:23
**received** 8:14
**recently** 19:23
**recognize**
  36:20
**recognized**
  36:17
**reconvene**
  43:15
**refer** 8:17
**reffner** 6:12
  26:19
**reflects** 20:10
**refusal** 21:1
**regarding** 8:6
  9:6 14:23
  23:25 24:4
  27:12 32:3
**regardless**
  19:14
**rein** 3:14
**reind** 3:17
**related** 11:10
  12:18 14:8,25
  17:10 18:5
  20:4 35:20
**relates** 1:7
**relationship**
  26:4
**relevant** 33:24
  34:15
**relief** 11:5
  16:14 17:20

20:19,19,20
  35:15,22 36:2
  37:18,20
**reluctantly**
  8:25
**remained** 10:18
**remarked** 25:1
**remember**
  24:21,24
**remind** 39:6
**remotely** 1:19
  30:17
**rendered** 31:24
**rendon** 3:21
**reopen** 12:17
  16:24 17:13
  18:4 30:11
  31:1 32:4 33:9
  34:11 35:13
  36:5
**reopened** 30:18
  30:23
**reopening**
  16:17 21:1
**reporter** 1:21
**request** 12:10
  12:12 16:14
  27:19
**requested** 8:23
  11:5 20:18
**requesting**
  11:20
**require** 22:14
  22:15

**required** 22:11
**requirements**
  25:24
**requires** 21:10
**requiring** 13:2
**rescheduling**
  36:20
**resetting** 15:25
**resolutions**
  39:13
**resolve** 9:20
  36:18
**resolved** 13:12
  36:16 38:6
**respect** 29:5
  38:19
**respectfully**
  27:5
**respond** 19:13
  35:9
**response** 24:16
  42:10
**responses**
  23:25
**rest** 44:2
**result** 39:25
  40:1 41:14
  43:16
**results** 17:7
**revealed** 30:12
**reverse** 23:20
**reviewed** 10:10
  14:13
**reyes** 3:5

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**[rgrdlaw.com - special]**

| | | | |
|---|---|---|---|
| **rgrdlaw.com** 2:9,9,10,10,11 2:11,12,12 | **santen** 4:7 **santenhughes...** 4:10 | **seen** 11:23 **send** 34:23 43:21 | **sit** 12:1,25 13:2 22:12 **site** 27:24 |
| **right** 8:5 9:4 23:13 34:14 41:14 43:14 | **sat** 22:19,20 24:6 **sater** 5:4 | **sense** 18:14 **separated** 14:9 **served** 10:2 | **sitting** 21:8 **situation** 15:3 **skadden** 7:3 |
| **risk** 32:3 **risrael** 3:24 **ritts** 3:7 | **saturday** 39:17 **saw** 19:2 **saying** 31:1 | 20:9 **sessions** 22:8 22:21,22 | 9:9 **skadden.com** 7:6 |
| **road** 2:15 30:1 33:10 43:1 **robbins** 2:3 | **scenario** 31:11 **schedule** 29:1 34:23,24 | **set** 9:24 22:22 28:20 45:11 **several** 22:19 | **slate** 7:3 **smart** 3:3 **soon** 43:22 |
| **robert** 3:15 6:12 | **scheduled** 39:22 40:3 41:5 | 37:10 40:15,17 **seymour** 5:4 **sharon** 3:15 | **sooner** 40:25 42:11 **sorry** 22:24 |
| **role** 10:5 26:11 **roles** 10:2 **rudman** 2:3 | **scheme** 25:6 **schneider** 4:2 **sciarani** 2:6 | **sharper** 26:25 **shawn** 1:14 **she'll** 32:9 | **sort** 31:3 **sought** 16:8 **south** 6:9,18,23 |
| **rule** 14:3 16:7 21:9 29:18 33:1 | **seal** 45:12 **second** 12:2 13:1 20:5,20 | **sheds** 28:14 **shi** 4:20 **shinbrot** 6:3 | **southern** 1:2 **spahr** 5:9 **speaker** 41:19 |
| **ruling** 10:24 11:16 14:17 15:6 20:17 36:21 37:13 | 21:6 22:12 36:6 **secondhand** 15:16 | **showing** 31:22 **shown** 21:2 31:25 | **special** 1:14 8:4 8:8 9:11,14 10:17 12:20 |
| **s** | **securities** 1:5 8:7 | **shows** 13:8 **side** 26:1 32:21 **signature** 25:24 | 13:17 15:8 16:1,13 18:13 19:3,15 21:13 |
| **s** 1:21 2:6 3:21 6:4,8 8:2 45:5 45:18 | **see** 26:23 27:1 37:21 42:5 **seek** 20:20 | 45:16 **significant** 22:3 31:6 38:17 | 21:18 22:5,18 22:23 23:13,16 29:16,25 30:7 |
| **sake** 29:17 **sam** 25:17 26:21 27:10 29:14 | 35:13,22 36:5 **seeking** 35:15 36:3 | **silent** 28:12 **simply** 17:1,9 30:23 | 32:18 35:5 37:4 38:21,25 39:7 40:10 |
| **san** 2:8 **sandra** 3:5 | **seemed** 16:21 | **single** 28:11 | 41:12 42:8,14 42:24 43:9,13 |

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

[specific - time]                                                                    Page 15

| | | | |
|---|---|---|---|
| **specific** 20:22 | **steven** 2:5 3:2,3 | **sullivan** 3:14 | 38:25 39:1 |
| **speculating** 30:22 | **stick** 31:17,17 | **superior** 26:20 | 42:23 43:7,8 |
| **speculation** 30:25 33:7,20 35:12 | **strah** 3:2 **straightforward** 9:23 | **support** 8:16 **supporting** 18:17 | 43:12,14,18,19 44:1 **thankfully** 27:21 |
| **speculative** 31:2 36:4 | **street** 2:20 3:16 4:4,8,21 5:5,10 | **surprise** 38:15 **surprised** 18:16 | **thing** 16:3 **things** 13:25 27:12 |
| **spend** 39:17 **spepich** 2:10 **square** 3:23 | 5:16 6:9,14,18 6:23 **structuring** 25:23 | **sutcliffe** 4:3 **t** | **think** 13:15 15:2 18:15,19 19:12 23:24 |
| **standards** 31:16 **start** 23:18 | **stuart** 6:22 **subject** 20:22 | **t** 3:3,4 45:3,3 **taft** 5:4 | 26:24 28:14 30:11 32:19 36:11 40:7 |
| 33:19 34:4 **starting** 28:3 | **subjects** 30:16 **submit** 8:22 | **take** 22:16 34:19 **taken** 1:19 39:2 | **thinking** 36:4 **third** 19:20 26:7 |
| 34:3 41:6 **starts** 28:4 | 31:7 **submitted** 8:18 8:20 27:15 | **takes** 40:22 **talk** 16:13 | **thomas** 3:4,16 **thornton** 3:5 |
| **state** 25:6 45:6 45:19 | **subordinates** 28:23 | **talking** 26:6 29:10 30:13,16 | **thought** 16:6 **threat** 24:1 |
| **states** 1:1 **status** 8:7 | **subpoena** 13:9 17:22 20:9 | 31:12 44:1 **taylor** 3:2 | **three** 14:10 28:8,9 32:11 |
| 39:22 **stay** 12:11 | 27:14,25 **sue** 3:5 | **team** 27:9 29:14 | 33:15,17 **threw** 30:14 |
| 13:10 15:3 16:9 17:24 | **sufficient** 15:20 **suggested** 30:9 | **telephone** 43:18 | **thursday** 1:16 **tigges** 6:22 |
| 18:2,11 19:2 36:15 37:3 | **suggesting** 30:24 31:10 | **tell** 13:19 24:20 24:22 41:13 | **till** 37:7 **time** 10:4 11:18 |
| 39:6 **stayed** 20:16 | 35:10 **suggests** 35:22 | **terms** 26:11 **testify** 14:6,7 | 14:12,19 15:6 15:20 17:4 |
| 39:8 **stenotype** | **suite** 3:11,22 4:9,15 5:20 6:9 | **testimony** 11:12 12:4,18 | 22:3,6,17 34:2 34:7,8,9,14 |
| 45:10 **stenotypy** 45:9 | 6:14,18 **sullcrom.com** 3:17,18,18,19 | 28:24 36:25 **thank** 23:14,15 23:17 30:8 35:5 37:4 | 36:12 38:2,12 |

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**[time - willing]**

43:14
**timeline** 38:5
**timing** 27:12,16
**timothy** 5:9
**today** 8:12 14:6
14:22 39:16
40:5 42:21
44:1
**today's** 8:5
**together** 37:24
**told** 11:22
27:22
**tomorrow**
39:16
**took** 43:25
**topics** 22:14
**totally** 24:25
**tower** 3:22
**town** 41:8
**traded** 22:2
**traditionally**
8:21
**transcript**
43:20 45:10
**travel** 41:20
**tremendous**
31:13
**tried** 16:19
**trigger** 34:17
**true** 31:12 45:9
**truth** 24:20,22
24:23
**try** 21:4
**trying** 18:21
31:9 34:20

37:9
**tucker** 4:13
**tuckerellis.com**
4:16,16
**tuesday** 9:25
16:10 28:4
29:20 32:14
34:3,21 39:15
41:6
**turner** 3:5
**twain's** 24:18
**two** 9:24 12:4
21:21 22:9,10
25:3 27:15
29:8 43:15
**type** 31:6

**u**

**uncertainty**
13:5 14:23
23:7
**under** 1:11
16:22 32:17
39:2
**underlying**
42:7,15
**underscore**
41:4
**understand**
14:18 18:15,15
19:22 20:13
42:9
**understanding**
15:12,18 41:25
**understood**
11:4 38:11

**underwriter**
6:2
**undue** 21:11
**unduly** 13:5
31:4,24
**unidentified**
41:19
**unique** 18:21
24:1
**united** 1:1
**unquestionably**
25:16
**use** 34:2,6

**v**

**vague** 24:10
**vespoli** 4:18
19:25 26:19
**vice** 21:25
**videoconfere...**
1:19
**vine** 4:8
**vorys** 5:4
**vorys.com** 5:6

**w**

**w** 2:5
**wacker** 7:4
**wait** 11:15
27:20 34:22
37:6,12
**waited** 25:19
28:12 38:1
**waived** 14:5
**wang** 13:9
17:22 27:25

**want** 13:3,13
16:16,21 19:7
24:12,17 27:24
30:21 33:9
35:2 38:16
40:17
**wanted** 11:15
12:13 37:12
41:11
**wants** 32:11
**wardwell** 6:3
**washington** 4:5
**waste** 34:7,8
**way** 23:22 29:8
31:18,19 43:2
**ways** 25:25
**we've** 15:22
**wednesday**
10:1 29:21
**week** 22:8
39:15,22 40:3
42:25 44:2
**weeks** 28:8,9
32:11 33:15
37:10 43:15
**weinstein** 6:4
**went** 10:12
28:12
**west** 2:8 4:21
6:14
**whatsoever**
30:15 32:1
**whereof** 45:11
**willing** 34:22

CONFIDENTIAL UNDER THE PROTECTIVE ORDER

**[wind - zoom]**                                          Page 17

| | |
|---|---|
| **wind**   34:10 | 37:7,17,23 |
| **withheld**   28:6 |    42:18 |
|    35:19 | **yiqing**   4:20 |
| **witness**   12:3 | **yiqing.shi**   4:22 |
|    24:2 26:25 | **york**   2:21,21 |
|    31:5 32:15 |    3:17,17 4:21 |
|    45:11 |    4:21 6:5,5 |
| **witnesses**   11:8 | **z** |
|    21:8 35:19 | |
| **work**   22:3,10 | **zeiger**   6:22 |
| **worst**   31:11 | **zoom**   1:19 |
| **wright**   6:8 | |
| **writing**   39:18 | |
| **written**   41:15 | |
|    42:16 43:4 | |
| **wrong**   28:2 | |
| **wrote**   45:8 | |
| **y** | |
| **yeah**   35:8 | |
|    42:14 | |
| **years**   14:10 | |
| **yeboah**   7:2 | |
|    8:10 9:10,17 | |
|    9:22 10:8,14 | |
|    10:21 11:2,7 | |
|    11:13,18 12:1 | |
|    12:24 13:6 | |
|    14:5 15:21,23 | |
|    17:9 19:17 | |
|    20:6,9 21:5,17 | |
|    21:24 28:22 | |
|    33:24 35:14 | |
|    36:25 | |
| **yesterday**   8:14 | |
|    8:18 13:15 | |