# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION, | : No. 2:20-cv-03785-ALM-KAJ |
| | : |
| | : Chief Judge Algenon L. Marbley |
| | : |
| This Document Relates To: | : Magistrate Judge Kimberly A. Jolson |
| | : |
| ALL ACTIONS. | : |
| | : |

## MOTION OF NON-PARTIES SAMUEL C. RANDAZZO AND SUSTAINABILITY FUNDING ALLIANCE OF OHIO, INC. FOR A PARTIAL STAY OF SPECIAL MASTER'S ORDER PENDING RULING ON OBJECTIONS

Non-parties Samuel C. Randazzo ("Randazzo") and Sustainability Funding Alliance of Ohio, Inc. ("SFAO") (collectively referred to hereinafter as "Respondents") move the Court for a partial stay of the November 6, 2023 *Order By Special Master On Motion To Compel* (Doc. 554) ("Order"). The Respondents will be filing timely objections to the Order within 21 days of the service of the Order (i.e., on or before November 27, 2023) in accordance with Fed.R.Civ.P. 53(f) and this Court's *Order Appointing Special Master* (Doc. 541).

The Order requires the Respondents to: (1) search for and produce certain documents from November 21, 2020 to August 31, 2021; (2) produce documents and corresponding privilege logs on a rolling basis; (3) collect the Respondents' 2019 emails from their cloud-based sources; and (4) pay the Plaintiffs' fees and expenses and the Special Master's costs related to the dispute. The Respondents seek a stay of items (1), (2), and (4) above pending the Court's consideration and resolution of their objections.

This Motion to Stay is made now because last Friday (Nov. 17), counsel for the Respondents were told that Plaintiffs claim that "any orders of the Special Master go into effect

[upon being entered], [and] they need to either be stayed by [the Special Master], Magistrate Judge Jolson or Chief Judge Marbley" if a party intends to delay compliance. ECF 556 at PageID 12187. This statement was made by the Special Master at a hearing unrelated to the present dispute and at which these Respondents were not present. And last night, at 8:03 pm (eastern), Plaintiffs advised the Special Master by email that they "have informed SFAO and Randazzo's counsel that at the November 28, 2023, status conference they intend to object to SFAO and Randazzo's position that they need not seek a stay to avoid compliance with the Court's order."

The Respondents disagree with Plaintiffs' claim regarding the effectiveness of the Order. The Order has not been adopted by the Court, nor have 21 days elapsed without objection since service of the order on November 6, 2023, as required by Federal Rule of Civil Procedure 53 and this Court's September 12, 2023 order. (*See* Doc. 541). Until either of those events occur, the Order is not effective. But the Respondents recognize the uncertainty on this issue, and therefore seek a stay out of an abundance of caution.

The stay requested here will preserve the status quo while the Court considers the Respondents' objections. Neither the Plaintiffs, nor other parties (to Respondents' knowledge) will suffer harm or prejudice while the Court considers and rules upon the objections. Staying the payment of fees and costs, item (4) of the Order, clearly causes no harm or prejudice to any party.

And similarly, as to items (1) and (2), the Plaintiffs will suffer no harm or prejudice if the stay is issued. Plaintiffs have this week issued Deposition Subpoenas to the Respondents during March of 2024. The deposition of SFAO has been scheduled for March 4, 2024-March 5, 2024, and the deposition of Mr. Randazzo will occur during the "target period" of March 8, 2024-March 29, 2024. As for any documents that may exist and be required to be produced in response to items (1) and (2), the Plaintiffs believe they are negligible in number (and almost certainly privileged).

Any responsive documents from the extended period of November 21, 2020 to August 31, 2021 were created nearly two years (or later) after the $4.3 million payment made in January 2019 by FirstEnergy Service Corporation to SFAO to terminate the consulting agreement between those parties.

The Respondents estimate the cost of compliance with the Order could exceed $75,000.00, to pay for further forensic searching for and imaging of documents (which may or may not even exist), created between November 20, 2020 and August 31, 2021, and which may or may not reside on the Respondents' electronic devices, and to pay Plaintiffs' fees and the Special Master's costs. Under these circumstances, the stay will avoid imposing undue burden and expense upon the Respondents while their objections are being considered by the Court. Absent a stay, requiring these non-parties to search at their significant cost and expense imposes a burden that turns the protections afforded by Rules 45 and 26 on their head. Accordingly, the Respondents request that the Court grant this Motion to Stay the Order.

            Respectfully submitted,

            /s/ Roger P. Sugarman
            Roger P. Sugarman (0012007)
            6025 Cranberry Ct.
            Columbus, OH 43213
            (614) 578-6456
            rogerpsugarman@gmail.com
            and
            Jeffrey R. Corcoran  (0088222)
            ALLEN STOVALL NEUMAN & ASHTON LLP
            10 West Broad Street, Suite 2400
            Columbus, OH 43215
            T:  614.221.8500
            F:  614.221.5988
            Email:  corcoran@asnalaw.com

            *Counsel for Non-Parties Samuel C. Randazzo and Sustainability Funding Alliance of Ohio, Inc.*

## MEMORANDUM IN SUPPORT OF RESPONDENTS' MOTION TO STAY THE SPECIAL MASTER'S ORDER OF NOVEMBER 6, 2023

The text of Rule 53, as well as the Court's September 12, 2023 *Order Appointing Special Master*, is arguably unclear on whether a special master's order is effective prior to its adoption by the Court.[1] This Court's order of appointment states that an Order of the Special Master is not effective until either (1) affirmed and adopted by the Court or (2) no objection is filed within 21 days after issuance of the order. (*See* Doc. 541, Order at 6, PageID # 11687) ("***Absent timely objection***, the orders, reports or recommendations of the Special Master ***shall be deemed*** approved, accepted, and ordered by the Court, unless the Court explicitly provides otherwise.") (emphasis added).

Here, the Order has not been adopted by the Court and 21 days have not elapsed after the service of the Order. Accordingly, under Rule 53 and this Court's *Order Appointing Special Master*, the Order is not yet effective. But because Plaintiffs claim that the Order is effective absent a stay, the Respondents are compelled to file this motion.

Without a stay pending the consideration of the objections to the Order, the Respondents will suffer the very harm they are asking this Court to reverse by objecting to the Order. That harm includes the ordering of respondents to incur the payment of additional significant expenses to a third-party vendor for further forensic imaging of Mr. Randazzo's electronic devices and to absorb the costs of review of any responsive documents by Respondents' counsel. These are fees, costs, and expenses that these non-party Respondents do not have and which they will ask the Court to

---

[1] The Court's Local Rules make clear that a Magistrate's ruling on a non-dispositive motion "remains in full force and effect unless and until it is (1) stayed by the Magistrate Judge or a District Judge, or (2) overruled by a District Judge." Local Rule 72.3. The Federal Rules of Civil Procedure, the Local Rules, and the Court's *Order Appointing Special Master* don't appear to contain a similar statement regarding orders from a Special Master.

relieve them of by sustaining their objections to the Order. The harm also includes the imposition of attorney fees and costs incurred by the Plaintiffs and those of the Special Master, which have yet to be invoiced.

As the public records reflect (and as Respondents will discuss in their forthcoming objections), the Respondents' resources have been hamstrung by the actions of the Ohio Attorney General in an action pending in the Franklin County Court of Common Pleas. (*State of Ohio ex rel. Yost v. FirstEnergy Corp., et al.,* Case No 20-CV-6281). In that case, the court has issued orders that purport to attach, garnish, and/or encumber substantially all the Respondents' assets. The contents of SFAO's checking account have been paid into the Common Pleas Court and have been under the control of the Clerk of Courts for more than two years. The real estate owned by SFAO and Mr. Randazzo has effectively been encumbered. The IOLTA account of the undersigned (into which a retainer was paid by Mr. Randazzo and SFAO) has been frozen and unavailable for nearly two years.

The Plaintiffs (and others), in suggesting the Respondents aren't struggling financially, have pointed to the receipt of monies (millions of dollars) by SFAO over the nearly 10-year term of the consulting agreement with FirstEnergy Services Corporation. But those efforts are misguided, misinformed, and inaccurate given the state court litigation initiated by the Attorney General. Moreover, it is the Respondents' current financial circumstances, not those that may once upon a time have been true, that are pertinent here. Lest the Court or Plaintiffs think or argue that monies being spent by Respondents on attorney fees should instead be spent on searching for and reviewing ESI, the undersigned has not charged or billed Respondents (and will not be paid) for his services relating to this ongoing dispute during the months of August, September, October and November, recognizing the current (not the past) financial realities faced by Respondents.

Despite these circumstances, the Respondents have made, and will continue to make, efforts to comply with the Order. The Respondents' vendor (TCDI) has collected the Respondents' emails directly from Yahoo, Google, and Microsoft to analyze whether those sources contain any 2019 emails that weren't collected when Mr. Randazzo's electronic devices were imaged back in 2021. If there are any such emails, the Respondents will apply the Plaintiffs' 13 search terms, review the hits, and produce any responsive, relevant, non-privileged emails to the Plaintiffs.

The Order, however, requires much more of the Respondents, and what it requires poses a significant expense to the Respondents: to re-image the Mr. Randazzo's electronic devices. The total estimate of what the Order requires the Respondents to pay is approximately $75,000.00—costs and expenses Rules 26 and 45 of the Federal Rules of Procedure do not impose upon or require non-parties to bear.

Nor should the Respondents be required to pay the Plaintiffs' attorneys' fees or those of the Special Master prior to the resolution of their objections. Neither Rule 45 nor this Court's order of appointment give the Special Master the authority or power to impose these fees and costs in these circumstances. The Plaintiffs' counsel has represented to counsel for the Respondents that they will be seeking to recover roughly $50,000 in fees and costs from the Respondents for those items listed in the Order.

The requested stay should not prejudice other discovery in this case. The depositions of the Respondents are not scheduled to occur for nearly four (4) months from now. The Respondents believe that depositions have been ongoing and will continue regardless of the outcome of this dispute. The Respondents are already moving forward regarding item (3) of the Special Master's Order. Further, no deponent can credibly claim to need to await the production of the Respondents' discoverable records (if any) from after November 20, 2020. The Respondents have repeatedly

3

explained their belief that any responsive documents will almost certainly be privileged. In the unlikely event that Mr. Randazzo sent a relevant, discoverable, non-privileged communication after November 2020, the parties presumably already have that communication as a result of the millions of pages of the documents that have already been produced by parties and non-parties in this litigation.

Requiring Respondents to incur these fees and costs before the Court has had the opportunity to consider and rule upon their objections will cause harm to the Respondents, while neither the Plaintiffs nor other parties will be prejudiced by the issuance of the requested stay.  For all the foregoing reasons, the Court should grant the stay as requested herein.

Respectfully submitted,

 /s/ Roger P. Sugarman
Roger P. Sugarman (0012007)
6025 Cranberry Ct.
Columbus, OH 43213
(614) 578-6456
rogerpsugarman@gmail.com

and

Jeffrey R. Corcoran  (0088222)
ALLEN STOVALL NEUMAN & ASHTON LLP
10 West Broad Street, Suite 2400
Columbus, OH 43215
T:  614.221.8500
F:  614.221.5988
Email:  corcoran@asnalaw.com

*Counsel for Non-Parties Samuel C. Randazzo and Sustainability Funding Alliance of Ohio, Inc.*

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 21st day of November 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of this Court using the CM/ECF system, thereby automatically serving all counsel of record.

                                            */s/ Roger P. Sugarman*
                                            Roger P. Sugarman