UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) | No. 2:20-cv-03785-ALM-KAJ <br><br> <u>CLASS ACTION</u> <br><br> Judge Algenon L. Marbley <br> Magistrate Judge Kimberly A. Jolson |
| This Document Relates To: <br><br> ALL ACTIONS. | | |

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF NON-PARTIES SAMUEL C. RANDAZZO AND SUSTAINABILITY FUNDING ALLIANCE OF OHIO, INC. FOR A PARTIAL STAY OF SPECIAL MASTER'S ORDER PENDING RULING ON OBJECTIONS AND REQUEST FOR CLARIFICATION OF APPOINTMENT ORDER

| | |
|---|---|
| MURRAY MURPHY MOUL <br> + BASIL LLP <br> JOSEPH F. MURRAY (0063373) <br> 1114 Dublin Road <br> Columbus, OH 43215 <br> Telephone: 614/488-0400 <br> 614/488-0401 (fax) <br> murray@mmmb.com <br><br> Liaison Counsel | ROBBINS GELLER RUDMAN <br> & DOWD LLP <br> DARREN J. ROBBINS (*pro hac vice*) <br> MARK SOLOMON (*pro hac vice*) <br> RACHEL A. COCALIS (*pro hac vice*) <br> 655 West Broadway, Suite 1900 <br> San Diego, CA 92101 <br> Telephone: 619/231-1058 <br> 619/231-7423 (fax) <br> darrenr@rgrdlaw.com <br> marks@rgrdlaw.com <br> rcocalis@rgrdlaw.com <br><br> Class Counsel |

**TABLE OF CONTENTS**

                                                                                   **Page**

I.     INTRODUCTION ...................................................................................................1

II.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY..................................2

III.   THE APPOINTMENT ORDER SHOULD BE CLARIFIED TO CONFIRM THAT THE SPECIAL MASTER'S DISCOVERY ORDERS ARE EFFECTIVE IMMEDIATELY ......................................................................................................4

IV.   LEGAL STANDARD ON MOTION TO STAY ...............................................................6

V.    ARGUMENT............................................................................................................6

        A.     Randazzo and SFAO's Deficient Motion Must Be Denied ....................................6

        B.     Randazzo and SFAO Have Failed to Meet Their Burden to Show that the Relevant Factors Warrant a Stay....................................................................7

VI.   CONCLUSION......................................................................................................11

## TABLE OF AUTHORITIES

Page

**CASES**

*Baker v. Adams Cnty./Ohio Valley Sch. Bd.*,
  310 F.3d 927 (6th Cir. 2002) ................................................................................................6, 7, 8

*Bavelis v. Doukas*,
  2019 WL 5307070 (S.D. Ohio Oct. 21, 2019).........................................................................6, 7, 8

*Biolumix, Inc. v. Centrus Int'l, Inc.*,
  2012 WL 6015896 (E.D. Mich. Dec. 3, 2012) .................................................................................7

*Blessey Marine Servs., Inc. v. Jeffboat, LLC*,
  2011 WL 3349844 (E.D. La. Aug. 3, 2011) .....................................................................................5

*Bright v. Brookdale Senior Living, Inc.*,
  2022 WL 18639031 (M.D. Tenn. May 16, 2022)........................................................................6, 8

*Ciccio v. SmileDirectClub, LLC*,
  2022 WL 2182301 (M.D. Tenn. June 16, 2022)..............................................................................7

*City of Holland v. Fed. Ins. Co.*,
  2014 WL 2557124 (W.D. Mich. June 6, 2014) ...............................................................................5

*In re FirstEnergy Corp. Sec. Litig.*,
  2023 WL 7319413 (S.D. Ohio Nov. 6, 2023)........................................................................1, 3, 7

*In re FirstEnergy Sec. Litig.*,
  2023 WL 2633675 (S.D. Ohio Mar. 24, 2023).........................................................................10, 11

*In re Hardieplank Fiber Cement Siding Litig.*,
  2014 WL 5654318 (D. Minn. Jan. 28, 2014)....................................................................................7

*In re Valeant Pharms. Int'l, Inc. Sec. Litig.*,
  2021 WL 4810850 (D.N.J. Oct. 15, 2021).......................................................................................5

*JSC MCC EuroChem v. Chauhan*,
  2018 WL 9650037 (6th Cir. Sept. 14, 2018) ...................................................................................8

*Kuhn v. Washtenaw Cnty.*,
  709 F.3d 612 (6th Cir. 2013) ............................................................................................................6

*Lange v. Crosbie*,
  2023 WL 5532789 (E.D. Mich. Aug. 28, 2023) ..............................................................................6

*Sampson v. Murray*,
  415 U.S. 61 (1947)...........................................................................................................................8

**Page**

*State ex rel. Celebrezze v. Nuclear Regulatory Comm'n*,
    812 F.2d 288 (6th Cir. 1987) ..................................................................................................6

*Vitamin Health, Inc. v. Hartford Cas. Ins. Co.*,
    2015 WL 9591476 (E.D. Mich. Dec. 8, 2015) .......................................................................5

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 53 ...............................................................................................................................2, 4, 5

Plaintiffs and Opt-Out Plaintiffs (collectively, "Plaintiffs") respectfully submit this memorandum of law in support of their opposition to the Motion of Non-Parties Samuel C. Randazzo ("Randazzo") and Sustainability Funding Alliance Of Ohio, Inc. ("SFAO") For a Partial Stay of Special Master's Order Pending Ruling on Objections (ECF 561) ("Motion or "Mot.") and request for clarification of the Order Appointing Special Master (ECF 541) ("Appointment Order").[1]

## I. INTRODUCTION

FirstEnergy Corp. ("FirstEnergy") has admitted that it paid Randazzo (through his shell entity, SFAO) $4.3 million to sell out his position as Chairman of the Public Utilities Commission of Ohio — after having paid him tens of millions more to "do nothing" for years. Status Report, ECF 544 at PageID 11699-700. Thus, the Court ordered Randazzo and SFAO "to produce *any* documents regarding the $4.3 million payment within their possession, custody, or control." 4/5/23 Order, ECF 440 at PageID 10059-60 ("April 5 Order"). Nevertheless, and despite three subsequent orders, Randazzo and SFAO refuse to abide by the April 5 Order unless Plaintiffs pay their costs. And now, after Special Master Shawn K. Judge, like Magistrate Judge Kimberly A. Jolson, found they "did not fully comply with [Judge Jolson's] Orders, and . . . failed to offer any viable justification for why," *In re FirstEnergy Corp. Sec. Litig.*, 2023 WL 7319413, at *9 (S.D. Ohio Nov. 6, 2023), they claim that the Appointment Order appointing Shawn K. Judge arguably provides that Special Master Judge's orders are unenforceable until adopted by the Court and seek a stay absent citation to any legal standard, case law, or affidavit. If they had considered the law, it would be clear

---

[1] Plaintiffs are Class Representatives Los Angeles County Employees Retirement Association, Amalgamated Bank, as Trustee for the LongView LargeCap 500 Index Fund, LongView Quantitative LargeCap Fund, LongView Broad Market 3000 Index Fund, LongView LargeCap 500 Index Fund VEBA, LV LargeCap 1000 Value Index Fund, LongView Quantitative MidCap Fund, LongView Quant LargeCap Equity VEBA Fund and LongView Core Plus Fixed Income Fund, City of Irving Supplemental Benefit Plan, and Wisconsin Laborers' Pension Fund. Opt-Out Plaintiffs are plaintiffs from the related actions captioned *MFS Series Trust I, et al. v. FirstEnergy Corp., et al.*, No. 2:21-cv-05839 (S.D. Ohio), and *Brighthouse Funds Trust II – MFS Value Portfolio, et al. v. FirstEnergy Corp., et al.*, No. 2:22-cv-00865 (S.D. Ohio). Unless otherwise noted, all emphasis is added and citations are omitted.

that the Special Master's orders are enforceable and the relevant factors overwhelmingly confirm that a stay is not warranted. Thus, Plaintiffs request that the Court: (1) clarify the Appointment Order to confirm that Special Master Judge's discovery orders are effective upon entry and remain in effect unless and until a party ***obtains*** a stay or the Court sustains an objection; and (2) deny the Motion and order Randazzo and SFAO to: (a) produce the documents compelled in the April 5, May 16, and November 6 Orders by December 11, 2023; and (b) bear any corresponding fees and costs related to this Motion.

## II. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

FirstEnergy has admitted in a Deferred Prosecution Agreement that "the $4.3 million payment to SFAO was a *quid pro quo* exchange in furtherance of the fraud scheme at the center of Class Plaintiffs' allegations." 4/5/23 Order, ECF 440 at 10059-60 (citing Status Report, ECF 438 at PageID 9895-900; ¶¶6, 72, 194, 207).[2] Certain individual defendants, however, have denied the illicit purpose of the payment. *Id.* After Plaintiffs served subpoenas on Randazzo and SFAO seeking documents regarding the $4.3 million payment through December 31, 2021, the sole basis for their refusal to comply was relevance. Judge Jolson overruled this objection, finding that the discovery sought was "clearly relevant," and ordered them "to produce any documents regarding the $4.3 million payment within their possession, custody, or control." *Id.* at PageID 10059-60. Critically, Randazzo and SFAO did not object to this order. Instead, they simply defied it:

- **May 16, 2023**: After Randazzo and SFAO produced only nine documents and claimed the April 5 Order was limited to documents sufficient to show how the $4.3 million payment was disbursed, the Court found their "***position [was] not consistent with the Court's prior Order***"; found their actions "***do[] not suggest good-faith compliance with their discovery obligations***"; and ordered them to comply with the April 5 Order, including by filing declarations certifying that they had produced all responsive documents and identifying their search methodology. 5/16/23 Order, ECF 460 at PageID 10314. Randazzo and SFAO did not object to this order.

---

[2] Unless otherwise noted, all "¶_" or "¶¶_" citations are to the Consolidated Complaint for Violations of the Federal Securities Laws, ECF 72 at PageID 1545-674.

- **May 31, 2023**: After Randazzo and SFAO refused to provide their search methodology to Plaintiffs, the Court held that their actions were "***impermissible***" and "no[t]" based on "legitimate concerns." 5/31/23 Order, ECF 470 at PageID 10353-54.

- **June 20, 2023**: After the Parties filed a joint status report in which Randazzo "request[ed] that the Court hold in abeyance any decision on [cost-shifting and the time period] until the estimated costs . . . are known" (Status Report, ECF 477 at PageID 10383-90 & n.7), the Court directed Plaintiffs to file a motion to compel on any remaining issues. Notation Order, ECF 478.

- **July 14, 2023**: Plaintiffs filed their Motion to Compel Discovery and Compliance with the Court's April 5, 2023 Order From Non-Parties Samuel C. Randazzo and Sustainability Funding of Alliance, Inc. (ECF 496) ("Compliance Motion").

On November 6, 2023, after substantial briefing and oral argument, Special Master Judge granted Plaintiffs' Compliance Motion, aptly noting:

> Litigation is not a game, and the Court's Order[s] are directives to be followed, not mere suggestions either to be ignored or to be chipped away at through subsequent attempts to raise arguments that were previously rejected or left unasserted. Despite these simple truths, non-parties Randazzo and SFAO are again before the Court for their failure to meet not only their discovery obligations but also for their wanton disregard of Magistrate Judge Jolson's clear and direct April 5, 2023 Order (ECF No. 459) and May 16, 2023 Order (ECF No. 460).

*FirstEnergy*, 2023 WL 7319413, at *4. Specifically, the Special Master ordered Randazzo and SFAO to:

> (1) [S]earch for and produce any documents regarding the $4.3 million payment within their possession, custody, or control, including for the period from November 21, 2020 to August 31, 2021, to Plaintiffs; (2) . . . produce such documents and any corresponding privilege log(s) on a rolling basis; (3) . . . collect Randazzo's 2019 email from its cloud-based sources; and (4) . . . bear (a) the costs of complying with this Order; (b) the reasonable costs and fees Plaintiffs incurred in connection with the recent related motion briefing; (c) Plaintiffs' reasonable fees and costs for preparing for and participating in the relevant portion of the October 19, 2023 oral argument; and (d) the costs billed by the Special Master . . . .

*Id.* at *9. After Randazzo and SFAO ignored Plaintiffs' inquiries concerning a production date and confirmed that they would not comply with the Special Master's production order, Plaintiffs reminded them that this was a valid order from the Court's appointed Special Master and compliance was mandatory unless and until they obtained a stay or Judge Jolson and/or Chief Judge Algenon L.

- 3 -

Marbley reversed it. Randazzo and SFAO initially disagreed, but after Special Master Judge confirmed that he would hear this issue on November 28, 2023, and that his thoughts were that they must obtain a stay, Randazzo and SFAO filed the Motion.

### III. THE APPOINTMENT ORDER SHOULD BE CLARIFIED TO CONFIRM THAT THE SPECIAL MASTER'S DISCOVERY ORDERS ARE EFFECTIVE IMMEDIATELY

As an initial matter, Randazzo and SFAO assert – without any authority – that any order issued by Special Master Judge, including the November 6 Order, is unenforceable until Chief Judge Marbley or Magistrate Judge Jolson adopts the order and/or rules on any pending objections. Mot., ECF 561 at PageID 12238-39, 12241 (asserting the Appointment Order and Rule 53 of the Federal Rules of Civil Procedure are "arguably unclear"). Although neither Rule 53 nor the Appointment Order states that the Special Master's discovery orders are mere recommendations or are automatically stayed pending objections, Plaintiffs request that the Court confirm that Special Master Judge's discovery orders are effective upon entry and remain in effect unless and until a party *obtains* a stay or the Court sustains an objection for the following reasons.

*First*, Randazzo and SFAO's position is irreconcilable with the purpose of this Court's appointment of the Special Master to "assist the Court in both effectively and expeditiously facilitating the exchange of . . . discovery between the parties, including resolving any discovery disputes." Order Appointing Special Master, ECF 541 at PageID 11683. Indeed, were Randazzo and SFAO's position the case, it would be nearly impossible for the Special Master to move the case expeditiously or efficiently. Almost by definition, the resolution of any dispute invariably leaves at least one side disappointed and Randazzo's position would effectively grant any disappointed party

the power to automatically stay every order by filing a request to stay or an objection – no matter how baseless.[3]

**Second**, as noted in *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, this transparent "delay tactic[]," is at odds with Rule 53. 2021 WL 4810850, at *2 (D.N.J. Oct. 15, 2021) (amending special master appointment order to make it clear that defendants' position was incompatible with Rule 53). As the Court explained in *Valeant*, nothing in Rule 53 "morphs the Special Master's orders into recommendations awaiting mandatory sign-off from this Court. To the contrary, Rule 53 provides that a reviewing court '*may* adopt or affirm, modify, wholly or partly reject or reverse'" an order. Further, the court in *Valeant* noted that the defendants, like Randazzo and SFAO, had "zero authority" to support such a position, that such a position was inconsistent with "normal appellate procedure," and that it "***doubt[ed] the drafters of the Federal Rules intended the Special Master's discovery orders to serve as mere dress rehearsal for the Court to consider months later***." *Id.*

In sum, because non-parties assert that the Appointment Order is unclear and the Special Master must be permitted to "effectively and expeditiously facilitate[e] the exchange of . . . discovery between the parties, including [by] resolving any discovery disputes," pursuant to Rule 53, Plaintiffs request that the Court clarify that Special Master Judge's discovery orders are effective upon entry and remain in effect unless and until a party ***obtains*** a stay or the Court sustains an objection.

---

[3]    In rejecting similar arguments with regard to magistrate judges' non-dispositive discovery orders, courts similarly note that Randazzo's position would reduce an order "'to the status of a recommendation'" and "'encourage parties to use the objection process simply as a device to further delay discovery.'" *Vitamin Health, Inc. v. Hartford Cas. Ins. Co.*, 2015 WL 9591476, at *2 (E.D. Mich. Dec. 8, 2015) (quoting *Blessey Marine Servs., Inc. v. Jeffboat, LLC*, 2011 WL 3349844, at *4 (E.D. La. Aug. 3, 2011)); *see also City of Holland v. Fed. Ins. Co.*, 2014 WL 2557124, at *1 (W.D. Mich. June 6, 2014) (explaining courts overwhelmingly reject Randazzo's position as "[a]llowing the automatic stay of a magistrate judge's discovery order 'would not only encourage the filing of frivolous appeals, but would grind the magistrate system to a halt'").

## IV.   LEGAL STANDARD ON MOTION TO STAY

The moving party bears the burden of establishing that a stay is warranted. *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002). Courts balance the following factors in evaluating whether the moving party has demonstrated a stay is warranted:

> 1) [T]he likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay.

*Bavelis v. Doukas*, 2019 WL 5307070, at *1-*2 (S.D. Ohio Oct. 21, 2019) (Marbley, J.).[4] The first two factors are the most critical. *Id.* at *2. "To succeed in a motion to stay, the moving party must 'address **each** of the factors regardless of its strength' and provide 'facts and affidavits supporting these assertions.'" *Id.* (quoting *State ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987)).

## V.   ARGUMENT

### A.   Randazzo and SFAO's Deficient Motion Must Be Denied

Randazzo and SFAO do not cite or attempt to meet any legal standard; do not provide any "'affidavits supporting [their] assertions;'" and do not "'address each of the factors'" as required. *Bavelis*, 2019 WL 5307070, at *2. As such, their Motion should be denied at the outset. *Id.* at *2-*3 (denying a motion to stay where the defendant did not satisfy his "burden to show how the circumstances of the case justify granting the motion" and thus "a motion to stay cannot stand").[5] Regardless, the relevant factors overwhelmingly weigh against granting a stay.

---

[4] Courts examine these same factors when an objection is pending. *Lange v. Crosbie*, 2023 WL 5532789, at *1 (E.D. Mich. Aug. 28, 2023) (applying the relevant factors pending a ruling from the district court on an objection); *see also Bright v. Brookdale Senior Living, Inc.*, 2022 WL 18639031, at *1 (M.D. Tenn. May 16, 2022) (citing cases).

[5] The deficient Motion cannot be cured on reply, as the Sixth Circuit "has consistently held that arguments not raised in a party's opening brief, as well as arguments adverted to in only a perfunctory manner, are waived." *Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 624 (6th Cir. 2013).

> B.  **Randazzo and SFAO Have Failed to Meet Their Burden to Show that the Relevant Factors Warrant a Stay**

*First*, Randazzo and SFAO have failed to meet their burden to "'show a strong or substantial likelihood'" they will succeed on the merits of their objection. *Bavelis*, 2019 WL 5307070, at *2. The absence of any such required showing renders the test "meaningless." *Id.*; *see also Baker*, 310 F.3d at 928 (holding the moving party "must demonstrate at least serious questions going to the merits").[6]

Even if Randazzo and SFAO had attempted to meet their burden, this factor weighs heavily against granting a stay. "Because a special master's ruling on the scope of permissible discovery is considered a procedural matter, the Court reviews for abuse of discretion." *Ciccio v. SmileDirectClub, LLC*, 2022 WL 2182301, at *1 (M.D. Tenn. June 16, 2022); *see also In re Hardieplank Fiber Cement Siding Litig.*, 2014 WL 5654318, at *1 (D. Minn. Jan. 28, 2014) (collecting cases and holding a special master's ruling on scope of discovery is procedural, and thus, reviewed for abuse of discretion). Here, Special Master Judge found that Randazzo and SFAO's "arguments" were "not well taken for ***at least six reasons***," including that they failed to provide supporting evidence for their claims; that they "waived, or forfeited, their recent objections"; and that the "law of the case would weigh against declining to enforce Magistrate Judge Jolson's April 5, 2023 Order and May 16, 2023 Order." *FirstEnergy*, 2023 WL 7319413, at *4-*9. Because their objections will likely fail, the first factor weighs against granting a stay.

*Second*, Randazzo and SFAO have failed to prove that they will be irreparably harmed absent a stay. Randazzo and SFAO's sole argument is that the costs of compliance absent a stay

---

[6] To the extent that Randazzo and SFAO argue that their objection concerning cost-shifting is likely to be successful because they intend to finally present evidence that Randazzo is struggling financially (Mot., ECF 561 at PageID 12242), "the time for . . . th[is] argument[] has passed." *FirstEnergy*, 2023 WL 7319413, at *8; *see also Biolumix, Inc. v. Centrus Int'l, Inc.*, 2012 WL 6015896, at *12 (E.D. Mich. Dec. 3, 2012) (holding arguments and evidence not initially raised before the special master are waived). Further, their claim fails as they did not meet their burden to produce supporting "facts [or] affidavits." *Bavelis*, 2019 WL 5307070, at *2.

- 7 -

would purportedly be $75,000. Mot., ECF 561 at PageID 12242-43. Not only have they failed to substantiate this assertion with any valid evidence, but the Sixth Circuit has repeatedly held that "potential monetary damage does not constitute irreparable harm." *Baker*, 310 F.3d at 930; *see also JSC MCC EuroChem v. Chauhan*, 2018 WL 9650037, at *2 (6th Cir. Sept. 14, 2018) (denying motion for a stay over respondent's claim "that he will suffer irreparable harm because . . . he will expend substantial time and money in fulfilling the discovery order."); *Bavelis*, 2019 WL 5307070, at *3 ("the Sixth Circuit has held 'mere economic loss does not constitute irreparable injury'"); *Bright*, 2022 WL 18639031, at *2 ("The key word in this consideration is irreparable. **Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough**.") (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1947)).[7] Accordingly, the second factor weighs against granting a stay.

The ***third*** factor examines the prospect that others will be harmed if the court grants the stay. Further, because this is a balancing test, courts consider whether the movant can "demonstrate at least serious questions going to the merits and irreparable harm that ***decidedly outweighs the harm that will be inflicted on others if a stay is granted***." *Baker*, 310 F.3d at 928. Randazzo and SFAO have failed to do so. Randazzo is a central figure in this litigation as he is one of two public officials that FirstEnergy has admitted to bribing to broaden their fraudulent scheme. ¶¶70, 72. Because certain individual defendants deny the illicit nature of this payment, however, Randazzo has already been the subject of testimony in 31 depositions. This number will only increase, as Randazzo

---

[7] Even if monetary damage were sufficient (it is not), the Motion must be denied, as Randazzo failed to provide any required "facts [or] affidavits" to support his claim. *Bavelis*, 2019 WL 5307070, at *2. Further, there is ample reason to doubt Randazzo's claim that the cost of compliance will be $75,000, as they previously asserted that collecting documents during the relevant time period would cost $9,125.00-$9,515.00 and the review would cost at most $17,000. ECF 516-1 at PageID 11174-75. And while they cite Plaintiffs' purported fees, the Special Master already approved **Plaintiffs' request that they delay seeking any fees and expenses from the Court until their objection is resolved**. *See* Declaration of Rachel A. Cocalis, filed concurrently, Ex. 1 (11/21/23 email from Special Master Judge).

directly relates to over a dozen scheduled depositions.  For example, in December, Plaintiffs will depose defendant Robert Reffner, who was "separated" from FirstEnergy due to his role in the $4.3 million payment to Randazzo's shell entity, SFAO.  Demonstrating the harm to Plaintiffs from Randazzo and SFAO's continued defiance, *this week* Plaintiffs will depose Ebony Yeboah-Amankwah – FirstEnergy's in-house counsel directly involved in the $4.3 million payment to Randazzo and fired from the Company as result.  The additional scheduled and noticed depositions for the next four months include defendants and non-parties directly involved in and terminated as a result of their involvement with Randazzo, SFAO, and the $4.3 million payment:

| No. | Individual/Entity | Date |
| --- | --- | --- |
| 1 | Non-Party Ebony Yeboah-Amankwah | 11/30/2023 & 12/01/2023 |
| 2 | Director Defendant Steven J. Demetriou | 12/05/2023 & 12/06/2023 |
| 3 | Director Defendant Luis A. Reyes | 12/12/2023 & 12/13/2023 |
| 4 | Officer Defendant K. Jon Taylor | 12/14/2023 & 12/15/2023 |
| 5 | Director Defendant Michael J. Anderson | 12/19/2023 & 12/20/2023 |
| 6 | Officer Defendant Robert Reffner | 12/21/2023 & 12/22/2023 |
| 7 | Non-Party Partners for Progress | 01/09/2024 & 01/10/2024 |
| 8 | Non-Party Michael VanBuren | 01/11/2024 |
| 9 | Non-Party Steve Staub | 01/16/2024 & 01/17/2024 |
| 10 | Director Defendant Donald T. Misheff | 01/19/2024 & 01/20/2024 |
| 11 | Non-Party Santino Fanelli | 01/23/2024 & 01/24/2024 |
| 12 | Director Defendant Leslie Turner | 01/25/2024 & 01/26/2024 |
| 13 | Officer Defendant Leila L. Vespoli | 01/29/2024 & 01/30/2024 |
| 14 | Non-Party Mark Hayden | 02/07/2024 & 02/08/2024 |
| 15 | Director Defendant Christopher Pappas | 02/15/2024 & 02/16/2024 |
| 16 | Non-Party Marathon Petroleum Company | Target Period: 02/15/2024 -03/07/2024 |
| 17 | Non-Party Bradley Bingaman | 02/19/2024 & 02/20/2024 |
| 18 | Non-Party Anna Lippincott | Target Period: 02/21/2024 - 03/22/2024 |
| 19 | Non-Party Megan Fitzmartin | 02/22/2024 & 02/23/2024 |
| 20 | Non-Party Lt. Governor Jon Husted | Target Period: 02/28/2024 - 03/19/2024 |
| 21 | Non-Party SFAO | 03/04/2024 & 03/05/2024 |
| 22 | Non-Party Randazzo | Target Period: 03/08/2024 - 03/29/2024 |
| 23 | Non-Party Brakey Energy | Target Period: 03/08/2024 - 03/29/2024 |
| 24 | Non-Party Joel Bailey | 03/11/2024 & 03/12/2024 |
| 25 | Officer Defendant John Judge | 03/13/2024 & 03/14/2024 |
| 26 | Officer Defendant Donald R. Schneider | 03/19/2024 & 03/20/2024 |

Randazzo and SFAO's sole argument – that they will not be deposed until March 4, 2023 (Mot., ECF 561 at PageID 12243) – is meritless because it ignores the more than 20 other depositions concerning the $4.3 million payment scheduled *before* SFAO's deposition. Producing documents after these depositions would be harmful. For example, mere weeks *after* defendants Jason Lisowski and Michael Dowling's depositions, FirstEnergy produced a highly relevant text exchange between them regarding the $4.3 million payment. Consequently, Plaintiffs will now have to move to reopen one or both of these depositions.

In addition to ignoring the many upcoming depositions to which this discovery relates, Randazzo and SFAO's argument wrongly assumes that: (1) Magistrate Judge Jolson and Chief Judge Marbley will rule on their objection immediately after briefing is complete at the end of December; (2) SFAO and Randazzo will collect, review, and produce documents and a privilege log within days of such an order (which is unlikely given they have yet to produce one document with respect to the one component of the November 6 Order to which they do not object) so as to allow the parties sufficient time to review the documents and log produced prior to SFAO's deposition; and (3) the production will not warrant any additional discovery prior to their depositions.

In sum, it is clear that Plaintiffs will be harmed if they have to continue taking depositions without the relevant documents Randazzo and SFAO are withholding, and it is doubly apparent that they have failed to prove otherwise. Therefore, the third factor also weighs against a stay.

Randazzo and SFAO also fail to address the *fourth* factor: the public interest in granting a stay. They ignore this factor because it overwhelmingly weighs against a stay, as the Court has already held that "this litigation is of public importance" as it "compris[es] potentially thousands of Plaintiffs who say they were harmed by FirstEnergy's participation in 'one of the largest corruption and bribery schemes in U.S. history.'" *In re FirstEnergy Sec. Litig.*, 2023 WL 2633675, at *3 (S.D. Ohio Mar. 24, 2023). Thus, non-parties have "an obligation to the public and a particular obligation

to potential class members to fairly and fully disclose the non-privileged information within [their] possession, custody, or control." *Id.* Moreover, the documents at issue directly relate to FirstEnergy's confessed corruption of Randazzo's Chairmanship of the ***Public*** Utility Commission of Ohio. Getting to the bottom of this scheme is a matter of tremendous public importance and delaying this inquiry contravenes the public interest. Therefore, the fourth factor also weighs against a stay.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) clarify the Appointment Order to confirm that Special Master Judge's discovery orders are effective upon entry and remain in effect unless and until a party ***obtains*** a stay or the Court sustains an objection; and (2) deny the Motion and order Randazzo and SFAO to: (a) produce the documents compelled in the April 5, May 16, and November 6 Orders by December 11, 2023; and (b) bear any corresponding fees and costs related to this Motion.

DATED: November 27, 2023

Respectfully submitted,

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY, Trial Attorney (0063373)

s/ Joseph F. Murray
JOSEPH F. MURRAY

1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com

Liaison Counsel

- 12 -

        ROBBINS GELLER RUDMAN
          & DOWD LLP
        DARREN J. ROBBINS (*pro hac vice*)
        MARK SOLOMON (*pro hac vice*)
        RACHEL A. COCALIS (*pro hac vice*)
        655 West Broadway, Suite 1900
        San Diego, CA  92101
        Telephone:  619/231-1058
        619/231-7423 (fax)
        darrenr@rgrdlaw.com
        marks@rgrdlaw.com
        rcocalis@rgrdlaw.com

        Class Counsel

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on November 27, 2023. Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Joseph F. Murray*
Joseph F. Murray (0063373)
