IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE FIRSTENERGY CORP. SECURITIES LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS. | Case No. 2:20-cv-03785-ALM-KAJ<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Kimberly A. Jolson |

**ORDER**

On July 14, 2023, Plaintiffs filed a motion to compel discovery and compliance with the Court's April 5, 2023, Order from Samuel C. Randazzo and Sustainability Funding Alliance of Ohio, Inc. ("SFAO"), non-parties to this action. (Doc. 496; *see* Doc. 440). On September 12, 2023, the Court, under Rule 53 of the Federal Rules of Civil Procedure, appointed Shawn K. Judge as Special Master in this proceeding. (Doc. 541). Pursuant to his authority, on October 19, 2023, the Special Master heard oral argument on Plaintiffs' motion to compel. (*See* Doc. 555). Then, on November 6, 2023, the Special Master filed an Order granting Plaintiffs' motion to compel. (Doc. 554). In his Order, he reminded the parties that under the Court's Order Appointing the Special Master and Rule 53, any party could file an objection to the Special Master's Order within 21 days of the date it was electronically filed. (*Id.* at 14–15; *see* Doc. 541 at 6). Randazzo and SFAO have since filed objections to the Special Master's Order. (Doc. 563).

On November 21, 2023, non-parties Randazzo and SFAO made a Motion for a Partial Stay of the Special Master's Order pending a ruling on their objections (Doc. 561). Specifically, they ask the Court to stay the Special Master's orders that they must "(1) search for and produce certain documents from November 21, 2020 to August 31, 2021; (2) produce documents and corresponding privilege logs on a rolling basis . . .; and (4) pay the Plaintiffs' fees and expenses and the Special

Master's costs related to the dispute." (*Id.* at 1; *see* Doc. 554 at 14).  They say that no party will be prejudiced by the issuance of a stay as the Court considers and rules on objections to the Special Master's Order.  (Doc. 561 at 5–7).  Plaintiffs responded to the Motion, arguing that the non-parties failed to meet their burden to show a stay is warranted.  (Doc. 562 at 11–15).

In their Motion, Randazzo and SFAO also describe a dispute between the parties about when the Special Master's orders go into effect.  (Doc. 561 at 1–2).  According to Randazzo and SFAO, Plaintiffs claimed a statement made by the Special Master at an unrelated hearing implied that his orders go into effect immediately upon being electronically filed, unless stayed by the Court.  (*Id.* at 2).  But Randazzo and SFAO argue that under Rule 53 and the Court's Order Appointing the Special Master, the Special Master's orders are not effective until the Court affirms and adopts the order; or, alternatively, if no objection is filed, within 21 days after the Special Master issues the order.  (*Id.* at 2, 4; *see* Doc. 541 at 6).  Plaintiffs seek clarification on the issue as well.  (Doc. 562 at 6, 8–9).  The Court addresses both the Motion for a Partial Stay (Doc. 561) and the Request for Clarification (Doc. 562) here.

First, the Court concludes that a brief stay will cause little prejudice, and **GRANTS** non-parties Randazzo and SFAO's Motion for a Partial Stay of the Special Master's Order (Doc. 561).  This is especially true because the Court intends to resolve the matter quickly.  The stay will remain in effect until the Court has considered and ruled upon Randazzo and SFAO's objection to the Special Master's Order (Doc. 563).  The parties are warned, however, that stays will not be the normal course and should not assume requests for stays will be granted in the future.

Second, the Undersigned acknowledges that under Rule 53 and the Court's Order appointing the Special Master, when the Special Master's orders become effective is somewhat ambiguous.  Rule 53 merely states that a Court "*may* adopt or affirm, modify, wholly or partially reject or reverse, or

2

resubmit [an order] to the master with instructions." Fed. R. Civ. P. 53(f)(1) (emphasis added).  And this Court's Order appointing the Special Master does not address the issue specifically.  (*See* Doc. 541 at 6).  That said, the Court emphasizes that the Special Master's appointment was made in the interest of effectively and expeditiously facilitating the discovery process. (*Id.* at 2). Non-compliance with the Special Master's discovery orders when they are filed frustrates this goal.  Therefore, the Court **CLARIFIES** that, pursuant to its Order Appointing the Special Master, the Special Master's discovery orders are effective immediately upon being entered and remain in effect unless and until a party obtains a stay from the Court or the Court sustains an objection.

      **IT IS SO ORDERED.**

Date:   November 28, 2023                            /s/ Kimberly A. Jolson
                                                                 KIMBERLY A. JOLSON
                                                                 UNITED STATES MAGISTRATE JUDGE