## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **IN RE FIRSTENERGY CORP. SECURITIES LITIGATION,** | Case No. 2:20-cv-3785 |
| **This document relates to:** | Chief Judge Algenon L. Marbley |
| **ALL ACTIONS.** | Magistrate Judge Kimberly A. Jolson |

### NOTICE OF ORDER BY SPECIAL MASTER
### ON MOTION TO STAY (ECF Nos. 573/574)

On November 30, 2023, Defendant FirstEnergy Corp. filed a motion to stay (ECF No. 573) and memorandum in support (ECF No. 574) related to the undersigned's November 29, 2023 Order (ECF NO. 571) on the June 30, 2023 Motion to Compel Discovery Regarding FirstEnergy's Internal Investigation (ECF No. 489). FirstEnergy directed the motion to stay to the undersigned.

At the request of FirstEnergy and Movants behind the motion to compel, the undersigned entertained oral argument on the motion for a stay before a court reporter. Following this argument, a brief recess was taken before the hearing resumed. Pursuant to the Court's Order Appointing Special Master, the undersigned is empowered to enter a written order on the docket or "issue any formal order , finding, report, or recommendation on the record, before a court reporter." (Order, ECF No. 541 at PageID 11687.) In the interest of providing the entities involved and the Court with expedited decisions, the undersigned issued four oral orders. The hearing transcript sets forth the full reasoning behind those orders, with a summary of the orders memorialized below:

(1) The first Order clarified that the undersigned's November 29, 2023 Order (ECF NO. 571) resolved the issue that inquiry could be had on facts told to a witness by an investigating attorney or facts learned only through review of investigation documents.

(2) The second Order **DENIED** the motion for a stay. (Motion, ECF No. 573.) Included within the hearing transcript is an explanation of why the undersigned thinks he was empowered to rule on a request for a stay of his own orders; in the event that conclusion was erroneous, then the undersigned **RECOMMENDS** denial of the motion for the

reasons set forth in the transcript.  Also included within the hearing transcript are a discussion of the perceived likelihood of success that FirstEnergy will have regarding its related objections and a discussion on the substantive versus procedural aspects of the issues involved that will likely inform the Court's review of the forthcoming objections.  If the undersigned did not overstep his authority, the Clerk should terminate that motion for a stay on the docket as no longer pending.

(3) The third Order **DENIED** FirstEnergy's oral motion for leave to belatedly supplement its motion to compel briefing, to the extent that FirstEnergy's argument can be construed as making such a motion.  Included within the hearing transcript is a discussion of the effect of Chief Judge Marbley's decision of *Ross v. Dublin*, No. 2:14-CV-02724, 2016 WL 7117389 (S.D. Ohio Dec. 7, 2016), on striking the O'Neil Declaration and the discretion to deny after-the-fact correction of the document.

(4) The fourth Order **APPROVED** Movants' request that the deposition protocol be modified to provide for the reservation of time in light of the objections.  Included within the hearing transcript are voluntarily concessions on the part of Movants regarding the documents affected by the undersigned's November 29, 2023 Order.

Not expressly stated at the oral argument is that the default allocation applies so that the costs of the Special Master's work on the motion to stay are to be born equally by the parties.

All entities are reminded that "the Special Master's discovery orders are effective immediately upon being entered and remain in effect unless and until a party obtains a stay from the Court or the Court sustains an objection." (Order, ECF No. 570 at PageID 12370.)  Note that the Court's September 12, 2023 Order Appointing Special Master provides in relevant part that "[p]ursuant to Rule 53(f)(2), any party may file an objection to the Special Master's orders, reports or recommendations within 21 days of the date it is electronically filed.  All such objections shall be directed to Chief Judge Marbley and Magistrate Judge Jolson simultaneously.  Failure to meet these deadlines results in permanent waiver of any objection to the Special Master's orders, reports, or recommendations." (Order, ECF No. 541 at PageID 11687.)

**IT IS SO ORDERED.**

                                             _/s/ Shawn K. Judge_____
                                             SHAWN K. JUDGE (0069493)
                                             SPECIAL MASTER

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 30, 2023, the foregoing was filed with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

 /s/ Shawn K. Judge
Shawn K. Judge (0069493)
