UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) | No. 2:20-cv-03785-ALM-KAJ <br><br> <u>CLASS ACTION</u> <br><br> Judge Algenon L. Marbley <br> Magistrate Judge Kimberly A. Jolson |
| This Document Relates To: <br><br> ALL ACTIONS. | | |

PLAINTIFFS' OPPOSITION TO THE MOTION OF NON-PARTIES SAMUEL C. RANDAZZO AND SUSTAINABILITY FUNDING ALLIANCE OF OHIO, INC. FOR LEAVE TO FILE REPLY IN SUPPORT OF OBJECTIONS

| | |
|---|---|
| MURRAY MURPHY MOUL <br> + BASIL LLP <br> JOSEPH F. MURRAY (0063373) <br> 1114 Dublin Road <br> Columbus, OH 43215 <br> Telephone: 614/488-0400 <br> 614/488-0401 (fax) <br> murray@mmmb.com <br><br> Liaison Counsel | ROBBINS GELLER RUDMAN <br> & DOWD LLP <br> DARREN J. ROBBINS (*pro hac vice*) <br> MARK SOLOMON (*pro hac vice*) <br> 655 West Broadway, Suite 1900 <br> San Diego, CA 92101 <br> Telephone: 619/231-1058 <br> 619/231-7423 (fax) <br> darrenr@rgrdlaw.com <br> marks@rgrdlaw.com <br><br> Class Counsel |

4878-3351-4645.v1

I. **INTRODUCTION**

Non-Parties Samuel C. Randazzo ("Randazzo") and Sustainability Funding Alliance of Ohio, Inc. ("SFAO") have filed a Motion for Leave to File Reply in Support of Objections (ECF 581) ("Motion for Leave"). The Motion for Leave sets forth their arguments but fails to attach a "proposed reply." Accordingly, Plaintiffs do not object to the Court considering the additional arguments comprising the Motion for Leave, but there is no good cause for any further briefing beyond the Motion for Leave itself.[1]

II. **LEGAL STANDARD**

The Court's Order clarifying and supplementing procedures related to the Special Master's orders, reports, or recommendations expressly prohibits replies to objection responses "unless otherwise ordered by the Court." Order, ECF 576 at PageID 12426. A reply in this context, therefore, is tantamount to a sur-reply where replies are expressly permitted. This means the proponent must demonstrate good cause. *See, e.g., Blassingame v. TriHealth, Inc.*, 2022 WL 16571377, at *1 (S.D. Ohio Nov. 1, 2022) (Marbley, Chief J.) ("the Court finds that Plaintiff has not demonstrated good cause justifying leave to file any of the sur-reply briefs before it").

III. **ARGUMENT**

Plaintiffs acknowledge and Plaintiffs' counsel apologize for an oversight in their Response. *See* Response, ECF 579 at PageID 12734-35, and the concurrently filed Declarations of Jason A. Forge and Joseph F. Murray. As Randazzo and SFAO correctly point out in their Motion for Leave, Plaintiffs' counsel had granted them an extension until August 4, 2022 to respond to Lead Plaintiffs' subpoenas, which means their August 4, 2022 objections were timely. Motion for Leave, ECF 581 at PageID 12858. Had Randazzo and SFAO complied with Local Civil Rule 7.3 by consulting with

---

[1] All capitalized terms have the same meaning as in Plaintiffs' Response to the Objections of Non-Parties Samuel C. Randazzo and Sustainability Funding Alliance of Ohio, Inc. to the November 6, 2023 Order by the Special Master on Plaintiffs' Motion to Compel (ECF 579) ("Response").

- 1 -

Plaintiffs prior to filing their Motion for Leave, Plaintiffs would have volunteered to correct this mistake.  S.D. Ohio Civ. R. 7.3.

Though regrettable, this oversight does not affect, and Randazzo and SFAO's Motion for Leave does not contest, the three other reasons Randazzo and SFAO long ago waived any objections to the Defined Time Period and the costs of compliance.  Response, ECF 579 at PageID 12735-37 (the August 4, 2022 objections do ***not*** include objections to the Defined Time Period and the costs of compliance; the August 4, 2022 objections are legally meaningless; and their April 3, 2023 written submission to Judge Jolson did ***not*** include objections to the Defined Time Period and the costs of compliance).  While correcting the record supports good cause, that mission has been accomplished, as the record is now correct regarding the timeliness of Randazzo and SFAO's August 4, 2022 objections.  Further, the November 6, 2023 Order does not reference or turn on the timeliness of their August 4, 2022 objections:

> Randazzo and SFAO have waived, or forfeited, their recent objections. . . .
>
> ". . . Mr. Randazzo and SFAO did not raise these objections pursuant to Rule 45 when they responded to Plaintiffs' subpoena.  They did not raise these objections when Plaintiffs moved to compel the documents.  They did not raise these objections and new demands to Judge Jolson before her April 5th order.
>
> When Judge Jolson issued her April 5th order, they did not file an objection; they did not file a motion for reconsideration; they did not seek clarification based on any of these new grounds and demands.  Same with the May 16 order."
>
> (Hrg. Tr. at 69:3-16.)  Randazzo and SFAO had multiple opportunities to make their arguments and elected to forego them.  This strategic choice has consequences.

*In re FirstEnergy Corp. Sec. Litig.*, 2023 WL 7319413, at *6 (S.D. Ohio Nov. 6, 2023).  As such, this issue is immaterial to whether the Special Master abused his discretion in determining that they waived their recent objections.  In sum, there is no good cause for any further reply concerning this issue.

- 2 -

4878-3351-4645.v1

Randazzo and SFAO's second argument simply rehashes their objection to the Special Master's award of fees and costs.  As such, this argument does not support a finding of good cause for any further reply.  *See, e.g., Blassingame*, 2022 WL 16571377, at *1 ("Plaintiff has not demonstrated good cause to file his sur-replies under S.D. Ohio Civ. R. 7.2(a)(2), given that the sur-replies simply provide arguments duplicative of the initial opposition briefs . . . .").

Randazzo and SFAO's third argument is that "the proposed reply will not cause prejudice to the parties."  Motion for Leave, ECF 581 at PageID 12859.  The problem with this argument is that there is no "proposed reply," as Randazzo and SFAO fail to attach one, which is not only a customary practice but an imperative to assessing the propriety and any potential prejudice from an actual proposed sur-reply.  *See, e.g., Student Res. Ctr., LLC v. E. Gateway Cmty. Coll.,* 2023 WL 6213678, at *18 (S.D. Ohio Sept. 25, 2023) (Marbley, Chief J.) (denying motion to file sur-reply (ECF 45), which motion attached the proposed sur-reply).

## IV. CONCLUSION

Randazzo and SFAO's Motion for Leave provides no indication of any arguments or evidence beyond those comprising the Motion for Leave itself.  Accordingly, Plaintiffs do not object to the Court considering Randazzo and SFAO's Motion for Leave as part of their Objections, but submit that there is no good cause for any further briefing beyond the Motion for Leave and respectfully request that the Court deny the motion.

DATED:  December 6, 2023                    MURRAY MURPHY MOUL + BASIL LLP
                                            JOSEPH F. MURRAY, Trial Attorney (0063373)


                                                   s/ Joseph F. Murray
                                            JOSEPH F. MURRAY

        1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
JASON A. FORGE (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com
jforge@rgrdlaw.com

Class Counsel

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on December 6, 2023.  Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Joseph F. Murray*
Joseph F. Murray (0063373)

4878-3351-4645.v1