**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE FIRSTENERGY CORP. SECURITIES LITIGATION, | Case No. 2:20-cv-3785 |
| This document relates to: | Chief Judge Algenon L. Marbley |
| ALL ACTIONS. | Magistrate Judge Kimberly A. Jolson |

**ORDER BY SPECIAL MASTER
ON FIRSTENERGY CORPS.'S MOTION TO COORDINATE OBJECTIONS TO THE
SPECIAL MASTER'S RULINGS RELATED TO DISCOVERY OF PRIVILEGED
INTERNAL INVESTIGATIONS (ECF No. 593)**

On November 30, 2023, Defendant FirstEnergy Corp. ("FirstEnergy") filed a Motion to Coordinate Objections to the Special Master's Rulings Related to Discovery of Privileged Internal Investigations. (Mot., ECF No. 593.)  In this motion, FirstEnergy requests that the deadlines for objecting to various Special Master Orders be consolidated to one date, which would be 21 days after the undersigned has issued two forthcoming Reports and Recommendations.  FirstEnergy also requests that the undersigned issue this consolidation decision before December 20, 2023, in order to avoid filing objections due on that date.  FirstEnergy's request for a single consolidation date is not well taken.

The Court has set a clear deadline for the filing of objections that is automatically triggered by the filing of the Orders to which a party objects.  If the Court desired the grouping of objections, the Court could have and would have implemented another filing plan than the plan the Court ordered.

Although FirstEnergy posits that such deviation is warranted here based on the asserted inter-related nature of many of the objections, this proposition fails to carry dispositive weight in adjudicating the instant request.  Many of the discovery issues presented in this litigation overlap,

and FirstEnergy has failed to present a persuasive case for specifically why the issues here necessitate deviating from the Court's default objections plan. There is no apparent risk of greater confusion that warrants (1) providing FirstEnergy with what would amount to a considerable filing extension for some objections and (2) briefing all objections at once. Moreover, contrary to FirstEnergy's equally conclusory suggestion, any degree of inefficiency is not so apparent that one deadline is needed or would even cure the alleged inefficiency. In fact, adhering to the established deadlines would arguably promote efficiency by presenting more ripe issues to the Court sooner, thereby enabling the Court to resolve the issues earlier than waiting for an extended deadline date.

Also unpersuasive is FirstEnergy's argument that a deadline would allow time for the undersigned to grant the pending motion for reconsideration targeting the November 29, 2023 Order, thereby obviating the need for filing another objection. The purported benefit of this analytic chain hinges on FirstEnergy's assumption that it will prevail on its motion for reconsideration. The undersigned does not resolve the merits of that motion here but notes that the mere possibility that there may be reconsideration is insufficient cause to disturb the case schedule under these circumstances.

The Special Master **DENIES** the Motion to Coordinate Objections to the Special Master's Rulings Related to Discovery of Privileged Internal Investigations. (Mot., ECF No. 593.)

One comment raised by FirstEnergy merits additional discussion. FirstEnergy notes in its briefing that it seeks "to reduce the number of issues before this Court." (Mem. in Support, ECF No. 593-1 at PageID 13009.) This is a laudable goal that the plethora of recent filings has defeated as of late. Part of the recent filings are simply the result of motions that accumulated during the Special Master appointment process that led to multiple catch-up decisions in a condensed time period and now present multiple objections around the same time period. But other filings are

redundant or oddly premature. Volume and frequency are not inherently persuasive and rarely constitute effective characteristics of motions practice.

In an effort to curb unnecessary motions practice and related filings, the undersigned **ORDERS** that no party or interested non-party can file any motion or filing (whether related to discovery, briefing deadlines, protective orders, or other areas of substantive concern) without first obtaining leave from the undersigned. All parties and interested non-parties remain as free as before to file "non-substantive" documents such as motions for leave to appear *pro hac vice*, withdrawals, change of addresses, or other similar routine filings. All existing filings expressly permitted by the Court (*e.g.*, objections) remain in effect and are exempt from the leave-of-court requirement.

All entities are reminded that "the Special Master's discovery orders are effective immediately upon being entered and remain in effect unless and until a party obtains a stay from the Court or the Court sustains an objection." (Order, ECF No. 570 at PageID 12370.) Note that the Court's September 12, 2023 Order Appointing Special Master provides in relevant part that "[p]ursuant to Rule 53(f)(2), any party may file an objection to the Special Master's orders, reports or recommendations within 21 days of the date it is electronically filed. All such objections shall be directed to Chief Judge Marbley and Magistrate Judge Jolson simultaneously. Failure to meet these deadlines results in permanent waiver of any objection to the Special Master's orders, reports, or recommendations." (Order, ECF No. 541 at PageID 11687.)

IT IS SO ORDERED.

      /s/ Shawn K. Judge
SHAWN K. JUDGE (0069493)
SPECIAL MASTER

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 19, 2023, the foregoing was filed with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    */s/ Shawn K. Judge*
Shawn K. Judge (0069493)