UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) | No. 2:20-cv-03785-ALM-KAJ <br><br> <u>CLASS ACTION</u> <br><br> Judge Algenon L. Marbley <br> Magistrate Judge Kimberly A. Jolson |
| This Document Relates To: <br><br> ALL ACTIONS. | | |

MOVANTS' RESPONSE IN OPPOSITION TO FIRSTENERGY CORP.'S MOTION FOR RECONSIDERATION OF THE SPECIAL MASTER'S NOVEMBER 29 AND 30 ORDERS

MURRAY MURPHY MOUL
 + BASIL LLP
JOSEPH F. MURRAY (0063373)
1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com

Class Counsel

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...............................................................................................................1

II. LEGAL STANDARD..........................................................................................................2

III. ARGUMENT.......................................................................................................................3

    A. The Special Master Order Does Not Permit Motions for Reconsideration .............3

    B. FirstEnergy's Notice of Objection to the Compulsion Order Deprives the Special Master of Jurisdiction Over the Compulsion Order...................................4

    C. FirstEnergy's Motion for Reconsideration Is Substantively Baseless.....................5

        1. FirstEnergy Falsely Accuses the Special Master of Applying the Incorrect Legal Standard.............................................................................5

        2. FirstEnergy Inappropriately Blames the Special Master for Its Own Failures..........................................................................................................8

        3. FirstEnergy's Motion Improperly Re-Argues the Same Cases and Evidence It Previously Submitted.................................................................9

    D. The Court Always Has Authority to Remand for Additional Findings .................10

4870-3732-9303.v1

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Allstate Ins. Co. v. Orthopedic, P.C.*,
 2019 WL 13195622 (E.D. Mich. Jan. 29, 2019) ....................................................................... 7

*Allstate Ins. Co. v. Tox Testing, Inc.*,
 2020 WL 13443548 (E.D. Mich. Sept. 24, 2020) ..................................................................... 7

*Bd. of Forensic Document Exam'rs, Inc. v. Am. Bar Ass'n*,
 2017 WL 11558075 (W.D. Tenn. Jan. 19, 2017) ...................................................................... 8

*Canter v. Alkermes Blue Care Elect Preferred Provider Plan*,
 593 F. Supp. 3d 737 (S.D. Ohio 2022) ..................................................................................... 7

*Carrizo (Utica) LLC v. City of Girard, Ohio*,
 661 F. App'x 364 (6th Cir. 2016) ............................................................................................. 7

*Cockroft v. Starkey*,
 2023 WL 3570616 (S.D. Ohio May 19, 2023) ..................................................................... 4, 5

*Doe v. Franklin Cnty. Children's Servs.*,
 2020 WL 5642159 (S.D. Ohio Sept. 22, 2020) ................................................................ 2, 4, 5

*Gibson v. Yaw*,
 2023 WL 2837200 (S.D. Ohio Apr. 7, 2023),
 *report and recommendation adopted*,
 2023 WL 3652386 (S.D. Ohio May 25, 2023) ....................................................................... 10

*Graham v. Warden, Pickaway Corr. Inst.*,
 2021 WL 3268917 (S.D. Ohio July 30, 2021) ..................................................................... 2, 3

*Medley v. S. Health Partners, Inc.*,
 2017 WL 3485641 (M.D. Tenn. Aug. 15, 2017) ...................................................................... 8

*Mobley v. City of Columbus*,
 2020 WL 3050144 (S.D. Ohio June 8, 2020) ........................................................................... 5

*Nechovski v. United States*,
 2014 WL 12799796 (S.D. Ohio June 3, 2014) ..................................................................... 4, 5

*NML Cap., Ltd. v. Republic of Argentina*,
 2015 WL 3489684 (D. Nev. June 3, 2015) ............................................................................... 2

*Offineer v. Kelly*,
 2011 WL 736397 (S.D. Ohio Feb. 23, 2011) ............................................................................ 2

4870-3732-9303.v1

**Page**

*Plaskolite, Inc. v. Zhejiang Taizhou Eagle Mach. Co., Ltd.*,
  2008 WL 5190049 (S.D. Ohio Dec. 9, 2008) ...................................................................... 8, 9

**STATUTES, RULES AND REGULATIONS**

28 U.S.C.
  §1746 ................................................................................................................................... 8

Federal Rules of Civil Procedure
  Rule 59(e) ......................................................................................................................... 2, 5
  Rule 53(f)(2) ......................................................................................................................... 4

Local Rules
  Rule 7.2 ................................................................................................................................ 3
  Rule 7.2(a)(2) ....................................................................................................................... 3

4870-3732-9303.v1

I.   INTRODUCTION

The Court's express purpose for appointing a Special Master was to help expedite these proceedings. Order Appointing Special Master, ECF 541 at PageID 11683 (the "Special Master Order"). FirstEnergy is trying to do just the opposite – create more delay with five-week briefing schedules for motions for reconsideration and additional decisions from the Special Master *before* filing objections, which are the only authorized means of contesting an order, recommendation, or finding by the Special Master, to be followed by objections to denials of the motions for reconsideration. *Id.* at PageID 11687-88. FirstEnergy's present Motion for Reconsideration of the Special Master's November 29 and 30 Orders (ECF 592) (the "Reconsideration Motion") concerns the November 29, 2023 Order by Special Master on Motion to Compel (ECF 571) (the "Compulsion Order") to which FirstEnergy has already objected (Notice of Objections, ECF 572) and the Special Master has already declined to stay (11/30/23 Hr'g Tr., ECF 587). Therefore, the Compulsion Order is no longer before the Special Master.

Beyond these fatal procedural and jurisdictional infirmities, the Reconsideration Motion is a prototypical improper attempt to raise arguments and evidence FirstEnergy could have raised before and renew arguments the Special Master has already considered and rejected. FirstEnergy demands an unprecedented do-over – with a so-called declaration FirstEnergy amended two weeks *after* the Special Master had decided the motion to which it pertains, which had been pending for over five months.

FirstEnergy is using one baseless motion after another to multiply these proceedings and overwhelm the Special Master and Court. It admits as much by threatening to file an objection to any denial of reconsideration, in addition to objections to every other decision the Special Master makes. Def's Mem., ECF 592-1 at PageID 12972. Accordingly, Movants respectfully request that the Special Master deny FirstEnergy's Reconsideration Motion.

## II. LEGAL STANDARD[1]

The Court's Order Appointing Special Master found "that appointment of a Special Master will assist the Court in both effectively and expeditiously facilitating the exchange of information and discovery between the parties, including resolving any discovery disputes."  Special Master Order, ECF 541 at PageID 11683.  The Special Master Order does not have any provision for motions for reconsideration.  *Id.*  Rather, the only permitted mechanism for contesting an order, recommendation, or finding by the Special Master is by objection that must be filed within 21 days.  *Id.* at PageID 11687-88.

"[W]hen a party files an objection to a magistrate judge's order, the objection 'generally divests the [magistrate judge] of jurisdiction over the matters [objected to].'"  *NML Cap., Ltd. v. Republic of Argentina*, 2015 WL 3489684, at *2 (D. Nev. June 3, 2015) (alterations in original); *see also Doe v. Franklin Cnty. Children's Servs.*, 2020 WL 5642159, at *2 (S.D. Ohio Sept. 22, 2020) (Marbley, Chief J.) (denying motion to stay because notice of appeal had divested jurisdiction); *Offineer v. Kelly*, 2011 WL 736397, at *2 (S.D. Ohio Feb. 23, 2011) ("When the Defendants filed their notice of appeal on October 20, 2010, this Court was divested of its jurisdiction.").

Motions for reconsideration of non-dispositive orders are not authorized under the Federal Rules of Civil Procedure.  The closest analog is Federal Rule of Civil Procedure 59(e), which "provides that a motion to alter or amend judgment may be filed within 28 days of the entry of judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"  *Graham v. Warden,*

---

[1] All terms not otherwise defined herein have the same meaning as set forth in the Memorandum of Law in Support of the Moving Parties' Motion to Compel Discovery Regarding FirstEnergy's Internal Investigation (ECF 489-1).  Movants Jones and Dowling do not join in this response, but they support the effort to avoid further delay.  Unless otherwise noted, citations are omitted and emphasis is added.

*Pickaway Corr. Inst.*, 2021 WL 3268917, at *1 (S.D. Ohio July 30, 2021) (Marbley, Chief J.). Nevertheless, Courts have reluctantly entertained such motions while warning that:

> "[M]otions to alter or amend, or for reconsideration, ***are not intended as a mechanism for a plaintiff to relitigate issues previously considered and rejected***, or ***to submit evidence which in the exercise of reasonable diligence could have been submitted earlier***." *Kittle v. State*, No. 2:05-cv-1165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007) (citing *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); *Howard*, 533 F.3d at 475. "In particular, ***courts will not address new arguments or evidence that the moving party could have raised before the decision issued***." *Banister*, 140 S.Ct. at 1702. . . . It is not the function of a motion to reconsider to renew arguments that the Court has already considered and rejected. "***When the 'defendant views the law in a light contrary to that of this Court,' its 'proper recourse' is not by way of a motion for reconsideration but by 'appeal to the Sixth Circuit.'***" *Id.*

*Id.* FirstEnergy's Reconsideration Motion violates each of these prohibitions.

### III. ARGUMENT

#### A. The Special Master Order Does Not Permit Motions for Reconsideration

Considering that the Court's purpose for appointing a Special Master was to help expedite these proceedings, it should come as no surprise that the Special Master Order does not contain a provision permitting motions for reconsideration. The only mechanism for contesting an order, recommendation, or finding by the Special Master is by objection that must be filed within 21 days. Special Master Order, ECF 541 at PageID 11687-88. The Court recently supplemented these procedures by allowing responses to objections, but they must be filed within 14 days and replies are not permitted. Order, ECF 576 at PageID 12426. In contrast, Local Rule 7.2 sets forth the procedures and deadlines for all motions, which include 21 days for oppositions and 14 days for replies. L.R. 7.2(a)(2).

It would defeat the Court's purpose, as well as its procedures and deadlines for objections to Special Master orders, if parties could slam the brakes on all progress by filing motions for reconsideration, as doing so would trigger Local Rule 7.2's 35-day briefing schedule and force the

Special Master to issue yet another order, which could then be subject to another objection.  But the 21-day deadline for objections is absolute:

> Pursuant to Rule 53(f)(2), any party may file an objection to the Special Master's orders, reports or recommendations within 21 calendar days of the date it is electronically filed.  All such objections shall be directed to Chief Judge Marbley and Magistrate Judge Jolson simultaneously.  ***Failure to meet these deadlines results in permanent waiver of any objection to the Special Master's orders, reports, or recommendations***.

Special Master Order, ECF 541 at PageID 11687.  Against this backdrop, it does not appear that the Court intended to allow parties to override the Special Master procedures and deadlines just by filing motions for reconsideration of the Special Master's orders, reports, and recommendations.

### B. FirstEnergy's Notice of Objection to the Compulsion Order Deprives the Special Master of Jurisdiction Over the Compulsion Order

Even if the Special Master Order allowed motions for reconsideration (it does not), FirstEnergy filed its objection to the Compulsion Order ***prior*** to filing its motion to stay the Compulsion Order; ***prior*** to its verbal motion for leave to file an amended declaration; and ***prior*** to filing its present motion for reconsideration.  As such, FirstEnergy's objection divests the Special Master of jurisdiction to consider its motion for reconsideration: "[B]y filing a notice of appeal regarding the Decision and Entry, Plaintiff divested this Court of jurisdiction to consider his motion for reconsideration of that same Decision and Entry."  *Cockroft v. Starkey*, 2023 WL 3570616, at *1 (S.D. Ohio May 19, 2023); *see also Nechovski v. United States*, 2014 WL 12799796, at *1 (S.D. Ohio June 3, 2014) ("[I]n light of the notice of appeal, the Court lacked jurisdiction to consider petitioner's motion for reconsideration but expressed its willingness to grant the motion and to consider petitioner's objections should the United States Court of Appeals for the Sixth Circuit remand the case for that purpose.").

Chief Judge Marbley faced a nearly identical situation in *Doe*, where the Court had entered a preliminary injunction.  2020 WL 5642159, at *1.  The next day, the defendant filed a notice of

appeal. *Id*. After filing the notice of appeal, the defendant filed a motion to stay the preliminary injunction pending appeal. *Id*. Chief Judge Marbley explained that considering defendant's stay motion would require consideration of the same factors as when it issued the preliminary injunction, which were the same factors the Sixth Circuit would consider when deciding the defendant's appeal. *Id*. "In asking this Court to re-consider those factors in their Motion to Stay the District Court's Grant of Preliminary Injunction Pending Appeal, Defendants are asking this Court to answer the very questions that Defendants divested it of jurisdiction to consider when they filed the notice of appeal." *Id*. at *2. Here, just as in *Doe*, all the arguments FirstEnergy is asking the Special Master to reconsider are the same arguments the Court will consider when deciding the objection to the Compulsion Order that FirstEnergy filed ***prior*** to filing its motion for reconsideration. Accordingly, as in *Doe*, *Cockroft*, and *Nechovski*, FirstEnergy's objection to the Compulsion Order divests the Special Master of jurisdiction to consider FirstEnergy's motion to reconsider the Compulsion Order.

    **C.**  **FirstEnergy's Motion for Reconsideration Is Substantively Baseless**

Even if the Special Master Order allowed motions for reconsideration (it does not) and even if FirstEnergy's objection to the Compulsion Order did not divest the Special Master's jurisdiction over the Compulsion Order (it does), and even if Rule 59(e) applied to such situations (it does not), attempting to cure an infirm declaration is precisely the kind of maneuver Rule 59(e) ***rejects*** as a basis for reconsideration: "'[M]otions to alter or amend, or for reconsideration, are not intended as a mechanism . . . to submit evidence which in the exercise of reasonable diligence could have been submitted earlier.'" *Mobley v. City of Columbus*, 2020 WL 3050144, at *2 (S.D. Ohio June 8, 2020).

    **1.**  **FirstEnergy Falsely Accuses the Special Master of Applying the Incorrect Legal Standard**

FirstEnergy's primary argument accuses the Special Master of applying the wrong legal standard to a motion FirstEnergy never timely made. Movants filed their motion to compel on June

30, 2023 (Compel Mot., ECF 489). Over the five months that followed, the parties filed hundreds of pages of briefs and exhibits and the Special Master entertained lengthy oral arguments concerning the motion. *See, e.g.*, Compel Opp., ECF 510; Movants' Compel Reply, ECF 529; Jones' Supp. Statement, ECF 548; Movants' Compel Supp. Mem., ECF 549. None of those submissions included a motion to file an amended declaration. On November 29, 2023, the Special Master issued the Compulsion Order. That same day, FirstEnergy filed its objection to the Compulsion Order, ***rather than a motion for leave to file a valid declaration***. Notice of Objections, ECF 572. The next day, FirstEnergy filed a motion to stay the Compulsion Order, ***but still did not file a motion for leave to file a valid declaration***. Stay Mot., ECF 573.

Just a few hours after FirstEnergy moved to stay the Compulsion Order, the Special Master held a hearing on it. 11/30/23 Hr'g Tr., ECF 587. The Special Master emphasized that FirstEnergy still had not moved for leave file an amended declaration:

> I don't have a motion in front of me to file an amended declaration. ***In Ross***, there was a pending motion that was filed that was concurrently pending before the Court before the related summary judgment was decided. So in other words, you had a declaration that was supporting a motion ***that had not been decided*** and there was a motion to amend the declaration.
>
> That's not the scenario we had here. Here, there was a declaration filed to support the motion to compel briefing. ***There was a decision reached in that and only then*** did FirstEnergy come forward and say, "We would like to correct the deficiency." So I think *Ross* is distinguishable. *Ross* doesn't create an entitlement here. ***The local rules call for a motion when you want the Court to act*** and therefore, when you want to delegate an authority of the Special Master to be imposed, ***you have to file a motion. There is no motion here***.
>
> I'm going to construe the argument today as presenting me with an oral motion to amend which is denied. ***There was no good cause presented to me for the error other than it was simply not done correctly*** and no one brought it to the Court's attention, ***no one brought it to my attention until after an adverse decision was filed***.

*Id.* at PageID 12909.

It is hard to imagine anyone being clearer than the Special Master was about the significance of FirstEnergy's failure to move for leave to file an amended declaration ***prior*** to the issuance of the Compulsion Order. Yet, FirstEnergy fails to cite a single case that establishes a standard for amending declarations ***after*** the motions to which they pertain have been decided ***and*** the losing side has already filed an objection, let alone a single Court that has ever granted such an unreasonable request. Choosing quantity over quality, FirstEnergy cites 11 cases allowing amended declarations/affidavits, but ***none in which a Court granted leave to file an amended declaration after the motion to which the declaration pertained had already been decided***.

The reality is that there is no legal standard for amending declarations ***after*** the motions to which they pertain have been decided ***and*** the losing side has already filed an objection or notice of appeal regarding the decision because the filing of an objection or notice of appeal divests the original decision maker of jurisdiction. Moreover, even if the Special Master still had jurisdiction (he did not), the good cause standard he applied is the standard that applies to most motions for leave. *See, e.g.*, *Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 F. App'x 364, 367 (6th Cir. 2016) ("a party seeking leave to amend after the scheduling order's deadline must meet Rule 16's good-cause standard in order for the district court to amend the scheduling order"); *Canter v. Alkermes Blue Care Elect Preferred Provider Plan*, 593 F. Supp. 3d 737, 744 (S.D. Ohio 2022) ("Although local rules generally do not permit parties to file sur-reply briefs, a party may request leave of the Court to do so upon a showing of good cause."); *Allstate Ins. Co. v. Tox Testing, Inc.*, 2020 WL 13443548, at *2 (E.D. Mich. Sept. 24, 2020) ("the Court is not persuaded that good cause exists to grant Defendants leave to file a motion for judgment on the pleadings prior to the Court's ruling on the pending discovery and sanctions motions"); *Allstate Ins. Co. v. Orthopedic, P.C.*, 2019 WL 13195622, at *2 (E.D. Mich. Jan. 29, 2019) ("The Court will thus grant Awaisi Defendants' motion for leave to file a supplemental brief only if they show good cause.").

### 2. FirstEnergy Inappropriately Blames the Special Master for Its Own Failures

A fundamental requirement of all declarations is that they must be subscribed "***as true*** under penalty of perjury." 28 U.S.C. §1746. Another fundamental requirement is that declarations and affidavits it must be based on the personal knowledge of the declarant or affiant even where the court may consider evidence that is not necessarily admissible under the rules of evidence. *See, e.g.*, *Medley v. S. Health Partners, Inc.*, 2017 WL 3485641, at *7 (M.D. Tenn. Aug. 15, 2017); *Bd. of Forensic Document Exam'rs, Inc. v. Am. Bar Ass'n*, 2017 WL 11558075, at *2 (W.D. Tenn. Jan. 19, 2017) ("'All affidavits, regardless of the author, must be made on personal knowledge and set forth facts that would be admissible in evidence.'"); *Plaskolite, Inc. v. Zhejiang Taizhou Eagle Mach. Co., Ltd.*, 2008 WL 5190049, at *5 (S.D. Ohio Dec. 9, 2008) ("affidavits must be based on 'personal knowledge' and statements of 'belief' will not be considered").

James O'Neil's so-called "declaration" is deficient. The Special Master correctly determined that it fails to comply with the fundamental requirement that O'Neil declare that his statements are "true." It is also deficient due to being riddled with statements for which there is no indication of O'Neil's personal knowledge, including many of which he plainly lacks personal knowledge. *See, e.g.*, O'Neil Decl., ECF 511-1 at PageID 10938 (¶3) (purporting to represent ***why*** FirstEnergy's management brought the Householder Criminal Complaint to the attention of FirstEnergy's Board of Directors); at *id.* at PageID 10938-39 (¶5) (purporting to represent what Board members other than himself "anticipated"); *id.* at PageID 10939, 42 (¶¶9, 26-27) ("I understand" statements); *id.* at PageID 10940 (¶13) (purporting to represent ***why*** Board members other than himself chose the law firm Squire Patton Boggs LLP to conduct an internal investigation); *id.* at PageID 10941 (¶22) (purporting to represent ***why*** FirstEnergy retained the Jones Day law firm); *id.* (¶24) (purporting to represent that Jones Day's investigation was independent of the Squire Patton investigation); *id.* at PageID 10942-43 (¶29) (purporting to represent what Board members other than himself and

- 8 -

FirstEnergy would not have done under several hypothetical conditions); *id.* at PageID 10943 (¶30) (purporting to represent what Board members other than himself and FirstEnergy "understood"). Notwithstanding these many fundamental deficiencies, FirstEnergy proclaims, "[t]he O'Neil declaration was clearly reliable." Def's Mem., ECF 592-1 at PageID 12981. FirstEnergy's hyperbole is no substitute for substance, and O'Neil's "declaration" is unreliable due to a plain lack of personal knowledge as to many of its representations.

FirstEnergy and its Board members are represented by an army of lawyers, including one of the largest law firms in New York and the largest law firm in Ohio. Yet, FirstEnergy blames the Special Master for not doing its lawyers' job for them. Def's Mem., ECF 592-1 at PageID 12975 n.5 (complaining that "FirstEnergy was unaware of the inadvertent omission of 'true and correct' until the Special Master identified it" and "[t]he Special Master did not provide FirstEnergy with the opportunity to cure the perceived deficiency" before deciding a motion that had been pending for five months). FirstEnergy's finger pointing is not well taken. Just as it is not the job of a trial judge to help counsel during their closing arguments, it is not the Special Master's job to assist O'Neil, FirstEnergy, and their lawyers in compiling a competent declaration. They alone are to blame for the deficient O'Neil declaration.

### 3. FirstEnergy's Motion Improperly Re-Argues the Same Cases and Evidence It Previously Submitted

FirstEnergy cites many of the same cases it has cited before – and not a single case that post-dates the November 29, 2023 Compulsion Order. *Compare* Stay Mem., ECF 574 at PageID 12398-99 *with* Def's Mem., ECF 592-1 at PageID 12964-67 (citing over a half-dozen of the same cases and no case more recent than August 11, 2023). Similarly, FirstEnergy dedicates pages to quoting excerpts from exhibits it previously submitted and the Special Master considered. *See* Def's Mem., ECF 592-1 at PageID 12983-85. This timing renders inapt all the cases FirstEnergy cites, as none involved a party that waited until *after* a decision went against them to try to "amend" the evidence

they had submitted. If litigation by hindsight were the rule, every party would attempt to "fix" whatever failures led to their defeat. Likewise, every losing party would cry "clear error" and "manifest injustice" based on nothing more than their own failings. Because no Court has ever granted leave to file an amended declaration after the motion to which the declaration pertains has already been decided (and objected to), it cannot be a "clear error" or manifestly unjust for the Special Master to decline to be the first.[2]

### D. The Court Always Has Authority to Remand for Additional Findings

Though FirstEnergy's objection to the Compulsion Order divested the Special Master of jurisdiction over the Order, the Court certainly has authority to remand the matter to Special Master for additional bases supporting the relief the Compulsion Order grants, including the following:

- FirstEnergy failed to carry its burden to overcome evidence that it would have undertaken similar investigations for the business purposes of rooting out culpable employees, getting its outside auditor's approval for mandatory SEC filings, and preserving access to capital. *See, e.g.*, Movants' Compel Reply, ECF 529 at PageID 11436-42.

- FirstEnergy waived any possible protections with unprecedented levels of disclosures and affirmative uses of the investigating attorneys' opinions and impressions, including whether laws were violated; whether someone conspired with someone else and if so, with whom; whether interviewees were candid; whether certain interviewees had reasonably ensured information was produced in connection with the internal investigation; whether employees had failed to act when confronting misconduct; whether employees had participated in the use of company devices and systems for inappropriate messaging; what certain FirstEnergy employees and directors knew or didn't know; what was discovered during the internal investigation and the Board's response; and whether there is evidence of someone's knowledge. *See, e.g.*, Movants' Compel Supp. Mem., ECF 549 at PageID 11825-27.

- Facts are never privileged, irrespective of who conveys them and how. *See, e.g.*, Movants' Compel Supp. Mem., ECF 549 at PageID 11828-29.

---

[2] "[T]o establish manifest injustice a moving party must 'show that there exist[s] a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.'" *Gibson v. Yaw*, 2023 WL 2837200, at *3 (S.D. Ohio Apr. 7, 2023), *report and recommendation adopted*, 2023 WL 3652386 (S.D. Ohio May 25, 2023) (denying motion for reconsideration due to lack of new law, new evidence, or manifest injustice).

- O'Neil's so-called declaration is deficient because he lacks personal knowledge as to a number of assertions, including what FirstEnergy would or would not have done under a myriad of hypothetical scenarios because it is based on a faulty premise and he lacks personal knowledge.  *See supra* §III.C.2.

Movants would also welcome the opportunity to depose O'Neil.  But, like the reasons FirstEnergy provides, these reasons do not confer jurisdiction or justify reconsideration.

DATED:  December 19, 2023

Respectfully submitted,

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY, Trial Attorney (0063373)


s/ Joseph F. Murray
JOSEPH F. MURRAY

1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
JASON A. FORGE (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com
jforge@rgrdlaw.com

Class Counsel