# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) | No. 2:20-cv-03785-ALM-KAJ |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) | |
| ALL ACTIONS | ) ) ) ) | Judge Algenon L. Marbley<br>Magistrate Judge Kimberly A. Jolson<br>Special Master Shawn K. Judge |
| MFS Series Trust I, et al., | ) ) | Case No. 2:21-cv-05839-ALM-KAJ |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| FirstEnergy Corp., et al., | ) ) | |
| Defendants. | ) ) | |
| Brighthouse Funds Trust II – MFS Value Portfolio, et al., | ) ) ) | Case No. 2:22-cv-00865-ALM-KAJ |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| FirstEnergy Corp., et al., | ) ) | |
| Defendants. | ) ) | |

**REPLY IN SUPPORT OF FIRSTENERGY'S
MOTION FOR RECONSIDERATION OF THE
SPECIAL MASTER'S NOVEMBER 29 AND 30, 2023 ORDERS**

**[REDACTED]**

**TABLE OF CONTENTS**

*Page*

**PRELIMINARY STATEMENT** ..................................................................................................1

**ARGUMENT** .................................................................................................................................3

I. **PLAINTIFFS IGNORE THE SPECIAL MASTER'S ACKNOWLEDGEMENT THAT MOTIONS FOR RECONSIDERATION ARE PERMITTED** ..................................................................................................3

II. **THE SPECIAL MASTER HAS JURISDICTION TO CONSIDER THE RECONSIDERATION MOTION** ..................................................................5

III. **FIRSTENERGY'S REQUEST TO AMEND THE DECLARATION WAS TIMELY AND WOULD NOT PREJUDICE ANY PARTY** .........................................7

IV. **PLAINTIFFS' NEW THEORY ABOUT MR. O'NEIL'S PERSONAL KNOWLEDGE IS WAIVED AND BASELESS** ......................................................... 9

**CONCLUSION** ..............................................................................................................................11

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Allstate Ins. Co.* v. *Orthopedic, P.C.*,
 2019 WL 13195622 (E.D. Mich. Jan. 29, 2019)..........................................................................9

*Allstate Ins. Co.* v. *Tox Testing, Inc.*,
 2020 WL 13443548 (E.D. Mich. Sept. 24, 2020)........................................................................9

*Benevis, LLC* v. *Mauze & Bagby, PLLC*,
 2015 WL 12763537 (S.D. Tex. Dec. 14, 2015)...........................................................................6

*Bright* v. *Westmoreland Cnty.*,
 380 F.3d 729 (3d Cir. 2004).....................................................................................................11

*Cameron* v. *Ocwen Loan Servicing LLC*,
 2020 WL 467686 (S.D. Ohio Jan. 29, 2020) .............................................................................4

*Canter* v. *Alkermes Blue Care Elect Preferred Provider Plan*,
 593 F. Supp. 3d 737 (S.D. Ohio 2022) ......................................................................................9

*Carrizo (Utica) LLC* v. *City of Girard, Ohio*,
 661 F. App'x 364 (6th Cir. 2016) ..............................................................................................9

*Cockroft* v. *Starkey*,
 2023 WL 3570616 (S.D. Ohio May 19, 2023) ..........................................................................6

*Doe* v. *Franklin County Children's Services*,
 2020 WL 5642159 (S.D. Ohio Sept. 22, 2020) .........................................................................6

*In re EMC Corp., Decho Corp.*,
 2015 WL 13898115 (Fed. Cir. Oct. 22, 2015)...........................................................................4

*Fox* v. *Brown Mem'l Home, Inc.*,
 2010 WL 4983153 (S.D. Ohio Dec. 2, 2010) ............................................................................9

*Fritz* v. *Weikum*,
 2023 WL 2246619 (6th Cir. Feb. 24, 2023) ..............................................................................5

*Griggs* v. *Provident Consumer Disc. Co.*,
 459 U.S. 56 (1982).....................................................................................................................5

*Lifestyle Cmtys., Ltd.* v. *City of Worthington, Ohio*,
 2023 WL 5162656 (S.D. Ohio Aug. 11, 2023)..........................................................................4

*Lindley* v. *Life Inv'rs Ins. Co. of Am.*,
   2010 WL 1542568 (N.D. Okla. Apr. 15, 2010) .................................................................6

*Markowicz* v. *Nielsen*,
   316 F. Supp. 3d 178 (D.D.C. 2018) ..............................................................................3, 10

*McBride* v. *Performance Food Grp.*,
   2023 WL 1778261 (E.D. Mich. Feb. 6, 2023) .................................................................9

*Miami Valley Paper, LLC* v. *Lebbing Eng'g & Consulting GMBH*,
   2010 WL 11538130 (S.D. Ohio May 25, 2010) ..............................................................5

*Nechovski* v. *United States*,
   2014 WL 12799796 (S.D. Ohio June 3, 2014) ................................................................6

*NML Cap., Ltd.* v. *Republic of Argentina*,
   2015 WL 3489684 (D. Nev. June 3, 2015) .....................................................................6

*Ogle* v. *Hocker*,
   430 F. App'x 373 (6th Cir. 2011) ....................................................................................5

*Okeayainneh* v. *U.S. Dep't of Just.*,
   2022 WL 1694505 (D.C. Cir. May 25, 2022) ..............................................................2, 8

*Progressive Cas. Ins. Co.* v. *F.D.I.C.*,
   80 F. Supp. 3d 923 (N.D. Iowa 2015) ............................................................................11

*Rodriguez* v. *Tennessee Laborers Health & Welfare Fund*,
   89 F. App'x 949 (6th Cir. 2004) ......................................................................................4

*Rogers* v. *Henry Ford Health Sys.*,
   897 F.3d 763 (6th Cir. 2018) ................................................................................7, 8, 10

*Summa* v. *Hofstra Univ.*,
   715 F. Supp. 2d 378 (E.D.N.Y. 2010) .............................................................................6

*Swanson* v. *Abbott Lab'ys*,
   2017 WL 5903362 (S.D. Ohio Nov. 28, 2017) ............................................................1, 9

*Thornton* v. *City of Columbus*,
   171 F. Supp. 3d 702 (S.D. Ohio 2016) ............................................................................9

*United States* v. *Salerno*,
   868 F.2d 524 (2d Cir. 1989) .........................................................................................2, 5

*Valley Force Ins. Co.* v. *Fisher Klosterman, Inc.*,
   2016 WL 8201164 (S.D. Ohio Mar. 30, 2016) ..............................................................10

*Wiley* v. *United States*,
    20 F.3d 222 (6th Cir. 1994) ..................................................................................................10

**Statutes**

28 U.S.C. § 1746..................................................................................................................1, 10

Federal Rule of Evidence 104(a) ........................................................................................1, 10

Federal Rule of Civil Procedure 53 .........................................................................................6

Federal Rule of Civil Procedure 54 .........................................................................................4

## PRELIMINARY STATEMENT

In their Opposition (ECF No. 605 ("Opp.")), Plaintiffs confirm that the Special Master should reconsider his November 29 and 30, 2023 Orders (ECF Nos. 571 ("Nov. 29 Order"), 575 ("Nov. 30 Order")). Tellingly, the other movants, including Messrs. Jones and Dowling, and the *MFS* and *Brighthouse* plaintiffs, did not file any opposition at all. And Plaintiffs' Opposition does not contest any of the dispositive points supporting reconsideration of both Orders. Specifically, Plaintiffs offer no response to the following:

- The statute governing declarations, 28 U.S.C. § 1746, requires substantial, not strict, compliance and, under applicable authority, the O'Neil Declaration (ECF No. 511-1) satisfies this standard.

- The O'Neil Declaration should not have been excluded because, under Federal Rule of Evidence 104(a), whether "evidence is admissible" is irrelevant to privilege determinations.

- Granting FirstEnergy leave to amend the O'Neil Declaration would not prejudice any party and serves the interests of justice by allowing the important question of whether Plaintiffs can discover privileged information and work product from FirstEnergy's internal investigations to be decided on the merits and the full record, and not based on a "nuanced technicality" in that declaration (Nov. 29 Order at PageID 12375).

- The Special Master's November 29 Order did not address, much less find wanting, the substantial record evidence, in addition to the O'Neil Declaration, establishing that Jones Day's and Squire's internal investigations were conducted in response to the extraordinary legal risks faced by the Company following the unsealing of the Householder criminal complaint, including government investigations and civil litigations.

Beyond the arguments that movants "waived" by failing to "raise . . . in opposition," *Swanson* v. *Abbott Lab'ys*, 2017 WL 5903362, at *3 n.2 (S.D. Ohio Nov. 28, 2017) (Sargus, C.J.), Plaintiffs' responses are off-point and legally and factually wrong.

*First*, the Special Master previously rejected Plaintiffs' claim that reconsideration

motions are prohibited. (Opp. at PageID 13130.) The Special Master stated at the November 16 status conference that reconsideration motions would be entertained and reiterated at the December 21 conference that his decisions were "subject to any time being revisited." (Dec. 21 Conf. Tr., ECF No. 610 at PAGEID 13311–12.) Plaintiffs agreed that, if the Special Master "missed something," reconsideration would be appropriate. (*Id*. at PageID 13297–98.)

*Second*, Plaintiffs' theory that FirstEnergy's objections to the November 29 and 30 Orders "divest[ed] the Special Master of jurisdiction" is incorrect. (Opp. at PageID 13131–32.) Divestiture can occur only if an action is pending "before two courts at the same time." *United States* v. *Salerno*, 868 F.2d 524, 540 (2d Cir. 1989). This doctrine does not apply here where, under the appointment order (ECF No. 541), the Special Master acts only *within* the District Court's jurisdiction.

*Third*, Plaintiffs are wrong in claiming that declarations cannot be amended "after the motions to which they pertain have been decided[.]" (Opp. at PageID 13134.) *See*, *e.g.*, *Okeayainneh* v. *DOJ*, 2022 WL 1694505, at *1 (D.C. Cir. May 25, 2022) (granting leave to amend declaration *after* motion decided). In accusing FirstEnergy of having "waited" too long to amend (Opp. at PageID 13136), Plaintiffs point to no case where a party sought amendment of an alleged technical deficiency in a declaration within twenty-four hours of it being first raised, as FirstEnergy did here after the Special Master—not Plaintiffs—identified it. Indeed, the Special Master did not identify the issue during oral argument on the motion to compel, but only in his November 29 Order, and FirstEnergy requested to amend the O'Neil Declaration the next morning.

*Finally*, Plaintiffs never raised (and thus waived) their new theory that Mr. O'Neil "plainly lacks personal knowledge" of the matters in his declaration. (Opp. at PageID 13135.) In any event, Mr. O'Neil was a FirstEnergy director and member of the Board committees

supervising the internal investigations and thus has personal knowledge of the Board's and the committees' decision-making processes. *See Markowicz* v. *Nielsen*, 316 F. Supp. 3d 178, 196–97 (D.D.C. 2018) (board member "has personal knowledge of the [b]oard's practices").

In short, Plaintiffs provide no basis to exclude the original or Amended O'Neil Declaration or to disregard the other evidence establishing that the Jones Day and Squire internal investigations were conducted to respond to government investigations and civil litigations. FirstEnergy respectfully submits that the Special Master should rule on the merits of the motion to compel based on the full record, and not based on an immaterial omission in Mr. O'Neil's original declaration.

**ARGUMENT**

**I.      Plaintiffs Ignore the Special Master's Acknowledgement that Motions for Reconsideration Are Permitted.**

In claiming that reconsideration motions are barred because the appointment order does not expressly permit them (Opp. at PageID 13130–31), Plaintiffs ignore that, at the November 16, 2023 status conference, the Special Master expressly stated that parties could file reconsideration motions. The Special Master reaffirmed this position at the December 21, 2023 status conference, stating that his orders were "subject to any time being revisited" and that parties can seek reconsideration if he "made a mistake." (Dec. 21 Conf. Tr., ECF No. 610 at PageID 13311–12.) At the same conference, Plaintiffs agreed that parties can seek reconsideration if the Special Master "missed something." (*Id*. at PageID 13297–98.)

As to this motion, the Special Master commented that it was "completely logical and sensible" that FirstEnergy moved for reconsideration. (*Id*. at PageID 13319.) FirstEnergy's arguments—that the Special Master erred in excluding the O'Neil Declaration, applied the incorrect legal standard in denying FirstEnergy leave to amend the O'Neil Declaration, and

-3-

overlooked substantial additional evidence besides the O'Neil Declaration—are textbook reasons to grant reconsideration. *See, e.g.*, *Lifestyle Cmtys., Ltd.* v. *City of Worthington, Ohio*, 2023 WL 5162656, at *2 (S.D. Ohio Aug. 11, 2023) ("reconsider[ing] . . . claim under the correct legal standard"); *Cameron* v. *Ocwen Loan Servicing LLC*, 2020 WL 467686, at *1 (S.D. Ohio Jan. 29, 2020) (reconsideration granted where court overlooked "aspects of . . . the record").[1]

Plaintiffs also claim that FirstEnergy has identified evidence "the Special Master [already] considered" (Opp. at PageID 13136–37), but the Special Master did not address any of that specific evidence, which was voluminous, in his 19-page November 29 Order, as reflected by his conclusion that "without the [O'Neil Declaration], FirstEnergy is speculating about the why behind its actions[.]"[2] (Nov. 29 Order at PageID 12377.) At the December 21, 2023 conference, after FirstEnergy moved for reconsideration, the Special Master stated that he had considered the "other evidence" submitted by FirstEnergy and "found it want[ing]." (Dec. 21 Conf. Tr., ECF No. 610 at 13318–19.) The Special Master did not explain how the evidence was "wanting," except that he found "too much of an inferential gap" between what he was "ask[ed] . . . to conclude and what those pieces of evidence represented[.]" (*Id.*) In fact, the evidence submitted by **both** parties

---

[1] The Sixth Circuit has expressly rejected Plaintiffs' related argument that "[m]otions for reconsideration of non-dispositive orders are not authorized under the Federal Rules of Civil Procedure." (Opp. at PageID 13129.) Courts "have authority both under common law and Rule 54(b) to reconsider interlocutory orders[.]" *Rodriguez* v. *Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision . . . may be revised at any time" prior to final judgment).

[2] *See In re EMC Corp., Decho Corp.*, 2015 WL 13898115, at *4 (Fed. Cir. Oct. 22, 2015) (granting mandamus and vacating order granting motion to compel "[b]ecause the district court did not explain its reasons for the ruling," leaving the court of appeals "to speculate as to whether the . . . evidence supported the required factual findings").

directly shows (without drawing an inference) that FirstEnergy's Board was "directing an internal investigation related to ongoing government investigations."[3]

The additional evidence, standing alone, compels the conclusion that FirstEnergy and its Board initiated the Jones Day and Squire internal investigations to seek legal advice and respond to an onslaught of enforcement proceedings and litigation.[4] In granting reconsideration, the Special Master will have the opportunity to consider this evidence and address the merits of the motion to compel.[5]

**II.     The Special Master Has Jurisdiction to Consider the Reconsideration Motion.**

Plaintiffs are wrong in arguing that "FirstEnergy's objection divests the Special Master of jurisdiction to consider its motion for reconsideration[.]" (Opp. at PageID 13131–32.) "[D]ivestiture of jurisdiction . . . is a judge made rule . . . to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *Salerno*, 868 F.2d at 540; *see Griggs* v. *Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case

---

[3]     July 26, 2023 Williams Decl., Ex. 5 (Nov. 19, 2020 Form 10-K/A), ECF No. 511-2 at PageID 10971, 10973–74; *see also* June 30, 2023 Forge Decl., Ex. 1, ECF No. 489-3 at PageID 10507 (submitted *in camera*)

[4]     *See Miami Valley Paper, LLC* v. *Lebbing Eng'g & Consulting GMBH*, 2010 WL 11538130, at *2 (S.D. Ohio May 25, 2010) (granting motion for reconsideration where court "overlooked" "evidence in the trial record" resulting in a "manifest error of fact and law"); *see also Ogle* v. *Hocker*, 430 F. App'x 373, 375 (6th Cir. 2011) (reversing order because "the district court overlooked much of the . . . evidence"); *Fritz* v. *Weikum*, 2023 WL 2246619, at *2 (6th Cir. Feb. 24, 2023) (similar).

[5]     Plaintiffs also wrongly claim that FirstEnergy's motion for reconsideration "cites many of the same cases it has cited before." (Opp. at PageID 13136.) But Plaintiffs point only to FirstEnergy's briefing of its motion to stay the November 29 Order, and simply ignore that FirstEnergy's reconsideration motion did not repeat cases from the underlying motion to compel briefing regarding the sufficiency of the O'Neil Declaration because the Special Master's November 29 Order was the first time that the purported deficiency was raised.

simultaneously."). But there is only one court's jurisdiction implicated here—the Special Master was appointed under Rule 53(a)(1)(C) to "'address pretrial and post-trial matters'" that could not be "'effectively and timely addressed by' . . . the [District] Court," and so he operates solely *within* that Court's jurisdiction. (ECF No. 541 at PageID 11684.)

Plaintiffs principally rely on inapposite cases in which a party filed a notice of appeal of a district court's order to a court of appeals, divesting the district court of jurisdiction. (Opp. at PageID 13131–32, citing *Doe* v. *Franklin County Children's Servs.*, 2020 WL 5642159 (S.D. Ohio Sept. 22, 2020) (Marbley, C.J.) (notice of appeal filed in child custody case); *Cockroft* v. *Starkey*, 2023 WL 3570616, at *1 (S.D. Ohio May 19, 2023) (notice of appeal filed in pro se action); *Nechovski* v. *United States*, 2014 WL 12799796, at *1 (S.D. Ohio June 3, 2014) (habeas petitioner filed notice of appeal).) Here, no appeal has been filed in a separate court.

Plaintiffs identify one out-of-circuit case, *NML Cap., Ltd.* v. *Republic of Argentina*, 2015 WL 3489684, at *2 (D. Nev. June 3, 2015), as support for their broad contention that objections to a magistrate judge's order "generally divest[] the [magistrate judge] of jurisdiction over the matters [objected to]." (Opp. at PageID 13129.) But in fact, the magistrate judge in *NML* recognized that there was no such rule, 2015 WL 3489684, at *2, and other courts have found "when a party files both a motion for reconsideration and Rule 72(a) objections, a magistrate judge holds jurisdiction to reconsider his non-dispositive order." *Benevis, LLC* v. *Mauze & Bagby, PLLC*, 2015 WL 12763537, at *2 (S.D. Tex. Dec. 14, 2015).[6]

Moreover, if Plaintiffs were correct, then the Special Master would have been deprived of jurisdiction for all of his rulings after FirstEnergy filed its Notice of Objections on

---

[6] Citing *Indianapolis Airport Auth.* v. *Travelers Prop. Cas. Co. of Am.*, No. 1:13–CV–1316–JMS–TAB (S.D. Ind. May 19, 2015), ECF No. 165; *Summa* v. *Hofstra Univ.*, 715 F. Supp. 2d 378, 382–84 (E.D.N.Y. 2010); *Lindley* v. *Life Inv'rs Ins. Co. of Am.*, 2010 WL 1542568, at *1 (N.D. Okla. Apr. 15, 2010).

November 29, including his (i) November 30 denial of FirstEnergy's motion to stay the November 29 Order, and (ii) November 30 denial of FirstEnergy's "oral motion" to amend the O'Neil Declaration. (*See* Nov. 30 Order at PageID 12422–23.) Tellingly, Plaintiffs have never argued that the Special Master acted *ultra vires* in issuing these decisions.

**III.  FirstEnergy's Request to Amend the Declaration Was Timely and Would Not Prejudice Any Party.**

Even though FirstEnergy sought to amend the O'Neil Declaration less than 24 hours after the absence of the phrase "true and correct" was first raised by the Special Master, Plaintiffs claim that FirstEnergy should have acted sooner. (Opp. at PageID 13132–34.) In doing so, Plaintiffs misconstrue the facts and law and do not even attempt to articulate any prejudice they would suffer from amendment.

*First*, Plaintiffs contend that FirstEnergy's request for leave to amend was not "timely." (*Id.*) Plaintiffs ignore that they never raised any objection to the O'Neil Declaration's form (thereby waiving the issue). *See Rogers* v. *Henry Ford Health Sys.*, 897 F.3d 763, 767 n.1 (6th Cir. 2018) (by "not mov[ing] the district court to strike" the declaration, "any objection to the declaration was waived, and we may consider [it] for purposes of this appeal"). The Special Master first raised this technicality *sua sponte* in the November 29 Order, without providing FirstEnergy an opportunity to be heard or to cure. As the omission of the phrase "true and correct" was inadvertent, FirstEnergy could not have acted more promptly.

*Second*, Plaintiffs wrongly fault FirstEnergy for not formally filing a motion to amend the O'Neil Declaration when moving on November 30 to stay the November 29 Order. (Opp. at PageID 13133.) Plaintiffs ignore that FirstEnergy's stay motion—which was briefed "overnight" following the November 29 Order (Nov. 30 Conf. Tr., ECF No. 587 at PageID 12903)—specifically stated that FirstEnergy intended to "file a revised version of the O'Neil

-7-

Declaration."[7]  (Mot. to Stay Nov. 29 Order, ECF No. 574 at PageID 12402–03.)  When FirstEnergy reiterated to the Special Master at the conference its intent to amend the O'Neil Declaration and why leave to amend should be granted under applicable law, the Special Master construed FirstEnergy as making an "oral motion" for leave to amend, which he denied.  (Nov. 30 Conf. Tr., ECF No. 587 at PageID 12909.)  The Special Master recognized that FirstEnergy sought to amend the O'Neil Declaration less than a day after the Special Master's November 29 ruling, so FirstEnergy should not be faulted for not then filing a duplicative written motion seeking the same relief that had already been denied.[8]

*Third*, Plaintiffs are wrong that there are no cases "in which a Court granted leave to file an amended declaration after the motion to which the declaration pertained had already been decided."  (Opp. at PageID 13134 (emphasis omitted).)  In *Okeayainneh* v. *DOJ*, for example, the D.C. Circuit granted a motion to "add[] a penalty-of-perjury statement" to a declaration, after the district court had already decided the underlying motion to which the declaration related, expressly finding the revision to be "in the interests of justice."  2022 WL 1694505, at *1.  In fact, the Sixth Circuit has considered a declaration on appeal after the district court rejected that declaration and decided the underlying summary judgment motion, where, as here, the opposing party waived "any objection to the declaration."  *Rogers*, 897 F.3d at 767 n.1.

---

[7] Plaintiffs incorrectly assert that FirstEnergy's stay brief was filed "a few hours" before the November 30 conference that Movants requested to discuss the impact of the November 29 Order on depositions.  (Opp. at PageID 13133.)  In fact, the notice of motion was filed as the conference began at 11:00 a.m., the brief was filed at 11:30 a.m. (*see* Notice of Mot. to Stay Nov. 29 Order, ECF No. 573; Mot. to Stay Nov. 29 Order, ECF No. 574), and the motion was denied during the same conference, approximately an hour later.

[8] This sequence of events also contrasts starkly with the facts of cases cited by the Special Master in the November 29 Order, where the proponents of allegedly deficient declarations were put on notice of the deficiencies, had ample opportunity to amend, but failed to do so.  (*See* Mot. for Reconsideration, ECF No. 592-1 at PageID 12978–79 and cases cited therein.)

*Finally*, Plaintiffs provide no support for the "good cause" standard applied by the Special Master in rejecting the amendment of the O'Neil Declaration. Plaintiffs cite no case applying that standard when considering a request to amend a technical omission in a declaration, but instead rely on cases using the term "good cause" in wholly unrelated and irrelevant contexts.[9] In the end, Plaintiffs do not dispute that the standard for leave to amend a technical omission in a declaration is whether amendment would "prejudice" the opposing parties and "serve[] the interest of justice." *See Fox* v. *Brown Mem'l Home, Inc.*, 2010 WL 4983153, at *2 (S.D. Ohio Dec. 2, 2010); (*see* Mot., ECF No. 592-1 at PageID 12973–76 and cases cited therein). Critically, Plaintiffs provide no explanation of how the amended declaration, which would not change any of Mr. O'Neil's factual statements, would prejudice them or how it would not serve the interests of justice by permitting a decision on the merits of important privilege issues.

### IV. Plaintiffs' New Theory About Mr. O'Neil's Personal Knowledge Is Waived and Baseless.

Rather than address the merits of FirstEnergy's reconsideration motion, Plaintiffs assert a new theory about Mr. O'Neil's declaration that they never raised in briefing the motion to compel. Specifically, Plaintiffs did not contest—and thus waived[10]—FirstEnergy's points that

---

[9] *See Carrizo (Utica) LLC* v. *City of Girard, Ohio*, 661 F. App'x 364, 367 (6th Cir. 2016) (applying "good cause" standard for leave to amend complaint after deadline); *Canter* v. *Alkermes Blue Care Elect Preferred Provider Plan*, 593 F. Supp. 3d 737, 745 (S.D. Ohio 2022) (citing local rule requiring good cause to file brief not otherwise permitted by rules); *Allstate Ins. Co.* v. *Orthopedic, P.C.*, 2019 WL 13195622, at *2 (E.D. Mich. Jan. 29, 2019) (same); *Allstate Ins. Co.* v. *Tox Testing, Inc.*, 2020 WL 13443548, at *2 (E.D. Mich. Sept. 24, 2020) (court order required parties to "demonstrate good cause to file a new motion").

[10] *See, e.g.*, *McBride* v. *Performance Food Grp.*, 2023 WL 1778261, at *4 (E.D. Mich. Feb. 6, 2023); (by failing to "offer[] a counter argument" "[a]ny potential counter-argument by Plaintiff is waived"); *Swanson*, 2017 WL 5903362, at *3 n.2 ("Plaintiffs did not raise any argument in opposition . . . and have thus waived their claim."); *Thornton* v. *City of Columbus*, 171 F. Supp. 3d 702, 705 (S.D. Ohio 2016) (Marbley, J.) ("In response to the City's Motion to Dismiss, Plaintiffs provide no argument concerning their state law claims" and thus "waived any arguments").

(i) Section 1746 requires substantial, not strict, compliance; (ii) courts, including the only Circuit Court, squarely considering the same "omission" as in the O'Neil Declaration have held that the declaration substantially complies with Section 1746; (iii) declaring statements under penalty of perjury means declarants understand they have a legal obligation to provide statements that are true; and (iv) because the motion concerned a privilege determination where Federal Rule of Evidence 104(a) applies, the O'Neil Declaration should not have been excluded irrespective of any alleged technical defects.

Plaintiffs indisputably waived their new theory that Mr. O'Neil lacked sufficient personal knowledge to make the statements in his declaration. (Opp. at PageID 13135–36.) Plaintiffs never raised it in their motion to compel briefing or at argument, and affirmatively relied on the O'Neil Declaration in their reply. (*See* Plaintiffs' Reply Br., ECF No, 529 at PageID 11438–39.) *See Rogers*, 897 F.3d at 767 n.1; *Wiley* v. *United States*, 20 F.3d 222, 226 (6th Cir. 1994) ("If a party fails to object" to "affidavits or evidentiary materials submitted by the other party," any objections are "waived").

In any event, Plaintiffs' new theory fails because a declaration cannot be excluded for lack of personal knowledge "unless no reasonable juror could believe that the witness had the ability and opportunity to perceive the event that he testifies about." *Valley Force Ins. Co.* v. *Fisher Klosterman, Inc.*, 2016 WL 8201164, at *2 (S.D. Ohio Mar. 30, 2016). As a member of FirstEnergy's Board of Directors and of the independent committees that oversaw the internal investigations,[11] Mr. O'Neil plainly had personal knowledge of the statements in his declaration. *See Nielsen*, 316 F. Supp. 3d at 196–97 (as "a member of the Advisory Board" the declarant "ha[d]

---

[11] *See* O'Neil Decl., ECF No. 511-1 at PageID 10938, 10940–43; Am. O'Neil Decl., ECF No. 592-3 at PageID 12994, 12996–99.

-10-

personal knowledge of the Board's practices"); *Progressive Cas. Ins. Co.* v. *F.D.I.C.*, 80 F. Supp. 3d 923, 936 (N.D. Iowa 2015) (director's "involvement in the decision-making process and the pertinent meetings would lead a reasonable trier of fact to believe that Ms. Curry had personal knowledge" of "the matters to which she avers").[12]

## CONCLUSION

FirstEnergy respectfully requests that the Special Master reconsider the November 29 and November 30 Orders, accept the Amended O'Neil Declaration, and issue a ruling on Movants' motion to compel based on the merits and the full record.

Dated: January 2, 2024

Respectfully,

*/s/ Thomas D. Warren*
Thomas D. Warren, Trial Attorney (0077541)
WARREN TERZIAN LLP
30799 Pinetree Road, Suite 345
Pepper Pike, Ohio 44124
Telephone: (213) 410-2620
tom.warren@warrenterzian.com

Robert J. Giuffra, Jr. (*pro hac vice*)
Sharon L. Nelles (*pro hac vice*)
David M.J. Rein (*pro hac vice*)
Beth D. Newton (*pro hac vice*)
Nicholas F. Menillo (*pro hac vice*)
Hilary M. Williams (*pro hac vice*)

---

[12] Plaintiffs conclude with a list of "additional bases" for granting Movants' motion to compel. (Opp. at PageID 13137–38.) Except for their waived theory that Mr. O'Neil lacks personal knowledge, Plaintiffs' list repeats Movants' arguments in their motion to compel. For the reasons explained in FirstEnergy's opposition, supplemental brief, and pending objections (*see* Opp. to Motion to Compel, ECF No. 510; Supp. Br., ECF No. 550; Objection to Nov. 29 and Nov. 30 Orders, ECF No. 607-1), those arguments fail. Plaintiffs have also submitted a "proposed order" (ECF No. 605-1) consisting of an 11-page opinion regurgitating their opposition brief. Through that vehicle, they improperly attempt to dictate the Court's reasoning and usurp its function. Plaintiffs' "proposed order" should be disregarded as improper. *See Bright* v. *Westmoreland Cnty.*, 380 F.3d 729, 732 (3d Cir. 2004) ("Judicial opinions are the core work-product of judges . . . . When a court adopts a party's proposed opinion as its own, the court vitiates the vital purposes served by judicial opinions."); *see also* FirstEnergy's forthcoming Reply Brief in Support of Motion to Stay Proceedings Pending Interlocutory Appeal at Part IV (to be filed January 2, 2024).

Tasha N. Thompson (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000

Kamil R. Shields (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C.  20006
Telephone:  (202) 956-7040

*Counsel for Defendant FirstEnergy Corp.*

## DECLARATION OF SERVICE

I certify that the foregoing was filed electronically on January 2, 2024. Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>*/s/ Thomas D. Warren*
>Thomas D. Warren (0077541)
>
>*Counsel for Defendant FirstEnergy Corp.*