**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) | No. 2:20-cv-03785-ALM-KAJ |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) | |
| ALL ACTIONS | ) ) ) ) | Judge Algenon L. Marbley Magistrate Judge Kimberly A. Jolson Special Master Shawn K. Judge |
| MFS Series Trust I, et al., | ) ) | Case No. 2:21-cv-05839-ALM-KAJ |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| FirstEnergy Corp., et al., | ) ) | |
| Defendants. | ) ) ) | |
| Brighthouse Funds Trust II – MFS Value Portfolio, et al., | ) ) ) | Case No. 2:22-cv-00865-ALM-KAJ |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| FirstEnergy Corp., et al., | ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY**
**PROCEEDINGS PENDING INTERLOCUTORY APPEAL**

# TABLE OF CONTENTS

*Page*

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ..........................................................................................................................4

I.     **COURTS REGULARLY STAY CASES PENDING RULE 23(F) APPEALS, INCLUDING IN SECURITIES CASES.**.....................................................................4

II.    **ALL FACTORS WEIGH IN FAVOR OF A STAY.** ...................................................7

       A.     Because Defendants' Pending Appeal Raises Serious Questions of Law, It Satisfies the Likelihood-of-Success Standard............................................................7

       B.     The Balance of Harms Strongly Favors a Stay Because the Sixth Circuit's Ruling Will Likely Change the Contours of this Action. ....................................................9

       C.     The Public Interest Favors a Stay. ..........................................................................14

III.   **THE OPT-OUT ACTIONS SHOULD BE STAYED TO AVOID WASTEFUL AND DUPLICATIVE PROCEEDINGS.** ...............................................14

IV.   **THE COURT SHOULD REJECT PLAINTIFFS' ATTEMPT TO USURP THE SPECIAL MASTER'S JUDICIAL ROLE.** .......................................................16

CONCLUSION .......................................................................................................................16

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Abercrombie & Fitch Co.* v. *ACE Eur. Grp. Ltd.*,
    2014 WL 4915269 (S.D. Ohio Sept. 30, 2014) ...........................................................1, 2, 6, 7

*Affiliated Ute*, *Citizens of Utah* v. *United States*,
    406 U.S. 128 (1972).................................................................................................... *passim*

*Basic Inc.* v. *Levinson*,
    485 U.S. 224 (1988)...................................................................................................2, 7, 12

*Beattie* v. *CenturyTel, Inc*,
    2006 WL 1722207 (E.D. Mich. June 20, 2006)................................................................6

*Bensinger* v. *Denbury Resources Inc.*,
    No. 13-337 (2d Cir. Oct. 7, 2013).....................................................................................4

*In re Big Lots, Inc., et al.*,
    No. 17-303 (6th Cir. Mar. 31, 2017)................................................................................12

*In re BP p.l.c. Sec. Litig.*,
    2013 WL 6388408 (S.D. Tex. Dec. 6, 2013).....................................................................8

*Bright* v. *Westmoreland Cnty.*,
    380 F.3d 729 (3d Cir. 2004)............................................................................................16

*Brown* v. *Wal-Mart Stores, Inc.*,
    2012 WL 5818300 (N.D. Cal. Nov. 15, 2012) ..................................................................4

*Burges* v. *Bancorpsouth, Inc.*,
    No. 3:14-cv-01564 (M.D. Tenn. Mar. 28, 2017) ..............................................................4

*Chao* v. *Fleming*,
    498 F. Supp. 2d 1034 (W.D. Mich. 2007) .......................................................................13

*Chavez* v. *IBP Inc.*,
    2002 WL 32145647 (E.D. Wash. Dec. 23, 2002)..............................................................4

*Coal. to Defend Affirmative Action* v. *Granholm*,
    473 F.3d 237 (6th Cir. 2006) ..........................................................................................14

*Comcast Corp.* v. *Behrend*,
    569 U.S. 27 (2013)..................................................................................................... *passim*

*Compound Prop. Mgmt. LLC* v. *Build Realty, Inc.*,
    2023 WL 3004148 (S.D. Ohio Apr. 18, 2023) ..................................................................5

*Cosby* v. *KPMG, LLP*,
    2021 WL 2668803 (E.D. Tenn. June 29, 2021) .........................................................5

*Custom Hair Designs by Sandy, LLC* v. *Cent. Payment Co., LLC*,
    2020 WL 5250492 (D. Neb. Sept. 3, 2020) ............................................................4

*Daniels* v. *City of New York*,
    138 F. Supp. 2d 562 (S.D.N.Y. 2001) ....................................................................5

*Daniels* v. *City of New York*,
    13 F. App'x 20 (2d Cir. 2001) ................................................................................5

*Earl* v. *Boeing Co.*,
    21 F.4th 895 (5th Cir. 2021) ...................................................................................4

*In re FirstEnergy Corp. Sec. Litig.*,
    No. 23-0303 (6th Cir. 2023) ...................................................................................1

*Franze* v. *The Equitable Life*,
    No. 1:94-cv-02036 (S.D. Fla. Nov. 30, 2001) ........................................................4

*Fort Worth Emps.' Ret. Fund* v. *J.P. Morgan Chase & Co.*,
    301 F.R.D. 116 (S.D.N.Y. 2014) ............................................................................9

*Grae* v. *Corr. Corp. of Am.*,
    2019 WL 1746492 (M.D. Tenn. Apr. 18, 2019) ......................................................4

*IBEW Loc. 98 Pension Fund* v. *Best Buy Co.*,
    No. 11-cv-00429 (D. Minn. Oct. 22, 2014) ......................................................4, 15

*In re Infineon Techs. AG Sec. Litig.*,
    No. 5:04-cv-04156 (N.D. Cal. May 13, 2009) ........................................................6

*Int'l Bhd. of Elec. Workers, Loc. Union No. 020, AFL-CIO* v. *AT&T Network Sys.*,
    879 F.2d 864 (6th Cir. 1989) .................................................................................15

*Licona* v. *Tunnel Barrel & Drum Co.*,
    2023 WL 2644373 (D.N.J. Mar. 27, 2023) ............................................................13

*Loc. 295/Loc. 851 IBT Emp. Grp. Pension Tr. & Welfare Fund* v. *Fifth Third Bancorp.*,
    731 F. Supp. 2d 689 (S.D. Ohio 2010) ..................................................................10

*Lyngaas* v. *Curaden AG*,
    2019 WL 2635966 (E.D. Mich. June 27, 2019).......................................................5

*Nieberding* v. *Barrette Outdoor Living, Inc.*,
    2014 WL 5817323 (D. Kan. Nov. 10, 2014) ...........................................................4

*Nypl* v. *JP Morgan Chase & Co.*,
2022 WL 819771 (S.D.N.Y. Mar. 18, 2022) ..........................................................................8

*Ohio Environmental Council* v. *U.S. District Court*,
565 F.2d 3935 (6th Cir. 1977) ..............................................................................................6

*Owens* v. *FirstEnergy Corp.*,
No. 23-3940 (6th Cir. 2023 ) ...............................................................................................13

*Pena* v. *Taylor Farms Pac., Inc.*,
2015 WL 5103157 (E.D. Cal. Aug. 31, 2015)........................................................................4

*In re Petrobras Sec.*,
No. 16-1914 (2d Cir. Aug. 2, 2016).......................................................................................5

*In re Petrobras Securities Litigation*,
193 F. Supp. 3d 313 (S.D.N.Y. 2016)....................................................................................5

*In re Polyurethane Foam Antitrust Litig.*,
2014 WL 12591692 (N.D. Ohio May 16, 2014)......................................................................5

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
292 F. Supp. 3d 14 (D.D.C. 2017).........................................................................................9

*Red Barn Motors, Inc.* v. *Cox Auto., Inc.*,
2017 WL 11610289 (S.D. Ind. Aug. 11, 2017) ......................................................................4

*Romero* v. *Securus Techs., Inc.*,
383 F. Supp. 3d 1069 (S.D. Cal. 2019)..................................................................................4

*In re Signet Jewelers Ltd. Sec. Litig.*,
No. 1:16-cv-06728 (S.D.N.Y. Nov. 21, 2019).........................................................................6

*Stoba, et al.* v. *Saveology.Com, LLC, et al.*,
No. 13-cv-02925 (S.D. Cal. Dec. 16, 2016) ..........................................................................4

*Strougo* v. *Tivity Health, Inc.*,
2023 WL 4830593 (M.D. Tenn. July 27, 2023) ......................................................................5

*In re Symington*,
211 B.R. 520, 521-23 (Bankr. D. Md. 1997)...........................................................................5

*Teamsters Loc. 445 Freight Div. Pension Fund* v. *Bombardier Inc.*,
546 F.3d 196 (2d Cir. 2008)..................................................................................................7

*Tipton* v. *CSX Transp., Inc.*,
2017 WL 4583248 (E.D. Tenn. Oct. 13, 2017) ......................................................................5

*Tucker* v. *New York Police Dep't*,
　2010 WL 703189 (D.N.J. Feb. 23, 2010) ...............................................................13

*United States* v. *Ganier*,
　468 F.3d 920 (6th Cir. 2006) ...................................................................................7

*Univ. of Puerto Rico Ret. Sys., et al.* v. *Lannett Co.*,
　No. 21-3150 (3d Cir. Jan. 11, 2022) ...................................................................4, 6

*Ward* v. *Apple, Inc.*,
　784 F. App'x 539 (9th Cir. 2019) .............................................................................9

*Willis* v. *Big Lots*,
　2017 WL 11634939 ....................................................................................1, 2, 4, 12

*Zehentbauer Family Land, LP* v. *Chesapeake Exploration, L.L.C.*,
　935 F.3d 496 (6th Cir. 2019) ...................................................................................9

**Other Authorities**

Fed. R. Civ. P. 23 ............................................................................................ *passim*

## PRELIMINARY STATEMENT

As Plaintiffs recognize, Rule 23(f) petitions are granted only "[o]n the rare occasion." Opp. to Rule 23(f) Petition at 1, No. 23-0303 (6th Cir. 2023), ECF No. 27. Over the past 10 years, the Sixth Circuit has granted Rule 23(f) petitions in only three securities cases, not including this one. In **all** three cases, district courts in this Circuit granted stays pending Rule 23(f) appeals, including by Magistrate Judge Jolson in *Willis* v. *Big Lots*, 2017 WL 11634939. To try to evade a stay, Plaintiffs cite cases where a district court denied a stay **before** a Rule 23(f) petition was granted, or not even involving Rule 23(f) appeals at all. (*See* cases cited *infra* at 5-6.) Here, all relevant factors—the likelihood of success on appeal, the balance of harms between the parties, and the public interest—support a stay pending appeal.

Plaintiffs have no answer to the Sixth Circuit's order, in granting the petition, expressly stating that it had considered "whether the petitioner is likely to succeed on appeal," and "whether the case presents a novel or unsettled question of law." (ECF 559 (Ex. 10) at PageID 12215-16.) Nor do Plaintiffs dispute that Defendants' appeal raises "serious questions going to the merits," which is all that is needed to satisfy the likelihood-of-success requirement. *Abercrombie & Fitch, Co.* v. *ACE Eur. Grp. Ltd.*, 2014 WL 4915269, at *9 (S.D. Ohio Sept. 30, 2014).

Instead, Plaintiffs claim that Defendants have "conceded" that—even if they prevail in the Sixth Circuit—the scope of the certified class will not change. This is wrong. Plaintiffs have brought two different types of securities claims involving different classes:

1    Claims under the Securities Exchange Act of 1934 (the "Exchange Act"), which are the subject of Defendants' Rule 23(f) appeal, concern FirstEnergy's common stock, are fraud-based, cover a three-and-a-half-year class period, and comprise the vast majority of the alleged damages in this action.

2.      Claims under the Securities Act of 1933 (the "Securities Act"), which are not the subject of the Rule 23(f) appeal, concern certain FirstEnergy bonds issued in 2020, do not require proof of fraud (*e.g.*, Defendants' scienter and Plaintiffs' reliance are not at issue), encompass a class period of no more than six months, and comprise only a small fraction of the damages alleged in Plaintiffs' Exchange Act claims.

Defendants easily satisfy the "likelihood of success" factor because their pending Rule 23(f) appeal clearly raises "serious questions going to the merits." *Abercrombie*, 2014 WL 4915269, at *9. Here, if the Sixth Circuit rules—consistent with the seven circuit courts of appeal that have decided the question—that Plaintiffs cannot rely on the presumption of reliance on omissions set forth in *Affiliated Ute Citizens of Utah* v. *United States*, 406 U.S. 128 (1972), Plaintiffs would have to establish that *each* of Defendants' 46 challenged statements was false, material, and caused investor loss under the more stringent standard set forth in *Basic Inc.* v. *Levinson*, 485 U.S. 224 (1988). And if the Sixth Circuit rules that Plaintiffs failed to offer a methodology capable of measuring classwide damages for their Exchange Act claims under *Comcast Corp.* v. *Behrend*, 569 U.S. 27 (2013), that would require decertification of the Exchange Act class.

The second factor—the balance of harms—favors a stay because, as Magistrate Judge Jolson recognized in granting a stay pending Rule 23(f) review of class certification in another securities case raising a similar *Comcast* issue, the Sixth Circuit decision may substantially change "the contours of this case going forward." *Big Lots*, 2017 WL 11634939, at *4. If the Sixth Circuit decertifies Plaintiffs' Exchange Act class, leaving intact only the class for their substantially narrower Securities Act claims, all proceedings, including discovery, will change in almost every respect. For example, the relevant time period for the much shorter Securities Act class period of less than six months will render much discovery irrelevant, and there will be no need for discovery relevant to scienter and reliance. There will also be no need for party discovery

from defendants who are named as defendants only in the Exchange Act claims.  And if the Sixth Circuit agrees that *Affiliated Ute* does not apply, and Plaintiffs cannot prevail by proving only that Defendants "omitted" disclosure of the political corruption conduct, Plaintiffs will need to prove through merits discovery that each of Defendants' 46 challenged statements was material and caused investors' losses.

As to the third factor—the public interest—Plaintiffs say that the public has a right to "know the truth" about the underlying allegations.  (Plaintiffs' Opposition to Defendants' Motion To Stay, ECF 603 ("Opp.") at PageID 13086.)  But that interest has already been served through the many enforcement proceedings by federal and state agencies, including through FirstEnergy's public deferred prosecution agreement with the Department of Justice and the trial of Larry Householder, which included extensive public testimony.  In these private lawsuits, the public interest lies in the correct application of the law.

Finally, the opt-out actions should also be stayed.  The Sixth Circuit's *Affiliated Ute* ruling will affect the contours of the opt-out actions because those plaintiffs also rely on the *Affiliated Ute* presumption to satisfy their burden to prove reliance.  (Direct Action Plaintiffs' ("Opt-Out Plaintiffs") Opposition to Defendants' Motion To Stay, ECF 604 ("Opt-Out Opp.") at PageID 13116.)  In fact, the Opt-Out Plaintiffs admit that discovery in their actions and the class action largely overlaps (Opt-Out Opp. at PageID 13115), thereby recognizing that wasteful duplication would occur if the opt-out actions proceed while the class action is stayed.

**ARGUMENT**

I.    **COURTS REGULARLY STAY CASES PENDING RULE 23(F) APPEALS, INCLUDING IN SECURITIES CASES.**

        Where, as here, a Rule 23(f) petition is granted raising serious questions going to the contours of plaintiffs' claims, courts routinely stay discovery, including in securities cases.[1] Over the last decade, the Sixth Circuit has granted only three Rule 23(f) petitions in securities cases, ***but stays were granted in all three***.  *See Big Lots*, 2017 WL 11634939 (Jolson, M.J.) (granting stay pending Rule 23(f) appeal);[2] *Burges* v. *Bancorpsouth, Inc.*, No. 3:14-cv-01564

---

[1]    *See, e.g.*, *Univ. of Puerto Rico Ret. Sys., et al.* v. *Lannett Co. Inc., et al*, No. 21-3150 (3d Cir. Jan. 11, 2022), ECF No. 22 (staying fact discovery in securities class action pending 23(f) appeal); *Grae* v. *Corr. Corp. of Am.*, 2019 WL 1746492, at *1–2 (M.D. Tenn. Apr. 18, 2019) (same); Mot. Order at 3, *IBEW Loc. 98 Pension Fund* v. *Best Buy Co.*, No. 11-cv-00429 (D. Minn. Oct. 22, 2014), ECF No. 235 (same); *Bensinger* v. *Denbury Resources Inc.*, No. 13-337 (2d Cir. Oct. 7, 2013), ECF No. 104 (staying expert and remaining class discovery in securities class action pending Rule 23(f) appeal); *Franze* v. *The Equitable Life*, No. 1:94-cv-02036 (S.D. Fla. Nov. 30, 2001), ECF No. 234 (granting motion to stay proceedings pending opinion on Rule 23(f) appeal). Courts also stay discovery during Rule 23(f) review in other types of actions. *Earl* v. *Boeing Co.*, 21 F.4th 895, 898–900 (5th Cir. 2021) (staying all discovery in civil RICO class action); *Custom Hair Designs by Sandy, LLC* v. *Cent. Payment Co., LLC*, 2020 WL 5250492, at *3 (D. Neb. Sept. 3, 2020) (same in breach of contract class action); *Romero* v. *Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1077 (S.D. Cal. 2019) (same in class action alleging California Invasion of Privacy Act violations); *Red Barn Motors, Inc.* v. *Cox Auto., Inc.*, 2017 WL 11610289, at *1 (S.D. Ind. Aug. 11, 2017) (staying damages discovery pending Rule 23(f) reconsideration motion and appeal in antitrust class action); *Stoba, et al.* v. *Saveology.Com, LLC, et al.*, No. 13-cv-02925 (S.D. Cal. Dec. 16, 2016), ECF No. 244 (staying proceedings in class action related to unlawful monitoring of telephone calls pending Rule 23(f) appeal); *Pena* v. *Taylor Farms Pac., Inc.*, 2015 WL 5103157, at *1, *5 (E.D. Cal. Aug. 31, 2015) (same in labor law class action); *Nieberding* v. *Barrette Outdoor Living, Inc.*, 2014 WL 5817323, at *1, *3, *5 (D. Kan. Nov. 10, 2014) (same in products liability class action); *Brown* v. *Wal-Mart Stores, Inc.*, 2012 WL 5818300, at *1, *5 (N.D. Cal. Nov. 15, 2012) (same in labor law class action); *Chavez* v. *IBP Inc.*, 2002 WL 32145647, at *2 (E.D. Wash. Dec. 23, 2002) (same in labor class action).

[2]    Plaintiffs are wrong that in *Big Lots* the court "required defendants to complete expert discovery." (Opp. at PageID 13077.)  In fact, the court directed the defendants to submit expert reports (not undergo the entire expert phase) principally because the defendants conceded no burden in doing so because the Rule 23(f) appeal would not impact those reports.  2017 WL 11634939, at *4.  Here, by contrast, the Sixth Circuit's resolution of the questions presented by FirstEnergy's Rule 23(f) appeal will substantially impact the nature of the reports prepared by the

(M.D. Tenn. Mar. 28, 2017), ECF No. 197 (granting stay pending district court's class certification decision on remand); *Strougo* v. *Tivity Health, Inc.*, 2023 WL 4830593, at *3 (M.D. Tenn. July 27, 2023) (granting stay pending outcome of Rule 23(f) petition).

        Plaintiffs point to ten cases where stays were denied, but all are off-point.  (Opp. at PageID 13077, 13080, 13084, 13086.)  Six of those cases are not relevant because the court denied a stay **before** a Rule 23(f) petition was granted, principally on the ground that the appellate court was unlikely to grant the petition.[3]  Among those six cases, defendants' petition was granted in only one case, and the Second Circuit then **granted** a stay in that case before subsequently vacating the order granting the petition.  *See Daniels* v. *City of New York*, 13 F. App'x 20, 21 (2d Cir. 2001). Plaintiffs cite *In re Petrobras Securities Litigation*, 193 F. Supp. 3d 313, 318 (S.D.N.Y. 2016), as another supposed example of a denial of a stay, but neglect to mention that the Second Circuit **granted** an emergency stay after the District Court's denial in the same case.[4]  Two of Plaintiffs' remaining three cases did not involve Rule 23(f) review at all.[5]  In Plaintiffs' final cited case, a

---

parties' experts on materiality, loss causation and damages.  Until the Sixth Circuit rules, it would be wasteful and burdensome for the parties to spend substantial time and money guessing over the scope of that ruling, only to have to redo all of that work when the decision is issued.

[3]    *See Tipton* v. *CSX Transp., Inc.*, 2017 WL 4583248, at *4 (E.D. Tenn. Oct. 13, 2017) ("the Sixth Circuit is unlikely to grant plaintiffs' petition"); *Compound Prop. Mgmt. LLC* v. *Build Realty, Inc.*, 2023 WL 3004148, at *2 (S.D. Ohio Apr. 18, 2023) ("Defendants have not met their burden for either showing within the first prong" concerning the likelihood of success of the Rule 23(f) petition); *In re Polyurethane Foam Antitrust Litig.*, 2014 WL 12591692, at *4 (N.D. Ohio May 16, 2014) (noting "the unlikelihood that Defendants' petition will be granted"); *Lyngaas* v. *Curaden AG*, 2019 WL 2635966, at *1 (E.D. Mich. June 27, 2019) (finding it "unlikely that the Sixth Circuit would hear the appeal"); *Cosby* v. *KPMG, LLP*, 2021 WL 2668803, at *4 (E.D. Tenn. June 29, 2021) (noting that "the Sixth Circuit may not be interested in considering the issues at this stage"); *Daniels* v. *City of New York*, 138 F. Supp. 2d 562 (S.D.N.Y. 2001) (23(f) not yet granted).

[4]    *In re Petrobras Sec.*, No. 16-1914 (2d Cir. Aug. 2, 2016), ECF Nos. 169.

[5]    *In re Symington* concerned an application by a non-party in a bankruptcy proceeding to stay a discovery production while appealing that discovery issue.  211 B.R. 520, 521-23 (Bankr.

stay was partially granted where, unlike here, the defendant failed to "identify[] any portion of the opinion dealing with class certification with which it takes exception." *Beattie* v. *CenturyTel, Inc*, 2006 WL 1722207, at *4, *9 (E.D. Mich. June 20, 2006). Having no relevant authority on their side, Plaintiffs instead try to minimize the cases cited by Defendants with a series of inconsequential distinctions.

Plaintiffs' argument that some of Defendants' cases are distinguishable because those courts purportedly expressed "uncertainty" about whether their class certification rulings would be reversed ignores the standard for a stay: whether the appeal raises "serious questions going to the merits" because "[n]o court is likely to find that an appellant has a high probability of succeeding on the merits of an appeal from its own judgment." *Abercrombie*, 2014 WL 4915269, at *9 (citation omitted). (*See* Opp. at PageID 13075-76 (citing *Grae*, 330 F.R.D. at 484; *Best Buy Co.*, No. 11-cv-00429, ECF No. 223 at 4).) Nor does it matter whether merits discovery is complete or near-complete. (*See* Opp. PageID 13076 (citing *In re Amgen Inc. Sec. Litig.*, 2010 WL 11469044, at *1-3 (C.D. Cal. Feb. 2, 2010).) Courts routinely stay proceedings during 23(f) review, irrespective of the stage of the case.[6] Finally, Plaintiffs cannot brush aside all non-securities cases as "inapt" because an out-of-circuit district court once commented that securities

---

D. Md. 1997). *Ohio Environmental Council* v. *U.S. District Court* was a non-class Clean Air Act ("CAA") case where the appeals court denied the stay in light of "Congressional policy" and the need to be "particularly hesitant" when "disrupt[ing the] statutory or administrative timetable" of the CAA. 565 F.2d 393, 396-97 (6th Cir. 1977).

[6]     *See Univ. of Puerto Rico Ret. Sys., et al.* v. *Lannett Co. Inc., et al* , No. 21-3150 (3d Cir. Jan. 11, 2022), ECF No. 22 (granting stay pending 23(f) appeal in securities case during fact discovery); *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-cv-06728 (S.D.N.Y. Nov. 21, 2019), ECF No. 244 (granting stay pending 23(f) appeal in securities case when petition granted during expert phase); *In re Infineon Techs. AG Sec. Litig.*, No. 5:04-cv-04156 (N.D. Cal. May 13, 2009), ECF No. 293 (same).

cases "fit Rule 23 'like a glove.'"  (Opp. at PageID 13076.)  Plaintiffs cite no authority suggesting a different or heightened standard for motions to stay in securities cases following the grant of a Rule 23(f) petition, nor any reason why that would be so.  That is why courts in this Circuit have granted stays of discovery in every securities case where the Court of Appeals granted Rule 23(f) review in the past 10 years.  This Court should do the same here.

## II.  ALL FACTORS WEIGH IN FAVOR OF A STAY.

### A.  Because Defendants' Pending Appeal Raises Serious Questions of Law, It Satisfies the Likelihood-of-Success Standard.

Plaintiffs do not dispute that the Sixth Circuit's grant of Defendants' Rule 23(f) petition—a "rare occasion," as Plaintiffs recognize (Opp. to Rule 23(f) Petition at 1.)—shows that Defendants' pending "appeal raises 'serious questions going to the merits,'" thus fulfilling Defendants' burden to show a likelihood of success.  *Abercrombie*, 2014 WL 4915269, at *9.[7] Having no response, Plaintiffs change the subject.  It is beside the point whether "the *Basic* presumption of reliance applies to Plaintiffs' Exchange Act claims regardless of whether or not *Affiliated Ute* applies."  (Opp. at PageID 13078.)  Whether *Basic* applies has no bearing on whether Defendants will succeed in decertifying the class certified on the basis of *Affiliated Ute*.

Moreover, Plaintiffs wrongly claim that Defendants "concede[d]" that their appeal "does not end class certification" of Plaintiffs' Exchange Act claims.  (Opp. at PageID 13079.)  As the relevant transcript makes clear, Defendants' statements regarding continued certification related only to Plaintiffs' *Securities Act* claims:

---

[7]     Plaintiffs' assertion that the Sixth Circuit will decide the Rule 23(f) appeal on an abuse-of-discretion standard (Opp. at PageID 13077) ignores that defendants challenge the district court's conclusions of law, which are reviewed *de novo*.  *See Teamsters Loc. 445 Freight Div. Pension Fund* v. *Bombardier Inc.*, 546 F.3d 196, 201 (2d Cir. 2008) ("We review *de novo* any issues of law underlying the Rule 23 ruling."); *see also United States* v. *Ganier*, 468 F.3d 920, 925 (6th Cir. 2006) ("[I]t is an abuse of discretion to make errors of law.").

>Your Honor, so the issue is we're not saying they couldn't certify a class *under the '33 Act, the Securities Act claim* where you don't need to prove reliance, but what they want to do is certify a class under the '34 Act where you do need to show reliance. . . . They can do the '33 Act class. We are not fighting them about -- because you don't have to establish reliance for a '33 Act class. *But on a '34 Act class, they can't do it because they don't have an efficient market.*

(Mar. 17, 2023 Hearing Tr., ECF No. 437 at 29:21–30:12 (emphasis added).)

The issue Defendants squarely presented to the Sixth Circuit is that "*Comcast plainly requires decertification of the Exchange Act class* . . . ." (Rule 23(f) Petition at 22 (emphasis added).) The Sixth Circuit granted the petition, which raised both the *Affiliated Ute* and *Comcast* questions. Under *Comcast*, Plaintiffs must demonstrate a methodology "susceptible of measurement [of damages] across the entire class" in a manner that "measure[s] only those damages attributable to" Plaintiffs' liability theory. 569 U.S. at 31 n.3, 35. District courts have declined to certify a class where plaintiffs' damages methodology failed this standard.[8] Plaintiffs try to minimize the *Comcast* issue for which the Sixth Circuit accepted review, miscasting it as a mere complaint about the timing of Plaintiffs' expert disclosures and incorrectly claiming that Defendants do not contend that their "damages methodology is wrong." (*See* Opp. at Page ID 13078-79.) But the issue before the Sixth Circuit is whether Plaintiffs' "generalized, cookie-cutter [expert] report [that] vaguely described various potential damages methodologies" provided a methodology capable of measuring damages classwide. (Rule 23(f) Petition at 3, 18-21.)

As the Sixth Circuit's grant of review recognizes, Plaintiffs cannot ask the Court to accept their word that they will rectify their failure to satisfy *Comcast* later in the expert phase and,

---

[8]     *See, e.g.*, *Nypl* v. *JP Morgan Chase & Co.*, 2022 WL 819771, at *9 (S.D.N.Y. Mar. 18, 2022) (denying certification where "Plaintiffs have not proposed a reliable methodology for calculating damages through common proof"); *In re BP p.l.c. Sec. Litig.*, 2013 WL 6388408, at *17 (S.D. Tex. Dec. 6, 2013) (absent plaintiffs proposing a classwide damages methodology that "will incorporate—and, if necessary, respond to—the various theories of liability," a court cannot "certify [] litigation for class action treatment.").

-8-

in the meantime, forge ahead on a classwide basis with discovery.  As the Sixth Circuit had held, "class certification is not proper" if *Comcast* is not satisfied.  *Zehentbauer Family Land, LP* v. *Chesapeake Exploration, L.L.C.*, 935 F.3d 496, 510 (6th Cir. 2019).  Plaintiffs cannot even know if they can satisfy *Comcast* until after the Sixth Circuit rules, and it is not sufficient that Plaintiffs claim that they can offer such a damages methodology, particularly when the Sixth Circuit's decision is likely to provide guidance on what Plaintiffs must do to satisfy *Comcast*.[9]

If the Sixth Circuit agrees with Defendants on *Comcast* and vacates the class-certification order, Plaintiffs can move again for certification of an Exchange Act class.  But it is not at all clear that Plaintiffs will be able to propose a methodology capable of adequately measuring varying damages on a classwide basis in a case based on qualitative disclosures about contingent events over a three-and-a-half-year class period, and that question is not before this Court now.  And, in any event, in deciding Plaintiffs' new motion to certify that class, the Court will need to consider "*all* of the issues bearing on class certification under Rule 23," including "new argument[s]" not raised during prior certification proceedings.  *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 292 F. Supp. 3d 14, 40, 109 (D.D.C. 2017) (emphasis added).

**B.     The Balance of Harms Strongly Favors a Stay Because the Sixth Circuit's Ruling Likely Will Change the Contours of this Action.**

Plaintiffs are wrong in claiming that "all the same discovery (fact and expert) that Movants currently seek to delay will be completed" regardless of the outcome of the pending appeal.  (Opp. at PageID 13079.)  For example, if the Sixth Circuit holds that Plaintiffs failed to

---

[9]     *See Ward* v. *Apple, Inc.*, 784 F. App'x 539, 540 (9th Cir. 2019) (under *Comcast*, it is "not enough" to "provide[] only a promise of a model to come"); *Fort Worth Emps.' Ret. Fund* v. *J.P. Morgan Chase & Co.,* 301 F.R.D. 116, 141-42 (S.D.N.Y. 2014) (requiring "assurance beyond [experts'] say-so" that "there is a damages model that will permit the calculation of damages on a classwide basis").

satisfy *Comcast*, the only certified claims remaining would be their Securities Act claims. Plaintiffs do not dispute that those claims, which relate solely to statements made in the offering documents for two FirstEnergy bond offerings in 2020, differ fundamentally from Plaintiffs' Exchange Act claims, including as to the elements, the parties involved, the length of the class period, and the alleged damages.  Unlike Exchange Act claims, Securities Act claims do not require proof of reliance or scienter.  *See Loc. 295/Loc. 851 IBT Emp. Grp. Pension Tr. & Welfare Fund* v. *Fifth Third Bancorp.*, 731 F. Supp. 2d 689, 709 (S.D. Ohio 2010).  As to damages, the Securities Act claims would focus on the reasons for price changes for the two bonds at issue.  By contrast, their Exchange Act claims turn on alleged inflation in the price of FirstEnergy common stock caused by 46 separate qualitative disclosures about contingent events over a three-and-a-half year class period.

If class certification is limited to Plaintiffs' Securities Act claims, the entire nature of these cases would substantially change, including nearly every aspect of discovery, including because Plaintiffs' alleged damages for their Securities Act claims are a small fraction of their alleged damages for their Exchange Act claims, rendering issues of proportionality of discovery under Rule 26(b) entirely different.   The "specific categor[ies] of discovery . . . that will be impacted" (Opp. at PageID 13080) include, among others:

- discovery requests and expert discovery regarding scienter or reliance, including deposition questioning about witnesses' knowledge or state of mind, all of which would be irrelevant because Securities Act claims "do not require a showing of fraud or scienter" (Compl. ¶ 276), and "[t]here is no reliance element for the Securities Act claims" (*see* Opp. at PageID 13070 n.3);

- discovery relating to the eight defendants named only with respect to Plaintiffs' Exchange Act claims, five of whom are still to be deposed absent a stay (*see* Mot. at PageID 12451-52);

- discovery outside of the narrow offering window of less than one year for the bonds at issue in the Securities Act claims, as compared to the much longer and more burdensome three-and-a-half year Exchange Act class period dating back to statements made as early as February 2017; and

- discovery relating to the dozens of supposed misstatements alleged only in connection with Plaintiffs' Exchange Act claims, and not their Securities Act claims (*compare* Compl. ¶¶ 95-142 *with id.* ¶¶ 291-301).

In addition, if class certification is limited to Plaintiffs' Securities Act claims, the expert phase would be entirely different, including because such discovery would focus only on (i) the two bond offerings and bond trading rather than secondary market trading of FirstEnergy's common stock; (ii) different challenged statements, specifically only those in the registration statements and prospectuses for the two bond offerings; and (iii) Defendants' affirmative defense that the challenged bond registration and prospectus statements did not cause the claimed losses in bond prices.

In short, requiring Defendants to conduct discovery in a case today that may be dramatically different after the Sixth Circuit completes its 23(f) review would irreparably harm Defendants.

Plaintiffs ignore these points, instead presuming on remand that they will be able to offer a satisfactory damages methodology and obtain certification of a new Exchange Act class if the Sixth Circuit reverses on *Comcast* grounds. (Opp. at PageID 13081.) But, as explained above, this Court cannot accept Plaintiffs' promise that they can satisfy *Comcast*, particularly until the Sixth Circuit rules and delineates what Plaintiffs must do to satisfy *Comcast*. The *uncertainty* as to how the Sixth Circuit's decision "may define the contours of this case going forward"—including whether Plaintiffs will be able to articulate a classwide damages methodology, how that might impact the scope of the class, and whether other arguments may preclude certification—is

-11-

precisely why Judge Jolson granted a stay in *Big Lots* following the Sixth Circuit's grant of a Rule 23(f) petition. 2017 WL 11634939, at *4. Indeed, as here, the Sixth Circuit granted a Rule 23(f) petition, which sought leave to appeal based in part on a claim that plaintiffs did not proffer a damages methodology that complied with the requirements of *Comcast*. *In re Big Lots, Inc., et al.*, No. 17-303 (6th Cir. Mar. 31, 2017), ECF No. 1-2.

The contours of this case will also substantially change even if the Sixth Circuit agrees only with Defendants' argument—endorsed by seven courts of appeals—that *Affiliated Ute* does not apply to claims alleging dozens of half-truths. Plaintiffs' claim that their omission and misstatement claims involve the same *elements* misses the point. In their omissions case, Plaintiffs must conduct fact discovery focused (as they have done to date) on establishing an amorphous, undisclosed "corruption scheme" that was material and caused investor loss. By contrast, to bring a misstatement case under *Basic*, Plaintiffs must prove that *each* of the 46 challenged statements was material, made with fraudulent intent, and caused investor loss. This distinction is far more than a shift in "how those statements and acts should be characterized." (Opp. at PageID 13083.) The required proof and defenses—which will drive fact and expert discovery, including expert reports, summary judgment, and presentation of evidence—would differ significantly.[10]

Defendants will suffer significant harm if they must continue litigating under Plaintiffs' current *Affiliated Ute* undisclosed "corruption scheme" theory and the Sixth Circuit then rejects that theory. Such a ruling would narrow the scope of discovery, resulting in wasted or duplicative efforts. The only purported harm identified by Plaintiffs—their speculation that the Sixth Circuit will take about 11 months to decide the appeal—"is not sufficient to establish

---

[10]     Indeed, the proper characterization of Plaintiffs' claims is so significant that, depending on the nature of a Sixth Circuit decision vacating the class certification order, the district court might have to reconsider class certification under *Basic* as well.

prejudice to plaintiff." *Licona* v. *Tunnel Barrel & Drum Co.*, 2023 WL 2644373, at *3 (D.N.J. Mar. 27, 2023). Plaintiffs' claim that memories will fade in the interim does not "mak[e] this case any more compelling than other cases in which a stay is sought." *Chao* v. *Fleming*, 498 F. Supp. 2d 1034, 1040 (W.D. Mich. 2007). If Plaintiffs were right, then no court could ever grant a stay pending Rule 23(f) appeal. Plaintiffs' prejudice argument is particularly unpersuasive here, where the Sixth Circuit has already granted interlocutory appeal, and Defendants, with Plaintiffs' consent, moved to consolidate the multiple separate appeals to ensure efficiency. Consent Mot. to Consolidate, No. 23-3940, (6th Cir. Dec. 22, 2023), ECF No. 27 at 2.[11]

Finally, Plaintiffs are wrong to claim, without citing any authority, that the fact that Defendants did not move earlier for a stay pending class certification somehow counsels against granting a stay now. (Opp at PageID 13083-84.) The fact that Defendants have not previously sought a stay belies Plaintiffs' claim that this motion seeks delay for delay's sake. (*Id.* at PageID 13084.) Had Defendants moved to stay discovery *before* the Sixth Circuit granted their Rule 23(f) petition, Plaintiffs surely would have objected, including by arguing that Rule 23(f) petitions are rarely granted, and that Defendants did not have a substantial likelihood of success on appeal. Now that the Sixth Circuit has granted review based on a petition raising both questions, Plaintiffs have no basis to oppose a stay, particularly when courts routinely grants such stays after a petition is granted.

---

[11] The existence of active criminal investigations does not tip the balance away from a stay. If anything, delay may expand Plaintiffs' access to testimony, as individuals are less likely to invoke the Fifth Amendment. *See Tucker* v. *New York Police Dep't*, 2010 WL 703189, at *7 (D.N.J. Feb. 23, 2010) (party "will be better positioned to depose [indicted party] with regard to the civil claims once the criminal proceedings have concluded"), *aff'd in part, dismissed in part*, 408 F. App'x 513 (3d Cir. 2010). Plaintiffs' reference to a witness "committ[ing] suicide" (Opp. at 13085) also provides no reason not to grant a stay.

**C.    The Public Interest Favors a Stay.**

In citing the public interest, Plaintiffs' principal argument is that the public has a "right to know the truth about allegations of corruption." (Opp. at PageID 13086.) But Plaintiffs ignore that multiple federal and state government agencies—which, unlike Plaintiffs, are charged with protecting the public interest—have already investigated those allegations and initiated or concluded proceedings against alleged wrongdoers. As part of its deferred prosecution agreement with the Department of Justice, for example, FirstEnergy agreed to a public statement of facts that describe the government's findings.[12] Additional relevant information has been made available to the public as part of the criminal trial of Larry Householder. All such proceedings will continue unabated regardless of whether a stay is granted here.

Plaintiffs' only other argument—that *class members* seek a speedy resolution of the case—reflects their private self-interest, not the public interest, and, if credited, would render this factor pre-determined for all Rule 23(f) appeals. (*Id.* at PageID 13087.) At bottom, "the public interest lies in a correct application" of the law, which will be served by a stay here. *Coal. to Defend Affirmative Action* v. *Granholm*, 473 F.3d 237, 252 (6th Cir. 2006) (internal quotation marks omitted).

## III.    THE OPT-OUT ACTIONS SHOULD BE STAYED TO AVOID WASTEFUL AND DUPLICATIVE PROCEEDINGS.

Because the class action should be stayed, the opt-out actions should be stayed as well. As a threshold matter, to satisfy their burden to prove reliance, the Opt-Out Plaintiffs invoke the *Affiliated Ute* presumption. (*See, e.g.*, Opt-Out Opp. at PageID 13116; *MFS Series Trust I*

---

[12]    *See* "FirstEnergy Reaches Agreement to Resolve Department of Justice Investigation," FIRSTENERGY (July 22, 2021), https://investors.firstenergycorp.com/investor-materials/news-releases/news-details/2021/FirstEnergy-Reaches-Agreement-to-Resolve-Department-of-Justice-Investigation/default.aspx.

Compl. ¶181; *Brighthouse Funds Trust II* Compl. ¶ 169).  Thus, the Sixth Circuit's upcoming decision on *Affiliated Ute* will impact the opt-out cases just as it will the class action.  The Opt-Out Plaintiffs also have the burden to prove loss causation.  Because damages methodologies are necessarily enmeshed with loss causation issues, the Sixth Circuit's *Comcast* ruling will also shape the contours of the opt-out actions.

The Opt-Out Plaintiffs' proposal also is wasteful.  For good reason, this Court has already determined to coordinate discovery and the schedule between the cases.  (*See* Mot. at PageID 12455-56.)  The Opt-Out Plaintiffs concede that discovery in their actions is closely intertwined with discovery in the Class Action.  (*See e.g.*, Opt-Out Opp. at PageID 13115; Status Report, ECF No. 354 at PageID 8600-01 (arguing that "coordination of depositions with the Class Action is appropriate in light of the overlapping claims and witnesses among the Actions" and that an uncoordinated approach would be "inefficient" and "unfair").)  Thus, if the Court allows the Opt-Out Plaintiffs to proceed with their smaller actions while the class action is stayed, adjudications of issues relevant to all actions could occur with only some plaintiffs participating, and parties and non-parties could be forced to undergo similar discovery *twice*.

The Court already considered—and properly rejected—the avoidable and unnecessary burdens of duplicative discovery when it ordered that each fact witness would be "subject to deposition only once in connection with the Actions."  (Order, ECF No. 355 at PageID 8637.)  The Opt-Out Plaintiffs provide no reason to revisit that ruling.  *See IBEW, Loc. Union No. 2020, AFL-CIO* v. *AT&T Network Sys.*, 879 F.2d 864 (6th Cir. 1989) ("A district court has discretion to determine whether a stay is necessary to avoid piecemeal, duplicative litigation and potentially conflicting results.").

**IV.     THE COURT SHOULD REJECT PLAINTIFFS' ATTEMPT TO USURP THE SPECIAL MASTER'S JUDICAL ROLE.**

On December 1, 2023, the District Court directed the Special Master "to submit a Report and Recommendation [on this matter] for the Court to consider."  (Order, ECF 578 at PageID at 12722.)  Attempting to seize that judicial function for themselves, Plaintiffs filed a purported "[Proposed] Report and Recommendation" for the Special Master's signature (ECF No. 603-5), comprising an 11-page judicial opinion of findings and determinations that largely parrots the factual and legal arguments in their opposition brief.  The order appointing the Special Master did not delegate to Plaintiffs the authority to draft Report and Recommendations.  Plaintiffs point to no authority suggesting that they may draft judicial opinions for the Court or the Special Master. In fact, courts repeatedly reject this practice as improper.[13]

## CONCLUSION

The Special Master should recommend to the Court that it stay proceedings pending resolution of the Rule 23(f) interlocutory appeal.

---

[13]     *See*, *e.g.*, *Bright* v. *Westmoreland Cnty.*, 380 F.3d 729, 732 (3d Cir. 2004) ("Judicial opinions are the core work-product of judges. . . . When a court adopts a party's proposed opinion as its own, the court vitiates the vital purposes served by judicial opinions.")

Dated:  January 2, 2024

/s/ Geoffrey J. Ritts
Geoffrey J. Ritts (0062603)
Robert S. Faxon (0059678)
Corey A. Lee (0099866)
Adrienne F. Mueller (0076332)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: gjritts@jonesday.com
Email: rfaxon@jonesday.com
Email: calee@jonesday.com
Email: afmueller@jonesday.com

Marjorie P. Duffy (0083452)
Jordan M. Baumann (0093844)
M. Ryan Harmanis (0093642)
Shalini B. Goyal (0096743)
Elizabeth A. Benshoff (0098080)
Katherine T. Berger (0098872)
JONES DAY
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43215
Telephone: (614) 469-3939
Facsimile: (614) 461-4198
Email: mpduffy@jonesday.com
Email: jbaumann@jonesday.com
Email: rharmanis@jonesday.com
Email: sgoyal@jonesday.com
Email: ebenshoff@jonesday.com
Email: kberger@jonesday.com

Scott B. Scheinberg (admitted *pro hac vice*)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
Telephone: (412) 391-3939
Facsimile: (412) 394-7959
Email: sscheinberg@jonesday.com

*Attorneys for Defendants Steven E. Strah, K.*
*Jon Taylor, Jason J. Lisowski, George M.*
*Smart, Paul T. Addison, Michael J.*

/s/ Thomas D. Warren
Thomas D. Warren, Trial Attorney (0077541)
WARREN TERZIAN LLP
30799 Pinetree Road, Suite 345
Pepper Pike, OH  44124
Telephone:  (213) 410-2620
tom.warren@warrenterzian.com

Robert J. Giuffra, Jr. (*pro hac vice*)
Sharon L. Nelles (*pro hac vice*)
David M.J. Rein (*pro hac vice*)
Beth D. Newton (*pro hac vice*)
Nicholas F. Menillo (*pro hac vice*)
Hilary M. Williams (*pro hac vice*)
Tasha N. Thompson (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
giuffrar@sullcrom.com
nelless@sullcrom.com
reind@sullcrom.com
newtonb@sullcrom.com
menillon@sullcrom.com
williamsh@sullcrom.com
thompsontas@sullcrom.com

Kamil R. Shields (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1700 New York Ave., N.W.
Suite 7000
Washington, DC  20006
Telephone:  (202) 956-7040
Facsimile:  (202) 293-6330
shieldska@sullcrom.com

*Counsel for Defendant FirstEnergy Corp.*

-17-

*Anderson, Steven J. Demetriou, Julia L.*
*Johnson, Donald T. Misheff, Thomas N.*
*Mitchell, James F. O'Neil III, Christopher D.*
*Pappas, Sandra Pianalto, Luis A. Reyes,*
*Jerry Sue Thornton, and Leslie M. Turner*

## DECLARATION OF SERVICE

I certify that the foregoing was filed electronically on January 2, 2024.  Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Thomas D. Warren*
Thomas D. Warren (0077541)

*Counsel for Defendant FirstEnergy Corp.*