**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION, | Case No. 2:20-cv-03785-ALM-KAJ<br><br>CLASS ACTION |
| This document relates to:<br><br>ALL ACTIONS. | Chief Judge Algenon L. Marbley<br>Magistrate Judge Kimberly A. Jolson |
| MFS SERIES TRUST I, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRSTENERGY CORP., *et al.*,<br><br>Defendants. | Case No. 2:21-cv-05839-ALM-KAJ |
| BRIGHTHOUSE FUNDS TRUST II – MFS VALUE PORTFOLIO, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRSTENERGY CORP., *et al.*,<br><br>Defendants | Case No. 2:22-cv-00865-ALM-KAJ |

**CHARLES E. JONES AND MICHAEL J. DOWLING'S RESPONSE TO FIRSTENERGY'S OBJECTIONS TO THE SPECIAL MASTER'S ORDERS DATED NOVEMBER 29, 2023, AND NOVEMBER 30, 2023**

**[REDACTED]**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..........1

ARGUMENT ..........1

I. FirstEnergy's Factual Investigation Is Not Covered by Work Product Protection. ..........1

II. FirstEnergy Waived Any Attorney-Client Privilege Or Work Product Protection. ..........6

A. FirstEnergy's Waiver of Attorney-Client Privilege. ..........6

B. FirstEnergy's Waiver of Work Product Protection. ..........12

CONCLUSION ..........13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allied Irish Banks v. Bank of Am., N.A.*,
240 F.R.D. 96 (S.D.N.Y. 2007) ....................1, 2

*In re Banc of California Sec. Litig.*,
2018 WL 2373860 (C.D. Cal. May 23, 2018) ....................10, 13

*Cheryl & Co. v. Krueger*,
2019 WL 6521956 (S.D. Ohio Dec. 4, 2019) ....................6, 7

*In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*,
293 F.3d 289 (6th Cir. 2002) ....................9, 10, 11, 13

*LifeBio, Inc. v. Eva Garland Consulting, LLC*,
2023 WL 3258586 (S.D. Ohio May 4, 2023) ....................8

*Mainstay High Yield Corp. Bond Fund v. Heartland Indus. Partners*,
263 F.R.D. 478 (E.D. Mich. 2009) ....................11

*McKenzie L. Firm, P.A. v. Ruby Receptionists, Inc.*,
333 F.R.D. 638 (D. Or. 2019) ....................12

*Murray Energy Corp. v. Cassidy, Cogan, Chappell & Voegelin, L.C.*,
2019 WL 2240245 (S.D. Ohio May 24, 2019) ....................8

*Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am.*,
341 F.R.D. 10 (S.D.N.Y. 2022) ....................12

*In re Qwest Commc'ns Int'l Inc.*,
450 F.3d 1179 (10th Cir. 2006) ....................9, 13

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
230 F.R.D. 433 (D. Md. 2005) ....................6

*SEC v. Herrera*,
324 F.R.D. 258 (S.D. Fla. 2017) ....................9, 13

*SEC v. RPM Int'l, Inc.*,
2020 WL 13158303 (D.D.C. Mar. 5, 2020) ....................6

*SEC v. RPM International, Inc.*,
No. 1:16-cv-01803 (D.D.C. Feb. 12, 2020) ....................5, 8

*SEC. v. Vitesse Semiconductor Corp.*,
2011 WL 2899082 (S.D.N.Y. July 14, 2011) ....................13

*United States v. Coburn*,
2022 WL 357217 (D.N.J. Feb. 1, 2022) ....................10

*United States v. Reyes*,
239 F.R.D. 591 (N.D. Cal. 2006) ....................10

*United States v. Roxworthy*,
457 F.3d 590 (6th Cir. 2006) ....................1, 5

*In re Willkie Farr & Gallaghe*r,
1997 WL 118369 (S.D.N.Y. Mar. 14, 1997) ....................8

## INTRODUCTION

Charles E. Jones and Michael J. Dowling joined in the request for relief in the underlying motion to compel concerning FirstEnergy's assertions of attorney-client privilege and work product protection over materials and testimony relating to its internal investigation. (Moving Parties' Motion to Compel, ECF No. 489-1, at PageID 10463.) That motion was granted by the Special Master and is now the subject of FirstEnergy's objections. (Special Master Order, ECF No. 571.) Mindful of the substantial volume of briefing submitted by plaintiffs and FirstEnergy in connection with the motion, Mr. Jones and Mr. Dowling write separately only to highlight certain key points, including certain important distinctions between the attorney-client privilege and work product doctrines, that together constitute sufficient grounds to support the requested (and granted) relief. In making this submission, Mr. Jones and Mr. Dowling's purpose is to assist the Court by providing a concise analysis of these key issues, not to unnecessarily add to the volume of briefing before the Court by exhaustively re-addressing all issues covered in other briefs.

For at least the reasons discussed below, FirstEnergy's objections should be overruled, and FirstEnergy should be ordered to produce the requested materials and testimony concerning its internal investigation.

## ARGUMENT

### I. FirstEnergy's Factual Investigation Is Not Covered by Work Product Protection.

As FirstEnergy's lead case recognizes, work product protection does not apply to materials that "would have been created in essentially similar form irrespective of the litigation." *United States v. Roxworthy*, 457 F.3d 590, 598–99 (6th Cir. 2006) (quotations omitted). This is true "even where there is little doubt under the evidence that a party had the prospect of litigation in mind when it directed the preparation of the document." *Allied Irish Banks v. Bank of Am., N.A.*, 240

F.R.D. 96, 106 (S.D.N.Y. 2007) (quotations omitted). Thus, cases like this one require the "factfinder to determine what 'would have' happened in some hypothetical situation" without prospective (or actual) litigation, notwithstanding the difficulty of "imagin[ing] a scenario involving a multi-million dollar [alleged] fraud that does not include the potential for litigation." *Id.* Here, as set forth in prior briefing, the evidence establishes that FirstEnergy had numerous non-litigation purposes that would have caused it to undertake essentially the same factual investigation irrespective of litigation, including, for example, public disclosure and related audit requirements, as well as corporate governance, human resources, compliance, and public accountability considerations. (Motion to Compel, ECF No. 489-1, at PageID 10466-69, 10475-80.)

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted] It belies the O'Neil declaration's conclusory assertions, crafted by FirstEnergy's lawyers in response to the underlying motion to compel, that the "investigations were not undertaken to appease PwC" and that "[w]ere it not for the DOJ criminal investigation and pending litigation . . . the internal

investigations would not have been undertaken." (ECF No. 607-3, Ex. 2 to FirstEnergy's Objection, Declaration of James F. O'Neil (hereinafter "O'Neil Decl."), at ¶¶ 27, 29.) [redacted] This inextricable connection between FirstEnergy's internal investigation and PwC's audit function and approval of FirstEnergy's SEC disclosures leaves no doubt that FirstEnergy would have undertaken essentially the same factual investigation for this purpose, among others, even in the hypothetical absence of litigation. Especially weighed against this and other substantial evidence of FirstEnergy's obvious non-litigation purposes for undertaking an internal investigation, the O'Neil declaration's self-serving and unsupported denials fall well short of satisfying FirstEnergy's "burden of establishing" that work product protection applies. *See Roxworthy*, 457 F.3d at 593.

Courts have held that work product protection does not apply to factual investigation materials created in similar circumstances. In *SEC v. RPM International, Inc.*, No. 1:16-cv-01803 (D.D.C. Feb. 12, 2020), for example, the court granted a motion to compel production of "19 interview memoranda prepared by the law firm of Jones Day" in connection with an internal investigation. (*Id.*, ECF No. 82, Hearing Tr. at 3:25-4:2, 16:9-10.) There, evidence showed that the internal investigation was undertaken, at least in part, because the company's auditor "Ernst & Young suggested that they were not going to sign RPM's 10-K in the absence of a special investigation." (*Id.* at 6:21-24.) For this reason, the court concluded that work product protection did not apply to the interview memoranda, despite the company's contention that the investigation was also "conducted in response to the SEC investigation and so it was in anticipation of litigation" and "Jones Day's declaration stat[ing] that it subjectively thought that litigation could occur." (*Id.*

at 7:15-25.)[1] Because FirstEnergy's internal investigation was (or would have been) conducted for the same audit-related purpose, the same result is warranted here. *See also In re Royal Ahold N.V. Sec. & ERISA Litig.*, 230 F.R.D. 433, 435–36 (D. Md. 2005) (no work product protection for interview memoranda; "Undoubtedly the company was also preparing for litigation, . . . but the investigation would have been undertaken even without the prospect" of litigation because "Royal Ahold's outside accountants . . . would not otherwise complete the work necessary to issue the company's audited 2002 financial statements.").

## II. FirstEnergy Waived Any Attorney-Client Privilege Or Work Product Protection.

Even assuming attorney-client privilege or work product protection once applied to FirstEnergy's internal investigation, FirstEnergy waived both through its repeated disclosures inside and outside of this litigation. (*See* Motion to Compel, ECF No. 489-1, at PageID 10480-88.) Although the standards for waiving attorney-client privilege and work product protection are not identical, each has been satisfied by FirstEnergy's failure to maintain the confidentiality of its investigation.

### A. FirstEnergy's Waiver of Attorney-Client Privilege.

"Generally, federal courts in this Circuit require the proponent of the privilege to carry the burden of showing nonwaiver as an element of attorney-client privilege." *Cheryl & Co. v. Krueger*, 2019 WL 6521956, at *2 (S.D. Ohio Dec. 4, 2019) (Jolson, J.) (citations omitted). A minority of courts have "adopted a burden-shifting approach," requiring the "privilege-holder to disprove each demonstrated claim of waiver by a preponderance of the evidence" when the "objecting party" has

[1] In denying the company's subsequent motion to certify an interlocutory appeal, the court noted that "interview memoranda are only work product when they are created in anticipation of litigation; not everything created by an attorney is protected work product." *SEC v. RPM Int'l, Inc.*, 2020 WL 13158303, at *3 (D.D.C. Mar. 5, 2020). The court further observed that the "Court's ruling that the interview memoranda in this case were not created in anticipation of litigation has no implications for ordinary internal investigations." *Id.*

"present[ed] sufficient evidence upon which a reasonable person may find that the privilege has been waived." *Id.* (quotations omitted). Under either approach, FirstEnergy has not met its burden of establishing non-waiver of the attorney-client privilege.

Even assuming FirstEnergy's investigation was privileged to begin with, FirstEnergy waived the privilege through its disclosures to PwC. As set forth above,

These disclosures to PwC, a third party, waive any attorney-client privilege over FirstEnergy's factual investigation and analysis, including witness interviews, along with any associated notes, memoranda, and related communications. *See, e.g., In re Willkie Farr & Gallagher*, 1997 WL 118369, at *3 (S.D.N.Y. Mar. 14, 1997) ("Once the Audit Committee disclosed to Ernst & Young the substantive and detailed results of the Willkie investigation, including paraphrased statements of what Sensormatic employees had stated in confidence to Willkie attorneys, Sensormatic waived its privilege."); *SEC v. RPM Int'l, Inc.*, No. 16-cv-1803 (D.D.C. Feb. 12, 2020) (ECF No. 82, Hearing Tr. at 13:19-21) ("[A]ttorney-client privilege here was waived when [counsel] disclosed the contents of the interviews to Ernst & Young").

Especially weighed against the substantial evidence of waiver through disclosures to PwC, FirstEnergy fails to meet its burden of establishing non-waiver. The O'Neil declaration states merely that "Squire and Jones Day were authorized to respond to inquiries from FirstEnergy's auditor, PricewaterhouseCoopers ('PwC'), but without waiver of attorney-client privilege or work product protection." (ECF No. 607-3, O'Neil Decl., at ¶ 30.) This statement does not establish non-waiver of attorney-client privilege; to the contrary, it provides further confirmation of waiver by acknowledging that FirstEnergy's lawyers were authorized to communicate with PwC concerning the internal investigation and by not denying the occurrence of the disclosures by its lawyers that resulted in waiver. Contrary to FirstEnergy's suggestion, it is not necessary for FirstEnergy also to have affirmatively authorized its lawyers to waive the privilege for their waiver to be effective. *See, e.g., LifeBio, Inc. v. Eva Garland Consulting, LLC*, 2023 WL 3258586, at *5 (S.D. Ohio May 4, 2023) (Jolson, J.) ("[A]n attorney's decisions or actions that result in a waiver of the privilege will be valid, even if not authorized by the client."); *Murray Energy Corp. v. Cassidy, Cogan, Chappell & Voegelin, L.C.*, 2019 WL 2240245, at *5 n. 3 (S.D. Ohio May 24,

2019) (Jolson, J.) ("[T]he lawyer, while acting within the parameters of the legal assistance or representation that the client sought, has the implied authority to make representations and disclosures to third parties, and thereby waives the client's privilege") (quotations omitted), report and recommendation adopted, 2019 WL 3406543 (S.D. Ohio July 29, 2019).[2]

In addition, record evidence shows that FirstEnergy waived the attorney-client privilege over the subject matter of its internal investigation through extensive disclosures to DOJ.[3] FirstEnergy's deferred prosecution agreement ("DPA"), for example, recounts FirstEnergy's "substantial cooperation" with the government, which included, at least, "conducting a thorough internal investigation," "proactively identifying issues and facts that would likely be of interest to the government," "making regular factual presentations to the government," "sharing information that would not have been otherwise available to the government," and "making such material available to the government on an expedited basis." (DPA, ECF No. 259-5, § 5(A), at PageID 6002; *see also* Motion to Compel, ECF No. 489-1, at PageID 10470-71, 10478-79, citing the DPA.) DOJ therefore considered FirstEnergy's internal investigation itself, along with FirstEnergy's extensive and ongoing disclosures relating to it, to constitute FirstEnergy's cooperation with the government. And, going forward, the DPA obligated FirstEnergy to continue providing "[t]imely disclosure of all factual information with respect to its activities," including

[2] Accordingly, in several cases cited in this brief, the court found that waiver had occurred based on disclosures made by lawyers to auditors or government agencies, without discussion of whether the client had affirmatively authorized waiver. *See e.g., Columbia/HCA,* 293 F.3d at 306–07; *In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179 (10th Cir. 2006); *SEC v. Herrera*, 324 F.R.D. 258 (S.D. Fla. 2017).

[3] FirstEnergy's disclosures of its internal investigation to any additional governmental entities, including the SEC, similarly waived any applicable privilege.

any "internal or external investigations[ ] about which the government may inquire." (DPA, ECF No. 259-5, § 5(A)(2), at PageID 6002.)[4]

FirstEnergy's disclosures to DOJ, a third-party and adversary, also waives attorney-client privilege over the subject matter of the disclosed information and requires production of any notes, memoranda, communications, or other materials relating to the disclosed information. *See In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 306–07 (6th Cir. 2002) (rejecting selective waiver; disclosure to government agencies waives attorney-client privilege and work product protection). Courts routinely find waiver in similar circumstances, regardless of whether the information is conveyed to the government orally or in writing. *United States v. Coburn*, 2022 WL 357217, at *7 (D.N.J. Feb. 1, 2022) ("[T]o the extent that summaries of interviews were conveyed to the government, whether orally or in writing, the privilege is waived as to all memoranda, notes, summaries, or other records of the interviews themselves."); *In re Banc of California Sec. Litig.*, 2018 WL 2373860, at *1 (C.D. Cal. May 23, 2018) ("Wilmer Hale's disclosure of [oral] summaries of the witness interviews [to the SEC] acted to waive any work product or attorney-client privilege over any notes or memoranda memorializing those interviews."); *United States v. Reyes*, 239 F.R.D. 591, 604 (N.D. Cal. 2006) ("It makes no difference whether a privilege-holder copies a written text, reads from a written text, or describes a written text to an outside party. . . . To the extent that [counsel] disclosed to the government information [from their internal investigations] contained in any of the written material identified

[4] [redacted]

in Reyes' subpoenas, the Court holds that the law firms have waived any right to protect it under the attorney-client or work-product privileges.")[5]

Here again, FirstEnergy does not meet its burden of showing non-waiver. The opening brief on the underlying motion to compel argued that FirstEnergy's waivers included disclosures to DOJ and cited the DPA in support. (ECF No. 489-1, at PageID 10464, 10470-71, 10478-79.) Yet the O'Neil declaration, drafted for the specific purpose of opposing the motion, says nothing about FirstEnergy's communications with DOJ. (ECF No. 607-3, O'Neil Decl.) If FirstEnergy had not disclosed its findings, analysis, and the contents of witness interviews to DOJ (as it did with PWC), FirstEnergy could have truthfully testified to that fact after minimal investigation. FirstEnergy did not because it could not.

Moreover, holding FirstEnergy to its burden is especially warranted here, because FirstEnergy has refused to provide discovery concerning its lawyers' disclosures to DOJ. [redacted]

[5] FirstEnergy incorrectly argues that "sword-shield waiver" is limited to strategic disclosures within the same case. (FirstEnergy Objection Br., ECF No. 607-1, at PageID 13215-16). In fact, courts apply the subject matter waiver fairness doctrine when a party discloses otherwise privileged materials to obtain a favorable resolution of a government investigation and then attempts to withhold the same materials in later civil litigation. *See In re Columbia/HCA*, 293 F.3d at 292 (audit disclosed to DOJ as part of resolution of separate federal civil and criminal investigation); *Mainstay High Yield Corp. Bond Fund v. Heartland Indus. Partners*, 263 F.R.D. 478, 483 (E.D. Mich. 2009) ("[The defendant] consented to disclosure for his own benefit in the criminal investigation (the sword), [he] now makes a claim to the contrary in order to limit his liability in the present case (the shield)."). Notably, FirstEnergy's counsel has touted that its efforts, which included extensive disclosures to DOJ, resulted in a "settlement [that] included favorable terms for FirstEnergy." *See FirstEnergy reaches agreement to resolve Department of Justice investigation*, July 2021, at https://www.jonesday.com/en/practices/experience/2021/07/firstenergy-reaches-agreement-to-resolve-department-of-justice-investigation.

[REDACTED] Yet, in its recent motion for reconsideration of the Special Master's order, FirstEnergy affirmatively relies on selective portions of the DPA in an attempt to bolster its assertion that its internal investigation was privileged to begin with, but still does not address (much less refute) its lawyers' subsequent disclosures that waived any privilege that may have existed. (ECF No. 592-1, at PageID 12971, 12985.) FirstEnergy should not be permitted to sustain a privilege claim by refusing to provide discovery into the foundation of that privilege.[6]

**B. FirstEnergy's Waiver of Work Product Protection.**

FirstEnergy's disclosures also waived any work product protection, even assuming such protection applied in the first place. Courts appear to be split on whether FirstEnergy bears the burden of establishing non-waiver of work product or whether movants must establish waiver. *Compare Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am.*, 341 F.R.D. 10, 14 (S.D.N.Y. 2022) (party asserting work product protection has burden to establish non-waiver) *with McKenzie L. Firm, P.A. v. Ruby Receptionists, Inc.*, 333 F.R.D. 638, 642 (D. Or. 2019) (party asserting waiver has burden).

Regardless of where the burden lies, however, the evidence is sufficient to show that FirstEnergy disclosed its factual work product (whether orally or in other forms) to DOJ in the course of its substantial and ongoing cooperation in connection with the DPA. And, again, this finding is particularly warranted given FirstEnergy's failure to refute this fact in opposition to the motion to compel and its refusal to provide discovery concerning FirstEnergy's disclosures to

---

[6] Even under the minority burden-shifting approach, the record evidence concerning FirstEnergy's disclosures to DOJ would be sufficient to shift the burden to FirstEnergy to show that no waiver occurred. This is not a situation where FirstEnergy would be required to "prov[e] a negative" as to any conceivable waiver, but rather to disprove a specific claim of waiver supported by record evidence, which it has not done and cannot do. (FirstEnergy Opp. to Mot. to Compel, ECF No. 510, at PageID 10916.)

DOJ. FirstEnergy's disclosures to DOJ, its adversary, waived any work product protection that otherwise applied. *See In re Columbia/HCA,* 293 F.3d at 306–07 (disclosure to government agencies waives work product protection); *In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179 (10th Cir. 2006) (same; collecting cases); *see also SEC v. Herrera*, 324 F.R.D. 258, 267 (S.D. Fla. 2017) ("ML waived work-product protection for the witnesses whose interview notes and memoranda its attorneys disclosed to the SEC in the so-called 'oral downloads.'"); *SEC. v. Vitesse Semiconductor Corp.*, 2011 WL 2899082, at *3 (S.D.N.Y. July 14, 2011) (same); *In re Banc of California Sec. Litig.*, 2018 WL 2373860, at *1 (C.D. Cal. May 23, 2018) (same).[7]

**CONCLUSION**

For the foregoing reasons, the Court should overrule FirstEnergy's objections and order FirstEnergy to produce materials and permit testimony concerning FirstEnergy's internal investigation to which the attorney-client privilege and work product protection do not apply or have been waived, including without limitation, notes, memoranda, communications, and testimony concerning FirstEnergy's factual investigation (including witness interviews), findings, and conclusions. To the extent FirstEnergy asserts that, consistent with the Court's opinion, any materials (or portions of materials) relating to its internal investigation may still be withheld under a claim of attorney-client privilege or work product protection, FirstEnergy should be ordered to promptly produce a detailed privilege log or, alternatively, to submit any such materials *in camera* for the Court's review.

[7] In addition, cases within this Circuit indicate that FirstEnergy's disclosures to PwC also waived any work product protection that may otherwise have applied to notes, memoranda, and other materials relating to FirstEnergy's factual investigation. (*See* Motion to Compel, ECF No. 489-1, at PageID 10482-84, 10487-88.)

Date: January 3, 2024

Respectfully submitted,

*/s/ John F. McCaffrey (via email consent)*
John F. McCaffrey (0039486)
John A. Favret (0080427)
Michael J. Ruttinger (0083850)
Hannah M. Smith (0090870)
TUCKER ELLIS LLP
950 Main Avenue - Suite 1100
Cleveland, OH 44113
Telephone: 216-592-5000
Fax: 216-592-5009
john.mccaffrey@tuckerellis.com
john.favret@tuckerellis.com
michael.ruttinger@tuckerellis.com
hannah.smith@tuckerellis.com

Dan K. Webb (admitted *pro hac vice*)
Steven Grimes (admitted *pro hac vice*)
A. Matthew Durkin (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: 312-558-5600
Fax: 312-558-5700
dwebb@winston.com
sgrimes@winston.com
mdurkin@winston.com

*Attorneys for Defendant Michael J. Dowling*

*/s/ Carole S. Rendon*
Carole S. Rendon (0070345)
Daniel R. Warren (0054595)
Douglas L. Shively (0094065)
Jeremy Steven Dunnaback (0098129)
Rachael L. Israel (0072772)
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: 216-621-0200
Fax: 216-696-0740
crendon@bakerlaw.com
dwarren@bakerlaw.com
dshively@bakerlaw.com
jdunnaback@bakerlaw.com
risrael@bakerlaw.com

Albert G. Lin (0076888)
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
Telephone: 614-228-1541
Fax: 614-462-2616
alin@bakerlaw.com

George A. Stamboulidis (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4211
Fax: 212-589-4201

*Attorneys for Defendant Charles E. Jones*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the CM/ECF system.

/s/ *Carole S. Rendon*
Carole S. Rendon

*One of the Attorneys for Defendant Charles E. Jones*