# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) No. 2:20-cv-03785-ALM-KAJ <br> ) <br> ) <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS | ) <br> ) Judge Algenon L. Marbley <br> ) Magistrate Judge Kimberly A. Jolson <br> ) Special Master Shawn K. Judge <br> ) |
| MFS Series Trust I, et al., <br><br>        Plaintiffs, <br><br>  vs. <br><br> FirstEnergy Corp., et al., <br><br>        Defendants. | ) Case No. 2:21-cv-05839-ALM-KAJ |
| Brighthouse Funds Trust II – MFS Value Portfolio, et al., <br><br>        Plaintiffs, <br><br>  vs. <br><br> FirstEnergy Corp., et al., <br><br>        Defendants. | ) Case No. 2:22-cv-00865-ALM-KAJ |

**DEFENDANT FIRSTENERGY'S POSITION STATEMENT ON PROPOSED MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF DEFENDANT FIRSTENERGY'S OBJECTIONS TO THE SPECIAL MASTER'S NOVEMBER 29 AND 30, 2023 ORDERS**

FirstEnergy seeks to file a motion with the District Court requesting leave to file a seven-page reply in support of its Objections to the Special Master's November 29 and 30, 2023 Orders. As directed by the Special Master's December 19, 2023 Order, FirstEnergy has met and conferred with Movants and now requests leave to file its motion with the District Court.

Good cause exists for leave to file the proposed Reply (attached as Exhibit A) because it addresses arguments newly raised in Movants' Oppositions to FirstEnergy's Objections. *See NCMIC Ins. Co.* v. *Smith*, 375 F. Supp. 3d 831, 835 (S.D. Ohio 2019) (good cause exists to file sur-reply to respond to "new grounds that were not included in movant's initial motion"); Order, ECF No. 576 at PageID 12426 (replies permitted where "ordered by the Court"). Chief Judge Marbley previously granted Plaintiff State Teachers Retirement System of Ohio in this case leave to file a sur-reply to present an "important analysis," not presented in then-existing briefing, in connection with motions for appointment of the lead plaintiff and consolidation. (Motion for Leave to File Sur-Reply, ECF No. 60 at PageID 1441; *see also* Opinion and Order, ECF No. 65 at PageID 1523.)

FirstEnergy's proposed Reply, which it is prepared to file immediately, addresses three arguments that Movants did not raise prior to the November 29 and 30, 2023 Orders and, therefore, which FirstEnergy had no opportunity to respond to in its Objections:

1. Plaintiffs' newly raised assertion that the Court cannot consider FirstEnergy's arguments and authorities addressing the core of the Special Master's orders—specifically, the exclusion of the O'Neil Declaration because of a purported technical defect and the denial of leave to amend that declaration—or the Amended O'Neil Declaration. (Opp., ECF No. 615 at PageID 13528.) None of Plaintiffs' cases held that, under *de novo* review, a reviewing court cannot consider arguments and authorities directly relevant to the rationale of an underlying order (which, here, Movants never raised in their original briefing), and Rule 53(f) of the Federal

Rules of Civil Procedure permits the Court to "receive evidence" in reviewing a Special Master's order.

2. Plaintiffs' new theory that Mr. O'Neil "lacks personal knowledge" for many of the statements in his declaration, even though he was a member of the Board committees that oversaw the Jones Day and Squire Patton Boggs investigations.

3. Plaintiffs' reliance on *Medinol, Ltd.* v. *Boston Scientific Corp.*, 214 F.R.D. 113 (S.D.N.Y. 2002), a case that they never before cited, for the proposition that FirstEnergy's disclosures to its non-adversary auditor, PricewaterhouseCoopers, waived work-product protection. (Opp., ECF No. 615 at PageID 13558–61.) If the Court is going to consider Plaintiffs' new arguments under *Medinol*, the Court should also be aware, as set forth in the attached reply, that *Medinol*'s analysis on this point "has been almost uniformly rejected." *In re Weatherford Int'l Sec. Litig.*, 2013 WL 12185082, at *5 (S.D.N.Y. Nov. 19, 2013) (quoting *Vacco* v. *Harrah's Operating Co., Inc.*, 2008 WL 4793719, at *6 (N.D.N.Y. Oct. 29, 2008)).

Finally, there is good cause for leave to file the attached Reply because of the importance of the November 29 and 30 Orders authorizing broad discovery into internal investigations conducted by Jones Day and Squire Patton Boggs on the basis of the exclusion of Mr. O'Neil's declaration. As the Special Master recognized at the December 21, 2023 hearing: "[I]t's a huge issue . . . [I]t is certainly the biggest discovery issue I think in the case and I can't imagine a more critical discovery issue than this one." (Dec. 21, 2023 Hearing Tr., ECF No. 610 at PageID 13321.)

| Dated: January 17, 2024 | Respectfully, |
|---|---|
| | */s/ Thomas D. Warren* |
| | Thomas D. Warren, Trial Attorney (0077541) |
| | WARREN TERZIAN LLP |
| | 30799 Pinetree Road, Suite 345 |
| | Pepper Pike, Ohio 44124 |
| | Telephone: (213) 410-2620 |

- 3 -

tom.warren@warrenterzian.com

Robert J. Giuffra, Jr. (*pro hac vice*)
Sharon L. Nelles (*pro hac vice*)
David M.J. Rein (*pro hac vice*)
Beth D. Newton (*pro hac vice*)
Nicholas F. Menillo (*pro hac vice*)
Hilary M. Williams (*pro hac vice*)
Tasha N. Thompson (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000

Kamil R. Shields (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C.  20006
Telephone:  (202) 956-7040

*Counsel for Defendant FirstEnergy Corp.*

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) | No. 2:20-cv-03785-ALM-KAJ |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) | |
| ALL ACTIONS | ) ) ) ) | Judge Algenon L. Marbley<br>Magistrate Judge Kimberly A. Jolson |
| MFS Series Trust I, et al., | ) ) | Case No. 2:21-cv-05839-ALM-KAJ |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| FirstEnergy Corp., et al., | ) ) ) | |
| Defendants. | ) ) | |
| Brighthouse Funds Trust II – MFS Value Portfolio, et al., | ) ) ) | Case No. 2:22-cv-00865-ALM-KAJ |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| FirstEnergy Corp., et al., | ) ) ) | |
| Defendants. | ) ) | |

**REPLY IN SUPPORT OF FIRSTENERGY'S
OBJECTIONS TO THE SPECIAL MASTER'S
NOVEMBER 29 AND 30, 2023 ORDERS**

## PRELIMINARY STATEMENT

In their 59 pages of opposition briefing, Movants devote just two pages to defending the Special Master's rationale for excluding the O'Neil Declaration (ECF No. 607-3, Ex. 1)—the sole basis on which he granted unprecedented discovery into Jones Day's and Squire Patton Boggs' investigations. (*See* Pls.' Opp., ECF No. 615 at PageID 13547–49.) Movants ignore that the governing statute, 28 U.S.C. § 1746, requires only "substantial," not strict, compliance, which the O'Neil Declaration satisfied. *Peters* v. *Lincoln Elec. Co.*, 285 F.3d 456, 475–76 (6th Cir. 2002). They do not cite a *single* case holding a declaration defective solely because it did not contain the words "true and correct." They have no response to Federal Rule of Evidence 104(a), which makes whether "evidence is admissible" irrelevant to privilege determinations. And they identify no prejudice that would have resulted from Special Master's consideration of the Amended O'Neil Declaration (ECF No. 607-3, Ex. 2).

Having no response on these dispositive points, Movants instead advance new arguments, none of which supports upholding the Special Master's November 29 and 30, 2023 Orders (ECF Nos. 571, 575).

*First*, Plaintiffs claim that this Court cannot consider the Amended O'Neil Declaration or any arguments or authorities that FirstEnergy raised after the Special Master's rulings. (Pls.' Opp. at PageID 13527–30.) But this Court's *de novo* review necessarily requires review of the substance of the Special Master's Orders, including his *sua sponte* exclusion, without any briefing or argument, of the O'Neil Declaration for not containing the words "true and correct."

*Second*, Plaintiffs claim that ten paragraphs in the O'Neil Declaration contain statements not based on his personal knowledge. (Pls.' Opp. at PageID 13549–51.) But Plaintiffs waived this argument by not raising it in their original briefing and, in fact, affirmatively relying

on Mr. O'Neil's declaration in support of their motion. (*See* Plaintiffs' Reply Br., ECF No. 529 at PageID 11438–39.) In any event, Mr. O'Neil, who served on the very Board committees that supervised the investigations, plainly "has personal knowledge of the [b]oard's practices." *Markowicz* v. *Nielsen*, 316 F. Supp. 3d 178, 196–97 (D.D.C. 2018).

*Finally*, Plaintiffs rely on bad law—*Medinol, Ltd.* v. *Boston Scientific Corp.*, 214 F.R.D. 113 (S.D.N.Y. 2002)—to support their claim that FirstEnergy's communications with its auditor, PricewaterhouseCoopers ("PwC"), waived the work product protection over those communications. (Pls.' Opp. at PageID 13560–62.)

In the end, the record is overwhelming (including evidence that the Special Master did not address in his November 29 Order) that the Jones Day and Squire investigations were conducted because FirstEnergy was directly responding to very significant legal risks it faced from, and seeking legal advice to respond to, government investigations and civil litigations, including this very case. Movants provide no support for their assertion that employment decisions or auditor communications were the purpose of these investigations.

## ARGUMENT

### I. THIS COURT SHOULD REJECT PLAINTIFFS' EFFORT TO LIMIT ITS REVIEW OF THE SPECIAL MASTER'S ORDERS.

Plaintiffs recognize that the Special Master's findings of fact and conclusions of law must be reviewed *de novo* (*see* Order Appointing Special Master, ECF No. 541 at PageID 11687–88), but mischaracterize that standard of review in three key respects:

*First*, Plaintiffs attack a strawman in claiming that this Court cannot consider "new evidence." (Opp. at PageID 13528.) The Amended O'Neil Declaration is *not* "new evidence." All it does is cure a purported technical deficiency by adding the words "true and correct" and

explaining the inadvertent omission, and otherwise presents exactly the same facts presented to the Special Master. (*See* Menillo Decl. Ex. A (comparing original and amended declarations).)

*Second*, even if the Amended O'Neil Declaration were "new," Plaintiffs are wrong to claim that this Court cannot consider it. Under Rule 53(f)(1), "[i]n acting on a master's order, . . . th[is] court . . . **may receive evidence**" (emphasis added), as courts repeatedly have done in reviewing objections to a special master's order. *See, e.g.*, *Nat.-Immunogenics Corp.* v. *Newport Trial Grp.*, 2018 WL 6168035, at *5 (C.D. Cal. June 12, 2018) (receiving "new evidence" submitted with objections to Special Master order); *Muhammad* v. *Close*, 798 F. Supp. 2d 869, 875–76 (E.D. Mich. 2011) (receiving affidavit submitted with objections to magistrate's report).

*Third*, Plaintiffs erroneously claim (at PageID 13528–29) that this Court may consider only arguments made and authorities submitted to the Special Master. But Plaintiffs ignore that FirstEnergy's supposedly "new arguments" and "new set of authorities" concern (1) the Special Master's *sua sponte* exclusion of the O'Neil Declaration and his denial of leave to amend, without allowing any briefing; or (2) the governing standards of review for FirstEnergy's Objections. Because these issues arose *after* the Special Master excluded the O'Neil Declaration, Defendants could not have presented these arguments and authorities to the Special Master.

Plaintiffs' cases do not support Plaintiffs' cramped interpretation of *de novo* review. The Sixth Circuit in *United States* v. *Beauchamp* did not hold that an appeals court cannot consider new arguments or cases. 659 F.3d 560 (6th Cir. 2011) (Marbley, C.J., sitting by designation). Rather, *Beauchamp* held only that *de novo* review gives no deference to the underlying decision. *Id.* 569 n.3 ("[W]e do not defer to the lower court's ruling but freely consider the matter anew, as if no decision had been rendered below."). In *Murr* v. *United States*, a defendant asserted an entirely new basis for *post-conviction relief*—that his trial should have been severed—in

*supplemental* objections after a magistrate judge had already issued a ruling and the parties had completed briefing on objections. 200 F.3d 895, 902–03, n.1 (6th Cir. 2000). Even so, the Sixth Circuit considered the merits of the issue. *Id.* Finally, in *Watkins* v. *Commissioner of Social Security*, the court found waiver where the defendant had failed to oppose an argument plaintiffs raised to the magistrate judge, only to attempt to address that argument for the first time at the district court level. 2015 WL 5158938, at *2. *Watkins* nonetheless addressed the merits of the issue. *Id.* None of these cases held that the core basis of a Special Master's order is off-limits when reviewed by a district court, much less a *sua sponte* basis like the one here.

## II. PLAINTIFFS' NEW THEORY THAT MR. O'NEIL LACKED PERSONAL KNOWLEDGE IS WAIVED AND BASELESS.

In litigating their motion to compel, Plaintiffs never raised—and thus waived—their new theory that Mr. O'Neil lacked personal knowledge to make the statements in his declaration.[1] Indeed, Plaintiffs themselves affirmatively relied on the O'Neil Declaration in their reply on their motion to compel. (*See* Plaintiffs' Reply Br., ECF No, 529 at PageID 11438–39.) In any event, Plaintiffs' new theory fails because a declaration cannot be excluded for lack of personal knowledge "unless no reasonable juror could believe that the witness had the ability and opportunity to perceive the event that he testifies about." *Valley Force Ins. Co.* v. *Fisher Klosterman, Inc.*, 2016 WL 8201164, at *1 (S.D. Ohio Mar. 30, 2016). As a FirstEnergy director and member of the independent board committees that actually oversaw the investigations,[2] Mr.

---

[1] *See, e.g.*, *Rogers* v. *Henry Ford Health Sys.*, 897 F.3d 763, 767 n.1 (6th Cir. 2018) (failing to move to strike means "any objection to the declaration was waived"); *Thornton* v. *City of Columbus*, 171 F. Supp. 3d 702, 705 (S.D. Ohio 2016) (Marbley, J.) ("Plaintiffs provide no argument concerning their state law claims" and thus "waived any arguments"). Movants' waiver also extends to their failure to argue that the O'Neil Declaration was deficient in any respect. (*See* Objections, ECF No. 607-1 at PageID 13192–93.)

[2] *See* O'Neil Decl., ECF No. 511-1 at PageID 10938, 10940–43; Am. O'Neil Decl., ECF No. 592-3 at PageID 12994, 12996–99.

-4-

O'Neil plainly had personal knowledge of why those investigations were conducted. *See Nielsen*, 316 F. Supp. 3d at 196–97 (as "a member of the Advisory Board" the declarant "ha[d] personal knowledge of the Board's practices"); *Progressive Cas. Ins. Co.* v. *F.D.I.C.*, 80 F. Supp. 3d 923, 936 (N.D. Iowa 2015) (director's "involvement in the decision-making process and the pertinent meetings would lead a reasonable trier of fact to believe that [the director] had personal knowledge" of "the matters to which she avers").[3]

Mr. O'Neil's testimony unequivocally rebuts Movants' speculation that the Jones Day and Squire investigations were performed for business reasons and would have been performed in the same way absent those legal risks. (*See* O'Neil Decl., ECF No. 511-1 at PageID 10938, 10942–43; Am. O'Neil Decl., ECF No. 592-3 at PageID 12994, 12998–99.)[4] And FirstEnergy's other evidence, including documents and deposition excerpts, which were not referenced in the Special Master's November 29 Order, independently demonstrates that FirstEnergy and its Board initiated these investigations in response to the wave of actual and threatened government investigations and civil litigation, including this securities action, that confronted the Company with unprecedented legal risk.[5] (*See* Objections at PageID 11398–99;

---

[3] For example, Plaintiffs criticize the O'Neil Declaration for making "I understand" statements (Opp. at PageID 13550), but those statements describe Mr. O'Neil's understanding of *Movants' arguments* and not any underlying facts (*see* O'Neil Decl. at PageID 10942).

[4] Plaintiffs propose an entirely new standard in claiming that the investigations are not protected because FirstEnergy faced no risk of "arrest or any other immediate peril from any legal proceedings, which (as this case confirms) take **years** to reach the merits." (Opp. at PageID 13543.) Work product applies to documents prepared "in anticipation of litigation or for trial," not just documents created on the eve of an arrest or judgment. Fed. R. Civ. P. 26(b)(3)(A). Nor are Plaintiffs correct about the timeline, as FirstEnergy entered into a Deferred Prosecution Agreement with the DOJ on July 22, 2021, barely a year after initiating the investigations.

[5] The cases cited in Plaintiffs' Opposition (at PageID 1342) in which courts required limited disclosure of investigation documents are not on point. *See Koumoulis* v. *Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 43, 46 (E.D.N.Y. 2013), *aff'd*, 29 F. Supp. 3d 142 (E.D.N.Y. 2014) (documents from investigation by *human resources*, not outside counsel, were discoverable where

13221–24 (App'x A).)

### III. MOVANTS' WAIVER ARGUMENT IS WRONG AND RELIES ON BAD LAW.

Plaintiffs wrongly claim that case law in this Circuit uniformly holds that disclosure to an auditor waives work product protection. (*See* Opp. at PageID 13558.) In support, Plaintiffs cite two district court cases within the Sixth Circuit, but both turned on a finding that the documents were not entitled to work product protection to begin with. *See In re King Pharms., Inc. Sec. Litig.*, 2005 WL 8142328, at *3 (E.D. Tenn. Sept. 21, 2005) ("[W]hether PWC was an 'adversary' or not is beside the point" because documents "not furnished 'in anticipation of litigation'"); *First Horizon Nat'l Corp.* v. *Houston Cas. Co.*, 2016 WL 5867268, at *10 (W.D. Tenn. Oct. 5, 2016) ("in anticipation of litigation" prong not met).[6]

Moreover, Plaintiffs ignore cases directly contrary to their argument—*New Phoenix Sunrise Corp.* v. *Comm'r of Internal Revenue*, 408 F. App'x 908, 919 (6th Cir. 2010) (disclosure to an auditor "is consistent with the privilege"), and *Grae* v. *Corr. Corp. of Am.*, 2020 WL 3035915, at *6, *8 (M.D. Tenn. June 5, 2020) (work product protection applied to documents "shared with non-counsel third parties," including "[defendant's] auditor"). (*See* FirstEnergy's Opp. Br., ECF No. 510 at PageID 10916–19.)

Having no good law to cite, Plaintiffs rely on bad law. They cite *Medinol*, 214 F.R.D. 113, for their theory that PwC should be treated as adverse to FirstEnergy because PwC

---

"[d]efendants ha[d] not offered evidence that any of the documents were created because of litigation"); *Calendar Rsch. LLC* v. *StubHub, Inc.*, 2019 WL 11558873, at *1, *5 (C.D. Cal. July 25, 2019) (only discoverable document from investigation was "purely factual" and prepared by *non-lawyers*).

[6] Cases cited by Jones and Dowling (Jones and Dowling Opp., ECF No. 614 at PageID 13501) do not support waiver here for the same reason. *See Willkie Farr & Gallagher*, 1997 WL 118369 at *2 (S.D.N.Y. Mar. 14, 1997) ("in anticipation of litigation" prong not met); *SEC* v. *RPM Int'l*, No. 16-cv-1803 (D.D.C. Feb. 12, 2020) (ECF No. 82, Hearing Tr. at 11:10–15) (same).

purportedly might face legal exposure for its role in preparing FirstEnergy's SEC filings. But Plaintiffs' 350-word quote from *Medinol* for the proposition that disclosure to an auditor waives work product protection because an auditor must "maintain total independence" and does not share a "common interest" with the company (Opp. at PageID 13561) has been "almost uniformly rejected." *In re Weatherford Int'l Sec. Litig.*, 2013 WL 12185082 (S.D.N.Y Nov. 19, 2013) at *5. Even the judge who authored *Medinol* has since walked away from that decision, favorably citing *United States* v. *Deloitte LLP*, 610 F.3d 129, 140 (D.C. Cir. 2010), in ruling that "the possibility of a future dispute between [the auditor] and [company] does not render [the auditor] a potential adversary for the present purpose." *In re Am. Realty Cap. Props., Inc. Litig.*, 2017 WL 11641957, at *5 (S.D.N.Y. Aug. 14, 2017). Plaintiffs have no response to the fact that PwC and FirstEnergy have never sued one another, and PwC remains FirstEnergy's external auditor, confirming that Movants' claimed adversity never materialized.[7]

## CONCLUSION

For the reasons set forth above and in its Objections, FirstEnergy respectfully requests that the Court (1) grant FirstEnergy leave to amend the O'Neil Declaration in the form submitted to the Court as the Amended O'Neil Declaration; (2) reverse the Special Master's November 29 and November 30 Orders; and (3) deny the Motion to Compel.

---

[7] In *In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.*, 293 F.3d 289, 292–93, 302 (6th Cir. 2002), the Sixth Circuit rejected that work product can be disclosed to one adversary without waiving work product as to another adversary. Here, however, PwC was not FirstEnergy's adversary. In *In re Anadarko Petroleum Corp. Securities Litigation*, there were multiple, independent bases for waiver not present here. 2023 WL 2733401, at *4–*5 (S.D. Tex. March 31, 2023), *reconsideration denied*, 2023 WL 430750 (S.D. Tex. June 30, 2023). There, the defendant revealed "a significant portion of confidential communications" to the SEC, an adversary, and then, creating a classic "sword and shield" situation, cited the SEC decision not to bring an enforcement action as demonstrating an absence of liability while refusing to disclose the facts on which the SEC relied in reaching that conclusion. *Id.*

Dated:  January 17, 2024

Respectfully,

*/s/ Thomas D. Warren*
Thomas D. Warren, Trial Attorney (0077541)
WARREN TERZIAN LLP
30799 Pinetree Road, Suite 345
Pepper Pike, Ohio  44124
Telephone:  (213) 410-2620
tom.warren@warrenterzian.com

Robert J. Giuffra, Jr. (*pro hac vice*)
Sharon L. Nelles (*pro hac vice*)
David M.J. Rein (*pro hac vice*)
Beth D. Newton (*pro hac vice*)
Nicholas F. Menillo (*pro hac vice*)
Hilary M. Williams (*pro hac vice*)
Tasha N. Thompson (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000

Kamil R. Shields (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C.  20006
Telephone:  (202) 956-7040

*Counsel for Defendant FirstEnergy Corp.*

**DECLARATION OF SERVICE**

I certify that the foregoing was filed electronically on January 17, 2024. Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Thomas D. Warren*
Thomas D. Warren (0077541)

*Counsel for Defendant FirstEnergy Corp.*