## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE FIRSTENERGY CORP. | : | |
| SECURITIES LITIGATION, | : | Case No. 2:20-cv-03785 |
| | : | |
| This document relates to: | : | Chief Judge Algenon L. Marbley |
| | : | |
| ALL ACTIONS. | : | Magistrate Judge Kimberly A. Jolson |

| | | |
|---|---|---|
| MFS SERIES I TRUST, et al., | : | |
| | : | Case No. 2:21-cv-05839 |
| Plaintiffs, | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Kimberly A. Jolson |
| FIRSTENERGY CORP., et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| BRIGHTHOUSE FUNDS TRUST II: | | |
| – MSF VALUE PORTFOLIO, et al., | | |
| | : | Case No. 2:22-cv-00865 |
| Plaintiffs, | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Kimberly A. Jolson |
| FIRSTENERGY CORP., et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION BY SPECIAL MASTER
## ON MOTION TO STAY (ECF NOS. 573 & 574) AND RELATED MATTERS

This matter is before the undersigned for memorialization of four oral orders, subsequently reduced to this Report and Recommendation, that arose out of Defendant FirstEnergy Corp.'s motion for a stay (Notice & Motion, ECF Nos. 573 & 574)[1] and related discussions.

---

[1]    Unless otherwise expressly indicated, all references to documents filed on the docket shall

## **BACKGROUND**

On November 29, 2023, the undersigned issued an Order (Order, ECF Mo. 571) that granted the June 30, 2023 Motion to Compel (Motion, ECF No. 489). Among other decisions, the Order struck a document as an invalid declaration, concluded that FirstEnergy's internal investigation is not entitled to attorney-client privilege or work-product protections, and concluded that the company must produce all previously withheld documents related to the internal investigation. (Order, ECF No. 571 at PageID 12387.) On November 30, 2023, FirstEnergy filed a motion to stay (ECF No. 573) and memorandum in support (ECF No. 574) targeting the undersigned's Order (Order, ECF NO. 571.) FirstEnergy directed the motion to stay to the undersigned.

At the request of FirstEnergy and Movants behind the motion to compel, the undersigned entertained oral argument on the motion for a stay before a court reporter on November 30, 3023. The Transcript of this hearing is filed on the docket as ECF No. 587. Following argument by the parties, a brief recess was taken before the hearing resumed. At that time, the undersigned issued four oral orders that were subsequently summarized in a filing later that same day. (ECF No. 575.) In a December 1, 2023 Order, Chief Judge Marbley and Magistrate Judge Jolson directed the undersigned to reduce the findings and reasoning of that Order to a Report and Recommendation for their consideration. (Order, ECF No. 578 at PageID 12722.) The instant Order fulfills that directive.

---

be to the numbered document in Case No. 2:20-cv-03785. The parties should understand these references to refer to the corresponding documents filed in Case Nos. 2:21-cv-05839 and 2:22-cv-00865 when appropriate.

## ANALYSIS

The undersigned's November 30, 2023 Order summarized four orders, or decisions, that were more fully explained at the oral hearing held that same day. The undersigned will discuss each of these four decisions in turn below.

### I. Clarification of November 2023 Order

The undersigned's November 30, 2023 Order provided in part that "[w]itnesses must answer all fact related questions (past and future) related to the internal investigation" and noted in a parenthetical that "FirstEnergy cannot shield facts from disclosure just because a witness learned those facts from the investigation." (Order, ECF No. 571 at PageID 12387 ¶ 3.) To clarify the scope of these statements: (1) discovery of the facts is permissible; (2) discovery of the attorneys at this point is not; (3) discovery of the attorneys' legal conclusions derived from those facts or the thought processes to produce those facts is not permitted; and (4) the fact that a witness learned of a factual allegation or representation or statement of fact from an investigator or as a result of the investigation is fair game for discovery under the Order.

### II. Motion to Stay (ECF Nos. 573 & 574)

FirstEnergy seeks a stay of the undersigned's decision granting the motion to compel. The company directed the motion to the undersigned, but conceded at oral argument that there is no substantive difference between the motion directed to the undersigned and one that would have been directed to Chief Judge Marbley and Magistrate Judge Jolson. (11/30/24 Hrg. Tr., ECF No. 587 at PageID 12895:2-14.)

Assuming *arguendo* that such a motion falls within the scope of the powers delegated to a Special Master, the undersigned concludes that there is no basis for granting the requested stay

3

here. This is because FirstEnergy has failed to establish that the weight of the factors governing whether to grant a stay are in the company's favor. Those factors include:

> (1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies.

*Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002).

Four points prove dispositive.

First, the undersigned's decision on the motion to compel was not procedurally incorrect. Contrary to FirstEnergy's assertions, the undersigned did *not* grant the motion to compel on grounds not raised by a party. Instead, the undersigned *sua sponte* struck the O'Neil document because it failed to constitute a declaration under 28 U.S.C. § 1746 and therefore failed to constitute legitimate supporting evidence that could be considered. It is well settled that "Sixth Circuit law permits district courts to 'exclude evidence *sua sponte*.'" *Werner v. Young*, No. 22-5197, 2023 WL 639103, at *9 (6th Cir. Jan. 27, 2023) (quoting *HDM Flugservice GmbH v. Parker Hannifin Corp.*, 332 F.3d 1025, 1034 (6th Cir. 2003)).

*Werner* is instructive here. That case involved the rule that "a court must give 'notice and a reasonable time to respond' when granting a summary judgment motion 'on grounds not raised by a party.'" *Id.* at *9 (quoting Fed. R. Civ. P. 56(f)(2)). The court of appeals rejected applicability of the rule because the district court had struck a sham affidavit and then ruled in the defendant's favor because the plaintiff had failed to point to evidence raising a genuine issue of fact. Id. Noting that the striking of the document was an evidentiary ruling, the appellate court concluded that "{t}he district court . . . did not grant summary judgment on a different ground than the one advanced in [d]efendant's motion." *Id.* This is analogous to what happened here, only the scenario is even less favorable to FirstEnergy. First, where Federal Rule of Civil Procedure 56(f)(2)

4

imposed a notice and opportunity to respond rule when new arguments where involved, there was no such rules applicable to the motion to compel here. Second, in both instances, a threshold evidentiary ruling occurred, followed by applying the parties' arguments against what evidence remained for consideration; there was no new dispositive grounds *sua sponte* raised. The undersigned simply concluded that, post-exclusion of the O'Neil document, FirstEnergy's evidence was insufficient to carry the day on the motion to compel.

Second, the undersigned's decision on the motion to compel was not substantively incorrect. In that decision, the undersigned cited ample authority supporting the conclusion that the O'Neil document was defective and failed to constitute a declaration under 28 U.S.C. § 1746. In addition to that authority, the parties have discussed *Ross v. City of Dublin*, No. 2:14-CV-02724, 2016 WL 7117389 (S.D. Ohio Dec. 7, 2016), a case from Chief Judge Marbley in which he expressly stated that the failure to meet the requirements of 28 U.S.C. § 1746 render a document "defective." *Ross*, 2016 WL 7117389, at *8. As discussed below, this correct reading of 28 U.S.C. § 1746 led to the evidentiary decision to exclude from consideration the document that failed to constitute evidence. And the remaining evidence was insufficient support for FirstEnergy's conclusory allegations as to the purpose of the internal investigation.

Third, given the inability to demonstrate either a procedural or substantive error, FirstEnergy has failed to establish a strong or substantial likelihood of success on the merits. The Sixth Circuit has also explained that "in order to justify a stay of the district court's ruling, the defendant must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted." *Baker*, 310 F.3d at 928. Given the case law cited in the undersigned's motion to compel decision and herein, the undersigned cannot say that there are serious questions going to the merits here. The O'Neil

5

document failed to constitute evidence, it was excluded, the remaining evidence was insufficient for FirstEnergy.

Fourth, as Chief Judge Marbley and Magistrate Judge Jolson have already noted, this litigation is of great public interest. Ohio's citizens are entitled to learn how they were taken advantage of and who was responsible. Given that the discovery sought is likely to provide answers to at least portions of these questions and given that no error occurred in deciding the motion to compel, the public interest favors the prompt application of that decision to discovery in this litigation. No stay on the basis of the motion to compel decision is needed, and none is recommended.

### III.    Oral Motion to Supplement Motion to Compel Briefing

The undersigned construed FirstEnergy's argument at the November 30, 2023 hearing as presenting an oral motion for leave to file a new, or corrected, O'Neil Declaration. FirstEnergy asserts that it should be allowed to file a replacement document and void the discovery decision against it because the flawed document was the result of inadvertent error and not the product of an intentional omission.

Absent from FirstEnergy's argument is any rule, statute, or precedent that entitles the company to a second bite at complying with the law. The company directs the undersigned to *Ross v. City of Dublin*, No. 2:14-CV-02724, 2016 WL 7117389 (S.D. Ohio Dec. 7, 2016), a case from Chief Judge Marbley in which a party was permitted to file a corrected declaration. But that case does not support FirstEnergy's request and in fact presents distinguishable facts that weigh against granting the company's request.

*Ross* stands for two relevant propositions. First, in Chief Judge Marbley's words, the failure to meet the requirements of 28 U.S.C. § 1746 render a document "defective." *Ross*, 2016

6

WL 7117389, at *8. Second, the ability to amend to correct the deficiency is a matter within the discretion of the decisionmaker.

In *Ross*, the plaintiff had filed a deficient document that failed to meet the requirements of a 28 U.S.C. § 1746 declaration. 2016 WL 7117389, at *8. When the defendant filed a motion to strike that document, the plaintiff filed a motion to amend his declaration to cure the technical deficiencies. *Id.* Chief Judge Marbley permitted the plaintiff to do so, accepted the corrected declaration, and proceeded to consider the summary judgment motion before the Court. *Id.*

*Ross* is not the scenario present here. In that case, the party responsible for the invalid declaration acted to correct his error by seeking leave to file a new declaration prior to disposition of the substantive motion before the Court. In contrast, FirstEnergy only sought to correct its invalid declaration after it had lost the motion to compel. The difference is not immaterial. Notably, nowhere in *Ross* did Chief Judge Marbley opine that a party has a *right* or an *entitlement* to file a corrected document that complies with 28 U.S.C. § 1746. Instead, he exercised his inherent discretion to permit correction because there was no prejudice to the other side and, presumably, because he had not yet expended judicial resources in deciding a motion on the papers submitted. When it came time to decide the summary judgment motion in *Ross*, the corrected declaration had already been submitted to the Court. In contrast, the corrected declaration here was submitted only after the undersigned had expended time and resources on behalf of the Court and produced a decision. The point is not that there is a prohibition on accepting a corrected declaration; the point is that there is no requirement that one be accepted after a decision has been reached.

A rule that a party may correct a flawed filing as a matter of right *after* a decision has been rendered would convert every decision that turns in part on flawed evidentiary submissions into

an advisory opinion that merely tells counsel what they should have done and allows them do-overs regardless of the effect on the time and resources consumed. Neither the Court nor its delegated agent is in the business of coaching how to litigate.

Because a decision on the submitted papers has been made and because there is no right to amend, the undersigned exercises his discretion and declines to permit belated correction of the flawed filing. Accordingly, the undersigned also recommends that the Court deny FirstEnergy's oral motion for leave to belatedly supplement its motion to compel briefing.

### IV. Modification of Deposition Protocol

At the November 30, 3023 hearing, the parties debated whether and to what extent the deposition protocol would need to be modified while the Court considers FirstEnergy's objections to the decision on the motion to compel. One possibility discussed was Plaintiffs' reservation of time in light of the objections—*i.e.*, asking some questions now and other questions at a subsequent time if and when able. The stay currently in effect perhaps moots this issue entirely, but the suggestion remains a sensible solution. Accordingly, in the absence of a stay and should depositions resume, the reservation of time approach discussed at the hearing should control the parties' approach while the Court is considering the objections to the motion to compel.

### <u>CONCLUSION</u>

The undersigned makes the following recommendations to the Court:

(1) **ADOPT** the undersigned's clarification of the scope of the November 30, 2023 Order and (a) permit discovery of the facts; (b) preclude discovery of the attorneys at this point; (c) preclude discovery of the attorneys' legal conclusions derived from those facts or the thought processes to produce those facts; and (d) recognize that the fact that a witness learned of a factual allegation or representation or statement of fact from an investigator or as a result of the

investigation is fair game for discovery under the Order;

(2)      **DENY** FirstEnergy's motion for a stay (Motion, ECF Nos. 573 & 574);

(3)      **DENY** FirstEnergy's oral motion for leave to belatedly supplement its motion to compel briefing; and

(4)      **ADOPT** the undersigned's approval of the request that the deposition protocol be modified to provide for the reservation of time in light of the objection to the motion to compel.

**IT IS SO ORDERED.**

/s/ *Shawn K. Judge*
SHAWN K. JUDGE (0069493)
SPECIAL MASTER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 12, 2024, the foregoing was filed with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Shawn K. Judge*
Shawn K. Judge (0069493)