**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE FIRSTENERGY CORP. | : | |
| SECURITIES LITIGATION, | : | Case No. 2:20-cv-03785 |
| | : | |
| This document relates to: | : | Chief Judge Algenon L. Marbley |
| | : | |
| ALL ACTIONS. | : | Magistrate Judge Kimberly A. Jolson |

| | | |
|---|---|---|
| MFS SERIES I TRUST, et al., | : | |
| | : | Case No. 2:21-cv-05839 |
| Plaintiffs, | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Kimberly A. Jolson |
| FIRSTENERGY CORP., et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| BRIGHTHOUSE FUNDS TRUST II: | : | |
| – MSF VALUE PORTFOLIO, et al., | : | |
| | : | Case No. 2:22-cv-00865 |
| Plaintiffs, | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Kimberly A. Jolson |
| FIRSTENERGY CORP., et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER BY SPECIAL MASTER**
**DENYING LEAVE TO FILE A REPLY**

This matter is before the undersigned for consideration of an oral motion by Defendant FirstEnergy Corp. for leave to file a reply memorandum in support of its December 20, 2023 Objections. For the reasons that follow, the undersigned **DENIES** the motion.

## BACKGROUND

In their November 30, 2023 Order, Chief Judge Marbley and Magistrate Judge Jolson stated: "If an objection to an order, report, or recommendation by the Special Master is filed, parties shall have 14 days thereafter to file a response to the objection. Parties will not have the opportunity to file a reply to the response unless otherwise ordered by the Court." (Order, ECF No. 576 at PageID 12426.)[1] This language matters because the undersigned filed two Orders, one on November 29, 2023 (Order, ECF No. 571 (addressing internal investigation)) and one on November 30, 2023 (Order, ECF No. 575 (addressing related motion to stay)), to which FirstEnergy filed objections. (Objections, ECF Nos. 572 & 607 (internal investigation) & (stay).) After the opposing entities filed their responses to the objections (Responses, ECF Nos. 614 & 615), FirstEnergy sought leave to file a reply memorandum in support of their objections. *See* Status Report, ECF No. 621 (including proffered reply memorandum).

Ordinarily, such a request must be made by written motion. S.D. Ohio Civ. R. 7.1(a) provides that "the determination of all motions . . . shall be based upon memoranda filed pursuant to S.D. Ohio Civ. R. 7.2 and without oral hearings, unless specifically ordered by the Court." Rule 7.1(c) provides, however, that "[t]he Court may, for good cause shown, provide for an early hearing on any motion with or without the filing of memoranda by the parties." Therefore, in an effort to avoid delay and given that the parties had already written on the reply memorandum issue in their January 17, 2024 status reports (Reports, ECF Nos. 620 & 621), the undersigned held a

---

[1] Unless otherwise expressly indicated, all references to documents filed on the docket shall be to the numbered document in Case No. 2:20-cv-03785. The parties should understand these references to refer to the corresponding documents filed in Case Nos. 2:21-cv-05839 and 2:22-cv-00865 when appropriate.

January 18, 2024 video status conference with the parties to address the request for leave to file a reply memorandum.

At the outset of that proceeding, the undersigned recognized that the requirement of a written motion for leave was being dispensed with, explaining:

> [W]e are here today to address the request for leave to file a reply to pending objections.
>
> And as a matter of exigency, rather than have the parties brief the issue, we are simply having oral argument today, and then we will have an issue – issued a decision today, memorialized, and filed shortly thereafter.

(1/18/24 Hrg. Tr., ECF No. 622, at PageID 1374:8-15.)

Counsel for FirstEnergy then proceeded to present the company's arguments in support of the request to file a reply memorandum, followed by Plaintiffs' presentation of the counterarguments.  After a brief recess, the hearing resumed and the undersigned explained why the request for leave failed.  This Order memorializes that reasoning and serves as the formal denial of FirstEnergy's request.[2]

## ANALYSIS

There are six core rationales or precepts relevant to FirstEnergy's request for leave to file a reply memorandum.  The undersigned shall address each analytic point in turn.

***Reply briefs are <u>not</u> prohibited per se.***  The parties debate what Chief Judge Marbley and Magistrate Judge Jolson meant in their November 30, 2023 Order when they wrote that "[p]arties will not have the opportunity to file a reply to the response unless otherwise ordered by the Court." (Order, ECF No. 576 at PageID 112426.)  Plaintiffs take the position that this is a prohibition on

---

[2]  Following the January 18, 2024 hearing, FirstEnergy filed objections to the denial of its motion for leave to file a reply memorandum.  (Objections, ECF No. 624.)  In a February 2, 2024 Notation Order, Magistrate Judge Jolson struck these premature objections

the filing of reply briefs unless and until the Court *sua sponte* orders the filing of a reply brief. FirstEnergy takes the position that reply briefs are permitted if and only if leave is granted by Chief Judge Marbley and/or Magistrate Judge Jolson.

The undersigned is of the opinion that Plaintiffs read too much nuanced meaning into the language used by Chief Judge Marbley and Magistrate Judge Jolson. At the January 18, 2024 hearing, the undersigned explained my interpretation of the November 30, 2023 Order language:

> One thing that Plaintiffs have suggested and that FirstEnergy disagrees with, and I take FirstEnergy's position on, is the meaning of the Judge's [*sic*] language in ECF No. 576 at page ID 12426, in which they talk about "a reply brief unless ordered by the Court" is the language at issue.
>
> There's two ways to read this language. Plaintiff would read it as only upon Court orders, sua sponte by the Court. If the Court wants a reply brief, then the Court orders a reply brief.
>
> Defendants take the position – FirstEnergy takes the position that "unless ordered by the Court" is interchangeable with "upon leave of the Court." You obtain leave of the Court by getting an order from the Court. I think that is a more logical interpretation. I understand Plaintiffs' nuanced interpretation, that the difference in language would be viewed as more prohibitive here. However, two reasons compel me to reject that nuanced language.
>
> One is just the overall proposition that we can draw guidance from the analogous context of Rule 72 and how the Magistrate Judge orders are treated and objections are treated.
>
> The local rule -- the Rule 72 of the Federal Rules of Civil Procedure, 72(a), does not allow for a reply brief. The standing order of this court on magistrate judges -- I think it's Columbus Order – and here I shouldn't try to show off and quote it, but I think it's 22-01. I'm not certain of the title – but it contemplates no reply without leave of Court. Expressly uses the language "leave of Court."
>
> I would be shocked if Magistrate Judge Jolson and Chief Judge Marbley intended "unless ordered by the Court" -- I would think that they used that as a shorthand for "without obtaining leave of Court."
>
> They would never want to foreclose briefing, I think, if there were good cause or a good reason behind the necessity of the briefing.

4

> So I'm going to take some -- draw some guidance from that analogous construct, construe the language of the Judge's [*sic*] decision on Document No. 576 as enabling us to consider a motion for leave.

(1/18/24 Hrg. Tr. at PageID 13774:7-25 to PageID 13775:1-23.) In other words: the most logical, consistent, and common-sense interpretation of the November 30, 2023 Order language is that Chief Judge Marbley and Magistrate Judge Jolson intended for objection briefing in this litigation to track objection briefing related to Magistrate Judge Orders in the Columbus seat of Court in this District, which means that a party cannot file a reply in support of objections without having first demonstrated good cause and obtained leave of court. As an agent of the Court exercising delegated powers, the undersigned acting as Special Master can entertain and rule on a motion for leave to file a reply memorandum.

       ***FirstEnergy's purported inability to address the basis for exclusion is a red herring.*** FirstEnergy argues that additional briefing is necessary in part because the undersigned did not afford FirstEnergy an opportunity to brief the declaration issue (*i.e.*, the sufficiency of the O'Neil document) before deciding the motion to compel. But FirstEnergy is not entitled to such an opportunity when the threshold issue is whether there has been evidence submitted for consideration.

At the January 18, 2024 hearing, the undersigned explained the following:

> I've listened to the parties debate, and I've listened to Mr. Giuffra say, as recently as today, several times, that FirstEnergy didn't have an opportunity to brief the declaration issue to me. His quote was today he didn't know it was an issue.

> Well, respectfully, every attorney on this call should well have known that was an issue. It's your job to know what is proper evidence and what is not proper evidence. The Court and any agent of the Court, including a lowly Special Master, should not have to inform you that you can only submit and rely on proper evidence.

> If this were a summary judgment proceeding and you gave me a declaration -- or a transcript uncertified by a court reporter, it would fail to constitute proper summary judgment evidence. It would be excluded, and it would be excluded

5

without having to tell the parties, hey, we're going to exclude this, because you're already on notice by the Federal Rules of Civil Procedure as to what constitutes proper evidence and what does not.

The O'Neil declaration, the document that was stricken as an insufficient declaration -- I did so because it failed to constitute proper evidence. If there was a substantive reason to, you know, get into that it was not briefed that I was going to raise, I would have given an opportunity for the parties to brief it. It's not my job or function to give the parties the opportunity for a second bite of the apple to submit proper evidence. I consider the evidence in front of me, found it wanting, and struck it.

So the issue is there's objections to that pending before Chief Judge Marbley to rule upon. The issue is very simple in front of the Judge. Either I got it right or I got it wrong.

If I got it right, the issue is over in terms of this briefing in this Court on the internal investigations. If I got it wrong, the Judge can go ahead and rule whichever way he wants on it, or he could remand it for me to consider other issues. Other issues that I did not consider or opine upon where the – the entire personal knowledge issue, whether one member of the Board can speak for all members of the Board and such.

(1/18/24 Hrg. Tr., ECF No. 622 at PageID 13776:22-25 to 13778:1-14.) Stated otherwise, FirstEnergy has failed to present any authority for the proposition that the Court or any arm of the Court must function as an advisor on what constitutes permissible evidence to support a motion or memorandum in opposition. Nor has FirstEnergy presented the undersigned with any authority that enforcing well settled law as to what constitutes permissible evidence need to run by the parties in advance or cannot serve as the basis for a decision disposing of a related motion.

Analogous support for the undersigned's reasoning exists. For example, consideration by a district court of materials outside the pleadings in a Rule 12(b)(6) context generally requires notice to the parties of conversion into a motion for summary judgment and the provision of the opportunity to then present all pertinent material to the court. *See Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006). The Sixth Circuit has held, however, that "[t]he district court's failure to give such notice and opportunity to respond is not reversible error

6

. . . where all parties in fact had a sufficient opportunity to present pertinent materials." *Id.* at 504. *See also Northville Downs v. Granholm*, 622 F.3d 579, 585 (6th Cir. 2010) ("Although a district court should give the parties notice and an opportunity to present all material relevant to a motion for summary judgment, '[t]he district court's failure to give such notice and opportunity to respond is not reversible error . . . where all parties in fact had a sufficient opportunity to present pertinent materials.'").

This precedent matters here because FirstEnergy had a sufficient opportunity to present a valid declaration. FirstEnergy was on notice from the outset what 28 U.S.C. § 1746 required for a valid declaration. FirstEnergy was on notice from the outset that S.D. Ohio Civ. R. 7.2(d) requires that "[w]hen proof of facts not already of record is necessary to support or oppose a motion, all evidence then available shall be discussed in, and submitted no later than, the primary memorandum of the party relying on such evidence." And First Energy was on notice from the outset that S.D. Ohio Civ. R. 7.2(e) requires that "[e]vidence shall be presented, in support of or in opposition to any motion, using affidavits, declarations pursuant to 28 U.S.C. § 1746, deposition excerpts, admissions, verified interrogatory answers, and other documentary or electronic exhibits." FirstEnergy failed to comply with these requirements, despite having the opportunity to do so.

Thus, contrary to FirstEnergy's assertions, the undersigned did not decide the motion to compel on grounds the parties did not argue, but in fact applied the correct standard and found a lack of evidence supporting FirstEnergy's factual assertions. There is no requirement anywhere that the undersigned must decline to rule on the evidence before the Court and ask one party if it wants to file a better document that actually constituted evidence before ruling.

***There is no need to respond to a new argument.*** In ruling on the pending objections, Chief Judge Marbley and Magistrate Judge Jolson are likely to disregard Plaintiffs' argument that the document proffered as O'Neil's declaration should have been struck because O'Neil lacked the ability or personal knowledge to make the statements contained therein. Two reasons lead to this conclusion.

First, Plaintiffs did not make that argument to the undersigned and should not raise new arguments not made to the undersigned as a substantive basis for rejection of the O'Neil document.

Second, the undersigned did not rely on Plaintiff's no-knowledge rationale in any way in rejecting the O'Neil document. FirstEnergy conceded this latter point at the January 18, 2024 oral argument, where the following exchange took place:

> [MR. GIUFFRA:] But this whole question about personal knowledge was not an issue that has been raised previously and, obviously, we didn't know what the ten statements that were in the declaration were that they claim were not on personal knowledge until we saw their opposition briefed to our objections.
>
> SPECIAL MASTER JUDGE: Well, let me stop you right there for a moment. No part of my decision in declining to consider the O'Neil document that was submitted as a declaration turned on the ability of Mr. O'Neil to declare the statements therein or his lack of personal knowledge, did it?
>
> MR. GIUFFRA: That's absolutely correct, but in, obviously, trying to come up with another ground to strike his declaration, the Plaintiffs are saying that he didn't have personal, and I briefed that issue before Chief Judge Marbley. So we should have the opportunity to respond and say why he did have personal knowledge, because they can raise that issue in their objections. And we're not saying that they can't. So we should have the right to respond it.
>
> SPECIAL MASTER JUDGE: But doesn't that issue go toward the weight to be afforded the document and not whether the document constitutes a proper declaration that can be considered in the first place regardless of its substance?
>
> MR. GIUFFRA: I think the way I read their -- their argument, they say, well, he didn't have personal knowledge. Therefore, he couldn't opine -- he couldn't make a declaration on those issues. So they say that's a basis for striking the declaration.

You could strike a declaration if someone doesn't have personal knowledge of the issues that they are -- they are swearing to in a declaration.

SPECIAL MASTER JUDGE: You certainly can, but that would be an odd argument for them to make, considering that was not the basis of my decision.

(1/18/24 Hrg. Tr., ECF No. 622 at PageID 13746:16-25 to 13748:1-3.) The point of this exchange—and the point to be made here—is that a reply memorandum addressing the no-personal knowledge argument is unnecessary because that rationale was not the basis of the undersigned's decision. As such, the parties' thoughts regarding personal knowledge are either premature or wholly irrelevant to the issue before Chief Judge Marbley and Magistrate Judge Jolson, *i.e.*, the basis that was the reason the O'Neil document was rejected: that it did not constitute a declaration that could be considered as evidence at all, regardless of whether the document's assertions could be accepted. And Chief Judge Marbley and Magistrate Judge Jolson are fully capable of recognizing that Plaintiffs are trying to introduce new arguments for the first time, even without a reply memorandum pointing it out. *See Little Hocking Water Assn., Inc. v. E.I. du Pont de Nemours & Co.*, No. 2:09-cv-1081, 2015 WL 12991138, at *2 (S.D. Ohio Jan. 15, 2015) ("The Court is . . . able to review the necessary filings and determine whether or not [a party] has raised new arguments in its reply memorandum.").

**There _is_ a prohibition on filing some documents without good cause.** In an effort to curb unnecessary motions practice and related filings, the undersigned directed in a December 19, 2023 Order that

> no party or interested non-party can file any motion or filing (whether related to discovery, briefing deadlines, protective orders, or other areas of substantive concern) without first obtaining leave from the undersigned. All parties and interested non-parties remain as free as before to file "non-substantive" documents such as motions for leave to appear pro hac vice, withdrawals, change of addresses, or other similar routine filings. All existing filings expressly permitted by the Court (*e.g.*, objections) remain in effect and are exempt from the leave-of-court requirement.

9

(Order, ECF No. 602 at PageID 13062.) FirstEnergy reacted to this directive by suggesting the need for a stipulation or agreement that the undersigned would not deprive the company of its right to file filings permitted under the Federal Civil Rules.

The undersigned rejected the need to fulfill such a peculiar request, explaining that the intention was to foster discussion over whether a filing was necessary and to prevent unnecessary filing—while ensuring FirstEnergy that was no need for the undersigned to sign a document indicating, in effect, that the undersigned would follow the law. That is a given.

In an effort to support the filing of its reply memorandum, FirstEnergy argues that the undersigned has indicated that because he would not preclude a permissible filing, FirstEnergy should be able to obtain leave of court to file its proffered reply memorandum. But FirstEnergy is strategically conflating the potential ability to do something with a right to do something. Just as Plaintiffs read too much into the Judges' briefing language above, FirstEnergy reads too much into the undersigned's reassurance language here.

Stated simply: a guarantee that you will not be precluded from filing documents expressly provided for by the Federal Civil Rules is not a blanket entitlement to filing that dispenses with requirements such as the good necessary to obtain leave of court for an optional filing.

The filing of a reply memorandum, otherwise prohibited by the Court's Orders unless good cause is demonstrated thus still requires showing good cause. As discussed above, FirstEnergy has failed to meet that burden, which means that it cannot file its reply memorandum. And the company cannot successfully twist a promise of permissible filing to read out the good cause requirement.

***Unnecessary briefing begets unnecessary briefing.*** An additional reason for rejecting leave to file the reply memorandum is that it would invariably necessitate a sur-reply brief to allow

10

the opposing entities the opportunity to be heard on multiple arguable misstatements in the proffered reply memorandum. Having spot-checked various propositions, the undersigned was largely in agreement with Plaintiffs and explained:

> I think if I would grant the reply brief, I may as well grant a surreply at the same time. Because when I was researching the reply brief, it struck me as how many inaccuracies there were or how many, perhaps, unintentional, to be most charitable, ambiguities or potentially misleading statements that were in there. Either that was intentional or it was not, it doesn't matter. A reply brief would necessitate a surreply brief, which pushes more briefing onto the Judge[s].

(1/18/24 Hrg. Tr. at Page ID 13779:7-16.) The undersigned also stated:

> In the objection, in the memorandum in the response to the objection, the parties flush out the issues. The other briefing sufficiently gives the Court what it needs to decide the issues.
>
> What the reply brief would do is introduce extraneous issues that I think are unrelated, that are tangential, or that are outright misleading and would necessitate additional briefing that is best avoided.

(*Id.* at Page ID 13781:6-13.) Additional briefing that would simply cloud the issues and consume more judicial resources is best avoided when the undersigned's dispositive reasoning for excluding the O'Neil document is clearly and directly before the Court. As the Sixth Circuit has noted, "[a]ll of these issues have either been fully briefed or well within the Court's ability to research and determine with the benefit of the present record." *Little Hocking Water Assn., Inc.*, 2015 WL 12991138, at *2 (rejecting filing of reply memorandum in support of objections).

**_Consideration of the briefing is within the scope of appointment._** FirstEnergy has raised that it would expect Chief Judge Marbley to decide whether a reply brief is warranted and not the undersigned, whose underlying decision is targeted by the pending objections. This argument overlooks that the Order Appointing Special Master charges the undersigned with multiple duties that inherently involve management of briefing. *See* Order, ECF No. 541 at PageID 11684-11685. FirstEnergy's argument also assumes that there is a risk of the undersigned foreclosing briefing to

11

hide arguments from the Court that disagree with the undersigned's orders or reports and recommendations. This latter proposition gives the undersigned far too little credit; the task here is to provide correct orders and reports and recommendations to the Court, for the benefit of the parties and the Court, to effectuate efficient and just litigation. If the undersigned has erred in making an order or report and recommendation, it is beneficial for everyone involved for that error to be remedied and the correct analysis learned.

If the undersigned is incorrect and deciding the reply memorandum issue is outside the undersigned's purview, there is no harm to the parties in this instance. Both the transcript of the January 18, 2024 hearing (in which FirstEnergy explains its reply brief contents) (1/18/24 Hrg. Tr., ECF No. 622) and the proffered reply brief (Reply, ECF No. 621, Ex. A) have been filed on the docket and are available for judicial consideration in the event that the undersigned has erred in denying leave to file the reply memorandum.

## **CONCLUSION**

The undersigned **DENIES** FirstEnergy's oral motion for leave to file a reply memorandum in support of its December 20, 2023 Objections.

**IT IS SO ORDERED.**

*/s/ Shawn K. Judge*
SHAWN K. JUDGE (0069493)
SPECIAL MASTER

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on March 12, 2024, the foregoing was filed with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Shawn K. Judge*
Shawn K. Judge (0069493)
