# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION, | Case No. 2:20-cv-03785-ALM-KAJ <br><br> <u>CLASS ACTION</u> <br><br> Chief Judge Algenon L. Marbley <br> Magistrate Judge Kimberly A. Jolson <br> Special Master Shawn Judge |
| MFS Series Trust I, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FirstEnergy Corp., *et al.*, <br><br> Defendants. | Case No. 2:21-cv-05839-ALM-KAJ <br><br> Chief Judge Algenon L. Marbley <br> Magistrate Judge Kimberly A. Jolson <br> Special Master Shawn Judge |
| Brighthouse Funds Trust II – MFS Value Portfolio, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FirstEnergy Corp., *et al.*, <br><br> Defendants. | Case No. 2:22-cv-00865-ALM-KAJ <br><br> Chief Judge Algenon L. Marbley <br> Magistrate Judge Kimberly A. Jolson <br> Special Master Shawn Judge |

**SUPPLEMENTAL PROTECTIVE ORDER**

To resolve and avoid disputes, the Court hereby **ORDERS** that the following limitations and restrictions shall apply to testimony given, documents and information produced for inspection and copying, and discovery responses provided during the course of discovery in the Actions:[1]

---

[1] The Actions include *In re FirstEnergy Corp. Securities Litigation*, Case No. 2:20-cv-03785-ALM-KAJ (S.D. Ohio), *MFS Series Trust I v. FirstEnergy Corp.*, No. 2:21-cv-05839-ALM-KAJ (S.D. Ohio), and *Brighthouse Funds Trust II – MFS Value Portfolio v. FirstEnergy Corp.*, No. 2:22-cv-00865-ALM-KAJ (S.D. Ohio).

1.       **Scope**. This Supplemental Protective Order (hereinafter "Supplemental Protective Order") shall apply to all testimony given and all documents and information produced in the course of discovery in the Actions that the testifying or producing individual or entity has designated as "PERSONAL AND SENSITIVE" pursuant to this Order, including but not limited to all documents, responses to discovery requests, transcripts of testimony, exhibits, and all copies, excerpts, and summaries thereof (collectively, the "Personal and Sensitive Information").

2.       **Purpose**. The purpose of this Supplemental Protective Order is to protect against the unnecessary disclosure of Personal and Sensitive Information.

3.       **Disclosure Defined**. As used herein, "disclosure" or "to disclose" means to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Personal and Sensitive Information to any non-party to this Action, and the restrictions contained herein regarding disclosure of Personal and Sensitive Information also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts, or other documents which may be prepared in connection with these Actions during the course of discovery or other pre-trial proceedings, which contain or refer to the Personal and Sensitive Information or information contained therein.

4.       **Personal and Sensitive Information Defined.** Personal and Sensitive Information is limited to the portions of any documents, testimony, written discovery responses, or other materials produced in these Actions that contain information that reveals or references that any party; any employee, officer, director or agent of a party; or any non-party, including witnesses, may invoke or has invoked his or her Fifth Amendment privilege against self-incrimination. Documents, testimony, written discovery responses, or other materials produced in these Actions,

may not be designated as Personal and Sensitive Information on any ground other than that specified in this paragraph 4.

5. **Designating Material as Personal and Sensitive Information**. Any individual or entity may designate as Personal and Sensitive Information subject to this Supplemental Protective Order information that meets the definition in paragraph 4 above.  Information that is publicly available may not be designated as Personal and Sensitive Information. The designation of materials as Personal and Sensitive Information pursuant to the terms of this Supplemental Protective Order does not mean that the document or other material is entitled to any other status or protection by statute or otherwise.

6. **Form and Timing of Designation**. If the designating individual or entity is also the producing individual or entity, it shall designate any document or other material as Personal and Sensitive Information pursuant to this Supplemental Protective Order by marking each page of the material with a stamp setting forth the Personal and Sensitive Information designation. The designating individual or entity may also designate documents or other material produced by other parties to this Action or by non-parties as Personal and Sensitive Information if designated as such when the material is produced, within thirty days after production, or within thirty days of the entry of this Supplemental Protective Order, whichever is later.  Such designation must be specific as to the portions of the document or other material to which the Personal and Sensitive Information designation applies, and such portions may not exceed the definition of Personal and Sensitive Information set forth above.

Information containing a designating individual or entity's responses to interrogatories or other discovery requests must be designated by prominently marking every page of such documents containing the information with the Personal and Sensitive Information designation.

Discovery responses will be deemed Personal and Sensitive Information if designated as such when the responses are served, within thirty days after service, or within thirty days of the entry of this Supplemental Protective Order, whichever is later.  Again, such designation must be specific as to the portions of the response to which the Personal and Sensitive Information designation applies, and such portions may not exceed the definition of Personal and Sensitive Information set forth above.

Deposition testimony will be deemed Personal and Sensitive Information if designated as such when the deposition is taken, at such time as confidentiality designations are due under the Protective Order after receipt of the final deposition transcript, or within thirty days of the entry of this Order, whichever is later. Such designation must be specific as to the portions of the transcript and/or exhibits to which the Personal and Sensitive Information designation applies, except that any exhibit that was designated Personal and Sensitive Information prior to the deposition shall be presumed to fall within the provisions of this Supplemental Protective Order without further designation.

If timely corrected, an inadvertent failure to designate Personal and Sensitive Information does not, standing alone, waive the designating individual or entity's right to secure protection under this Supplemental Protective Order for such material. Upon timely correction of a designation, the Receiving Party must take reasonable efforts to assure that the material is treated in accordance with the provisions of this Supplemental Protective Order.

7. **Waiver of Designation**. It shall be deemed a waiver of the Personal and Sensitive Information designation if, subsequent to the entry of this Supplemental Protective Order, the designating individual or entity, counsel for the designating individual or entity, or any other agent or immediate family member of the designating individual or entity makes any public statement

regarding his or her responsibility or culpability for the acts at issue in this matter or in any related criminal matter, including any public comments on the strength or weakness of the evidence thereof. If a party believes that a waiver under this paragraph has occurred for any reason, that party shall confer with counsel for the individual or entity that designated the documents or materials. The burden to properly maintain the designation in the event of an alleged waiver shall, at all times, remain with the individual or entity that made the designation to show that said document or information should remain protected pursuant to Federal Civil Rule 26(c). In the event of a disagreement, then the designating individual or entity shall file a motion pursuant to Federal Civil Rule 26(c). A party who believes the designation has been waived must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court. If the Court finds that the designating individual or entity has failed to rebut prima facie evidence that the designating individual or entity, counsel for the designating individual or entity, or any other agent or immediate family member of the designating individual or entity made any public statement regarding his or her responsibility or culpability for the acts at issue in this matter or in any related criminal matter, including any public comments on the strength or weakness of the evidence thereof, the designation shall be waived without any further recourse. This provision shall not operate to prohibit or limit any statement by an individual or entity or counsel for an individual or entity in pleadings or materials filed with any court or during court hearings or other proceedings, even if those statements are a matter of public record or are otherwise reported by the media.

    8.    **Limitations of Use**.

        a.    **General Protections**. All information that has received a Personal and Sensitive Information designation, including all information derived therefrom, may be used by

any Receiving Party solely for purpose of prosecuting or defending the Actions, or for purposes of defending or prosecuting a separate action involving solely parties to this Action ("Separate Party Action"). This Supplemental Protective Order is without prejudice to the discoverability or admissibility of any Personal and Sensitive Information in any such Separate Party Action.  In any Separate Party Action, the parties agree to abide by confidentiality restrictions governing the use of Personal and Sensitive Information no less restrictive than in this Supplemental Protective Order. A Receiving Party shall not use or disclose the Personal and Sensitive Information for any other purpose, including but not limited to any business, commercial, or competitive purpose. Except as set forth in this Supplemental Protective Order, a Receiving Party shall not disclose Personal and Sensitive Information to any third party. This Supplemental Protective Order shall not prevent the designating individual or entity from using or disclosing information it has designated as Personal and Sensitive Information for any purpose that the designating individual or entity deems appropriate. Provided, however, that the designating individual or entity's voluntary disclosure of Personal and Sensitive Information outside the scope of these Actions may impact the protection that this Supplemental Protective Order would otherwise provide with regard to such information, once disclosed.

    b. **Persons to Whom Information Designated Personal and Sensitive Information May Be Disclosed**. Use of any information, documents, testimony, or other material designated Personal and Sensitive Information, including all information derived therfrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Supplemental Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

        i.        outside counsel of record for the parties, and the administrative staff of outside counsel's firms;

        ii.        in-house counsel for the parties, and the administrative staff for each in-house counsel;

        iii.        any party to these Actions who is an individual;

        iv.        as to any party to these Actions who is not an individual, every employee, director, officer, or manager of that party, but only to the extent necessary to further the interests of the parties in these Actions and only after such person has been advised that the Personal and Sensitive Information is being disclosed pursuant to and subject to the terms of this Supplemental Protective Order;

        v.        independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of any of these Actions, but only to the extent necessary to further the interests of the parties in these Actions, and only after such persons have completed the certification attached hereto as Attachment A, Acknowledgment of Understanding and Agreement to be Bound;

        vi.        the Court and its personnel, including but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of these Actions;

        vii.        any court reporter or videographer reporting a deposition or hearing;

     viii. employees of copy, microfilming, or database services, litigation or trial support firms, and/or translators who are engaged by the parties during the litigation of these Actions;

     ix. interviewees, potential witnesses, deponents, hearing or trial witnesses, and any other person, where counsel for a party to these Actions in good faith determines the individual should be provided access to such information in order for counsel to more effectively prosecute or defend these Actions (as long as the disclosure occurs in the presence of counsel, and copies, duplicates, images, or the like are not removed or retained by any interviewee, potential witness, deponent, or hearing or trial witness); provided, however, that in all such cases the individual to whom disclosure is to be made has been informed that the information is Personal and Sensitive Information and protected by Court Order and has completed the certification attached hereto as Attachment A, Acknowledgment of Understanding and Agreement to be Bound, or, in the context of a deposition, the individual has been informed on the record that the information is Personal and Sensitive Information and protected by Court Order and has been provided a copy of this Order; and

     x. any other person agreed to in writing by the parties after such person has been advised that the Personal and Sensitive Information is being disclosed pursuant to and subject to the terms of this Supplemental Protective Order.

  9. **Filing Materials Containing Information With a Personal and Sensitive Information Designation.** In the event a party seeks to file with the Court any Personal and Sensitive Information subject to protection under this Personal and Sensitive Information, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the individual or

8

entity who designated the information Personal and Sensitive; (b) submitting the document solely for in camera review where appropriate (*e.g.*, in relation to discovery and evidentiary motions); or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal.

10. **Attorneys Allowed to Provide Advice**. Nothing in this Supplemental Protective Order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client with respect to these Actions or from doing anything necessary to prosecute or defend these Actions and furthering the interests of his or her client, except for the disclosure of Personal and Sensitive Information as proscribed in this Supplemental Protective Order.

11. **Excluding Others From Access**. Whenever Personal and Sensitive Information pursuant to this Supplemental Protective Order is to be discussed at a deposition, the designating individual or entity may exclude from the room any person, other than persons designated in Paragraph 6 of this Supplemental Protective Order, as appropriate, for that portion of the deposition.

12. **No Voluntary Disclosure to Other Entities**. Neither the parties nor anyone acting on their behalf may voluntarily disclose Personal and Sensitive Information to any state or federal law enforcement or regulatory agency, or any employee thereof, except as set forth in paragraph 6 of this Supplemental Protective Order or as otherwise commanded by law or provided in this Supplemental Protective Order.  Nothing in this Supplemental Protective Order shall prevent a party from providing information in its possession in response to a valid order or subpoena from a law enforcement or regulatory agency requiring the production of such information, except that, prior to such production, the party producing the information shall provide as much advance notice as possible to the individual or entity that designated the material as Personal and Sensitive

Information to facilitate that individual or entity's efforts to preserve the confidentiality of the material, if warranted.

13. **Disputes As to Designations**. Each party has the right to dispute the Personal and Sensitive Information designation asserted by any individual or entity in accordance with this Supplemental Protective Order. If a party believes that any documents or materials have been inappropriately designated by another individual or entity, that party shall confer with counsel for the individual or entity that designated the documents or materials. As part of that conferral, the designating individual or entity must assess whether redaction is a viable alternative to complete non-disclosure. If any party challenges the Personal and Sensitive Information designation of any document or information, the burden to properly maintain the designation shall, at all times, remain with the person or entity that made the designation to show that said document or information should remain protected pursuant to Federal Civil Rule 26(c). In the event of a disagreement, then the designating individual or entity shall file a motion pursuant to Federal Civil Rule 26(c). A party who disagrees with the designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

14. **Information Security Protections**. Any person in possession of Personal and Sensitive Information received from another person in connection with these Actions shall maintain an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Personal and Sensitive Information, protect against any reasonably anticipated threats or hazards to the security of such Personal and Sensitive Information, and protect against unauthorized access to or use of such Personal and Sensitive Information.

If a Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, to Personal and Sensitive Information subject to this Supplemental Protective Order, they shall: (1) notify the individual or entity who designated the materials under the terms of this Supplemental Protective Order of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach; and (3) provide sufficient information about the breach that the designating individual or entity can reasonably ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the designating individual or entity or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

15. **All Proceedings Open to Public**. Pretrial proceedings and hearings are presumptively open to the public ("Public Hearing"). Absent further order of the Court, no party shall use during a Public Hearing any document or information that has been designated Personal and Sensitive Information or documents or information derived therefrom that would disclose such Personal and Sensitive Information. If a party intends to present at a Public Hearing any document or information that has been designated Personal and Sensitive Information, the party intending to present such document or information shall seek permission from the Court at least fourteen (14) days before the Public Hearing without divulging the actual Personal and Sensitive Information. If this timeframe is not available, at a reasonable timeframe in advance of such Public Hearing such that the parties may address the merits of the designation with the Court. Any individual or entity may then seek appropriate relief from the Court regarding restrictions on the use of such documents or information at proceedings, or sealing of the courtroom, if appropriate. This paragraph shall not apply to the use of Personal and Sensitive Information at trial, which shall be addressed at the Final Pretrial Conference.

16. **No Waiver of Right to Object**. This Supplemental Protective Order does not limit the right of any party to object to the scope of discovery in the Actions.

17. **No Determination of Admissibility**. This Supplemental Protective Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto in these Actions or any Separate Party Action.

18. **No Admissions**. Designation by any individual or entity of information or documents under the terms of this Supplemental Protective Order, or failure to so designate, will not constitute an admission that information or documents are or are not confidential or that any party does or does not have a right to privacy in any information or documents.  No party may introduce into evidence in the Actions, other than a motion to determine whether this Supplemental Protective Order covers the information or documents in dispute, the fact that an individual or entity designated or failed to designate information or documents under this Supplemental Protective Order.

19. **No Prior Judicial Determination**. This Supplemental Protective Order is based on representations and agreements of the parties and is entered for the purpose of facilitating discovery in these Actions. Nothing in this Supplemental Protective Order shall be construed or presented as a judicial determination that any documents or information designated as Personal and Sensitive Information are in fact subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

20. **Order Subject to Modification**. This Supplemental Protective Order shall be subject to modification by the Court on its own motion or on motion of a party or other person with standing concerning the subject matter.

21. **Parties May Consent to Disclosure**. Nothing shall prevent disclosure beyond the terms of this Supplemental Protective Order if all parties, including the designating individual or entity, consent to such disclosure or if the Court, after notice to all affected parties and the designating individual or entity, permits such disclosure. Specifically, if and to the extent any party wishes to disclose Personal and Sensitive Information beyond the terms of this Supplemental Protective Order, that party shall provide all other parties, including the designating individual or entity, with reasonable notice in writing of its request to so disclose the materials. If the parties cannot resolve their disagreement with respect to the disclosure of any Personal and Sensitive Information, then a party or the designating individual or entity may petition the Court for a determination of these issues. In addition, any interested member of the public may also challenge the designation of any material as Personal and Sensitive Information, pursuant to the terms of this Paragraph.

22. **Return or Destruction of Materials Upon Termination of Litigation**. Upon the written request of the designating individual or entity, within 30 days after the (i) entry of a final judgment no longer subject to appeal on the merits of these Actions; (ii) final disposition of an application for attorneys' fees and expenses; or (iii) finalization of a settlement that is no longer subject to appeal, whichever comes later, the parties and any person authorized by this Supplemental Protective Order to receive Personal and Sensitive Information shall return to the designating individual or entity, or destroy, all information and documents subject to this Supplemental Protective Order, unless the specific document has been offered into evidence or filed without restriction as to disclosure. The party returning or destroying the documents or other information shall certify that it has not maintained any copies of Personal and Sensitive Information, except as permitted by this Supplemental Protective Order.

23. **Counsel Allowed to Retain Copies of Filings**. Nothing in this Supplemental Protective Order shall prevent outside counsel for a party from maintaining in its files a copy of any filings in these Actions, including any such filings that incorporate or attach Personal and Sensitive Information. Moreover, an attorney may retain and use his or her work product in subsequent litigation provided that such use does not disclose Personal and Sensitive Information.

IT IS SO ORDERED.

Date: March 19, 2024

_____
ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE


/s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

**to Supplemental Protective Order**

The undersigned hereby acknowledges that he/she has read the Supplemental Protective Order dated March 19, 2024, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Supplemental Protective Order and understands that the terms of the Supplemental Protective Order obligate him/her to use documents and information designated PERSONAL AND SENSITIVE INFORMATION in accordance with the Supplemental Protective Order, solely for the purpose of the above-captioned action and prohibit him/her from disclosing such documents or information derived therefrom to any other person, firm, or the public.

The undersigned acknowledges that violation of the Supplemental Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____  _____
                   Signature