**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) ) | No. 2:20-cv-03785-ALM-KAJ <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS | ) ) ) ) ) ) | Judge Algenon L. Marbley <br> Magistrate Judge Kimberly A. Jolson |
| MFS Series Trust I, et al., <br><br>          Plaintiffs, <br><br> vs. <br><br> FirstEnergy Corp., et al., <br><br>          Defendants. | ) ) ) ) ) ) ) ) ) ) | Case No. 2:21-cv-05839-ALM-KAJ |
| Brighthouse Funds Trust II – MFS Value Portfolio, et al., <br><br>          Plaintiffs, <br><br> vs. <br><br> FirstEnergy Corp., et al., <br><br>          Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:22-cv-00865-ALM-KAJ |

**FIRSTENERGY'S OBJECTIONS TO THE SPECIAL MASTER'S
MARCH 12, 2024 ORDER DENYING LEAVE TO FILE A REPLY BRIEF**

FirstEnergy Corp. ("FirstEnergy") respectfully objects to the Special Master's March 12, 2024 Order denying permission to move this Court for leave to file a short reply brief ("Reply") in support of its objections to the Special Master's Order compelling discovery into FirstEnergy's privileged internal investigations. (*See* ECF No. 635 ("March 12 Order").) Through these objections, FirstEnergy seeks an order from this Court clarifying whether the Special Master has authority to (i) decide the scope of briefing on objections to his own orders or recommendations; and (ii) prohibit parties from filing motions permitted by the Federal Rules of Civil Procedure or other applicable rules. Both issues are joined here, where the Special Master barred FirstEnergy from moving the Court for permission to file the Reply.

On December 19, 2023, the Special Master ordered the parties not to file anything substantive without his leave, but assured that he meant only to prompt discussion to potentially obviate filings, and that he would not prevent any party from filing motions. (ECF No. 602 at PageID 13062 ("Dec. 19 Order").) Nonetheless, a few weeks later, the Special Master refused permission to FirstEnergy to move this Court for leave to file the Reply—a motion permitted by this Court's Standing Orders. (*See* Jan. 18, 2024 Tr. (ECF No. 622) at PageID 13781); *see also* Amended Columbus General Order 22-01.

FirstEnergy respectfully submits that the Special Master misconstrued his authority when denying permission to file the proposed motion. In its November 30, 2023 Order—which distinguishes between motions to be directed to the Special Master and those to be directed to "the Court"—this Court permitted replies in support of objections if "ordered *by the Court*," not the Special Master. (*See* ECF No. 576 at PageID 12426 (emphasis added).) The Special Master, however, concluded that he could bar FirstEnergy's motion because the Appointment Order "inherently involve[s] management of briefing." (March 12 Order at PageID 13927.) But nothing

in the Appointment Order authorizes the Special Master to set the scope of briefing for objections to his own orders. (*See* ECF No. 541 at PageID 11684–85.) By definition, the Special Master disagrees with the objections and cannot decide what may be briefed—just as a district court cannot decide what briefing may be filed in an appeal.[1]

The Special Master's reasoning that FirstEnergy's proposed Reply contains supposedly "ambigu[ous]" and "inaccura[te]" arguments illustrates why this Court should decide whether to allow a reply brief for objections. (*See* Jan. 18, 2024 Tr. at PageID 13779, 13781.) In fact, the Special Master asserted that his "spot-check" of unspecified "propositions" in the proposed Reply found purported "inaccuracies" and "extraneous issues" that are "outright misleading." (March 12 Order at PageID 13927.) FirstEnergy strongly disagrees with the Special Master's characterizations (and lack of any specifics), but only this Court can adjudicate the merits of challenges to the Special Master's rulings, not the Special Master himself.

The Special Master's ruling also appears to contradict his prior assurances about his December 19 Order purporting to bar "*any motion or filing* . . . without first obtaining leave" from the Special Master.[2] (Dec. 19 Order at PageID 13062 (emphasis added).) FirstEnergy promptly raised concerns that this Order could prohibit filings authorized by the Federal Rules of Civil Procedure, the local rules of this Court, or Court order, which would plainly be improper. (*See* Dec. 21, 2023 Tr. (ECF No. 610) at PageID 13323–24); *Lopez* v. *Foerster*, 791 F. App'x 582, 586 (6th Cir. 2019) ("[D]istrict courts should not in most circumstances prevent parties from filing

---

[1] The Special Master pointed to Amended Columbus General Order 22-01's language that replies in support of objections to Magistrate Judge rulings require "leave of court." (March 12 Order at PageID 13920.) But FirstEnergy never disputed whether leave of court is required—only that leave is decided by the District Court, not the Special Master, for replies supporting objections.

[2] The Special Master excepted from this rule objections and "non-substantive" documents, such as *pro hac vice* motions. (Dec. 19 Order at PageID 13062.)

motions authorized by the Federal Rules."); *Richardson Greenshields Sec.*, *Inc.* v. *Lau*, 825 F. 2d 647, 652 (2d Cir. 1987) (preventing motion for leave to amend was "clear abuse of discretion."). The Special Master assured the parties that, despite its plain language, his Order imposed no such restriction. He clarified that (i) the Order required only that the parties "talk to one another [and] [the Special Master] . . . before [they] file something"; (ii) it was "not the Court's intent to prohibit you from filing anything"; and (iii) if a party seeks to make a filing, the Special Master is "*not going to tell you no, ever*." (Jan. 4, 2024 Tr. (ECF No. 616) at PageID 13647 (emphasis added).)

FirstEnergy agreed with the goal of avoiding unnecessary motions and followed the required steps: conferring with the parties on its anticipated motion for leave to file the Reply and then addressing the matter at a conference with the Special Master. Despite prior assurances, the Special Master denied FirstEnergy permission to file its leave motion with the Court and then *sua sponte* "dispensed" with "normal[]" motion practice and denied the motion.[3] (Jan. 18, 2024 Tr. at PageID 13775, 13779, 13781.)

The Special Master misconstrued FirstEnergy as arguing that it has an automatic right "to obtain leave of court to file" its proposed Reply. (March 12 Order at PageID 13926.) FirstEnergy made no such argument—it merely asserted that the District Court, not the Special Master, should determine whether the Reply could be filed. The Special Master then changed his directions and announced that there "*is* a prohibition on filing some documents," namely those that are "optional" or require a showing of "good cause." (*Id.* at PageID 13925–26.) But the Special Master cannot "take the significant step of restricting [parties] . . . from filing" motions permitted under the Rules or Court order—no matter how the motion may be characterized or what threshold

---

[3] Magistrate Judge Jolson struck FirstEnergy's objections to this January 18 oral ruling as premature because no written order had yet issued. (*See* ECF Nos. 624, 625.)

-3-

showing may be required—absent a "'pattern of repetitive, frivolous, or vexatious filings,'" *United States* v. *Petlechkov*, 72 F.4th 699, 710 (6th Cir. 2023), which is completely absent here.

Even putting aside the Special Master's authority to rule on leave to file the Reply, the Special Master also misapplied the good cause standard for replies. *See In re Ford Motor Co.*, 86 F.4th 723, 727 (6th Cir. 2023). Good cause exists here because the Reply (attached hereto) concisely addresses three arguments Plaintiffs never raised before the Special Master's privilege rulings, which FirstEnergy had no opportunity to address in its Objections:

a. The Reply addresses Plaintiffs' new argument in their Opposition that FirstEnergy waived its arguments about the Special Master's decisions (i) to exclude a declaration by FirstEnergy director James O'Neil, and (ii) to deny FirstEnergy's request to amend the Declaration to address the Special Master's basis for exclusion. The Special Master's entire privilege decision rests on these two rulings (*see* Order (ECF No. 571) at PageID 12375–87), and FirstEnergy could not have raised its arguments any earlier because the rulings were *sua sponte* and based on theories that no party ever raised in briefing the underlying motion to compel.[4]

b. In opposing FirstEnergy's Objections, Plaintiffs raised a new argument that Mr. O'Neil's declaration should be excluded because he supposedly "lacks personal knowledge" for his statements. Without a reply, FirstEnergy would have no opportunity to inform this Court (i) that Plaintiffs waived this argument by failing to raise it when extensively briefing and arguing the motion to compel, and (ii) why the argument is wrong, including because Mr. O'Neil plainly

---

[4] The Special Master erroneously states that he "did not decide the motion to compel on grounds the parties did not argue." (March 12 Order at PageID 13923.) The Special Master's reasoning appears to be that 28 U.S.C. § 1746 and Southern District of Ohio Civil Rule 7.2 put FirstEnergy "on notice" of the correct format for the O'Neil Declaration. (*Id.*) But no party ever argued that the Declaration should be excluded on these or any other grounds. Nor was FirstEnergy ever given the opportunity to show that the Declaration fully complied with applicable law and rules before the Special Master issued his erroneous ruling.

-4-

had personal knowledge about the internal investigations as a member of the Board committees that oversaw the investigations. The Special Master concluded that the District Court is "likely to disregard" "Plaintiffs' no-knowledge rationale" because Plaintiffs "did not make that argument" and it formed no part of his decision, and because the Court is "fully capable of recognizing" that Plaintiffs' arguments are new. (March 12 Order at PageID 13924–25.) FirstEnergy cannot presume that the Court would know that Plaintiffs' argument is newly raised and waived and the Court should not have to sift through the extensive record, unaided by briefing, to reach that conclusion.

        c.      Plaintiffs' Opposition relies extensively on *Medinol, Ltd.* v. *Boston Scientific Corp.*, 214 F.R.D. 113 (S.D.N.Y. 2002), a case they had never before cited, to argue that FirstEnergy's disclosures to its auditor waived work-product protection. (Pls.' Opp. (ECF No. 615) at PageID 13560–62.) But *Medinol* "has been almost uniformly rejected" because it conflicts with the bedrock principle that auditors cannot be adversaries of the companies they audit. *In re Weatherford Int'l Sec. Litig.*, 2013 WL 12185082, at *5 (S.D.N.Y. Nov. 19, 2013); *see Guyton* v. *Exact Software N. Amer.*, 2015 WL 9268447, at *4 (S.D. Ohio Dec. 21, 2015) (good cause to file reply to "clarify . . . misstatements contained in [the other side's] [b]rief").

## CONCLUSION

FirstEnergy requests that the Court clarify that the Special Master may not (i) decide the scope of briefing on objections to his own orders or recommendations; and (ii) prohibit parties from filing motions permitted by the Federal Rules of Civil Procedure or other applicable rules or orders. FirstEnergy also requests that the Court reverse the March 12 Order and allow FirstEnergy to move this Court for leave to file its proposed Reply. In lieu of further briefing, FirstEnergy proposes that the parties rest on the position statements submitted to the Special Master on the issue of whether leave should be granted. (*See* ECF Nos. 620, 621.)

Dated:  March 21, 2024

Respectfully,

/s/ *Paul J. Schumacher*
Paul J. Schumacher, Trial Attorney (0014370)
DICKIE, MCCAMEY & CHILCOTE, P.C.
600 Superior Avenue East
Fifth Third Center, Suite 2330
Cleveland, Ohio  44114
Telephone:  (216) 685-1827
pschumacher@dmclaw.com

Richard J. Silk, Jr.
DICKIE, MCCAMEY & CHILCOTE, P.C.
10 W. Broad Street, Suite 1950,
Columbus, Ohio  43215
Telephone:  (614) 258-6000
rsilk@dmclaw.com

Robert J. Giuffra, Jr. (*pro hac vice*)
Sharon L. Nelles (*pro hac vice*)
David M.J. Rein (*pro hac vice*)
Beth D. Newton (*pro hac vice*)
Nicholas F. Menillo (*pro hac vice*)
Hilary M. Williams (*pro hac vice*)
Tasha N. Thompson (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000

Kamil R. Shields (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C.  20006
Telephone:  (202) 956-7040

*Counsel for Defendant FirstEnergy Corp.*

**DECLARATION OF SERVICE**

I certify that the foregoing was filed electronically on March 21, 2024.  Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Paul J. Schumacher*
Paul J. Schumacher (0014370)

*Counsel for Defendant FirstEnergy Corp.*

# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) | No. 2:20-cv-03785-ALM-KAJ |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) | |
| ALL ACTIONS | ) ) ) ) | Judge Algenon L. Marbley<br>Magistrate Judge Kimberly A. Jolson |
| MFS Series Trust I, et al., | ) | Case No. 2:21-cv-05839-ALM-KAJ |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| FirstEnergy Corp., et al., | ) ) | |
| Defendants. | ) ) | |
| Brighthouse Funds Trust II – MFS Value Portfolio, et al., | ) ) ) | Case No. 2:22-cv-00865-ALM-KAJ |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| FirstEnergy Corp., et al., | ) ) ) | |
| Defendants. | ) ) | |

**REPLY IN SUPPORT OF FIRSTENERGY'S
OBJECTIONS TO THE SPECIAL MASTER'S
NOVEMBER 29 AND 30, 2023 ORDERS**

**PRELIMINARY STATEMENT**

In their 59 pages of opposition briefing, Movants devote just two pages to defending the Special Master's rationale for excluding the O'Neil Declaration (ECF No. 607-3, Ex. 1)—the sole basis on which he granted unprecedented discovery into Jones Day's and Squire Patton Boggs' investigations. (*See* Pls.' Opp., ECF No. 615 at PageID 13547–49.) Movants ignore that the governing statute, 28 U.S.C. § 1746, requires only "substantial," not strict, compliance, which the O'Neil Declaration satisfied. *Peters* v. *Lincoln Elec. Co.*, 285 F.3d 456, 475–76 (6th Cir. 2002). They do not cite a *single* case holding a declaration defective solely because it did not contain the words "true and correct." They have no response to Federal Rule of Evidence 104(a), which makes whether "evidence is admissible" irrelevant to privilege determinations. And they identify no prejudice that would have resulted from Special Master's consideration of the Amended O'Neil Declaration (ECF No. 607-3, Ex. 2).

Having no response on these dispositive points, Movants instead advance new arguments, none of which supports upholding the Special Master's November 29 and 30, 2023 Orders (ECF Nos. 571, 575).

*First*, Plaintiffs claim that this Court cannot consider the Amended O'Neil Declaration or any arguments or authorities that FirstEnergy raised after the Special Master's rulings. (Pls.' Opp. at PageID 13527–30.) But this Court's *de novo* review necessarily requires review of the substance of the Special Master's Orders, including his *sua sponte* exclusion, without any briefing or argument, of the O'Neil Declaration for not containing the words "true and correct."

*Second*, Plaintiffs claim that ten paragraphs in the O'Neil Declaration contain statements not based on his personal knowledge. (Pls.' Opp. at PageID 13549–51.) But Plaintiffs waived this argument by not raising it in their original briefing and, in fact, affirmatively relying

on Mr. O'Neil's declaration in support of their motion. (*See* Plaintiffs' Reply Br., ECF No. 529 at PageID 11438–39.)  In any event, Mr. O'Neil, who served on the very Board committees that supervised the investigations, plainly "has personal knowledge of the [b]oard's practices." *Markowicz* v. *Nielsen*, 316 F. Supp. 3d 178, 196–97 (D.D.C. 2018).

*Finally*, Plaintiffs rely on bad law—*Medinol, Ltd.* v. *Boston Scientific Corp.*, 214 F.R.D. 113 (S.D.N.Y. 2002)—to support their claim that FirstEnergy's communications with its auditor, PricewaterhouseCoopers ("PwC"), waived the work product protection over those communications.  (Pls.' Opp. at PageID 13560–62.)

In the end, the record is overwhelming (including evidence that the Special Master did not address in his November 29 Order) that the Jones Day and Squire investigations were conducted because FirstEnergy was directly responding to very significant legal risks it faced from, and seeking legal advice to respond to, government investigations and civil litigations, including this very case.  Movants provide no support for their assertion that employment decisions or auditor communications were the purpose of these investigations.

## ARGUMENT

**I. THIS COURT SHOULD REJECT PLAINTIFFS' EFFORT TO LIMIT ITS REVIEW OF THE SPECIAL MASTER'S ORDERS.**

Plaintiffs recognize that the Special Master's findings of fact and conclusions of law must be reviewed *de novo* (*see* Order Appointing Special Master, ECF No. 541 at PageID 11687–88), but mischaracterize that standard of review in three key respects:

*First*, Plaintiffs attack a strawman in claiming that this Court cannot consider "new evidence." (Opp. at PageID 13528.)  The Amended O'Neil Declaration is *not* "new evidence." All it does is cure a purported technical deficiency by adding the words "true and correct" and

explaining the inadvertent omission, and otherwise presents exactly the same facts presented to the Special Master. (*See* Menillo Decl. Ex. A (comparing original and amended declarations).)

*Second*, even if the Amended O'Neil Declaration were "new," Plaintiffs are wrong to claim that this Court cannot consider it. Under Rule 53(f)(1), "[i]n acting on a master's order, . . . th[is] court . . . **may receive evidence**" (emphasis added), as courts repeatedly have done in reviewing objections to a special master's order. *See, e.g.*, *Nat.-Immunogenics Corp.* v. *Newport Trial Grp.*, 2018 WL 6168035, at *5 (C.D. Cal. June 12, 2018) (receiving "new evidence" submitted with objections to Special Master order); *Muhammad* v. *Close*, 798 F. Supp. 2d 869, 875–76 (E.D. Mich. 2011) (receiving affidavit submitted with objections to magistrate's report).

*Third*, Plaintiffs erroneously claim (at PageID 13528–29) that this Court may consider only arguments made and authorities submitted to the Special Master. But Plaintiffs ignore that FirstEnergy's supposedly "new arguments" and "new set of authorities" concern (1) the Special Master's *sua sponte* exclusion of the O'Neil Declaration and his denial of leave to amend, without allowing any briefing; or (2) the governing standards of review for FirstEnergy's Objections. Because these issues arose *after* the Special Master excluded the O'Neil Declaration, Defendants could not have presented these arguments and authorities to the Special Master.

Plaintiffs' cases do not support Plaintiffs' cramped interpretation of *de novo* review. The Sixth Circuit in *United States* v. *Beauchamp* did not hold that an appeals court cannot consider new arguments or cases. 659 F.3d 560 (6th Cir. 2011) (Marbley, C.J., sitting by designation). Rather, *Beauchamp* held only that *de novo* review gives no deference to the underlying decision. *Id.* 569 n.3 ("[W]e do not defer to the lower court's ruling but freely consider the matter anew, as if no decision had been rendered below."). In *Murr* v. *United States*, a defendant asserted an entirely new basis for *post-conviction relief*—that his trial should have been severed—in

*supplemental* objections after a magistrate judge had already issued a ruling and the parties had completed briefing on objections. 200 F.3d 895, 902–03, n.1 (6th Cir. 2000). Even so, the Sixth Circuit considered the merits of the issue. *Id.* Finally, in *Watkins* v. *Commissioner of Social Security*, the court found waiver where the defendant had failed to oppose an argument plaintiffs raised to the magistrate judge, only to attempt to address that argument for the first time at the district court level. 2015 WL 5158938, at *2. *Watkins* nonetheless addressed the merits of the issue. *Id.* None of these cases held that the core basis of a Special Master's order is off-limits when reviewed by a district court, much less a *sua sponte* basis like the one here.

## II. PLAINTIFFS' NEW THEORY THAT MR. O'NEIL LACKED PERSONAL KNOWLEDGE IS WAIVED AND BASELESS.

In litigating their motion to compel, Plaintiffs never raised—and thus waived—their new theory that Mr. O'Neil lacked personal knowledge to make the statements in his declaration.[1] Indeed, Plaintiffs themselves affirmatively relied on the O'Neil Declaration in their reply on their motion to compel. (*See* Plaintiffs' Reply Br., ECF No, 529 at PageID 11438–39.) In any event, Plaintiffs' new theory fails because a declaration cannot be excluded for lack of personal knowledge "unless no reasonable juror could believe that the witness had the ability and opportunity to perceive the event that he testifies about." *Valley Force Ins. Co.* v. *Fisher Klosterman, Inc.*, 2016 WL 8201164, at *1 (S.D. Ohio Mar. 30, 2016). As a FirstEnergy director and member of the independent board committees that actually oversaw the investigations,[2] Mr.

---

[1] *See*, *e.g.*, *Rogers* v. *Henry Ford Health Sys.*, 897 F.3d 763, 767 n.1 (6th Cir. 2018) (failing to move to strike means "any objection to the declaration was waived"); *Thornton* v. *City of Columbus*, 171 F. Supp. 3d 702, 705 (S.D. Ohio 2016) (Marbley, J.) ("Plaintiffs provide no argument concerning their state law claims" and thus "waived any arguments"). Movants' waiver also extends to their failure to argue that the O'Neil Declaration was deficient in any respect. (*See* Objections, ECF No. 607-1 at PageID 13192–93.)

[2] *See* O'Neil Decl., ECF No. 511-1 at PageID 10938, 10940–43; Am. O'Neil Decl., ECF No. 592-3 at PageID 12994, 12996–99.

O'Neil plainly had personal knowledge of why those investigations were conducted. *See Nielsen*, 316 F. Supp. 3d at 196–97 (as "a member of the Advisory Board" the declarant "ha[d] personal knowledge of the Board's practices"); *Progressive Cas. Ins. Co.* v. *F.D.I.C.*, 80 F. Supp. 3d 923, 936 (N.D. Iowa 2015) (director's "involvement in the decision-making process and the pertinent meetings would lead a reasonable trier of fact to believe that [the director] had personal knowledge" of "the matters to which she avers").[3]

Mr. O'Neil's testimony unequivocally rebuts Movants' speculation that the Jones Day and Squire investigations were performed for business reasons and would have been performed in the same way absent those legal risks. (*See* O'Neil Decl., ECF No. 511-1 at PageID 10938, 10942–43; Am. O'Neil Decl., ECF No. 592-3 at PageID 12994, 12998–99.)[4] And FirstEnergy's other evidence, including documents and deposition excerpts, which were not referenced in the Special Master's November 29 Order, independently demonstrates that FirstEnergy and its Board initiated these investigations in response to the wave of actual and threatened government investigations and civil litigation, including this securities action, that confronted the Company with unprecedented legal risk.[5] (*See* Objections at PageID 11398–99;

---

[3] For example, Plaintiffs criticize the O'Neil Declaration for making "I understand" statements (Opp. at PageID 13550), but those statements describe Mr. O'Neil's understanding of *Movants' arguments* and not any underlying facts (*see* O'Neil Decl. at PageID 10942).

[4] Plaintiffs propose an entirely new standard in claiming that the investigations are not protected because FirstEnergy faced no risk of "arrest or any other immediate peril from any legal proceedings, which (as this case confirms) take **years** to reach the merits." (Opp. at PageID 13543.) Work product applies to documents prepared "in anticipation of litigation or for trial," not just documents created on the eve of an arrest or judgment. Fed. R. Civ. P. 26(b)(3)(A). Nor are Plaintiffs correct about the timeline, as FirstEnergy entered into a Deferred Prosecution Agreement with the DOJ on July 22, 2021, barely a year after initiating the investigations.

[5] The cases cited in Plaintiffs' Opposition (at PageID 1342) in which courts required limited disclosure of investigation documents are not on point. *See Koumoulis* v. *Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 43, 46 (E.D.N.Y. 2013), *aff'd*, 29 F. Supp. 3d 142 (E.D.N.Y. 2014) (documents from investigation by *human resources*, not outside counsel, were discoverable where

13221–24 (App'x A).)

### III. MOVANTS' WAIVER ARGUMENT IS WRONG AND RELIES ON BAD LAW.

Plaintiffs wrongly claim that case law in this Circuit uniformly holds that disclosure to an auditor waives work product protection. (*See* Opp. at PageID 13558.) In support, Plaintiffs cite two district court cases within the Sixth Circuit, but both turned on a finding that the documents were not entitled to work product protection to begin with. *See In re King Pharms., Inc. Sec. Litig.*, 2005 WL 8142328, at *3 (E.D. Tenn. Sept. 21, 2005) ("[W]hether PWC was an 'adversary' or not is beside the point" because documents "not furnished 'in anticipation of litigation'"); *First Horizon Nat'l Corp.* v. *Houston Cas. Co.*, 2016 WL 5867268, at *10 (W.D. Tenn. Oct. 5, 2016) ("in anticipation of litigation" prong not met).[6]

Moreover, Plaintiffs ignore cases directly contrary to their argument—*New Phoenix Sunrise Corp.* v. *Comm'r of Internal Revenue*, 408 F. App'x 908, 919 (6th Cir. 2010) (disclosure to an auditor "is consistent with the privilege"), and *Grae* v. *Corr. Corp. of Am.*, 2020 WL 3035915, at *6, *8 (M.D. Tenn. June 5, 2020) (work product protection applied to documents "shared with non-counsel third parties," including "[defendant's] auditor"). (*See* FirstEnergy's Opp. Br., ECF No. 510 at PageID 10916–19.)

Having no good law to cite, Plaintiffs rely on bad law. They cite *Medinol*, 214 F.R.D. 113, for their theory that PwC should be treated as adverse to FirstEnergy because PwC

---

"[d]efendants ha[d] not offered evidence that any of the documents were created because of litigation"); *Calendar Rsch. LLC* v. *StubHub, Inc.*, 2019 WL 11558873, at *1, *5 (C.D. Cal. July 25, 2019) (only discoverable document from investigation was "purely factual" and prepared by *non-lawyers*).

[6]   Cases cited by Jones and Dowling (Jones and Dowling Opp., ECF No. 614 at PageID 13501) do not support waiver here for the same reason. *See Willkie Farr & Gallagher*, 1997 WL 118369 at *2 (S.D.N.Y. Mar. 14, 1997) ("in anticipation of litigation" prong not met); *SEC* v. *RPM Int'l*, No. 16-cv-1803 (D.D.C. Feb. 12, 2020) (ECF No. 82, Hearing Tr. at 11:10–15) (same).

purportedly might face legal exposure for its role in preparing FirstEnergy's SEC filings. But Plaintiffs' 350-word quote from *Medinol* for the proposition that disclosure to an auditor waives work product protection because an auditor must "maintain total independence" and does not share a "common interest" with the company (Opp. at PageID 13561) has been "almost uniformly rejected." *In re Weatherford Int'l Sec. Litig.*, 2013 WL 12185082 (S.D.N.Y Nov. 19, 2013) at *5. Even the judge who authored *Medinol* has since walked away from that decision, favorably citing *United States* v. *Deloitte LLP*, 610 F.3d 129, 140 (D.C. Cir. 2010), in ruling that "the possibility of a future dispute between [the auditor] and [company] does not render [the auditor] a potential adversary for the present purpose." *In re Am. Realty Cap. Props., Inc. Litig.*, 2017 WL 11641957, at *5 (S.D.N.Y. Aug. 14, 2017). Plaintiffs have no response to the fact that PwC and FirstEnergy have never sued one another, and PwC remains FirstEnergy's external auditor, confirming that Movants' claimed adversity never materialized.[7]

## CONCLUSION

For the reasons set forth above and in its Objections, FirstEnergy respectfully requests that the Court (1) grant FirstEnergy leave to amend the O'Neil Declaration in the form submitted to the Court as the Amended O'Neil Declaration; (2) reverse the Special Master's November 29 and November 30 Orders; and (3) deny the Motion to Compel.

---

[7] In *In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.*, 293 F.3d 289, 292–93, 302 (6th Cir. 2002), the Sixth Circuit rejected that work product can be disclosed to one adversary without waiving work product as to another adversary. Here, however, PwC was not FirstEnergy's adversary. In *In re Anadarko Petroleum Corp. Securities Litigation*, there were multiple, independent bases for waiver not present here. 2023 WL 2733401, at *4–*5 (S.D. Tex. March 31, 2023), *reconsideration denied*, 2023 WL 430750 (S.D. Tex. June 30, 2023). There, the defendant revealed "a significant portion of confidential communications" to the SEC, an adversary, and then, creating a classic "sword and shield" situation, cited the SEC decision not to bring an enforcement action as demonstrating an absence of liability while refusing to disclose the facts on which the SEC relied in reaching that conclusion. *Id.*

Dated:  January 17, 2024                  Respectfully,

*/s/ Thomas D. Warren*
Thomas D. Warren, Trial Attorney (0077541)
WARREN TERZIAN LLP
30799 Pinetree Road, Suite 345
Pepper Pike, Ohio  44124
Telephone:  (213) 410-2620
tom.warren@warrenterzian.com

Robert J. Giuffra, Jr. (*pro hac vice*)
Sharon L. Nelles (*pro hac vice*)
David M.J. Rein (*pro hac vice*)
Beth D. Newton (*pro hac vice*)
Nicholas F. Menillo (*pro hac vice*)
Hilary M. Williams (*pro hac vice*)
Tasha N. Thompson (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000

Kamil R. Shields (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C.  20006
Telephone:  (202) 956-7040

*Counsel for Defendant FirstEnergy Corp.*

## DECLARATION OF SERVICE

I certify that the foregoing was filed electronically on January 17, 2024.  Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Thomas D. Warren*
Thomas D. Warren (0077541)

*Counsel for Defendant FirstEnergy Corp.*
