# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION ) ) ) | No. 2:20-cv-03785-ALM-KAJ  <br><br>CLASS ACTION |
| This Document Relates To: ) ) ALL ACTIONS ) ) ) | Chief Judge Algenon L. Marbley <br> Magistrate Judge Kimberly A. Jolson |
| MFS Series Trust I, *et al.*, ) ) Plaintiffs, ) ) vs. ) ) FirstEnergy Corp., *et al.*, ) ) Defendants. ) ) | Case No. 2:21-cv-05839-ALM-KAJ |
| Brighthouse Funds Trust II – MFS Value Portfolio, *et al.*, ) ) ) Plaintiffs, ) ) vs. ) ) FirstEnergy Corp., *et al.*, ) ) Defendants. ) ) | Case No. 2:22-cv-00865-ALM-KAJ |

**JOINDER BY CERTAIN INDIVIDUAL DEFENDANTS
TO FIRSTENERGY'S OBJECTIONS TO THE SPECIAL MASTER'S
MARCH 12, 2024 REPORT & RECOMMENDATION
<u>ON MOTION TO STAY AND RELATED MATTERS</u>**

Individual defendants Paul T. Addison, Michael J. Anderson, Steven J. Demetriou, Julia

L. Johnson, Jason J. Lisowski, Donald T. Misheff, Thomas N. Mitchell, James F. O'Neil III,

Christopher D. Pappas, Sandra Pianalto, Luis A. Reyes, George M. Smart, Steven E. Strah, K.

Jon Taylor, Jerry Sue Thornton, Leslie M. Turner, and James F. Pearson (the "Individual Defendants") hereby join in FirstEnergy's objections to the Special Master's March 12, 2024 report and recommendation (ECF No. 634, the "March 12 R&R").

In particular, the Individual Defendants object to the March 12 R&R insofar as it impermissibly modified the deposition protocol order that Magistrate Judge Jolson entered after receiving numerous submissions from the parties regarding procedures to govern fact discovery in this complex, multi-party litigation. (ECF Nos. 309 & 355, together, the "Deposition Protocol Order.") Given the lengthy 18-hour depositions in this case, the Deposition Protocol Order already provides that "each fact witness will be subject to deposition ***only once*** in connection with the Actions," unless the parties agree or the Court orders otherwise. (ECF No. 355 at Page ID 8637 (emphasis added).) But, as contemplated by the March 12 R&R, Plaintiffs would be permitted to "reserve time" during depositions to "ask[] some questions now" (i.e., during the pendency of FirstEnergy's objections to the Special Master's report and recommendation authorizing discovery into FirstEnergy's privileged internal investigations), and could use their "reserved" time to ask "other questions at a subsequent time," depending on how FirstEnergy's objections are resolved. (March 12 R&R at PageID 13914.) By giving Plaintiffs blanket authority to "reserve" time with any upcoming deposition, the Special Master's modification to the Deposition Protocol Order wrongly would relieve Plaintiffs of making the "good cause" showing required by Rule 30 when seeking to re-depose a witness, and could unfairly subject witnesses to multiple depositions and the associated undue burden to prepare for multiple depositions. In contrast, Plaintiffs would suffer no prejudice because fact discovery will not conclude while FirstEnergy's objections to the Special Master's privilege ruling are being resolved. In fact, if fact discovery resumes while FirstEnergy's objections regarding the Special

Master's privilege ruling are still pending, Plaintiffs already have identified numerous witnesses whose testimony would not implicate those privilege issues. (ECF No. 562 at PageID 12258.)

Moreover, the modification was procedurally improper. Plaintiffs never moved to amend the Deposition Protocol Order; instead, they just made an oral request during a conference with the Special Master on another request (that had been properly raised via motion). All parties and the Special Master himself agree that the Special Master cannot amend the order appointing him, and that a request to amend must be made via a motion directed to the Court. (2/27/24 Tr. at 14:1-6 ("I mean, the [appointment] order would only -- could only be modified by Chief Judge Marbley, Magistrate Judge Jolson. Any motion requesting modification of that order, whether unopposed, you know, or opposed would be targeted to them.").) There is no reason to think the Special Master could amend other orders of this Court over objection of any party, including the Deposition Protocol Order, particularly when the Deposition Protocol Order itself makes clear that its one-deposition-only rule can be modified only by the Court (ECF No. 355 at Page ID 8637)—not by the Special Master. Furthermore, because Plaintiffs never filed a motion to amend the Deposition Protocol Order, the Individual Defendants were not provided an opportunity to oppose that request and be heard.[1]

For these reasons and those stated in FirstEnergy's objections, the March 12 R&R should be overruled.

---

[1] The procedurally improper nature of the modification also leaves open questions that likely would have been raised and addressed through briefing. For instance, whether the Special Master's modification to the Deposition Protocol Order purports to deprive all witnesses—both party and non-party alike—of their right to seek a protective order under Rule 26(c) and, relatedly, whether the Special Master even has such authority, given that motions for protective orders are expressly authorized by rule. Had the Special Master declined to rule on Plaintiffs' oral request during the conference and instead required Plaintiffs to formally seek to amend the Deposition Protocol Order, these questions would have been raised and, presumably, answered by the Special Master's report and recommendation, which also would have made the objection process more efficient.

Dated:  April 2, 2024

/s/ Geoffrey J. Ritts
Geoffrey J. Ritts (0062603)
Robert S. Faxon (0059678)
Corey A. Lee (0099866)
Adrienne F. Mueller (0076332)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: gjritts@jonesday.com
Email: rfaxon@jonesday.com
Email: calee@jonesday.com
Email: afmueller@jonesday.com

Marjorie P. Duffy (0083452)
M. Ryan Harmanis (0093642)
Shalini B. Goyal (0096743)
Elizabeth A. Benshoff (0098080)
JONES DAY
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43215
Telephone: (614) 469-3939
Facsimile: (614) 461-4198
Email: mpduffy@jonesday.com
Email: rharmanis@jonesday.com
Email: sgoyal@jonesday.com
Email: ebenshoff@jonesday.com

Scott B. Scheinberg (admitted *pro hac vice*)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
Telephone: (412) 391-3939
Facsimile: (412) 394-7959
Email: sscheinberg@jonesday.com

*Attorneys for Defendants Paul T. Addison, Michael J. Anderson, Steven J. Demetriou, Julia L. Johnson, Jason J. Lisowski, Donald T. Misheff, Thomas N. Mitchell, James F. O'Neil III, Christopher D. Pappas, Sandra Pianalto, Luis A. Reyes, George M. Smart, Steven E. Strah, K. Jon Taylor, Jerry Sue Thornton, and Leslie M. Turner*

-5-

/s/ Timothy D. Katsiff
Timothy D. Katsiff (admitted *pro hac vice*)
katsifft@ballardspahr.com
David L. Axelrod (admitted *pro hac vice*)
axelrodd@ballardspahr.com
Emilia McKee Vassallo (admitted *pro hac vice*)
mckeevassalloe@ballardspahr.com
Brittany M. Wilson (admitted *pro hac vice*)
wilsonbm@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

*Attorneys for Defendant James F. Pearson*

## **CERTIFICATE OF SERVICE**

I certify that on April 2, 2024, I electronically filed the foregoing using the CM/ECF system, which will send notification of this filing to all counsel of record.

/s/ Geoffrey J. Ritts
Geoffrey J. Ritts (0062603)

*One of the Attorneys for Defendants Paul T. Addison, Michael J. Anderson, Steven J. Demetriou, Julia L. Johnson, Jason J. Lisowski, Donald T. Misheff, Thomas N. Mitchell, James F. O'Neil III, Christopher D. Pappas, Sandra Pianalto, Luis A. Reyes, George M. Smart, Steven E. Strah, K. Jon Taylor, Jerry Sue Thornton, and Leslie M. Turner*