**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) | No. 2:20-cv-03785-ALM-KAJ |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) | Judge Algenon L. Marbley |
| ALL ACTIONS | ) ) ) ) | Magistrate Judge Kimberly A. Jolson |
| MFS Series Trust I, et al., | ) ) | Case No. 2:21-cv-05839-ALM-KAJ |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| FirstEnergy Corp., et al., | ) ) | |
| Defendants. | ) ) | |
| Brighthouse Funds Trust II – MFS Value Portfolio, et al., | ) ) ) | Case No. 2:22-cv-00865-ALM-KAJ |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| FirstEnergy Corp., et al., | ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' OBJECTIONS TO THE SPECIAL MASTER'S MARCH 15, 2024**
**ORDER DENYING IN PART DEFENDANTS' MOTION TO STAY**

**(ORAL ARGUMENT REQUESTED)**

# TABLE OF CONTENTS

*Page*

**PRELIMINARY STATEMENT** .......................................................................1

**STANDARD OF REVIEW** ............................................................................5

**ARGUMENT** ...............................................................................................6

**I.**    **THE SPECIAL MASTER IGNORED THAT COURTS OVERWHELMINGLY GRANT STAYS OF FACT DISCOVERY PENDING RULE 23(f) APPEALS, PARTICULARLY IN SECURITIES CASES** ......................6

**II.**   **THE SPECIAL MASTER'S ANALYSIS OF THE STAY FACTORS RESTED ON LEGAL ERROR** ...................................................................8

    A.    Defendants Demonstrated a Likelihood of Success Warranting a Stay of Fact Discovery ......................................................................................8

        1.    The Special Master Applied the Wrong Legal Standard ...................8

        2.    The Special Master Ignored the Sweeping Impact on Fact Discovery that Will Follow if Defendants Prevail on Appeal..........................9

    B.    The Balance of Harms Weighs in Favor of Staying Fact Discovery ...................12

    C.    The Public Interest Favors a Continued Stay of Fact Discovery ..........................15

**CONCLUSION** ............................................................................................15

**STATEMENT REQUESTING HEARING**............................................................16

## TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*A.R. Arena Prod., Inc.* v. *Grayling Indus., Inc.*,
    2012 WL 12892200 (N.D. Ohio Oct. 10, 2012) .......................................................5

*Abarca* v. *Werner Enters., Inc.*,
    2018 WL 10229729 (D. Neb. May 21, 2018)........................................................13

*Abercrombie & Fitch, Co.* v. *ACE Eur. Grp. Ltd.*,
    2014 WL 4915269 (S.D. Ohio Sept. 30, 2014) ..............................................2, 8, 9

*Affiliated Ute Citizens of Utah* v. *United States*,
    406 U.S. 128 (1972)............................................................................... *passim*

*Baker* v. *Adams Cty./Ohio Valley Sch. Bd.*,
    310 F.3d 927 (6th Cir. 2002) ...............................................................................2

*Basic Inc.* v. *Levinson*,
    485 U.S. 224 (1988)........................................................................................3, 12

*Beattie* v. *CenturyTel, Inc.*,
    2006 WL 1722207 (E.D. Mich. June 20, 2006)...................................................7

*In re BP p.l.c. Sec. Litig.*,
    2013 WL 6388408 (S.D. Tex. Dec. 6, 2013).........................................................9

*Burges* v. *Bancorpsouth, Inc.*,
    No. 3:14-cv-01564 (M.D. Tenn. Mar. 28, 2017) .............................................1, 6

*Chao* v. *Fleming*,
    498 F. Supp. 2d 1034 (W.D. Mich. 2007) ..........................................................14

*Coal. To Defend Affirmative Action* v. *Granholm*,
    473 F.3d 237 (6th Cir. 2006) .........................................................................5, 15

*Comcast Corp.* v. *Behrend*,
    569 U.S. 27 (2013) .............................................................................. *passim*

*Custom Hair Designs by Sandy, LLC* v. *Cent. Payment Co., LLC*,
    2020 WL 5250492 (D. Neb. Sept. 3, 2020) ........................................................8

*Daniels* v. *City of New York*,
    13 F. App'x 20 (2d Cir. 2001) .............................................................................7

*Earl* v. *Boeing Co.*,
    21 F.4th 895 (5th Cir. 2021) .............................................................................13

*Grae* v. *Corr. Corp. of Am.*,
    2019 WL 1746492 (M.D. Tenn. Apr. 18, 2019) ...................................................12

*Horizon Glob. Americas Inc.* v. *Curt Mfg., LLC*,
    2020 WL 1303212 (E.D. Mich. Mar. 18, 2020) ......................................................5

*IBEW Loc. 98 Pension Fund* v. *Best Buy Co.*,
    2014 WL 4540228 (D. Minn. Sept. 11, 2014) .......................................................13

*Kentucky* v. *Biden*,
    23 F.4th 585 (6th Cir. 2022) ................................................................................15

*Licona* v. *Tunnel Barrel & Drum Co.*,
    2023 WL 2644373 (D.N.J. Mar. 27, 2023)...................................................... 4, 14

*Merrill Lynch, Pierce, Fenner & Smith Inc.* v. *Dabit*,
    547 U.S. 71 (2006).................................................................................................13

*Nieberding* v. *Barrette Outdoor Living, Inc.*,
    2014 WL 5817323 (D. Kan. Nov. 10, 2014) ........................................................13

*Nypl* v. *JP Morgan Chase & Co.*,
    2022 WL 819771 (S.D.N.Y. Mar. 18, 2022) ..........................................................9

*Ohio Env't Council* v. *U.S. Dist. Ct.*,
    565 F.2d 393 (6th Cir. 1977) .................................................................................7

*Ohio Pub. Emps.' Ret. Sys.* v. *Fed. Home Loan Mortg. Corp.*,
    2018 WL 3861840 (N.D. Ohio Aug. 14, 2018).......................................................9

*Owens* v. *FirstEnergy Corp.*,
    No. 23-03940 (6th Cir. Apr. 1, 2024) ....................................................................8

*In re Petrobras Sec. Litig.*,
    No. 16-1914 (2d Cir. Aug. 2, 2016).......................................................................7

*Romero* v. *Securus Techs., Inc.*,
    383 F. Supp. 3d 1069 (S.D. Cal. 2019)............................................................ 2, 8

*Strougo* v. *Tivity Health, Inc.*,
    2023 WL 4830593 (M.D. Tenn. July 27, 2023) ................................................1, 6

*In re Symington*,
    211 B.R. 520 (Bankr. D. Md. 1997) ......................................................................7

*Thorpe* v. *District of Columbia*,
    306 F.R.D. 6 (D.D.C. 2014)..................................................................................14

*Tipton* v. *CSX Transp., Inc.*,
    2017 WL 4583248 (E.D. Tenn. Oct. 13, 2017) ........................................................................7

*Tucker* v. *New York Police Dep't*,
    2010 WL 703189 (D.N.J. Feb. 23, 2010) ...........................................................................14

*Univ. of Puerto Rico Ret. Sys.* v. *Lannett Co. Inc.*,
    No. 21-3150 (3d Cir. Jan. 11, 2022) ...................................................................................7

*Ward* v. *Apple Inc.*,
    784 F. App'x 539 (9th Cir. 2019) ........................................................................................9

*Willis* v. *Big Lots*,
    2017 WL 11634939 (S.D. Ohio Sept. 19, 2017) ....................................................... *passim*

*Zehentbauer Family Land, LP* v. *Chesapeake Exploration, L.L.C.*,
    935 F.3d 496 (6th Cir. 2019) ..............................................................................................10

**Other Authorities**

Fed. R. Civ. P. 26(b)(1)...............................................................................................................11

Local Rule 7.1(b)(2).....................................................................................................................16

## PRELIMINARY STATEMENT

On November 30, 2023, after the Sixth Circuit took the rare step of granting Defendants'[1] petition for Rule 23(f) review of its class certification order, this Court correctly stayed all discovery in this action.[2] Nothing has changed that would warrant revisiting that well-founded decision and reopening fact discovery now. Over the past decade, the Sixth Circuit has granted Rule 23(f) petitions in only three securities cases other than this one. In *all* three cases, stays were either granted or continued, including by Magistrate Judge Jolson in *Willis* v. *Big Lots*, 2017 WL 11634939 (S.D. Ohio Sept. 19, 2017).[3] This Court should continue the stay of all proceedings in this action until the Sixth Circuit rules. Briefing of Defendants' Rule 23(f) appeal is now complete, and the Sixth Circuit likely will order oral argument shortly, with a decision to follow promptly thereafter.

In his March 15, 2024 Report and Recommendation (ECF No. 638, "R&R"), the Special Master correctly recognized that expert discovery should be stayed pending the Sixth Circuit's upcoming decision, but recommended that fact discovery restart. In recommending that the Court lift its stay of fact discovery, the Special Master misconstrued the four factors that courts in this Circuit apply in deciding stay motions: "(1) whether the defendant has a strong or

---

[1] "Defendants" are the parties that petitioned the Sixth Circuit for interlocutory review in *In re FirstEnergy Corp.*, No. 23-0303 (6th Cir.). Defendants Dennis Chack, John Judge, James Pearson, Robert Reffner, Donald Schneider, Leila Vespoli, and Underwriter Defendants join in Defendants' objections here.

[2] Even Plaintiffs acknowledge that the Sixth Circuit "accept[s] interlocutory appeals" only on "rare occasion[s]." Pls.' Opp. to Rule 23(f) Pet. at 1, *In re FirstEnergy Corp.*, No. 23-0303 (6th Cir.), ECF No. 27.

[3] *See also Strougo* v. *Tivity Health, Inc.*, 2023 WL 4830593, at *3 (M.D. Tenn. July 27, 2023) (granting stay pending Rule 23(f) review); *Burges* v. *Bancorpsouth, Inc.*, No. 3:14-cv-01564 (M.D. Tenn. Mar. 28, 2017), ECF No. 197 (granting stay pending class certification decision on remand).

substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies." (R&R at PageID 13948 (quoting *Baker* v. *Adams Cty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 228 (6th Cir. 2002)).)

*First*, the Special Master erred by equating Defendants' likelihood of success on appeal with *his view* of the likely outcome. For example, the Special Master reasoned (without any analysis of the relevant case law) that it was "hyperbolic conjecture" that a "probable outcome" of the appeal would be that Plaintiffs could not "propose any satisfactory classwide damages methodology" sufficient to satisfy *Comcast Corp.* v. *Behrend*, 569 U.S. 27 (2013). (R&R at PageID 13952.) But the "likelihood of success" standard requires only that the moving party show "serious questions going to the merits," not that the court agree that the moving party is likely to win. *Abercrombie & Fitch, Co.* v. *ACE Eur. Grp. Ltd.*, 2014 WL 4915269, at *9 (S.D. Ohio Sept. 30, 2014) (citation omitted).

In granting review, the Sixth Circuit expressly stated that it had considered "whether the petitioner is likely to succeed on appeal," and "whether the case presents a novel or unsettled question of law." (Order Granting 23(f) Pet., ECF 559 at PageID 12215-16.) That conclusion alone satisfied the "serious questions" standard. *See Romero* v. *Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1074 (S.D. Cal. 2019) (court's "acceptance of [the] Rule 23(f) petition for appeal demonstrates that serious legal questions are at issue"). Here, the Sixth Circuit accepted review to address two substantial questions underpinning this Court's certification order: (i) whether the Court erred by holding that the presumption of reliance under *Affiliated Ute Citizens of Utah* v. *United States*, 406 U.S. 128 (1972), applies when Plaintiffs' claims are

primarily based on half-truth misstatements; and (ii) whether the Court erred under *Comcast* by certifying Plaintiffs' Exchange Act class in reliance on a statutory damages formula that applies only to Securities Act claims, and excusing Plaintiffs from meeting their burden to propose a methodology capable of measuring classwide damages. Yet the Special Master mistakenly presumed that "wholesale decertification would be an astounding and unlikely event" and that "the core elements of this litigation . . . will remain the same regardless of the appeal." (R&R at PageID 13949-50.)

If Defendants prevail on appeal, the Court's certification order will be reversed and vacated, and Plaintiffs will have to move for class certification anew. If Plaintiffs cannot satisfy *Comcast* on remand, no class can be certified under the Exchange Act. Plaintiffs' inability to certify an Exchange Act class would not be a mere "tweak," as the Special Master thought, (*id.* at PageID 13950), but would fundamentally change the contours of this case. For example, if Plaintiffs' class claims only under the Securities Act remain, the class period would be substantially shorter, eight Defendants would no longer face class claims, core elements including scienter and reliance would be out of the class case, and any theoretical recovery would be exponentially smaller, which would affect the proportionality analysis in discovery.

The case would also fundamentally change if the Sixth Circuit holds—consistent with all eight courts of appeals to decide the question—that Plaintiffs cannot rely on the *Affiliated Ute* presumption of reliance. Then, Plaintiffs would have the burden of establishing that each of Defendants' 46 challenged statements was false, material, and caused investor loss under the more stringent standard set forth in *Basic Inc.* v. *Levinson*, 485 U.S. 224 (1988). That statement-by-statement analysis would redefine the evidence needed to prove or defend against Plaintiffs' claims, including, for example, evidence of what information was material to investors.

In recommending that the Court continue to stay expert discovery, the Special Master correctly recognized that "it would make little sense to forge ahead with the experts when the ultimate inquiry in which they will engage will likely turn on the doctrine involved," which has yet to be determined by the Sixth Circuit. (R&R at PageID 13952.) But the same logic applies to a continuation of the Court's order staying fact discovery. The Sixth Circuit's ruling on the *Comcast* question could dramatically narrow the claims subject to fact discovery, and the Sixth Circuit's ruling on the *Affiliated Ute* question could significantly impact the nature of Plaintiffs' required proof. As with expert discovery, then, "it would make little sense" for the Court to reopen fact discovery.

*Second*, in weighing the balance of harms, the Special Master wrongly assumed that reopening fact discovery would not harm Defendants. But as Magistrate Judge Jolson recognized in granting a stay pending Rule 23(f) review in *Big Lots*, another securities case raising a *Comcast* question, where the appeal may substantially change "the contours of this case going forward," the cost of continued proceedings harms Defendants. *Big Lots*, 2017 WL 11634939, at *4. That concern applies with particular force here, where Plaintiffs have sought burdensome discovery to date, including obtaining more than a million pages of documents, serving nearly 1,000 discovery requests, and deposing 30 witnesses.

On the other side of the balance, the Special Master incorrectly concluded that a continuation of the stay of fact discovery would substantially harm Plaintiffs because delay risks "lost discovery and lost evidence." (R&R at PageID 13950.) But "delay alone is not sufficient to establish prejudice" absent "a unique injury," *Licona* v. *Tunnel Barrel & Drum Co.*, 2023 WL 2644373, at *3 (D.N.J. Mar. 27, 2023), and the Special Master's rationale would apply in every case. In any event, the appeal is fully briefed, with only argument and decision to come. Accepting

Plaintiffs' own calculations, Rule 23(f) appeals typically take "approximately 11 months" after a grant of a Rule 23(f) petition. (ECF No. 603 at 17.) If they are right, then the stay here would remain in place for less than seven more months.

*Finally*, the Special Master mistakenly reasoned that the public interest disfavors a continuation of the Court's stay of fact discovery because this case should be resolved "in as expedited and efficient a manner as possible." (R&R at PageID 13954.) But under that standard, this factor would never favor a stay. In fact, "the public interest lies in a correct application" of the law. *Coal. To Defend Affirmative Action* v. *Granholm*, 473 F.3d 237, 252 (6th Cir. 2006) (internal quotation omitted). That interest will be served by a continued stay of fact discovery here.

## STANDARD OF REVIEW

Under Rule 53(f)(4) and the Special Master Appointment Order, this Court reviews the Special Master's factual and legal conclusions *de novo* and procedural rulings for abuse of discretion. (*See* ECF No. 541, at PageID 11687–88.) Courts have thus reviewed *de novo* Special Master recommendations about discovery stays. *See A.R. Arena Prod., Inc.* v. *Grayling Indus., Inc.*, 2012 WL 12892200, *1 (N.D. Ohio Oct. 10, 2012) (conducting "*de novo* review of the record, the R&R, and case law" in reviewing recommendation on motion to stay); *Horizon Glob. Americas Inc.* v. *Curt Mfg., LLC*, 2020 WL 1303212, at *1, *3 (E.D. Mich. Mar. 18, 2020) (reviewing *de novo* R&R recommending partial grant of discovery stay).[4]

---

[4] Further, even if *de novo* review did not apply, the abuse of discretion standard is easily satisfied because it is an abuse of discretion "to commit legal error or find clearly erroneous facts." *See United States* v. *Holden*, 557 F.3d 698, 703 (6th Cir. 2009).

**ARGUMENT**

## I.   THE SPECIAL MASTER IGNORED THAT COURTS OVERWHELMINGLY GRANT STAYS OF FACT DISCOVERY PENDING RULE 23(f) APPEALS, PARTICULARLY IN SECURITIES CASES.

Both within and outside the Sixth Circuit, stays pending resolution of Rule 23(f) appeals overwhelmingly are the rule, not the exception.  Even though Defendants cited more than twenty examples of such stays pending appeal (*see* Mot. to Stay, ECF No. 577-1, at PageID 12443-44; Mot. to Stay Reply, ECF No. 613 at PageID 13474), the Special Master mistakenly found that based on his "research . . . there is a dearth of cases in which courts grant a stay during a 23(f) appeal where the core claims will continue regardless of the appeal."  (R&R at PageID 13949.) That conclusion reflected both factual and legal error.

Notably, in all three securities cases in which the Sixth Circuit has granted Rule 23(f) review in the last decade (other than this one), stays were granted or continued.  *See, e.g.*, *Big Lots*, 2017 WL 11634939 at *4 (staying proceedings pending outcome of Rule 23(f) appeal, except for consented-to exchange of expert reports); Order at 1, *Burges* v. *Bancorpsouth, Inc.*, No. 3:14-cv-01564 (M.D. Tenn. Mar. 28, 2017), ECF No. 197 at PageID 6517 (staying discovery pending class certification proceedings on remand); *Strougo*, 2023 WL 4830593, at *3 (staying pre-trial proceedings pending outcome of second Rule 23(f) petition).

At the January 4, 2024 hearing before the Special Master on Defendants' motion to continue this Court's stay of discovery, Plaintiffs tried to avoid these cases on the ground that they did not stay fact discovery.  (Jan. 4, 2024 Hr'g Tr., ECF No. 616 at PageID 13607–08.)  In each of those cases, however, courts granted stays immediately after the appealing party moved for a stay.  Fact discovery had concluded in both *Big Lots* and *Strougo*, but both courts stayed further proceedings.  *Big Lots*, 2017 WL 11634939, at *4; *Strougo*, 2023 WL 4830593, at *3.  And in *Bancorpsouth*, the Sixth Circuit simultaneously granted the Rule 23(f) petition and vacated the

-6-

he

district court's class certification order. A stay between the grant and the decision on appeal was impossible there, but the court stayed discovery pending class certification proceedings on remand. Order at 2–3, *Bancorpsouth, Inc.*, No. 3:14-cv-01564.

Defendants also cited over a dozen cases from other jurisdictions—including securities cases—that stayed fact discovery pending a Rule 23(f) appeal. *See*, *e.g.*, *Univ. of Puerto Rico Ret. Sys.* v. *Lannett Co. Inc.*, No. 21-3150 (3d Cir. Jan. 11, 2022), ECF No. 22 (staying fact discovery in securities class action pending Rule 23(f) appeal).[5] By contrast, none of the cases cited by Plaintiffs regarding stays helps them. In six of Plaintiffs' cases, the court denied a stay *before a Rule 23(f) petition was granted*, principally on the ground that a grant was unlikely.[6] Two of those cases affirmatively support *Defendants'* position because the Second Circuit ultimately *granted* stays following denials by district courts. *See Daniels* v. *City of New York*, 13 F. App'x 20, 21 (2d Cir. 2001); Order, *In re Petrobras Sec. Litig.*, No. 16-1914 (2d Cir. Aug. 2, 2016), ECF No. 169. And two other cases did not even involve Rule 23(f) appeals.[7] Plaintiffs identified a single case in which a Rule 23(f) appeal was granted and the district court denied a stay: *Beattie* v. *CenturyTel, Inc.*, 2006 WL 1722207 (E.D. Mich. June 20, 2006). There, however, (i) regardless of the outcome on appeal, discovery would have proceeded with respect to certain state law claims; and (ii) the defendant failed to articulate why its appeal posed "substantial questions." *Id.* at *4-6.

---

[5] *See* Mot. to Stay, ECF No. 577-1 at PageID 12443–44 and cases cited therein; Mot. to Stay Reply, ECF No. 613 at PageID 13474 and cases cited therein.

[6] *See*, *e.g.*, *Tipton* v. *CSX Transp., Inc.*, 2017 WL 4583248, at *4 (E.D. Tenn. Oct. 13, 2017) ("[T]he Sixth Circuit is unlikely to grant plaintiffs' petition."); Pls.' Stay Opp., ECF No. 603 at PageID 13077, 80, 84, 86 and cases cited therein.

[7] *See In re Symington*, 211 B.R. 520, 521-23 (Bankr. D. Md. 1997) (denying non-party motion to stay production pending appeal of discovery order); *Ohio Env't Council* v. *U.S. Dist. Ct.*, 565 F.2d 393, 396–97 (6th Cir. 1977) (denying stay in non-class Clean Air Act case).

Here, as explained below, Defendants have amply demonstrated that their pending appeal raises substantial questions, the resolution of which likely will drastically change the scope of discovery.

## II. THE SPECIAL MASTER'S ANALYSIS OF THE STAY FACTORS RESTED ON LEGAL ERROR.

### A. Defendants Demonstrated a Likelihood of Success Warranting a Stay of Fact Discovery.

#### 1. The Special Master Applied the Wrong Legal Standard.

In recommending that fact discovery restart, the Special Master erroneously concluded that "decertification would be an astounding and unlikely event." (R&R at PageID 13949-50.)  But to show a likelihood of success, Defendants are not required to convince the district court that decertification is probable.  Instead, they "need only demonstrate 'serious questions going to the merits.'" *Abercrombie & Fitch*, 2014 WL 4915269, at *9 (citation omitted). Defendants have clearly done so.

As an initial matter, the Special Master ignored that the rare grant of a Rule 23(f) petition alone supports a finding that the petitioner has raised "serious questions." *See Romero*, 383 F. Supp. 3d at 1073–74 (circuit court's "acceptance of [the] Rule 23(f) petition for appeal demonstrates that serious legal questions are at issue").[8]  Regardless, Defendants clearly articulated to the Special Master the two significant questions presented by their appeal:

*First*, whether Plaintiffs may invoke the omissions-based *Affiliated Ute* presumption of reliance notwithstanding that their claims are based primarily if not almost entirely on half-truths.  The eight courts of appeal that have considered that question unanimously agree

---

[8] *See also Custom Hair Designs by Sandy, LLC* v. *Cent. Payment Co., LLC*, 2020 WL 5250492, at *2 (D. Neb. Sept. 3, 2020) (grant of petition "weighs in favor of [petitioner] showing possible success on the issue of class certification").

that "[t]he *Affiliated Ute* presumption does not apply to . . . . half-truths." Appellants' Br. at 39-40, *Owens* v. *FirstEnergy Corp.*, No. 23-03940 (6th Cir. Feb. 9, 2024), ECF No. 31.

*Second*, whether Plaintiffs met their burden to propose a methodology capable of measuring classwide damages under *Comcast*.[9] That is undoubtedly a "serious question[] going to the merits" of whether Plaintiffs have demonstrated the propriety of an Exchange Act class. *Abercrombie*, 2014 WL 4915269, at *9. Plaintiffs punted on damages at the certification stage, submitting only a "generalized, cookie-cutter report [that] vaguely described various potential damages methodologies" but did not offer a methodology capable of measuring damages on a classwide basis. (*See* Mot. to Stay Reply, ECF No. 613 at PageID 13478.) Courts have regularly denied certification or decertified classes for precisely that reason. *Ward* v. *Apple Inc.*, 784 F. App'x 539, 540-41 (9th Cir. 2019) (plaintiffs failed to satisfy burden under *Comcast* because it "is not enough" for a plaintiff's expert to "merely assert[] that he would be able to develop a model at some point in the future").[10]

> **2.  The Special Master Ignored the Sweeping Impact on Fact Discovery that Will Follow if Defendants Prevail on Appeal.**

In his Report and Recommendation, the Special Master mistakenly thought that the Sixth Circuit's resolution of the questions presented on appeal will not alter "the core elements of

---

[9] The Sixth Circuit may also vacate the Court's class certification order because that order certified Plaintiffs' Exchange Act class in reliance on a statutory damages formula that applies only to Securities Act Claims. Plaintiffs have not defended this Court's reasoning before the Sixth Circuit.

[10] *See also*, *e.g.*, *Nypl* v. *JP Morgan Chase & Co.*, 2022 WL 819771, at *8-9 (S.D.N.Y. Mar. 18, 2022) (denying certification where "Plaintiffs have not proposed a reliable methodology for calculating damages through common proof"); *Ohio Pub. Emps.' Ret. Sys.* v. *Fed. Home Loan Mortg. Corp.*, 2018 WL 3861840, at *19-20 (N.D. Ohio Aug. 14, 2018) (denying certification under *Comcast* where Plaintiffs' proposed approach "fail[ed] to account for issues presented by [their] theor[y] of damages"); *In re BP p.l.c. Sec. Litig.*, 2013 WL 6388408, at *17 (S.D. Tex. Dec. 6, 2013) (court cannot certify class unless plaintiffs propose classwide damages methodology that "will incorporate—and, if necessary, respond to—the various theories of liability").

this litigation and the essential discovery associated with those elements." (R&R at PageID 13949.) In reaching that conclusion, the Special Master emphasized that "Defendants have long represented to the Court that they concede some form of a class will exist here." (*Id.*) But Defendants have agreed only that Plaintiffs' *Securities Act* class may proceed.[11] Defendants have never conceded that Plaintiffs will be able to maintain an *Exchange Act* class. (*See* Mot. to Stay Reply, ECF No. 613 at PageID 13478.) As the Sixth Circuit has held, "class certification is not proper" if *Comcast* is not satisfied. *Zehentbauer Family Land, LP* v. *Chesapeake Exploration, L.L.C.*, 935 F.3d 496, 510 (6th Cir. 2019).

Thus, if Defendants prevail on the *Comcast* issue, Plaintiffs' Exchange Act class will be decertified, leaving only their Securities Act class. Whether Plaintiffs can certify their Exchange Act class would have a dramatic impact on this action. If Plaintiffs are limited to a Securities Act class, this case would change in each of the following respects:

- **Scienter and reliance**. If all that remains is a Securities Act class, none of the extensive discovery Plaintiffs have sought regarding reliance or scienter would be relevant. As Plaintiffs have conceded, Securities Act claims have "no reliance element" (Pls.' Stay Opp., ECF No. 603 at PageID 13070 n.3), and "do not require a showing of fraud or scienter" (Compl., ECF No. 72 at PageID 1647).

- **Alleged misstatements**. Dozens of alleged misstatements that relate solely to Plaintiffs' Exchange Act claims would be irrelevant and no longer subject to discovery. (*Compare* Compl., ECF No. 72 at PageID 1576-96 *with id.* at PageID 1650-54.)

- **Time period**. The key timeframe would be reduced from the 3.5-year class period for Plaintiffs' Exchange Act claims (2017 to mid 2020) to the several-month offering

---

[11] *See* Mar. 17, 2023 Hr'g Tr., ECF No. 437 at PageID 9872-73 ("They can do the '33 Act [Securities Act] class. . . . *But on a '34 Act [Exchange Act] class, they can't do it because they don't have an efficient market*.") (emphasis added).

window of the bond offerings that form the basis of Plaintiffs' Securities Act claims (February to June 2020).

- **Parties**. Eight current defendants named only in Plaintiffs' Exchange Act claims would be removed from the case. (Mot. to Stay, ECF No. 577 at PageID 12451-52.) Plaintiffs would no longer comprise thousands of common stock investors, but rather would be limited to the relatively small number of institutional investors in FirstEnergy bonds.

- **Damages**. If only a Securities Act class is certified, Plaintiffs' alleged damages would be reduced dramatically, by at least 90%. (Compl., ECF No. 72 at PageID 1640-45.)

Before the Special Master, Plaintiffs' wrongly claimed that "this appeal will not alter or eliminate a single factual allegation" in the operative complaint. (Pls.' Stay Opp., ECF No. 603 at PageID 13069.) Indeed, the Special Master's "[r]andom spot-checking" of that claim (R&R at PageID 13950) missed the allegations that relate to the points above and are relevant (at most) only to Plaintiffs' Exchange Act claims. (*See*, *e.g.*, Compl., ECF No. 72 at PageID 1638 (alleging that individual defendants' sales of FirstEnergy stock during class period "bolster[] an already compelling inference of scienter").)

Thus, the Special Master was mistaken in concluding that "the bulk of the discovery conducted [will] be useful and relevant" regardless of the outcome of Defendants' appeal. (R&R at PageID 13950.) At minimum, Plaintiffs' approach to discovery to date—including obtaining well over a million pages of documents, serving nearly 1,000 discovery requests, and taking 30 depositions—would be wildly disproportionate if this case only involves a Securities Act class. *See* Fed. R. Civ. P. 26(b)(1) (factors relevant to proportionality include "the amount in controversy" and "whether the burden or expense of the proposed discovery outweighs its likely benefit").

-11-

Before the Special Master, Plaintiffs did not deny the drastic differences between an Exchange Act class and a Securities Act class. Instead, they insisted that even if the Sixth Circuit reverses on *Comcast* grounds, they will be able to offer a damages methodology sufficient to win certification of a new Exchange Act class. (Pls.' Stay Opp., ECF No. 603 at PageID 13081.) But the uncertainty over the scope of the Sixth Circuit's ruling—and how it may affect any recertification attempt—supports a continued stay of fact discovery.

Moreover, fact discovery will change fundamentally if Defendants prevail on their appeal of the *Affiliated Ute* issue. To date, Plaintiffs have attempted to establish liability under *Affiliated Ute* by demonstrating an amorphous, undifferentiated bribery scheme that allegedly was not disclosed to investors and caused them loss. Instead, if Plaintiffs must demonstrate reliance under the *Basic* presumption, Plaintiffs would need to prove that each of the 46 challenged statements *individually* was material, impacted FirstEnergy's stock price, and caused investor loss. That would substantially affect the scope of discovery by forcing Plaintiffs to focus on the specific impact of each challenged statement, which to date they have largely ignored.

### B.    The Balance of Harms Weighs in Favor of Staying Fact Discovery.

The Special Master acknowledged that "[t]he appeal may indeed . . . render[] some discovery useless," but suggested that "the risk of losing evidence" if the Court's stay is continued "substantially outweighs the limited waste" of "engaging in ultimately unnecessary discovery." (*Id.* at PageID 13952.) That conclusion was wrong.

*First*, in minimizing the potential harm to Defendants, the Special Master ignored that "the harms [Defendants] would face from potentially unnecessary, invasive and burdensome discovery" weigh in favor of a stay following the grant of a Rule 23(f) petition. *Grae* v. *Corr. Corp. of Am.*, 2019 WL 1746492, at *1 (M.D. Tenn. Apr. 18, 2019); *see also Big Lots, Inc.*, 2017 WL 11634939, at *4 (granting stay pending Rule 23(f) appeal, in part because without a stay,

-12-

"significant costs and judicial resources may be expended unnecessarily") (Jolson, M.J.).[12]  In fact,

the Sixth Circuit expressly considered "the cost of continuing the litigation" in deciding to grant

Defendants' Rule 23(f) petition here.  (Order Granting 23(f) Pet., ECF 559 at PageID 12216.)  At

the same time, the Special Master did appropriately account for this risk with respect to expert

discovery, stating that "[r]equiring the experts to act now would risk a waste of time and resources

when their analysis could easily turn on what the Sixth Circuit says in the 23(f) appeal."  (R&R at

PageID 13952.)

In support of his recommendation that the Court lift its stay of fact discovery, the

Special Master cited *Abarca* v. *Werner Enters., Inc.*, 2018 WL 10229729 (D. Neb. May 21, 2018).

(R&R at PageID 13953-54.)  There, the Eighth Circuit had not yet ruled on the defendants'

Rule 23(f) petition, and the case arose outside of the securities context.  *Abarca*, 2018 WL

10229729, at *1.  Courts have recognized that discovery in securities cases imposes uniquely

onerous costs on defendants.  *See Merrill Lynch, Pierce, Fenner & Smith Inc.* v. *Dabit*, 547 U.S.

71, 80 (2006) ("[L]itigation under Rule 10b–5 presents a danger of vexatiousness different in

degree and in kind from that which accompanies litigation in general.").  Defendants would incur

such costs if they are forced to continue responding to Plaintiffs' extremely broad discovery

demands only for the Sixth Circuit to alter the scope of discovery on remand.  The risks of

unnecessary costs are especially high here where, for example, the deposition protocol permits up

---

[12]  *See also IBEW Loc. 98 Pension Fund* v. *Best Buy Co.*, 2014 WL 4540228, * 1 (D. Minn. Sept. 11, 2014) (Rule 23(f) "protect[s] parties from the expenditure of resources on a class action that may be substantially altered on appeal"); *Earl* v. *Boeing Co.*, 21 F.4th 895, 899 (5th Cir. 2021) (granting stay pending Rule 23(f) review, in part in recognition that "[defendants'] discovery costs will be unrecoverable even if the class certification is reversed on appeal"); *Nieberding* v. *Barrette Outdoor Living, Inc.*, 2014 WL 5817323, *4 (D. Kan. Nov. 10, 2014) (staying class action because continuing discovery would "incur significant costs in proceedings that may result in duplicative and wasteful litigation").

to 130 depositions of 18 hours each.  (Dep. Protocol, ECF No. 309 at PageID 6731; Discovery Order, ECF No. 355 at PageID 8637.)

*Second*, the Special Master overemphasized Plaintiffs' purported concern that delay will result in the loss of evidence.  "[D]elay alone is not sufficient to establish prejudice" unless it is accompanied by "a unique injury."  *Licona* v. *Tunnel Barrel & Drum Co.*, 2023 WL 2644373, at *3 (D.N.J. Mar. 27, 2023).  In the lone case cited by the Special Master on this point (R&R at PageID 13954), for example, several named plaintiffs, who resided in nursing facilities, had died since the commencement of the litigation.  *Thorpe* v. *District of Columbia*, 306 F.R.D. 6, 11 & n.4 (D.D.C. 2014).  No unique injury rising remotely to that level exists here.  To the contrary, the Special Master's recommendation rests principally on the generic concern that "[a]s time moves forward, memories fade."  (R&R at PageID 13950.)  That is not enough.  *Chao* v. *Fleming*, 498 F. Supp. 2d 1034, 1040 (W.D. Mich. 2007) (prospect of "fad[ing] memories" does not "mak[e] this case any more compelling than other cases").

The Special Master also noted the indictment of certain witnesses, but if anything, a delay will likely *benefit* Plaintiffs as to those individuals, who will be less likely to invoke the Fifth Amendment once "criminal proceedings have concluded."  *See Tucker* v. *New York Police Dep't*, 2010 WL 703189, at *7 (D.N.J. Feb. 23, 2010).[13]  Further, any "prejudice of delay is . . . mitigated by the fact that the parties were allowed to participate in merits discovery for a significant period of time."  *Bancorpsouth*, ECF No. 197 at PageID 6519.  Accordingly, properly weighed under the relevant law, the balance of harms decidedly favors a continuation of the Court's stay of fact discovery.

---

[13]  As to "one witness['s] . . . suicide" (R&R at PageID 13950), that was a highly unusual tragedy and should not impact the Court's analysis.

C.    **The Public Interest Favors a Continued Stay of Fact Discovery.**

The Special Master thought that the public interest cuts against a continuation of the Court's fact discovery stay because the public's "interest in the substance of this case means that the public also has an undeniable interest in this case being resolved in as expedited and efficient a manner as possible." (R&R at PageID 13954.) That does not follow. The Court will achieve neither expedition nor efficiency by forcing the continuation of resource-intensive discovery that might well be rendered pointless. As the Sixth Circuit has held, "the public interest lies in a correct application" of the law. *Coal. to Defend Affirmative Action* v. *Granholm*, 473 F.3d 237, 252 (6th Cir. 2006) (internal quotation marks omitted); *Kentucky* v. *Biden*, 23 F.4th 585, 612 (6th Cir. 2022) (same). That interest weighs in favor of a stay while the Sixth Circuit determines the correct application of controlling law to the critical issue of class certification.[14]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court reject the Special Master's recommendation that fact discovery resume during the pendency of their Rule 23(f) appeal. Following the Sixth Circuit's grant of Defendants' Rule 23(f) appeal, the Court had it right in granting the stay, and nothing in the Special Master's recommendation warrants reopening fact discovery.

---

[14]  Counsel for the opt-out plaintiffs agree that if the court stays the class case, their case should be stayed as well. (Jan. 4, 2024 Hr'g Tr., ECF No. 616 at PageID 13639; *see also* R&R at PageID 13955 n.2 ("At this juncture, Defendants and Direct Action Plaintiffs agree that the case schedules should proceed in lockstep.").) If the class action is fully stayed, there is no reason why the direct actions should proceed, thus subjecting Defendants to successive discovery of the same facts.

**STATEMENT REQUESTING HEARING**

Because this motion presents "complex[] . . . factual . . . [and] legal issues" that will

substantially impact the course of this proceeding, a hearing may aid the Court in its consideration

of the motion.  *See* Local Rule 7.1(b)(2).  Defendants thus respectfully request oral argument.

Respectfully,

/s/ Geoffrey J. Ritts
Geoffrey J. Ritts (0062603)
Robert S. Faxon (0059678)
Corey A. Lee (0099866)
Adrienne F. Mueller (0076332)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: gjritts@jonesday.com
Email: rfaxon@jonesday.com
Email: calee@jonesday.com
Email: afmueller@jonesday.com

Marjorie P. Duffy (0083452)
M. Ryan Harmanis (0093642)
Shalini B. Goyal (0096743)
Elizabeth A. Benshoff (0098080)
JONES DAY
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43215
Telephone: (614) 469-3939
Facsimile: (614) 461-4198
Email: mpduffy@jonesday.com
Email: rharmanis@jonesday.com
Email: sgoyal@jonesday.com
Email: ebenshoff@jonesday.com

Scott B. Scheinberg (admitted *pro hac vice*)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
Telephone: (412) 391-3939

/s/ Paul Schumacher
Paul J. Schumacher, Trial Attorney (0014370)
Dickie, McCamey & Chilcote, P.C.
600 Superior Avenue East
Fifth Third Center, Suite 2330
Cleveland, Ohio  44114
Telephone: (216) 685-1827
pschumacher@dmclaw.com

Richard J. Silk, Jr.
Dickie, McCamey & Chilcote, P.C.
10 W. Broad Street, Suite 1950,
Columbus, Ohio  43215
Telephone:  (614) 258-6000
rsilk@dmclaw.com

Robert J. Giuffra, Jr. (*pro hac vice*)
Sharon L. Nelles (*pro hac vice*)
David M.J. Rein (*pro hac vice*)
Beth D. Newton (*pro hac vice*)
Nicholas F. Menillo (*pro hac vice*)
Hilary M. Williams (*pro hac vice*)
Tasha N. Thompson (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
giuffrar@sullcrom.com
nelless@sullcrom.com
reind@sullcrom.com
newtonb@sullcrom.com
menillon@sullcrom.com
williamsh@sullcrom.com
thompsontas@sullcrom.com

Facsimile: (412) 394-7959
Email: sscheinberg@jonesday.com

*Attorneys for Defendants Steven E. Strah, K.
Jon Taylor, Jason J. Lisowski, George M.
Smart, Paul T. Addison, Michael J.
Anderson, Steven J. Demetriou, Julia L.
Johnson, Donald T. Misheff, Thomas N.
Mitchell, James F. O'Neil III, Christopher D.
Pappas, Sandra Pianalto, Luis A. Reyes,
Jerry Sue Thornton, and Leslie M. Turner*

Kamil R. Shields (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1700 New York Ave., N.W.
Suite 7000
Washington, DC 20006
Telephone: (202) 956-7040
Facsimile: (202) 293-6330
shieldska@sullcrom.com

*Counsel for Defendant FirstEnergy Corp.*

**DECLARATION OF SERVICE**

I certify that the foregoing was filed electronically on April 5, 2024.  Notice of this

filing will be sent to all electronically registered parties by operation of the Court's electronic filing

system.  Parties may access this filing through the Court's system.


*/s/ Paul Schumacher*
Paul J. Schumacher (0014370)
*Counsel for Defendant FirstEnergy Corp.*