# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE FIRSTENERGY CORP. SECURITIES LITIGATION, | : : : | Case No. 2:20-cv-03785 |
| This document relates to: | : : | Chief Judge Algenon L. Marbley |
| ALL ACTIONS. | : | Magistrate Judge Kimberly A. Jolson |

| | | |
|---|---|---|
| MFS SERIES I TRUST, et al., | : : | |
| Plaintiffs, | : : | Case No. 2:21-cv-05839 |
| v. | : : | Chief Judge Algenon L. Marbley |
| FIRSTENERGY CORP., et al., | : : | Magistrate Judge Kimberly A. Jolson |
| Defendants. | : : | |

| | | |
|---|---|---|
| BRIGHTHOUSE FUNDS TRUST II – MSF VALUE PORTFOLIO, et al., | : : : | |
| Plaintiffs, | : : | Case No. 2:22-cv-00865 |
| v. | : : | Chief Judge Algenon L. Marbley |
| FIRSTENERGY CORP., et al., | : : | Magistrate Judge Kimberly A. Jolson |
| Defendants. | : : | |

**ORDER BY SPECIAL MASTER**
**REGARDING MOTIONS FOR LEAVE (ECF NO. 649)**

The captioned matters are before the undersigned for consideration of FirstEnergy's Motion for Special Master Leave (Motion, ECF No. 649 in 2:20-cv-03785) and Plaintiffs' Response (Response, ECF No. 650 in 2:20-cv-03785).

In the motion, FirstEnergy seeks leave to file a proffered Motion for Leave to File Notice of Supplemental Authority and Record Citations. (Proffered Motion for Leave, ECF No. 649-1.) The proffered document cites to two cases, filed subsequent to the filing of FirstEnergy's pending Objections. The document also includes record citations to declarations filed in this action by Plaintiffs that FirstEnergy submits were accepted and considered by the Court despite failing to comply with 28 U.S.C. § 1746 as that statute has been interpreted and applied by multiple courts and the undersigned.

Plaintiffs expressly oppose FirstEnergy's motion in regard to the proffered cases. They first argue that the supplemental authority is irrelevant because both proffered cases concern arguments made prior when the decision on the declarations were made, as opposed to the instant situation in which the arguments regarding compliance were made after the related motion was decided and then objected to. Plaintiffs next argue that "the questions here is not whether it would have been an abuse of discretion for the Special Master to accept the defective O'Neil Declaration, but rather whether it was an abuse of discretion to reject the O'Neil Declaration," an issue that neither proffered case targets. (Response, ECF No. 650 at PageID 14234.) Last, Plaintiffs then refer and incorporate by reference all additional reasons for overruling the objections that they previously raised.

Despite deeming FirstEnergy's motion to be "irrelevant" to the ultimate issue presented by the company's objections, Plaintiff do not expressly oppose—or even discuss—FirstEnergy's list of previously submitted declarations considered by the Court. (*Id.* at 14234.)

As a threshold issue, mention must be made of the oddity of the initial filing before the undersigned. Laudably seeking to comply with the undersigned's prior order, FirstEnergy has filed a motion seeking leave to file a motion seeking leave. This approach has introduced an

2

unnecessarily cumbersome level of briefing and redundancy; a single motion for leave to file supplemental authority would have been sufficient and should be undertaken in the future. That said, the undersigned shall address each component of the motion for leave in turn.

Beginning with the proffered case law, the undersigned is cognizant that "[t]here are . . . limited instances where a party may submit supplemental authority" for a motion, with one identified scenario existing "if there has been a change in the relevant law." *Akron Bd. of Ed. v. Wallace*, No. 5:16CV188, 2016 WL 11812147, at *2 (N.D. Ohio Sept. 6, 2016). The proffered cases do not present a change in the relevant law, but only two courts from other jurisdictions that applied 28 U.S.C. § 1746 in situations dissimilar to the circumstances present here (in which the before/after timing issue played a notable role).

The undersigned is also cognizant that there is case law in this District that denied the filing of supplemental authority "without comment on the substance of the supplemental authority" because "the Rules of Civil procedure do not permit an objecting litigant to supplement objections after the filing deadline." *Armengau v. Warden, London Corr. Inst.*, No. 2:19-cv-1146, 2021 WL 6197414, at *1 (S.D. Ohio Dec. 30, 2021). *See also Armengau v. Warden, London Corr. Inst.*, No. 2:19-cv-1146, 2022 WL 219330, at *3 (S.D. Ohio Jan. 25, 2022). This precedent is considered in light of the subsequent guidance provided by Chief Judge Marbley, who explained:

> Although neither the Federal Rules of Civil Procedure nor this Court's Local Rules allow for the filing of supplemental authorities, this Court has in practice generally allowed such filings. The permissive approach taken by this Court does not, however, entail an "obligation" that Petitioner (or any party before this Court) must uphold, as he claims; to the contrary, such filings are discretionary and should be used sparingly.

*Armengau v. Warden, London Corr. Inst.*, No. 2:19-CV-01146, 2022 WL 17484358, at *21 (S.D. Ohio Dec. 7, 2022).

3

In addition to these two identified hurdles to supplementation—that FirstEnergy is just offering redundant, non-binding authority and that FirstEnergy is impermissibly attempting to supplement its objections—there is also the substantive problem that the company's proffered filing goes beyond merely citing the cases to presenting a statement or interpretation of the holding of those cases. Precedent in this District provides that "directing the Court to relevant case law without argument" is permissible, but a notice of supplemental authority "filing crosse[s] the line when it attempt[s] to construe that authority and apply it to other filings in this litigation." *Tdata Inc. v. Aircraft Technical Publishers*, Nos. 2:03-cv-264 & 2:04-cv-1072, 2007 WL 9734705, at *2 (S.D. Ohio Feb. 6, 2007). The minute that FirstEnergy ventured from providing notice that the proffered cases existed and into telling the Court what the proffered cases stood for is when the company swayed from supplementation to argument.

Finally, even if these issues were not present, there is still the matter that, as Plaintiffs note, the proffered cases simply do not address the factual scenario that exists here. The issue is not whether the O'Neil Declaration could have been accepted or corrected at some point pre-decision, but whether the undersigned's rejection of that document as substantively deficient constitutes an abuse of discretion. The proffered cases do not speak to the core issue now before the Court; they are arguably nearly or wholly irrelevant.

For these reasons, the undersigned declines to grant leave for FirstEnergy to file the proffered Motion for Leave to File Notice of Supplemental Authority and Record Citations. That said, the undersigned recognizes the argument that the proffered cases are of some debatable degree of relevance. Stripped of FirstEnergy's interpretations, then, placing the cases before the Court errs if at all on the side of letting the Court give the non-binding cases whatever weight they

4

warrant. Accordingly, while not permitting FirstEnergy to provide the Court with its spin on the cases, the undersigned brings to the Court's attention the following cases, which *may* be considered of some relevance:

- *Abreu v. Davis County*, No. 1:21-CV-129-RJS, 2024 WL 327335 D. Utah Jan. 29, 2024).

- *Hao v. Vetter*, No. 1:23-cv-708 (RDA/LRV), 2024 WL 965610 (E.D. Va. Mar. 5, 2024).

This leaves for disposition the second component of FirstEnergy's request, that the company be granted leave to provide record citations to other declarations previously considered by the Court. As mentioned above, Plaintiffs essentially ignore this component of FirstEnergy's briefing. This is notable because S.D. Ohio Civil Rule 7.2(a)(2) provides that the "[f]ailure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment or an award of attorneys' fees." The failure to brief an issue can be regarded as failing to file opposition on that issue, but the key words in this context are "*may* result"—in other words, there is no mandate to grant FirstEnergy's requested relief.

Any presumption toward a grant gives way here to Local Rule 7.2(a)(1), (d), and (e), which mandate that FirstEnergy cite to then-available evidence when it made its objections. Instead, FirstEnergy only now seeks to direct the Court to declarations that have long resided on the docket. This belated attempt at presenting a new or bolstering the company's existing argument using previously available evidence begs for a reason why FirstEnergy failed to present the declarations as required when there was no apparent hurdle to doing so. This does not mean that the Court cannot consider the circumstances of the prior declarations, which reside on the Court's docket, but it does mean that FirstEnergy cannot "supplement" its objections with "old" evidence submitted well after the time for submitting all then-existing evidence and arguments has closed.

5

For these reasons, the undersigned **DENIES** FirstEnergy's Motion for Special Master Leave. (Motion, ECF No. 649.)

**IT IS SO ORDERED.**

*/s/ Shawn K. Judge*
SHAWN K. JUDGE (0069493)
SPECIAL MASTER

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 2, 2024, the foregoing was filed with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                   */s/ Shawn K. Judge*
                                                   Shawn K. Judge (0069493)