# Exhibit A

THE PUBLIC UTILITIES COMMISSION OF OHIO

| | |
|---|---|
| IN THE MATTER OF THE REVIEW OF OHIO EDISON COMPANY, THE CLEVELAND ELECTRIC ILLUMINATING COMPANY, AND THE TOLEDO EDISON COMPANY'S COMPLIANCE WITH R.C. 4928.17 AND OHIO ADM.CODE CHAPTER 4901:1-37. | CASE NO. 17-974-EL-UNC |

ENTRY

Entered in the Journal on October 12, 2021

**{¶ 1}** In this Entry, the attorney examiner finds that the internal investigation report is privileged, modifies the procedural schedule as requested, and schedules a prehearing conference to be held on December 6, 2021, via Webex.

**{¶ 2}** Ohio Edison Company, The Cleveland Electric Illuminating Company, and The Toledo Edison Company (collectively, FirstEnergy or the Companies) are electric distribution utilities, as defined by R.C. 4928.01(A)(6), and public utilities, as defined in R.C. 4905.02, and, as such, are subject to the jurisdiction of this Commission.

**{¶ 3}** To assist the Commission with the review of FirstEnergy's compliance with the corporate separation rules set forth in Ohio Adm.Code Chapter 4901:1-37, the Commission directed Staff, on May 17, 2017, to issue a request for proposal (RFP) for audit services. On July 5, 2017, the Commission issued an Entry selecting Sage Management Consultants, LLC (Sage) to conduct the requested audit services, in accordance with the terms set forth in the RFP. Pursuant to the terms of the RFP, a draft audit report was to be submitted by February 28, 2018, with the final audit report due on March 14, 2018. The deadline for the draft audit report and final audit report was extended to April 30, 2018, and May 14, 2018, respectively. Sage filed the final audit report on May 14, 2018.

**{¶ 4}** Comments regarding the Sage audit report were timely filed by Interstate Gas Supply, Inc. (IGS), Ohio Consumers' Counsel (OCC), Northeast Ohio Public Energy Council (NOPEC), the Companies, and Retail Energy Supply Association (RESA). Reply comments

17-974-EL-UNC -2-

were filed by NOPEC, FirstEnergy Solutions Corp. (FES), OCC, and the Companies. Joint reply comments were filed by RESA and IGS.

{¶ 5} In their comments, the Companies noted that, on March 20, 2018, FES filed a voluntary petition in the United States Bankruptcy Court for relief pursuant to Chapter 11 of Title 11 of the United States Code. Further proceedings in this case were deferred until the resolution of FES' bankruptcy proceeding.

{¶ 6} On March 20, 2020, the Companies filed a notice in this proceeding. The Companies represented that FES had emerged from bankruptcy as Energy Harbor Corp. (Energy Harbor) and that Energy Harbor is no longer an affiliate of the Companies' parent, FirstEnergy Corp.

{¶ 7} Further, on January 17, 2020, Suvon, LLC d/b/a FirstEnergy Advisors (Suvon) filed an application for certification as a competitive retail electric service power broker and aggregator in the state of Ohio. *In re Suvon LLC*, Case No. 20-103-EL-AGG. Suvon is an affiliate of the Companies. The Commission approved Suvon's application on April 22, 2020. The Commission also ruled that, although various parties in that case had raised issues both with Suvon's use of a trade name and with compliance with the corporation separation requirements by the Companies and other affiliates of FirstEnergy Corp., those issues were best addressed in this proceeding. *In re Suvon LLC*, Case No. 20-103-EL-AGG, Finding and Order (Apr. 22, 2020) at ¶ 20, 22.

{¶ 8} On April 29, 2020, the attorney examiner established a supplemental comment period regarding the audit report filed in this proceeding. Supplemental comments were timely filed by Vistra Energy Corp., NOPEC, IGS, OCC, RESA, and the Companies. Supplemental reply comments were timely filed by OCC, NOPEC, IGS, RESA, and the Companies.

{¶ 9} On September 8, 2020, the OCC filed motions in this proceeding for an investigation and management audit of FirstEnergy, its corporate governance, and its

17-974-EL-UNC -3-

activities regarding Am. Sub. H.B. 6, to hire an independent auditor, to reopen the distribution modernization rider audit case, and to require FirstEnergy to show that it did not improperly use money collected from consumers or violate any utility regulatory laws, rules, or orders in its activities regarding Am. Sub. H.B. 6. The Companies filed a memorandum contra OCC's motions on September 23, 2020. OCC filed a reply on September 30, 2020.

{¶ 10} On September 15, 2020, the Commission opened a proceeding to review whether any political and charitable spending by the Companies in support of Am. Sub. H.B. 6 and the subsequent referendum effort was included, directly or indirectly, in any rates or charges paid by ratepayers in this state. *In the Matter of the Review of the Political and Charitable Spending by Ohio Edison Co., The Cleveland Elec. Illum. Co., and The Toledo Edison Co.*, Case No. 20-1502-EL-UNC.

{¶ 11} On October 29, 2020, FirstEnergy Corp., the corporate parent of the Companies, filed a Form 8-K with the United States Securities and Exchange Commission reporting the termination of certain officers and appointment of new interim chief executive officers. The Form 8-K further stated that, during the course of FirstEnergy Corp.'s internal investigation related to ongoing government investigations, the Independent Review Committee of the Board of Directors determined that each of the terminated executives violated certain FirstEnergy Corp. policies and its code of conduct.

{¶ 12} On November 4, 2020, the Commission issued an Entry directing, in the instant case, Staff to issue an RFP to acquire audit services to assist the Commission with the review of FirstEnergy's compliance with the corporate separation provisions of R.C. 4928.17 and with the Companies' Commission-approved corporate separation plans for the period between November 1, 2016, and October 31, 2020. Bidders were directed to demonstrate their understanding of the project and the work required by showing a clear understanding of the tasks to be completed, the experience and qualifications of the personnel who will perform the work, and the anticipated breakdown of costs and timing.

17-974-EL-UNC -4-

All proposals were submitted on November 25, 2020, in accordance with the terms of the RFP.

{¶ 13} On January 27, 2021, the Commission selected Daymark Energy Advisors, Inc. (Daymark) and directed the Companies to enter into a contract with Daymark to perform the audit services described in the RFP and its proposal. In the Entry, the Commission also set the deadline for the completion of the audit report as June 21, 2021. Motions to extend the filing date of the audit report were filed and granted.

{¶ 14} On June 25, 2021, OCC filed a motion for subpoena duces tecum for FirstEnergy Corp., FirstEnergy Service Company, and FirstEnergy Foundation. Those subpoenas were issued to the respective companies on June 25, 2021. Among other documents, the subpoenas seek the production of an internal investigation report by a committee of independent members of the FirstEnergy Corp. Board of Directors (Investigation Report).

{¶ 15} On July 19, 2021, FirstEnergy Corp. and FirstEnergy Service Company filed a motion to quash the subpoenas duces tecum. They argue that the subpoenas seek information outside the scope of the proceedings and privileged information. They also note that OCC has not tailored its requests in a way that would limit the burden of nonparty discovery. Finally, they argue that the only relevant, non-privileged information was already provided to OCC, including the consulting agreement and its amendments, as well as the vendor payments and associated details. The attorney examiner notes that a similar motion was filed in *In re the 2020 Review of the Delivery Capital Recovery Rider of Ohio Edison Company, The Cleveland Electric Illuminating Company, and The Toledo Edison Company*, Case No. 20-1629-EL-RDR.

{¶ 16} On August 3, 2021, OCC filed a memorandum contra the motion to quash the subpoenas. OCC argues that its document requests are reasonably calculated to lead to the discovery of admissible evidence and that FirstEnergy already agreed to make its affiliates' records available to the Commission and OCC in its merger commitment. OCC also argues

17-974-EL-UNC -5-

that a privilege log has not been provided and that the privilege was waived for certain documents when the documents were discussed publicly. OCC asserts that although certain documents that were requested in the subpoenas were already produced by the Companies, those documents may be different versions of the documents in the possession of FirstEnergy Corp. and FirstEnergy Service Company.

{¶ 17} On August 10, 2021, FirstEnergy Corp. and FirstEnergy Service Company filed a reply in support of their motion to quash the subpoenas. They argue that OCC failed to address in its memorandum contra the significant burden imposed by the subpoenas. They also reaffirm their arguments as to privilege and that the subpoenas are moot as to the documents already produced.

{¶ 18} On September 13, 2021, Daymark filed the final audit report with the Commission.

{¶ 19} On September 14, 2021, a prehearing conference was held. During that conference, deadlines for the comment period and hearing dates were discussed to determine mutually agreeable dates. Additionally, FirstEnergy Corp. and FirstEnergy Service Company were ordered to produce to the attorney examiners a privilege log and a copy of the Investigation Report for an *in camera* review.

{¶ 20} After conducting the *in camera* review of the Investigation Report, the attorney examiner finds that the Investigation Report is (1) a communication; (2) made between privileged persons, the committee of independent directors of FirstEnergy Corp. and counsel; (3) in confidence; and (4) for the purpose of providing legal assistance to the client. Moreover, the Investigation Report is clearly prepared in reasonable anticipation of litigation. Therefore, the Investigation Report is protected from disclosure by both attorney-client privilege and the attorney-work-product doctrine. To the extent that the Investigation Report contains attorney work product, the attorney examiner finds that OCC has not demonstrated a need for the materials; OCC has not demonstrated that the information contained in the Investigation Report is relevant to this proceeding and is otherwise

17-974-EL-UNC -6-

unavailable. Accordingly, the motion to quash, as to the Investigation Report, should be granted.

**{¶ 21}** On September 17, 2021, the attorney examiner set a comment period and procedural schedule for this proceeding.

**{¶ 22}** On October 1, 2021, IGS filed a motion to extend the comment period and procedural schedule. The motion was filed with a request for expedited treatment. IGS contends that the additional time will allow the parties time to adequately conduct and review discovery. IGS also certifies that no party opposes an expedited ruling on the motion.

**{¶ 23}** The attorney examiner finds good cause to grant the motion to extend the comment period and procedural schedule. Accordingly, all interested parties should file initial and reply comments regarding the auditor's report by November 8, 2021, and November 22, 2021, respectively.

**{¶ 24}** Additionally, the parties should adhere to the following revised procedural schedule:

   a. The deadline for the service of discovery, except for notices of deposition, shall be set for November 24, 2021.

   b. The Companies should file testimony by January 13, 2022.

   c. Intervenors should file testimony by January 27, 2022.

   d. The evidentiary hearing shall convene on February 10, 2022, at 10:00 a.m., at the offices of the Commission, 180 East Broad Street, 11th Floor, Hearing Room 11-A, Columbus, Ohio 43215. The parties should register at the lobby desk and then proceed to the 11th floor in order to participate in the hearing.

17-974-EL-UNC -7-

**{¶ 25}** Consistent with CDC Guidelines and the May 17, 2021 Ohio Department of Health Order, individuals who are not fully vaccinated should continue to wear a face covering and socially distance. Any accommodations necessary to ensure availability of social distancing and plexiglass dividers should be made in advance of the hearing. As pandemic restrictions are evolving, additional instructions regarding further safety requirements or accommodations for the hearing room will be forthcoming, either posted on the Commission's website or communicated to the parties.

**{¶ 26}** The attorney examiner finds that a prehearing conference should be scheduled for December 6, 2021, at 10:00 a.m., to be held via Webex. Instructions for participation in the prehearing conference shall be emailed to the parties. Anyone interested in observing the prehearing conference as a nonparty can access the prehearing using the link https://bit.ly/17-974-PHC4, and entering the password PUCO, or by calling 1-408-418-9388, and entering code 2343 538 0446.

**{¶ 27}** It is, therefore,

**{¶ 28}** ORDERED, That the motion to quash, as to the Investigation Report, be granted as set forth in Paragraph 20. It is, further,

**{¶ 29}** ORDERED, That all interested parties file initial and reply comments as directed in Paragraph 23. It is, further,

**{¶ 30}** ORDERED, That parties adhere to the revised procedural schedule set forth in Paragraph 24. It is, further,

**{¶ 31}** ORDERED, That a prehearing conference be scheduled in accordance with Paragraph 26. It is, further,

17-974-EL-UNC -8-

{¶ 32} ORDERED, That a copy of this Entry be served upon all parties of record.

                    THE PUBLIC UTILITIES COMMISSION OF OHIO

*/s/ Jacky Werman St. John*
By:    Jacky Werman St. John
        Attorney Examiner

GAP/mef

**This foregoing document was electronically filed with the Public Utilities**

**Commission of Ohio Docketing Information System on**

**10/12/2021 2:25:20 PM**

**in**

**Case No(s). 17-0974-EL-UNC**

Summary: Attorney Examiner Entry granting the motion to quash as to paragraph 20; directing interested parties to file initial and reply comments as to paragraph 23; setting the procedural schedule as to paragraph 24; and, scheduling a prehearing conference for 12/6/21 at 10:00am electronically filed by Ms. Mary E. Fischer on behalf of Jacky Werman St. John, Attorney Examiner, Public Utilities Commission of Ohio