UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) | No. 2:20-cv-03785-ALM-KAJ |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | Judge Algenon L. Marbley |
| ALL ACTIONS. | ) ) | Magistrate Judge Kimberly A. Jolson |
| | ) | |

PLAINTIFFS' RESPONSE TO FIRSTENERGY'S OBJECTIONS TO THE SPECIAL
MASTER'S ORDER DENYING LEAVE TO FILE SUPPLEMENTAL AUTHORITY AND
RECORD CITATIONS

MURRAY MURPHY MOUL
  + BASIL LLP
JOSEPH F. MURRAY (0063373)
1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com



Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com


Class Counsel

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...........................................................................................................1

II. STANDARD OF REVIEW ...........................................................................................1

III. ARGUMENT ...............................................................................................................1

IV. CONCLUSION .............................................................................................................5

4884-2600-9281.v1

## I.     INTRODUCTION

Defendant FirstEnergy Corp.'s ("FirstEnergy") latest maneuver to bog down this litigation and avoid the merits is its filing of objections to the Special Master's Order denying its request to submit so-called "supplemental authorities" and to cite unrelated filings from nearly two years ago. As is true for all its delay tactics, FirstEnergy's objections are not well taken.  They are also moot, as the Court has already decided the underlying motion.

## II.     STANDARD OF REVIEW

Rulings on motions for leave to supplement are reviewed for an abuse of discretion.  *See, e.g.*, *Standing Akimbo, Inc. v. United States through Internal Revenue Serv.*, 2023 WL 569405, at *5 (10th Cir. Jan. 27, 2023), *cert. denied sub nom. Standing Akimbo, Inc. v. United States*, __ U.S. __, 143 S. Ct. 2613 (2023).

## III.     ARGUMENT

FirstEnergy first accuses the Special Master of holding "that supplemental authority ***must*** reflect 'a change in the relevant law.'"[1]  FirstEnergy's Objection to Special Master's Order, ECF 660 at PageID 14356.  Mindful of the Special Master's request that the parties refrain from blunt language, Plaintiffs will simply state that this is inaccurate, as demonstrated by the Special Master's order itself: "[T]he undersigned is cognizant that '[t]here are . . . limited instances where a party may submit supplemental authority' for a motion, ***with one identified scenario existing*** 'if there has been a change in the relevant law.'"  Order by Special Master, ECF 651 at PageID 14239 (quoting *Akron Bd. of Ed. v. Wallace*, 2016 WL 11812147, at *2 (N.D. Ohio Sept. 6, 2016)).

---

[1]     Unless otherwise noted, all emphasis is added and citations are omitted.  "Plaintiffs" refers to Class Representatives Los Angeles County Employees Retirement Association, Amalgamated Bank, as Trustee for the LongView LargeCap 500 Index Fund, LongView Quantitative LargeCap Fund, LongView Broad Market 3000 Index Fund, LongView LargeCap 500 Index Fund VEBA, LV LargeCap 1000 Value Index Fund, LongView Quantitative MidCap Fund, LongView Quant LargeCap Equity VEBA Fund and LongView Core Plus Fixed Income Fund, City of Irving Supplemental Benefit Plan, and Wisconsin Laborers' Pension Fund.

- 1 -

FirstEnergy next takes issue with the Special Master's observation that its so-called supplemental authority is redundant and irrelevant. Once again, FirstEnergy errs, as both so-called "supplemental authorities" concern arguments made ***prior to*** the decisions on the motions to which the defective declarations related (*Abreu v. Davis Cnty*., 2024 WL 327335, at *2 (D. Utah Jan. 29, 2024); *Hao v. Vetter*, 2024 WL 965610, at *4 (E.D. Va. Mar. 5, 2024)), so they did not concern the untimeliness of FirstEnergy's arguments, which it first raised ***after*** the related motion was decided and ***after*** filing its objection to that decision. Moreover, the question here is not whether it would have been an abuse of discretion for the Special Master to accept the defective Declaration of James F. O'Neil, III ("O'Neil Declaration") (ECF 511-1 at PageID 10937-43), but rather whether it was an abuse of discretion to reject the O'Neil Declaration. Neither "supplemental authority" nor any other case has ever accepted FirstEnergy's argument that it is an abuse of discretion to reject a declaration that fails to include the required "true and correct" attestation. 28 U.S.C. §1746. Accepting such an argument would amount to a judicial rewrite of 28 U.S.C. §1746 and a total disregard for its legislative history. *See* Movant's Response to FirstEnergy's Objections, ECF 615 at PageID 13547-48.

Moreover, as this Court noted in overruling FirstEnergy's objections to the Special Master's internal investigation order, "FirstEnergy cites no cases in which a reviewing court found an abuse of discretion where an amended declaration was denied after the underlying motion was decided." Opinion & Order, ECF 653 at PageID 14258. FirstEnergy's so-called supplemental authorities also do ***not*** find an abuse of discretion where an amended declaration was denied after the underlying motion was decided. Therefore, these so-called supplemental authorities are irrelevant.

Likewise, FirstEnergy has previously cited similarly inapplicable cases involving situations that did not concern attempts to force a court to accept a defective declaration or the untimeliness of FirstEnergy's arguments, which it first raised ***after*** the related motion was decided and ***after*** filing its

- 2 -

objection to that decision.  *See* FirstEnergy's Objections to the Special Master's Nov. 29 & 30 Orders, ECF 607-1 at PageID 13187-91.  Therefore, these so-called supplemental authorities are redundant.

Next, FirstEnergy accuses the Special Master of erring by observing, "'the Rules of Civil procedure do not permit an objecting litigant to supplement objections after the filing deadline.'" Order by Special Master, ECF 651 at PageID 14239 (first quoting *Armengau v. Warden, London Corr. Inst*., 2021 WL 6197414, at *1 (S.D. Ohio Dec. 30, 2021); then citing *Armengau v. Warden, London Corr. Inst*., 2022 WL 219330, at *3 (S.D. Ohio Jan. 25, 2022); and then citing *Armengau v. Warden, London Corr. Inst*., 2022 WL 17484358, at *21 (S.D. Ohio Dec. 7, 2022), *cert denied sub nom. Armengau v. Hildebrand*, __ U.S.__, 144 S. Ct. 211 (2023)).  FirstEnergy does not acknowledge, let alone distinguish, any of these cases.  Nor does FirstEnergy cite any contrary authority.  Therefore, FirstEnergy's accusation fails.

Next, FirstEnergy accuses the Special Master of erring by observing: "Precedent in this District provides that 'directing the Court to relevant case law without argument' is permissible, but a notice of supplemental authority 'filing crosse[s] the line when it attempt[s] to construe that authority and apply it to other filings in this litigation.'"  Order by Special Master, ECF 651 at PageID 14240 (quoting *Tdata Inc. v. Aircraft Tech. Publishers*, 2007 WL 9734705, at *2 (S.D. Ohio Feb. 6, 2007)).  FirstEnergy contends that this Court "allowed" its prior improperly argumentative notice of supplemental authority and therefore it is uniquely entitled to file improperly argumentative notices of supplemental authority.  FirstEnergy's Objection to Special Master's Order, ECF 660 at PageID 14357 (citing FirstEnergy's Notice of Supplemental Authority, ECF 424 at PageID 9639-71).  It also cites one of Plaintiffs' notices of supplemental authority (Plaintiffs' Notice of Supplemental Authority, ECF 352 at PageID 8567-85), but that 8-line notice was not argumentative, whereas FirstEnergy's 63-line notice (including 10 lines of footnotes) clearly was.  More to the

- 3 -

point, however, FirstEnergy did not move for leave to file its prior argumentative notice, so it is inaccurate for FirstEnergy to say that this Court "allowed" it.  The bottom line is that the Special Master accurately quoted and applied *Tdata*, so FirstEnergy's accusation fails.

Last, FirstEnergy accuses the Special Master of "excluding record citations" and "ignor[ing] that record citations may be accepted 'even without showing good cause if [they do] not result in prejudice toward the opposing party.'"  FirstEnergy's Objection to Special Master's Order, ECF 660 at PageID 14357 (quoting *Tera II, LLC v. Rice Drilling D, LLC*, 2023 WL 2664415, at *5 (S.D. Ohio Mar. 28, 2023)).  Once again, FirstEnergy's argument is inaccurate, as *Tera* did not involve a party trying to do anything as unhelpful as what FirstEnergy's motion sought to do.  For context, Plaintiffs filed the motion to compel to which FirstEnergy's motion for leave relates back in June of 2023.  Moving Parties Motion to Compel, ECF 489 at PageID 10446-529.  FirstEnergy filed its opposition in July 2023.  FirstEnergy's Opposition to Motion to Compel, ECF 510 at PageID 10889-932.  The Special Master granted the motion on November 29, 2023.  Order by Special Master, ECF 571 at PageID 12371-89.

What the Court charitably described as a "flurry" of FirstEnergy filings followed.  Order & Opinion, ECF 653 at PageID 14272; *see* ECF 647 at PageID 14132-33 (listing examples of FirstEnergy's vexatious filings).  On April 30, 2024, FirstEnergy capped off months of unmeritorious filings with a motion for leave that included a request to cite declarations that had been filed with the Court ***in June 2022*** in connection to a different motion. *See, e.g.*, Declaration of Hillary B. Stakem in Support of Class Certification, ECF 293-2 at PageID 6252.  FirstEnergy does not cite a single case concerning such a facially unreasonable request as to seek leave to remind a Court of what has been in the record for nearly two years.  Moreover, again, the question here is not whether it would have been an abuse of discretion to accept the non-compliant declaration, but rather

whether it was an abuse of discretion to reject it.  Therefore, FirstEnergy's woefully belated and wholly unnecessary "record citations" are irrelevant and its accusation fails.

## IV.    CONCLUSION

Plaintiffs respectfully request that the Court overrule FirstEnergy's objections as both substantively without merit and moot.

DATED:  May 24, 2024                         Respectfully submitted,

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY, Trial Attorney (0063373)


                                        s/ Joseph F. Murray
                                    JOSEPH F. MURRAY

1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com

Liaison Counsel

ROBBINS GELLER RUDMAN
    & DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
JASON A. FORGE (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com
jforge@rgrdlaw.com

Class Counsel

4884-2600-9281.v1

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on May 24, 2024.  Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Joseph F. Murray*

Joseph F. Murray (0063373)

4884-2600-9281.v1