# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION, | Case No. 2:20-cv-03785-ALM-KAJ |
| | CLASS ACTION |
| This document relates to: | Chief Judge Algenon L. Marbley |
| ALL ACTIONS. | Magistrate Judge Kimberly A. Jolson |

**CHARLES E. JONES AND MICHAEL J. DOWLING'S SUPPLEMENTAL STATEMENT IN OPPOSITION TO FIRSTENERGY'S MOTION FOR CERTIFICATION OF AN ORDER FOR INTERLOCUTORY APPEAL**

Charles E. Jones and Michael J. Dowling joined plaintiffs in the request for relief in the underlying motion to compel concerning FirstEnergy's assertions of attorney-client privilege and work product protection over materials and witness statements relating to its internal investigations. (ECF No. 489-1, at PageID 10463.) After the Special Master granted the request for relief (ECF No. 571), Mr. Jones and Mr. Dowling joined plaintiffs in opposing FirstEnergy's objections to the Special Master's ruling (ECF No. 614). Mr. Jones and Mr. Dowling now join plaintiffs in opposing FirstEnergy's motion to certify for interlocutory appeal the Court's order overruling FirstEnergy's objections (ECF No. 653 (order), 661 (motion to certify)) but do not join in plaintiffs' opposition brief (ECF No. 664) and do not agree with or adopt plaintiffs' characterizations of the alleged facts or their claims concerning the merits of their causes of action in that brief. Nonetheless, mindful of not duplicating arguments made in plaintiffs' brief, Mr. Jones and Mr. Dowling write separately only to briefly highlight two points that warrant denying FirstEnergy's motion.

***First,*** FirstEnergy has not identified a controlling question of law appropriate for interlocutory appeal. FirstEnergy's first purported controlling question concerns whether the Court erred in not considering the O'Neil declaration. (*See* ECF 661-1, at PageID 1437.) However, FirstEnergy ignores the Court's alternative finding that even "putting aside the O'Neil Declaration's deficiency," its "conclusory statement" of the internal investigation's purpose and motivation "does not help FirstEnergy meet its burden." (ECF No. 653, at PAGEID 14267; *see also Id.*, at PAGEID 14253 (finding the O'Neil declaration "does not bear indicia of reliability" because Mr. O'Neil is a defendant in this case and the declaration's conclusory assertions are not sufficiently corroborated by other evidence).) Admission of the O'Neil declaration therefore would not affect the outcome of the underlying motion, and this Court's factual assessment of whether FirstEnergy met its evidentiary burden is not a controlling question of law warranting interlocutory appeal. *See, e.g., In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002) ("A legal issue is controlling if it could materially affect the outcome of the case.").

For its second purported controlling question, FirstEnergy seeks to appeal the issue whether "work product . . . prompted by government enforcement actions and the filing of numerous lawsuits loses work-product protection if the client also later relies on some of those materials to make business decisions." (ECF No. 661-1, at PageID 14371.) But any potential relevance of this question to the outcome of the underlying motion presupposes that work product was initially "prompted" by litigation, a fact the Court found FirstEnergy failed to prove: "FirstEnergy did not provide specific, non-conclusory evidence to establish that litigation was the 'driving force behind the preparation' of the disputed materials" and did not provide a privilege log or "submit

2

documents to the Special Master for in camera review." (ECF No. 653, at PageID 14267 (quoting *Roxworthy*, 457 F.3d at 595)).)[1]

FirstEnergy's last purported controlling question is similarly academic in light of FirstEnergy's failure to satisfy its burden. FirstEnergy proposes appealing the question whether "attorney-client communications made during the course of an internal investigation to facilitate legal advice lose their privileged status if the request for legal advice also was motivated by business purposes." (ECF No. 661-1, at PageID 14371.) For this question to have any potential bearing on the outcome of the underlying motion, FirstEnergy must have satisfied its burden of demonstrating that particular communications in fact requested (or rendered) legal advice because, as this Court correctly observed, "parties invoking the privilege have an 'obligation to identify with particularity the privileged documents' and why these documents are privileged." (ECF No. 653, at PageID 14263 (quoting *In re Rospatch Sec. Litig.*, 1991 WL 574963, at *8 (W.D. Mich. Mar. 14, 1991).) FirstEnergy's sweeping assertion of attorney-client privilege over *all* communications relating to its internal investigations, which admittedly also served several business purposes, failed to satisfy this burden—as the Court explained, "pointing to impending lawsuits does not establish that *individual communications and documents* are privileged because, within those materials, attorneys could be acting as business or human resources advisors and not as legal advisors." (ECF No. 653, at Page ID 14263-64 (emphasis added).)

**Second,** FirstEnergy's contention that "this Court's Order has created doubt and uncertainty . . . in the context of corporate internal investigations" is unfounded. (ECF No. 661-1,

---

[1] Moreover, as demonstrated in prior briefing, the record clearly reflects that FirstEnergy had substantial business purposes for undertaking its internal investigations from the outset, including the immediate need to satisfy its independent auditor, PwC, so that it would approve FirstEnergy's SEC filings. (*See* ECF No. 614, at PageID 13494-99.)

PageID 14370.) The Court's ruling applied well-established law to the unique facts of this case, and ultimately rests on FirstEnergy's failure to support its privilege assertions with admissible, persuasive evidence or even to identify the materials it claims to be privileged. The Court's ruling may provide useful guidance to corporations on how to structure and document internal investigations and litigate challenges to privilege assertions, but it does not threaten the well-established application of attorney-client privilege (or work product protection) to internal investigation materials under appropriate circumstances. In similar cases, courts have rejected arguments that interlocutory appeals must be certified in the interest of avoiding "uncertainty" for corporate internal investigations generally. *See, e.g., SEC v. RPM Int'l, Inc.*, 2020 WL 13158303, at *3 (D.D.C. Mar. 5, 2020) (denying motion to certify order for interlocutory appeal; "[T]he Court's ruling that the interview memoranda in this case were not created in anticipation of litigation has no implications for ordinary internal investigations.").

**[Signature Blocks on Following Page]**

Date: June 3, 2024

<u>*/s/ John F. McCaffrey (via email consent)*</u>
John F. McCaffrey (0039486)
John A. Favret (0080427)
Michael J. Ruttinger (0083850)
Hannah M. Smith (0090870)
TUCKER ELLIS LLP
950 Main Avenue - Suite 1100
Cleveland, OH 44113
Telephone: 216-592-5000
Fax: 216-592-5009
john.mccaffrey@tuckerellis.com
john.favret@tuckerellis.com
michael.ruttinger@tuckerellis.com
hannah.smith@tuckerellis.com

Dan K. Webb (admitted *pro hac vice*)
Steven Grimes (admitted *pro hac vice*)
A. Matthew Durkin (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: 312-558-5600
Fax: 312-558-5700
dwebb@winston.com
sgrimes@winston.com
mdurkin@winston.com

*Attorneys for Defendant Michael J. Dowling*

Respectfully submitted,

<u>*/s/ Carole S. Rendon*</u>
Carole S. Rendon (0070345)
Daniel R. Warren (0054595)
Douglas L. Shively (0094065)
Jeremy Steven Dunnaback (0098129)
Rachael L. Israel (0072772)
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: 216-621-0200
Fax: 216-696-0740
crendon@bakerlaw.com
dwarren@bakerlaw.com
dshively@bakerlaw.com
jdunnaback@bakerlaw.com
risrael@bakerlaw.com

Albert G. Lin (0076888)
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
Telephone: 614-228-1541
Fax: 614-462-2616
alin@bakerlaw.com

George A. Stamboulidis (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4211
Fax: 212-589-4201

William S. Scherman (admitted *pro hac vice*)
Jennifer C. Mansh (admitted *pro hac vice*)
VINSON & ELKINS LLP
2200 Pennsylvania Ave., NW
Suite 500 West
Washington, DC 20037
Telephone: 202-639-6550
Fax: 202-879-8950
wscherman@velaw.com
jmansh@velaw.com

*Attorneys for Defendant Charles E. Jones*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2024, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the CM/ECF system.

/s/ *Carole S. Rendon*
Carole S. Rendon

*One of the Attorneys for Defendant
Charles E. Jones*
