UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) | No. 2:20-cv-03785-ALM-KAJ |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) ) | Judge Algenon L. Marbley Magistrate Judge Kimberly A. Jolson |
| ALL ACTIONS. | ) ) | |

PLAINTIFFS' POSITION STATEMENT REGARDING SEALING OF DEFENDANT CHARLES E. JONES' FOUR-YEAR-OLD EMAIL CHAIN

| | |
|---|---|
| MURRAY MURPHY MOUL + BASIL LLP JOSEPH F. MURRAY (0063373) 1114 Dublin Road Columbus, OH  43215 Telephone:  614/488-0400 614/488-0401 (fax) murray@mmmb.com | ROBBINS GELLER RUDMAN & DOWD LLP DARREN J. ROBBINS (*pro hac vice*) MARK SOLOMON (*pro hac vice*) 655 West Broadway, Suite 1900 San Diego, CA  92101 Telephone:  619/231-1058 619/231-7423 (fax) darrenr@rgrdlaw.com marks@rgrdlaw.com |
| Liaison Counsel | Class Counsel |

4878-6105-4661.v1

Before the Special Master is a dispute over the propriety of defendant Charles E. Jones' efforts to deny the public access to his incriminating email chain from April 2020 that was used in Jones' July 25, 2023 deposition and recently filed with the Court in connection with an important motion. This case is a matter of great public interest, involving Jones' rampant corruption as the CEO of FirstEnergy Corp., victimizing the public by: (1) depriving it of public officials' honest services; (2) directing official acts that would cost Ohioans over $1 billion to benefit FirstEnergy (and Jones by extension); and (3) doing so all to defraud investors by pumping up FirstEnergy's share price. FirstEnergy has confessed to conspiring with Jones to commit the first two parts of this overarching scheme.[1] The email chain at issue here comprises compelling evidence of the third: Jones' motivation to pump up FirstEnergy's share price to $50 so he could sell 200,000 shares to, among other things, buy a penthouse in Naples, Florida. All this is a matter of public record, including Jones' exercise of options for, and plan to sell, FirstEnergy shares just before Larry Householder's arrest, as well as his and his wife's purchase of a multi-million-dollar penthouse in Naples just after.[2] Jones wants to hide from the public a single piece of evidence in which he ties it all together, yet such evidence is exactly what the public has the right to access.

---

[1] *See* Status Report, Ex. 5 (DPA), ECF 259-5 at PageID 6016-40; *see also* David Robert, *Ohio just passed the worst energy bill of the 21st century*, Vox (July 27, 2019), https://www.vox.com/energy-and-environment/2019/7/27/8910804/ohio-gop-nuclear-coal-plants-renewables-efficiency-hb6; Jake Zukerman, *FirstEnergy said it bribed a regulator for $4.3 million. Here's how it worked*, Ohio Capital Journal (July 29, 2021), https://ohiocapitaljournal.com/2021/07/29/firstenergy-said-it-bribed-a-regulator-for-4-3-million-heres-how-it-worked/.

[2] *See* Plaintiffs' Opp. to Mot. for Interlocutory Appeal, Ex. 1, ECF 664-2 at PageID 14449; *id.*, Ex. 2, ECF 664-3 at PageID 14451; Collier County Property Appraiser, https://www.collierappraiser.com/index.html?ref=/main_search/RecordDetail.html&ccpaver=1707221124&dl=yes&sid=901496001&ccpaver=1707221124&FolioID=11970000543 (last visited June 5, 2024) (showing that Jones and Kimberly F. Jones purchased a high-rise property in Naples, Florida for $6,350,000 on September 11, 2020); Fintel, FE/FirstEnergy Corp. – Insider Trading and Ownership Report – SEC Form 3, 4, 5, https://fintel.io/sn/us/fe (last visited June, 5, 2024); Bezinga, Charles E Jones's Net Worth: $54.5 Million (updated Apr. 3, 2024), https://www.benzinga.com/sec/insider-trades/0001261969/charles-e-jones.

4878-6105-4661.v1

The Court long ago recognized the public importance of this case.[3]  In fact, Jones himself (through his counsel) has repeatedly argued that the tremendous public interest in this case is manifest in regular headlines concerning it and related cases, such as the criminal indictment charging Jones with dozens of crimes, including bribery, fraud, and grand theft.[4]  One would be hard pressed to find a case of greater or broader public interest in the state of Ohio than these cases, which check off every box the Sixth Circuit has established to create the heaviest of burdens to protect the "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).[5]

> Unlike information merely exchanged between the parties, "[t]he public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983).  That interest rests on several grounds.  Sometimes, the public's interest is focused primarily upon the litigation's result – whether a right does or does not exist, or a statute is or is not constitutional. ***In other cases*** – including "antitrust" cases, *id.* at 1179 – ***the public's interest is focused not only on the result, but also on the conduct giving rise to the case.  In those cases, "secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption***." *Id.*  And in any of these cases, ***the public is entitled to assess for itself the merits of judicial decisions***.  Thus, "[t]he public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions." *Id.* at 1181; *see also, e.g.*, *Baxter*, 297 F.3d at 546.
>
> . . . The burden of overcoming that presumption is borne by the party that seeks to seal them. *In re Cendant Corp*., 260 F.3d 183, 194 (3d Cir. 2001).  The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co*., 723 F.2d 470, 476 (6th Cir. 1983).  Moreover, ***the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access***. *See Brown & Williamson*, 710 F.2d at 1179.  For example, in class actions – where by definition "some members of the public are also parties to the [case]" – the standards

---

[3]  *See, e.g*., Opinion & Order, ECF 219 at PageID 4741; Order, ECF 431 at PageID 9759.

[4]  Marty Schladen, *Ohio indictments provide a better picture of squalid relationships that spurred massive scandal*, Ohio Capital Journal (Feb. 14, 2024), https://ohiocapitaljournal.com/2024/02/14/ohio-indictments-provide-a-better-picture-of-squalid-relationships-that-spurred-massive-scandal/.

[5]  Unless otherwise noted, emphasis is added and citations are omitted.

4878-6105-4661.v1

>  for denying public access to the record "should be applied . . . with particular strictness." *Cendant*, 260 F.3d at 194.  And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g., Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984).  The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

*Shane Grp.*, 825 F.3d at 305-06 (alterations in original).

It is apparent that in this case, Jones bears the heaviest burden possible to overcome the public's right of access: (1) it involves public corruption, which means "the public's interest is focused not only on the result, but also on the conduct giving rise to the case"; (2) the public's interest in the "litigation's subject matter" is greater because the underlying conduct victimized the public; and (3) it involves a "class action[] – where by definition 'some members of the public are also parties to the [case]' [which means] the standards for denying public access to the record 'should be applied . . . with particular strictness.'" *Shane Grp.*, 825 F.3d at 305-06.

It is equally apparent that Jones cannot meet this onerous burden.  Although some courts have held that ***current*** bank account balances are potentially protectable, Plaintiffs have yet to find a single case holding that the bank account balances or any other financial information ***from over four years ago*** come even close to overcoming the public's strong presumption of access.  This is particularly true here because Jones' status as a millionaire, his annual compensation as FirstEnergy's CEO, share sales, estimated net worth, ***and the fact that he made over $50 million through FirstEnergy's confessed conspiracy with him***, are all matters of public record.[6]

---

[6] *See* Jake Zukerman, *FirstEnergy asks its fired former CEO to return the $56 million it paid him*, Ohio Capital Journal (July 28, 2022), https://ohiocapitaljournal.com/2022/07/28/firstenergy-asks-its-fired-former-ceo-to-return-the-56-million-it-paid-him/; wallmine, Charles E Jones Net Worth (updated Mar. 3, 2020), https://wallmine.com/people/33865/charles-e-jones.

Having already cheated the public out of millions of dollars, Jones should not be allowed to cheat the public out of its vital right of access to the Court records of this case.[7]

DATED:  June 5, 2024

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY, Trial Attorney (0063373)


s/ Joseph F. Murray
JOSEPH F. MURRAY

1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com

Liaison Counsel

ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
JASON A. FORGE (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com
jforge@rgrdlaw.com

Class Counsel

---

[7] Plaintiffs in *MFS Series Trust I, et al. v. FirstEnergy Corp., et al.*, No. 2:21-cv-05839-ALM-KAJ, and *Brighthouse Funds Trust II – MFS Value Portfolio, et al. v. FirstEnergy Corp., et al.*, No. 2:22-cv-00865-ALM-KAJ, join the arguments in this Position Statement.

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on June 5, 2024.  Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Joseph F. Murray*
Joseph F. Murray (0063373)
