**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION, | ) ) ) Case No. 2:20-cv-03785-ALM-KAJ ) ) <u>CLASS ACTION</u> ) |
| This document relates to: ALL ACTIONS. | ) Chief Judge Algenon L. Marbley ) Magistrate Judge Kimberly A. Jolson ) Special Master Shawn K. Judge ) ) ) |

**CHARLES E. JONES'S WRITTEN SUBMISSION TO SPECIAL MASTER SHAWN K. JUDGE PRIOR TO STATUS CONFERENCE CONCERNING CONFIDENTIALITY OF PLAINTIFFS' EXHIBIT 486**

**I.     INTRODUCTION**

On May 31, 2024, plaintiffs publicly filed their Opposition to FirstEnergy's Motion for Certification of an Order for Interlocutory Appeal under 18 U.S.C. §1292(b) and for Stay Pending Appellate Review (ECF No. 664) ("Plaintiffs' Opposition Brief"). Exhibit 3 to Plaintiffs' Opposition Brief is an email chain produced by Charles Jones from his personal email account that contains personal, sensitive financial information concerning both Mr. Jones and a non-party to this action. Mr. Jones designated this document as Confidential under the Amended Stipulated Protective Order (ECF 411) ("SPO"), and plaintiffs subsequently marked it as Plaintiffs' Exhibit 486 ("Pl. Ex. 486"). Plaintiffs filed Pl. Ex. 486 under seal in accordance with the SPO, but have challenged Mr. Jones's confidentiality designation and submitted it to the Special Master for *in camera* review via email. Because Pl. Ex. 486 was appropriately designated as Confidential under the SPO, the Special Master should overrule plaintiffs' challenge to the confidentiality designation and plaintiffs should be prohibited from filing Pl. Ex. 486 on the public docket.

## II. MR. JONES'S POSITION

### A. Pl. Ex. 486 Should be Kept Confidential Pursuant to Protective Order

Mr. Jones satisfies his burden to demonstrate that "good cause" exists to maintain the confidentiality of Pl. Ex. 486 under the SPO and Fed. Civ. R. 26(c). Courts routinely find that good cause exists to maintain confidentiality of personal financial information similar to that contained in Pl. Ex. 486, including income, bank account balance, tax information, and marital assets, among others. *Cooper v. Longwood Forest Prod., Inc.*, No. 2:20-CV-3332, 2021 WL 4894707, at *3 (S.D. Ohio May 10, 2021). Courts recognize a strong interest in keeping personal financial information such as this confidential, and even more so when the potential disclosure of information involves innocent third parties—here, the sensitive information at issue pertains not just to Mr. Jones, but also to his spouse, who is not a party to this action. *Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 301 F. Supp. 3d 759, 784–85 (S.D. Ohio 2018), *aff'd,* 954 F.3d 852 (6th Cir. 2020) ("Courts have recognized the strong interest in keeping personal financial records from public view"); *SMA Portfolio Owner, LLC v. Corporex Realty & Investment, LLC,* Civil Action No. 12–23–DLB–JGW, *et al.,* 2014 WL 12650589 at *3 (W.D. Ky. Apr. 18, 2014) ("Indeed, it is undisputed that a person or entity possesses a 'justifiable expectation' of privacy that their names and financial records not be revealed to the public."); *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016) ("Finally, the point about third parties is often one to take seriously; the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.") (internal quotation omitted).

Pl. Ex. 486 contains the following detailed information concerning both Mr. Jones and his spouse:

- Details of cash holdings,

- Details about investments in particular funds and companies (including both in FirstEnergy and non-FirstEnergy holdings),
- Advice from Mr. and Mrs. Jones's personal financial advisor regarding their investments,
- Details about Mr. and Mrs. Jones's retirement planning, income taxes, and future real estate decisions,
- Details about Jones family trusts and their holdings, and
- The email addresses of Mrs. Jones and the Jones's financial advisor.

This information is contained in a private email exchange involving Mr. and Mrs. Jones and their personal financial advisor, using Mr. and Mr. Jones's personal email accounts. Mr. Jones and his spouse clearly expected that this communication would remain confidential.

Courts have routinely permitted similar personal financial information to remain confidential. *Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 301 F. Supp. 3d 759, 784–85 (S.D. Ohio 2018), *aff'd,* 954 F.3d 852 (6th Cir. 2020); *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016); *Wedgewood Ltd. P'ship I v. Twp. of Liberty, Ohio*, No. CIV.A. 2:04-CV-1069, 2008 WL 4273084, at *2 (S.D. Ohio Sept. 11, 2008) (concerning testimony of plaintiff's private income and financial data); *Ernest Bock, LLC v. Steelman*, No. 219CV01065JADEJY, 2020 WL 7643223, at *5 (D. Nev. Dec. 23, 2020) (records regarding assets and finances; tax documents reporting income, ownership, and distributions; and documents containing information revealing investments, assets, liabilities, securities, retirement funds, and loans); *Ins. Distributors Int'l (Bermuda) LTD. v. Edgewater Consulting Grp. LTD.*, No. A-08-CA-767 AWA, 2010 WL 3064003, at *2 (W.D. Tex. Aug. 2, 2010) ("Personal financial information, such as one's income or bank account balance, is universally presumed to be private, not public.");

3

*State Farm Mut. Auto. Ins. Co. v. Elite Health Centers, Inc.*, No. 2:16-CV-13040, 2018 WL 3649554, at *4 (E.D. Mich. Aug. 1, 2018) (tax returns and profit and loss statements).

      B.      **If Pl. Ex. 486 is Filed it Must be Filed Under Seal**

"[P]arties who move to seal documents must demonstrate the three elements laid out in *Shane Group*: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Wilson v. Ancestry.com LLC*, No. 2:22-CV-861, 2024 WL 1539450, at *2 (S.D. Ohio Feb. 6, 2024) (Jolson, M.J.). These factors are satisfied here.

As an initial matter, Pl. Ex. 486 should not be filed at all because Local Rule 7.2 requires that "[e]vidence submitted, including discovery documents, shall be limited to that necessary for decision and shall include only essential portions of transcripts or exhibits referenced in the memorandum." Here, Pl. Ex. 486 is not only not "essential" to plaintiffs' opposition to FirstEnergy's motion for leave to appeal, it is not even relevant. And, even if plaintiffs could demonstrate some tangential relevance (they cannot), the only conceivably pertinent information within Pl. Ex. 486 would be cumulative of information in other documents that plaintiffs already have filed publicly as exhibits to the same brief.

Regarding the first *Shane Group* factor, there is a compelling interest in sealing Pl. Ex. 486, which contains confidential personal financial information of a party and a non-party. This private and sensitive personal financial information is the type of information that "is universally presumed to be private, not public." *Ins. Distributors Int'l (Bermuda) LTD. v. Edgewater Consulting Grp. LTD.*, No. A-08-CA-767, 2010 WL 3064003, at *2 (W.D. Tex. Aug. 2, 2010). Mr. Jones has "a strong interest in the privacy of the particulars of his and his family's personal financial information," which "outweighs any common law presumption of access in these circumstances." *Id.*

4

Courts routinely allow personal financial information to be filed under seal. In *Goodman v. J.P. Morgan*, 301 F. Supp. 3d 759, 784 (S.D. Ohio 2018) *aff'd,* 954 F.3d 852 (6th Cir. 2020), for example, the court allowed a plaintiff to file under seal the details of her investments, including information directly at issue in the litigation. *Id.* at 784; s*ee also Wedgewood Ltd. P'ship v. Liberty Twp.*, 2:04-CV-1069, 2008 WL 4273084, at *2 (S.D. Ohio Sept. 11, 2008) ("Testimony relating to plaintiff's private income and financial data is also deserving of protection if not otherwise publicly disclosed."); *Ernest Bock, LLC v. Steelman*, No. 219CV01065, 2020 WL 7643223, at *5 (D. Nev. Dec. 23, 2020) (permitting the sealing of exhibits containing defendant's "records [of] assets and finances; tax documents reporting income, ownership, and distributions; and documents containing information revealing . . . their investments, assets, liabilities, securities, retirement funds, and loans."); *SMA Portfolio Owner, LLC v. Corporex* Realty, No. 12–23–DLB–JGW, 2014 WL 12650589 at *3 (W.D. Ky. Apr. 18, 2014) ("a person or entity possesses a 'justifiable expectation' of privacy that their names and financial records not be revealed to the public.").

The private financial information of Mrs. Jones, a non-party, is entitled to heightened protection. As the Sixth Circuit made clear in *Shane Group.,* "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." 825 F.3d at 308. *See also Ins. Distributors Int'l v. Edgewater Consulting Grp.*, No. A-08-CA-767, 2010 WL 3064003, at *2 (W.D. Tex. Aug. 2, 2010) (sealing trial testimony and exhibits regarding a non-party's specific investment amounts or value); *Watkins v. Tr. of Bullitt*, No. 3:13-CV-1113, 2017 WL 3082672, at *3 (W.D. Ky. July 19, 2017) (sealing income information that would reveal financial information about non-party trust beneficiaries); *Provident v. Teva Pharms. Indus. Ltd.*, No. 20-4660, 2023 WL 1100995, at *4-5 (E.D. Pa. Jan. 30, 2023) (allowing sensitive financial transaction and account information of plaintiff and their family to be filed under seal); *Iannone v. AutoZone, Inc.*, No. 19-

5

CV-2779, 2023 WL 3083436, at *4 (W.D. Tenn. Apr. 25, 2023) (sealing confidential competitive information of non-party to the litigation); *Schnatter v. 247 Grp., LLC*, No. 320-cv-00003, 2022 WL 188193, at *5 (W.D. Ky. Jan. 20, 2022) (sealing confidential information about non-party clients); *Knopp v. Cent. Mich. Cmty. Hosp.*, No. 09-10790, 2010 U.S. Dist. LEXIS 32714, at*4 (E.D. Mich. Apr. 2, 2010) (sealing employee evaluation of non-party to be sealed with "the [extraneous personal] information is not material to the resolution of the motion").

Regarding the second factor, the public interest in access to confidential information is outweighed when, as here, the information sought to be kept confidential and file under seal is not essential to the issue to be decided by the court. *See Reliant Cap. Sols., LLC v. Ram Payment, LLC*, No. 2:22-CV-03047, 2022 WL 16569215, at *2 (S.D. Ohio Nov. 1, 2022) (Marbley, J.) (there is minimal harm to the public interest if the public will not need to view the parties information to understand the dispute or arguments made in a motion); *Wilson v. Ancestry.com LLC,* No. 2:22-CV-861, 2024 WL 1539450, at *4 (S.D. Ohio Feb. 6, 2024) (Jolson, M.J.) (public does not have a strong interest in accessing information that is not essential to understanding claims); *Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2023 WL 4842767, at *3 (S.D. Ohio June 23, 2023) (Jolson, M.J.) (lesser public interest where confidential business and financial information is not necessary to understand the dispute or arguments made).

This is especially so at the pre-trial and non-dispositive stage of litigation. Plaintiffs' Opposition Brief is a pretrial discovery motion. Any public interest in access to confidential information that may apply at the summary judgement or trial stage is not applicable here. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (Secrecy is fine at the discovery stage, before the material enters the judicial record." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)); *S&S Holdco, Inc. v. S&S Holdco Holdings, LLC*,

No. 1:19-CV-1071, 2020 WL 5760649, at *3 (S.D. Ohio Sept. 28, 2020); *United States v. Snyder*, 187 F. Supp. 2d 52, 62-63 (N.D.N.Y. 2002).

Regarding the third factor, Mr. Jones' request that Pl. Ex. 486 be filed under seal is narrowly tailored. Mr. Jones does not seek to seal "broad swaths of the court record," *Shane Group*, 825 F.3d at 307, rather, Exhibit 468 a single, two-page email between Mr. Jones, Mrs. Jones, and their personal financial advisor. Additionally, because the email is a discussion between Mr. and Mrs. Jones and their financial advisor, the confidential information pervades the document such that it should be sealed in its entirety. *See United States ex rel. Kramer v. Doyle*, No. 1:18-CV-373, 2023 WL 3243195, at *3 (S.D. Ohio May 4, 2023) ("Given the pervasive nature of the sensitive information, the Court agrees that redaction is not a viable alternative."); *S&S Holdco, Inc. v. S&S Holdco Holdings, LLC*, No. 1:19-CV-1071, 2020 WL 5760649, at *3 (S.D. Ohio Sept. 28, 2020) (permitting filing under seal without redaction where "the filing of redacted versions is infeasible and unnecessary as confidential information is prevalent throughout the documents").

### III. CONCLUSION

For the foregoing reasons, Pl. Ex. 486 should remain confidential and filed, if at all, under seal.

Date: June 5, 2024  Respectfully submitted,

/s/ Carole S. Rendon
Carole S. Rendon (0070345)
Daniel R. Warren (0054595)
Douglas L. Shively (0094065)
Jeremy Steven Dunnaback (0098129)
Rachael L. Israel (0072772)
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH 44114-1214

7

Telephone: 216-621-0200
Fax: 216-696-0740
crendon@bakerlaw.com
dwarren@bakerlaw.com
dshively@bakerlaw.com
jdunnaback@bakerlaw.com
risrael@bakerlaw.com

Albert G. Lin (0076888)
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
Telephone: 614-228-1541
Fax: 614-462-2616
alin@bakerlaw.com

George A. Stamboulidis (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4211
Fax: 212-589-4201

William S. Scherman (admitted *pro hac vice*)
Jennifer C. Mansh (admitted *pro hac vice*)
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Telephone: 202.639.6500
Facsimile: 202.639.6604
E-mail: wscherman@velaw.com
E-mail: jmansh@velaw.com


*Attorneys for Defendant Charles E. Jones*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the CM/ECF system.

/s/ *Carole S. Rendon*
Carole S. Rendon

*One of the Attorneys for Defendant Charles E. Jones*