# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE FIRSTENERGY CORP. SECURITIES LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS. | Case No. 2:20-cv-03785-ALM-KAJ<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Kimberly A. Jolson |

## OPINION & ORDER

This matter is before this Court on Plaintiffs' Motion for a Rule 62.1(a) Indicative Ruling Regarding Clarification of this Court's Class Certification Order. (ECF No. 617). For the following reasons, Plaintiffs' Motion is **DENIED**.

## I. BACKGROUND

This Court has previously summarized the facts giving rise to this action and, as a result, will do so only briefly here. (*See* ECF No. 435 at 1-13). Lead Plaintiff Los Angeles County Employees Retirement Association brought this now-consolidated suit on behalf of a putative class of investors, alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act") and the Securities Act of 1933 (the "Securities Act"). (*Id.* at 1). Specifically, Plaintiffs allege that "FirstEnergy and its most senior executives bankrolled one of the largest corruption and bribery schemes in U.S. history," while issuing SEC filings that failed to disclose the scheme, and once FirstEnergy's role was revealed, "the price of FirstEnergy stock plummeted." (ECF No. 72 at ¶¶ 3, 9, 101).

Plaintiffs brought a Motion for Class Certification (ECF No. 293), which this Court granted in March 2023. (ECF No. 435). As is relevant here, this Court reasoned that predominance was satisfied with respect to Plaintiffs' Securities Act claims because even though *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013) requires close scrutiny of a proposed damages model, "*Comcast* does

not bar certification . . . where Section 11(e) of the Securities Act provides a statutory formula for damages." (*Id.* at 31). Turning to the Exchange Act claims, this Court concluded that "predominance exists with respect to damages for the same reasons as articulated in the previous section" and cited the Securities Act analysis. (*Id.* at 39).

Defendants successfully petitioned the Sixth Circuit to appeal the Class Certification Order, arguing, in relevant part, that this Court ignored the distinction between Securities Act and Exchange Act damages methodologies and failed to apply the scrutiny required by *Comcast* to Plaintiffs' Exchange Act damages methodology. (6th Cir., Case No. 23-0303, Doc. No. 31). In their opening brief, Defendants-Appellants requested that the Sixth Circuit "reverse the district court's order certifying a class comprising Plaintiffs' Exchange Act claims and instruct the district court to decertify that class." (6th Cir., Case No. 23-3940, Doc. No. 31 at 74). The Parties have now completed appellate briefing on those issues, and others that are not at issue here.

Now, Plaintiffs request that this Court issue an indicative ruling, pursuant to Federal Rule of Civil Procedure 62.1, to inform the Sixth Circuit either: (1) that this Court would clarify its Class Certification Order under Federal Rule of Civil Procedure 60 to make explicit that it "did not assume that the damages methodologies" under the Acts "were the same," should the Sixth Circuit remand; or (2) that this Court considers the Exchange Act damages issue a substantial one, such that further proceedings may be required on remand. (ECF No. 617-1 at 7). Defendants respond that: (1) it would be inappropriate for this Court to issue an indicative ruling on the exact issue before the Court of Appeals; (2) Plaintiffs' Motion is untimely; and (3) even if this Court were to decide to issue an indicative ruling, Plaintiffs fail to satisfy the requirements of Rule 60, and are therefore not entitled to clarification. (ECF No. 623 at 6-13). Plaintiffs' Motion is now fully briefed and ripe for review.

## II.  LAW & ANALYSIS

Generally, "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59 (1982); *see also Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993) (same).  There are exceptions to this rule, however.  Rule 62.1 is one such exception, providing "that if a court lacks authority to grant a timely motion for relief because an appeal has been docketed and is pending, the court may: '(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.'" *Keterson v. Kent State University*, 2019 WL 1880033, at *2 (N.D. Ohio, Apr., 26, 2019) (quoting Fed. R. Civ. P. 62.1).  The third option is often referred to as issuing an "indicative ruling."  "If the district court makes an indicative ruling, a party filing the motion for relief from judgment can request that the appellate court order a remand to allow the district court to grant or further consider the motion." *Adams v. Kijakazi*, 2022 WL 987337, at * 1 (E.D. Ken., Mar. 31, 2022) (citing Fed. R. Civ. P. 62.1 and the Advisory Committee's Notes thereto).

An indicative ruling may be appropriate in, for example, a situation where there is newly discovered evidence of which the court of appeals may otherwise be unaware, *see Medgraph, Inc. v. Medtronic, Inc.*, 310 F.R.D. 208, 211 (W.D.N.Y. 2015), or where the court can correct some inadvertence or mistake "without affecting the scope of matters now on appeal." *Keterson*, 2022 WL 1880033, at * 2.  On the other hand, an indicative ruling is generally inappropriate when it involves the development of "supplemental findings after the notice of appeal has been filed." *Id.* (applying 62.1's common law predecessor).  This is because "[t]he parties to an appeal are entitled to have a stable set of conclusions of law on which they can rely in preparing their briefs." *Ced's Inc. v. U.S.*

3

*EPA*, 745 F.2d 1092, 1095 (7th Cir. 1984). In other words, "the distinction, although sometimes blurred, is between actions that merely aid the appellate process and actions that alter the case on appeal." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003) (quoting Allen Ides, *The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed*, 143 F.R.D. 307, 323 (1992)).

Courts are particularly disinclined to grant Rule 62.1 motions when the movant asks a district court to reconsider "the same question being reviewed by the court of appeals." *Ret. Bd. Of Policemen's Annuity & Ben. Fund of City of Chi. v. Bank of New York Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013); *see also Litovich v. Bank of America Corporation*, 2022 WL 16856436, at *2 (S.D.N.Y. Nov. 10, 2022) ("Such a ruling is not appropriate, however, when it requires the district court to consider the exact issue that is pending on appeal."). Simply put, "an indicative ruling on the very issue on appeal only interrupts the appellate process," *Bank of N.Y. Mellon*, 297 F.R.D. at 221, and wastes judicial resources by asking two courts to consider "the same issues in the same case at the same time," *New York State National Org. for Women v. Terry*, 886 F.2d 1339, 1349 (2d Cir. 1989).

Plaintiffs ask for exactly such a ruling here. Defendants have asked the Sixth Circuit to find that this Court "failed to apply any scrutiny, much less the required rigorous scrutiny, to Plaintiffs' damages methodology." (6th Cir., Case No. 23-3940, Doc. No. 31 at 57). Only after the filing of that appeal did Plaintiffs ask this Court to clarify: (1) that it did not premise its Exchange Act damages conclusion on the notion that the Securities Act and Exchange Act damages methodologies are the same; and (2) that its conclusion was "based on full consideration of the parties' briefing" and evidence. (ECF No. 617 at 2). In simpler terms, Defendants-Appellants have asked the Sixth Circuit to conclude that this Court abused its discretion, while Plaintiffs ask this Court

4

to bolster its now-appealed reasoning in hopes of inoculating the Order against a Sixth Circuit decision to that effect. An indicative ruling under these circumstances would create a moving target for Defendants-Appellants and inappropriately subvert the appellate process.

Moreover, because Defendants ask the Sixth Circuit to opine that "Plaintiffs did not meet their burden of putting forward a damages methodology that satisfies *Comcast*," (6th Cir., Case No. 23-3940, Doc. No. 31 at 57), "a decision by the Sixth Circuit will 'more finally resolve [this] issue as opposed to proceeding with a district court decision subject to appeal." *Adams*, 2022 WL 987337, at *3 (quoting *Bank of N.Y. Mellon*, 297 F.R.D. at 222). This Court is "no more suited to adjudicate the issues on appeal than the [Court of Appeals]." *Litovich*, 2022 WL 16856436, at *2.

Because this Court declines to issue an indicative ruling on the exact question before the Court of Appeals, it need not address whether Plaintiffs' motion was untimely or whether Plaintiff has shown that a clarification would be permissible under Rule 60, if this Court had jurisdiction.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for an Indicative Ruling (ECF No. 617) is **DENIED**. Should an order from the Court of Appeals instruct this Court to revisit the issues on which Plaintiffs sought clarification, this Court shall do so.

**IT IS SO ORDERED.**

Date: June 12, 2024

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE