# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE FIRSTENERGY CORP. SECURITIES LITIGATION,<br><br>This document relates to:<br><br>    ALL ACTIONS. | Case No. 2:20-cv-03785-ALM-KAJ<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Kimberly A. Jolson |
| MFS SERIES TRUST I, ET AL.,<br><br>          PLAINTIFFS,<br><br>V.<br><br>FIRSTENERGY CORP., ET AL.,<br><br>          DEFENDANTS. | Case No. 2:21-cv-05839-ALM-KAJ<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Kimberly A. Jolson |
| BRIGHTHOUSE FUNDS TRUST II – MFS VALUE PORTFOLIO, ET AL.,<br><br>          PLAINTIFFS,<br><br>V.<br><br>FIRSTENERGY CORP., ET AL.,<br><br>          DEFENDANTS. | Case No. 2:22-cv-00865-ALM-KAJ<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Kimberly A. Jolson |

## **ORDER**

This matter is before the Court on Defendants' Motion to Stay Proceedings Pending Interlocutory Appeal. For the following reasons, Defendants' Objections to the Special Master's March 15, 2024, Order Denying in Part Defendants' Motion to Stay are not well-taken and are **OVERRULED**. The Court **ADOPTS** the Special Master's Report and Recommendation on the

Motion to Stay in full. Additionally, the Court **DIRECTS** the Special Master to draft and order a discovery plan within the next fourteen (14) days.

## I. BACKGROUND

Elsewhere, this Court has summarized the allegations giving rise to this action. (*See* Docs. 175, 219, 461). Relevant here, Plaintiffs say that First Energy Corp. ("FirstEnergy) and "its most senior executives bankrolled one of the largest corruption and bribery schemes in U.S. history," and once FirstEnergy's role was revealed, "the price of FirstEnergy stock plummeted." (Doc. 72 at ¶ 3, 9).

On June 6, 2022, Plaintiffs filed a motion for class certification. (Doc. 293). The Court granted the motion and certified a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure. (Doc. 435). Defendants then filed a petition to appeal class certification, raising two arguments for overturning the order. (Doc. 577-3 at 9–10). The two arguments presented were that the "district court misconstrued the narrow *Affiliated Ute* presumption" and "the district court misapplied the Supreme Court's decision in [*Comcast*]." (*Id.*). The Sixth Circuit permitted the appeal but did not specify if the grant of review was premised on both arguments or just one. (Doc. 559; *see Owens v. FirstEnergy Corp.*, No. 23-3940 (6th Cir. filed Nov. 22, 2023)). Notably, the Sixth Circuit did not order a stay of proceedings in the interim, and the appeal remains pending. (*See* Doc. 559).

Then, in this Court, Defendants moved to stay the litigation. (Doc. 577). The Court referred the matter to Special Master Shawn K. Judge. (Doc. 578). The Court agreed to stay discovery while the question was under consideration. (*Id.*). The Special Master has recommended granting the requested relief in part. (Doc. 638). Particularly, the Special Master recommends that:

> (1) The Court should **VACATE** the existing stay upon issuance of a final decision on the motion to stay;

2

>    (2) The Court should **DENY** a stay of all discovery and allow all non-expert aspects of this litigation to resume despite the 23(f) appeal;
>
>    (3) The Court should **GRANT** a stay of all expert deadlines and required expert work during the pendency of the 23(f) appeal, or until further order from the Court (with the parties free to have their own expert(s) perform work as the party wishes); and
>
>    (4) The Court should **EXTEND** the partial stay set forth above to the opt-out or Direct Action cases, Case Nos. 2:21-cv-05839 and 2:22-cv-00865, where the discovery and work involved would appear to be largely duplicative of Case No. 2:20-cv-03785.

(*Id.* at 10). Defendants objected to the Report and Recommendation (Doc. 646), and Plaintiffs responded (Doc. 647). The parties also have provided an accounting of the discovery that has been completed and a non-binding list of anticipated discovery. (Docs. 657, 658, 659).

Defendants requested oral argument on their objections. (Doc. 464 at 21). They say the motion presents complex factual and legal issues that will substantially impact the course of this proceeding. (*Id.*); *see* Local Rule 7.1(b)(2). But the Court determines that oral argument is not necessary, and it can sufficiently rule based on the parties' briefing.

## II. STANDARD OF REVIEW

Rule 53 of the Federal Rules of Civil Procedure provides that a reviewing court must consider *de novo* all objections to findings of fact and conclusions of law made or recommended by a special master and may set aside a "ruling on a procedural matter only for an abuse of discretion." Fed. R. Civ. P. 53(f)(3)–(5). The Court's Order of Appointment adopts Rule 53's standard of review language in full. (Doc. 541 at 6–7).

As they have done many times, the parties dispute which standard of review applies. Defendants say that courts have reviewed *de novo* orders like the one here. (Doc. 646 at 10); *see A.R. Arena Prod., Inc. v. Grayling Indus., Inc.*, No. 5:11CV01911, 2012 WL 12892200, *1 (N.D. Ohio Oct. 10, 2012); *Horizon Glob. Americas Inc. v. Curt Mfg.*, LLC, No. 17-11879, 2020 WL

3

1303212, at *1–3 (E.D. Mich. Mar. 18, 2020). In contrast, Plaintiffs contend that stay orders are reviewed for abuse of discretion. (Doc. 647 at 4); *see Pride v. BIC Corp.*, 218 F.3d 566, 576 (6th Cir. 2000); *Ravin Crossbows, LLC v. Hunter's Mfg. Co.*, No. 5:18-CV-1729, 2020 WL 7706257, at *2 (N.D. Ohio Dec. 29, 2020). Erring on the side of caution, the Court reviews this matter *de novo*. But the standard of review makes little difference here. Regardless of which standard applies, Defendants' objections are not well-taken.

### III. DISCUSSION

Under Rule 23, an appeal of an order granting class-action certification "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). When addressing a motion to stay under such an appeal, the Court must consider four factors:

> (1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies.

*Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002). The Sixth Circuit further instructs:

> These factors are to be balanced. The strength of the likelihood of success on the merits that needs to be demonstrated is inversely proportional to the amount of irreparable harm that will be suffered if a stay does not issue. However, in order to justify a stay of the district court's ruling, the defendant must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted.

*Id.* (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)). As movants, Defendants carry the burden of demonstrating the need for a stay. *See Compound Prop. Mgmt. LLC v. Build Realty, Inc.*, No. 1:19-CV-133, 2023 WL 3004148, at *1 (S.D. Ohio Apr. 18, 2023) (citation omitted).

4

### A.     Stays of Fact Discovery Pending Rule 23(f) Appeals

Defendants first seem to argue that precedent dictates a full stay should be granted. They contend that "stays pending resolution of Rule 23(f) appeals overwhelmingly are the rule, not the exception" and that "in all three securities cases in which the Sixth Circuit has granted Rule 23(f) review in the last decade . . . stays were granted or continued. (*Id.*); *see Strougo v. Tivity Health, Inc.*, No. 3:20-CV-00165, 2023 WL 4830593, at *3 (M.D. Tenn. July 27, 2023); *Willis v. Big Lots, Inc.*, No. 2:12-CV-604, 2017 WL 11634939, at *4 (S.D. Ohio Sept. 19, 2017); *Burges v. Bancorpsouth, Inc.*, No. 3:14-cv-01564, ECF No. 197 (M.D. Tenn. Mar. 28, 2017). What Defendants fail to mention is that in *Strougo*, discovery concerns were not addressed because the case was only two months away from trial. 2023 WL 4830593, at *3. And in *Big Lots, Inc.*, the parties were engaging in expert discovery only at the time of the motion—and the Court still ordered compliance with deadlines for expert reports. 2017 WL 11634939, at *4. Further, the appeal at issue would have been case dispositive, unlike here. *Id.* Lastly, *Bandcorpsouth, Inc.* is not procedurally analogous. No. 3:14-cv-01564, ECF No. 197 (M.D. Tenn. Mar. 28, 2017). There, the Sixth Circuit vacated the district court's class certification order and remanded for further proceedings. *Id.* Following the remand, the district court stayed the case pending its own new determination on class certification. *Id.* Consequently, these three cases are distinguishable, as this matter is factually and procedurally distinct.

Simply put, Defendants have not offered authority that requires a total discovery stay. Instead, the Court must balance the factors prescribed by *Baker*. 310 F.3d at 928.

### B.     Likelihood of Success on the Merits

Defendants contest the Special Master's conclusion that the likelihood of success on the merits weighs in favor of allowing fact discovery to proceed. Defendants' "burden with respect to

5

showing a likelihood of success on the merits is . . . that the Sixth Circuit will reverse . . . this Court's class certification decisions." *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2014 WL 12591692, at *1 (N.D. Ohio May 16, 2014). In other contexts, this Court has said that a movant meets this burden when it demonstrates serious questions going to the merits. *See, e.g.*, *Abercrombie & Fitch, Co. v. ACE Eur. Grp. Ltd.*, No. 2:11-CV-1114, 2014 WL 4915269, at *9 (S.D. Ohio Sept. 30, 2014) (citing *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)) (considering a motion to stay enforcement of the payment of costs pending appeal) ("However, probability of success is somewhat misleading language; the Sixth Circuit said it better when it said that the movant need only demonstrate 'serious questions going to the merits.'"), *aff'd*, 621 F. App'x 338 (6th Cir. 2015).

As an initial matter, Defendants assert that the Sixth Circuit's grant of a Rule 23(f) petition raises serious questions by itself. (Doc. 646 at 13, citing *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1073–74 (S.D. Cal. 2019)). But the Sixth Circuit's order does not expressly address the likelihood of success on the merits—only that the factor was considered along with three others. (Doc. 599 at 1–2 ("There is no definitive test for granting permission to appeal, but the factors we consider include (1) whether the petitioner is likely to succeed on appeal under the deferential abuse-of-discretion standard . . . Having considered the parties' pleadings, the amicus briefs, and the record, we conclude that interlocutory review of the district court's order certifying a class action is appropriate.")); *see Beattie v. CenturyTel, Inc.*, No. 02-10277-BC, 2006 WL 1722207, at *4–6 (E.D. Mich. June 20, 2006) (concluding the likelihood of success did not favor a discovery stay even though the Sixth Circuit indicated it considered the factor in granting a Rule 23(f) petition).

Regardless, Defendants argue they met their burden of demonstrating serious questions going to the merits as to both the *Affiliated Ute* and the *Comcast* questions. (Doc. 646 at 13; *see*

6

Doc. 577-1 at 14–17); *see Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972); *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013). In the absence of clear indication from the Sixth Circuit why it accepted the interlocutory appeal, and without expressing doubt in its own order, the Court acknowledges that there may be a serious question going to the merits of at least some issues in this case. *See also* Notification Regarding District Court's Denial of Plaintiffs' Motion for Rule 62.1(a), *Owens v. FirstEnergy Corp.*, No. 23-3940 (6th Cir. filed Nov. 22, 2023), ECF No. 71 ("Plaintiffs do not oppose a remand of the class certification order for further findings regarding Exchange Act damages. Plaintiffs recognize that this does not resolve the first of Appellants' two issues on appeal.").

But the existence of serious questions does not mean decertification is inevitable. As the Special Master observed, "wholesale decertification would be an astounding and unlikely event," and even if the appeal "tweak[s] parties and claims, the overall context of the litigation will proceed." (Doc. 638 at 4–5). The Court agrees with him that "[m]ost likely, the Sixth Circuit will provide clarity regarding application of the respective doctrines, may expressly indicate which doctrine applies here, . . . and could even discuss a methodology." (Doc. 638 at 7). *See, e.g.*, *Fox v. Saginaw Cnty., Mich.*, 67 F.4th 284 (6th Cir. 2023) (vacating the district court's order certifying the class action and remanding for proceedings consistent with the opinion); *Reeb v. Ohio Dep't of Rehab. & Correction*, 435 F.3d 639 (6th Cir. 2006) (same). So, even allowing for serious questions going to the merits, this case is not going away. Class certification will most certainly be re-argued. Indeed, even if Plaintiffs cannot proceed under the *Affiliated Ute* presumption of reliance for their Exchange Act claims, the Court has already indicated that Plaintiffs would be entitled to the *Basic* presumption of reliance. (Doc. 435 at 42); *see Basic Inc. v. Levinson*, 485 U.S. 224 (1988). And even if the Sixth Circuit concludes Plaintiffs' damages methodology does not meet their burden under *Comcast*,

7

Plaintiffs' experts can still offer a sufficient methodology. (*See* Doc. 603 at 16). Simply put, FirstEnergy's posited chain of events leading to the erasure of the Exchange Act claims from this case and, therefore, justifying a full stay, is tenuous at best. Plus, Plaintiffs represent they would still pursue their individual claims even if class relief is not available. (*Id.* at 21).

Accordingly, the Court does not share Defendants' confidence that a victory at the Sixth Circuit would upend fact discovery. (Doc. 577-1 at 21 (claiming "all the documentary discovery and hours of deposition testimony about who knew what and when . . . would be wasted.")). The Court acknowledges that discovery in this case is a vast undertaking. But Defendants' argument that the "Sixth Circuit's decision likely will shift the focus of this massive [fact] discovery" is speculative at best. (Doc. 577-1 at 20). It is more likely that much—if not all—of the discovery will remain fair game. *See* Fed. R. Civ. P. 26. To the extent the parties take issue with the scope or relevance of some discovery, those issues are best brought before the Special Master when the time comes rather than addressed by a wholesale stay.

### C. Irreparable Harm

The Special Master found the risk of irreparable harm to Defendants did not weigh in favor of granting a stay of fact discovery. (Doc. 638 at 8–9). Particularly, he highlighted Defendants' contention that they will incur unnecessary expenses as unpersuasive, since "litigation expenses alone do not necessarily qualify as irreparable harm." (*Id.*; *see* Doc. 577-1 at 19).

Defendants' objections focus on the "unnecessary, invasive and burdensome discovery" they would face if fact discovery were not stayed. (Doc. 646 at 17–18, quoting *Grae v. Corr. Corp. of Am.*, 2019 WL 1746492, at *1 (M.D. Tenn. Apr. 18, 2019) (granting a 60-day stay pending the Sixth Circuit's consideration of whether to grant a Rule 23(f) appeal)). But "[a]s a general matter, '[m]ere injuries, however substantial, in terms of money, time, and energy necessarily expended in the

8

absence of a stay are not enough.'" *Compound Prop. Mgmt. LLC*, 2023 WL 3004148, at *4 (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)); *see also In re Polyurethane Foam Antitrust Litig.*, 2014 WL 12591692, at *4 ("A showing of irreparable harm requires more than a reference to litigation costs associated with continued district court proceedings, or to settlement pressures."); *Cosby v. KPMG, LLP*, No. 3:16-CV-121-TAV-DCP, 2021 WL 2668803, at *5–6 (E.D. Tenn. June 29, 2021); *Beattie*, 2006 WL 1722207, at *6–7. Defendants' argument that, depending on the outcome of the appeal, the risk of unnecessary costs is particularly high because of the deposition protocol is likewise unpersuasive as "the claim [litigation costs] are 'unnecessary' doesn't add much." *Compound Prop. Mgmt. LLC*, 2023 WL 3004148, at *4 (denying a motion to stay pending the Sixth Circuit's consideration of whether to grant a Rule 23(f) appeal) ("Surely every defendant petitioning for decertification under Rule 23(f) worries costs will be incurred that could be avoided if they were to prevail. Defendants' concern here is not outside the norm."). Moreover, this case is far from being scheduled for trial, so Defendants are not under "enormous pressure to resolve the case, regardless of the merits of the class claims," as might justify a complete stay. *Cf. Strougo v. Tivity Health, Inc.*, No. 3:20-CV-00165, 2023 WL 4830593, at *2 (M.D. Tenn. July 27, 2023).

Defendants also speculate on a handful of ways the outcome of the appeal could render some discovery irrelevant or useless. (*See* Doc. 646 at 15–16; Doc. 577-1 at 20–23). But even if, as the Special Master acknowledged was possible, the Sixth Circuit's decision alters the characterization of facts or a few parties in this case, it likely would not render the fact discovery conducted in the interim wholly irrelevant. The sheer bulk of discovery the parties represent they have yet to complete, including the scheduling or re-scheduling of upwards of ninety depositions, precludes that assumption when this case (and the individual claims) will proceed in some form. (Doc. 657 at 2 (also representing that Plaintiffs anticipate scheduling eight two-hour depositions to revisit

9

previously foreclosed subject area and seeking additional written and document discovery), 4–5; Doc. 658 at 8–13 (also representing that Defendants Jones and Dowling anticipate seeking document discovery); Doc. 659 at 10–11, 38–41 (also representing that Defendants anticipate seeking additional written and document discovery)).

More still, Rule 26 has a long reach that may extend to much of the discovery Defendants say would become irrelevant. So, Defendants' argument that Plaintiffs' "extremely broad discovery demands" should be a special consideration for its potentially unnecessary fact discovery costs is likewise unpersuasive. (Doc. 646 at 18). And simply because fact discovery would proceed does not mean Plaintiffs have free reign to conduct discovery in a way that contravenes the federal and local rules. As previously stated, Defendants remain free to work through disputes about the scope and relevancy of discovery with Plaintiffs and the Special Master.

Finally, Defendants would do well to remember that their discovery obligations extend beyond discovery that will be used only at trial. *See Sinomax USA, Inc. v. Am. Signature Inc.*, No. 2:21-CV-3925, 2022 WL 1301683, at *1 (S.D. Ohio May 2, 2022) (citation omitted) (noting that scope of discovery permitted by caselaw and the Federal Rules is extremely broad). And though there is risk that some discovery may ultimately prove unused or superfluous, Defendants are not unique. Such is the nature of litigation.

In sum, Defendants have not shown they would suffer irreparable injury absent a stay of fact discovery. At any rate, the Special Master properly accounted for any harm by staying expert discovery—something Defendants expressly requested. (Doc. 638 at 8 ("[P]roceeding with expert work at this time risks waste . . . staying expert work presents an acceptable level of additional delay."); *see* Doc. 577-1 at 23 (arguing a stay in expert discovery would conserve the Court's and the parties' resources)). The Court sees no reason to depart from the Special Master's conclusion on

this factor.

### D. Substantial Injury to Other Interested Parties

The Special Master also found the risk of substantial injury does not support a stay of fact discovery. (Doc. 638 at 5–6, 9). He reasoned that delaying discovery "could readily result in lost discovery and lost evidence that would otherwise be capable of preservation if discovery were allowed to proceed now." (*Id.* at 5). On this point, he highlighted that witnesses have already testified to forgetting facts, have been indicted, and have died.[1] (*Id.*). Defendants object to this conclusion on the basis that these reasons do not present a "unique injury." (Doc. 646 at 19).

The Court shares the Special Master's concern that there is a substantial risk of injury to Plaintiffs claims (and also to Defendants' defenses) considering the risk of lost evidence due to death and fading memories. (Doc. 638 at 6); *see Compound Prop. Mgmt. LLC*, 2023 WL 3004148, at *4 ("Further delay could substantially harm Plaintiffs in that witnesses move, parties die, and memories fade."); *In re Polyurethane Foam Antitrust Litig.*, 2014 WL 12591692, at *4 ("The longer a merits adjudication is delayed, the more likely it is (according to the old axiom) that witness memories will fade."). The sole case Defendants cite for the notion that "the prospect of fading memories does not make this case any more compelling than other cases" noted that no specific examples were provided of fading memoires to support a substantial injury. (Doc. 646 at 19 (cleaned up and internal quotation marks omitted)); *see Chao v. Fleming*, 498 F. Supp. 2d 1034, 1040 (W.D. Mich. 2007). In contrast, the record here shows that witnesses are forgetting details related to this case. (*See* Ex. B (Dowling Depo. Tr. Vol. 1) at 23:13-24:2, 57:13-16; Ex. C (Lisowski Depo. Tr. Vol. 2) at 512:9-513:10; Ex. D (Pearson Depo. Tr. Vol. 1) at 43:7-10, 64:20-65:6; Ex. E (Strah Depo. Tr. Vol. 2) at 495:23-25;

---

[1] Defendants say that the death of witness Neil Clark was a "highly unusual tragedy and should not impact the Court's analysis." (Doc. at 646 at 19, n.1). The Court notes that since Defendants filed their objections, a second witness, Samuel Randazzo, has died.

570:12-16, 572:2-12). This is unsurprising, as this litigation has been pending for four years, and some of the events at issue date back to 2017. *Cf. Licona v. Tunnel Barrel & Drum Co.*, No. 22-CV-946-JMV-LDW, 2023 WL 2644373, at *3 (D.N.J. Mar. 27, 2023) (finding no prejudice due to delay, in part, because the action had only been pending for a year). Given that it is uncertain when the Sixth Circuit will resolve Defendants' appeal, this factor weighs in favor of continuing with fact discovery.

### E. Public Interest

Finally, the Special Master concluded the public interest weighed in favor of staying expert discovery only. (Doc. 638 at 9). He reasoned, "[t]he Court has already recognized that the public has an interest in the substance of this case, which means that the public also has an undeniable interest in this case being resolved in as expedited and efficient a manner as possible." (*Id.*). Defendants object on the basis that the public's interest lies, to a greater extent, in the correct application of the law. (Doc. 646 at 20, citing *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 252 (6th Cir. 2006) ("'[T]he public interest lies in a correct application' of the federal constitutional and statutory provisions upon which the claimants have brought this claim. . . .")). The Court agrees that the correct application of the law is an important consideration. But Defendants' argument that "[t]he Court will achieve neither expedition nor efficiency by forcing the continuation of resource-intensive discovery that might well be rendered pointless" ignores the possibility that the outcome of the appeal might also render all the discovery Defendants bemoan consequential. (Doc. 646 at 20). And, consistent with the Special Master's conclusion, there are other public interest considerations that strongly favor this case proceeding with fact discovery.

"The public has an interest in prompt resolution of the cases that will be tried in this District." *In re Polyurethane Foam Antitrust Litig.*, 2014 WL 12591692, at *4. This is particularly true here.

"This litigation is of public importance. This is a class action comprising potentially thousands of Plaintiffs who say they were harmed by FirstEnergy's participation in one of the largest corruption and bribery schemes in U.S. history." *In re FirstEnergy Corp. Sec. Litig.*, No. 2:20-CV-3785, 2023 WL 2633675, at *3 (S.D. Ohio Mar. 24, 2023) (internal quotation marks and citation omitted). More still, "[e]specially in a case that has been pending for more than two years, the public interest strongly demands as prompt and efficient a resolution of the controversy as possible." *Tipton v. CSX Transportation, Inc.*, No. 3:15-CV-311-TAV-CCS, 2017 WL 4583248, at *7 (E.D. Tenn. Oct. 13, 2017); *see also Lyngaas v. Curaden AG*, No. 17-CV-10910, 2019 WL 2635966 (E.D. Mich. June 27, 2019) (the public interest did not weigh in favor of a stay, in part, because the case had been pending for more than two years). As previously noted, this case has been pending for almost four years. It, and the opt-out cases, will continue to proceed in some form no matter the outcome of the appeal. And ultimately, "[a]lthough the defendant may have to bear the cost of some discovery before the court of appeals issues a decision, it is not clear that the public interest is threatened such that a stay of all discovery is necessary." *Beattie*, 2006 WL 1722207, at *8.

For these reasons, Defendants have not met their burden to demonstrate that the Court should impose a wholesale discovery stay. The Court finds the balance of considerations weighs in favor of staying expert discovery but not fact discovery pending Defendants' Rule 23(f) appeal.

**F.     Discovery Plan Committed to Special Master**

For well over eight months, discovery has been stayed pending consideration of the motion at bar. (Doc. 578). Now that the Court has resolved the issue, the parties' discovery obligations can no longer be deferred. The Court recognizes that discovery ought to account for the issues before the Sixth Circuit in this case. The Special Master is uniquely situated to work with the parties and to formulate an expeditious discovery plan moving forward. (*See* Doc. 541 at 3 (appointing the

13

Special Master for the purpose of addressing pretrial and discovery matters)); *see In re: Cathode Ray Tube (Crt) Antitrust Litig.*, No. C-07-5944 JST, 2016 WL 945981, at *2 (N.D. Cal. Mar. 14, 2016) ("Any sensible process to bring this case to resolution will be one that narrows, not expands, the matters for the Court's consideration."); *Absolute Software, Inc. v. Stealth Signal, Inc.*, 659 F.3d 1121, 1131 (Fed. Cir. 2011) ("A primary purpose of appointing a special master is to narrow the issues before the district court judge to facilitate an efficient and timely resolution of complex or highly-technical issues . . . .").

The Court **DIRECTS** the Special Master to, after receiving input from the parties, draft and order a discovery plan within the next fourteen (14) days. The parties should notify the Special Master if they intend to object to this discovery order. Any objection shall be due within seven (7) days of the Special Master's order, with any response due three (3) days thereafter. No replies will be permitted. The parties are **WARNED** that all discovery will not be stayed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Objections to the Special Master's March 15, 2024 Order Denying in Part Defendants' Motion to Stay (Doc. 646) are not well-taken and are **OVERRULED**. The Court **ADOPTS** the Special Master's Report and Recommendation on the Motion to Stay (Doc. 638) in full:

(1) The Court **VACATES** the existing stay (Doc. 578);

(2) The Court **DENIES** a stay of all discovery and allows all non-expert aspects of this litigation to resume despite the 23(f) appeal;

(3) The Court **GRANTS** a stay of all expert deadlines and required expert work during the pendency of the 23(f) appeal, or until further order from the Court (with the parties free to have their own expert(s) perform work as the party wishes); and

(4) The Court **EXTENDS** the partial stay set forth above to the opt-out or Direct Action cases, Case Nos. 2:21-cv-05839 and 2:22-cv-00865, where the discovery

14

and work involved would appear to be largely duplicative of Case No. 2:20-cv-03785.

Finally, the Court **DIRECTS** the Special Master to draft and order a discovery plan within the next fourteen (14) days.

**IT IS SO ORDERED.**

**Date:  August 20, 2024**

ALGENON L. MARBLEY
**CHIEF UNITED STATES DISTRICT JUDGE**


**/s/ Kimberly A. Jolson**
**KIMBERLY A. JOLSON**
**UNITED STATES MAGISTRATE JUDGE**