**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) ) | No. 2:20-cv-03785-ALM-KAJ |
| This document relates to: ALL ACTIONS. | ) ) ) ) ) ) | Chief Judge Algenon L. Marbley Magistrate Judge Kimberly A. Jolson Special Master Shawn K. Judge |
| MFS Series Trust I, et al., Plaintiffs, vs. FIRSTENERGY CORP., et al., Defendants. | ) ) ) ) ) ) ) ) ) ) | No. 2:21-cv-05839-ALM-KAJ |
| BRIGHTHOUSE FUNDS TRUST II – MFS VALUE PORTFOLIO, et al., Plaintiffs, vs. FIRSTENERGY CORP., et al., Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:22-cv-00865-ALM-KAJ |

**ORDER BY SPECIAL MASTER RE: DISCOVERY PLAN**

This matter is before the Special Master as a result of the Court's August 20, 2024 Order that directed the undersigned to "draft and order a discovery plan within the next fourteen (14) days."  (8/20/24 Order, ECF No. 675 at PageID 14536.)  Also of relevance is the August 27, 2024 Joint Stipulation Regarding FirstEnergy's Motion to Stay the District Court's May 6, 2024 Opinion

& Order (ECF 653) Pending the Sixth Circuit's Resolution of its Petition for a Writ of Mandamus. (Joint Stipulation, ECF No. 680.)

## CONTEXT AND COMMENTS

The Court has already concisely set forth the core facts and context in its Order directing the implementation of a discovery plan. (August 20, 2024 Order, ECF No. 675 at PageID 14536-14537.)  In addition to the background set forth in that Order, the undersigned notes that the Special Master and the parties engaged in an extended status conference on August 22, 2024, the focus of which was on developing a fact discovery plan that would set a feasible fact discovery deadline and that would address the outstanding discovery that has been the subject of multiple compulsion orders.

As an outgrowth of those discussions, the parties continued to meet and confer and arrived at a joint proposed discovery plan that they then submitted to the undersigned.  Having reviewed the proposed discovery plan, the undersigned concludes that its four components constitute a feasible plan that warrants adoption.

First, the agreed-upon plan sets a reasonable and firm fact-discovery deadline.  The parties have represented that they can and will meet this deadline.  Although the parties' prior submissions indicate that there are potentially *many* depositions to be taken, the undersigned declines to order that the list of potential deponents be culled at this time.  The parties shall submit to the undersigned weekly status reports (which can take the form of a joint report if possible) indicating what depositions that party has noticed and when the depositions will take place, in addition to informing the undersigned what depositions have occurred in which time remains for potential resumed depositions.

Second, the agreed-upon plan also sets forth a reasonable timetable for compliance with the prior compulsion orders constituting ECF Nos. 554 and 560.

Third, the agreed-upon plan sets forth a reasonable timetable for production of FirstEnergy's internal investigation pursuant to the November 29, 2023 Order on that issue. (11/29/23 Order, ECF No. 571.) Notably, the proposed plan recognizes that FirstEnergy has indicated a desire to pursue a stay of that Order from the Sixth Circuit. This led to a discussion of what was required to exhaust pursuit of such a stay in this Court prior to pursuing a stay from the court of appeals. *See* Fed. R.. Civ. P. 8(a)(1)(A) and 1967 Advisory Notes.

The parties agree that they have sufficiently raised and briefed their arguments in support of and in opposition to a stay of the internal-investigation order before Chief Judge Marbley and Magistrate Judge Jolson and that the Court has previously opined on those grounds, rejecting a stay. This suggests to the undersigned that requiring an additional motion for a stay in the district court would be impracticable because the same arguments would produce the same judicial reasoning and the same result: another denial.[1] This conclusion construes impracticable to include not just what is impossible but also what is unsuitable for practical purposes under the circumstances. There is no need to waste time, money, and party and judicial resources. Thus, at the undersigned's encouragement and by agreement, the parties arrived at the August 27, 2024 Joint Stipulation in which they acknowledge (1) that FirstEnergy seeks the stay pending resolution of the mandamus petition, (2) that additional briefing may be unnecessary to the Court's resolution

---

[1] Fed. R. App. P. 8(a)(2)(A) provides that filing a motion for a stay in a court of appeals requires showing either "that moving first in the district court would be impracticable" or that "the district court denied the motion or failed to afford the relief requested." Filing a redundant request for stay raising already briefed and rejected grounds arguably meets the "impracticable" component of Fed. R. App. P. 8(a)(2)(A), and the fact that the prior stay request mentioned the mandamus petition arguably means that initial exhaustion has occurred.

of that request, and (3) that, if the Court approves, the stay request shall be deemed resolved for the reasons previously journalized. *See* Joint Stipulation, ECF No. 680 at PageID 14560-14561.

The Joint Stipulation is currently pending before Chief Judge Marbley and Magistrate Judge Jolson. They may accept the agreement and deem the stay request denied given that at least one of the prior stay requests noted the mandamus action and given that the prior requests sought identical relief to the stay now sought. *See Baker v. Adams Cty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002) (denying motion for stay in appellate court because the relief sought had not first been requested from the district court). Such a process and result here would appear to match the Sixth Circuit's limited jurisprudence on whether a formal motion for a stay is required in a district court. The court of appeals has explained, for example, that the requirement that a party *ordinarily* move first in the district court for a stay is not a jurisdictional limitation and has addressed initial requests under varied circumstances. *See, e.g., Tiger Lily, LLC v. U.S. Dep't of Hous. & Urban Dev.*, 992 F.3d 518, 521 n.2 (6th Cir. 2021). If Chief Judge Marbley and Magistrate Judge Jolson do not accept the Joint Stipulation and its proposed order, however, the discovery plan's tolling provision affords the parties the ability to brief the stay request in this Court and then in the court of appeals as necessary.

Fourth, the agreed-upon plan includes a reasonable time in which FirstEnergy must produce a consolidated privilege log. The parties should remain cognizant of S.D. Ohio Civ. R. 26.1(a)'s requirement that "[a] privilege log shall list documents, electronically stored information, communications, or tangible things withheld in an organized and logical order and must contain sufficient information to enable an opposing party and the Court to evaluate the applicability of the claimed privilege or protection." Case law from within this District and this Circuit provides

ample guidance on what constitutes the requisite sufficient information.  In other words: because detail matters, avoid a metadata log or categorical log here.

In addition to the four foregoing components, the agreed-upon plan remains subject to necessary modification as changed circumstances require.  But the parties are expressly cautioned—as they were at the August 22, 2024 status conference—that this Order setting forth the discovery plan is subject to Fed. R. Civ. P. 16(b)(4), which means that modification as a result of a party's request will be made only upon a showing of good cause.  Lack of diligence in scheduling depositions or a failure to estimate the ability to take depositions within the agreed-upon period of fact discovery is not good cause.  Stated even more plainly: the parties agreed to the schedule set forth herein, and absent good cause they will be held to that schedule even if they miscalculated the time needed to take all desired depositions.

## DISCOVERY PLAN

The Discovery Plan shall be as follows:

**1.     Fact Discovery Cutoff**

The deadline for completion of fact discovery is June 30, 2025.

The fact discovery cutoff shall be revisited, and an amended scheduling order issued, upon resolution of all issues currently before the United States Court of Appeals for the Sixth Circuit.  In the event of a remand from the Sixth Circuit for further class certification proceedings, such order shall include, without limitation, a schedule for such proceedings, including any necessary supplemental expert reports.

Once the stay of expert discovery is lifted, Plaintiffs reserve the right to request that fact and expert discovery occur simultaneously, and Defendants reserve the right to oppose such a request.

### 2.     Pending Compulsion Orders

The third-parties subject to the November 6, 2023 and November 20, 2023 compulsion orders comprising ECF Nos. 554 and 560 (objections to which were overruled in January 11, 2024 and February 13, 2024 orders comprising ECF Nos. 618 and 628) shall produce all previously withheld documents within 21 days after entry of this discovery plan.

### 3.     Internal Investigation

The obligation to comply with the November 29, 2023 compulsion order in ECF No. 571 (objections to which were overruled in ECF No. 653) shall be tolled until the Sixth Circuit rules on FirstEnergy's motion to stay as to those orders.[2]  If the Sixth Circuit denies FirstEnergy's motion to stay, FirstEnergy shall "produce all previously withheld documents related to the internal investigation" (Report and Recommendation by Special Master on Motion to Stay (ECF Nos. 573 & 574) and Related Matters, ECF 634 at PageID 13908) within 21 days of the denial. If the Sixth Circuit grants FirstEnergy's motion to stay, FirstEnergy's production shall be determined in accordance with the Sixth Circuit's resolution of FirstEnergy's Petition for Writ of Mandamus filed in *In re FirstEnergy Corp.*, No. 24-3654 (6th Cir. July 29, 2024), ECF No. 1.

### 4.     Privilege Log

FirstEnergy shall produce a consolidated privilege log within 21 days after the entry of this discovery plan.

---

[2]     If FirstEnergy has not already filed its motion to stay in the Sixth Circuit, FirstEnergy has represented that it will file such a motion to stay in the Sixth Circuit within two business days of the entry by this Court of the Proposed Order attached to the parties' Joint Stipulation.

-7-

**IT IS SO ORDERED.**

*/s/ Shawn K. Judge*
SHAWN K. JUDGE (0069493)
SPECIAL MASTER