**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) | No. 2:20-cv-03785-ALM-KAJ |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | Judge Algenon L. Marbley |
| ALL ACTIONS | ) ) ) | Magistrate Judge Kimberly A. Jolson Special Master Shawn K. Judge |
| | ) | |
| MFS Series Trust I, et al., | ) ) | Case No. 2:21-cv-05839-ALM-KAJ |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| FirstEnergy Corp., et al., | ) ) | |
| Defendants. | ) ) | |
| Brighthouse Funds Trust II – MFS Value Portfolio, et al., | ) ) ) | Case No. 2:22-cv-00865-ALM-KAJ |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| FirstEnergy Corp., et al., | ) ) | |
| Defendants. | ) ) | |

**DEFENDANT FIRSTENERGY CORP.'S**
**NOTICE OF SUBPOENA AND DEPOSITION**

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant FirstEnergy Corp. ("FirstEnergy"), by and through undersigned counsel, is serving the attached subpoena (the "Subpoena") upon non-party Allspring Global Investments LLC/Wells Capital Management Inc. seeking the production of documents described in Schedule A attached to the Subpoena. The Subpoena is without prejudice to the service of additional subpoenas for documents or testimony upon other entities in these Actions.

**PLEASE FURTHER TAKE NOTICE** that, pursuant to Rules 45 and 30(b)(6) of the Federal Rules of Civil Procedure, Defendant FirstEnergy Corp. ("FirstEnergy"), by and through undersigned counsel, will take the deposition upon oral examination of non-party Allspring Global Investments LLC/Wells Capital Management Inc. Allspring Global Investments LLC/Wells Capital Management Inc. shall designate one or more officers, directors, agents, or other persons to testify on its behalf concerning the topics listed in Schedule B attached hereto no less than five (5) days before the date of the deposition. The deposition will commence at a date to be determined. A videoconference link will be provided at least three (3) business days prior to the deposition.

**PLEASE TAKE FURTHER NOTICE** that the deposition will be videotaped and recorded by stenographic means before a person authorized to administer oaths and record testimony under Rule 28 of the Federal Rules of Civil Procedure.

[*Signature on the following page*]

Dated: October 1, 2024

/s/ Paul J. Schumacher
Paul J. Schumacher, Trial Attorney (0014370)
DICKIE, MCCAMEY & CHILCOTE, P.C.
600 Superior Avenue East
Fifth Third Center, Suite 2330
Cleveland, Ohio 44114
Telephone: (216) 685-1827
pschumacher@dmclaw.com

Richard J. Silk, Jr. (0074111)
DICKIE, MCCAMEY & CHILCOTE, P.C.
10 W. Broad Street, Suite 1950
Columbus, Ohio 43215
Telephone: (614) 258-6000
rsilk@dmclaw.com

*Counsel for Defendant FirstEnergy Corp.*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio ▾

| | | |
|---|---|---|
| In re FirstEnergy Corp. Sec. Lit. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:20-cv-03785-ALM-KAJ |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Allspring Global Investments LLC / Wells Capital Management Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See schedules. In lieu of appearance, documents can be sent electronically to pschumacher@dmclaw.com or mailed to Attorney Paul Schumacher's attention at the address below.

| Place: DICKIE, MCCAMEY & CHILCOTE, P.C., 600 Superior Avenue East, Fifth Third Center, Suite 2330, Cleveland, OH, 44114 | Date and Time: 10/31/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/01/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Paul J. Schumacher |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* FirstEnergy Corp. DICKIE, MCCAMEY & CHILCOTE, P.C., 600 Superior Avenue East, , who issues or requests this subpoena, are: Fifth Third Center, Suite 2330, Cleveland, OH, 44114, (216) 685-1827 pschumacher@dmclaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Southern District of Ohio

| | | |
|---|---|---|
| In re FirstEnergy Corp. Sec. Lit. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:20-cv-03785-ALM-KAJ |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Allspring Global Investments LLC / Wells Capital Management Inc.

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:  See schedules.  Upon receipt of subpoena, please contact Paul J. Schumacher, Esq. at (216) 685-1827 or via email at pschumacher@dmclaw.com to schedule a convenient time & place for the deposition.

| Place: To be determined. | Date and Time: |
|---|---|

The deposition will be recorded by this method:  Videotape and stenographic means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Schedules.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/01/2024

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Paul J. Schumacher |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  FirstEnergy Corp. DICKIE, MCCAMEY & CHILCOTE, P.C., 600 Superior Avenue East, , who issues or requests this subpoena, are: Fifth Third Center, Suite 2330, Cleveland, OH, 44114, (216) 685-1827 pschumacher@dmclaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:20-cv-03785-ALM-KAJ

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

.

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
**(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

**(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
**(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
**(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
**(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.      "FirstEnergy" means Defendant FirstEnergy Corp.

2.      "Defendants" refers to Paul T. Addison, Michael J. Anderson, Barclays Capital Inc., BofA Securities, Inc., Dennis M. Chack, CIBC World Markets Corp., Citigroup Global Markets, Inc., Steven J. Demetriou, Michael J. Dowling, FirstEnergy Corp., Julia L. Johnson, Charles E. Jones, J.P. Morgan Securities LLC, John Judge, KeyBanc Capital Markets, Inc., Jason J. Lisowski, Donald T. Misheff, Thomas N. Mitchell, Mizuho Securities USA LLC, Morgan Stanley & Co. LLC, MUFG Securities Americas Inc., James F. O'Neil III, Christopher D. Pappas, James F. Pearson, Sandra Pianalto, PNC Capital Markets LLC, RBC Capital Markets, LLC, Robert P. Reffner, Luis A. Reyes, Santander Investment Securities Inc., Donald R. Schneider, Scotia Capital (USA) Inc., George M. Smart, SMBC Nikko Securities America, Inc., Steven E. Strah, K. Jon Taylor, TD Securities (USA) LLC, Jerry Sue Thornton, Leslie M. Turner, U.S. Bancorp Investments, Inc., and Leila L. Vespoli.

3.      "Actions" means *In re FirstEnergy Corp. Securities Litigation*, Case No. 2:20-cv-03785, *MFS Series Trust I* v. *FirstEnergy Corp.*, Case No. 21-cv-5839, and *Brighthouse Funds II – MFS Value Portfolio* v. *FirstEnergy Corp.*, Case No. 22-cv-865, all pending in the United States District Court for the Southern District of Ohio.

4.      "Plaintiff" or "Plaintiffs" refers to any or all of: (i) Lead Plaintiff Los Angeles County Employees Retirement Association; and (ii) Amalgamated Bank, as Trustee for the LongView LargeCap 500 Index Fund, LongView Quantitative LargeCap Fund, LongView Broad Market 3000 Index Fund, LongView LargeCap 500 Index Fund VEBA, LV LargeCap 1000 Value Index Fund, LongView Quantitative MidCap Fund, LongView Quant LargeCap Equity

VEBA Fund and LongView Core Plus Fixed Income Fund; (iii) Wisconsin Laborers' Pension Fund; (iv) City of Irving Supplemental Benefit Plan; (v) MFS Series Trust I; (vi) MFS Series Trust IV; (vii) MFS Series Trust V; (viii) MFS Series Trust VI; (ix) MFS Series Trust X; (x) MFS Series Trust X; (xi) MFS Series Trust XV; (xii) MFS Variable Insurance Trust; (xiii) MFS Variable Insurance Trust II; (xiv) MFS Variable Insurance Trust III; (xv) MFS Meridian Funds; (xvi) MFS Investment Management Company (Lux), S.à.r.l; (xvii) MFS Heritage Trust Company; (xviii) Brighthouse Funds Trust II – MFS Value Portfolio; and (xix) Brighthouse Funds Trust II – MFS Total Return Portfolio.

5.     "Parties" or "Party" refers to the Plaintiffs and Defendants in the Actions.

6.     "You," "Your," and "Yourself" refers to Allspring Global Investments LLC/Wells Capital Management Inc., including without limitation, its predecessors, successors, parents, subsidiaries, affiliates, directors, officers, principals, as well as any fund or investment vehicle to which You served as investment advisor. As used herein, "you" and "your" shall be construed either disjunctively or conjunctively, as necessary by the context, to bring within the scope of the definition, instruction, or request all responses that might otherwise be construed to be outside of its scope by any other construction.

7.     "Complaints" means (i) the Consolidated Complaint for Violations of the Federal Securities Laws filed by Plaintiffs on February 26, 2021 in *In re FirstEnergy Corp. Securities Litigation*, Case No. 2:20-cv-03785 (ECF No. 72); (ii) the Complaint for Violations of the Federal Securities laws filed by Plaintiffs on December 17, 2021 in *MFS Series Trust I* v. *FirstEnergy Corp.*, Case No. 21-cv-5839 (ECF No. 1); and (iii) the Complaint for Violations of the Federal Securities laws filed by Plaintiffs on February 21, 2022 in *Brighthouse Funds II – MFS Value Portfolio* v. *FirstEnergy Corp.*, Case No. 22-cv-865 (ECF No. 1). Should you

require a copy of the Complaints, please inform us.

8.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

9.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

10.      "Person" or "persons" shall mean any natural or artificial person, including business entities and other legal entities.

11.      "Concern" or "Concerning" means directly or indirectly relating to, referring to, regarding, describing, evidencing, supporting, discussing, interpreting, mentioning, containing, comprising, consisting of, pertaining to, reporting, and/or in any other way connected to the referenced matter.

12.      The use of the word "including" shall be construed to mean "without limitation."

13.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

14.      "Security" or "Securities" includes common stock, preferred stock, bonds, notes, put or call options, short sales, debentures, derivatives, and any other form of security.

15.      "Transaction" means the purchase, sale, transfer, or exchange of FirstEnergy Securities.

16.      "Agent" and "Agents" mean any person acting on behalf of the entities or individuals specified herein.

17.      "Ohio House Bill 6" refers to the legislation passed by the Ohio General

Assembly and signed into law by the Governor on July 23, 2019.

18.　　"Time Period" refers to the time between February 21, 2017 and December 31, 2020, inclusive.

19.　　"FirstEnergy Securities" means all FirstEnergy Securities at issue in the Actions, including FirstEnergy's common stock and bonds referenced in the Complaints.

## INSTRUCTIONS

1.　　Reference to the singular shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

2.　　The use of the singular shall be deemed to include the plural, and the use of the plural shall be deemed to include the singular; the use of the conjunctive shall be deemed to include the disjunctive, and the use of the disjunctive shall be deemed to include the conjunctive.

3.　　You are required to produce all of the requested Documents that are in Your possession, custody, or control.

4.　　If any form of objection or claim of privilege is asserted as a basis for not answering any request, set forth the legal grounds and facts upon which the objection or privilege is based.  If the objection relates to only part of the request, the balance of the request must be answered in full.

5.　　Each Document requested herein shall be produced in its entirety and without deletion, excisions, reductions, or redactions.  Documents shall be produced as maintained together with any Documents that were electronically attached or physically clipped to them.

6.　　If any request cannot be answered in full, answer to the extent possible, specifying the reasons for Your inability to answer the remainder.

7.　　Each request shall be construed independently and no request shall be viewed as limiting the scope of any other request.  Answer each request fully and separately.

-4-

8.      FirstEnergy hereby reserves the right to seek additional discovery.

9.      Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled according to the number of the document request to which they are responsive.

10.     Electronically stored information shall be produced in accordance with the ESI protocol agreed to by the Parties and as entered by the court in the action captioned *In re FirstEnergy Corp. Securities Litigation*, Case No. 2:20-cv-03785-ALM-KAJ, ECF No. 204. Please inform us if you wish to be provided a copy of this protocol.

11.     In the event You withhold any document, or any portion of any document, under a claim of privilege, immunity, or protection, including the attorney-client privilege or work product doctrine, You shall provide a written privilege log that sets forth the information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Rules.

12.     The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source.  All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to You.

## <u>SCHEDULE B</u>

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:** Documents sufficient to show all holdings in FirstEnergy Securities, as well as all Transactions in FirstEnergy Securities You made or with respect to which You served as an investment adviser within the Time Period, whether on Your own behalf or on behalf of a client or fund for which You served as an investment advisor. Such documents should include the security name and identifier(s), relevant transaction dates (trade, execution, settle), type of transaction (including whether it was a buy or a sell), the price, the number of Securities owned or transacted, beneficial ownership information, including the identity of the ultimate beneficial owner and the fund or other vehicle through which it was held, purchased or sold, and documents sufficient to interpret all fields included in the data.

**REQUEST NO. 2:** Documents sufficient to identify all Persons involved, including through participation in investment committees, in considering whether to enter into any Transaction in FirstEnergy Securities by or on behalf of (including through any fund or other vehicle) any Plaintiff during the Time Period.

**REQUEST NO. 3:** Documents sufficient to show any losses or gains (realized or unrealized) and other investment income associated with any Transaction in FirstEnergy Securities by or on behalf of (including through any fund or other vehicle) any Plaintiff during the Time Period.

**REQUEST NO. 4:** For any Transaction in FirstEnergy Securities, or decision to continue to hold FirstEnergy Securities, by or on behalf of (including through any fund or other vehicle) any Plaintiff during the Time Period, all materials and information reviewed, considered and/or relied upon in making the determination to enter into that decision or Transaction, including all Documents Concerning any investigation, due diligence, or analysis.

**REQUEST NO. 5:** All Communications with Any Person Concerning FirstEnergy,

FirstEnergy Securities, or the Actions.

**REQUEST NO. 6:** All analyses (including, without limitation, buy, hold or sell recommendations, valuations, and projections) of FirstEnergy or FirstEnergy Securities prepared or reviewed by You during the Time Period.

**REQUEST NO. 7:** All Communications with Any Plaintiff or Any Agent of Any Plaintiff during the Time Period.

**REQUEST NO. 8:** All analyses of the energy generation and/or distribution industries (regulated and/or competitive) prepared or reviewed by You during the Time Period.

**REQUEST NO. 9:** All Documents Concerning any products or services provided by You to FirstEnergy.

**REQUEST NO. 10:** All Documents and Communications Concerning Ohio House Bill 6 and/or investigations or proceedings Concerning Ohio House Bill 6.

**REQUEST NO. 11:** All Documents and Communications Concerning FirstEnergy's lobbying activities, political contributions, and/or political activities and/or the entities Partners for Progress, Generation Now, IEU-Ohio Administration Co. LLC ("IEU-Admin"), and Sustainable Funding Alliance of Ohio, Inc. ("SFA").

**REQUEST NO. 12:** All Documents and Communications Concerning the relationship between FirstEnergy and the Davis-Besse and Perry nuclear plants during the Time Period, including the nuclear decommissioning trusts.

**REQUEST NO. 13:** All Documents and Communications Concerning investment goals, strategies, and/or methodologies applicable to the Transactions and holdings identified in Request No. 1, including research, valuation analyses, models, algorithms, or other tools reviewed, considered, used, and/or relied upon in making the determination to enter into such Transactions or continue to hold FirstEnergy Securities.

**REQUEST NO. 14:** All policies, procedures, codes of conduct, desktop aids, guidance documents, or similar Documents applicable at any time within the Time Period Concerning investments made on Your own behalf or on behalf of any Plaintiffs to which you serve as investment advisor, including without limitation Concerning buying and/or selling Securities, engaging in short sales, buying and/or selling options, buying and/or selling derivatives, index replication, engaging in hedging Transactions, or other investing guidelines or restrictions, including environmental, social, and governance mandates or restrictions.

**REQUEST NO. 15:** All Documents and Communications Concerning the process by which You considered and made investment decisions at any time within the Time Period Concerning investments made on Your own behalf or on behalf of any Plaintiffs to which you serve as investment advisor, including without limitation Concerning buying and/or selling Securities, engaging in short sales, buying and/or selling options, buying and/or selling derivatives, index replication, engaging in hedging Transactions, or other investing guidelines or restrictions, including environmental, social, and governance mandates or restrictions.

**REQUEST NO. 16:** For all FirstEnergy Securities purchased during the Time Period as identified in response to Request No. 1, Documents sufficient to identify the date(s) and price(s) at which such FirstEnergy Securities were sold or otherwise disposed of through the present.

**REQUEST NO. 17:** All Documents Concerning trust agreements, investment vehicles, pledges, loans, or collaterals Concerning Any Plaintiff.

**REQUEST NO. 18:** All Documents reflecting or Concerning any short positions You held in FirstEnergy Securities—whether on Your own behalf or on behalf of Any Plaintiff—from February 21, 2017 through the date of production.

**REQUEST NO. 19:** All Documents reflecting or Concerning any hedging Transactions

pursued in connection with Your positions in FirstEnergy Securities—whether on Your own behalf or on behalf of any Plaintiff—from February 21, 2017 through the date of production.

**REQUEST NO. 20:** All Documents Concerning whether the price of FirstEnergy Securities was inflated as a result of misstatements or omissions by FirstEnergy or any of its directors, officers, or employees, or that otherwise reflects any belief by You—or any of Your clients that transacted in FirstEnergy Securities during the Time Period—that the market price of FirstEnergy Securities was not accurate or did not accurately reflect all facts or factors believed by You or said client to exist.

**REQUEST NO. 21:** All Communications Concerning the alleged corrective disclosures in the Consolidated Complaint for Violations of the Federal Securities Laws filed by Plaintiffs on February 26, 2021 in *In re FirstEnergy Corp. Securities Litigation*, Case No. 2:20-cv-03785 (ECF No. 72), in particular, (i) the July 21, 2020 announcement by the U.S. Attorney's Office for the Southern District of Ohio that it had charged Larry Householder, Matthew Borges, Jeffrey Longstreth, Neil Clark, and Juan Cespedes and a 501(c)(4) entity, Generation Now, in a federal public corruption racketeering conspiracy; (ii) FirstEnergy's July 21, 2020 statement announcing that it had "received subpoenas in connection with the government's investigation into HB 6"; (iii) FirstEnergy's October 29, 2020 press release announcing the termination of three executives for "violat[ing] certain Company policies and its code of conduct"; and (iv) FirstEnergy's November 24, 2020 announcement that "it and its subsidiary, FirstEnergy Transmission, LLC, had drawn down nearly $2 billion under their respective credit facilities to proactively 'preserve financial flexibility.'" (Am. Compl. ¶¶ 143–144, 172, 196.)

**REQUEST NO. 22:** Any Communications Concerning the Deferred Prosecution Agreement between FirstEnergy and the United States Department of Justice, dated July 22, 2021. (*United*

*States* v. *FirstEnergy Corp.*, Case No. 1:21-cr-00086 (ECF No. 3)).

**REQUEST NO. 23:**  All engagement letters, contracts, understandings, or other agreements between any Plaintiff and (i) You or (ii) any fund or other vehicle to which you serve as investment advisor.

**REQUEST NO. 24:**  For any fund or other vehicle that transacted in FirstEnergy Securities on behalf of any Plaintiff during the Time Period, all Documents Concerning the performance of that fund or vehicle during the Time Period, including, but not limited to, evaluations of the performance of the investment portfolio, account statements, portfolio projections, explanatory brochures, and marketing materials.

**REQUEST NO. 25:**  All Documents and Communications Concerning any investigation performed (by You, any Plaintiff, or any other Person) in connection with the filing of the Actions or any amended pleadings.

## <u>SCHEDULE C</u>

**TOPICS FOR EXAMINATION AT DEPOSITION**

1.      Your Communications with any Plaintiff or any Agent of any Plaintiff during the Time Period.

2.      Your Communications Concerning FirstEnergy, FirstEnergy Securities, or the Actions.

3.      The Transactions and holdings identified in Document Request No. 1, above.

4.      Your organizational structure, including with respect to funds to which You serve as investment advisor, and the Persons involved in considering whether to enter into any FirstEnergy Securities Transactions, or whether to hold FirstEnergy Securities, including those responsible for any final determination whether or not to transact or hold, by or on behalf of (including through any fund or other vehicle) any Plaintiff during the Time Period.

5.      The process by which the decision was made to enter into any FirstEnergy Securities Transactions, or hold FirstEnergy Securities, by or on behalf of (including through any fund or other vehicle) any Plaintiff during the Time Period.

6.      For any Transaction or holding in FirstEnergy Securities by or on behalf of (including through any fund or other vehicle) any Plaintiff during the Time Period, all materials and information reviewed, considered and/or relied upon in making the determination to enter into that Transaction or maintain that holding, including any investigation, due diligence, or analysis.

7.      Analyses (including, without limitation, buy, hold or sell recommendations, valuations, and projections) of FirstEnergy or FirstEnergy Securities prepared or reviewed by You during the Time Period.

8.      Analyses of the energy generation and/or distribution industries (regulated and/or

-11-

competitive) prepared or reviewed by You during the Time Period.

9.      Products or services provided by You to FirstEnergy.

10.     The investment goals, strategies, and/or methodologies applicable to the Transactions identified in Document Request No. 1, above, including research, valuation analyses, models, algorithms, or other tools reviewed, considered, used, and/or relied upon in making the determination to enter into such Transactions.

11.     Policies, procedures, codes of conduct, desktop aids, guidance documents, or similar Documents applicable at any time within the Time Period Concerning investments made on Your own behalf or on behalf of any Plaintiffs to which you serve as investment advisor, including without limitation Concerning buying and/or selling Securities, engaging in short sales, buying and/or selling options, buying and/or selling derivatives, index replication, engaging in hedging Transactions, or other investing guidelines or restrictions, including environmental, social, and governance mandates or restrictions.

12.     Losses or gains (realized or unrealized) and other investment income associated with any Transaction in, or holding of, FirstEnergy Securities by or on behalf of (including through any fund or other vehicle) any Plaintiff during the Time Period.

13.     Any short positions You held in FirstEnergy Securities—whether on Your own behalf or on behalf of Any Plaintiff—from February 21, 2017 through the date of Your deposition.

14.     Any hedging Transactions pursued in connection with Your positions in FirstEnergy Securities—whether on Your own behalf or on behalf of any Plaintiff—from February 21, 2017 through the date of Your deposition.

15.     Ohio House Bill 6 and/or investigations or proceedings Concerning Ohio House

Bill 6.

16.     The relationship between FirstEnergy and the Davis-Besse and Perry nuclear plants during the Time Period, including the nuclear decommissioning trusts.

17.     FirstEnergy's lobbying activities, political contributions, and/or political activities and/or the entities Partners for Progress, Generation Now, IEU-Ohio Administration Co. LLC ("IEU-Admin"), and Sustainable Funding Alliance of Ohio, Inc. ("SFA").

18.     The alleged corrective disclosures in the Consolidated Complaint for Violations of the Federal Securities Laws filed by Plaintiffs on February 26, 2021 in *In re FirstEnergy Corp. Securities Litigation*, Case No. 2:20-cv-03785 (ECF No. 72), in particular, (i) the July 21, 2020 announcement by the U.S. Attorney's Office for the Southern District of Ohio that it had charged Larry Householder, Matthew Borges, Jeffrey Longstreth, Neil Clark, and Juan Cespedes and a 501(c)(4) entity, Generation Now, in a federal public corruption racketeering conspiracy; (ii) FirstEnergy's July 21, 2020 statement announcing that it had "received subpoenas in connection with the government's investigation into HB 6"; (iii) FirstEnergy's October 29, 2020 press release announcing the termination of three executives for "violat[ing] certain Company policies and its code of conduct"; and (iv) FirstEnergy's November 24, 2020 announcement that "it and its subsidiary, FirstEnergy Transmission, LLC, had drawn down nearly $2 billion under their respective credit facilities to proactively 'preserve financial flexibility.'"  (Am. Compl. ¶¶ 143–144, 172, 196.)

19.     The Deferred Prosecution Agreement between FirstEnergy and the United States Department of Justice, dated July 22, 2021.  (*United States* v. *FirstEnergy Corp.*, Case No. 1:21-cr-00086 (ECF No. 3)).

20.     Any trust agreements, investment vehicles, pledges, loans, or collaterals

Concerning Any Plaintiff.

21.     Any engagement letters, contracts, understandings, or other agreements between any Plaintiff and (i) You or (ii) any fund or other vehicle to which you serve as investment advisor.

22.     For any fund or other vehicle that transacted in FirstEnergy Securities on behalf of Any Plaintiff during the Time Period, the performance of that fund or vehicle during the Time Period.

23.     Any investigation performed (by You, any Plaintiff, or any other Person) in connection with the filing of the Actions or any amended pleadings.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2024, Defendant FirstEnergy Corp.'s Notice of Subpoena and Deposition was filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Paul J. Schumacher*
*Counsel for Defendant FirstEnergy Corp.*