UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) No. 2:20-cv-03785-ALM-KAJ ) ) CLASS ACTION ) |
| This Document Relates To:<br><br>ALL ACTIONS. | ) Judge Algenon L. Marbley ) Magistrate Judge Kimberly A. Jolson ) ) ) |

PLAINTIFFS' POSITION STATEMENT REGARDING DEFENDANTS CHARLES E. JONES AND MICHAEL J. DOWLING'S VIOLATIONS OF FEDERAL RULE OF CIVIL PROCEDURE 26(e) AND REQUEST TO POSTPONE CERTAIN DEPOSITIONS

MURRAY MURPHY MOUL
 + BASIL LLP
JOSEPH F. MURRAY (0063373)
1114 Dublin Road
Columbus, OH 43215
Telephone: 614/488-0400
614/488-0401 (fax)
murray@mmmb.com

Liaison Counsel

ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com

Class Counsel

4881-6925-6428.v1

## I. INTRODUCTION

Defendants Charles E. Jones and Michael J. Dowling ("J-D") intentionally violated Federal Rule of Civil Procedure 26(e) by withholding plainly responsive documents to gain an unfair advantage in the upcoming depositions of six important witnesses (identified below).  Equally improper, J-D exploited this violation to buy time to convince the Ohio Attorney General's Office (the "Ohio AG") to "retroactively" designate these documents as confidential and thereby complicate even their belated production.  All this gamesmanship leaves only two options for avoiding a plainly prejudicial situation in which J-D have a deponent's prior statement(s) but Plaintiffs and the other parties do not: (1) J-D must produce forthwith all documents they improperly withheld, which include the witnesses' statements; or (2) these six depositions must be postponed until the parties are on a level playing field.  Unfortunately, the former option is not practical, as the Ohio AG has indicated it would seek intervention to prevent both the production of these documents and any effort by J-D to depose these six witnesses.  While Plaintiffs believe the strategic "retroactive" confidential designation was improper, as the documents do not fit within the two categories of the state court's protective order, such litigation could take months to resolve.  Accordingly, Plaintiffs respectfully request that the Court postpone the depositions of six witnesses until at least March 1, 2025, absent a material change in circumstances.  The Ohio AG supports this request.  *See* Ex. 1.

## II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On June 14, 2021, Chief Judge Marbley issued an Order partially lifting the Private Securities Litigation Reform Act of 1995 ("PSLRA") discovery stay and allowing Lead Plaintiff ("LACERA") to serve on all defendants, including J-D, Lead Plaintiff's First Requests for Documents to All Defendants ("Requests").  *See In re FirstEnergy Corp. Sec. Litig.*, 2021 WL 2414763 (S.D. Ohio June 14, 2021); Ex. 2 (Requests).  Request No. 2 ("RFP No. 2") seeks the following:

> All documents that the Defendants have produced or provided to, or received from, any regulatory or government agency, federal or state law enforcement agency, or legislative body or representative in connection with the HB6 bribery scheme, including any deposition testimony.

*Id.* at 9.  Chief Judge Marbley found that without such documents Plaintiffs would "face[] unique undue prejudice without having access to documents that have already been produced in other [governmental] proceedings" from a litigation strategy perspective.  *FirstEnergy*, 2021 WL 2414763, at *6.  He further explained that, "without allowing access to already-produced discovery, LACERA could find itself in a significantly different position from most of the other litigants related to this matter."  *Id.*

On June 28, 2021, LACERA served on all defendants, including J-D, its Requests, which reminded defendants that Rule 26(e) mandates continuing production obligation.  *See* Ex. 2 at 5 (¶3, thereto) ("you shall supplement your responses as required by Federal Rule of Civil Procedure 26(e)").  Subject to several irrelevant boilerplate objections, J-D agreed to produce all non-privileged, non-duplicative documents responsive to RFP No. 2.  *See* Ex. 3 at 5-6 (Jones's responses and objections); Ex. 4 at 5-6 (Dowling's responses and objections).[1]

On February 12, 2024, J-D were indicted for what is essentially the Samuel C. Randazzo portion of the scheme to defraud at issue here.  *State v. Dowling*, No. CR-2024-02-0473-B (Summit Cnty. C.P.) and *State v. Jones*, No. CR-2024-02-0473-C (Summit Cnty. C.P.) (collectively, the "*Ohio AG Criminal Cases*").  *See* Exs. 6-7 (Indictments).  The *Ohio AG Criminal Cases* explicitly relate to the HB6 bribery scheme, as the Indictments expressly charge that J-D's criminal activities included their involvement in the payment of money in connection with the "'bribery'" of Randazzo for, *inter alia*, official "'acts related to House Bill 6.'"  Ex. 6 at 9, 20-35; Ex. 7 at 8-9, 21-34.

On April 24, 2024, a protective order was entered in the *Ohio AG Criminal Cases* "to [1] prevent the dissemination of personally identifiable information ("PII") and [2] preserve the Confidential status of documents obtained by the Defense Team through other litigation."  Ex. 8 at 2.  The dockets in the *Ohio*

---

[1]  Indeed, nearly a year later, Jones's counsel acknowledged Jones's ongoing production obligation in response to RFP No. 2: "***We will produce to Lead Plaintiff any additional documents received from or provided to the government under our continuing discovery obligations in this case***."  Ex. 5 at 3 (May 31, 2022 R. Israel letter).  Unless otherwise noted, all emphasis is added and citations are omitted.

- 2 -

*AG Criminal Cases* reflect that J-D have received dozens of documents – including recorded audio statements, proffer statements, reports of interviews, etc. – involving upcoming deponents in this case and many other relevant witnesses. *See* Ex. 9 (discovery identified on the dockets as of September 30, 2024). The Ohio AG's filings acknowledge that nearly all these documents are ***not*** confidential. Throughout months and multiple filings, that status remained the same, including when Chief Judge Marbley lifted the stay of discovery on August 20, 2024. *Id.* But instead of promptly producing these responsive documents, J-D scheduled several depositions of the very individuals whose statements, proffers, etc., they were improperly withholding: Ebony Yeboah-Amankwah, defendant Robert P. Reffner, Josh Rubin, Matthew Brakey, Steven Staub, and Bradley Bingaman (collectively, the "Six Deponents").

On September 27, 2024, Plaintiffs' counsel emailed counsel for J-D to remind them of their production obligation. *See* Ex. 10. Rather than comply, J-D aggravated their Rule 26(e) violation by using the time their violation had afforded them to contact the Ohio AG on September 30, 2024, and "suggest[]" that it "retroactively" designate the documents as confidential. Ex. 1 (10/4/24 Ohio AG letter). On October 1, 2024, the Ohio AG retroactively designated the documents as confidential. *See* Ex. 11 (10/1/24 Ohio AG letter). J-D then used this belated designation as an excuse for not producing documents they should have produced long before they had contrived the designation. The Ohio AG has since informed Plaintiffs that it would oppose any attempt by Plaintiffs to obtain these documents or by J-D to depose these witnesses, including by moving for intervention in this case and seeking a stay of this discovery. Ex. 1 at 2-3. It further indicated that it would raise the issue up to the Sixth Circuit, if necessary.

## III. ARGUMENT

J-D violated Rule 26(e) to gain an unfair advantage. A party "must supplement" its response to a document request "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e). Typically, courts find that parties have a 30-day window to supplement their production. *See, e.g.*, *Trust v. Durst*, 2015 WL 7720481, at *6 (D.N.J.

- 3 -

Nov. 30, 2015), *aff'd*, *Durst v. Durst*, 663 F. App'x 231 (3rd Cir. 2016); *see also Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 217 n.7 (6th Cir. 2019) (supplemental production timely so long as it was produced "within 30 days . . . seem[ed] reasonable absent evidence of bad faith or gamesmanship").

J-D's gamesmanship is evident from their scheduling of the depositions of the individuals whose statements and proffers they were improperly withholding ***within days*** of the stay being lifted, yet withholding production for ***weeks*** and then convincing the Ohio AG to retroactively designate documents that had not been confidential for ***months*** – and do not fall within the two categories for protection under the state protective order.  There is no justification for J-D's delay, as the documents were already in a transmittable format, there was no need for a privilege review, and they withheld the documents beyond the 30-day threshold ***before*** their retroactive designation stunt.  *Trust*, 2015 WL 7720481, at *6.

J-D's sole justification for not supplementing their responses – that there was no duty to do so as the Requests were issued in response to Chief Judge Marbley's Order granting Plaintiffs' Motion to partially lift the PSLRA stay (*FirstEnergy*, 2021 WL 2414763) – lacks merit.  If anything, Chief Judge Marbley's holding regarding the need to avoid prejudice from an information imbalance is even more salient now that the parties are generating what could be trial testimony.  Moreover, Rule 26(e) expressly imposes a continuing production obligation.  Contradicting their own argument, Jones previously acknowledged his "***continuing***" production obligation for RFP No. 2, as have other defendants.  *See* Ex. 5 at 3; *see, e.g.*, Exs. 12-16, ***and*** contacting the Ohio AG implicitly acknowledged their obligation.[2]

Plaintiffs would be prejudiced if the depositions were to proceed when J-D have deponents' proffers, statements, reports, etc. – while Plaintiffs did not.  *See, e.g.*, *DR Distribs., LLC v. 21 Century*

---

[2]  These circumstances warrant consideration of sanctions.  *See* Fed. R. Civ. P. 37(c)(1) (allowing range of sanctions for failures to supplement as required by Rule 26(e)).  Because Plaintiffs have established that J-D violated their "discovery obligations under Rule 26, the burden shifts to [J-D] to show that the violation of Rule 26 was justified or harmless." *Champion Foodservice, LLC v. Vista Food Exch., Inc.*, 2016 WL 4468000, at *17 (N.D. Ohio Aug. 23, 2016).

*Smoking, Inc.*, 513 F. Supp. 3d 839, 973 (N.D. Ill. 2021) (alteration in original) ("Parties incur prejudice because they do 'not have the benefit of the documents while selecting deponents, ***taking depositions***, conducting third party discovery, and preparing [their] trial strategy and pre-trial documents.'"); *United States ex rel. Landis v. Tailwind Sports Corp.*, 303 F.R.D. 419, 425-26 (D.D.C. 2014) (emphasis in original) ("[S]tatements given to FBI agents and other criminal investigators . . . are critical sources of evidence for ***both*** sides . . . fairness dictates that both sides have equal access to relevant witness statements."). Chief Judge Marbley echoed these holdings by ordering production to avoid the very kind of prejudice J-D seek to inflict: "[W]ithout allowing access to already-produced discovery, LACERA could find itself in a significantly different position from most of the other litigants related to this matter." *FirstEnergy*, 2021 WL 2414763, at *6.

If J-D had simply complied with Rule 26(e), there would be no issue here and all depositions could proceed as scheduled. Although federal courts have the power to override state court protective orders (especially under the circumstances here),³ such litigation would take months and still leave the Ohio AG seeking to postpone all six depositions. Instead, a postponement until March 1, 2025 may enable the parties to avoid any new litigation altogether – without prejudicing anyone. Thus, to avoid prejudicing Plaintiffs and rewarding J-D for their Rule 26(e) violation, Plaintiffs respectfully request that the Court postpone the depositions of the Six Deponents until after March 1, 2025 (absent any material change in circumstances).

DATED:  October 7, 2024                           Respectfully submitted,

                                                                        s/ Joseph F. Murray

---

³ Federal "courts asked to issue discovery orders in litigation pending before them . . . have not shied away from doing so, even when it would modify or circumvent a discovery order by another [state or federal] court, if under the circumstances, such a result was considered justified." *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 499-500 (D. Md. 2000); *Franklin United Methodist Home, Inc. v. Lancaster Pollard & Co.*, 909 F. Supp. 2d 1037, 1044-45 (S.D. Ind. 2012) (same); *City of Rome v. Hotels.com, LP*, 2011 WL 13232091, at *2-*4 (N.D. Ga. Sept. 12, 2011) (same); *Abel v. Mylan, Inc.*, 2010 WL 3910141, at *4 (N.D. Okla., Oct. 4, 2010) (same).

JOSEPH F. MURRAY

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY, Trial Attorney (0063373)
1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
RACHEL A. COCALIS (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com
rcocalis@rgrdlaw.com

Class Counsel

- 6 -

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on October 7, 2024.  Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/ Joseph F. Murray
JOSEPH F. MURRAY (0063373)

4881-6925-6428.v1