# EXHIBIT 11



October 1, 2024

*Sent via email to all counsel of record, State v. Dowling et al.,*
*Summit County C.P. Case Nos. 2024-02-0473 B-E*

> Re: *Designation of Discovery Materials as Confidential*
> *Pursuant to April 24, 2024 Protective Order*

Dear Counsel:

This letter serves to notify you of changes to the State's designation of Confidential Discovery Material under the terms of the April 24, 2024 Protective Order in this case.

First, the Search Warrants, Affidavits, and Search Warrant Returns for 492 E. Mound Street and 493-491 E. Noble Street, Columbus, Ohio 43215 should no longer be designated as Confidential Discovery Material. The seal order governing those documents that was issued by the Franklin County Municipal Court has lapsed, and therefore there is no longer any need for those documents to have a Confidential Discovery Material designation.

Second, the State has elected to retroactively designate items as Confidential Discovery Material under the terms of the April 24, 2024 Protective Order. The following categories of items should be considered Confidential Discovery Material:

1. All Investigative Reports;
2. All recordings of witness interviews;
3. Any items obtained by the State pursuant to a search warrant;
4. All voluntarily provided Organized Crime Investigations Commission Task Force ("Task Force") work product, including but not limited to exhibit packets (including compilations of documents shown to witnesses), investigator or prosecutor notes, and internal Task Force correspondence between investigators prosecutors, and expert witnesses;
5. All documents obtained by the Task Force pursuant to an R.C. 177.03(A) subpoena duces tecum issued by the Task Force (including but not limited to all documents provided by FirstEnergy, IEU-Ohio, Chase Bank, Summit Financial Strategies, Tim Mott, and The Public Utilities Commission of Ohio in response to a Task Force subpoena);
6. All voluntarily provided correspondence between counsel for the State of Ohio and counsel for parties and/or witnesses;
7. All proffer letters and/or proffer agreements extended to a witness by the State of Ohio;

8. All Immunity Orders or Non-Prosecution Agreements;
9. All transcripts created by the Task Force, including AI-generated transcripts;
10. Any expert reports or material relied upon by experts that have not already been publicly filed on the docket of this case.

This retroactive designation of materials as Confidential Discovery Material is not intended to impair your use of these items in defense of your client(s), and is instead intended to safeguard the integrity and fairness of this criminal case while it is pending. If you have any questions or concerns, or need any clarification regarding the State's retroactive designation of Confidential Discovery Materials, please do not hesitate to contact me directly.

Very truly yours,

Matthew E. Meyer
Principal Assistant Attorney General
Ohio Attorney General's Office

cc:\     File
         Kamil Shields, Esq., and Elizabeth Storey, Esq., Counsel of Record for FirstEnergy
         Justin Withrow, Esq., and Paul Flannery, Esq., Counsel of Record for IEU-Ohio

2