UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | No. 2:20-cv-03785-ALM-KAJ<br>CLASS ACTION<br><br>Judge Algenon L. Marbley<br>Magistrate Judge Kimberly A. Jolson |

STATE OF OHIO'S LIMITED MOTION TO INTERVENE AND LIMITED
MOTION TO STAY PORTIONS OF DISCOVERY PROCEEDINGS

The State of Ohio seeks leave to intervene on a limited basis in the above-captioned matter under Federal Rule of Civil Procedure 24 and moves to stay limited portions of discovery proceedings in this case through the conclusion of the parallel state criminal prosecution, *State of Ohio v. Dowling et al.,* Summit County Court of Common Pleas Case No. 2024-02-0473 B-E, which is currently pending. Specifically, if the State's request for limited intervention is granted, the State seeks to stay (1) the Plaintiffs' request that Jones and Dowling turn over state court criminal discovery items, and (2) Defendants Jones and Dowling's depositions of prosecution witnesses Ebony Yeboah Amankwah, Robert Reffner, Josh Rubin, Brad Bingaman, Matthew Brakey, and Steven Staub.

1.  **Factual and procedural background**

On February 9, 2024, an Ohio grand jury indicted two of the defendants in this case, Charles E. Jones and Michael J. Dowling, for various criminal violations of state

1

law.[1] The state grand jury issued supplemental indictments against the two men on September 12, 2024.[2] A review of amended complaint in this case overlaps with the pending Ohio criminal indictment with respect to the state indictment's allegation that FirstEnergy Corp., through its executives Charles E. Jones and Michael J. Dowling, paid a $4.3 million dollar bribe to Samuel Randazzo, the former Chairman of the Public Utilities Commission of Ohio. Compare *Supplemental Indictment*, pp. 21-24, *Amended Complaint*, ECF 72, pp. 5, 23, 67, 69-70, 76, 80, 102. Although a trial date in the state criminal matter has not yet been set, the case is set for a motions hearing on November 15, 2024, and it is anticipated that trial will take place in early to mid-2025.

On September 30, 2024, counsel for Jones and Dowling contacted the undersigned to notify the State of Ohio that counsel for the lead plaintiffs in this action had filed a Request for Documents to All Defendants in this case, and that the plaintiff's discovery demand was not publicly available on the court's docket. (See Exhibit 1, attached). Counsel for Dowling then provided the State of Ohio with a copy of the lead plaintiff's discovery demand. During the September 30, 2024 meeting, Counsel for Jones and Dowling indicated that the lead plaintiffs demand for documents included an obligation that Jones and Dowling turn over in civil discovery

---

[1] Available at: https://clerkweb.summitoh.net/PublicSite/DisplayImage.asp?gstrPDFOH=vola00000002%20%20%20%20%20%20%2000006B39 (last viewed October 2, 2019).
[2] Available at: https://clerkweb.summitoh.net/PublicSite/DisplayImage.asp?gstrPDFOH=vola00000017%20%20%20%20%20%20%2000000486 (last viewed October 2, 2024).

nearly all the state Crim.R.16 discovery materials that the two men obtained as a result of state criminal proceedings against them.

During the September 30, 2024 meeting, counsel for Jones and Dowling stated that their obligation to provide a response to the Plaintiff's Request for Production of Documents was imminent, based recent discussions they had during weekly status meetings with the Special Master in this case. Counsel for Jones and Dowling indicated that if the State retroactively designated the Discovery Materials as Confidential Discovery Materials under the terms of an April 24, 2024 Protective Order[3] in the state criminal case, that designation would allow them to refuse to turn over the discovery that they have received in the State criminal case. During a subsequent conversation on October 1, 2024, counsel for Jones stated her belief that providing the state criminal discovery to the parties in the civil case (along with the likelihood that those discovery materials would be made publicly available while the criminal case is pending) would affect the fairness and integrity of the state criminal proceeding.

As a result of the September 30, 2024 meeting with counsel for Jones and Dowling, the State wrote a letter to counsel for all parties in the criminal case retroactively designating criminal discovery materials as Confidential Discovery Material under the terms of the state court protective order. (See Exhibit 2, attached).

---

[3] Available at: https://clerkweb.summitoh.net/PublicSite/DisplayImage.asp?gstrPDFOH=vola00000007%20%20%20%20%20%20%200000622C (last viewed October 2, 2024).

During recent discussions with lead Plaintiff's counsel on 3, 2024, lead plaintiff's counsel confirmed their intention that Jones and Dowling be required to turn over discovery materials that the two men had obtained during the state criminal case. (See Exhibit 3, attached).

Counsel for lead plaintiffs have stated that they believe it would be fundamentally unfair to force them to go forward with discovery and depositions in the civil case without the benefit of the information that Jones and Dowling have gained during state criminal discovery. Counsel for lead plaintiffs have renewed their request that they be allowed access to state criminal discovery materials so that they can adequately depose witnesses in the civil case. The State of Ohio has refused lead plaintiff's request to allow them access to any state criminal discovery other than what is publicly available on the docket and will continue to do so while the criminal case is pending.

The undersigned has informed counsel for Jones, Dowling and lead plaintiffs that the State of Ohio believes it would be unfair for Jones and Dowling to use the civil depositions as a pretext to depose and cross-examine prosecution witnesses about statements made to criminal investigators or statements made during state criminal proceedings before those witnesses have testified during the state criminal trial.

On behalf of the State of Ohio, the undersigned has informed counsel for Jones, Dowling, and lead plaintiffs, that because of Jones and Dowling's recent notification

4

to the undersigned, the State of Ohio believes that the civil discovery in this case is now actively interfering with the state criminal proceedings.

The undersigned has likewise informed counsel for Jones, Dowling, and lead plaintiffs of its intention to pursue a stay in this matter, as well as the State of Ohio's position that it would be highly improper to turn over to *any* civil litigants the contents of Oh.Crim.R.16 discovery while that criminal case is ongoing. The undersigned has informed counsel for Jones, Dowling, and lead plaintiffs of the State of Ohio's position that doing so would significantly endanger the fairness and integrity of the state criminal case. Both counsel for Jones and Dowling and counsel for lead plaintiffs have separately indicated that they will oppose the State of Ohio's request for a stay of discovery in this case.

2. **The Court should permit the State of Ohio to intervene on a limited basis pursuant to Fed. R. Civ. P. 24(b)(1)(B).**

Federal Rule of Civil Procedure 24(b) permits intervention in a civil action when the motion is timely and the applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). If these two requirements are met, the court must "balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). For the reasons stated below, the State of Ohio satisfies the requirements for permissive intervention.

*First*, the State's motion to intervene is timely. The State of Ohio received notification on September 30, 2024 that the lead plaintiffs intended to use the civil

5

discovery in this case to obtain Oh. Crim.R.16 discovery items that the State provided to Jones and Dowling during state criminal proceedings. The State promptly notified counsel for lead plaintiffs as well as counsel for Jones and Dowling of its objections and has promptly filed the instant motion. Although counsel for lead plaintiffs and counsel for Jones and Dowling are likely to object and assert prejudice, the State submits that any prejudice caused by staying discovery in a federal civil case for monetary damages should not outweigh the damage caused by allowing federal civil litigants to interfere with an ongoing state criminal prosecution.

*Second*, it is well-established that the State of Ohio "may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common question of law and fact." *SEC v. Downe*, No. 92-cv-4092 (PKL), 1993 U.S. Dist. LEXIS 753, *42 (S.D.N.Y. Jan. 26, 1993); *see also SEC v. Abdallah*, 313 F.R.D. 59, 63 (N.D. Ohio 2016); *see generally SEC v. Nicholas*, 569 F.Supp.2d 1065, 1068 (C.D.Cal.2008) (collecting cases and explaining that "numerous courts have allowed the United States government to intervene in a civil case for the purpose of moving to stay discovery and other proceedings until resolution of a related criminal case."); *CFTC v. Giri,* No. 2:22-cv-03091, 2023 U.S. Dist. LEXIS 58837 (S.D.Ohio April 3, 2023) (allowing application by the State of Ohio for permissive intervention to seek a stay where common questions of law and fact existed between the parallel civil and criminal cases).

Permissive intervention is appropriate here because the criminal charges arise from the same set of facts and involve similar legal issues as this civil action. Specifically, both cases contain allegations about the same underling conduct;

6

namely, Jones and Dowling paid Randazzo $4.3 million in January 2019, shortly before his nomination to become the Chairman of the Public Utilities Commission of Ohio. In addition, both cases generally cover the same time period, and involve many of the same witnesses. As a result, the State of Ohio has "a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988).

Similarly, none of the parties in this case will adequately safeguard the State of Ohio's interest in ensuring that discovery in this case does not interfere with the state criminal proceeding or opposing an anticipated attempt to by federal civil litigants to overrule a state court criminal protective order. To be sure, the State of Ohio submits that such an attempt would not be appropriate. See *e.g. Ruszczyk v. Noor,* 349 F. Supp. 3d 754, 763 (D.Minn 2018) ("The expansive discovery permitted under the Federal Rules of Civil Procedure would likely put the parties in a position of litigating the propriety and scope of the Minnesota court's protective order and whether discovery can be obtained while it remained active. It is prudent for the Court to avoid such a dispute where possible.") Nevertheless, none of the parties in this case are situated to adequately defend either the primacy or integrity of the state criminal proceedings, or the validity of the state court's criminal protective order.

*Third and finally*, Plaintiffs and Jones and Dowling have consented to the State of Ohio's limited request to intervene for purposes of seeking a limited stay of the specific discovery items at issue below. Even if they had not consented to intervention, however, the parties' rights will not be unduly prejudiced by the State's

intervention because the state seeks only a limited stay of specific discovery that will interfere with the pending state criminal case. Therefore, considering the significant factual and legal overlap between the criminal proceeding and this civil action, the court should grant the State of Ohio's request to intervene under Fed. R. Civ. P. 24(b)(1)(B).

> **3. The Court should grant a limited stay of discovery because of the overlap between this case and the state criminal prosecution and because the benefits of a limited stay outweigh any prejudice to the parties.**

This case and the state criminal case against Jones and Dowling are significantly related such that it is in the interest of the parties, the courts, and the public to grant a limited stay of discovery until the conclusion of the criminal prosecution. Specifically, the State seeks to stay (1) the Plaintiffs' request that Jones and Dowling turn over state court criminal discovery items, and (2) Defendants Jones and Dowling's intention to depose witnesses Ebony Yeboah Amankwah, Robert Reffner, Josh Rubin, Brad Bingaman, Matthew Brakey, and Steven Staub.[4]

This Court has inherent authority to enter a limited stay in this civil action, deriving from the broader power inherent in every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). Consistent with that authority, "[f]ederal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to

---

[4] The State of Ohio has been informed that prosecution witness Dennis Chack has already been deposed. The State therefore has not sought a stay of discovery related to Chack.

8

require such action, sometimes at the request of the prosecution … sometimes at the request of the defense." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (collecting cases).

Courts in the Sixth Circuit commonly consider several factors to determine whether a stay of civil proceedings pending resolution of a parallel criminal matter is warranted, including the following: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the courts; and (6) the public interest. *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quotations omitted). For the reasons discussed below, each of these factors supports a stay in this case.

*Overlap between cases:* The "strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil administrative action involving the same matter." *SEC v. Blackwell*, Case No. 2:03-cv-00063, 2006 U.S. Dist. LEXIS 112705 (S.D. Ohio Feb. 22, 2006) (citing *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375–76 (D.C. Cir. 1980)). That principle supports the State of Ohio's request for a stay in this case. As discussed above, there is significant overlap between the conduct alleged in the state criminal indictment and the amended complaint in this case. Both allege violations of law based on the same conduct. As a result, both cases will involve many of the same issues, witnesses, and evidence.

9

*Status of the criminal case:* The criminal case has resulted in formal charges. The indictment was filed on February 9, 2024 and a supplemental indictment was filed on September 11, 2024. The Sixth Circuit has held that a stay of a civil case "is most appropriate where a party to the civil case has already been indicted for the same conduct" because the chances that a defendant will make incriminating statements is higher post-indictment and "the prejudice to the plaintiffs in the civil cases is reduced since the criminal case will likely be quickly resolved because of the Speedy Trial Act considerations." *E.M.A. Nationwide, Inc.*, 767 F.3d at 628 (quotations omitted). Like the federal government, the State of Ohio must adhere to statutory speedy trial requirements. Ohio Rev. Code §2945.71.

*Interests of the parties:* Despite their anticipated claims of prejudice, the State of Ohio submits that a stay of this civil case serves the interests of both the plaintiffs and the defendants. Moreover, any prejudice to these parties caused by the delay is minimal since the State of Ohio has not sought an indefinite stay and instead requested a limited stay of specific discovery items until the resolution of the criminal matter. In fact, the parties will likely benefit by the streamlining of issues in the civil matter that may be resolved by the criminal case.

Resolution of the criminal case will likely provide the civil parties greater ability to solicit meaningful deposition or trial testimony from witnesses in the criminal case. Indeed, counsel for lead plaintiffs has stated that going forward with depositions of key witnesses in this case would be fundamentally unfair because Jones and Dowling possess the contents of state Crim.R.16 discovery, whereas counsel for lead plaintiffs do not. Counsel for lead plaintiffs have argued that without

10

the benefit of the same information that Jones and Dowling already possess from the state criminal discovery, they cannot effectively depose these witnesses. The State of Ohio, however, simply cannot acquiesce to giving criminal investigative files from a pending criminal prosecution to *any* private civil litigant. Therefore, a stay would benefit lead plaintiffs because once the criminal case is concluded and the state court protective order is no longer in place, there will no longer be a valid reason for the State of Ohio to oppose release of these items. Lead plaintiffs can then depose witnesses with the benefit of the criminal discovery items they now seek.

Likewise, counsel for defendant Jones has argued that disclosing the contents of the state criminal discovery to the civil litigants in this case (along with the likelihood that elements of that criminal discovery will then become publicly available) will infringe upon his right to a fair trial in the state criminal proceeding. The State agrees with and supports defendant Jones' position. (See Exhibit 2, attached). Therefore, a limited stay of civil discovery in this case will benefit defendants Jones and Dowling by protecting the fairness and integrity of the state criminal proceedings.

It is anticipated that during the depositions of the witnesses described above, counsel for Jones and Dowling will seek to question the witnesses about the content of statements that they made to the Ohio Organized Crime Investigations Commission Task Force or to the state grand jury, and will do so for the primary reason of preparing their defense in the upcoming state criminal trial. The State of Ohio has an interest in ensuring that Jones and Dowling do not "expand rights of criminal discovery beyond the limits of" what Ohio law allows, however. *See*

11

*Blackwell*, 2006 U.S. Dist LEXIS 112705 at *6. To that end, even if a stay is not granted, the State would likely seek to limit the questions that Jones and Dowling may ask of witnesses that the State intends to call in its criminal prosecution. The State will have no such concerns, however, once the State of Ohio's prosecution has concluded.

*Interests of the courts:* A stay would serve the interests of the courts because it would be an efficient use of judicial resources and will both eliminate unfairness in the civil proceedings and potentially expedite the civil case. For example, the factual record developed at the criminal trial is likely to provide evidence and information highly probative to questions raised in the civil matter and, likewise, the resolution of the criminal prosecution is likely to "moot, clarify, or otherwise affect various contentions in the civil case," thereby streamlining the civil litigation when it resumes. *United States v. Mellon Bank, N.A.*, 545 F.2d 869, 873 (3d Cir. 1976); *see also United States ex rel. McCullough v. Colasante*, No. 1:10cv126-MCR/GRJ, 2014 U.S. Dist. LEXIS 201519, *4 (N.D. Fla. June 17, 2014) ("Judicial economy is also served by allowing the related criminal prosecution to proceed in advance of the overlapping civil litigation."). Moreover, any developments in the criminal case during the proposed stay may reduce, or completely resolve, the need to litigate certain issues in this matter. *See, e.g.*, *S.E.C. v. Blaszczak*, No. 17-cv-3919 (AJN), 2018 U.S. Dist. LEXIS 2289, *10 (S.D.N.Y. Jan. 3, 2018) ("The Criminal Case will resolve issues of fact common to the civil case and may reduce the number of issues to be decided in subsequent proceedings in this case."); *State Farm Lloyds v. Wood*, No. CIV A H-06-503, 2006 U.S. Dist. LEXIS 89566, *8 (S.D. Tex. Dec. 12, 2006) ("The

outcome of the criminal proceedings may guide the parties in settlement discussions and potentially eliminate the need to litigate some or all of the issues in this case.").

Counsel for lead plaintiffs argue that it would be unfair for them to conduct depositions of witnesses who have spoken to criminal investigators without having the same information about these witnesses that Jones and Dowling have acquired through criminal discovery. Any depositions of these witnesses, therefore, would be unfairly truncated and stacked in favor of Jones and Dowling due to the fact that Plaintiffs do not possess the information from the state criminal investigation that Jones and Dowling now possess. This could lead to the necessity of further depositions and discovery in this case once the state discovery material does become available following the conclusion of the criminal case.

*The public interest:* Just as a limited stay serves the lead plaintiffs' interests in this case, it also serves the public's interest since lead plaintiffs seek to enforce federal securities laws that are intended to benefit the public, such that "its interests and that of the public are intertwined in a civil enforcement action." SEC v. Abdullah, 313 F.R.D. 59, 64 (N.D. Ohio 2016). The alleged public corruption at the heart of this civil case has been described by a judge of this court as "striking at the foundation of all law," "unprecedented," and "the biggest public corruption case ever in Ohio history." *USA v. Householder,* S.D. Ohio No. 1:20-cr-00077, *Sentencing Transcript,* R. 285, PageID ## 11215, 11219.

Accordingly, the public has an interest in timely and effective criminal prosecutions and "the public interest in effective criminal prosecution generally outweighs any existing civil interests." *Giri,* 2023 U.S. Dist. LEXIS 58837 *at* *12–

13

13, citing *Abdullah,* 313 F.R.D. at 64; *see also Founding Church of Scientology v. Kelley,* 77 R.F.D. 378, 380 (D.D.C. 1977) ("[a]dministrative policy gives priority to the public interest in law enforcement"). More specifically, the public "has an interest in ensuring the criminal discovery process is not subverted." *Morris v. Am. Fed'n of State, Cnty. & Mun. Emps.*, No. 99 CIV. 5125 (SWK), 2001 U.S. Dist. LEXIS 1208, *5 (S.D.N.Y. Feb. 9, 2001). Put another way, "the public has an interest in ensuring that the criminal process can proceed untainted by civil litigation." *Chagolla v. City of Chicago,* 529 F. Supp. 2d 941, 947 (7th Cir.2008).

In this case, Jones and Dowling are clearly using the liberal federal civil discovery rules applicable in this case to circumvent the more restrictive rules governing state criminal prosecutions. A prosecution witness for the state has the right to refuse an extra-judicial, pre-trial interview, deposition, or examination by an agent of the defendant. *State v. Zeh*, 31 Ohio St.3d 99, syl.¶1 & 105 (1987). Thus, in *United States v. Rice*, the Fifth Circuit held that "[a]ll that a defendant is entitled to is *access* to a prospective witness." 550 F.2d 1364, 1374 (5th Cir. 1977) (emphasis in original). This right, however, exists co-equally with the witnesses' right to refuse to say anything. *United States v. Dryden,* 423 F.2d 1175, 1177 (5th Cir. 1970), *cert. den.* 398 U.S. 950 (1970). Aware of this restriction, however, Jones and Dowling have noticed multiple witnesses for deposition in this civil case who will also testify for the prosecution the upcoming state criminal trial. Joint Weekly Deposition Status Report, R.689, (noticing depositions of Ebony Yeboah Amankwah, Robert Reffner, Josh Rubin, Brad Bingaman, Matthew Brakey, and Steven Staub).

14

A stay is further justified because it is anticipated that civil litigants here will seek an order from this court overruling the state court criminal protective order. There is reason to doubt the power of a federal court to order disclosure of material governed by a protective order issued by a state court. *Ruszczyk*, 349 F. Supp. 3d at 763; *Harold v. W.Va. Div. Corr.,* No. 2:21-cv-00177, 2021 U.S. Dist. LEXIS 267540 at *3-4 (S.D.W.Va June 25, 2021); *Cup O'Dirt LLC v. Airtime,* No. 4:19-CV-04031-KES, 2020 U.S. Dist. LEXIS 16352, at *40-41 (D.S.D. Jan. 29, 2020); *Feinwachs v. Minn. Hosp. Ass'n,* No. 11-CV-8 (JRT/SER), 2018 U.S. Dist. LEXIS 25109, 2018 WL 882808, at *4 (D. Minn. Feb. 13, 2018); Whether federal courts may do so raises important questions about comity between state and federal courts and strikes at the heart of our federalist system of government. For that reason, federal courts have regularly sought to avoid addressing such questions "where possible". *Ruszczyk*, supra; *see also United States ex Rel. Woodard v. Tynan*, 776 F.2d 250, 251 (10th Cir. 1985); *Camiolo v. State Farm Fire & Casualty Co.*, 334 F.3d 345, 354–59 (3d Cir. 2003) (addressing secrecy of grand jury transcripts). The district court in *Ruszczyk*, for example granted a stay of discovery to avoid the need to litigate "the propriety and scope of [a state court's] protective order and whether discovery [could] be obtained while it remained active." *Ruszczyk*, 349 F. Supp. 3d at 763. The Court should do the same here. Here, as in that case, "it is prudent" for the Court to avoid the dispute by granting a brief, limited stay of specific discovery. *See id.*

The sixth public policy factor, therefore, weights in favor of the State of Ohio's request to stay specific discovery proceedings in this case.

In sum, each of the factors supports a stay in this matter because of the parallel state criminal prosecution against defendants Jones and Dowling.

### 4. Conclusion.

For the foregoing reasons, the State of Ohio's limited motion to intervene and limited stay of discovery specific proceedings should be granted. Until resolution of the state criminal case, the State of Ohio requests that the Court stay (1) the Plaintiffs' request that Jones and Dowling turn over state court criminal discovery items, and (2) Defendants Jones and Dowling's depositions of prosecution witnesses Ebony Yeboah Amankwah, Robert Reffner, Josh Rubin, Brad Bingaman, Matthew Brakey, and Steven Staub. If the state criminal matter is resolved prior to June 30, 2025, the State of Ohio will notify this Court via filing in this matter.

Dated: October 10, 2024         Respectfully submitted,

/s/ Matthew E. Meyer
Carol Hamilton O'Brien (0026965)
Deputy Attorney General
Matthew E. Meyer (0075253)
Principal Assistant Attorney General
Office of the Ohio Attorney General
30 E. Broad St., 17th Floor
Columbus, OH 43215
614-728-2333 *tel.*
carol.obrien@ohioago.gov *email*
matthew.meyer@ohioago.gov *email*

CERTIFICATE OF SERVICE

    A copy of the foregoing has been served by means of the court's electronic system on counsel of record for all parties in this case.

                                                  /s/ Matthew E. Meyer
                                                  Matthew E. Meyer (0075253)
                                                  Principal Assistant Attorney General