IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION, | No. 2:20-cv-03785-ALM-KAJ <br><br> **CLASS ACTION** <br><br> Judge Algenon L. Marbley <br> Magistrate Judge Kimberly A. Jolson <br> Special Master Shawn K. Judge |
| MFS Series Trust I, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FirstEnergy Corp., *et al.*, <br><br> Defendants. | Case No. 2:21-cv-05839-ALM-KAJ <br><br> Chief Judge Algenon L. Marbley <br> Magistrate Judge Kimberly A. Jolson <br> Special Master Shawn Judge |
| Brighthouse Funds Trust II – MFS Value Portfolio, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FirstEnergy Corp., *et al.*, <br><br> Defendants. | Case No. 2:22-cv-00865-ALM-KAJ <br><br> Chief Judge Algenon L. Marbley <br> Magistrate Judge Kimberly A. Jolson <br> Special Master Shawn Judge |

**POSITION STATEMENT OF DEFENDANTS CHARLES JONES AND MICHAEL DOWLING REGARDING DEPOSITIONS OF MATTHEW RICHLOVSKY AND SANTINO FANELLI[1]**

---

[1] Steve Staub, the third person identified by FirstEnergy as being in dispute, is a subject of the State of Ohio's Motion to Stay. Mr. Jones and Mr. Dowling are not seeking to schedule the deposition of Mr. Staub until that Motion has been resolved.

1

More than three months ago, on September 27, 2024, Defendant Charles E. Jones noticed the depositions of non-parties Matthew Richlovsky (FirstEnergy Director of Long-Term Financial Planning) and Santino Fanelli (FirstEnergy Director of Rates and Regulatory Affairs). Mr. Richlovsky's deposition is currently scheduled to take place on January 15 and 16, 2025. Mr. Fanelli's deposition had been scheduled for December 4 and 5, 2024, but was temporarily postponed along with several other depositions last year.

FirstEnergy does not dispute that both of these witnesses have highly relevant information. Nevertheless, FirstEnergy objects to Mr. Jones and Mr. Dowling's efforts to proceed with Mr. Richlovsky's deposition and to re-schedule Mr. Fanelli's deposition. According to FirstEnergy, the "information imbalance" caused by Mr. Jones and Mr. Dowling's access to confidential information produced in the Summit County criminal case prohibits them from deposing these FirstEnergy employees.

Neither Mr. Richlovsky nor Mr. Fanelli was interviewed by the State in connection with the criminal case. Neither individual has been subpoenaed, produced documents, or testified in connection with the criminal case. Simply put, Mr. Jones and Mr. Dowling received no information relating to Mr. Richlovsky or Mr. Fanelli in the criminal proceedings that creates an "imbalance" vis-à-vis FirstEnergy or any other party to this litigation. Since Mr. Richlovsky and Mr. Fanelli are current FirstEnergy Corp. employees represented by the same legal counsel, it is difficult to understand how FirstEnergy suffers from an information imbalance when it has unrestricted access to these individuals at any time.

Mr. Jones and Mr. Dowling believe that the entire concept of an "information imbalance" that prohibits them from deposing witnesses with information relevant to this case is misguided. Parties are required to take depositions all the time in the absence of perfect parity of information.

2

Indeed, FirstEnergy has at all times throughout this litigation been at a significant informational *advantage* by virtue of two internal investigations conducted by outside counsel that it claims are privileged. No party has suggested that depositions cannot proceed because the Company knows things as a result of those investigations that other parties do not know. Indeed, uncovering previously unknown information is the essential purpose of the discovery process.

Even if the discovery received in the criminal case could theoretically create an information imbalance with regard to some witnesses—which Mr. Jones and Mr. Dowling dispute—it cannot reasonably be argued that the depositions of individuals for whom no such criminal discovery was received should also be indefinitely stayed.

In early September 2024, Judge Marbley and Magistrate Judge Jolson instructed the parties to "engage in productive, good faith fact discovery." (ECF No. 684.) More recently, the Special Master specifically instructed Defendants to proceed with non-party depositions expeditiously. (12/12/2024 Tr. at 61, "Now, FirstEnergy, schedule one and take one quickly. You know, Ms. Israel, schedule one take and one. Mr. McCaffrey, schedule one and take one.") Mr. Jones and Mr. Dowling are attempting to do just that.

Mr. Richlovsky and Mr. Fanelli were specifically selected as the next two non-party depositions because they are not impacted by any purported information imbalance. There is no legitimate basis upon which FirstEnergy can object to these depositions proceeding. Mr. Jones and Mr. Dowling therefore respectfully request that the Court order Mr. Richlovsky's deposition to proceed as scheduled on January 15 and 16, 2025, and instruct FirstEnergy to cooperate in the scheduling of Mr. Fanelli's deposition at the earliest opportunity.

Respectfully submitted,

| | |
|---|---|
| /s/ Carole S. Rendon | /s/ John F. McCaffrey (with consent) |
| Carole S. Rendon (0070345) | John F. McCaffrey (0039486) |
| Daniel R. Warren (0054595) | John A. Favret (0080427) |
| Douglas L. Shively (0094065) | Hannah M. Smith (0090870) |
| Jeremy Steven Dunnaback (0098129) | TUCKER ELLIS LLP |
| Rachael L. Israel (0072772) | 950 Main Avenue - Suite 1100 |
| BAKER & HOSTETLER LLP | Cleveland, OH 44113 |
| 127 Public Square, Suite 2000 | 216-592-5000 |
| Cleveland, OH 44114-1214 | Fax: 216-592-5009 |
| 216-621-0200 | john.mccaffrey@tuckerellis.com |
| Fax: 216-696-0740 | john.favret@tuckerellis.com |
| crendon@bakerlaw.com | hannah.smith@tuckerellis.com |
| dwarren@bakerlaw.com | |
| dshively@bakerlaw.com | Dan K. Webb (admitted *pro hac vice*) |
| jdunnaback@bakerlaw.com | Steven Grimes (admitted *pro hac vice*) |
| risrael@bakerlaw.com | Matthew Durkin (admitted *pro hac vice*) |
| | WINSTON & STRAWN LLP |
| Albert G. Lin (0076888) | 35 W. Wacker Dr. |
| BAKER & HOSTETLER LLP | Chicago, IL 60601 |
| 200 Civic Center Drive, Suite 1200 | 312-558-5600 |
| Columbus, OH 43215 | Fax: 312-558-5700 |
| 614-228-1541 | dwebb@winston.com |
| Fax: 614-462-2616 | sgrimes@winston.com |
| alin@bakerlaw.com | m.durkin@winston, com |
| | |
| George A. Stamboulidis (admitted *pro hac vice*) | *Attorneys for Defendant Michael J. Dowling* |
| BAKER & HOSTETLER LLP | |
| 45 Rockefeller Plaza | |
| New York, NY 10111 | |
| 212-589-4211 | |
| Fax: 212-589-4201 | |

William S. Scherman (admitted *pro hac vice*)
VINSON & ELKINS LLP
2200 Pennsylvania Ave., NW, Suite 500 West
Washington, DC 20037
202-639-6500
Fax: 202-639-6604
wscherman@velaw.com

*Attorneys for Defendant Charles E. Jones*

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the CM/ECF system.

*/s/ Rachael L. Israel*
*Attorney for Defendant Charles E. Jones*
