**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) | No. 2:20-cv-03785-ALM-KAJ<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS | ) ) ) ) ) | Judge Algenon L. Marbley<br>Magistrate Judge Kimberly A. Jolson |

**ORDER**

Before the Court is non-party the Ohio Energy Leadership Counsel's (formally known as Industrial Energy Users-Ohio, and hereinafter referred to as "IEU-Ohio") Motion to Stay the Special Master's April 25, 2025, Order and Report and Recommendation (Doc. 790), and Plaintiffs'[1] Motion to Strike (Doc. 793).

Previously, Plaintiffs moved to compel IEU-Ohio to produce certain documents, alleging it failed to meet its initial burden to establish that any protection or privilege applies. (Doc. 718-1 at 6 (alleging IEU-Ohio's privilege logs are "devoid of basic (necessary) information and are comprised of conclusory assertions related to the mere financial terms of the agreement"); *see also* Doc. 718-3 (updated privilege log)). Following full briefing (Docs. 738, 742), Special Master Shawn K. Judge granted the Motion and ordered IEU-Ohio to "produce the documents highlighted in ECF No. 718-3 and all documents, including those identified in ECF No. 718-3, improperly

[1] "Plaintiffs" refers to Lead Plaintiff Los Angeles County Employees Retirement Association and Plaintiffs Amalgamated Bank, as Trustee for the LongView LargeCap 500 Index Fund, LongView Quantitative LargeCap Fund, LongView Broad Market 3000 Index Fund, LongView LargeCap 500 Index Fund VEBA, LV LargeCap 1000 Value Index Fund, LongView Quantitative MidCap Fund, LongView Quant LargeCap Equity VEBA Fund and LongView Core Plus Fixed Income Fund, City of Irving Supplemental Benefit Plan, and Wisconsin Laborers' Pension Fund. (*See* Doc. 718-1 at 6).

withheld on the basis of attorney-client privilege or work-product doctrine related to the undisclosed side agreement" by April 29, 2025. (Doc. 784 at 28; *see also id.* at 4–8). But on the due date, IEU-Ohio moved to stay the order and filed objections. (Docs. 790, 791).

IEU-Ohio objects to the Special Master's findings related to the crime-fraud exception. (Doc. 791). More specifically, IEU-Ohio challenges the Special Master's conclusion that Plaintiffs met their burden to show the crime-fraud exception applies to the documents at issue, and it argues that the Special Master failed to identify communications involved in a crime or fraud with enough specificity. (*Id.* at 10–15). It further contends that the crime-fraud exception does not apply because it is the victim, not the perpetrator, of the fraud. (*Id.* at 8–10). In sum, IEU-Ohio takes issue with the Special Master's discussion and determination of the facts. (*Id.* 8–15).

On first blush, where IEU-Ohio sees deficient findings, the Court sees the Special Master's concern for discretion. IEU-Ohio itself has taken pains to shield the documents. Indeed, not even the Special Master saw the bulk of them. It is not a stretch to imagine that IEU-Ohio would prefer less detailed, but legally sufficient, findings to protect its interests in the contents of the documents. A more detailed order by either the Special Master or this Court would, inherently, impede those interests. But apparently, as detailed in its objections, that is what IEU-Ohio wants. To fulfill that request, the Court necessarily must review the universe of documents.

Consequently, IEU-Ohio is **ORDERED** to submit all documents at issue in the Motion to the Court and the Special Master for *in camera* review. After reviewing the documents, the Court will decide whether to recommit the issue to the Special Master or to rule on IEU-Ohio's objections without the benefit of a supplemental order. IEU-Ohio is **ORDERED** to submit the documents for *in camera* review **on or before May 12, 2025**. This order serves as notice that the Court intends to engage in a specific and forthright analysis of the documents in ruling on IEU-Ohio's

objections. If the Court recommits this matter to the Special Master, the same will hold true. Should IEU-Ohio wish to withdraw its objections that challenge the Special Master's factual analysis, it is granted leave to do so. For now, the Court **STAYS** briefing on IEU-Ohio's objections.

On another note, IEU-Ohio failed to follow this Court's order regarding stays of the Special Master's discovery orders. In November 2023, the Court clarified objection procedures. (Doc. 576). Among other things, the Court ordered that a party must give the Special Master notice of a request to stay a discovery order contemporaneously with the briefing on the underlying motion. (*Id.*). This allows the Special Master to indicate in his discovery order whether the order is stayed upon filing or whether it becomes effective upon filing. (*Id.*). Nonetheless, IEU-Ohio omitted that notice in its response to the Motion. (*See* Doc. 738). What's more, IEU-Ohio failed to argue why good cause supports the Court allowing it to bring the request months late and on its ordered production deadline. (*See* Doc. 576 (stating that the Special Master's discovery orders are effective immediately upon being entered and remain in effect unless and until a party obtains a stay from the Court or the Court sustains an objection)); *see also* Fed. R. Civ. P. 16(b)(4).

Despite all this, because the Court has ordered IEU-Ohio to turn over the documents at issue for *in camera* review, IEU-Ohio gets what it attempted to procure with its procedurally deficient motion to stay: a delay. Said differently, the Court recognizes that this order operates as a *de facto* stay of the Special Master's order as it pertains to the Motion to Compel. But IEU-Ohio cannot contravene the Special Master's orders with creative motions practice. Consequently, if IEU-Ohio's objections are not sustained, the Court will consider imposing sanctions for failing to comply with the Special Master's discovery order.

Given the posture explained above, the Court **DIRECTS** the Clerk to terminate IEU-

Ohio's Motion to Stay (Doc. 790), and the Court **DENIES** Plaintiffs' motion to strike (Doc. 793).

IT IS SO ORDERED.

Date: May 7, 2025

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE