UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) | No. 2:20-cv-03785-ALM-KAJ |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | Judge Algenon L. Marbley |
| ALL ACTIONS. | ) ) | Magistrate Judge Kimberly A. Jolson |
| | ) | |

PLAINTIFFS' POST-REMAND POSITION STATEMENT

MURRAY MURPHY MOUL
 + BASIL LLP
JOSEPH F. MURRAY (0063373)
1114 Dublin Road
Columbus, OH 43215
Telephone: 614/488-0400
614/488-0401 (fax)
murray@mmmb.com


Liaison Counsel

ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com


Class Counsel

## I.    INTRODUCTION

Following extensive expert discovery, comprehensive briefing, and lengthy argument, Plaintiffs prevailed on their class certification motion.  Class Certification Order, ECF 435 at PageID 9781-831.  That was well over two years ago – in a case that has now been pending more than five years.  In response, FirstEnergy brought a "***narrow, two-issue*** interlocutory appeal of the class-certification order: (1) the district court's grant of class certification on Plaintiffs' Exchange Act claims against FirstEnergy; and (2) the district court's analysis of Plaintiffs' proposed classwide-damages methodology for their Exchange Act Claims."[1]  *In re FirstEnergy Corp. Sec. Litig.*, __F.4th__, 2025 WL 2331754, at *4 (6th Cir. Aug. 13, 2025).  All other aspects of the Court's Class Certification Order, which granted Plaintiffs' motion, went unchallenged and thus remain in full force.

As to both issues comprising FirstEnergy's "narrow" appeal, the Sixth Circuit's decision is unequivocal.  *Id.*  First, the Sixth Circuit "***emphasize[d]*** that we are issuing a ***limited*** remand" by "vacating the class-certification decision ***only to the extent*** that the district court applied *Affiliated Ute*."  *Id.* at *22.  Second, the only issue that requires any additional attention concerns Exchange Act damages, for which the Sixth Circuit directed this Court to demonstrate that it has conducted the "'rigorous'" analysis under *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013).  *FirstEnergy*, 2025 WL 2331754, at *24.  The Sixth Circuit did not reopen class certification, let alone class-certification discovery, briefing, or argument, so the only question is what, if anything, the parties can do to assist the Court.  To the extent any additional information would be helpful, Plaintiffs respectfully suggest the Court schedule an evidentiary hearing to be: (1) conducted within 30 days; and (2) focused on whatever witnesses and/or issues the Court identifies.  Most importantly, Plaintiffs respectfully urge the Court to set this case for trial and reject any further FirstEnergy delay tactics.

---

[1]    Unless otherwise noted, all emphasis is added and citations are omitted.

## II.     EXPRESSLY LIMITED REMAND

### A.     Class Certification Order Fully Intact, Except for *Affiliated Ute* Presumption and Exchange Act Damages

Regarding the first of FirstEnergy's "narrow, two-issue interlocutory appeal," there are no additional steps to be taken. *FirstEnergy*, 2025 WL 2331754, at *4. As if it anticipated FirstEnergy might try to wriggle out of its expressly limited remand, the Sixth Circuit explicitly left untouched this Court's holding that Plaintiffs are "'entitled to the *Basic* presumption of reliance even if *Affiliated Ute* were inapplicable.'" *Id.* at *22. Accordingly, the applicability of the *Basic* presumption and all other aspects of this Court's Class Certification Order, other than Exchange Act damages, remain in full force, including Plaintiffs' scheme and course-of-business claims (SEC Rules 10b-5(a) & (c) (17 C.F.R. §240.10b-5)), as Plaintiffs' Complaint and class certification motion explicitly included these claims (*see, e.g.*, Complaint, ECF 72 at PageID 1646 (¶270); Class Certification Mot., ECF 293-1 at PageID 6233), and ***FirstEnergy chose not to challenge certification of either claim in its opposition to Plaintiffs' motion or include them in its "Questions Presented" for review under Rule 23(f)***. *See* Class Certification Opp., ECF 339 at PageID 7161-231; 23(f) Petition, No. 23-0303, ECF 1-2 at Pages 12-13.

### B.     Damages Remand Is Limited to Court's Rigorous Analysis

The lone task on remand concerns the second of FirstEnergy's "narrow, two-issue interlocutory appeal." *FirstEnergy*, 2025 WL 2331754, at *4. Specifically, the Sixth Circuit limited its "remand [to] the application of *Comcast*'s 'rigorous analysis' to determine if Plaintiffs for their Exchange Act claims set forth a methodology for calculating damages on a classwide basis that is susceptible of measurement across the entire class and satisfies the predominance requirement of Rule 23(b)(3)." *Id.* at *24. The Sixth Circuit made clear that this is an undertaking for the Court, not the parties. Notwithstanding FirstEnergy's insatiable desire for delay, the Sixth Circuit did not reopen class-certification discovery, briefing, or argument. Instead, the remand is specifically, and

- 2 -

strictly, "for the district court to conduct a damages analysis under the proper standard set forth in *Comcast*." *Id*. at *25. Accordingly, the sole focus on remand is facilitating the Court's damages analysis – FirstEnergy's requests for more are an effort to rewrite the Sixth Circuit's opinion and create more delay by broadening the narrow remand. Plaintiffs respectfully urge the Court to reject this effort and follow the Sixth Circuit's remand as written.

## 1. Existing Record Is Sufficient

This is not a complex case from a damages perspective. Neither FirstEnergy nor its expert asserted that there were any confounding factors that contributed to its stock-price decline following the revelations concerning its misconduct. *See* Class Certification Opp., ECF 339 at Page ID 7161-231 & Marietta-Westberg Rpt., 339-5 at PageID 7464-513. Indeed, over the past several months, FirstEnergy itself has placed into the record testimony from multiple witnesses and many analyst reports uniformly confirming the initial revelations regarding FirstEnergy's misconduct as the only cause of its precipitous stock-price drop in July 2020. Eliminating non-company factors to quantify the precise amount of this stock-price drop attributable to FirstEnergy's misconduct (*i.e.*, the "Total Inflation") requires just a straight-forward application of an event study, as Plaintiffs' experts explained without any meaningful opposition. Class Certification Reply, ECF 346 at PageID 7674-677; Dalrymple Rpt., ECF 293-7 at PageID 6294-297, 6303-304; Jones Rpt., ECF 293-8 at PageID 6390-393, 6397-399. An event study, which involves a standard regression analysis, is universally regarded as a reliable way to determine Total Inflation. Class Certification Mot., ECF 293-1 at PageID 6238 (citing *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 280 (2014); *Willis v. Big Lots, Inc.*, 2017 WL 1074048, at *4 n.4 (S.D. Ohio Mar. 17, 2017). The Total Inflation largely comprises inflation due to FirstEnergy having turned into a criminal enterprise with hidden future costs, including lawsuit losses, fines, legal fees, as well as increased cost of capital, regulatory scrutiny, management turnover, and lower growth (*see, e.g.*, Complaint, ECF 72 at PageID 1632

- 3 -

(¶237)). FirstEnergy's conversion to a corrupt enterprise was complete no later than March 7, 2017, when FirstEnergy has confessed its co-conspirator (defendant Michael Dowling) executed its co-conspirators' (defendant Charles Jones and Larry Householder) agreement to kick off their corrupt relationship with an initial $250,000 payment to Householder's 501(c)(4) entity (to be followed shortly by another $750,000). Deferred Prosecution Agreement ("DPA"), ECF 259-5 at PageID 6015.

FirstEnergy's opposition largely conceded that Exchange Act damages for its common stock could be reliably measured on a classwide basis, and its opposition simply posited that the share-price inflation could have varied over time and asked how that variation would be measured. Class Certification Opp., ECF 339 at PageID 7189. The facts of this case combined with the methodologies Plaintiffs' experts described have already answered this question. *See, e.g.*, Class Certification Reply, ECF 346 at PageID 7682 & n.64; Jones Rbt. Rpt., ECF 346-2 at PageID 7738-739; Dalrymple Rbt. Rpt., ECF 346-3 at PageID 7750-752. For example, to the extent the success of FirstEnergy's confessed corruption, including the passage of HB6 on July 23, 2019 (Marietta-Westberg Rpt., ECF 339-5 at PageID 7477) and/or the closing of the "'Ohio hole'" on November 21, 2019 (DPA, ECF 259-5 at PageID 6041), contributed to the Total Inflation, the amount attributable to each "success" is readily ascertainable using the methodologies Plaintiffs' experts explained, including "fundamental valuation" techniques such as discounted cash flow ("DCF"). *See, e.g.*, Dalrymple Rpt., ECF 293-7 at PageID 6303 n.141; Dalrymple Depo. Tr., ECF 339-3 at PageID 7288-289 ("the value of a security is really grounded in future economic benefits"). Moreover, to simplify the jury's task, Plaintiffs will not seek damages attributable to any fractional inflation prior to the dates any such successes were achieved.

At bottom, this Court's recent analysis in *In re Upstart Holdings, Inc. Sec. Litig.*, 348 F.R.D. 612 (S.D. Ohio 2025), applies with even greater force here:

Plaintiffs' proposed methodology meets *Comcast*.  Plaintiffs have a single theory of § 10(b) liability: that [d]efendants [engaged in fraudulent conduct] that artificially inflated the price of [FirstEnergy] securities during the class period. . . . Plaintiffs propose the "out-of-pocket" methodology to calculate damages attributable to this theory of liability.  [Class Certification Reply, ECF 346 at PageID 7674-677; Dalrymple Rpt., ECF 293-7 at PageID 6303-304; Dalrymple Rbt. Rpt., ECF 346-3 at PageID 7748 n.7; Jones Rpt., ECF 293-8 at PageID 6397-399] . . . Because the [FirstEnergy] securities traded in efficient markets, artificial inflation at any given time can be calculated class-wide using event studies.  [Dalrymple Rbt. Rpt., ECF 346-3 at PageID 7748]  The formula requires individual inputs only as to transaction data, such as dates and prices for purchases and sale.  [Dalrymple Rpt., ECF 293-7 at PageID 6304]  Accordingly, Plaintiffs' "proposed measure for damages is . . . directly linked with their underlying theory of classwide liability" and therefore meets *Comcast*. *Tivity Health, Inc.*, 334 F.R.D. at 137 (quoting *Waggoner v. Barclays PLC*, 875 F.3d 79, 106 (2d Cir. 2017)). The out-of-pocket damages model "is the standard measurement of damages in Section 10(b) securities cases . . . *Comcast* did not change this." *Id.*

. . . Plaintiffs' expert notes that the evidence may show varied rates of artificial inflation and that, if so, the variance can be incorporate[d] into the damages model.  [Class Certification Reply, ECF 346 at PageID 7682 & n.64; Jones Rbt. Rpt., ECF 346-2 at PageID 7738-739; Dalrymple Rbt. Rpt., ECF 346-3 at PageID 7750-752]

*Id.* at 629-30.

## 2.    Any Additional Information the Court Needs

As outlined above, the existing record is more than adequate for the Court's *Comcast* analysis, but to the extent the Court has any specific questions, Plaintiffs would be happy to address them in writing or in an evidentiary hearing.  But any sort of party-driven briefing, or other form of litigation, would be inefficient, unproductive, and contrary to the Sixth Circuit's expressly "limited remand."

DATED:  September 4, 2025               Respectfully submitted,

                                        MURRAY MURPHY MOUL + BASIL LLP
                                        JOSEPH F. MURRAY, Trial Attorney (0063373)

                                                s/ Joseph F. Murray
                                        JOSEPH F. MURRAY

1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com

Liaison Counsel

ROBBINS GELLER RUDMAN
   & DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
JASON A. FORGE (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com
jforge@rgrdlaw.com

Class Counsel

4898-8347-9396.v2

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on September 4, 2025.  Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/ Joseph F. Murray
_____
JOSEPH F. MURRAY

4898-8347-9396.v2