IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
|  | : | Case No. 2:20-cv-3785 |
|  | : |  |
| *In re* FIRSTENERGY CORP. | : | Judge Algenon L. Marbley |
| SECURITIES LITIGATION | : |  |
|  | : | Magistrate Judge Kimberly A. Jolson |
|  | : |  |
|  | : |  |
|  | : |  |

**ORDER SETTING DATE FOR ORAL ARGUMENT**

This matter comes before this Court following a limited remand by the Sixth Circuit: (1) vacating class-certification to the extent that this Court applied the *Affiliated Ute* presumption of reliance; and (2) reversing class-certification as to Plaintiffs' Exchange Act claims and remanding for a rigorous analysis of Plaintiffs' proposed damages methodology under *Comcast*. *In Re FirstEnergy Corp. Sec. Litig.*, 149 F.4th 587, 620, 622 (6th Cir. 2025); ECF No. 839. This Court is now tasked with "further consideration" of class certification "under the standards set out in [that] opinion." *FirstEnergy*, 149 F.4th at 597.

Limited remands occur when an appellate court clearly conveys its intent to limit the scope of district court review. *See United States v. Franks*, 203 F. App'x 698, 701 (6th Cir. 2006); *United States v. Harris*, 2024 WL 2111496, at *2 (S.D. Ohio May 10, 2024). Both issues here fall under that category. First, the Sixth Circuit explicitly stated it was "issuing a limited remand" to vacate class-certification under *Affiliated Ute*. *FirstEnergy*, 149 F.4th at 620. Second, the remand for Exchange Act damages methodology was also limited, and therefore this Court's authority constrained, "to the issue or issues specifically articulated in the appellate court's order." *Monroe v. FTS USA, LLC*, 17 F.4th 664, 669 (6th Cir. 2021). The Sixth Circuit specified the parameters of this remand—it was "for the application of *Comcast*'s 'rigorous analysis'" in order to

"determine if Plaintiffs for their Exchange Act claims set forth a methodology for calculating damages on a classwide basis that is susceptible of measurement across the entire class and satisfies the predominance requirement of Rule 23(b)(3)." *Id.* at 601, 622.

Accordingly, this Court determines that further argument by the parties will help clarify consideration of the specific class certification issues remanded to this Court. The parties shall appear before the Court and address:

1. Class certification under the *Basic* presumption of reliance.

2. Whether, under *Comcast*, Plaintiffs have set forth a methodology for calculating damages on a classwide basis that is susceptible of measurement across the class and satisfies the predominance requirement of Fed. R. Civ. P. 23(b)(3).

This Court **ORDERS** each party to file a reference document identifying all portions of the record on which the party intends to rely in addressing these two issues, *supra*, no later than **October 23, 2025**.

This Court further **ORDERS** the parties appear for oral argument on these two issues in Courtroom 331 on **November 6, 2025, at 10:00 a.m.** at the U.S. District Court for the Southern District of Ohio, 85 Marconi Boulevard, Columbus, Ohio, 43215.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: October 14, 2025**