IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
|  | : | Case No. 2:20-cv-3785 |
|  | : |  |
| *In re* FIRSTENERGY CORP. | : | Judge Algenon L. Marbley |
| SECURITIES LITIGATION | : |  |
|  | : | Magistrate Judge Kimberly A. Jolson |
|  | : |  |
|  | : |  |
|  | : |  |

**SUPPLEMENTAL ORDER RE SCOPE OF ORAL ARGUMENT**

This matter comes before the Court following procedural questions raised by the parties to the Special Master regarding the October 14, 2025 Order (ECF No. 866) scheduling oral argument on the Sixth Circuit's limited remand for November 6, 2025.  The Special Master relayed these queries, and the Court answers seriatim:

1. Will the parties be permitted to use demonstratives?

No, the parties may not use demonstratives.  The parties may use "illustrative aids" such as slide decks or summary charts, but only to the extent that these aids present evidence or argument based on the class certification record as it existed at the time of the error that resulted in the Sixth Circuit's limited remand.  *See* Fed. R. Evid. 107 advisory committee's note to 2024 amendment ("An illustrative aid is any presentation offered not as evidence but rather to assist the trier of fact in understanding evidence or argument.  'Demonstrative evidence' is a term better applied to substantive evidence offered to prove, by demonstration, a disputed fact."); *see also United States v. Farias*, 147 F.4th 764, 772 (7th Cir. 2025) (suggesting illustrative aids under Fed. R. Evid. 107 "impart no independent evidentiary content and cannot make facts of consequence more or less likely"); *Anaheim Gardens v. United States*, 2025 WL 2555986, at *9 n.15 (Fed. Cl. Sept. 5, 2025).  Any illustrative aids that will be used must be submitted to all counsel of record,

with a courtesy copy sent to the Court on or before November 3, 2025.  The Court's courtesy copy of any illustrative aids shall be sent to the Court and the Court's Law Clerk, Mr. Maxwell Potluri, at:  marbley_chambers@ohsd.uscourts.gov & maxwell_potluri@ohsd.uscourts.gov

2. Will the parties be permitted to make an offer of proof?

No.  This hearing will be limited to consideration of the class certification record as it existed at the time of the error that resulted in the Sixth Circuit's limited remand.

3. Is there an overall time limit for argument, or a time limit for each side?

Each side (Plaintiffs and Defendants) shall have 30 minutes to present argument.  That time may be divided among the members of that side as they agree.  Plaintiffs shall present their argument first and may elect to reserve time for a rebuttal.  Defendants shall then present their argument.  Finally, Plaintiffs shall offer a rebuttal, if they elect to do so.

4. Is the Court of the view on remand that *Basic* applies?

This Court previously considered this case under both *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), and *Basic Inc. v. Levinson*, 485 U.S. 224 (1988).  On March 30, 2023, this Court determined that "*Affiliated Ute* would not be necessarily inapplicable even if this case were a mixed case of omissions and misstatements," and "conclude[d] . . . that the communications at issue [were] primarily omissions-based," and therefore applied *Affiliated Ute*. *In re FirstEnergy Corp. Sec. Litig.*, 2023 WL 2709373, at *20 (S.D. Ohio Mar. 30, 2023).  This Court then considered the *Basic* presumption and determined "Plaintiffs would be entitled to the *Basic* presumption of reliance even if *Affiliated Ute* were inapplicable." *Id.* at *20–22.  The Sixth Circuit clarified that this is a "mixed case that is primarily based on misrepresentations[,]" and thus "subject to analysis under *Basic*, not *Affiliated Ute*." *In re FirstEnergy Corp. Sec. Litig.*, 149 F.4th 587, 603 (6th Cir. 2025).

Accordingly, the parties shall be prepared to analyze class certification under only the *Basic* presumption of reliance and argue whether Plaintiffs have, as required by the Sixth Circuit in *FirstEnergy*, established:  "'(1) that the alleged misrepresentations were publicly known, (2) that they were material, (3) that the stock traded in an efficient market, and (4) that the plaintiff traded stock between the time the misrepresentations were made and when the truth was revealed.'" *Id.* at 602 (quoting *Haliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 268 (2014)).

5. Is a party prohibited from citing new law?

No.  The Court welcomes citations to any legal authority that a party believes would aid the Court in addressing the remanded issues.  The parties may argue how any legal authority applies to the evidence and expert opinions contained in the class certification record.

6. Is the "class certification record" list that the parties are to file confined to the record that was before the Court at the time of class certification?

Yes.  This hearing will be limited to consideration of the class certification record as it existed at the time of the error that resulted in the Sixth Circuit's limited remand.

**IT IS SO ORDERED.**

                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**DATED: October 23, 2025**