Case: 2:20-cv-03785-ALM-KAJ Doc #: 996 Filed: 04/08/26 Page: 1 of 65  PAGEID #: 25429

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

- - - - -

IN RE: FIRSTENERGY CORP        ) CIVIL ACTION NO.

SECURITIES LITIGATION  ) 2:20-cv-3785

)

)

THIS DOCUMENT RELATES TO:      )

ALL ACTIONS                    )

Remote Status Conference held before

Special Counsel Shawn Judge

Monday, April 6, 2026

11:03 a.m. EDT

Reporter:  Kristin Wegryn, RMR, CRR

Job No. 7781717

Page 2

REMOTE APPEARANCES:

    On behalf of Class Plaintiffs:
            JASON A. FORGE, ESQ.
            TING H. LIU, ESQ.
            RACHEL COCALIS, ESQ.
            LUCAS F. OLTS, ESQ.
            PETER KO, ESQ.
            MARK CONOVER, ESQ.
            JEREMY DANIELS, ESQ.
            HILARY STAKEM, ESQ.
            Robbins Geller Rudman & Dowd LLP
            655 West Broadway
            Suite 1900
            San Diego, California 92101
            619.231.1058
            jforge@rgrdlaw.com
            tliu@rgrdlaw.com
            rcocalis@rgrdlaw.com
            lolts@rgrdlaw.com
            pko@rgrdlaw.com
            mconover@rgrdlaw.com
            jdaniels@rgrdlaw.com
            hstakem@rgrdlaw.com
                    and
            CHRISTOPHER T. GILROY, ESQ.
            Robbins Geller Rudman & Dowd LLP
            420 Lexington Avenue
            Suite 1832
            New York, New York 10170
            212.432.5100
            cgilroy@rgrdlaw.com
                    and
            BRIAN K. MURPHY, ESQ.
            JOSEPH F. MURRAY, ESQ.
            Murray Murphy Moul + Basil LLP
            1114 Dublin Road
            Columbus, Ohio 43215
            614.488.0400
            murphy@mmmb.com

    On behalf of Defendant Dennis M. Chack:
            KAREN POHLMANN, ESQ.
            Morgan, Lewis & Bockius LLP
            1701 Market Street
            Philadelphia, Pennsylvania 19103
            215.963.5000
            karen.pohlmann@morganlewis.com

Page 3

REMOTE APPEARANCES:  (Continued)

On behalf of Defendant Leila L. Vespoli:
    AARON F. MINER, ESQ.
    Arnold & Porter
    250 West 55th Street
    New York, New York 10019
    212.836.7123
    aaron.miner@arnoldporter.com

On behalf of Direct Action Plaintiffs:
    MICHAEL J. MIARMI, ESQ.
    Lieff Cabraser Heimann & Bernstein, LLP
    250 Hudson Street
    8th Floor
    New York, New York 10013
    212.355.9500
    mmiarmi@lchb.com
       and
    RICHARD HEIMANN, ESQ.
    Lieff Cabraser Heimann & Bernstein, LLP
    275 Battery Street
    29th Floor
    San Francisco, California 94111
    415.956.1000
    rheimann@lchb.com

On behalf of Defendant FirstEnergy Corp:
    DAVID M.J. REIN, ESQ.
    ROBERT J. GIUFFRA, JR., ESQ.
    HILARY WILLIAMS, ESQ.
    BETH D. NEWTON, ESQ.
    Sullivan & Cromwell LLP
    125 Broad Street
    New York, New York 10004
    212.558.4000
    reind@sullcrom.com
    giuffrar@sullcrom.com
    williamsh@sullcrom.com
    newtonb@sullcrom.com

Page 4

REMOTE APPEARANCES:  (Continued)

On behalf of Defendant FirstEnergy Corp:
        MICHAEL KOSLEN, ESQ.
        FirstEnergy Service Company
        76 South Main Street
        Akron, Ohio 44308
        330.690.4496
        koslenm@firstenergy.com

On behalf of Defendant John Judge:
        EMILY J. TAFT, ESQ.
        Vorys, Sater, Seymour and Pease LLP
        52 East Gay Street
        Columbus, Ohio 43215
        614.464.5432
        ejtaft@vorys.com

On behalf of Defendant Donald R. Schneider:
        BRIAN P. O'CONNOR, ESQ.
        Santen & Hughes
        600 Vine Street
        Suite 700
        Cincinnati, Ohio 45202
        513.721.4450
        bpo@santenhughes.com
            and
        PRESTON BURTON, ESQ.
        WHITNEY ALCORN, ESQ.
        Orrick, Herrington & Sutcliffe LLP
        1152 15th Street NW
        Columbia Center
        Washington, D.C. 20005
        202.349.7958
        pburton@orrick.com
        walcorn@orrick.com

On behalf of Defendant Robert P. Reffner:
        JOHN C. FAIRWEATHER, ESQ.
        Brouse McDowell
        388 South Main Street
        Suite 500
        Akron, Ohio 44311
        330.535.5711
        jfairweather@brouse.com

```
                                                    Page 5

REMOTE APPEARANCES:  (Continued)
   On behalf of Defendant Charles E. Jones:
           CAROLE RENDON, ESQ.
           RACHAEL ISRAEL, ESQ.
           Baker & Hostetler LLP
           127 Public Square
           Suite 2000
           Cleveland, Ohio 44114
           216.621.0200
           crendon@bakerlaw.com
           risrael@bakerlaw.com
               and
           JONATHAN R. BARR, ESQ.
           Baker & Hostetler LLP
           1050 Connecticut Avenue NW
           Suite 1100
           Washington, D.C. 20036
           202.861.1534
           jbarr@bakerlaw.com

   On behalf of Defendant James E. Pearson:
           DAVID L. AXELROD, ESQ.
           JOSEPH J. BAILEY, ESQ.
           Ballard Spahr LLP
           1735 Market Street
           51st Floor
           Philadelphia, Pennsylvania 19103
           215.665.8500
           axelrodd@ballardspahr.com
           baileyj@ballardspahr.com

   On behalf of Defendant John Judge:
           ANDREW P. GURAN, ESQ.
           Vorys, Sater, Seymour and Pease LLP
           50 South Main Street
           Suite 1200
           Akron, Ohio 44308
           330.208.1000
           apguran@vorys.com
```

Page 6

REMOTE APPEARANCES:  (Continued)
    On behalf of Defendant Michael Dowling:
            STEVEN GRIMES, ESQ.
            Winston & Strawn, LLP
            35 West Wacker Drive
            Chicago, Illinois 60602
            312.558.3726
            sgrimes@winston.com
                 and
            JOHN MCCAFFREY, ESQ.
            Tucker Ellis LLP
            950 Main Avenue
            Suite 1100
            Cleveland, Ohio 44113
            216.696.2678
            john.mccaffrey@tuckerellis.com
    On behalf of Defendants Jason J. Lisowski,
    George M. Smart, Paul T. Addison, Michael J.
    Anderson, Steven J. Demetriou, Julia L.
    Johnson, Donald T. Misheff, Thomas N.
    Mitchell, James F. O'Neil III, Christopher D.
    Pappas, Sandra Pianalto, Luis A. Reyes, Jerry
    Sue Thornton, Leslie M. Turner, Steven E.
    Strah, and K. John Taylor:
            MARJORIE P. DUFFY, ESQ.
            Jones Day
            325 John H. McConnell Boulevard
            Suite 600
            Columbus, Ohio 43215
            614.281.3655
            mpduffy@jonesday.com
                 and
            GEOFFREY J. RITTS, ESQ.
            Jones Day
            North Point
            901 Lakeside Avenue
            Cleveland, Ohio 44114
            216.586.3939
            gjritts@jonesday.com
    On behalf of Underwriter Defendants:
            JOSHUA SHINBROT, ESQ.
            Davis Polk & Wardwell LLP
            450 Lexington Avenue
            11th Floor
            New York, New York 10017
            212.450.3976
            joshua.shinbrot@davispolk.com

Page 7

REMOTE APPEARANCES: (Continued)
   On behalf of Underwriter Defendants:
          DAVID S. BLOOMFIELD, JR., ESQ.
          HELEN M. FITE, ESQ.
          Porter, Wright, Morris & Arthur LLP
          41 South High Street
          Suite 2900
          Columbus, Ohio 43215
          614.227.2000
          dbloomfield@porterwright.com
          hfite@porterwright.com
                and
          ERIC M. KIM, ESQ.
          Davis Polk & Wardwell LLP
          450 Lexington Avenue
          11th Floor
          New York, New York 10017
          212.450.3976
          eric.kim@davispolk.com

ALSO PRESENT:
          Paul J. Schumacher, Esq.
          Chuck M. [as written]
          JAP [as written]
                - - - - -

Page 8

REPORTING REMOTELY FROM LORAIN COUNTY, OHIO

Monday, April 6, 2026, 11:03 a.m.

- - - - -

MR. JUDGE: Good morning, everyone. It's April 6th, 2026. We're here for an additional status conference in the FirstEnergy consolidated matters. We have at least three items on the agenda today, first of which being the dispute over Interrogatory Number 10 between FirstEnergy and the plaintiffs; the second being the -- what I'll call the Jones and Dowling state discovery materials; and the third being plaintiffs' request for a status -- or a case scheduling order that sets the trial date.

Mr. Forge, let's begin with Interrogatory Number 10. What additional comments do you have in addition to the papers that you've already submitted to me?

MR. FORGE: Well, the only thing I wanted to add, Mr. Special Master -- thanks for the opportunity -- is just to point out that FirstEnergy's position paper has no evidence whatsoever. No declaration, nothing. It is, it is simply signed by a lawyer with no personal knowledge whatsoever of these issues.

Page 9

So since their entire argument is based on the supposed complications of Jones Day -- a different firm -- determining what portion of their bills was for the internal investigation, there's really no excuse to have no evidence to support that, so I would urge you to just disregard it. It is, it is -- there's just no foundation for it whatsoever. It's also just inherently implausible. You know, there's -- there hasn't even been a representation that the same lawyers who worked on the internal investigation are the lawyers who have been defending this case.

I know from personal experience that, generally speaking, lawyers on internal investigations tend to be former criminal prosecutors or formal criminal defense lawyers, and Mr. Sozio of Jones Day would certainly fit that profile. He did virtually nothing in this case. It's -- frankly, it just -- it just smacks of a baseless excuse to say, oh, it's too difficult for us to say how much it costs. That's -- it's just not credible. And the lack of inherent credibility is buttressed by the fact that they have no evidentiary basis to make that

Page 10

claim.

I would also point out that even, even that argument, which is more than strained, it doesn't even apply to Squire Patton. It doesn't even make that argument as to, as to Squire Patton. So it's -- it really is one of those instances where the opposition is so weak, it actually strengthens our argument because they just don't have any sort of legitimate basis to oppose this.

The notion that, although, if we just tell you how long these investigations ostensibly lasted, that's enough. That doesn't, that doesn't say anything about the resources put into them. They could, they could have kept these investigations open -- I'm using air quotes there -- for three years and billed two hours. That doesn't, that doesn't help.

I mean, we have -- we put in our papers there are very substantive reasons. The most obvious one is -- we have been saying this for years -- that they deceived their outside auditors. The notion that Squire Patton, who represented -- and FirstEnergy represented that the investigation was complete in August of 2020.

Page 11

They're now too scared to tell us, well, when did it really end and how much did you spend on it over what period of time. To me, it just heightens the likelihood that there was a significant deception there. Because let's not forget, that deception was necessary for FirstEnergy to be able to file their 10-Q, you know, an SEC required filing.

So I know I'm starting to get into my -- get into our papers, but I'm happy to answer any questions you have about the relevance. I just think, you know, between all of the director decisions, the DPA, and the deception of PwC, this isn't a close call in terms of the admissibility of this information as far as the relevance. For discovery purposes, it's not even close to a close call.

MR. JUDGE: Thank you, Mr. Forge.

Just for -- so I'm sure that the record's clear, and so my understanding is clear, you mentioned that they were too scared to tell you the duration. That's -- the only part still in dispute is 10-C, the fee amount. The A and B, and the D and the E they had agreed to disclose already, correct?

Page 12

MR. FORGE:  They have agreed to.  They still haven't told us.

MR. JUDGE:  They haven't?

MR. FORGE:  Squire Patton.

And then, of course, again, without C, it's really hard to put any substance to the end date because we just don't know what resources were put into it over that time.  Because they could, theoretically, pick whatever end date they want if it's not tethered to actual billing.

MR. JUDGE:  Thank you.

Mr. Giuffra, are we -- on behalf of --

MR. GIUFFRA:  Yeah.  I was just going to say, Your Honor, no good deed goes unpunished. We've been to the Sixth Circuit on the attempts by plaintiffs to get into the Jones Day and Squire Patton investigations, and we prevailed there.

Even later, you know, Mr. Forge made other assertions and there was a second order that came down from the Sixth Circuit basically saying no.

But the bottom line is, we've agreed to give them -- and he just said, well, you don't know what was done, the start dates, the end

Page 13

dates, the number of lawyers involved, the number of non-lawyers involved.  The only issue is the similar amount.

Now, this is a securities case.  It's not a derivative case.  It's a securities case. It's been the offering -- it's about the statements that Jones -- that FirstEnergy made to the market.  And, candidly, our position is really a simple one.  This is just utterly irrelevant to anything in this case.  My understanding is that the Jones and Dowling criminal case, the investigations were excluded from the trial.

So we're not going to have a trial about the investigations in this case.  No one's putting the investigations at issue.  We've said we're not putting the investigations at issue. Mr. Forge, I guess, wants to try to put them at issue because he wants to bring a derivative case.  But the investigations are irrelevant to this securities case.  And I don't think Jones and Dowling are putting the investigations forward.  So this is irrelevant.

That being said, we've already given them the number of lawyers involved, the number

Page 14

of non-lawyers involved, when it started, when it ended. We're happy to give them that. We think that the amount of money that was paid is utterly irrelevant. It has nothing to do with this securities case, and we should stick with what's relevant in the case. And this is clearly a subject that the Sixth Circuit has been interested in. And Mr. Forge has wanted to get his -- to get under the tent on the investigations, and the Sixth Circuit has made it quite clear the answer is no.

And so, you know, I think we've made a reasonable proposal. We've tried to be cooperative. And, you know, no good deed goes unpunished. So I think we're prepared to give him this stuff within the next week or so for both investigations, give him everything he needs, the number of lawyers, the number of non-lawyers, the start and end dates. We just don't want to give -- we just don't think that the amount of fees is in any way relevant, and we don't think the investigations will come into a trial of this case, in any event. It's not relevant to anything.

MR. JUDGE: Thank you, Mr. Giuffra. I

Page 15

appreciate it.

Mr. Forge, any, any final words?

MR. FORGE:  I was going to say briefly regarding Mr. Giuffra's "no good deed goes unpunished" argument.  I've tried to think of a metaphor that would resonate with Mr. Giuffra.  I know he's a big golfer, and I thought, well, if Mr. Giuffra's, you know, heading to Florida for a golf trip and he ships his golf clubs and gets down there and he's paid for the gulf clubs, he has a legal right to his full set of golf clubs, and the transporter gives him a set with ten golf clubs instead of 14.  And he says, well, where are the rest of my golf clubs?

He goes, what?  No good deed goes unpunished.  I'm giving you ten golf clubs.  You should be thanking me.

He wouldn't accept that.  He would say I'm entitled to 14 golf clubs and you're not being generous by giving me, you know, less than what I'm entitled to.

So this is not a good deed and he's not being punished.  This is what they're obligated to provide, and that's really it.  The end of it.

MR. GIUFFRA:  I just will say I've never

Page 16

been in a case where this kind of information has been disclosed.  I'm impressed, although I'm not.

MR. FORGE:  I though you meant [unintelligible] by your golfing in Florida.

MR. JUDGE:  That's a strange metaphor there, Mr. Forge, but I understand the overall point.

Thank you both.  I'll take the matter under advisement.  I'm out of town today.  I'm traveling tomorrow.  I'll be back in the office on Wednesday and hope to issue written decisions in every matter we talk about today.

I can tell you preliminarily -- although, you know, it's just where my research this morning has led me.  And based on the papers and the arguments today, I do find some relevance here.  You know, arguably, I understand FirstEnergy's point, but I think that key to me is -- you know, the relevance is because it goes to an issue not necessarily raised in the case but may be raised in the case.  And I'm not going to ask Jones and Dowling or anyone else to disclose their trial strategy or their theory of the case.  But, to me, it's clear that the amount at least provides context to the length and scope

Page 17

of the investigation.

The Sixth Circuit has shut down any inquiry into the investigation itself, but that's based on privileged grounds. They didn't find it to be relevant. They found it to be privileged. There's no indication that this -- the amount is privileged. In fact, the case law says it's not here. So unless I find something between now and when I'm writing this up, I'm going to order disclosure.

Thank you both for your arguments.

Mr. Forge, I believe you're going to speak to the Jones and Dowling state court materials?

MR. FORGE: Yes. I mean, you know, technically, as you know, Mr. Special Master, there's a stay still in effect regarding a number of depositions. We -- plaintiffs -- noticed some of those depositions, understanding that we still have to clear it with you before taking them. Now, we did that at a time while the state trial was ongoing and under the assumption that we'd be getting all of the materials at the conclusion of the trial. Now, unfortunately, it resulted in a mistrial, so that was a, you know, miscalculation

Page 18

in terms of what information we would have.  So the information in balance, which is largely derived from the investigative materials -- and, actually, it's gotten a little bit worse because now Jones and Dowling have the grand jury transcript of Ebony Yeboah-Amankwah.  They didn't have that before.  So she was the one person who they said, well, she hadn't been interviewed, so we don't have an interview of her.  Well, now they have her grand jury transcript.  So they have her grand jury transcript and they have the recorded interviews of many other witnesses.  So we still have a significant information imbalance.

Now, of course, they've also had the luxury of cross-examining many of these witnesses.  Ms. Yeboah-Amankwah, for example, they cross-examined for much longer than the nine hours they'd be entitled to in this case.

The other two individuals who we noticed were Matthew Brakey and Mark Hayden.  They had a full opportunity to cross-examine those individuals, as well.  And, believe me, having watched the state court trial, there were no limitations on the amount of time they could

Page 19

spend with these individuals.

So the information imbalance has only gotten worse, you know. So I don't know what, what you had in mind. I know they're not producing those documents to us. I don't -- I mean, I'm just being practical. I don't anticipate we would -- plaintiffs would succeed in getting an order kind of overriding the state court. I know that Judge Marbley certainly has -- he has the authority to do that. There's no question about that. But I'm just trying to be practical here.

And we have to also keep in mind this issue is somewhat, is somewhat intertwined with the scheduling order. I don't see a way around staying this case as to Jones and Dowling. I just -- I don't see how we can move this case to a conclusion on -- you know, in any sort of practical schedule, given their seemingly endless criminal trials. I mean -- and I should say, theoretically, endless criminal trials.

They now have the retrial in the state court case tentatively set for mid-September. As we know, the last state court trial effectively stayed most of the discovery in this case for the

better part of six months. We can't afford that again. And then when that one's done, then they have their federal criminal trial.

So that would theoretically mean, you know, practical stays of this litigation for upwards of one year. We just can't do that. And the reality is, they're using these depositions to prepare their criminal defense. Everybody knows that. I mean, it's just -- it's silly to say otherwise. And so, because of that, with them in this case, we wind up with many depositions that don't really need to be taken. And every deposition takes twice as long as it needs to take.

So I think the most practical way forward in dealing with these issues regarding the materials, dealing with the scheduling order is to stay this case regarding Jones and Dowling. Stay the case regarding Jones and Dowling and then revert to a one -- a presumption of one day for each deposition, not the two days. That will enable us -- I am very confident -- to finish fact discovery by the end of August.

The materials that they're still withholding, and which they withheld -- and I'm

Page 21

going to remind, in violation of Judge Marbley's order, that's a finding that's already been made in this case.  Those materials wouldn't matter when we're litigating this case among the non-Jones and Dowling parties because there would be no information imbalance.  We would all lack that information.  So it would be a level playing field and a fair fighting for the rest of us.

On the Jones and Dowling front, in terms of the stay, there's so many things that have to happen to get them to trial in this case that I don't think the risk of having to do very few depositions twice.  And the reason why I think it would be very few is, as I've indicated, they've already cross-examined a number of these individuals who were the subject of the stay before.  They're going to cross-examine them and others again or for the first time in the next state court trial.  They're going to cross-examine still others in the federal trial. There were some witnesses they cross-examined in this state trial who we didn't even have the opportunity to cross-examine because of their privilege assertions.

So let's say, let's say they're

Page 22

convicted in the state case or they're convicted in the federal case.  Either one, they're likely to wind up in prison.  They're likely to face clawback litigation and no more payment of their attorneys' fees.  There are all sorts of evidentiary issues with trying them in our case with FirstEnergy.  We've discussed that before. I'm not bringing something up that hasn't previously been flagged.

So we'd be talking about a state criminal trial, a federal criminal trial, and a federal civil trial against FirstEnergy, all of which would have to be completed before we could even talk about a civil trial against Jones and Dowling.

So to me -- and, in the meantime, they will have cross-examined many of these witnesses. And if all the stars align and there's still to be a civil trial against them, there would be very limited need for them to be deposing additional witnesses.  And if there is that limited need, they'd be one-day depositions and we could get through them quickly.

So that's, that's my way of wrapping these two issues together, because I don't think

Page 23

you can deal with the materials without looking at the scheduling order and vice versa. It's the one way -- there's no prejudice to Jones and Dowling. They have absolutely no right to use the civil discovery for their criminal defense. In fact, they're prohibited from doing so.

They -- no one is suggesting that they would ever be taken to trial in this civil case without having, you know, a full opportunity for discovery. I'm not suggesting that at all. So there's no prejudice to them whatsoever. We know there's prejudice to what they have done.

Chief -- then-Chief Judge Marbley said it, talked about the unique, unique prejudice that plaintiffs would face if they didn't have access to documents that have already been produced in governmental proceedings.

We know this is all of their own making. It was a violation of Judge Marbley's order. They're perpetuating that violation. They've now admitted -- in Ms. Israel's email, they've perpetuated that violation because now she's acknowledged that they have materials that were produced in the state case not admitted at trial, therefore, not produced to us, but not covered by

Page 24

the protective order, yet they're withholding those.  And this goes back -- I'll have to think of a different analogy.  Maybe -- you know, maybe four tires or something, getting three out of your four tires when you take your car in to get the tires rotated.

But this is the same practice of trying to be magnanimous by offering to give us what we're entitled to.  You told them way over a year ago it was a violation of Judge Marbley's order to not give us that, that information.  And what do they do now on the heels of a criminal trial? They tell you they're withholding documents, documents that they're entitled to produce under the protective order of the state case.  But they're withholding them.  They're using them as a bargaining chip.

So, look, it's never going to end with them.  They have themselves convinced that they can justify violating the order.  They can justify making misrepresentations to you.  And, again, I see them on their Zoom calls, so I'm obligated to disclose again that, at the December 18th, 2025, hearing, Mr. McCaffrey waited until everything was done.  He asked for special

Page 25

permission and then proceeded to make the following misrepresentation to you: I want to correct something because I just don't want the record to be unclear on this. Mr. Forge made the argument that Mr. Dowling produced records after the PSLRA was lifted. He was referring to the PSLRA discovery stay was lifted. That is not true.

You will see that in our submission, once the PSLRA was lifted by Judge Marbley, we did not produce any further documents. That was a -- I'm going to try to stay away from any adverbs -- or as many pejorative adverbs as I can. That was a misrepresentation. They produced supplemental discovery on March 25th, 2022, which was after the discovery stay was lifted; April 28th, 2022, after the discovery stay was lifted; September 30th, 2022, after the discovery stay was lifted; November 27th, 2023, after the discovery stay was lifted.

And the fact that he is making that -- he slipped up and made that misrepresentation when I could hear him. But he referred to, you will see in our submission, that's the ex parte submission that we didn't see. So the fact that

Page 26

he's making misrepresentations in ex parte submissions, number one, it demonstrates why these -- there shouldn't be ex parte submissions. But, number two, it demonstrates they're just not to be trusted.

Ms. Israel is taking the position that they don't have an obligation to produce these documents. July 18th, 2023, this production contains documents responsive to lead plaintiffs' first request for documents. That's the request that Judge Marbley ordered. That is the request that concerns documents provided by governmental entities. They -- it's been well established. There's no question about it there's an obligation.

They've just convinced themselves -- because their clients are facing imprisonment -- that they can run roughshod over the rules, that they can run roughshod over the facts, and that it's somehow justified because they want to keep their clients out of prison. It doesn't justify it. It doesn't justify it. It's not appropriate. And the fact that they're still doing it while there's a -- while you're still considering sanctions against them.

Page 27

So their best -- they're supposed to be on their best behavior, and yet in December, we have Mr. McCaffrey making a misrepresentation. And, in April, we have Ms. Israel acknowledging that they're still violating the order.  And, obviously, Mr. Dowling is also still violating the order for the state materials.

It just, it just never ends with them. And we need to move this case forward without the misrepresentations, with compliance with the rules, with compliance with your orders and Judge Marbley's orders.  And I'm open to any other suggestions about how to do it, but I think the most efficient way to do it is to stay these proceedings as to them and move forward with everybody else.

MR. JUDGE:  Thank you, Mr. Forge.

Mr. Giuffra, I'm going to come back to you in a minute.  I want to hear from Jones' and Dowling's counsel.  I know I may have caught you off guard, but I want to hear your response to the suggested stay.

Counsel with Jones and Dowling, Ms. Rendon, Ms. Israel, Mr. McCaffrey, who is speaking?

Page 28

MS. ISRAEL:  I'll speak on behalf of Mr. Jones.

MR. JUDGE:  Okay.

MS. ISRAEL:  Special Master, this is the same issue that is pending before you right now. This is not an issue that has been resolved by you.

So as -- you know the history, and a lot of what Mr. Forge said is just not accurate or not true.  But we have -- on behalf of Mr. Jones and I believe Mr. Dowling, we have maintained for well over a year now that there has been no violation of any federal order that results from the Criminal Rule 16 discovery that we received in the state case.

And those arguments as to why there was never a violation of Judge Marbley's order remain pending before you.  In July of last year, Judge Marbley recognized that there is no final order requiring the production of these materials. Rather, he said that, that he understood that the issue remained before you and that you intended to issue further rulings.  And so he declined at that time, on July 15th, to consider our objection.  And that objection was based on the

Page 29

possibility that you had already decided these materials needed to be produced, and Judge Marbley put that issue off.

So this is the issue that's before you. It's been before you. Our position is well documented in the ex parte in camera submission. And we are not continuing to violate any order. There is no order other than the one that we've complied with, which is to submit the stuff to you in camera, which we have done.

I'm not sure what Mr. Forge is referencing when he says that I just admitted that we're continuing to violate an order. It's just not true. There's no such admission.

With regard to the request that this litigation be stayed against Jones and Dowling only, we would strenuously object to that. We are already in a position where numerous witnesses have died or been diagnosed with terminal illnesses in the five years since these -- six, almost six years since these events took place. A stay as to our clients only would unfairly prejudice their ability to defend themselves in this litigation, which is what we're trying to do in this litigation.

MR. JUDGE:  But, Ms. Israel, doesn't that same argument that evidence is becoming stale, evidence is being lost, witnesses are dying, witnesses, et cetera, are unavailable, argue why the federal court should puncture the state court protective order, order disclosure of the materials and get proceeding with full discovery in this case?

MS. ISRAEL:  Well, I think those are two separate issues.  One, we agree that discovery can and should go forward in this case.

We believe that we could ask the Judge to -- we could, we could seek clarification on Wednesday from the Judge regarding the status of her protective order.  Okay?  And so -- but the case is still pending.  So, as of right now, everything that was designated as confidential in that case remains confidential in that case.

Now, this information imbalance, it's not just a Jones and Dowling issue.  Okay? FirstEnergy was present at numerous witness interviews.  They had lawyers there.  They took notes.  There's, there's nothing special about Jones and Dowling as far as the information imbalance goes.  And it's certainly not a luxury

Page 31

for our clients to be prosecuted and tried for criminal conduct, which they deny.  They -- you know, as you know, they pled not guilty.

So, you know, whether this court, this federal court wants to overrule or puncture, as you say, a state court protective order, we don't believe that that's appropriate.  And we've, I think, briefed why we don't think that's appropriate.  We're happy to do it again and take it to Judge Marbley.  But the fact is, is there is an order.

And, you know, Mr. Forge seems to treat Judge Baker Ross as if she's not a legitimate judge by referencing her rubber-stamping or referencing -- calling her a county judge repeatedly.  She is a fully elected and valid state court judge in the state of Ohio and she does not deserve the disrespect that Mr. Forge has been throwing her way.

And her orders require compliance by my client and by Mr. Dowling.  And just as they're bound by the federal court's order, these are legitimate invalid orders, and we are doing our best to try to, you know, navigate this situation.  But the truth is, is that these

materials are still subject to an order.  The case is still pending.  We are as disappointed as anyone that we had a hung jury and that this case will be retried, but it is not something that Jones and Dowling have control over.

We didn't ask to be named defendants in this case, nor did we ask to be criminally prosecuted.  If Mr. Forge believes that Jones and Dowling's involvement in this case is impeding his ability to go forward, then he is welcome to dismiss us.  Okay?  The likelihood that he is going to get a personal judgment against Mr. Jones or Mr. Dowling in this federal securities litigation I think is much less than the likelihood that he could take all of the depositions he wants to take with the millions of pages of documents and transcripts that are available to him.  He has the daily transcripts from the entire trial.  He has all the exhibits from the trial, and there's no reason why he can't move forward with discovery in this case.

MR. JUDGE:  Thank you, Ms. Israel.  I appreciate it.  I would also appreciate it if Thursday you could provide me an update on the status conference.

Page 33

MS. ISRAEL:  I'd be happy to.

MR. JUDGE:  Yeah.  Thank you.

Mr. McCaffrey, any additional comments?

MR. MCCAFFREY:  I'd just join with the comments that Ms. Israel made in objecting to any sort of a stay.

Your honor -- or Mr. Special Master, the allegations in the securities litigation are much broader than the allegations that we defended against in the criminal trial, so trying to exclude us from any discovery in the securities litigation would be wholly unfair.  The two are not identical in terms of the allegations that we face.

With respect to the false statements that Mr. Forge wants to continue to accuse me of, he left out the -- there was an additional communication putting into context my statement which he continues to mischaracterize.  My colleague, John Favre -- I'm out of town right now, Mr. Special Master, but he's prepared to address Mr. Forge's statements, but I don't know if the Special Master wants to hear all of that in this proceeding.

But, you know, we've addressed this

Page 34

issue.  He continues to throw out, you know, allegations of false statements being made by not just me but other counsel on this, on this Zoom call.  And he does so, you know, just with impunity and it's just not true.

MR. JUDGE:  Thank you, Mr. McCaffrey.

Mr. Giuffra, any thoughts on the proposed stay and bifurcated proceedings?

MR. GIUFFRA:  Yeah.  We would be opposed to the bifurcated proceedings.  At a minimum, there needs to be a briefing on that, Mr. Jones, the former CEO of FirstEnergy.  And there's been no discussion about the PSLRA and how it works, but there were provisions in the PSLRA talking about, you know, proportion of liability.  And I don't know how that would work out if he were not present at the trial.

I mean, I understand Mr. Forge's frustration with the speed of the case.  It's a complicated case.  You've got these criminal trials that have gone on.  There may be a second one.

And, obviously, you know, Jones and Dowling have every right under our constitution to fight the case.  They haven't been convicted

Page 35

of any crimes yet, as far as I know.  And so I think we just need to sort of let the process play out normally.

MR. JUDGE:  All right.  I appreciate that.

Thank you, everyone.

MR. GIUFFRA:  Again, I want to say one thing.  If we're going to go down this road, we would want to have the opportunity to brief the question because it raises lots of issues under the PSLRA that would --

MR. JUDGE:  I'm sure I understand.  I mean, we've -- we covered this a little bit almost probably a year ago, but I understand. The request for a stay is noted.  I'm taking that under advisement.

As I indicated, I'm on vacation today, traveling tomorrow, and back in the office on Wednesday.  I won't have a completed decision on the Jones and Dowling state court materials done by Thursday, but I should have a framework or at least most of the decision ready so I can get it out early next week.  If I'm able to, and I think it prudent, I will announce it Thursday.

That matter is taken under advisement,

Page 36

as well as the request for a stay. If the request for a stay gains some traction in my mind, I am going to order additional briefing on it. But, at this point, I think let's wait and see how the discovery evidentiary issues come out and whether we need a stay or not.

Mr. Forge, any other issues that we need to address today?

MR. FORGE: Yes. I would like to discuss a scheduling order, which is, again, somewhat intertwined here. And I do also want to discuss the three depositions that have been noticed, but they're technically still stayed.

MR. JUDGE: Before -- we can discuss them today. I would say both of those are sort of contingent on the resolution of the issues today, the first two issues regarding Jones and Dowling. I mean, a scheduling order -- a complete scheduling order is going to be very problematic, as Mr. Giuffra pointed out in his emails from Argentina the other day.

We have the cert decision coming from Judge Marbley soon, then we're going to have -- either side, we're going to have a likely appeal. And, you know, it would -- I find it problematic

Page 37

to set a trial date.  Although, I am in discussions with Judge Marbley's chambers regarding the case schedule and their thoughts on it, as well.  We could talk about it today, but that may be premature at the moment.

MR. FORGE:  Okay.  Well, the only thing that -- the seed I want to plant on that front --

MR. JUDGE:  Yeah.

MR. FORGE:  -- there are -- we can take this case to trial without regard to what happens in the class certification issue.  We have, we have -- there was a separate case brought by the direct action plaintiffs.  And we have multiple plaintiffs in our case.  There's -- it happens all the time in these cases.  There are trial dates set before the class is certified, before there's final resolution about that.  And, as we know, class certification orders can always be revisited.

So there's no impediment to setting a trial date.  And we can commit to going forward on that trial date irrespective of the class certification, the resolution of the class certification.  Even if that means opt-out plaintiffs and one of the plaintiffs in the class

case, so be it. That would have a collateral estoppel effect against FirstEnergy. It would result in a lot of efficiencies.

So it's important to keep in mind that we don't have to have the class certification issues fully resolved before trial to go forward on trial on all of the issues in this case because they're all the same. So that should not be an impediment.

Regarding these depositions, unless we can get a confirmation that Jones and Dowling are going to be excluded from these depositions -- I know I'm not going to have the documents in time. Even if you, even if you order them to be produced on Monday, they'll -- they won't produce them. They'll file an objection.

MR. JUDGE: When is the first depo schedule for?

MR. FORGE: I think it's the end of April.

MR. JUDGE: Okay.

MR. FORGE: So, you know, we noticed these. I'm -- as I said in my email, I'm not going to be complicit in them using this case for their criminal trial proceedings, so we're going

to withdraw our notices.  If they want to, if they want to issue their own notices and schedule these depositions, so be it, but we're not, we're not going to do it.  You know, we're going to focus on fair fight depositions.  And once we have a fair fight, so be it.  If we don't, then I'd take this case to trial next week.

It -- you know, it's unfortunate that we have -- plaintiffs have consistently had to sacrifice what we're entitled to under the rules. But, at this point, I'm balancing prejudices. Like, what is the greater prejudice?  Is the greater prejudice from the -- you know, more delay, or is the greater prejudice from moving forward with incomplete discovery?

And, at this point, particularly seeing how close this jury came to convicting them beyond a reasonable doubt on just a sliver of the evidence, a sliver of the evidence -- and they were a whisker away from being convicted -- on a sliver of the evidence that we have in this case, at this point, I think the prejudice of additional delay is greater.

So, for me, we're going to make our record, but we don't want anything to stop this

case moving forward to trial.  And whatever that means, whatever that takes in terms of the sacrifices that we have to make, we're going to make them because -- I'm just not going to allow these discovery disputes to stop our march to trial to the extent we're allowed to get on march to trial.

So just so everybody knows, we are not moving forward with these depositions and we're not going to move -- we're not going to be noticing depositions with Jones and Dowling participating unless and until this information imbalance has been rectified.

MR. JUDGE:  Thank you, Mr. Forge.

MS. ISRAEL:  Mr. Judge, may I make a statement on the record, address a couple things?

MR. JUDGE:  Very, very briefly.

MS. ISRAEL:  Okay.

I just wanted to reiterate our request that any order that you do issue with regard to these materials be stayed pending objections.  I know Mr. Forge referenced that.  I am -- this is not gamesmanship.  This is our ability to defend our clients and seek review where appropriate.

On the issue of confidentiality,

Page 41

Mr. Forge also previously suggested that we had not been honest with the state court about the amended protective order in this case and the fact that now that loophole has been closed, it's not true.  The state court judge is fully apprised of everything that's happened in this federal case.

In addition, the loophole is not closed because there is no way that we could -- Jones and Dowling could designate the interview materials in particular or any of the criminal discovery as confidential under the protective order in this case as it's written because it doesn't constitute commercial material or any of the other -- as you know, the state -- the protective order only protects from disclosure of material protected by statute or common-law, including confidential personal information, medical or psychiatric information, trade secrets, personnel records, or other sensitive commercial information that is not publicly available.

So none of this or very little of this criminal rule discovery -- Rule 16 discovery would fall within the definition of confidential,

Page 42

which means that any party to this case or any nonparty seeking this material from a party in this case could challenge its designation as confidential, which means that the loophole is not closed.

And so we do need to continue to protect Mr. Jones' and Mr. Dowling's rights to a fair trial. And this is why we are doing what we're doing, to protect their rights, not to be obstructionists.

I also want to mention that, you know, Mr. Forge continuously states as if it is a matter of black-letter law that a civil party cannot use discovery that could help them in another criminal case. That's not what the law says. All of the cases that have been cited by plaintiffs and the other parties -- I believe the state, as well -- involved cases where criminal defendants are affirmatively filing litigation or affirmatively filing claims for the purpose of obtaining discovery that they could not get in the criminal case.

That is not the situation here. Our clients are defendants. Our clients are entitled

Page 43

to defend themselves in this civil litigation, and we are entitled to the same scope of discovery as any other party which is governed by Rule 26.

And all the discovery that we have sought to take in this case and will seek to take in this case are relevant to the claims and defenses of the parties in this case.  Okay.  So there is no blanket prohibition just because we happen to be criminal defendants that we cannot engage in discovery.  Okay.  So that's just not a true statement of the law.  There is absolutely nothing improper about Jones and Dowling pursuing their rights in this case.

And I just want to be clear that Mr. Forge is withdrawing the notice with regard to Ms. Yeboah-Amankwah, Mr. Hayden, and Mr. Brakey because we do have people preparing for those depositions.  I'm sure others on this call are, as well.  And so if those are formally withdrawn, I just wanted to make that crystal clear.

MR. JUDGE:  Mr. Forge, those were the three deponents you were referencing, correct?

MR. FORGE:  That's correct.

Page 44

And just to be crystal clear, unless those depositions are limited to one day where Jones and Dowling cannot ask questions -- I would go forward with them if they're not allowed to ask questions. Yeah, unless that happens, that's right, we're withdrawing.

MR. JUDGE: Thank you.

Direct action plaintiffs, I don't want to exclude you to the extent you have a dog in this fight. Any comments?

MR. HEIMANN: Richard Heimann here, Mr. Judge.

My focus is on the scheduling order, which I gather, from what has been said so far, it's not going to be the subject of further discussion today. But we're very anxious that a scheduling order be entered regardless of the status of the class certification matters.

MR. JUDGE: I understand. Thank you.

MR. GIUFFRA: And, Mr. Judge, if I could say one thing.

FirstEnergy would be vehemently opposed to the idea of trying opt-out cases before a class action. That would raise all sorts of due process of other issues that would need to be

sorted through.  And I think it's important. Like, we have to do the case in stages.  Let's see what happens with the class cert, then an appeal.  And that's the way this -- you know, to sway other cases like this to go forward.

I know that Mr. Forge would like to have the case yesterday, tried yesterday, but it's just not possible, given the complexities that we're dealing with, including, you know, criminal trials of the principal individual defendant.

MR. JUDGE:  Thank you, Mr. Giuffra.

Thank you, everyone for your time.  I'll take the issues under consideration and issue a decision accordingly.

Let's go off the record.

THE REPORTER:  Off the record.

(Hearing concluded at 11:49 a.m.)

- - - - -

Case: 2:20-cv-03785-ALM-KAJ Doc #: 996 Filed: 04/08/26 Page: 46 of 65  PAGEID #: 25474

Page 46

CERTIFICATE

The State of Ohio,     )
                       )          SS:
County of Cuyahoga.    )

I, Kristin Wegryn, a Notary Public within and for the State of Ohio, duly commissioned and qualified, do hereby certify that the discussion was by me reduced to stenotypy, afterwards transcribed, and that the foregoing is a true and correct transcription of the discussion given.

I do further certify that this conference was taken remotely at the time and place in the foregoing caption specified and was completed without adjournment.  I do further certify that I am not a relative, counsel or attorney for either party, or otherwise interested in the event of this action.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my seal of office at Cleveland, Ohio, on this 7th day of April 2026.

_____
Kristin Wegryn, RMR, CRR
Notary Public State of Ohio
Commission expiration:  July 23, 2028

Veritext Legal Solutions
www.veritext.com                                      888-391-3376

**[& - 655]**

| & | 2 | 216.621.0200 5:5 | 420 2:14 |
|---|---|---|---|

**&** 2:6,14,23 3:3 3:7,11,17 4:11 4:15 5:3,8 6:3 6:23 7:3,8

**1**

**10** 8:9,16 11:7 11:23
**10004** 3:18
**10013** 3:8
**10017** 6:24 7:9
**10019** 3:4
**10170** 2:15
**1050** 5:8
**1100** 5:9 6:7
**1114** 2:19
**1152** 4:16
**11:03** 1:14 8:2
**11:49** 45:17
**11th** 6:24 7:9
**1200** 5:20
**125** 3:18
**127** 5:4
**14** 15:13,19
**15th** 4:16 28:24
**16** 28:14 41:24
**1701** 2:23
**1735** 5:14
**1832** 2:15
**18th** 24:24 26:8
**1900** 2:7
**19103** 2:24 5:15

**2**

**2000** 5:4
**20005** 4:17
**20036** 5:9
**202.349.7958** 4:17
**202.861.1534** 5:10
**2020** 10:25
**2022** 25:16,17 25:18
**2023** 25:19 26:8
**2025** 24:24
**2026** 1:14 8:2,5 46:16
**2028** 46:25
**212.355.9500** 3:9
**212.432.5100** 2:16
**212.450.3976** 6:25 7:10
**212.558.4000** 3:19
**212.836.7123** 3:4
**215.665.8500** 5:15
**215.963.5000** 2:24
**216.586.3939** 6:20

**216.621.0200** 5:5
**216.696.2678** 6:8
**2232** 46:23
**23** 46:25
**250** 3:3,7
**25th** 25:15
**26** 43:4
**275** 3:11
**27th** 25:19
**28th** 25:17
**2900** 7:4
**29th** 3:12
**2:20** 1:4

**3**

**30th** 25:18
**312.558.3726** 6:4
**325** 6:15
**330.208.1000** 5:21
**330.535.5711** 4:23
**330.690.4496** 4:4
**35** 6:3
**3785** 1:4
**388** 4:21

**4**

**41** 7:4
**415.956.1000** 3:13

**420** 2:14
**43215** 2:19 4:8 6:16 7:5
**44113** 6:8
**44114** 5:5 6:20
**44308** 4:4 5:20
**44311** 4:22
**450** 6:23 7:8
**45202** 4:12

**5**

**50** 5:19
**500** 4:22
**513.721.4450** 4:13
**51st** 5:14
**52** 4:7
**55th** 3:3

**6**

**6** 1:14 8:2
**600** 4:11 6:15
**60602** 6:4
**614.227.2000** 7:5
**614.281.3655** 6:16
**614.464.5432** 4:8
**614.488.0400** 2:20
**619.231.1058** 2:8
**655** 2:7

**[6th - assertions]** Page 2

| | | | |
|---|---|---|---|
| **6th** 8:5 | **action** 1:4 3:6 37:13 44:8,24 46:14 | **affixed** 46:15 | **anxious** 44:16 |
| **7** | **actions** 1:6 | **afford** 20:1 | **apguran** 5:21 |
| **700** 4:12 | **actual** 12:10 | **agenda** 8:8 | **appeal** 36:24 45:4 |
| **76** 4:3 | **actually** 10:8 18:4 | **ago** 24:10 35:14 | **appearances** 2:1 3:1 4:1 5:1 6:1 7:1 |
| **7781717** 1:25 | **add** 8:20 | **agree** 30:10 | **apply** 10:4 |
| **7th** 46:16 | **addison** 6:10 | **agreed** 11:24 12:1,23 | **appreciate** 15:1 32:23,23 35:4 |
| **8** | **addition** 8:17 41:8 | **air** 10:16 | **apprised** 41:6 |
| **8th** 3:8 | **additional** 8:6 8:16 22:21 33:3,17 36:3 39:23 | **akron** 4:4,22 5:20 | **appropriate** 26:23 31:7,9 40:24 |
| **9** | **address** 33:22 36:8 40:16 | **alcorn** 4:15 | **april** 1:14 8:2,5 25:17 27:4 38:20 46:16 |
| **901** 6:19 | **addressed** 33:25 | **align** 22:18 | **argentina** 36:21 |
| **92101** 2:8 | **adjournment** 46:12 | **allegations** 33:8,9,13 34:2 | **arguably** 16:17 |
| **94111** 3:12 | **admissibility** 11:15 | **allow** 40:4 | **argue** 30:5 |
| **950** 6:7 | **admission** 29:14 | **allowed** 40:6 44:4 | **argument** 9:1 10:3,5,8 15:5 25:5 30:2 |
| **a** | **admitted** 23:21 23:24 29:12 | **amankwah** 18:6,17 43:17 | **arguments** 16:16 17:11 28:16 |
| **a.m.** 1:14 8:2 45:17 | **adverbs** 25:13 25:13 | **amended** 41:3 | **arnold** 3:3 |
| **aaron** 3:2 | **advisement** 16:9 35:16,25 | **amount** 11:23 13:3 14:3,21 16:24 17:6 18:25 | **arnoldporter....** 3:5 |
| **aaron.miner** 3:5 | **affirmatively** 42:20,21 | **analogy** 24:3 | **arthur** 7:3 |
| **ability** 29:23 32:10 40:23 | | **anderson** 6:11 | **asked** 24:25 |
| **able** 11:7 35:23 | | **andrew** 5:18 | **assertions** 12:20 21:24 |
| **absolutely** 23:4 43:12 | | **announce** 35:24 | |
| **accept** 15:18 | | **answer** 11:10 14:11 | |
| **access** 23:16 | | **anticipate** 19:7 | |
| **accurate** 28:9 | | | |
| **accuse** 33:16 | | | |
| **acknowledged** 23:23 | | | |
| **acknowledging** 27:4 | | | |

**[assumption - case]**

**assumption** 17:22

**attempts** 12:15

**attorney** 46:13

**attorneys** 22:5

**auditors** 10:23

**august** 10:25 20:23

**authority** 19:10

**available** 32:18 41:22

**avenue** 2:14 5:8 6:7,19,23 7:8

**axelrod** 5:12

**axelrodd** 5:16

**b**

**b** 11:23

**back** 16:10 24:2 27:18 35:18

**bailey** 5:13

**baileyj** 5:16

**baker** 5:3,8 31:13

**bakerlaw.com** 5:6,6,10

**balance** 18:2

**balancing** 39:11

**ballard** 5:13

**ballardspahr....** 5:16,16

**bargaining** 24:17

**barr** 5:7

**based** 9:1 16:15 17:4 28:25

**baseless** 9:21

**basically** 12:21

**basil** 2:18

**basis** 9:25 10:9

**battery** 3:11

**becoming** 30:2

**behalf** 2:2,22 3:2,6,15 4:2,6 4:10,20 5:2,12 5:18 6:2,10,22 7:2 12:12 28:1 28:10

**behavior** 27:2

**believe** 17:12 18:23 28:11 30:12 31:7 42:17

**believes** 32:8

**bernstein** 3:7 3:11

**best** 27:1,2 31:24

**beth** 3:17

**better** 20:1

**beyond** 39:18

**bifurcated** 34:8 34:10

**big** 15:7

**billed** 10:17

**billing** 12:10

**bills** 9:4

**bit** 18:4 35:13

**black** 42:13

**blanket** 43:9

**bloomfield** 7:2

**bockius** 2:23

**bottom** 12:23

**boulevard** 6:15

**bound** 31:22

**bpo** 4:13

**brakey** 18:21 43:18

**brian** 2:17 4:10

**brief** 35:9

**briefed** 31:8

**briefing** 34:11 36:3

**briefly** 15:3 40:17

**bring** 13:19

**bringing** 22:8

**broad** 3:18

**broader** 33:9

**broadway** 2:7

**brought** 37:12

**brouse** 4:21

**brouse.com** 4:23

**burton** 4:14

**buttressed** 9:24

**c**

**c** 4:20 11:23 12:5

**cabraser** 3:7,11

**california** 2:8 3:12

**call** 8:11 11:14 11:17 34:4 43:20

**calling** 31:15

**calls** 24:22

**camera** 29:6,10

**candidly** 13:8

**caption** 46:12

**car** 24:5

**carole** 5:2

**case** 8:13 9:13 9:20 13:4,5,5 13:10,12,15,20 13:21 14:5,6 14:23 16:1,20 16:21,24 17:7 18:19 19:16,17 19:23,25 20:11 20:18,19 21:3 21:4,11 22:1,2 22:6 23:8,24 24:15 27:9 28:15 30:8,11 30:16,18,18 32:2,3,7,9,21 34:19,20,25 37:3,10,12,14

**[case - consolidated]** Page 4

38:1,7,24 39:7
39:21 40:1
41:3,7,13 42:1
42:3,15,23
43:6,7,8,14
45:2,7
**cases** 37:15
42:16,19 44:23
45:5
**caught** 27:20
**center** 4:16
**ceo** 34:12
**cert** 36:22 45:3
**certainly** 9:18
19:9 30:25
**certificate** 46:1
**certification**
37:11,18,23,24
38:5 44:18
**certified** 37:16
**certify** 46:8,11
46:13
**cetera** 30:4
**cgilroy** 2:16
**chack** 2:22
**challenge** 42:3
**chambers** 37:2
**charles** 5:2
**chicago** 6:4
**chief** 23:13,13
**chip** 24:17
**christopher**
2:13 6:12

**chuck** 7:13
**cincinnati** 4:12
**circuit** 12:15,21
14:7,10 17:2
**cited** 42:16
**civil** 1:4 22:12
22:14,19 23:5
23:8 42:13
43:1
**claim** 10:1
**claims** 42:21
43:7
**clarification**
30:13
**class** 2:2 37:11
37:16,18,22,23
37:25 38:5
44:18,24 45:3
**clawback** 22:4
**clear** 11:20,20
14:11 16:24
17:20 43:15,22
44:1
**clearly** 14:6
**cleveland** 5:5
6:8,20 46:16
**client** 31:21
**clients** 26:17,21
29:22 31:1
40:24 42:25,25
**close** 11:14,17
11:17 39:17
**closed** 41:4,8
42:5

**clubs** 15:9,10
15:11,13,14,16
15:19
**cocalis** 2:3
**collateral** 38:1
**colleague** 33:20
**columbia** 4:16
**columbus** 2:19
4:8 6:16 7:5
**come** 14:22
27:18 36:5
**coming** 36:22
**comments** 8:17
33:3,5 44:10
**commercial**
41:14,21
**commission**
46:25
**commissioned**
46:8
**commit** 37:21
**common** 41:17
**communication**
33:18
**company** 4:3
**complete** 10:25
36:19
**completed**
22:13 35:19
46:12
**complexities**
45:8
**compliance**
27:10,11 31:20

**complicated**
34:20
**complications**
9:2
**complicit** 38:24
**complied** 29:9
**concerns** 26:12
**concluded**
45:17
**conclusion**
17:23 19:18
**conduct** 31:2
**conference**
1:10 8:6 32:25
46:11
**confident** 20:22
**confidential**
30:17,18 41:12
41:18,25 42:4
**confidentiality**
40:25
**confirmation**
38:11
**connecticut** 5:8
**conover** 2:5
**consider** 28:24
**consideration**
45:13
**considering**
26:25
**consistently**
39:9
**consolidated**
8:7

**[constitute - defendants]** Page 5

**constitute** 41:14

**constitution** 34:24

**contains** 26:9

**context** 16:25 33:18

**contingent** 36:16

**continue** 33:16 42:6

**continued** 3:1 4:1 5:1 6:1 7:1

**continues** 33:19 34:1

**continuing** 29:7,13

**continuously** 42:12

**control** 32:5

**convicted** 22:1 22:1 34:25 39:20

**convicting** 39:17

**convinced** 24:19 26:16

**cooperative** 14:14

**corp** 1:4 3:15 4:2

**correct** 11:25 25:3 43:24,25 46:9

**costs** 9:22

**counsel** 1:10 27:20,23 34:3 46:13

**county** 8:1 31:15 46:5

**couple** 40:16

**course** 12:5 18:15

**court** 1:1 17:13 18:24 19:9,23 19:24 21:19 30:5,6 31:4,5,6 31:17 35:20 41:2,5

**court's** 31:22

**covered** 23:25 35:13

**credibility** 9:24

**credible** 9:23

**crendon** 5:6

**crimes** 35:1

**criminal** 9:16 9:17 13:12 19:20,21 20:3 20:8 22:11,11 23:5 24:12 28:14 31:2 33:10 34:20 38:25 41:11,24 42:15,19,23 43:10 45:9

**criminally** 32:7

**cromwell** 3:17

**cross** 18:16,18 18:22 21:15,17 21:20,21,23 22:17

**crr** 1:21 46:24

**crystal** 43:21 44:1

**cuyahoga** 46:5

**cv** 1:4

**d**

**d** 3:17 6:12 11:24

**d.c.** 4:17 5:9

**daily** 32:18

**daniels** 2:5

**date** 8:14 12:7 12:9 37:1,21 37:22

**dates** 12:25 13:1 14:19 37:16

**david** 3:15 5:12 7:2

**davis** 6:23 7:8

**davispolk.com** 6:25 7:10

**day** 6:14,18 9:2 9:18 12:16 20:20 22:22 36:21 44:2 46:16

**days** 20:21

**dbloomfield** 7:6

**deal** 23:1

**dealing** 20:16 20:17 45:9

**deceived** 10:22

**december** 24:23 27:2

**deception** 11:5 11:6,13

**decided** 29:1

**decision** 35:19 35:22 36:22 45:14

**decisions** 11:13 16:11

**declaration** 8:23

**declined** 28:23

**deed** 12:14 14:14 15:4,15 15:22

**defend** 29:23 40:23 43:1

**defendant** 2:22 3:2,15 4:2,6,10 4:20 5:2,12,18 6:2 45:10

**defendants** 6:10,22 7:2 32:6 42:19,25 43:10

**[defended - ebony]** Page 6

defended 33:9
defending 9:13
defense 9:17 20:8 23:5
defenses 43:8
definition 41:25
delay 39:14,23
demetriou 6:11
demonstrates 26:2,4
dennis 2:22
deny 31:2
depo 38:17
deponents 43:24
deposing 22:20
deposition 20:13,21
depositions 17:18,19 20:7 20:12 21:13 22:22 32:16 36:12 38:10,12 39:3,5 40:9,11 43:19 44:2
derivative 13:5 13:19
derived 18:3
deserve 31:18
designate 41:10
designated 30:17

designation 42:3
determining 9:3
diagnosed 29:19
died 29:19
diego 2:8
different 9:3 24:3
difficult 9:22
direct 3:6 37:13 44:8
director 11:12
disappointed 32:2
disclose 11:24 16:23 24:23
disclosed 16:2
disclosure 17:10 30:6 41:16
discovery 8:12 11:16 19:25 20:23 23:5,10 25:7,15,16,17 25:19,20 28:14 30:8,10 32:21 33:11 36:5 39:15 40:5 41:12,24,24 42:14,22 43:3 43:5,11

discuss 36:10 36:12,14
discussed 22:7
discussion 34:13 44:16 46:8,10
discussions 37:2
dismiss 32:11
dispute 8:9 11:23
disputes 40:5
disregard 9:7
disrespect 31:18
district 1:1,1
division 1:2
document 1:6
documented 29:6
documents 19:5 23:16 24:13,14 25:11 26:8,9,10,12 32:17 38:13
dog 44:9
doing 23:6 26:24 31:23 42:8,9
donald 4:10 6:11
doubt 39:18
dowd 2:6,14

dowling 6:2 8:11 13:11,22 16:22 17:13 18:5 19:16 20:18,19 21:5 21:9 22:15 23:4 25:5 27:6 27:23 28:11 29:16 30:20,24 31:21 32:5,13 34:24 35:20 36:18 38:11 40:11 41:10 43:13 44:3
dowling's 27:20 32:9 42:7
dpa 11:13
drive 6:3
dublin 2:19
due 44:24
duffy 6:14
duly 46:7
duration 11:22
dying 30:4

**e**

e 5:2,12 6:13 11:24
early 35:23
east 4:7
eastern 1:2
ebony 18:6

edt 1:14
effect 17:17 38:2
effectively 19:24
efficiencies 38:3
efficient 27:14
either 22:2 36:24 46:13
ejtaft 4:9
elected 31:16
ellis 6:6
email 23:21 38:23
emails 36:21
emily 4:6
enable 20:22
ended 14:2
endless 19:19 19:21
ends 27:8
engage 43:11
entered 44:17
entire 9:1 32:19
entities 26:13
entitled 15:19 15:21 18:19 24:9,14 39:10 42:25 43:2
eric 7:7
eric.kim 7:10
esq 2:2,3,3,4,4 2:5,5,6,13,17

2:18,22 3:2,6 3:10,15,16,16 3:17 4:2,6,10 4:14,15,20 5:2 5:3,7,12,13,18 6:2,6,14,18,22 7:2,3,7,13
established 26:13
estoppel 38:2
et 30:4
event 14:23 46:14
events 29:21
everybody 20:8 27:16 40:8
evidence 8:22 9:5 30:2,3 39:19,19,21
evidentiary 9:25 22:6 36:5
ex 25:24 26:1,3 29:6
examine 18:22 21:17,20,23
examined 18:18 21:15,21 22:17
examining 18:16
example 18:17
exclude 33:11 44:9

excluded 13:12 38:12
excuse 9:5,21
exhibits 32:19
experience 9:14
expiration 46:25
extent 40:6 44:9

**f**

f 2:4,18 3:2 6:12
face 22:3 23:15 33:14
facing 26:17
fact 9:24 17:7 20:23 23:6 25:21,25 26:23 31:10 41:4
facts 26:19
fair 21:8 39:5,6 42:7
fairweather 4:20
fall 41:25
false 33:15 34:2
far 11:15 30:24 35:1 44:14
favre 33:20
federal 20:3 21:20 22:2,11 22:12 28:13 30:5 31:5,22

32:13 41:7
fee 11:23
fees 14:21 22:5
field 21:8
fight 34:25 39:5,6 44:10
fighting 21:8
file 11:7 38:16
filing 11:8 42:20,21
final 15:2 28:19 37:17
find 16:16 17:4 17:8 36:25
finding 21:2
finish 20:22
firm 9:3
first 8:8 21:18 26:10 36:17 38:17
firstenergy 1:4 3:15 4:2,3 8:6 8:10 10:24 11:7 13:7 22:7 22:12 30:21 34:12 38:2 44:22
firstenergy's 8:22 16:18
firstenergy.c... 4:5
fit 9:18
fite 7:3

**five** 29:20
**flagged** 22:9
**floor** 3:8,12 5:14 6:24 7:9
**florida** 15:8 16:4
**focus** 39:5 44:13
**following** 25:2
**foregoing** 46:9 46:12
**forge** 2:2 8:15 8:19 11:18 12:1,4,19 13:18 14:8 15:2,3 16:3,6 17:12,15 25:4 27:17 28:9 29:11 31:12,18 32:8 33:16 36:7,9 37:6,9 38:19,22 40:14 40:22 41:1 42:12 43:16,23 43:25 45:6
**forge's** 33:22 34:18
**forget** 11:6
**formal** 9:17
**formally** 43:20
**former** 9:16 34:12
**forward** 13:23 20:16 27:9,15

30:11 32:10,21 37:21 38:6 39:15 40:1,9 44:4 45:5
**found** 17:5
**foundation** 9:8
**four** 24:4,5
**framework** 35:21
**francisco** 3:12
**frankly** 9:20
**front** 21:9 37:7
**frustration** 34:19
**full** 15:11 18:22 23:9 30:7
**fully** 31:16 38:6 41:5
**further** 25:11 28:23 44:15 46:11,12

**g**

**gains** 36:2
**gamesmanship** 40:23
**gather** 44:14
**gay** 4:7
**geller** 2:6,14
**generally** 9:15
**generous** 15:20
**geoffrey** 6:18
**george** 6:10

**getting** 17:23 19:8 24:4
**gilroy** 2:13
**giuffra** 3:16 12:12,13 14:25 15:6,25 27:18 34:7,9 35:7 36:20 44:20 45:11
**giuffra's** 15:4,8
**giuffrar** 3:20
**give** 12:24 14:2 14:15,17,20 24:8,11
**given** 13:24 19:19 45:8 46:10
**gives** 15:12
**giving** 15:16,20
**gjritts** 6:21
**go** 30:11 32:10 35:8 38:6 44:4 45:5,15
**goes** 12:14 14:14 15:4,15 15:15 16:19 24:2 30:25
**going** 12:13 13:14 15:3 16:21 17:9,12 21:1,17,19 24:18 25:12 27:18 32:12 35:8 36:3,19

36:23,24 37:21 38:12,13,24,25 39:4,4,24 40:3 40:4,10,10 44:15
**golf** 15:9,9,11 15:12,14,16,19
**golfer** 15:7
**golfing** 16:4
**good** 8:4 12:14 14:14 15:4,15 15:22
**gotten** 18:4 19:3
**governed** 43:3
**governmental** 23:17 26:12
**grand** 18:5,10 18:11
**greater** 39:12 39:13,14,23
**grimes** 6:2
**grounds** 17:4
**guard** 27:21
**guess** 13:18
**guilty** 31:3
**gulf** 15:10
**guran** 5:18

**h**

**h** 2:3 6:15
**hand** 46:15
**happen** 21:11 43:10

**[happened - issue]** Page 9

happened 41:6
happens 37:10
  37:14 44:5
  45:3
happy 11:10
  14:2 31:9 33:1
hard 12:6
hayden 18:21
  43:17
heading 15:8
hear 25:23
  27:19,21 33:23
hearing 24:24
  45:17
heels 24:12
heightens 11:4
heimann 3:7,10
  3:11 44:11,11
held 1:10
helen 7:3
help 10:18
  42:14
hereunto 46:15
herrington
  4:15
hfite 7:6
high 7:4
hilary 2:6 3:16
history 28:8
honest 41:2
honor 12:14
  33:7
hope 16:11

hostetler 5:3,8
hours 10:17
  18:19
hstakem 2:12
hudson 3:7
hughes 4:11
hung 32:3

**i**

idea 44:23
identical 33:13
iii 6:12
illinois 6:4
illnesses 29:20
imbalance
  18:14 19:2
  21:6 30:19,25
  40:13
impediment
  37:20 38:9
impeding 32:9
implausible 9:9
important 38:4
  45:1
impressed 16:2
imprisonment
  26:17
improper 43:13
impunity 34:5
including 41:18
  45:9
incomplete
  39:15

indicated 21:14
  35:17
indication 17:6
individual
  45:10
individuals
  18:20,23 19:1
  21:16
information
  11:15 16:1
  18:1,2,13 19:2
  21:6,7 24:11
  30:19,24 40:12
  41:18,19,21
inherent 9:24
inherently 9:9
inquiry 17:3
instances 10:7
intended 28:22
interested 14:8
  46:14
internal 9:4,11
  9:15
interrogatory
  8:9,16
intertwined
  19:14 36:11
interview 18:9
  41:10
interviewed
  18:8
interviews
  18:12 30:22

invalid 31:23
investigation
  9:4,12 10:25
  17:1,3
investigations
  9:16 10:12,16
  12:17 13:12,15
  13:16,17,20,22
  14:10,17,22
investigative
  18:3
involved 13:1,2
  13:25 14:1
  42:19
involvement
  32:9
irrelevant
  13:10,20,23
  14:4
irrespective
  37:22
israel 5:3 26:6
  27:4,24 28:1,4
  30:1,9 32:22
  33:1,5 40:15
  40:18
israel's 23:21
issue 13:2,16
  13:17,19 16:11
  16:20 19:14
  28:5,6,22,23
  29:3,4 30:20
  34:1 37:11
  39:2 40:20,25

**[issue - lawyer]**

45:13
**issues** 8:25
20:16 22:6,25
30:10 35:10
36:5,7,16,17
38:6,7 44:25
45:13
**items** 8:8

**j**

**j** 3:6,16 4:6
5:13 6:10,10
6:11,18 7:13
**james** 5:12 6:12
**jap** 7:14
**jason** 2:2 6:10
**jbarr** 5:10
**jdaniels** 2:12
**jeremy** 2:5
**jerry** 6:12
**jfairweather**
4:23
**jforge** 2:9
**job** 1:25
**john** 4:6,20
5:18 6:6,13,15
33:20
**john.mccaffrey**
6:9
**johnson** 6:11
**join** 33:4
**jonathan** 5:7
**jones** 5:2 6:14
6:18 8:11 9:2

9:18 12:16
13:7,11,21
16:22 17:13
18:5 19:16
20:18,19 21:5
21:9 22:14
23:3 27:19,23
28:2,10 29:16
30:20,24 32:5
32:8,13 34:11
34:23 35:20
36:17 38:11
40:11 41:9
42:7 43:13
44:3
**jonesday.com**
6:17,21
**joseph** 2:18
5:13
**joshua** 6:22
**joshua.shinbrot**
6:25
**jr** 3:16 7:2
**judge** 1:10 4:6
5:18 8:4 11:18
12:3,11 14:25
16:5 19:9 21:1
23:13,19 24:10
25:10 26:11
27:11,17 28:3
28:17,18 29:2
30:1,12,14
31:10,13,14,15
31:17 32:22

33:2 34:6 35:4
35:12 36:14,23
37:2,8 38:17
38:21 40:14,15
40:17 41:5
43:23 44:7,12
44:19,20 45:11
**judgment**
32:12
**julia** 6:11
**july** 26:8 28:18
28:24 46:25
**jury** 18:5,10,11
32:3 39:17
**justified** 26:20
**justify** 24:20,21
26:21,22

**k**

**k** 2:17 6:13
**karen** 2:22
**karen.pohlma...**
2:25
**keep** 19:13
26:20 38:4
**kept** 10:15
**key** 16:18
**kim** 7:7
**kind** 16:1 19:8
**know** 9:9,14
11:8,9,12 12:7
12:19,25 14:12
14:14 15:7,8
15:20 16:14,17

16:19 17:15,16
17:25 19:3,3,4
19:9,18,24
20:5 23:9,11
23:18 24:3
27:20 28:8
31:3,3,4,12,24
33:22,25 34:1
34:4,15,16,23
35:1 36:25
37:18 38:13,22
39:4,8,13
40:22 41:15
42:11 45:4,6,9
**knowledge**
8:25
**knows** 20:9
40:8
**ko** 2:4
**koslen** 4:2
**koslenm** 4:5
**kristin** 1:21
46:7,24

**l**

**l** 3:2 5:12 6:11
**lack** 9:23 21:6
**lakeside** 6:19
**largely** 18:2
**lasted** 10:13
**law** 17:7 41:17
42:13,15 43:12
**lawyer** 8:24

**[lawyers - mean]**

**lawyers** 9:11
9:12,15,17
13:1,2,25 14:1
14:18,19 30:22
**lchb.com** 3:9
3:13
**lead** 26:9
**led** 16:15
**left** 33:17
**legal** 15:11
**legitimate** 10:9
31:13,23
**leila** 3:2
**length** 16:25
**leslie** 6:13
**letter** 42:13
**level** 21:7
**lewis** 2:23
**lexington** 2:14
6:23 7:8
**liability** 34:15
**lieff** 3:7,11
**lifted** 25:6,7,10
25:17,18,19,20
**likelihood** 11:4
32:11,15
**likely** 22:2,3
36:24
**limitations**
18:25
**limited** 22:20
22:22 44:2
**line** 12:23

**lisowski** 6:10
**litigating** 21:4
**litigation** 1:4
20:5 22:4
29:16,24,25
32:14 33:8,12
42:20 43:1
**little** 18:4 35:13
41:23
**liu** 2:3
**llp** 2:6,14,18,23
3:7,11,17 4:7
4:15 5:3,8,13
5:19 6:3,6,23
7:3,8
**lolts** 2:10
**long** 10:12
20:13
**longer** 18:18
**look** 24:18
**looking** 23:1
**loophole** 41:4,8
42:4
**lorain** 8:1
**lost** 30:3
**lot** 28:8 38:3
**lots** 35:10
**lucas** 2:4
**luis** 6:12
**luxury** 18:16
30:25

**m**

**m** 2:22 6:10,13
7:3,7,13
**m.j.** 3:15
**made** 12:19
13:7 14:10,12
21:2 25:4,22
33:5 34:2
**magnanimous**
24:8
**main** 4:3,21
5:19 6:7
**maintained**
28:11
**make** 9:25 10:5
25:1 39:24
40:3,4,15
43:21
**making** 23:18
24:21 25:21
26:1 27:3
**marbley** 19:9
23:13 25:10
26:11 28:19
29:3 31:10
36:23
**marbley's** 21:1
23:19 24:10
27:12 28:17
37:2
**march** 25:15
40:5,6

**marjorie** 6:14
**mark** 2:5 18:21
**market** 2:23
5:14 13:8
**master** 8:20
17:16 28:4
33:7,21,23
**material** 41:14
41:17 42:2
**materials** 8:12
17:14,23 18:3
20:17,24 21:3
23:1,23 27:7
28:20 29:2
30:7 32:1
35:20 40:21
41:11
**matter** 16:8,12
21:3 35:25
42:13
**matters** 8:7
44:18
**matthew** 18:21
**mccaffrey** 6:6
24:24 27:3,24
33:3,4 34:6
**mcconnell** 6:15
**mcdowell** 4:21
**mconover** 2:11
**mean** 10:19
17:15 19:6,20
20:4,9 34:18
35:13 36:18

**[means - oh]**                                                      Page 12

| | | | |
|---|---|---|---|
| **means** 37:24 40:2 42:1,4 | **mmiarmi** 3:9 | **need** 20:12 22:20,22 27:9 | **number** 8:9,16 13:1,1,25,25 |
| **meant** 16:3 | **mmmb.com** 2:20 | 35:2 36:6,7 42:6 44:25 | 14:18,18 17:17 21:15 26:2,4 |
| **medical** 41:19 | **moment** 37:5 | **needed** 29:2 | **numerous** 29:18 30:21 |
| **mention** 42:11 | **monday** 1:14 8:2 38:15 | **needs** 14:18 20:14 34:11 | **nw** 4:16 5:8 |
| **mentioned** 11:21 | **money** 14:3 | **never** 15:25 24:18 27:8 | **o** |
| **metaphor** 15:6 16:5 | **months** 20:1 | 28:17 | **o'connor** 4:10 |
| **miarmi** 3:6 | **morgan** 2:23 | **new** 2:15,15 3:4 3:4,8,8,18,18 | **o'neil** 6:12 |
| **michael** 3:6 4:2 6:2,10 | **morganlewis....** 2:25 | 6:24,24 7:9,9 | **object** 29:17 |
| **mid** 19:23 | **morning** 8:4 16:15 | **newton** 3:17 | **objecting** 33:5 |
| **millions** 32:16 | **morris** 7:3 | **newtonb** 3:21 | **objection** 28:25 28:25 38:16 |
| **mind** 19:4,13 36:3 38:4 | **moul** 2:18 | **nine** 18:18 | **objections** 40:21 |
| **miner** 3:2 | **move** 19:17 27:9,15 32:21 | **non** 13:2 14:1 14:19 21:5 | **obligated** 15:23 24:23 |
| **minimum** 34:10 | 40:10 | **nonparty** 42:2 | **obligation** 26:7 26:15 |
| **minute** 27:19 | **moving** 39:14 40:1,9 | **normally** 35:3 | **obstructionists** 42:10 |
| **miscalculation** 17:25 | **mpduffy** 6:17 | **north** 6:19 | **obtaining** 42:22 |
| **mischaracteri...** 33:19 | **multiple** 37:13 | **notary** 46:7,24 | **obvious** 10:21 |
| **misheff** 6:11 | **murphy** 2:17 2:18,20 | **noted** 35:15 | **obviously** 27:6 34:23 |
| **misrepresent...** 25:2,14,22 27:3 | **murray** 2:18,18 | **notes** 30:23 | **offering** 13:6 24:8 |
| | **n** | **notice** 43:16 | |
| **misrepresent...** 24:21 26:1 27:10 | **n** 6:11 | **noticed** 17:18 18:20 36:13 38:22 | **office** 16:10 35:18 46:15 |
| | **named** 32:6 | **notices** 39:1,2 | **oh** 9:21 |
| **mistrial** 17:25 | **navigate** 31:24 | **noticing** 40:11 | |
| **mitchell** 6:12 | **necessarily** 16:20 | **notion** 10:11,23 | |
| | **necessary** 11:6 | **november** 25:19 | |

**ohio** 1:1 2:19
4:4,8,12,22 5:5
5:20 6:8,16,20
7:5 8:1 31:17
46:3,7,16,24
**okay** 28:3
30:15,20 32:11
37:6 38:21
40:18 43:8,11
**olts** 2:4
**once** 25:10 39:5
**one's** 13:15
20:2
**ongoing** 17:22
**open** 10:16
27:12
**opportunity**
8:21 18:22
21:23 23:9
35:9
**oppose** 10:10
**opposed** 34:9
44:22
**opposition** 10:7
**opt** 37:24 44:23
**order** 8:14
12:20 17:9
19:8,15 20:17
21:2 23:2,19
24:1,10,15,20
27:5,7 28:13
28:17,19 29:7
29:8,13 30:6,6
30:15 31:6,11

31:22 32:1
36:3,10,18,19
38:14 40:20
41:3,13,16
44:13,17
**ordered** 26:11
**orders** 27:11,12
31:20,23 37:18
**orrick** 4:15
**orrick.com**
4:18,18
**ostensibly**
10:12
**outside** 10:22
**overall** 16:6
**overriding** 19:8
**overrule** 31:5
**own** 23:18 39:2

**p**

**p** 4:10,20 5:18
6:14
**pages** 32:17
**paid** 14:3 15:10
**paper** 8:22
**papers** 8:17
10:19 11:10
16:15
**pappas** 6:12
**part** 11:22 20:1
**parte** 25:24
26:1,3 29:6
**participating**
40:12

**particular**
41:11
**particularly**
39:16
**parties** 21:5
42:17 43:8
**party** 42:1,2,13
43:3 46:13
**patton** 10:4,6
10:23 12:4,17
**paul** 6:10 7:13
**payment** 22:4
**pburton** 4:18
**pearson** 5:12
**pease** 4:7 5:19
**pejorative**
25:13
**pending** 28:5
28:18 30:16
32:2 40:21
**pennsylvania**
2:24 5:15
**people** 43:18
**period** 11:3
**permission**
25:1
**perpetuated**
23:22
**perpetuating**
23:20
**person** 18:7
**personal** 8:24
9:14 32:12
41:18

**personnel**
41:20
**peter** 2:4
**philadelphia**
2:24 5:15
**pianalto** 6:12
**pick** 12:9
**pko** 2:11
**place** 29:22
46:12
**plaintiffs** 2:2
3:6 8:10,13
12:16 17:18
19:7 23:15
26:9 37:13,14
37:25,25 39:9
42:17 44:8
**plant** 37:7
**play** 35:3
**playing** 21:7
**pled** 31:3
**pohlmann** 2:22
**point** 6:19 8:21
10:2 16:7,18
36:4 39:11,16
39:22
**pointed** 36:20
**polk** 6:23 7:8
**porter** 3:3 7:3
**porterwright....**
7:6,6
**portion** 9:3
**position** 8:22
13:8 26:6 29:5

**[position - received]** Page 14

29:18
**possibility** 29:1
**possible** 45:8
**practical** 19:6
19:12,19 20:5
20:15
**practice** 24:7
**prejudice** 23:3
23:11,12,14
29:23 39:12,13
39:14,22
**prejudices**
39:11
**preliminarily**
16:13
**premature** 37:5
**prepare** 20:8
**prepared** 14:15
33:21
**preparing**
43:18
**present** 7:12
30:21 34:17
**preston** 4:14
**presumption**
20:20
**prevailed** 12:17
**previously** 22:9
41:1
**principal** 45:10
**prison** 22:3
26:21
**privilege** 21:24

**privileged** 17:4
17:5,7
**probably** 35:14
**problematic**
36:20,25
**proceeded** 25:1
**proceeding**
30:7 33:24
**proceedings**
23:17 27:15
34:8,10 38:25
**process** 35:2
44:25
**produce** 24:14
25:11 26:7
38:15
**produced**
23:17,24,25
25:5,15 29:2
38:15
**producing** 19:5
**production**
26:8 28:20
**profile** 9:19
**prohibited** 23:6
**prohibition**
43:9
**proportion**
34:15
**proposal** 14:13
**proposed** 34:8
**prosecuted**
31:1 32:8

**prosecutors**
9:17
**protect** 42:6,9
**protected**
41:17
**protective** 24:1
24:15 30:6,15
31:6 41:3,12
41:16
**protects** 41:16
**provide** 15:24
32:24
**provided** 26:12
**provides** 16:25
**provisions**
34:14
**prudent** 35:24
**pslra** 25:6,7,10
34:13,14 35:11
**psychiatric**
41:19
**public** 5:4 46:7
46:24
**publicly** 41:21
**puncture** 30:5
31:5
**punished** 15:23
**purpose** 42:21
**purposes** 11:16
**pursuing** 43:13
**put** 10:14,19
12:6,8 13:18
29:3

**putting** 13:16
13:17,22 33:18
**pwc** 11:13

**q**

**qualified** 46:8
**question** 19:11
26:14 35:10
**questions** 11:11
44:3,5
**quickly** 22:23
**quite** 14:11
**quotes** 10:16

**r**

**r** 4:10 5:7
**rachael** 5:3
**rachel** 2:3
**raise** 44:24
**raised** 16:20,21
**raises** 35:10
**rather** 28:21
**rcocalis** 2:10
**ready** 35:22
**reality** 20:7
**really** 9:5 10:6
11:2 12:6 13:9
15:24 20:12
**reason** 21:13
32:20
**reasonable**
14:13 39:18
**reasons** 10:20
**received** 28:14

**[recognized - santenhughes.com]**

**recognized** 28:19

**record** 25:4 39:25 40:16 45:15,16

**record's** 11:20

**recorded** 18:12

**records** 25:5 41:20

**rectified** 40:13

**reduced** 46:8

**referenced** 40:22

**referencing** 29:12 31:14,15 43:24

**referred** 25:23

**referring** 25:6

**reffner** 4:20

**regard** 29:15 37:10 40:20 43:16

**regarding** 15:4 17:17 20:16,18 20:19 30:14 36:17 37:3 38:10

**regardless** 44:17

**rein** 3:15

**reind** 3:19

**reiterate** 40:19

**relates** 1:6

**relative** 46:13

**relevance** 11:11,16 16:16 16:19

**relevant** 14:6 14:21,24 17:5 43:7

**remain** 28:17

**remained** 28:22

**remains** 30:18

**remind** 21:1

**remote** 1:10 2:1 3:1 4:1 5:1 6:1 7:1

**remotely** 8:1 46:11

**rendon** 5:2 27:24

**repeatedly** 31:16

**reporter** 1:21 45:16

**reporting** 8:1

**representation** 9:10

**represented** 10:24,24

**request** 8:13 26:10,10,11 29:15 35:15 36:1,2 40:19

**require** 31:20

**required** 11:8

**requiring** 28:20

**research** 16:14

**resolution** 36:16 37:17,23

**resolved** 28:6 38:6

**resonate** 15:6

**resources** 10:14 12:7

**respect** 33:15

**response** 27:21

**responsive** 26:9

**rest** 15:14 21:8

**result** 38:3

**resulted** 17:24

**results** 28:13

**retrial** 19:22

**retried** 32:4

**revert** 20:20

**review** 40:24

**revisited** 37:19

**reyes** 6:12

**rgrdlaw.com** 2:9,9,10,10,11 2:11,12,12,16

**rheimann** 3:13

**richard** 3:10 44:11

**right** 15:11 23:4 28:5 30:16 33:20 34:24 35:4 44:6

**rights** 42:7,9 43:14

**risk** 21:12

**risrael** 5:6

**ritts** 6:18

**rmr** 1:21 46:24

**road** 2:19 35:8

**robbins** 2:6,14

**robert** 3:16 4:20

**ross** 31:13

**rotated** 24:6

**roughshod** 26:18,19

**rubber** 31:14

**rudman** 2:6,14

**rule** 28:14 41:24,24 43:4

**rules** 26:18 27:11 39:10

**rulings** 28:23

**run** 26:18,19

**s**

**s** 7:2

**sacrifice** 39:10

**sacrifices** 40:3

**san** 2:8 3:12

**sanctions** 26:25

**sandra** 6:12

**santen** 4:11

**santenhughes...** 4:13

**[sater - statements]**

**sater** 4:7 5:19
**saying** 10:21
  12:22
**says** 15:13 17:7
  29:12 42:16
**scared** 11:1,21
**schedule** 19:19
  37:3 38:18
  39:2
**scheduling**
  8:14 19:15
  20:17 23:2
  36:10,18,19
  44:13,17
**schneider** 4:10
**schumacher**
  7:13
**scope** 16:25
  43:2
**seal** 46:15
**sec** 11:8
**second** 8:10
  12:20 34:21
**secrets** 41:20
**securities** 1:4
  13:4,5,21 14:5
  32:14 33:8,11
**see** 19:15,17
  24:22 25:9,24
  25:25 36:5
  45:3
**seed** 37:7
**seeing** 39:16

**seek** 30:13
  40:24 43:6
**seeking** 42:2
**seemingly**
  19:19
**seems** 31:12
**sensitive** 41:20
**separate** 30:10
  37:12
**september**
  19:23 25:18
**service** 4:3
**set** 15:11,12
  19:23 37:1,16
  46:15
**sets** 8:14
**setting** 37:20
**seymour** 4:7
  5:19
**sgrimes** 6:5
**shawn** 1:10
**shinbrot** 6:22
**ships** 15:9
**shut** 17:2
**side** 36:24
**signature** 46:23
**signed** 8:24
**significant** 11:5
  18:13
**silly** 20:9
**similar** 13:3
**simple** 13:9
**simply** 8:24

**situation** 31:25
  42:24
**six** 20:1 29:21
  29:21
**sixth** 12:15,21
  14:7,10 17:2
**slipped** 25:22
**sliver** 39:18,19
  39:21
**smacks** 9:20
**smart** 6:10
**somewhat**
  19:14,14 36:11
**soon** 36:23
**sort** 10:9 19:18
  33:6 35:2
  36:15
**sorted** 45:1
**sorts** 22:5
  44:24
**sought** 43:6
**south** 4:3,21
  5:19 7:4
**southern** 1:1
**sozio** 9:18
**spahr** 5:13
**speak** 17:13
  28:1
**speaking** 9:15
  27:25
**special** 1:10
  8:20 17:16
  24:25 28:4
  30:23 33:7,21

33:23
**specified** 46:12
**speed** 34:19
**spend** 11:2
  19:1
**square** 5:4
**squire** 10:4,5
  10:23 12:4,17
**ss** 46:4
**stages** 45:2
**stakem** 2:6
**stale** 30:3
**stamping** 31:14
**stars** 22:18
**start** 12:25
  14:19
**started** 14:1
**starting** 11:9
**state** 8:11
  17:13,21 18:24
  19:8,22,24
  21:19,22 22:1
  22:10 23:24
  24:15 27:7
  28:15 30:6
  31:6,17,17
  35:20 41:2,5
  41:15 42:18
  46:3,7,24
**statement**
  33:18 40:16
  43:12
**statements**
  13:7 33:15,22

34:2

**states** 1:1 42:12

**status** 1:10 8:6 8:13 30:14 32:25 44:18

**statute** 41:17

**stay** 17:17 20:18,19 21:10 21:16 25:7,12 25:16,18,19,20 27:14,22 29:22 33:6 34:8 35:15 36:1,2,6

**stayed** 19:25 29:16 36:13 40:21

**staying** 19:16

**stays** 20:5

**stenotypy** 46:9

**steven** 6:2,11 6:13

**stick** 14:5

**stop** 39:25 40:5

**strah** 6:13

**strained** 10:3

**strange** 16:5

**strategy** 16:23

**strawn** 6:3

**street** 2:23 3:3 3:7,11,18 4:3,7 4:11,16,21 5:14,19 7:4

**strengthens** 10:8

**strenuously** 29:17

**stuff** 14:16 29:9

**subject** 14:7 21:16 32:1 44:15

**submission** 25:9,24,25 29:6

**submissions** 26:2,3

**submit** 29:9

**submitted** 8:18

**substance** 12:6

**substantive** 10:20

**succeed** 19:7

**sue** 6:13

**suggested** 27:22 41:1

**suggesting** 23:7 23:10

**suggestions** 27:13

**suite** 2:7,15 4:12,22 5:4,9 5:20 6:7,15 7:4

**sullcrom.com** 3:19,20,20,21

**sullivan** 3:17

**supplemental** 25:15

**support** 9:6

**supposed** 9:2 27:1

**sure** 11:19 29:11 35:12 43:19

**sutcliffe** 4:15

**sway** 45:5

**t**

**t** 2:13 6:10,11

**taft** 4:6

**take** 16:8 20:14 24:5 31:9 32:15,16 37:9 39:7 43:6,6 45:13

**taken** 20:12 23:8 35:25 46:11

**takes** 20:13 40:2

**talk** 16:12 22:14 37:4

**talked** 23:14

**talking** 22:10 34:14

**taylor** 6:13

**technically** 17:16 36:13

**tell** 10:12 11:1 11:21 16:13 24:13

**ten** 15:12,16

**tend** 9:16

**tent** 14:9

**tentatively** 19:23

**terminal** 29:20

**terms** 11:14 18:1 21:9 33:13 40:2

**tethered** 12:10

**thank** 11:18 12:11 14:25 16:8 17:11 27:17 32:22 33:2 34:6 35:6 40:14 44:7,19 45:11,12

**thanking** 15:17

**thanks** 8:20

**theoretically** 12:9 19:21 20:4

**theory** 16:23

**thing** 8:19 35:8 37:6 44:21

**things** 21:10 40:16

**think** 11:12 13:21 14:2,12 14:15,20,22 15:5 16:18 20:15 21:12,13 22:25 24:2 27:13 30:9 31:8,8 32:14

35:2,23 36:4 38:19 39:22 45:1

**third**  8:12

**thomas**  6:11

**thornton**  6:13

**thought**  15:7

**thoughts**  34:7 37:3

**three**  8:7 10:17 24:4 36:12 43:24

**throw**  34:1

**throwing**  31:19

**thursday**  32:24 35:21,24

**time**  11:3 12:8 17:21 18:25 21:18 28:24 37:15 38:13 45:12 46:11

**ting**  2:3

**tires**  24:4,5,6

**tliu**  2:9

**today**  8:8 16:9 16:12,16 35:17 36:8,15,17 37:4 44:16

**together**  22:25

**told**  12:2 24:9

**tomorrow** 16:10 35:18

**took**  29:22 30:22

**town**  16:9 33:20

**traction**  36:2

**trade**  41:19

**transcribed** 46:9

**transcript**  18:6 18:10,11

**transcription** 46:9

**transcripts** 32:17,18

**transporter** 15:12

**traveling**  16:10 35:18

**treat**  31:12

**trial**  8:14 13:13 13:14 14:23 16:23 17:21,24 18:24 19:24 20:3 21:11,19 21:20,22 22:11 22:11,12,14,19 23:8,24 24:12 32:19,20 33:10 34:17 37:1,10 37:15,21,22 38:6,7,25 39:7 40:1,6,7 42:8

**trials**  19:20,21 34:21 45:10

**tried**  14:13 15:5 31:1 45:7

**trip**  15:9

**true**  25:8 28:10 29:14 34:5 41:5 43:12 46:9

**trusted**  26:5

**truth**  31:25

**try**  13:18 25:12 31:24

**trying**  19:11 22:6 24:7 29:25 33:10 44:23

**tucker**  6:6

**tuckerellis.com** 6:9

**turner**  6:13

**twice**  20:13 21:13

**two**  10:17 18:20 20:21 22:25 26:4 30:9 33:12 36:17

**u**

**unavailable** 30:4

**unclear**  25:4

**under**  14:9 16:9 17:22 24:14 34:24 35:10,16,25 39:10 41:12

45:13

**understand** 16:6,17 34:18 35:12,14 44:19

**understanding** 11:20 13:11 17:19

**understood** 28:21

**underwriter** 6:22 7:2

**unfair**  33:12

**unfairly**  29:23

**unfortunate** 39:8

**unfortunately** 17:24

**unintelligible** 16:4

**unique**  23:14 23:14

**united**  1:1

**unpunished** 12:14 14:15 15:5,16

**update**  32:24

**upwards**  20:6

**urge**  9:6

**use**  23:4 42:14

**using**  10:16 20:7 24:16 38:24

**utterly**  13:9 14:3

**[vacation - zoom]**

**v**

vacation 35:17
valid 31:16
vehemently
  44:22
versa 23:2
vespoli 3:2
vice 23:2
vine 4:11
violate 29:7,13
violating 24:20
  27:5,6
violation 21:1
  23:19,20,22
  24:10 28:13,17
virtually 9:19
vorys 4:7 5:19
vorys.com 4:9
  5:21

**w**

wacker 6:3
wait 36:4
waited 24:24
walcorn 4:18
want 12:10
  14:20 25:2,3
  26:20 27:19,21
  35:7,9 36:11
  37:7 39:1,2,25
  42:11 43:15
  44:8
wanted 8:20
  14:8 40:19

43:21
wants 13:18,19
  31:5 32:16
  33:16,23
wardwell 6:23
  7:8
washington
  4:17 5:9
watched 18:24
way 14:21
  19:15 20:15
  22:24 23:3
  24:9 27:14
  31:19 41:9
  45:4
we've 12:15,23
  13:16,24 14:12
  14:13 22:7
  29:8 31:7
  33:25 35:13
weak 10:7
wednesday
  16:11 30:14
  35:19
week 14:16
  35:23 39:7
wegryn 1:21
  46:7,24
welcome 32:10
west 2:7 3:3 6:3
whatsoever
  8:23,25 9:8
  23:11

whereof 46:15
whisker 39:20
whitney 4:15
wholly 33:12
williams 3:16
williamsh 3:20
wind 20:11
  22:3
winston 6:3
winston.com
  6:5
withdraw 39:1
withdrawing
  43:16 44:6
withdrawn
  43:21
withheld 20:25
withholding
  20:25 24:1,13
  24:16
witness 30:21
  46:15
witnesses 18:12
  18:17 21:21
  22:17,21 29:19
  30:3,4
words 15:2
work 34:16
worked 9:11
works 34:13
worse 18:4
  19:3
wrapping
  22:24

wright 7:3
writing 17:9
written 7:13,14
  16:11 41:13

**y**

yeah 12:13
  33:2 34:9 37:8
  44:5
year 20:6 24:9
  28:12,18 35:14
years 10:17,22
  29:20,21
yeboah 18:6,17
  43:17
yesterday 45:7
  45:7
york 2:15,15
  3:4,4,8,8,18,18
  6:24,24 7:9,9

**z**

zoom 24:22
  34:3