Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * *

IN RE: FIRSTENERGY CORP SECURITIES LITIGATION

vs.          Civil Action No. 2:20-cv-3785

THIS DOCUMENT RELATES TO:

ALL ACTIONS

* * * * * * * * * * * * * * * * * * * * * * * *

REMOTE STATUS CONFERENCE HELD BEFORE

SPECIAL COUNSEL SHAWN JUDGE

April 9, 2026

11:06 a.m. to 11:44 a.m. ET

* * * * * * * * * * * * * * * * * * * * * * * *

REPORTED BY ANNICK M. JAQUET, RMR, CRR

(Appearing remotely from Waukesha County, Wisconsin)

Page 2

R E M O T E   A P P E A R A N C E S:

ROBBINS GELLER RUDMAN & DOWD, LLP, by
Mr. Jason A. Forge
Ms. Ting H. Liu
Ms. Rachel Cocalis
Mr. Lucas F. Olts
Mr. Peter Ko
Mr. Mark Conover
Mr. Jeremy Daniels
Ms. Hillary Stakem
Mr. Kevin Sciarani
655 West Broadway #1900
San Diego, California 92101
(619) 231-1058
jforge@rgrdlaw.com
tliu@rgrdlaw.com
rcocalis@rgrdlaw.com
lolts@rgrdlaw.com
pko@rgrdlaw.com
mconover@rgrdlaw.com
jdaniels@rgrdlaw.com
hstakem@rgrdlaw.com
ksciarani@rgrdlaw.com
        and
MURRAY MURPHY MOUL + BASIL, LLP, by
Mr. Brian K. Murphy
1114 Dublin Road
Columbus, Ohio  43215
(614) 488-0400
murphy@mmmb.com
Appearing on behalf of the Class Plaintiffs.

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP, by
Mr. Michael J. Miarmi
250 Hudson Street, 8th Floor
New York, New York 10013
(212) 355-9500
mmiarmi@lchb.com
        and
Mr. Richard Heimann
275 Battery Street, 29th Floor
San Francisco, California  94111
(415) 956-1000
rheimann@lchb.com
Appearing on behalf of Direct Action
Plaintiffs.

Page 3

          R E M O T E   A P P E A R A N C E S:

        SULLIVAN & CROMWELL, LLP, by
        Mr. Robert J. Giuffra, Jr.
        Ms. Hilary Williams
        Ms. Beth D. Newton
        Mr. Nicholas F. Menillo
        125 Broad Street
        New York, New York 10004
        (212) 558.4000
        giuffrar@sullcrom.com
        williamsh@sullcrom.com
        newtonb@sullcrom.com
        menillon@sullcrom.com
        On behalf of Defendant FirstEnergy Corp.

        VORYS, SATER, SEYMOUR AND PEASE, LLP, by
        Ms. Emily J. Taft
        52 East Gay Street
        Columbus, Ohio  43215
        (614) 464-5432
        ejtaft@vorys.com
        On behalf of Defendant John Judge.

        BROUSE MCDOWELL, by
        Mr. John C. Fairweather
        388 South Main Street #500
        Akron, Ohio  44311
        (330) 535-5711
        jfairweather@brouse.com
        On behalf of Defendant Robert P. Reffner.

        TUCKER ELLIS, LLP, by
        Mr. John McCaffrey
        Mr. John A. Favret, III
        950 Main Avenue #1100
        Cleveland, Ohio  44113
        (216) 696-2678
        john.mccaffrey@tuckerellis.com
        john.favret@tuckerellis.com
        On behalf of Defendant Michael Dowling.

Page 4

          R E M O T E   A P P E A R A N C E S:

        BAKER & HOSTETLER, LLP, by
        Ms. Carole Rendon
        Ms. Rachael Israel
        127 Public Square #2000
        Cleveland, Ohio  44114
        (216) 621-0200
        crendon@bakerlaw.com
        risrael@bakerlaw.com
              and
        BAKER & HOSTETLER, LLP, by
        Mr. Jonathan R. Barr
        1050 Connecticut Avenue NW #1100
        Washington, D.C. 20036
        (202) 861.1534
        jbarr@bakerlaw.com
        On behalf of Defendant Charles E. Jones.

        JONES DAY, by
        Ms. Marjorie P. Duffy
        325 John H. McConnell Boulevard #600
        Columbus, Ohio  43215
        (614) 281-3655
        mpduffy@jonesday.com
        On behalf of Defendants Jason J. Lisowski,
        George M. Smart, Paul T. Addison, Michael J.
        Anderson, Steven J. Demetriou, Julia L.
        Johnson, Donald T. Misheff, Thomas N.
        Mitchell, James F. O'Neil III, Christopher D.
        Pappas, Sandra Pianalto, Luis A. Reyes, Jerry
        Sue Thornton, Leslie M. Turner, Steven E.
        Strah, and K. John Taylor.

        DAVIS POLK & WARDWELL, LLP, by
        Mr. Joshua Shinbrot
        450 Lexington Avenue, 11th Floor
        New York, New York  10017
        (212) 450.3976
        joshua.shinbrot@davispolk.com
        On behalf of Underwriter Defendants.

Page 5

R E M O T E   A P P E A R A N C E S:

PORTER, WRIGHT, MORRIS & ARTHUR, LLP, by
Ms. Helen M. Fite
41 South High Street #2900
Columbus, Ohio  43215
(614) 227-2000
hfite@porterwright.com
On behalf of Underwriter Defendants.

BALLARD SPAHR, LLP, by
Ms. Elizabeth A. Lilly
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania  19103
(215) 665-8500
lillye@ballardspahr.com
On behalf of Defendant James E. Pearson.

Page 6

TRANSCRIPT OF PROCEEDINGS

MR. JUDGE: Good morning, everyone. It's April 9 at 11:06. We're gathered for our weekly status conference in the consolidated FirstEnergy matters. We have a number of things to pick up from our conference this past Monday. The first one being an update from Ms. Israel or Mr. McCaffrey on the proceedings that happened in the state court status conference yesterday. If you'd fill me in on that, please?

MS. ISRAEL: Sure, Special Master. We did have a pretrial or a status conference with the judge yesterday. We have a September 18 start date for jury selection. That's a Friday. That's when the jury will come in. I think, as before, we anticipate the jury selection will take about a week with opening statements following after that.

MR. JUDGE: And was there any discussion yesterday of the state court protective order or the materials involved in that?

MS. ISRAEL: Not specifically, but the judge did say that all of her prior rulings

Page 7

she considers them law of the case regarding evidentiary issues going forward, so that is really the only thing she said about prior orders. We didn't specifically talk about the criminal discovery materials.

MR. JUDGE: And has there been any discussion with the state, the AG's office about these materials?

MS. ISRAEL: No, not since the last time we discussed them in chambers during trial. The state did, as you know, attempt to remove the confidentiality designation from these materials. The state has taken the position that these materials are not confidential. However, the judge's last order does not -- it does not allow or it does not appear to allow a party to dedesignate something once it has already been designated. And the one thing that the judge was particularly clear about in that order is that the witness interview materials remain confidential during the pendency of this case. If we were able to work out some sort of agreement in this case then we would go to the state and the judge and ask about the

Page 8

evidentiary materials, that is, documents, emails, et cetera.  We view those as belonging in a very different category and that they are documentary evidence that could potentially be admissible in certain proceedings.  The witness interviews, recordings, and summaries are inadmissible in any proceeding and are highly prejudicial and so we feel most strongly about those materials that they should not enter the public sphere prior to the trial of Mr. Jones and Mr. Dowling.  And that is -- that is the -- sort of the analysis that went into our offer to try to resolve these discovery issues.

MR. JUDGE:  Two questions arising from that.  One is do I have -- did you submit a copy to me of the judge's prior order that you referenced regarding dedesignations?

MS. ISRAEL:  I'm sure I did, but I'd be happy to send you the whole packet of her orders on this topic if you would like.  It was a few months ago.

MR. JUDGE:  Yeah.

MS. ISRAEL:  I don't know.  It's a time warp since January, honestly, so I know it was sometime within the last few months, but

Page 9

I'm happy to send it to you again.

MR. JUDGE: If you would, please. I think I've read it. It was either submitted to me or -- I know I've read it. I just want to make sure I have it on hand.

MS. ISRAEL: Sure. Happy to.

MR. JUDGE: I appreciate that. Second one, have you had any more discussions with plaintiffs since Monday regarding your proposal or any of those issues?

MS. ISRAEL: No.

MR. JUDGE: No? Okay. Thank you. Mr. Forge, anything to weigh in on regarding these matters?

MR. FORGE: I have a lot to weigh in, but I don't have any -- I don't have any dispute with Ms. Israel's description of what has happened. I've -- I -- I have a lot of dispute over the legitimacy of it, but no dispute over that that is the status of things vis-à-vis the Summit County judge.

MR. JUDGE: Right. I mean, my thought is for everyone to be transparent. You know, we've -- we've waited, and I use "we" in the sense of me and the overall court has

Page 10

waited, you know, quite a while to see how the outcome in the state court proceedings would be. I think these issues are ripe, easily ripe, if not, you know, overly ripe on the vine, and they necessitate a report and recommendation. The parties have briefed it. From Monday's discussion I think everybody is happy relying on their prior briefing supplemented with the discussions we had Monday and today. If that is incorrect, please let me know right now. Because my thought is to draft an omnibus report and recommendation sort of addressing every issue that's still outstanding in the case, including what to do with the state court materials and get that on next week. And if I'm incorrect and the parties don't want to stand on the current briefing, please let me know now.

MR. FORGE: Plaintiffs stand.

MS. ISRAEL: We -- we will stand on our prior briefing and just reiterate our request that any decision in that report and recommendation be stayed.

MR. JUDGE: Be stayed. I understand.

MR. McCAFFREY: Same request for

Page 11

Mr. Dowling, Mr. Judge.

MR. JUDGE:  Yeah.  Absolutely.  Thank you.  Brings us to the second main point that we discussed briefly on Monday, which is a scheduling order.  I know First Energy opposed it.  Has there been any discussion between the parties since Monday regarding a scheduling order proposal?

MR. FORGE:  No.

MR. JUDGE:  No?  Okay.

MR. GIUFFRA:  If I could be heard on that.  The one thing, you know, I think it be unfair -- it would not be fair to say we've opposed it.  I think what we've opposed is the idea of, you know, for example, setting a trial date before class has been certified and there's all these open issues.  I do think there are things we can do with the scheduling order to move the case forward, and we're not against doing that.  And I'm happy to have a conversation with Mr. Forge about things that would make sense.  I mean, I think you could certainly discuss, you know, fact discovery to some extent.  I think expert discovery would be premature because of the problem of until we

Page 12

know whether a class is certified there are issues surrounding, you know, damages and other experts that would need to be -- you need to sort of know what the class is and when it's going to be -- you know, whether it's certified or not to move forward with expert discovery, but certainly fact discovery has gone on and we can figure out a way to do more fact discovery at least to get that done.

MR. JUDGE:  Yeah.  I mean, I thought -- I thought that was your position. That's what I -- I assumed.  You know, my thought is we could come close to or all but wrap up fact discovery regardless of the certification order and while the certification order comes out and any appeal we can still get the fact discovery done.  Expert discovery, I think, you know, is premature and contingent on what goes on with the class cert.  That's going to define what needs to be talked about with the experts.  But a scheduling order, I think you could have a partial scheduling order that gets this case moving a little more promptly. Trial date, I think it's a little bit premature.  The recommendation I'm going to

Page 13

make is a scheduling order that falls short of reaching a trial date at this juncture, but I think there's a lot that can be done and we can move along more promptly, especially with resolution of the state court materials that are at issue and how they affect fact discovery.

If -- I'm going to be working on drafting -- I am drafting the omnibus report and recommendation. I encourage the parties to talk, and if they can come up with a proposed schedule regarding fact discovery going forward I would say let me know if there is a proposal. I'm willing to retain it up to the point I put on the report and recommendation next week. So if the parties talk the rest of this week, over the weekend, beginning, early part of this week, just please reach out and let me know. I'd be interested in any thoughts that you have on a proposal in that regard.

MR. GIUFFRA: That's fine with me. I'm happy to speak to Jason and his team and we can see what can be done, but, again, we're fine with moving forward with fact discovery where it makes sense.

Page 14

MR. JUDGE:  Yeah.

MR. GIUFFRA:  I think issues come with things like expert discovery and setting a trial date.  Setting a trial is way, way too premature because you need to do all sorts of things, including class notice and --

MR. JUDGE:  Yeah.

MR. GIUFFRA:  Yeah.  Yeah.

MR. JUDGE:  My take on it hasn't changed since Monday.  I think, you know, a trial date's going to be an illusion.  I know -- I understand Mr. Forge's frustration and the desire to move this case forward and have some concrete deadlines.  I think that's a deadline that's not even worth setting because we can't -- it's going to be meaningless if you put on a trial date right now.

MR. FORGE:  Can I heard, Mr. Judge?

MR. JUDGE:  Yeah, absolutely.  Yeah.

MR. FORGE:  So I just want to make clear a couple of things.  First of all, we did make a proposal last Friday, and this is one of the problems with the case.  Everybody wants to talk about talking.  There's -- there's no -- a there's really no excuse for all these lawyers

Case: 2:20-cv-03785-ALM-KAJ Doc #: 997 Filed: 04/13/26 Page: 15 of 54  PAGEID #: 25508

Page 15

to be involved in this case and have almost a week pass and they can't just state what their position is regarding the fact discovery cutoff.  We can take these one step at a time, but that's the first one.  What is the problem?  Why can't you take a position?  We proposed August 31, 2026, for a fact discovery cutoff.  Why -- why are these lawyers incapable of just giving a straight answer to a straight proposal?  To kind of relegate us to go back to talking about talking and then we'll have another conference to talk more and then when we don't have an agreement we'll wait a little bit longer to get a scheduling order, and then when we get the scheduling order they'll object to the scheduling order and before you know it we'll be in July.  And the problem is that that -- that type of step-by-step death by delay has been plaguing us for so long we can't accomplish anything, and this is a particularly time-sensitive issue because it's one of those situations where the delay almost inherently dictates the outcome because people have to start scheduling things around a deadline, and if we don't have a deadline for a month or

Page 16

longer, well, they can't be blamed for not scheduling things in -- in May when we didn't have a deadline until May and then -- but then we have, as Ms. Israel pointed out, we have this kind of deadline from outside of this state criminal trial, so at least I would expect to -- that the Jones and Dowling camp would have to make some sort of commitment that they're not going to use the criminal trial -- either commitment to a fact discovery cutoff where we proposed it, August 31, or they're not going to use their criminal trial as an excuse to try to stay fact discovery if they're allowed to keep participating in it. But I just fear that the longer we wait to set this deadline the less plausible what I think is a very reasonable deadline becomes. And so, look, obviously I disagree that we can't set all these deadlines. It happens all the time in cases. Scheduling orders can change later on. I don't -- I don't think it's appropriate, given the length of time this case has been pending, to assume that we're not going to be able to try this case in the spring or summer of 2027. That is -- it's -- look, it might not

happen. I've hoped for things to happen in this case by a certain time many a time before and those hopes have been dashed. But that doesn't mean we give up. That doesn't mean we assume it's not going to happen. The only way it's not going to happen is if we don't try to make it happen. And so what is the downside of setting these deadlines knowing, as we've demonstrated in this case, and as we've all experienced in other cases, they can always be moved. The only way we can't meet a tighter schedule is if we don't set a tighter schedule. So I would urge you to -- to reconsider your reluctance to set -- even if it's just -- we just call it aspirational. Okay, it's aspirational, but there's nothing wrong with having aspirations to get this case to trial, you know, within seven years of it being filed, and I take -- at this point we don't know what's going to happen with class certification and we do have to do class notice, but we're talking about a year. So -- so to -- to kind of give up and not even try to set a trial date, I don't think it's appropriate, and I don't think that that type of pessimism is

Page 18

going to help us move this case forward because, look, let's face it.  As you pointed out, when Judge Marbley issues his order one side or the other will probably appeal.  So what are we going to do?  Are we going to wait for the the 6th Circuit to resolve that appeal before we set a scheduling order?  My guess is that the 6th Circuit would probably want to know what is the schedule in this case?  Do we -- you know, I'm not saying we're going to dictate to the 6th Circuit how quickly they give a decision, but I think that one of the problems the first time around is we were rudderless, and so the 6th Circuit, it's just -- well, why do we need to make a decision quickly?  They don't even have -- they don't have deadlines.  They don't have a trial date.  Nothing's going on.  There's -- you know, so I think the fact, the absence of deadlines sends the wrong message to the 6th Circuit because I know you and Judge Marbley and Master Judge Jolson, I know you all want to move the case forward.  I know we want to move the case forward, "we" being the plaintiffs.  I hear the defendants say that, but I don't see them

Page 19

taking actions to actually move it forward. The way to do that is to set a scheduling order. And like I said, it can wind up being aspirational, but at least at a minimum today, why -- we've got everybody on the phone. Why can't we talk through right now a fact discovery cutoff? At least take that baby step of a fact discovery cutoff and -- because we all know what's going to happen. By May everybody's going to have family trip plans and reunions and graduations, and before we know it it's going to be impossible to set depositions or -- or enough, and so we're just going to lose the summer when this summer should be the last summer. These should be -- these should be the last months of fact discovery. It's been going on for years. This should be it.

MR. JUDGE: Mr. Giuffra --

MR. GIUFFRA: I just want to say -- yeah. I just --

MR. JUDGE: -- your thoughts on the August proposal?

MR. GIUFFRA: Yeah. What I'd like to do, Mr. Judge, is I'd like to speak to my team. I believe it's Passover today, and I know David

Page 20

is not available.  I'd just like to speak to my team and speak to Mr. Forge, probably speak to counsel for the other defendants, particularly Jones and Dowling, and I will endeavor to speak to Mr. Forge no later than Monday and we can discuss a fact discovery cutoff, you know, and how that would work.  I'm trying to be practical here.

On the issue of class certification, without going down, you know, going, giving a long speech, I would just let the -- let you know there is a case in the 4th Circuit that I believe the argument hasn't -- has been scheduled, raising a very same Comcast issue we have.  There is a petition for a 23F petition in the 7th Circuit raising the same Comcast issue.  And these -- these issues are being litigated at least in -- in our court and as well as in two circuit courts, so that could affect what goes on here.  I do believe there are very serious class certification issues in this case.  Mr. Forge may disagree with me.  We went on and on about it before Chief Judge Marbley.  He's obviously evaluating them.  But what I'm saying is there's a case in the 4th

Page 21

Circuit, there's another one in the 7th Circuit. The 4th Circuit case could affect what goes on if Chief Judge Marbley does one thing and they do another. That could be an issue that the 6th Circuit may want to look at. I can't predict any of that. I -- I want to be cooperative, so what I would propose to do is Jason and I can speak -- I'll talk to all these other people because I can't just say, oh, yeah, the end of August is fine. Find out what works; we can discuss it. If his number -- if his date is August and our date is some other date a month or two later, you know, then you can decide. That seems to me to be a way to move the ball down the field that's reasonable. And I mean, Jason, I'll look at my calendar right now, and if you want to set a time, you know, I can do, you know, 3:00 Eastern Time on the 13th.

MR. FORGE: Okay.

MR. JUDGE: Okay. I mean, I encourage you. I can't order people to agree. I can't order people other than to confer and see if they can come up with something. I encourage you to do so. That proposal sounds

fine to me.  I won't be issuing anything before next Thursday then.  I would hope that you could talk on the 13th and come up with a proposal and get it to me before Thursday or at least during our discussion at next week's status conference.  My thought then is late Thursday afternoon or Friday I put on my report and recommendation.  Your discussions I would ask for two things, if possible: an agreed-upon proposed fact discovery deadline and an expert fact discovery deadline.  That could be expressed maybe not in terms of an absolute date certain but a period of time after the class cert.  Even if the class cert's on appeal my thought is we proceed with fact -- or I'm sorry -- expert discovery even while that's proceeding, even while the appeal's proceeding. I want to get this moving even if things end up being mooted by any subsequent appeal.  I don't want to wait further.  I want to get this moving.  Ultimately, you know, a trial date that will be in discussions with Judge Marbley's chambers and his team.  But my thought is to the extent we can get discovery deadlines set here let's do that.  I have some

Page 23

thoughts but I will wait and see what the parties come up with in terms of recommended dates. I encourage you to come up with agreement. I'm willing to entertain that. I want tight deadlines. They may be aspirational. They may need to be moved. But my thought is we get this case moving and we keep it consistently moving. We've waited quite a while out of, you know, influence by issues of comedy and pragmatism, but we need to start moving forward.

MR. GIUFFRA: Jason, the one that you could do that would be helpful, and maybe you've done this with our team anyways, so then it's just going to be sending an email, if you could just tell me what fact discovery you think needs to get done, that would be helpful.

MR. FORGE: Well, rather than tell you what fact discovery gets done, I've told you how long we need to get it done. So that --

MR. GIUFFRA: I think that -- I think that becomes -- if it's 5 depositions, 10 depositions, 20 depositions, I mean, for example, we did spend the time on our end and

Page 24

did do all of the discovery into the investment managers and people that worked at your clients' and some of the other clients'. We did do that work. That was done. And so if you could say, like -- you know, it's one thing to say I want a deadline of a certain date, but if you don't tell us what discovery you want to take between now and that date it's kind of ephemeral, whereas if you say I want to take 20 depositions, 30 depositions, 50 depositions we can figure out what is a realistic schedule. I don't think that's an unreasonable request.

MR. FORGE: Look, I've been very clear. I'll try this case next week. What -- no. I'm serious. I don't -- the only discovery that I need to take is witnesses who are outside the court's jurisdiction. I can't tell you what discovery I'm going to take because that -- the Jones/Dowling issues intersect with that. I can tell you that if I -- if I had to choose between delaying the fact discovery cutoff beyond the end of August and not taking any more discovery other than written discovery, I would take the latter. I would take the record as it exists right now

Page 25

with written discovery augmented by written discovery versus delaying things.  That's -- that's the best way I can put it to you because what discovery I take is going to depend on those other factors.  The prejudice from the delay, as I've indicated, is greater than the benefit from us taking more depositions.  That's -- that's how I feel.

MR. GIUFFRA:  But, again, it would be -- it would be helpful if you were specific, like I want to take the following 20 depositions or 10 depositions or 30 depositions.  Then it would be -- rather than just sort of -- sort of like I don't really know what I want to do.  The problem is, again, Special Master, look, I do believe the class cert issues in this case are significant.  People can disagree with me.  I have a pretty good track record in predicting appellate stuff, and I think that there are real issues here.  I know that because there's the argument in the 4th Circuit that's coming up.  I know that there's a 23F petition in the 7th Circuit.  Both those get -- you know, one is granted already.  So that could change the landscape

here. That being said -- that being said, I recognize the need to get the fact discovery done, so let's decide what fact discovery needs to be done and then we can figure out how much time it's going to take. If Jones and Dowling -- what the Jones and Dowling issues are, we need to figure out what those are and come up with a realistic date. I think expert discovery being done until this class cert stuff is resolved is problematic. I do think that if a 23F petition is granted in this case or whether, you know, by either party the first time around Chief Judge Marbley did enter a stay. There's a lot of law reports do enter stays. And we lifted the stay and because it took a long time for the 6th Circuit to rule. I think it's premature to make a judgment as to whether we would allow expert discovery to go on while there is -- if there's -- if there's a -- if a petition gets granted I think that would -- our view would be it should be stayed, but because the resolution of that 23F petition would almost certainly affect the scope of fact discovery -- I mean of expert discovery.

MR. FORGE: Well, let's not forget,

Page 27

there are going to be more experts than damages experts, so even if there are a carveout or a potential carveout that we may have to revisit fact expert discovery, all of the other experts could be covered during an expert discovery period and, look, I'm willing to reiterate.

MR. GIUFFRA:  That actually sounds reasonable to me, so I would want to talk to the team because, again, I'm general -- you may not think so -- I try to be reasonable.  So I think I just want to talk to everyone, and if the other defendants think that's reasonable that -- maybe that's something we can do.

MR. JUDGE:  I would urge the parties to talk on the lines because that is my thought.  There is some expert discovery they can get done regardless of the certification, absolutely get done.  The -- the expert discovery that would be contingent on the outcome of the class cert, I would like a target deadline floating out there, and if the 23F -- eventual inevitable 23F is granted then we can revisit that deadline as necessary.  But I want to get the deadline down that accounts for that and then we'll see what happens with

Page 28

the appeal. But my thought is the next -- the recommended scheduling order is going to have a concrete deadline for fact discovery, a concrete deadline for expert discovery that also includes damages expert discovery with, you know, an asterisks qualification that that deadline that may have to ultimately be moved or tinkered with. But there is plenty of expert discovery they can get done. To the extent, Mr. Forge, you can be more detailed as Mr. Giuffra is asking, great. If you cannot or are disinclined to do so, I mean, I think you guys can at least discuss in generalities the discovery deadlines and come up with a proposal. And I'm willing to entertain that, but give yourself enough time, because I want to get a deadline -- firm deadline set down, and they're going to be moved only by good cause. And good cause is a high bar here. We need to get this moving.

MR. FORGE: Sure. The only --

MR. JUDGE: The --

MR. FORGE: The only -- oh, sorry.

MR. JUDGE: No. Go ahead, please.

MR. FORGE: I was going to say I

don't know if Bob was aware, I'm -- we have a meet and confer with his team in an hour about a system in which we would exchange depositions for additional written discovery, so it's -- we are moving forward on that front. I have to see how those discussions go because that would obviously, if we are able to come to an agreement -- if we're not we'll bring the issue to you -- but plaintiffs has proposed kind of an exchange rate where we would get additional interrogatories and additional requests for admission in exchange for waiving depositions.

MR. JUDGE: Okay.

MR. FORGE: So there would be a set exchange rate for the number that we would receive. That would obviously influence my answer to the question.

MR. GIUFFRA: That sounds --

MR. FORGE: What happens with other parties taking discovery would influence my answer to the question. What I'm saying right now is -- and I would commit to that is that we would not take any deposition -- I would have to see where the witnesses are located, but I don't think that there's -- certainly I don't

think there's more than 10 that are outside the court's jurisdiction, so if we can get the August 31 cutoff I would be willing to commit to not -- to only taking those 10 depositions provided we get that additional written discovery.

MR. JUDGE:  Okay.

MR. GIUFFRA:  I think we've actually made progress in the last ten minutes, so why don't -- why don't -- I'll talk to -- have this call.  I have another call which I can't get -- I can't skip.  Have a call with the team.  You and I will talk and I'll talk to the other -- we'll talk to the other defendants and we'll try to see what we can work out.

MR. FORGE:  Sounds good to me.

MR. JUDGE:  That sounds good to me as well.  I like this fostering of mutual respect and cooperation and love here.  This is -- we're turning over a new leaf.

MR. FORGE:  You mentioned, Special Master -- there was actually -- you're not going to like this proposal, but hear me out. I was thinking perhaps it would be best to copy you on the correspondence, you know, regarding

Page 31

these issues.  Seriously.  I think people behave better and you'll be up to speed in real time.  So if it wouldn't bother you I -- I would make that proposal just so, you know, you could ignore them or read them, but I --

MR. GIUFFRA:  What I would propose, look, again, what I would propose to have a -- not face-to-face, but telephone call or Zoom call 3:00 on Monday.  We can talk.  Then after the call obviously we'll have to go back to people because I don't have the power to just do everything on my own.  Come back to you, say this is what we're prepared to do, and then what would make sense, I have no problem with this, which goes on in a lot of cases -- again, I do cases all around the country and I deal with a lot of discovery disputes, to my chagrin.  We could each decide if we agree and I will endeavor to try to come up with something that's reasonable.  I'm happy to agree.  Would be at like -- you pick the time, Special Master, we could each send you a letter, there's a disagreement as to these are the points we're agreeing on, these are the points we're in disagreement on, and then when

Page 32

you walk into the next call on Tuesday or Thursday -- excuse me -- you will have already had it.  That's probably -- that's a very standard way to deal with this kind of thing.

MR. FORGE:  That's how we did it originally.  There was -- each side's basically proposed, or there might be more than two sides, that the parties proposed.

MR. GIUFFRA:  I have no problem -- we could send that to you.  You pick the time. You want us to get it to you by 5:00 on Wednesday?

MR. JUDGE:  Yeah.  Mr. Forge, you were doing so well until you requested that I get copied on everything.  But I understand that provides some kind of -- I don't know what it's called, civility control on the communications back and forth.

MR. FORGE:  Yes.

MR. JUDGE:  But I also don't want the parties, you know, posturing for my sake or, you know, using it as an opportunity to argue to me with a, you know, a de facto argument as opposed to actual fostering real communication between the two sides.  You know, I would say

talk.  If you can give it to me -- let me see. 5:00 Wednesday?  Yeah, that would work.  By 5:00 Wednesday provide me with either a joint proposal or, you know, just -- it doesn't -- not real briefing, just an email communication, a letter, anything that tells me where the sides are, where you're agreeing, where you're disagreeing, if -- you know, I would say the communications back and forth, the oral communications, the emails back and forth, keep them civil, keep them cooperative.  If someone's going off the rails, you know, there's always the threat where you can attach that as an attachment to the letter and I'll read it and then I'll be annoyed with one party or the other, but I don't need to see it in real time.  I don't want to interject myself or impose myself on the negotiations.  I'd rather have you discuss it freely off the record unless I need to get involved.

MR. FORGE:  Okay.  The one thing about next Thursday, I'm going to be flying on Thursday.  It's totally -- totally fine.  Dave Mitchell or someone else from my office can -- can cover that.  If we do it Friday morning, I

can cover it. So I defer to you and everybody else. We will have our position. I will talk to Bob. We will -- we will -- you will know our position. It's just a question of whether we go forward on Thursday morning or Friday morning or some other time.

MR. GIUFFRA: I have something I can't move on Friday morning. I could do later in the day or I could do -- when does your plane land?

MR. FORGE: It's not until late. It's an international flight.

MR. GIUFFRA: Okay. Yeah, I've been on those.

MR. JUDGE: Friday morning is problematic for me. I have a mediation starting at 9:00 my time. I could do it earlier than that, but I recognize an 8:00 or earlier puts the plaintiffs waking up very, very early.

MR. GIUFFRA: I could do Monday, if you want to do Monday at like 10 or 10:30.

MR. FORGE: We can do Thursday or Friday at 8. Friday at 8 is fine. I mean, it's out -- I'll be in a different time zone

Page 35

still anyhow, so Friday at 8.

MR. GIUFFRA:  I have something -- I have things that go from 8:30 to, it looks like, 1:30 on Friday.

MR. FORGE:  Thursday, it's totally fine to have somebody else cover that for me.

MR. JUDGE:  Are you sure?  I mean, we could -- I could do it literally anytime Monday on the 20th, the following, or if you do want to have someone else cover it Thursday.  It's up to you.

MR. GIUFFRA:  Monday is fine with me. I mean, I don't think there's any magic to any of this.  And if we did Monday we could also -- we could also move the deadline on when we have to give you the stuff.  That may give us more time to see if we can work this out.  Generally I -- there's a lot of things people can say about me.  I generally try to get along with people.

MR. FORGE:  Monday's fine.

MR. JUDGE:  Monday's fine?  What time Monday works for everyone?

MR. GIUFFRA:  I could do anytime between 10 and 12:30.

MR. JUDGE:  Mr. Forge?

MR. GIUFFRA:  10 and 12, actually. 10 and 12.

MR. JUDGE:  Mr. Forge?

MR. FORGE:  I'm at your disposal. Whatever works for everybody.  I'll make it work.

MS. ISRAEL:  Can we just clarify which Monday we're talking about?  The 13th?

MR. McCAFFREY:  The 20th.

MR. JUDGE:  The 20th.

MS. ISRAEL:  Okay.

MR. GIUFFRA:  How about 11:00?

MR. JUDGE:  11:00 works for me.

MR. McCAFFREY:  Eastern.

MR. JUDGE:  Yes.

MR. GIUFFRA:  We just need to be done by -- for me I'd have to be done at 12, 12- -- I have a meeting at 12:30 that I have to go to.

MR. JUDGE:  We'll be done by then. Okay.  So let's say by close of business on April 16 you get me either your joint proposal or your letters.  We will not have our conference on April 16.  And I am doing it

Page 37

close of business by April 16 so if I have questions either by phone or by email on the 17th and try to get some answers before Monday. And then we will reconvene for a conference on April 20 at 11:00 Eastern Standard Time, and I will be sending a new link to everyone for a supplemental status conference. Does that sound agreeable to everyone?

MR. GIUFFRA:  That's great.

MR. FORGE:  Yes.  Thank you.

MR. JUDGE:  All right.  I appreciate it.  Are there any other issues we need to take up today?

MR. FORGE:  Not from plaintiff. Thanks.

MR. GIUFFRA:  Not from defendants.

MR. JUDGE:  All right.  Thank you, everyone.  I'll be working on the report and recommendation.  Looking forward to your submissions.  The omnibus report and recommendation, now given the schedule we just set, I'm looking to put it on either the afternoon of the 20th now or the 21st because I wanted to address the case schedule as well, but you'll have that forthcoming.  I appreciate

your efforts, and if you need me in the meantime please reach out.  And we're off the record.

(Proceedings concluded at 11:44 a.m.)

Page 39

STATE OF WISCONSIN    )

                      ) ss.

COUNTY OF WAUKESHA    )

        I, ANNICK M. JAQUET, RMR, CRR, Notary Public in and for the State of Wisconsin, do hereby certify that the preceding deposition was recorded by me and reduced to writing under my personal direction.

        I further certify that said deposition was taken remotely before me on the 9th day of April, 2026, commencing at 11:06 a.m. and concluding at 11:44 a.m. ET.

        I further certify that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

        In witness whereof, I have hereunto set my hand at Milwaukee, Wisconsin, this 10th day of April, 2026.

                ANNICK M. JAQUET, RMR, CRR
                Notary Public
                in and for the State of Wisconsin

My commission expires September 29, 2029.

**[& - 94111]**

Page 1

### &

**&**  2:2,18 3:2
  4:2,7,19 5:2

### 1

**10**  23:23 25:12
  30:1,4 34:22
  35:25 36:2,3
**10004**  3:5
**10013**  2:20
**10017**  4:21
**1050**  4:8
**10:30**  34:22
**10th**  39:20
**1100**  3:20 4:8
**1114**  2:15
**11:00**  36:13,14
  37:5
**11:06**  1:19 6:3
  39:10
**11:44**  1:19 38:4
  39:11
**11th**  4:20
**12**  36:2,3,18,19
**125**  3:5
**127**  4:4
**12:30**  35:25
  36:19
**13th**  21:19 22:3
  36:9
**16**  36:23,25
  37:1
**1735**  5:8

**17th**  37:3
**18**  6:15
**1900**  2:7
**19103**  5:8
**1:30**  35:4

### 2

**20**  23:24 24:9
  25:11 37:5
**2000**  4:4
**20036**  4:8
**202**  4:9
**2026**  1:18 15:7
  39:10,20
**2027**  16:25
**2029**  39:25
**2049**  39:22
**20th**  35:9 36:10
  36:11 37:23
**212**  2:20 3:6
  4:21
**215**  5:9
**216**  3:21 4:5
**21st**  37:23
**227-2000**  5:4
**231-1058**  2:8
**23f**  20:15 25:23
  26:11,22 27:22
  27:22
**250**  2:19
**275**  2:22
**281-3655**  4:13
**29**  39:25

**2900**  5:3
**29th**  2:22
**2:20**  1:8

### 3

**30**  24:10 25:12
**31**  15:7 16:11
  30:3
**325**  4:12
**330**  3:16
**355-9500**  2:20
**3785**  1:8
**388**  3:15
**3:00**  21:18 31:9

### 4

**41**  5:3
**415**  2:23
**43215**  2:15
  3:11 4:13 5:4
**44113**  3:21
**44114**  4:4
**44311**  3:16
**450**  4:20
**450.3976**  4:21
**464-5432**  3:12
**488-0400**  2:16
**4th**  20:12,25
  21:2 25:22

### 5

**5**  23:23
**50**  24:10
**500**  3:15

**51st**  5:8
**52**  3:11
**535-5711**  3:16
**558.4000**  3:6
**5:00**  32:11 33:2
  33:3

### 6

**600**  4:12
**614**  2:16 3:12
  4:13 5:4
**619**  2:8
**621-0200**  4:5
**655**  2:7
**665-8500**  5:9
**696-2678**  3:21
**6th**  18:6,8,11
  18:14,20 21:5
  26:16

### 7

**7th**  20:16 21:1
  25:23

### 8

**8**  34:24,24 35:1
**861.1534**  4:9
**8:00**  34:18
**8:30**  35:3
**8th**  2:19

### 9

**9**  1:18 6:3
**92101**  2:8
**94111**  2:23

| | | | |
|---|---|---|---|
| **950** 3:20 | **affect** 13:6 | **appeal** 12:16 | **attempt** 7:11 |
| **956-1000** 2:23 | 20:20 21:2 | 18:4,6 22:14 | **attorney** 39:13 |
| **9:00** 34:17 | 26:23 | 22:19 28:1 | 39:15 |
| **9th** 39:9 | **afternoon** 22:7 | **appeal's** 22:17 | **augmented** |

**a**

**a.m.** 1:19,19 38:4 39:10,11
**able** 7:23 16:24 29:7
**absence** 18:19
**absolute** 22:12
**absolutely** 11:2 14:19 27:18
**accomplish** 15:20
**accounts** 27:24
**action** 1:8 2:24 39:17
**actions** 1:11 19:1
**actual** 32:24
**actually** 19:1 27:7 30:8,22 36:2
**addison** 4:15
**additional** 29:4 29:10,11 30:5
**address** 37:24
**addressing** 10:13
**admissible** 8:5
**admission** 29:12

**affect** 13:6 20:20 21:2 26:23
**afternoon** 22:7 37:23
**ag's** 7:7
**ago** 8:21
**agree** 21:22 31:18,21
**agreeable** 37:8
**agreed** 22:9
**agreeing** 31:24 33:7
**agreement** 7:24 15:13 23:4 29:8
**ahead** 28:24
**akron** 3:16
**allow** 7:16,17 26:18
**allowed** 16:14
**analysis** 8:12
**anderson** 4:15
**annick** 1:24 39:3,22
**annoyed** 33:15
**answer** 15:9 29:17,21
**answers** 37:3
**anticipate** 6:17
**anytime** 35:8 35:24
**anyways** 23:14

**appeal** 12:16 18:4,6 22:14 22:19 28:1
**appeal's** 22:17
**appear** 7:17
**appearing** 1:24 2:17,24
**appellate** 25:19
**appreciate** 9:7 37:11,25
**appropriate** 16:21 17:24
**april** 1:18 6:3 36:23,25 37:1 37:5 39:10,20
**argue** 32:22
**argument** 20:13 25:21 32:23
**arising** 8:14
**arthur** 5:2
**asking** 28:11
**aspirational** 17:15,16 19:4 23:6
**aspirations** 17:17
**assume** 16:23 17:5
**assumed** 12:12
**asterisks** 28:6
**attach** 33:13
**attachment** 33:14

**attempt** 7:11
**attorney** 39:13 39:15
**augmented** 25:1
**august** 15:7 16:11 19:22 21:10,12 24:22 30:3
**available** 20:1
**avenue** 3:20 4:8 4:20
**aware** 29:1

**b**

**baby** 19:7
**back** 15:10 31:10,12 32:18 33:9,10
**baker** 4:2,7
**bakerlaw.com** 4:5,6,9
**ball** 21:15
**ballard** 5:7
**ballardspahr....** 5:9
**bar** 28:19
**barr** 4:7
**basically** 32:6
**basil** 2:14
**battery** 2:22
**beginning** 13:17

[behalf - commit]

behalf 2:17,24 3:8,13,17,23 4:10,14,22 5:5 5:10
behave 31:2
believe 19:25 20:13,20 25:16
belonging 8:2
benefit 25:7
bernstein 2:18
best 25:3 30:24
beth 3:4
better 31:2
beyond 24:22
bit 12:24 15:14
blamed 16:1
bob 29:1 34:3
bother 31:3
boulevard 4:12
brian 2:14
briefed 10:6
briefing 10:8 10:17,21 33:5
briefly 11:4
bring 29:8
brings 11:3
broad 3:5
broadway 2:7
brouse 3:14
brouse.com 3:17
business 36:22 37:1

c

c 2:1 3:1,15 4:1 5:1
cabraser 2:18
calendar 21:16
california 2:8 2:23
call 17:15 30:11,11,12 31:8,9,10 32:1
called 32:17
camp 16:7
carole 4:3
carveout 27:2,3
case 7:1,22,24 10:14 11:19 12:23 14:13,23 15:1 16:22,24 17:2,9,17 18:1 18:9,22,23 20:12,22,25 21:2 23:7 24:14 25:17 26:11 37:24
cases 16:20 17:10 31:15,16
category 8:3
cause 28:19,19
cert 12:19 22:14 25:17 26:9 27:20
cert's 22:14

certain 8:5 17:2 22:13 24:6
certainly 11:23 12:7 26:23 29:25
certification 12:15,15 17:20 20:9,21 27:17
certified 11:16 12:1,5
certify 39:5,8 39:12
cetera 8:2
chagrin 31:18
chambers 7:10 22:23
change 16:20 25:25
changed 14:10
charles 4:10
chief 20:23 21:3 26:13
choose 24:21
christopher 4:16
circuit 18:6,8 18:11,14,20 20:12,16,19 21:1,2,2,5 25:22,23 26:16
civil 1:8 33:11
civility 32:17
clarify 36:8

class 2:17 11:16 12:1,4 12:19 14:6 17:20,21 20:9 20:21 22:14,14 25:16 26:9 27:20
clear 7:20 14:21 24:14
cleveland 3:21 4:4
clients 24:3,3
close 12:13 36:22 37:1
cocalis 2:4
columbus 2:15 3:11 4:13 5:4
comcast 20:14 20:16
come 6:16 12:13 13:11 14:2 21:24 22:3 23:2,3 26:8 28:14 29:7 31:12,19
comedy 23:10
comes 12:16
coming 25:22
commencing 39:10
commission 39:25
commit 29:22 30:3

**[commitment - demonstrated]** Page 4

**commitment** 16:8,10

**communication** 32:24 33:5

**communicati...** 32:18 33:9,10

**concluded** 38:4

**concluding** 39:11

**concrete** 14:14 28:3,4

**confer** 21:23 29:2

**conference** 1:15 6:4,6,10 6:13 15:12 22:6 36:25 37:4,7

**confidential** 7:15,22

**confidentiality** 7:12

**connecticut** 4:8

**conover** 2:5

**considers** 7:1

**consistently** 23:8

**consolidated** 6:4

**contingent** 12:18 27:19

**control** 32:17

**conversation** 11:21

**cooperation** 30:19

**cooperative** 21:7 33:11

**copied** 32:15

**copy** 8:16 30:24

**corp** 1:6 3:8

**corresponden...** 30:25

**counsel** 1:16 20:3 39:13,15

**country** 31:16

**county** 1:24 9:21 39:2

**couple** 14:21

**court** 1:1 6:9 6:21 9:25 10:2 10:15 13:5 20:18

**court's** 24:17 30:2

**courts** 20:19

**cover** 33:25 34:1 35:6,10

**covered** 27:5

**crendon** 4:5

**criminal** 7:5 16:6,9,12

**cromwell** 3:2

**crr** 1:24 39:3 39:22

**current** 10:17

**cutoff** 15:4,7 16:10 19:7,8 20:6 24:22 30:3

**cv** 1:8

**d**

**d** 3:4 4:16

**d.c.** 4:8

**damages** 12:2 27:1 28:5

**daniels** 2:6

**dashed** 17:3

**date** 6:15 11:16 12:24 13:2 14:4,17 17:24 18:17 21:12,12 21:13 22:13,21 24:6,8 26:8

**date's** 14:11

**dates** 23:3

**dave** 33:23

**david** 19:25

**davis** 4:19

**davispolk.com** 4:22

**day** 4:11 34:9 39:9,20

**de** 32:23

**deadline** 14:15 15:24,25 16:3 16:5,16,17 22:10,11 24:6 27:21,23,24

28:3,4,7,17,17 35:15

**deadlines** 14:14 16:19 17:8 18:17,19 22:25 23:5 28:14

**deal** 31:16 32:4

**death** 15:18

**decide** 21:14 26:3 31:18

**decision** 10:22 18:12,15

**dedesignate** 7:17

**dedesignations** 8:17

**defendant** 3:8 3:13,17,23 4:10 5:10

**defendants** 4:14,22 5:5 18:25 20:3 27:12 30:14 37:16

**defer** 34:1

**define** 12:20

**delay** 15:19,22 25:6

**delaying** 24:21 25:2

**demetriou** 4:15

**demonstrated** 17:9

**[depend - everybody]**

depend 25:4
deposition 29:23 39:5,8
depositions 19:12 23:23,24 23:24 24:10,10 24:10 25:7,12 25:12,13 29:3 29:12 30:4
description 9:17
designated 7:18
designation 7:12
desire 14:13
detailed 28:10
dictate 18:11
dictates 15:23
diego 2:8
different 8:3 34:25
direct 2:24
direction 39:7
directly 39:16
disagree 16:18 20:22 25:18
disagreeing 33:8
disagreement 31:23,25
discovery 7:5 8:13 11:23,24 12:6,7,8,14,17

12:17 13:7,12 13:24 14:3 15:3,7 16:10 16:13 19:7,8 19:16 20:6 22:10,11,16,24 23:16,19 24:1 24:7,16,18,22 24:23,24 25:1 25:2,4 26:2,3,9 26:18,24,24 27:4,5,16,19 28:3,4,5,9,14 29:4,20 30:6 31:17
discuss 11:23 20:6 21:11 28:13 33:19
discussed 7:10 11:4
discussion 6:21 7:7 10:7 11:6 22:5
discussions 9:8 10:9 22:8,22 29:6
disinclined 28:12
disposal 36:5
dispute 9:17,19 9:20
disputes 31:17
district 1:1,2

division 1:3
document 1:10
documentary 8:4
documents 8:1
doing 11:20 32:14 36:25
donald 4:16
dowd 2:2
dowling 3:23 8:11 11:1 16:7 20:4 24:19 26:6,6
downside 17:7
draft 10:11
drafting 13:9,9
dublin 2:15
duffy 4:12

**e**

e 2:1,1,1,1 3:1,1 3:1,1 4:1,1,1,1 4:10,17 5:1,1,1 5:1,10
earlier 34:18 34:19
early 13:17 34:20
easily 10:3
east 3:11
eastern 1:3 21:18 36:15 37:5

efforts 38:1
either 9:3 16:10 26:12 33:3 36:23 37:2,22
ejtaft 3:12
elizabeth 5:7
ellis 3:19
email 23:15 33:5 37:2
emails 8:2 33:10
emily 3:10
employee 39:13 39:14
encourage 13:10 21:22,25 23:3
endeavor 20:4 31:19
energy 11:5
enter 8:9 26:13 26:14
entertain 23:4 28:15
ephemeral 24:9
especially 13:4
et 1:19 8:2 39:11
evaluating 20:24
eventual 27:22
everybody 10:7 14:23 19:5 34:1 36:6

**[everybody's - giuffra]** Page 6

**everybody's** 19:10
**evidence** 8:4
**evidentiary** 7:2 8:1
**example** 11:15 23:25
**exchange** 29:3 29:10,12,15
**excuse** 14:25 16:12 32:2
**exists** 24:25
**expect** 16:7
**experienced** 17:10
**expert** 11:24 12:6,17 14:3 22:10,16 26:8 26:18,24 27:4 27:5,16,18 28:4,5,9
**experts** 12:3,21 27:1,2,4
**expires** 39:25
**expressed** 22:12
**extent** 11:24 22:24 28:10

**f**

**f** 2:4 3:4 4:16
**face** 18:2 31:8,8
**fact** 11:23 12:7 12:8,14,17

13:6,12,24 15:3,7 16:10 16:13 18:19 19:6,8,16 20:6 22:10,11,15 23:16,19 24:22 26:2,3,23 27:4 28:3
**facto** 32:23
**factors** 25:5
**fair** 11:13
**fairweather** 3:15
**falls** 13:1
**family** 19:10
**favret** 3:20
**fear** 16:15
**feel** 8:8 25:8
**field** 21:15
**figure** 12:8 24:11 26:4,7
**filed** 17:18
**fill** 6:10
**financially** 39:15
**find** 21:10
**fine** 13:21,24 21:10 22:1 33:23 34:24 35:6,12,21,22
**firm** 28:17
**first** 6:7 11:5 14:21 15:5 18:13 26:12

**firstenergy** 1:6 3:8 6:5
**fite** 5:3
**flight** 34:12
**floating** 27:21
**floor** 2:19,22 4:20 5:8
**flying** 33:22
**following** 6:19 25:11 35:9
**forge** 2:3 9:13 9:15 10:19 11:9,21 14:18 14:20 20:2,5 20:22 21:20 23:18 24:13 26:25 28:10,21 28:23,25 29:14 29:19 30:16,21 32:5,13,19 33:21 34:11,23 35:5,21 36:1,4 36:5 37:10,14
**forge's** 14:12
**forget** 26:25
**forth** 32:18 33:9,10
**forthcoming** 37:25
**forward** 7:2 11:19 12:6 13:12,24 14:13 18:1,23,24 19:1 23:11

29:5 34:5 37:19
**fostering** 30:18 32:24
**francisco** 2:23
**freely** 33:19
**friday** 6:16 14:22 22:7 33:25 34:5,8 34:15,24,24 35:1,4
**front** 29:5
**frustration** 14:12
**further** 22:20 39:8,12

**g**

**gathered** 6:3
**gay** 3:11
**geller** 2:2
**general** 27:9
**generalities** 28:13
**generally** 35:17 35:19
**george** 4:15
**giuffra** 3:3 11:11 13:21 14:2,8 19:18 19:19,23 23:12 23:22 25:9 27:7 28:11 29:18 30:8

**[giuffra - issue]**

31:6 32:9 34:7
34:13,21 35:2
35:12,24 36:2
36:13,17 37:9
37:16
**giuffrar** 3:6
**give** 17:4,23
18:12 28:16
33:1 35:16,16
**given** 16:22
37:21
**giving** 15:9
20:10
**go** 7:24 15:10
26:18 28:24
29:6 31:10
34:5 35:3
36:20
**goes** 12:19
20:20 21:3
31:15
**going** 7:2 12:5
12:19,25 13:8
13:12 14:11,16
16:9,12,23
17:5,6,20 18:1
18:5,5,10,18
19:9,10,12,13
19:17 20:10,10
23:15 24:18
25:4 26:5 27:1
28:2,18,25
30:23 33:12,22

**good** 6:2 25:19
28:18,19 30:16
30:17
**graduations**
19:11
**granted** 25:24
26:11,20 27:22
**great** 28:11
37:9
**greater** 25:6
**guess** 18:7
**guys** 28:13

**h**

**h** 2:3 4:12
**hand** 9:5 39:19
**happen** 17:1,1
17:5,6,7,20
19:9
**happened** 6:9
9:18
**happens** 16:19
27:25 29:19
**happy** 8:19 9:1
9:6 10:8 11:20
13:22 31:20
**hear** 18:24
30:23
**heard** 11:11
14:18
**heimann** 2:18
2:22
**held** 1:15

**helen** 5:3
**help** 18:1
**helpful** 23:13
23:17 25:10
**hereunto** 39:18
**hfite** 5:5
**high** 5:3 28:19
**highly** 8:7
**hilary** 3:3
**hillary** 2:6
**honestly** 8:24
**hope** 22:2
**hoped** 17:1
**hopes** 17:3
**hostetler** 4:2,7
**hour** 29:2
**hstakem** 2:12
**hudson** 2:19

**i**

**idea** 11:15
**ignore** 31:5
**iii** 3:20 4:16
**illusion** 14:11
**impose** 33:18
**impossible**
19:12
**inadmissible**
8:7
**incapable** 15:8
**includes** 28:5
**including** 10:14
14:6

**incorrect** 10:10
10:16
**indicated** 25:6
**indirectly**
39:16
**inevitable**
27:22
**influence** 23:9
29:16,20
**inherently**
15:22
**interested**
13:19 39:16
**interject** 33:17
**international**
34:12
**interrogatories**
29:11
**intersect** 24:20
**interview** 7:21
**interviews** 8:6
**investment**
24:1
**involved** 6:22
15:1 33:20
**israel** 4:3 6:8
6:12,24 7:9
8:18,23 9:6,11
10:20 16:4
36:8,12
**israel's** 9:17
**issue** 10:13
13:6 15:21
20:9,14,17

**[issue - lisowski]** Page 8

21:5 29:8
**issues** 7:2 8:13 9:10 10:3 11:17 12:2 14:2 18:3 20:17,21 23:10 24:19 25:17,20 26:6 31:1 37:12
**issuing** 22:1

**j**

**j** 2:19 3:3,10 4:14,15,15
**james** 4:16 5:10
**january** 8:24
**jaquet** 1:24 39:3,22
**jason** 2:3 4:14 13:22 21:8,16 23:12
**jbarr** 4:9
**jdaniels** 2:12
**jeremy** 2:6
**jerry** 4:17
**jfairweather** 3:17
**jforge** 2:9
**john** 3:13,15,19 3:20 4:12,18
**john.favret** 3:22
**john.mccaffrey** 3:22

**johnson** 4:16
**joint** 33:3 36:23
**jolson** 18:22
**jonathan** 4:7
**jones** 4:10,11 8:10 16:7 20:4 24:19 26:5,6
**jonesday.com** 4:14
**joshua** 4:20
**joshua.shinbrot** 4:22
**jr** 3:3
**judge** 1:16 3:13 6:2,14,20,25 7:6,19,25 8:14 8:22 9:2,7,12 9:21,22 10:24 11:1,2,10 12:10 14:1,7,9 14:18,19 18:3 18:21,21 19:18 19:21,24 20:23 21:3,21 22:22 26:13 27:14 28:22,24 29:13 30:7,17 32:13 32:20 34:15 35:7,22 36:1,4 36:11,14,16,21 37:11,17
**judge's** 7:15 8:16

**judgment** 26:17
**julia** 4:15
**july** 15:17
**juncture** 13:2
**jurisdiction** 24:17 30:2
**jury** 6:15,16,17

**k**

**k** 2:14 4:18
**keep** 16:14 23:8 33:10,11
**kevin** 2:7
**kind** 15:10 16:5 17:22 24:8 29:9 32:4,16
**know** 7:11 8:23 8:24 9:4,24 10:1,4,11,18 11:5,12,15,23 12:1,2,4,5,12 12:18 13:13,18 14:10,12 15:16 17:18,19 18:9 18:10,18,21,22 18:23 19:9,11 19:25 20:6,10 20:12 21:13,18 21:18 22:21 23:9 24:5 25:15,21,22,24 26:12 28:6 29:1 30:25

31:4 32:16,21 32:22,23,25 33:4,8,12 34:3
**knowing** 17:8
**ko** 2:5
**ksciarani** 2:13

**l**

**l** 4:15
**land** 34:10
**landscape** 25:25
**late** 22:6 34:11
**law** 7:1 26:14
**lawyers** 14:25 15:8
**lchb.com** 2:21 2:24
**leaf** 30:20
**legitimacy** 9:19
**length** 16:22
**leslie** 4:17
**letter** 31:23 33:6,14
**letters** 36:24
**lexington** 4:20
**lieff** 2:18
**lifted** 26:15
**lilly** 5:7
**lillye** 5:9
**lines** 27:15
**link** 37:6
**lisowski** 4:14

**[literally - murphy]** Page 9

literally 35:8
litigated 20:18
litigation 1:6
little 12:23,24
  15:13
liu 2:3
llp 2:2,14,18
  3:2,10,19 4:2,7
  4:19 5:2,7
located 29:24
lolts 2:10
long 15:19
  20:11 23:20
  26:16
longer 15:14
  16:1,15
look 16:18,25
  18:2 21:5,16
  24:13 25:16
  27:6 31:7
looking 37:19
  37:22
looks 35:3
lose 19:14
lot 9:15,18 13:3
  26:14 31:15,17
  35:18
love 30:19
lucas 2:4
luis 4:17

**m**

m 1:24 2:1 3:1
  4:1,15,17 5:1,3

39:3,22
made 30:9
magic 35:13
main 3:15,20
  11:3
make 9:5 11:22
  13:1 14:20,22
  16:8 17:7
  18:15 26:17
  31:4,14 36:6
makes 13:25
managers 24:2
marbley 18:3
  18:21 20:24
  21:3 26:13
marbley's
  22:23
marjorie 4:12
mark 2:5
market 5:8
master 6:12
  18:21 25:16
  30:22 31:22
materials 6:22
  7:5,8,13,14,21
  8:1,9 10:15
  13:5
matters 6:5
  9:14
mccaffrey 3:19
  6:8 10:25
  36:10,15
mcconnell 4:12

mcdowell 3:14
mconover 2:11
mean 9:22
  11:22 12:10
  17:4,4 21:16
  21:21 23:24
  26:24 28:12
  34:24 35:7,13
meaningless
  14:16
mediation
  34:16
meet 17:11
  29:2
meeting 36:19
menillo 3:4
menillon 3:8
mentioned
  30:21
message 18:20
miarmi 2:19
michael 2:19
  3:23 4:15
milwaukee
  39:19
minimum 19:4
minutes 30:9
misheff 4:16
mitchell 4:16
  33:24
mmiarmi 2:21
mmmb.com
  2:16

monday 6:7 9:9
  10:9 11:4,7
  14:10 20:5
  31:9 34:21,22
  35:8,12,14,23
  36:9 37:3
monday's 10:7
  35:21,22
month 15:25
  21:13
months 8:21,25
  19:16
mooted 22:19
morning 6:2
  33:25 34:5,6,8
  34:15
morris 5:2
moul 2:14
move 11:19
  12:6 13:4
  14:13 18:1,22
  18:23 19:1
  21:15 34:8
  35:15
moved 17:11
  23:6 28:7,18
moving 12:23
  13:24 22:18,21
  23:7,8,11
  28:20 29:5
mpduffy 4:14
murphy 2:14
  2:14,16

**[murray - pianalto]**

| | | | |
|---|---|---|---|
| **murray** 2:14 | **nw** 4:8 | 11:8,19 12:15 | 29:20 32:8,21 |
| **mutual** 30:18 | **o** | 12:16,21,22 | 39:14 |
| **n** | **o** 2:1 3:1 4:1 | 13:1 15:14,15 | **party** 7:17 |
| **n** 2:1 3:1 4:1,16 | 5:1 | 15:16 18:3,7 | 26:12 33:15 |
| 5:1 | **o'neil** 4:16 | 19:3 21:22,23 | **pass** 15:2 |
| **necessary** | **object** 15:15 | 28:2 | **passover** 19:25 |
| 27:23 | **obviously** | **orders** 7:4 8:20 | **past** 6:6 |
| **necessitate** | 16:18 20:24 | 16:20 | **paul** 4:15 |
| 10:5 | 29:7,16 31:10 | **originally** 32:6 | **pearson** 5:10 |
| **need** 12:3,3 | **offer** 8:12 | **outcome** 10:2 | **pease** 3:10 |
| 14:5 18:15 | **office** 7:7 33:24 | 15:23 27:20 | **pendency** 7:22 |
| 23:6,10,20 | **oh** 21:9 28:23 | **outside** 16:5 | **pending** 16:23 |
| 24:16 26:2,7 | **ohio** 1:2 2:15 | 24:17 30:1 | **pennsylvania** |
| 28:20 33:16,20 | 3:11,16,21 4:4 | **outstanding** | 5:8 |
| 36:17 37:12 | 4:13 5:4 | 10:13 | **people** 15:23 |
| 38:1 | **okay** 9:12 | **overall** 9:25 | 21:9,22,23 |
| **needs** 12:20 | 11:10 17:15 | **overly** 10:4 | 24:2 25:18 |
| 23:17 26:3 | 21:20,21 29:13 | **own** 31:12 | 31:1,11 35:18 |
| **negotiations** | 30:7 33:21 | **p** | 35:20 |
| 33:18 | 34:13 36:12,22 | **p** 2:1,1 3:1,1,17 | **period** 22:13 |
| **new** 2:20,20 3:5 | **olts** 2:4 | 4:1,1,12 5:1,1 | 27:6 |
| 3:5 4:21,21 | **omnibus** 10:12 | **packet** 8:19 | **personal** 39:7 |
| 30:20 37:6 | 13:9 37:20 | **pappas** 4:17 | **pessimism** |
| **newton** 3:4 | **once** 7:18 | **part** 13:17 | 17:25 |
| **newtonb** 3:7 | **open** 11:17 | **partial** 12:22 | **peter** 2:5 |
| **nicholas** 3:4 | **opening** 6:18 | **participating** | **petition** 20:15 |
| **notary** 39:3,23 | **opportunity** | 16:14 | 20:15 25:23 |
| **nothing's** 18:18 | 32:22 | **particularly** | 26:11,20,22 |
| **notice** 14:6 | **opposed** 11:5 | 7:20 15:20 | **philadelphia** |
| 17:21 | 11:14,14 32:24 | 20:3 | 5:8 |
| **number** 6:5 | **oral** 33:9 | **parties** 10:6,16 | **phone** 19:5 |
| 21:11 29:15 | **order** 6:22 7:15 | 11:7 13:10,16 | 37:2 |
| | 7:20 8:16 11:5 | 23:2 27:14 | **pianalto** 4:17 |

**[pick - recognize]**

| | | | |
|---|---|---|---|
| **pick** 6:6 31:21 32:10 | **power** 31:11 | **progress** 30:9 | **quickly** 18:11 18:16 |
| **pko** 2:11 | **practical** 20:8 | **promptly** 12:23 13:4 | **quite** 10:1 23:9 |
| **plaguing** 15:19 | **pragmatism** 23:10 | **proposal** 9:10 | **r** |
| **plaintiff** 37:14 | **preceding** 39:5 | 11:8 13:13,20 | **r** 2:1,1 3:1,1 4:1 4:1,7 5:1,1 |
| **plaintiffs** 2:17 2:25 9:9 10:19 18:24 29:9 34:19 | **predict** 21:6 | 14:22 15:10 19:22 21:25 22:4 28:15 30:23 31:4 33:4 36:23 | **rachael** 4:3 |
| | **predicting** 25:19 | | **rachel** 2:4 |
| | **prejudice** 25:5 | | **rails** 33:12 |
| **plane** 34:10 | **prejudicial** 8:8 | **propose** 21:7 31:6,7 | **raising** 20:14 20:16 |
| **plans** 19:10 | **premature** 11:25 12:18,25 14:5 26:17 | **proposed** 13:11 15:6 16:11 22:10 29:9 32:7,8 | **rate** 29:10,15 |
| **plausible** 16:16 | | | **rather** 23:18 25:13 33:18 |
| **please** 6:11 9:2 10:10,18 13:18 28:24 38:2 | **prepared** 31:13 | | **rcocalis** 2:10 |
| | **pretrial** 6:13 | **protective** 6:22 | **reach** 13:18 38:2 |
| | **pretty** 25:18 | **provide** 33:3 | |
| **plenty** 28:8 | **prior** 6:25 7:3 8:10,16 10:8 10:21 | **provided** 30:5 | **reaching** 13:2 |
| **point** 11:3 13:14 17:19 | | **provides** 32:16 | **read** 9:3,4 31:5 33:15 |
| | **probably** 18:4 18:8 20:2 32:3 | **public** 4:4 8:10 39:4,23 | |
| **pointed** 16:4 18:2 | | | **real** 25:20 31:2 32:24 33:5,17 |
| **points** 31:24,25 | **problem** 11:25 15:5,17 25:15 31:14 32:9 | **put** 13:14 14:17 22:7 25:3 37:22 | |
| **polk** 4:19 | | | **realistic** 24:11 26:8 |
| **porter** 5:2 | **problematic** 26:10 34:16 | **puts** 34:19 | **really** 7:3 14:25 25:14 |
| **porterwright....** 5:5 | | **q** | |
| **position** 7:14 12:11 15:3,6 34:2,4 | **problems** 14:23 18:13 | **qualification** 28:6 | **reasonable** 16:17 21:15 27:8,10,12 31:20 |
| | **proceed** 22:15 | **question** 29:17 29:21 34:4 | |
| **possible** 22:9 | **proceeding** 8:7 22:17,17 | | **receive** 29:16 |
| **posturing** 32:21 | | **questions** 8:14 37:2 | **recognize** 26:2 34:18 |
| **potential** 27:3 | **proceedings** 6:1,8 8:5 10:2 38:4 | | |
| **potentially** 8:4 | | | |

**[recommendation - set]**

| | | | |
|---|---|---|---|
| **recommendat...** 10:6,12,23 12:25 13:10,15 22:8 37:19,21 | **remain** 7:21 | 19:6 21:17 24:25 29:21 37:11,17 | 19:2 28:2 |
| | **remote** 1:15 | | **sciarani** 2:7 |
| | **remotely** 1:24 39:9 | | **scope** 26:23 |
| **recommended** 23:2 28:2 | **remove** 7:12 | **ripe** 10:3,4,4 | **second** 9:8 11:3 |
| | | **risrael** 4:6 | **securities** 1:6 |
| **reconsider** 17:13 | **rendon** 4:3 | **rmr** 1:24 39:3 39:22 | **see** 10:1 13:23 18:25 21:24 23:1 27:25 29:6,24 30:15 33:1,16 35:17 |
| | **report** 10:5,12 10:22 13:9,15 22:7 37:18,20 | | |
| **reconvene** 37:4 | | **road** 2:15 | |
| **record** 24:25 25:19 33:19 38:3 | | **robbins** 2:2 | |
| | **reported** 1:24 | **robert** 3:3,17 | |
| | **reports** 26:14 | **rudderless** 18:14 | **seems** 21:14 |
| **recorded** 39:6 | **request** 10:22 10:25 24:12 | | **selection** 6:15 6:18 |
| **recordings** 8:6 | | **rudman** 2:2 | |
| **reduced** 39:6 | **requested** 32:14 | **rule** 26:16 | **send** 8:19 9:1 31:22 32:10 |
| **referenced** 8:17 | | **rulings** 6:25 | |
| **reffner** 3:17 | **requests** 29:11 | | **sending** 23:15 37:6 |
| **regard** 13:20 | **resolution** 13:5 26:22 | **s** | |
| **regarding** 7:1 8:17 9:9,13 11:7 13:12 15:3 30:25 | | **s** 2:1 3:1 4:1 5:1 | **sends** 18:19 |
| | **resolve** 8:13 18:6 | **sake** 32:21 | **sense** 9:25 11:22 13:25 31:14 |
| | | **san** 2:8,23 | |
| | **resolved** 26:10 | **sandra** 4:17 | |
| | **respect** 30:18 | **sater** 3:10 | **sensitive** 15:21 |
| **regardless** 12:14 27:17 | **rest** 13:16 | **saying** 18:10 20:25 29:21 | **september** 6:14 39:25 |
| | **retain** 13:14 | | |
| **reiterate** 10:21 27:6 | **reunions** 19:11 | **schedule** 13:12 17:12,12 18:9 24:11 37:21,24 | **serious** 20:21 24:15 |
| | **revisit** 27:3,23 | | |
| **relates** 1:10 | **reyes** 4:17 | | **seriously** 31:1 |
| **relative** 39:13 39:14 | **rgrdlaw.com** 2:9,9,10,10,11 2:11,12,12,13 | **scheduled** 20:14 | **set** 16:15,18 17:12,14,23 18:7 19:2,12 21:17 22:25 28:17 29:14 37:22 39:18 |
| | | **scheduling** 11:5,7,18 12:21,22 13:1 15:14,15,16,24 16:2,20 18:7 | |
| **relegate** 15:10 | | | |
| **reluctance** 17:14 | **rheimann** 2:24 | | |
| | **richard** 2:22 | | |
| **relying** 10:8 | **right** 9:22 10:11 14:17 | | |

**[setting - taylor]** Page 13

| | | | |
|---|---|---|---|
| **setting** 11:15 14:3,4,15 17:8 | **spahr** 5:7 | **status** 1:15 6:4 6:9,13 9:20 22:6 37:7 | **supplemented** 10:9 |
| **seven** 17:18 | **speak** 13:22 19:24 20:1,2,2 20:4 21:8 | **stay** 16:13 26:14,15 | **sure** 6:12 8:18 9:5,6 28:21 35:7 |
| **seymour** 3:10 | **special** 1:16 6:12 25:16 30:21 31:22 | **stayed** 10:23,24 26:21 | **surrounding** 12:2 |
| **shawn** 1:16 | **specific** 25:10 | **stays** 26:15 | **system** 29:3 |
| **shinbrot** 4:20 | **specifically** 6:24 7:4 | **step** 15:4,18,18 19:7 | **t** |
| **short** 13:1 | **speech** 20:11 | **steven** 4:15,17 | **t** 2:1 3:1 4:1,15 4:16 5:1 |
| **side** 18:4 | **speed** 31:2 | **strah** 4:18 | **taft** 3:10 |
| **side's** 32:6 | **spend** 23:25 | **straight** 15:9,9 | **take** 6:18 14:9 15:4,6 17:19 19:7 24:8,9,16 24:18,24,25 25:4,11 26:5 29:23 37:12 |
| **sides** 32:8,25 33:7 | **sphere** 8:10 | **street** 2:19,22 3:5,11,15 5:3,8 | |
| **signature** 39:22 | **spring** 16:24 | **strongly** 8:8 | |
| **significant** 25:17 | **square** 4:4 | **stuff** 25:20 26:10 35:16 | **taken** 7:13 39:9 |
| **situations** 15:22 | **ss** 39:1 | **submissions** 37:20 | **talk** 7:4 13:11 13:16 14:24 15:12 19:6 21:8 22:3 27:8 27:11,15 30:10 30:13,13,14 31:9 33:1 34:2 |
| **skip** 30:12 | **stakem** 2:6 | **submit** 8:15 | |
| **smart** 4:15 | **stand** 10:17,19 10:20 | **submitted** 9:3 | |
| **somebody** 35:6 | **standard** 32:4 37:5 | **subsequent** 22:19 | |
| **someone's** 33:12 | **start** 6:15 15:24 23:11 | **sue** 4:17 | **talked** 12:20 |
| **sorry** 22:16 28:23 | **starting** 34:17 | **sullcrom.com** 3:6,7,7,8 | **talking** 14:24 15:11,11 17:22 36:9 |
| **sort** 7:23 8:12 10:12 12:4 16:8 25:14,14 | **state** 6:9,21 7:7 7:11,13,25 10:2,15 13:5 15:2 16:6 39:1 39:4,23 | **sullivan** 3:2 | |
| | | **summaries** 8:6 | **target** 27:21 |
| **sorts** 14:5 | | **summer** 16:24 19:14,14,15 | **taylor** 4:18 |
| **sound** 37:8 | | **summit** 9:21 | |
| **sounds** 21:25 27:7 29:18 30:16,17 | **statements** 6:19 | **supplemental** 37:7 | |
| **south** 3:15 5:3 | **states** 1:1 | | |
| **southern** 1:2 | | | |

**[team - vs]**

| | | | |
|---|---|---|---|
| **team** 13:22 19:24 20:2 22:23 23:14 27:9 29:2 30:12 | 25:20 26:8,10 26:17,20 27:10 27:11,12 28:12 29:25 30:1,8 31:1 35:13 | **ting** 2:3 **tinkered** 28:8 **tliu** 2:9 **today** 10:10 19:4,25 37:13 | **two** 8:14 20:19 21:13 22:9 32:7,25 **type** 15:18 17:25 |
| **telephone** 31:8 | **thinking** 30:24 | **told** 23:19 | **u** |
| **tell** 23:16,18 24:7,18,20 | **thomas** 4:16 **thornton** 4:17 | **took** 26:16 **topic** 8:20 | **ultimately** 22:21 28:7 |
| **tells** 33:6 | **thought** 9:23 | **totally** 33:23,23 | **under** 39:6 |
| **ten** 30:9 | 10:11 12:11,11 | 35:5 | **understand** |
| **terms** 22:12 23:2 | 12:13 22:6,15 22:24 23:7 | **track** 25:19 **transcript** 6:1 | 10:24 14:12 32:15 |
| **thank** 9:12 11:2 37:10,17 | 27:16 28:1 **thoughts** 13:19 | **transparent** 9:23 | **underwriter** 4:22 5:5 |
| **thanks** 37:15 | 19:21 23:1 | **trial** 7:11 8:10 | **unfair** 11:13 |
| **thing** 7:3,19 11:12 21:4 24:5 32:4 33:21 | **threat** 33:13 **thursday** 22:2 22:4,7 32:2 33:22,23 34:5 | 11:15 12:24 13:2 14:4,4,11 14:17 16:6,9 16:12 17:17,23 18:17 22:21 | **united** 1:1 **unreasonable** 24:12 **update** 6:7 **urge** 17:13 |
| **things** 6:6 9:20 11:18,21 14:3 14:6,21 15:24 16:2 17:1 22:9 22:18 25:2 35:3,18 | 34:23 35:5,10 **tight** 23:5 **tighter** 17:11 17:12 **time** 7:10 8:24 15:4,21 16:19 | **trip** 19:10 **try** 8:13 16:13 16:24 17:6,23 24:14 27:10 30:15 31:19 35:19 37:3 | 27:14 **use** 9:24 16:9 16:12 **using** 32:22 |
| **think** 6:17 9:3 | 16:22 17:2,2 | **trying** 20:7 | **v** |
| 10:3,7 11:12 11:14,17,22,24 12:18,21,24 13:3 14:2,10 14:14 16:16,21 17:24,25 18:12 18:19 23:17,22 23:22 24:12 | 18:13 21:17,18 22:13 23:25 26:5,13,16 28:16 31:3,21 32:10 33:17 34:6,17,25 35:17,22 37:5 | **tucker** 3:19 **tuckerellis.com** 3:22,22 **tuesday** 32:1 **turner** 4:17 **turning** 30:20 | **versus** 25:2 **view** 8:2 26:21 **vine** 10:5 **vis** 9:21,21 **vorys** 3:10 **vorys.com** 3:12 **vs** 1:8 |

**[wait - à]**

| w | | |
|---|---|---|
| **wait** 15:13 16:15 18:5 22:20 23:1 | 30:8 **wednesday** 32:12 33:2,3 | **works** 21:11 35:23 36:6,14 |
| **waited** 9:24 10:1 23:8 | **week** 6:18 10:16 13:15,16 13:18 15:2 24:14 | **worth** 14:15 **wrap** 12:14 **wright** 5:2 |
| **waiving** 29:12 | **week's** 22:5 | **writing** 39:6 |
| **waking** 34:19 | **weekend** 13:17 | **written** 24:24 25:1,1 29:4 30:5 |
| **walk** 32:1 | **weekly** 6:4 | **wrong** 17:16 18:20 |
| **want** 9:4 10:17 14:20 18:8,22 18:23 19:19 21:5,6,17 22:18,20,20 23:5 24:6,7,9 25:11,15 27:8 27:11,24 28:16 32:11,20 33:17 34:22 35:9 | **weigh** 9:13,15 **went** 8:12 20:23 **west** 2:7 **whereof** 39:18 **williams** 3:3 **williamsh** 3:7 **willing** 13:14 23:4 27:6 28:15 30:3 | y |
| | | **yeah** 8:22 11:2 12:10 14:1,7,8 14:8,19,19 19:20,23 21:10 32:13 33:2 34:13 |
| **wanted** 37:24 | **wind** 19:3 | **year** 17:22 |
| **wants** 14:23 | **wisconsin** 1:24 39:1,4,19,23 | **years** 17:18 19:17 |
| **wardwell** 4:19 | **witness** 7:21 8:5 39:18 | **yesterday** 6:10 6:14,21 |
| **warp** 8:24 | | **york** 2:20,20 3:5,5 4:21,21 |
| **washington** 4:8 | **witnesses** 24:16 29:24 | |
| **waukesha** 1:24 39:2 | **work** 7:23 20:7 24:4 30:15 33:2 35:17 36:7 | z |
| **way** 12:8 14:4,4 17:5,11 19:2 21:14 25:3 32:4 | | **zone** 34:25 **zoom** 31:8 |
| | | à |
| **we've** 9:24,24 11:13,14 17:8 17:9 19:5 23:8 | **worked** 24:2 **working** 13:8 37:18 | **à** 9:21 |