**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) |
| | No. 2:20-cv-03785-ALM-KAJ |
| | CLASS ACTION |
| This Document Relates To: | ) ) |
| ALL ACTIONS | ) ) ) ) ) |
| | Judge Algenon L. Marbley |
| | Magistrate Judge Kimberly A. Jolson |
| | Special Master Shawn K. Judge |
| MFS Series Trust I, et al., | ) ) |
| | Case No. 2:21-cv-05839-ALM-KAJ |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| FirstEnergy Corp., et al., | ) ) |
| Defendants. | ) ) |
| Brighthouse Funds Trust II – MFS Value Portfolio, et al., | ) ) |
| | Case No. 2:22-cv-00865-ALM-KAJ |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| FirstEnergy Corp., et al., | ) ) |
| Defendants. | ) ) |

**DIRECT ACTION PLAINTIFFS' SUBMISSION IN RESPONSE TO THE SPECIAL MASTER'S DIRECTIVE DURING THE APRIL 9, 2026 STATUS CONFERENCE**

Plaintiffs in the *MFS* and *Brighthouse* actions[1] ("Direct Action Plaintiffs") commenced their cases more than four years ago, and the related securities class case (the "Class Action") has been pending for six years.  While the delay in setting a firm case schedule is due to factors largely outside of this Court's control—including FirstEnergy's nearly two-year-long Rule 23(f) appeal of the Court's prior class certification order as well as the still-pending criminal proceedings against former FirstEnergy executives Charles Jones and Michael Dowling—the passage of time has threatened to impair all Plaintiffs' ability to prosecute their claims.  The Court should set a course for these long-pending cases to proceed to trial.

In accordance with the Special Master's instruction during the April 9, 2026 status conference, Direct Action Plaintiffs make the following proposals.  *First*, the Court should adopt the pretrial and trial schedule proposed below for the Direct Actions and the Class Action, which accords with Class Plaintiffs' submission (subject to one modest exception addressed *infra* at 2 n.2).  *Second*, the Court should either (a) order that Jones and Dowling are subject to this schedule—with no further delays based on their pending or future criminal proceedings—and will be tried jointly with the other defendants; or (b) stay all claims against Jones and Dowling and order that they be tried separately.

## I.     The Court Should Set a Schedule for Remaining Fact and Expert Discovery, Dispositive Motions, and Trial.

Nearly two years ago, the Court expressed concern that staying these cases during FirstEnergy's Rule 23(f) appeal would pose "a substantial risk of injury to Plaintiffs['] claims (and also to Defendants' defenses) considering the risk of lost evidence due to death and fading memories."  *In re FirstEnergy Corp. Sec. Litig.*, 751 F. Supp. 3d 853, 860 (S.D. Ohio 2024).

---

[1] *MFS Trust I, et al. v. FirstEnergy Corp., et al.*, No. 21-cv-05839; *Brighthouse Funds Trust II – MFS Value Portfolio, et al. v. FirstEnergy Corp., et al.*, No. 22-cv-00865.

While the Court helped ameliorate that risk by denying FirstEnergy's request to stay fact discovery, the dangers of prejudice due to lost or stale evidence as well as diminished witness memories have become even more acute with the continued passage of time and the ongoing criminal proceedings against Jones and Dowling. The Court should facilitate "the just, speedy, and inexpensive determination" of these cases, Fed. R. Civ. P. 1, by setting a reasonable and firm schedule. *See Woods v. Target Corp.*, 2021 WL 6882401, at *3 (W.D. Ky. June 16, 2021) (directing the parties to "submit a **final** proposed scheduling order" with "reasonable deadlines that reflect meaningful consideration of Fed. R. Civ. P. 1 and take into account both the age of the case and the amount of time actually required to complete the items described by the Court").

Direct Action Plaintiffs agree with the general timelines in Class Plaintiffs' proposal:

- Fact Discovery Deadline: **August 31, 2026**[2]

- Initial Expert Reports: **September 30, 2026**

- Rebuttal Expert Reports: **November 20, 2026**

- Reply Expert Reports: Like Class Plaintiffs, Direct Action Plaintiffs do not believe reply reports are necessary, but in the event the Court includes them, it should set a **January 15, 2027** deadline.

- Expert Discovery Deadline: **March 1, 2027**

- Dispositive Motions (including *Daubert* Motions): **April 16, 2027**

- Start of Trial: **September 13, 2027** (with a final pretrial conference set for approximately 30 days before trial)

---

[2] Class Plaintiffs include a caveat to this proposed deadline to account for pending discovery disputes and potential reopened depositions of Jones and Dowling. Direct Action Plaintiffs appreciate the information imbalance resulting from Jones and Dowling's access to certain materials from the Ohio state criminal proceedings that are not presently available to other parties in this litigation. But given the uncertainty as to when that information will become available and the already significant delay in completing fact discovery in these proceedings, Direct Action Plaintiffs do not believe the discovery deadlines—at least in the Direct Actions—should turn on when (or whether) those materials are produced.

During a recent meet-and-confer, FirstEnergy conveyed its opposition to setting a trial date in light of the pending class certification proceedings.  That the scope of the Class Action is not yet fully determined does not warrant leaving the case schedule open-ended.  These cases have already been pending for years and involve events that go back nearly a decade; continuing to allow the litigation to proceed without a designated end date would risk further delay and impede the parties' ability to plan for trial.  Setting a trial date, on the other hand, will focus the parties and encourage them to act efficiently and (where possible) cooperatively to lead these cases to conclusion.

Further, as with any scheduling deadline, the Court can modify the trial date should the need arise.  *See* Fed. R. Civ. P. 16(b)(3)(B) and (b)(4) (providing that a scheduling order may, among other things, "set dates for pretrial conferences and for trial," and may be modified "for good cause and with the judge's consent").  That is far preferable to assuming at the outset that these cases cannot be ready for trial *nearly a year and a half from now*.  The parties' and the Court's objective should be to promote finality; FirstEnergy's objection to setting a trial date reflects exactly the opposite.  That is an untenable proposal for this already protracted litigation.[3]

**II.      The Court Should Either Direct Jones and Dowling to Proceed on Plaintiffs' Proposed Schedule or Stay the Claims Against Jones and Dowling and Order That They Be Tried Separately.**

The discovery delays in this litigation have resulted in significant part from the criminal cases against Jones and Dowling, which are now likely to continue for much of this year and beyond (given the pendency of both state and federal criminal proceedings).  There is every reason to expect additional attempts at delay.  Jones and Dowling already have proposed that in

---

[3] While Direct Action Plaintiffs do not presently oppose trying their cases jointly or in tandem with the Class Action, they reserve their rights to propose that the Direct Actions be tried separately from the Class Action if circumstances ultimately warrant doing so.

light of their forthcoming Ohio criminal retrial, initial expert reports in this litigation should not be due until (at the earliest) January 15, 2027—nearly four months later than Plaintiffs' proposed deadline. Adopting Jones and Dowling's proposal would presumably also entail pushing back all other expert, dispositive-motion, and pretrial deadlines well beyond what Plaintiffs propose. And this will surely not be Jones and Dowling's final opportunity for delay, as a federal criminal trial looms on the horizon as well.

This important litigation should not remain in limbo simply because Jones and Dowling are also being held to account for criminal conduct to which FirstEnergy has admitted. To avoid additional prejudice to all Plaintiffs and ensure the orderly administration of justice, the Court should either (a) order that Jones and Dowling are subject to the pretrial and trial schedule proposed above—with no further delays based on their pending or future criminal proceedings— and will be tried jointly with the other defendants; or (b) stay Plaintiffs' claims against Jones and Dowling and order that they be tried separately. *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."); *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) (instructing that "[o]nly one of [the Rule 42(b)] criteria need be met to justify bifurcation," which is "within the discretion of the district court," and noting "[t]he rule clearly suggests that a court may bifurcate a trial on its own motion").

Dated: April 16, 2026

Respectfully submitted,

By: /s Matthew L. Fornshell

Matthew L. Fornshell (0062101),
 Trial Attorney
ICE MILLER LLP
250 West Street, Suite 700
Columbus, OH 43215-7509

- 4 -

Tel.:  (614) 462-1061
Fax:  (614) 222-3692
matthew.fornshell@icemiller.com


Steven E. Fineman (*pro hac vice*)
Daniel P. Chiplock (*pro hac vice*)
Michael J. Miarmi (*pro hac vice*)
John T. Nicolaou (*pro hac vice*)
Gabriel A. Panek (*pro hac vice*)
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel.:  (212) 355-9500
Fax:  (212) 355-9592
sfineman@lchb.com
dchiplock@lchb.com
mmiarmi@lchb.com
jnicolaou@lchb.com
gpanek@lchb.com


Richard M. Heimann (*pro hac vice*)
Bruce W. Leppla (*pro hac vice*)
Michael K. Sheen (*pro hac vice*)
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel.:  (415) 956-1000
Fax:  (415) 956-1008
rheimann@lchb.com
bleppla@lchb.com
msheen@lchb.com


*Counsel for Direct Action Plaintiffs*

- 5 -