UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) ) | No. 2:20-cv-03785-ALM-KAJ<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | ) ) ) ) ) ) | Judge Algenon L. Marbley<br>Magistrate Judge Kimberly A. Jolson |

PLAINTIFFS' POSITION STATEMENT REGARDING THE CASE SCHEDULE

MURRAY MURPHY MOUL
 + BASIL LLP
JOSEPH F. MURRAY (0063373)
1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com



Liaison Counsel

ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com


Class Counsel

4920-5209-5650.v1

## I.      INTRODUCTION

Plaintiffs have made no secret of their desire to get this case to trial as soon as possible, and have repeatedly sought to minimize unnecessary delay.[1]  This is what Rule 1 of the Federal Rules of Civil Procedure demands and Plaintiffs' proposed case schedule follows that command, closely tracking the Court's prior scheduling order deadlines and suggesting amendments for efficiency's sake.  *See* Scheduling Order, ECF 458 at PageID 10280-81.  After proposing a substantially similar schedule as below to defendants on April 3, 2026, only defendant FirstEnergy Corp. ("FirstEnergy") responded.[2]  But FirstEnergy proposes to bake into the pre-trial schedule a minimum of two months beyond what the Court previously ordered, and adds carve-outs to ensure that this case never ends. Indeed, the first of these made-up carve-outs would conflict with the entire purpose of certifying cases for classwide adjudication by awarding FirstEnergy the right to conduct never-before-discussed post-trial discovery into absent class members' reliance – a right not granted under the Federal Rules of Civil Procedure or this Court's prior order.  Consistent with its intent to prolong this case forever, FirstEnergy refused to even discuss a trial date.  The Court should decline FirstEnergy's invitation to condemn this case into perpetuity, and instead adopt Plaintiffs' proposed schedule.

---

[1]    Plaintiffs are Class Representatives Los Angeles County Employees Retirement Association, Amalgamated Bank, as Trustee for the LongView LargeCap 500 Index Fund, LongView Quantitative LargeCap Fund, LongView Broad Market 3000 Index Fund, LongView LargeCap 500 Index Fund VEBA, LV LargeCap 1000 Value Index Fund, LongView Quantitative MidCap Fund, LongView Quant LargeCap Equity VEBA Fund and LongView Core Plus Fixed Income Fund, City of Irving Supplemental Benefit Plan, and Wisconsin Laborers' Pension Fund (collectively, "Plaintiffs"). Unless otherwise noted, all emphasis is added and citations are omitted.

[2]    Counsel for defendants Charles E. Jones and Michael J. Dowling did not attend the meet-and-confer call the parties set up during the April 9, 2026 conference to discuss scheduling proposals. On April 15, 2026, FirstEnergy communicated that Jones and Dowling agreed to FirstEnergy's proposal with the exception of certain expert discovery deadlines.

## II.    PLAINTIFFS' PROPOSED SCHEDULE

Plaintiffs request the Court adopt the following schedule:

| EVENT | PLAINTIFFS' PROPOSAL |
|---|---|
| Fact discovery cutoff (except for pending discovery disputes and possible re-opened depositions for Jones and Dowling) | August 31, 2026 |
| Primary expert reports | September 30, 2026 |
| Rebuttal expert reports | November 20, 2026 |
| Reply expert reports | Not necessary, but if ordered, January 15, 2027 |
| Expert discovery cutoff | March 1, 2027 |
| Dispositive motions | April 16, 2027 |
| Trial[3] | September 13, 2027 |

Plaintiffs' proposal is patterned after the deadline spacing in the Court's original scheduling order. Scheduling Order, ECF 458 at PageID 10280-81.  While Plaintiffs would respectfully prefer to shorten the gaps between deadlines and eliminate expert reply reports altogether, there is ***no*** justification for FirstEnergy's proposal to prolong the length of each stage beyond what was originally ordered.  FirstEnergy's proposed schedule would add a minimum of three months to the above case schedule from the get-go, not considering the additional uncertainty that FirstEnergy's proposal would introduce.

This Court has guided this case to a point where Plaintiffs are confident it can be tried in 2027.  By including a trial date in its case schedule, the Court will encourage the parties to push this litigation forward, and enable the parties, counsel, and witnesses (fact and expert) to plan their schedules accordingly.  Setting a trial date will also signal to the Sixth Circuit that this Court

---

[3]    Plaintiffs agree with Direct Action Plaintiffs that, in the event the case against Jones and Dowling is stayed – and it should be, for reasons stated herein – the Court should order that they be tried separately and that trial against FirstEnergy proceed on the date proposed.

4920-5209-5650.v1

believes this long-pending case can and should be tried sooner rather than later.  On the other hand, not including a trial date in the case schedule after nearly six years of litigation could signal to the Sixth Circuit that what should be a very straightforward class certification following a limited remand is actually so complex that the Court assumes the Sixth Circuit will want to take it up again. A trial date can always be postponed if necessary, but the damage from sending such a message to the Sixth Circuit cannot be undone.

## III. FIRSTENERGY'S FACT DISCOVERY "CARVE-OUTS" ARE UNTENABLE

### A. FirstEnergy's Proposed Post-Trial Discovery Has No Basis in the Federal Rules of Civil Procedure or this Court's Prior Scheduling Order

Neither the Federal Rules of Civil Procedure nor this Court's prior scheduling orders give defendants the right to conduct *any* post-trial discovery, let alone unspecified discovery into absent class members' reliance that FirstEnergy now, for the first time, claims to need.  This makes sense – allowing class action defendants to take discovery of individual class members post-trial, as a matter of right would vitiate the purpose of the class action mechanism, undermining the utility of class representatives and classwide proof and the finality of classwide determinations.

At trial, Plaintiffs will use classwide evidence to prove every element, including their entitlement to the classwide presumption of reliance established in *Basic, Inc. v. Levinson*, 485 U.S. 224 (1988).  In *Basic*, the Supreme Court recognized that a presumption of reliance is appropriate in securities fraud cases because, in an efficient market, "[a]n investor who buys or sells stock at the price set by the market does so in reliance on the integrity of that price."  485 U.S. at 247.  Plaintiffs will prove that the market for the FirstEnergy securities at issue was efficient throughout the Class Period.  Defendants will similarly have the opportunity to present evidence to the jury to rebut the *Basic* presumption by proving that Plaintiffs did not rely on the integrity of FirstEnergy's market and would have purchased FirstEnergy's share at the same price even if they had known that price was

- 3 -

inflated by fraud.  If Plaintiffs carry their burden and defendants fail to overcome the presumption, the entire class will prevail.  If, however, Plaintiffs do not carry their burden or defendants overcome the presumption, the entire class will fail.  This is fair, as by trial, all parties will have had **years** to conduct the discovery they believed necessary to prosecute or defend their claims.  *See Hsu v. Puma Biotechnology, Inc.*, 2021 WL 2644100, at *2 (C.D. Cal. June 11, 2021) (defendants had no right to obtain "reasonable ***post-trial*** discovery" to challenge the reliance element in class action fraud suit).

Defendants have no right in class actions to conduct post-trial fishing expeditions into individual class members' reliance in a renewed effort to prove their defense.  "[A]ggregate proof is the entire point of class litigation, and Rule 23 would be near to useless if defendants who lose at trial as to common questions could then indefinitely prolong litigation by seeking to relitigate those questions as to each class member."  *Gruber v. Gilbertson*, 647 F. Supp. 3d 100, 125 (S.D.N.Y. 2022).  Defendants' argument for doing so here is particularly weak, as there is no evidence whatsoever that Plaintiffs, or any other rational investor, would have (or could have) purchased FirstEnergy shares at that same price even if they had known the price was inflated by fraud.  *See id*.; *In re Pharm. Indus. Average Wholesale Price Litig.*, 582 F.3d 156, 195-96 (1st Cir. 2009) (defendant not entitled to post-trial discovery into absent class members' knowledge of pricing scheme where district court "determined that the class was adequately represented when it certified the class, and it carefully examined the representatives' knowledge and expectations").

### B.     FirstEnergy's Carve-out for Post-Criminal-Trial Discovery Emphasizes the Need for a Partial Stay

FirstEnergy proposes that the fact discovery cutoff not apply to discovery related to documents produced after the Jones and Dowling information imbalance ends, including reopening depositions.  This would render the entire scheduling order a farce, as the next step after that one will be for defendants to seek to amend their expert reports and rebuttal reports to incorporate the new discovery, and Plaintiffs would then be required to do the same, adding months to the case schedule.

- 4 -

The better solution is for this case to be stayed as to Jones and Dowling pending resolution of the criminal cases against them. This way, there will be no unfair information imbalance among the active litigants. Perhaps more importantly, such a stay would avoid this litigation being idled for months while Jones and Dowling slog through at least two more criminal trials. Likewise, a stay would also avoid the significant evidentiary complications from trying Jones and Dowling along with FirstEnergy, which has confessed to criminally conspiring with Jones and Dowling, along with a host of additional damning admissions.

There is no question that the Court has discretion to stay this case as to Jones and Dowling, and there is good reason to exercise that discretion here. District courts have "broad discretion in determining whether a civil action should be stayed due to pending or impending criminal proceedings." *B.L. v. Schuhmann*, 2019 WL 177940, at *3 (W.D. Ky. Jan. 11, 2019). District courts considering a stay of civil proceedings while parallel criminal actions are pending look at:

> (1) [T]he extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Id.*

As part of this multi-factor analysis, courts should consider "'the extent to which the defendant's [F]ifth [A]mendment rights are implicated.'" *Id.* (alteration in original). These factors all weigh in favor of staying this case as to Jones and Dowling. Two separate criminal indictments against Jones and Dowling (one state, one federal) have been entered arising from the exact same actions as those giving rise to Plaintiffs' claims. *See id.* at *4 ("Courts have held that a stay in a civil case is most appropriate where a party to the civil case has already been indicted."). The state criminal proceedings have already delayed discovery in this case by ***months***, prejudicing Plaintiffs' ability to prosecute their claims, and there is no knowing how long the criminal proceedings against

- 5 -

4920-5209-5650.v1

Jones and Dowling will continue.  Staying the case against Jones and Dowling will streamline the rest of discovery in this action, undoubtedly avoiding further disputes about how the criminal proceedings impact this case's ongoing depositions and information asymmetries among the parties, and conserving judicial and party resources.  *See Boerste v. Ellis, LLC*, 2017 WL 6377976, at *4 (W.D. Ky. Dec. 12, 2017) (emphasis in original) (granting stay as to one defendant because "[w]hile it is ***possible*** that discovery could proceed . . . it would become more cumbersome for all parties" and "not be an efficient use of Court resources . . . to have to handle disputes regarding Bewley's assertion of his Fifth Amendment privilege").  Finally, as this Court has recognized on several occasions, the public has a strong interest in seeing FirstEnergy brought to trial on these six-year-old fraud claims – which allege FirstEnergy's corruption of public officials – as soon as possible.

## IV.    CONCLUSION

Plaintiffs respectfully request the Court adopt their proposed schedule.

DATED:  April 16, 2026                               Respectfully submitted,

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY, Trial Attorney (0063373)


s/ Joseph F. Murray
JOSEPH F. MURRAY

1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com

Liaison Counsel

- 6 -

4920-5209-5650.v1

- 7 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
JASON A. FORGE (*pro hac vice)*
HILLARY B. STAKEM (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com
jforge@rgrdlaw.com
hstakem@rgrdlaw.com

Class Counsel

4920-5209-5650.v1

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on April 16, 2026.  Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/ Joseph F. Murray
Joseph F. Murray (0063373)

4920-5209-5650.v1