**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) | No. 2:20-cv-03785-ALM-KAJ |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) | |
| ALL ACTIONS | ) ) ) ) | Judge Algenon L. Marbley <br> Magistrate Judge Kimberly A. Jolson <br> Special Master Shawn K. Judge |
| MFS Series Trust I, et al., | ) ) | Case No. 2:21-cv-05839-ALM-KAJ |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| FirstEnergy Corp., et al., | ) ) | |
| Defendants. | ) ) ) | |
| Brighthouse Funds Trust II – MFS Value Portfolio, et al., | ) ) ) | Case No. 2:22-cv-00865-ALM-KAJ |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| FirstEnergy Corp., et al., | ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' STATEMENT REGARDING SCHEDULING ORDER**

**SUMMARY OF PARTIES' PROPOSALS**

At the April 9, 2026 status conference, the Special Master instructed the parties to confer and submit proposals for three deadlines:  (i) a "concrete deadline for fact discovery"; (ii) a deadline for "expert discovery [that] can get done regardless of the [class] certification [decision]"; and (iii) a "target deadline" for "expert discovery that would be contingent on the outcome of the class cert."  (Apr. 9, 2026 Conf. Tr., ECF No. 997 at PageID 25520–21, 27:16–28:9.)  The parties' respective proposals are set forth below.

| Event | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| **Fact Discovery Cutoff** | August 31, 2026<br><br>Exceptions:<br>(1) pending discovery disputes; and<br>(2) reopened depositions for Defendants Jones and Dowling. | October 31, 2026, subject to the following caveats:<br><br>(1) Defendants reserve all rights to take post-trial discovery of absent class members (*see infra* Section 2);<br><br>(2) No defendant is severed from the case for discovery or trial (*see infra* Section 3(a));<br><br>(3) Plaintiffs are not permitted a large expansion of written discovery (*see infra* Section 3(b));<br><br>(4) The "information imbalance" issue pending before the Court is finally adjudicated in time to permit the affected depositions in advance of the cutoff (*see infra* Section 3(c)); and<br><br>(5) If Mr. Jones and Mr. Dowling are barred from participating in depositions pending adjudication of the "information imbalance" issue, the cutoff is extended until any reopened depositions have occurred (*see infra* Section 3(d)). |
| **Primary Expert Reports** | September 30, 2026 | Category 1:  For experts whose opinions are not contingent on class certification:  45 days after the fact discovery cutoff.[1] |

---

[1]     Counsel for Defendants Charles Jones and Michael Dowling have informed FirstEnergy that they agree to Defendants' proposal, with the following exception:  In light of their upcoming state criminal trial, Mr. Jones and Mr. Dowling request a deadline no earlier than January 15,

-2-

| Event | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| | | Category 2:  For experts whose opinions are contingent on the issues to be resolved in the pending class certification issues, the later of:  (a) 45 days after the fact discovery cutoff, or (b) 45 days after final adjudication of class certification, including any appellate proceedings. |
| **Rebuttal Expert Reports** | November 20, 2026 | Two months after primary expert reports (matching Plaintiffs' proposal). |
| **Reply Expert Reports** | January 15, 2027 | Two months after rebuttal expert reports (matching Plaintiffs' proposal). |
| **Expert Discovery Cutoff** | March 1, 2027 | Six weeks after reply expert reports (matching Plaintiffs' proposal). |
| **Dispositive Motions** | April 16, 2027 | TBD (too many uncertainties to set). |
| **Trial Date** | September 13, 2027 | TBD (too many uncertainties to set). |

---

2027 for the primary reports of experts whose opinions are not contingent on class certification. Mr. Jones and Mr. Dowling expect their trial to start on September 18, 2026 and last approximately 8 to 10 weeks.

**DEFENDANTS' POSITION**[2]

*(1) Defendants' proposed fact discovery deadline is reasonable.*  Plaintiffs propose a fact discovery cutoff of August 31, 2026; Defendants propose October 31, 2026 (an additional 60 days), subject to the limitations described in the table above and in Sections 2 and 3 below. Defendants' proposed deadline is warranted in light of the volume of discovery remaining in this case.  Although Plaintiffs have declined to specify the discovery they intend to take, they are permitted more than 40 additional depositions, and Defendants are permitted approximately 50 additional depositions.  Under the Fact Deposition Protocol in this case, those depositions can each be two days long and must be scheduled more than three weeks in advance.  (ECF No. 309 at PageID 6731–34.)  Thus, depositions not yet schedule cannot proceed until around June, leaving only three months before Plaintiffs' proposed cutoff of August 31 to complete potentially dozens of depositions.  (*Id.*)  Other discovery is also proceeding.  Plaintiffs have served ten new discovery requests, consisting of interrogatories, document requests, and requests for admission, in the last two months, including requests for documents spanning a fourteen-year time period, and more requests may follow.  Defendants also intend to continue taking discovery, including depositions of opt-out plaintiffs, further non-party discovery, and written discovery of Plaintiffs. An October 31 deadline is necessary to accommodate the work remaining.

*(2) Defendants' fact discovery proposal is properly contingent on their reservation of rights to take post-trial discovery of absent class members to address individualized defenses.* Defendants' proposed fact discovery cutoff is based on Defendants reserving their rights to

---

[2]    "Defendants" as used herein refers to the undersigned Defendants.  Counsel for Defendants Jones and Dowling informed FirstEnergy that they have reviewed and agree with Defendants' positions in this submission, aside from the deadline for primary reports of experts whose opinions are not contingent upon class certification, as indicated above.

conduct individualized discovery about the reliance of specific absent class members on Defendants' alleged misstatements, or any other individualized issues, in the event that a class is certified and Plaintiffs prevail at trial. "[C]ourts in securities fraud actions have consistently recognized that issues of individual reliance can and should be addressed after a class-wide trial, through separate jury trials if necessary." *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 584–85 (S.D.N.Y. 2011); *see also Halliburton Co.* v. *Erica P. John Fund*, 573 U.S. 258, 276 (2014) ("*Basic* does afford defendants an opportunity to rebut the presumption of reliance with respect to an individual plaintiff. . . ."); *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 375315, at *2 n.3 (S.D.N.Y. Feb. 17, 2005) ("individual reliance and damages issues" may be "tried separately from class-wide issues"). Consistent with this typical approach, counsel for Lead Plaintiffs acknowledged in another class action that "issues of individual reliance are dealt with after a [class] trial" and that any "evidence of individual reliance issues . . . will be raised after a verdict." *See* Pretrial Conf. Tr. at PageID 31066, 10:10–17, *Hsu* v. *Puma Biotechnology, Inc.*, No. 15-cv-00865 (C.D. Cal. Oct. 22, 2018), ECF No. 615.

To challenge reliance of specific investors, Defendants may obtain targeted discovery of matters including the absent class members' knowledge and investment decision-making. Other courts have permitted such discovery. For example, the court in *Vivendi* explained that the defendant was "entitled to rebut the presumption of reliance on an individual basis" and had "tak[en] discovery [post-trial] on individual reliance issues." 123 F. Supp. 3d 424, 426 (S.D.N.Y. 2015). The court in *Lawrence E. Jaffee Pension Plan* v. *Household International, Inc.* similarly permitted post-trial "discovery into individualized issues." 2005 WL 3801463, at *4 (N.D. Ill. Apr. 18, 2005).

In those cases, individualized discovery proceeded "after class-wide liability ha[d] been determined." *Id.* Courts follow this approach because, otherwise, class discovery would get bogged down in individualized issues. Further, issues concerning specific absent class members may be mooted by class certification, summary judgment, or trial, rendering the investor-specific discovery unnecessary. Moreover, investor-specific discovery can also be rendered unnecessary as to any investors that opt out of the class following class notice.

Following this standard approach makes sense here, too. Investor-specific discovery will become necessary only if Plaintiffs prevail at a class trial. At that stage, any necessary discovery will become more targeted, not only because of the Court's rulings and the jury's verdict, but also because investors seeking to recover alleged losses must file claims with the claims administrator, under the Court's supervision. Until those claims are filed, Defendants cannot know the identities of the investors that seek to recover alleged losses.

At this stage, Defendants merely seek to reserve their rights to post-trial individualized discovery if Plaintiffs prevail at any class trial. The scope of such discovery can be determined should the case ever reach that stage.

### *(3) Defendants' other limitations on the fact discovery deadline are reasonable.*

a.       Defendants' proposed fact discovery cutoff is contingent on all parties proceeding through the case in lockstep, with no severance of any defendants for discovery or trial. Because the jury must apportion liability among all persons found to have violated the Exchange Act (whether defendants or not), severance would raise significant statutory and constitutional concerns. *See* 15 U.S.C. § 78u–4(f)(3)(A). The Special Master previously recognized this, acknowledging "the Seventh Amendment issue" with respect to severance. (Jan. 15, 2025 Conf.

Tr., ECF No. 900 at PageID 23374, 30:9–12.)  Defendants respectfully request full briefing on these complex issues if Plaintiffs seek to sever claims against any defendant for any purpose.

b.　　FirstEnergy's proposed fact discovery cutoff is contingent on Plaintiffs not obtaining a large expansion of the scope of written discovery.  On April 7, 2026, Plaintiffs proposed that "[f]or each deposition Plaintiffs agree to drop from their maximum . . . Plaintiffs receive 20 additional rog's and rfa's (to be split however Plaintiffs decide)."  (Ex. 1 at 1 (Apr. 7, 2026 Email from J. Forge to S. Baruch).)[3]  Plaintiffs asserted that all this additional written discovery would be directed solely to FirstEnergy, without any limitation on scope.  (*Id.*) Because Plaintiffs have more than 40 depositions remaining under the governing protocol, their proposal potentially seeks more than 800 written discovery requests.  On April 15, 2026, in an effort to avoid a dispute, FirstEnergy proposed a reasonable alternative:  a reciprocal increase of 15 written discovery requests per side.  Plaintiffs rejected that approach and continued to demand hundreds of additional requests.  (Ex. 2 at 1–3 (Apr. 15, 2026 Email from J. Forge to B. Newton).)

Plaintiffs have provided no explanation of why this extraordinary expansion of the scope of discovery is warranted, let alone made the required "particularized showing" that the benefits of the additional discovery sought outweigh the burden.  *Mall* v. *Merlo*, 2019 WL 2521165, at *1 (S.D. Ohio June 19, 2019).  Expanding discovery in this manner would require revisiting the fact discovery cutoff.

c.　　Defendants' proposed fact discovery cutoff is contingent on resolution of the pending dispute between Plaintiffs and Defendants Jones and Dowling regarding the production

---

[3]　　All citations to exhibits refer to the exhibits to the accompanying declaration of Beth D. Newton, dated April 16, 2026.

of criminal discovery material in this case.  On April 15, 2025, the Special Master stayed eight depositions at the request of the Ohio Attorney General and because Mr. Jones and Mr. Dowling possessed criminal discovery material potentially relevant to those depositions that they had withheld from the parties to this action on confidentiality grounds.  (Order, ECF No. 784.) Mr. Jones and Mr. Dowling continue to withhold that information while their criminal proceedings are ongoing, and Plaintiffs refuse to proceed with the stayed depositions until the information imbalance is resolved.  This dispute has been briefed, but if it has not been finally resolved early enough for the affected depositions to proceed before the fact discovery deadline, discovery must be extended to permit the stayed depositions to proceed once the Court resolves the issue.  Defendants understand that Plaintiffs agree with this position.

d.      Plaintiffs have also requested, in the alternative, that depositions proceed despite the information imbalance, with Defendants Jones and Dowling barred from participating, and that the Court permit Mr. Jones and Mr. Dowling to reopen depositions as needed once the imbalance has been cured.  In the event the Court grants that request, the fact discovery deadline must be extended until Mr. Jones and Mr. Dowling have completed deposition discovery. Defendants understand that Plaintiffs agree with this position.

*(4) Defendants' proposed time for disclosing primary expert reports is reasonable.*  All parties agree that the deadline to disclose primary expert reports not dependent on the adjudication of class certification (*i.e.*, Category 1) should occur after a fixed time period following the close of fact discovery, and that the deadline to disclose primary expert reports

dependent on the adjudication of class certification (*i.e.*, Category 2) should occur after a fixed time period following final adjudication of class certification, including any appeal.[4]

The parties' sole dispute is the length of that time period—*i.e.*, between (i) the close of fact discovery or final class certification adjudication, as applicable, and (ii) the disclosure of primary expert reports. Defendants proposed 45 days; Plaintiffs seek 30 days. The time gap proposed by Defendants is warranted. As to the Category 1 (post-fact-discovery) expert reports, Defendants and their experts need to assess the relevant record, which will be in flux prior to the cutoff, in advance of submitting their reports. Further, unlike Plaintiffs, Defendants must coordinate their expert reports among the 39 Defendants, many of whom have separate counsel, which necessarily requires additional time. And as to the Category 2 (post-class-certification) reports, Defendants and their experts will need more than 30 days to conform their submissions to the class certification rulings of this Court or the Sixth Circuit. As noted in the summary table, an expert who opines on issues that are contingent on final resolution of class certification and on issues relevant to the Direct Actions shall be in Category 2.

*(5) Setting summary judgment and trial dates is premature.* As the Special Master has correctly explained, it would be "premature," "meaningless," and "problematic" to set a trial date at this juncture. (Apr. 9, 2026 Conf. Tr. at PageID 25505, 12:24–25; 25507, 14:10–17; Apr. 6, 2026 Conf. Tr., ECF No. 996 at PageID 25464–65, 36:25–37:1.) Nothing has changed since the Special Master made those statements a week ago, and the same is true of dispositive motions. Before this case can proceed to dispositive motions or trial, class certification must be finally resolved, including any appeals. Then, if the case proceeds as a class action, Plaintiffs would

---

[4] Where an expert's report covers issues contingent and not contingent on final resolution of class certification, including issues relevant to both the class and opt-out proceedings, the expert's report will be in Category 2.

distribute a court-approved class notice with the opportunity for putative class members to opt out. After these processes, and after all discovery closes, these final phases can occur.

These notice and opt-out processes are necessary in a class action and are unavoidable gating issues. For a summary judgment order to bind absent class members, it must follow the completion of the class notice and opt-out process. *See Faber* v. *Ciox Health, LLC*, 944 F.3d 593, 602–05 (6th Cir. 2019) (summary judgment decision before class notice "binds only the named plaintiffs," not absent putative class members). And the class notice should await final adjudication of class certification because "[i]n cases involving Rule 23(f) appeals, district courts ordinarily should stay the dissemination of class notice to avoid the confusion and substantial expense of renotification that may result from appellate reversal or modification." *See Jenkins* v. *Hyundai Motor Fin. Co.*, 2008 WL 2268319, at *4 (S.D. Ohio June 2, 2008). Trial, of course, can only proceed once the remainder of the case has concluded. Defendants thus agree with the Special Master that, at this point, "a trial date's going to be an illusion." (Apr. 9, 2026 Conf. Tr. at PageID 25507, 14:10–11.)

Plaintiffs' complaints about delay are unwarranted and, in any event, of their own making. On multiple issues—class certification and the privilege protecting FirstEnergy's internal investigations—Plaintiffs urged unsupportable positions contrary to established law, leading to the Sixth Circuit twice granting interlocutory review to reject Plaintiffs' contentions. *See In re FirstEnergy Corp.*, 149 F.4th 587 (6th Cir. 2025); *In re FirstEnergy Corp.*, 154 F.4th 431 (6th Cir. 2025). Plaintiffs have only themselves to blame for the time associated with those appeals, and there is no reason for the Special Master to recommend a "meaningless" trial date to mollify Plaintiffs' dissatisfaction with their own litigation strategies. (Apr. 9, 2026 Conf. Tr. at PageID 25507, 14:9–17.)

Dated:  April 16, 2026

/s/ Geoffrey J. Ritts (with permission)
Geoffrey J. Ritts (0062603)
Robert S. Faxon (0059678)
Corey A. Lee (0099866)
Adrienne F. Mueller (0076332)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
gjritts@jonesday.com
rfaxon@jonesday.com
calee@jonesday.com
afmueller@jonesday.com

Marjorie P. Duffy (0083452)
M. Ryan Harmanis (0093642)
Shalini B. Goyal (0093642)
Elizabeth A. Benshoff (0098080)
JONES DAY
325 John H. McConnell Boulevard,
Suite 600
Columbus, Ohio  43215
Telephone:  (614) 469-3939
mpduffy@jonesday.com
rharmanis@jonesday.com
sgoyal@jonesday.com
ebenshoff@jonesday.com

Jordan M. Walsh (*pro hac vice*)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, Pennsylvania  15219
Telephone:  (412) 391-3939
jmwalsh@jonesday.com

*Counsel for Defendants Steven E. Strah, K. Jon Taylor, Jason J. Lisowski, George M. Smart, Paul T. Addison, Michael J. Anderson, Steven J. Demetriou, Julia L. Johnson, Donald T. Misheff, Thomas N. Mitchell, James F. O'Neil III, Christopher D. Pappas, Sandra Pianalto, Luis A. Reyes, Jerry Sue*

Respectfully submitted,

/s/ Paul J. Schumacher
Paul J. Schumacher, Trial Attorney (0014370)
DICKIE, MCCAMEY & CHILCOTE, P.C.
600 Superior Avenue East
Fifth Third Center, Suite 2330
Cleveland, Ohio  44114
Telephone:  (216) 685-1827
pschumacher@dmclaw.com

Richard J. Silk, Jr. (0074111)
DICKIE, MCCAMEY & CHILCOTE, P.C.
10 W. Broad Street, Suite 1950
Columbus, Ohio  43215
Telephone:  (614) 258-6000
rsilk@dmclaw.com

Robert J. Giuffra, Jr. (*pro hac vice*)
Sharon L. Nelles (*pro hac vice*)
David M.J. Rein (*pro hac vice*)
Beth D. Newton (*pro hac vice*)
Nicholas F. Menillo (*pro hac vice*)
Hilary M. Williams (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000

Kamil R. Shields (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C.  20006
Telephone:  (202) 956-7040

*Counsel for Defendant FirstEnergy Corp.*

/s/ Laura H. McNally (with permission)
Douglas M. Mansfield (0063443)
LAPE MANSFIELD NAKASIAN & GIBSON, LLC
9980 Brewster Lane, Suite 150
Powell, Ohio  43065
Telephone:  (614) 763-2316
dmansfield@lmng-law.com

-10-

*Thornton, and Leslie M. Turner*

*/s/ Brian P. O'Connor (with permission)*
Brian P. O'Connor (0086646)
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
Telephone: (513) 721-4450
bpo@santenhughes.com

Preston Burton (*pro hac vice*)
Jill Winter (*pro hac vice*)
Whitney Alcorn (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone: (202) 349-8000
pburton@orrick.com
adam.miller@orrick.com
jwinter@orrick.com
whitney.busch@orrick.com

*Counsel for Defendant Donald R.
Schneider*

*/s/ James E. Arnold (with permission)*
James E. Arnold (0037712)
Gerhardt A. Gosnell II (0064919)
ARNOLD & CLIFFORD LLP
115 W. Main St., Fourth Floor
Columbus, Ohio 43215
Telephone: (614) 460-1600
jarnold@arnlaw.com
ggosnell@arnlaw.com

Veronica E. Callahan (*pro hac vice*)
Aaron F. Miner (*pro hac vice*)
Yiqing Shi (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 836-8000
aaron.miner@arnoldporter.com
veronica.callahan@arnoldporter.com
yiqing.shi@arnoldporter.com

*Counsel for Defendant Leila L. Vespoli*

Michael L. Kichline (*pro hac vice*)
Eric W. Sitarchuk (*pro hac vice*)
Laura H. McNally (*pro hac vice*)
Karen Pieslak Pohlmann (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 963-5000
michael.kichline@morganlewis.com
laura.mcnally@morganlewis.com
karen.pohlmann@morganlewis.com

*Counsel for Defendant Dennis M. Chack*

*/s/ Derek P. Hartman (with permission)*
Derek P. Hartman (0087869)
CAVITCH FAMILO & DURKIN CO., L.P.A
1300 East Ninth Street, 20th Floor
Cleveland, Ohio 44114
Telephone: (216) 621-7860
dhartman@cavitch.com

David L. Axelrod (*pro hac vice*)
M. Norman Goldberger (*pro hac vice*)
Laura E. Krabill (*pro hac vice*)
Hannah L. Welsh (*pro hac vice*)
Erin K. Fountaine (*pro hac vice*)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 665-8500
axelrodd@ballardspahr.com
goldbergerm@ballardspahr.com
krabilll@ballardspahr.com
welshh@ballardspahr.com
fountainee@ballardspahr.com

*Counsel for Defendant James F. Pearson*

*/s/ John C. Fairweather (with permission)*
John C. Fairweather (0018216)
ROETZEL & ANDRESS, LPA
222 South Main Street, Suite 400
Akron, Ohio 44308
Telephone: (330) 376-2700
jfairweather@ralaw.com

-11-

/s/ Andrew P. Guran (with permission)
Andrew P. Guran (0090649)
VORYS, SATER, SEYMOUR & PEASE LLP
50 South Main Street, Suite 1200
Akron, Ohio  44308
Telephone:  (330) 208-1000
apguran@vorys.com

Victor A. Walton, Jr. (0055241)
Joseph M. Brunner (0085485)
VORYS, SATER, SEYMOUR & PEASE LLP
Great American Tower
301 East Fourth Street, Suite 3500
Cincinnati, Ohio  45202
Telephone:  (513) 723-4000
vawalton@vorys.com
jmbrunner@vorys.com

Emily J. Taft (0098037)
VORYS, SATER, SEYMOUR & PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio  43216
Telephone:  (614) 464-5432
ejtaft@vorys.com

*Counsel for Defendant John Judge*

David Sporar (0086640)
ROETZEL & ANDRESS, LPA
600 Superior Avenue East, Suite 1600
Cleveland, Ohio  44114
Telephone:  (216) 623-0150
dsporar@ralaw.com

Stephen S. Scholes (*pro hac vice*)
Paul M.G. Helms (*pro hac vice*)
Emilie E. O'Toole (*pro hac vice*)
MCDERMOTT WILL & SCHULTE LLP
444 West Lake Street
Chicago, Illinois  60606
Telephone:  (312) 372-2000
sscholes@mwe.com
phelms@mwe.com
eotoole@mwe.com

*Counsel for Defendant Robert P. Reffner*

/s/ Robert W. Trafford (with permission)
Robert W. Trafford, Trial Attorney (0040270)
David S. Bloomfield, Jr. (0068158)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, Ohio  43215
Telephone:  (614) 227-2000
rtrafford@porterwright.com
dbloomfield@porterwright.com

Brian S. Weinstein (*pro hac vice*)
Eric M. Kim (*pro hac vice*)
Joshua N. Shinbrot (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
Telephone:  (212) 450-4000
brian.weinstein@davispolk.com
eric.kim@davispolk.com
joshua.shinbrot@davispolk.com

*Counsel for Defendants Barclays Capital Inc.,
BofA Securities, Inc., Citigroup Global
Markets Inc., J.P. Morgan Securities LLC,
Morgan Stanley & Co. LLC, Mizuho
Securities USA LLC, PNC Capital Markets*

-12-

-13-

*LLC, RBC Capital Markets, LLC, Santander Investment Securities Inc., Scotia Capital (USA) Inc., SMBC Nikko Securities America, Inc., CIBC World Markets Corp., KeyBanc Capital Markets Inc., TD Securities (USA) LLC, U.S. Bancorp Investments, Inc., and MUFG Securities Americas Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on April 16, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will notify all counsel of record.

> */s/ Paul J. Schumacher*
> Paul J. Schumacher, Trial Attorney (0014370)
> DICKIE, MCCAMEY & CHILCOTE, P.C.
> 600 Superior Avenue East
> Fifth Third Center, Suite 2330
> Cleveland, Ohio  44114
> Telephone:  (216) 685-1827
> pschumacher@dmclaw.com
>
> Richard J. Silk, Jr. (0074111)
> DICKIE, MCCAMEY & CHILCOTE, P.C.
> 10 W. Broad Street, Suite 1950,
> Columbus, Ohio  43215
> Telephone:  (614) 258-6000
> rsilk@dmclaw.com
>
> Robert J. Giuffra, Jr. (*pro hac vice*)
> Sharon L. Nelles (*pro hac vice*)
> David M.J. Rein (*pro hac vice*)
> Beth D. Newton (*pro hac vice*)
> Nicholas F. Menillo (*pro hac vice*)
> Hilary M. Williams (*pro hac vice*)
> SULLIVAN & CROMWELL LLP
> 125 Broad Street
> New York, New York 10004
> Telephone:  (212) 558-4000
>
> Kamil R. Shields (*pro hac vice*)
> SULLIVAN & CROMWELL LLP
> 1700 New York Avenue, N.W.
> Suite 700
> Washington, D.C. 20006
> Telephone:  (202) 956-7040
>
> *Counsel for Defendant FirstEnergy Corp.*