# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) |
| | Case No. 2:20-cv-03785-ALM-KAJ |
| | CLASS ACTION |
| This Document Relates To: | ) ) |
| ALL ACTIONS | ) ) ) ) | 
| | Judge Algenon L. Marbley |
| | Magistrate Judge Kimberly A. Jolson |
| | Special Master Shawn K. Judge |

| | |
|---|---|
| MFS Series Trust I, et al., | ) |
| | Case No. 2:21-cv-05839-ALM-KAJ |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| FirstEnergy Corp., et al., | ) ) |
| Defendants. | ) ) |

| | |
|---|---|
| Brighthouse Funds Trust II – MFS Value Portfolio, et al., | ) ) |
| | Case No. 2:22-cv-00865-ALM-KAJ |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| FirstEnergy Corp., et al., | ) ) |
| Defendants. | ) ) |

**DEFENDANT FIRSTENERGY CORP.'S POSITION STATEMENT REGARDING PLAINTIFFS' PROPOSAL TO EXPAND WRITTEN DISCOVERY**

**PRELIMINARY STATEMENT**

On April 3, 2026, Plaintiffs proposed a fact discovery cutoff of August 31, 2026—less than five months away.  (*See* Apr. 9, 2026 Conf. Tr., ECF No. 997 at PageID 25507–08.)  Four days later, Plaintiffs proposed an "exchange" whereby they would receive 20 additional written discovery requests for each and every deposition that they elect not to take.  (Apr. 7, 2026 Email from J. Forge to S. Baruch, ECF No. 1003-2 at PageID 25605.)  Because Plaintiffs are permitted to take over 40 more depositions, that proposal would have allowed them to propound *more than 800 additional requests*.  Plaintiffs asserted that all such requests (either interrogatories or requests for admission ("RFAs"), at their choosing) would be directed to FirstEnergy.  (*Id.*)

Plaintiffs' proposal was extraordinary in its scope and lacked any good cause to support a vast, one-sided expansion of written discovery—particularly given that Plaintiffs have not come close to exhausting the interrogatories and RFAs already available to them.  Nonetheless, to avoid more discovery disputes, FirstEnergy proposed on April 15 an increase of 15 additional written discovery requests per side without any change to the deposition framework.  (Apr. 15, 2026 Email from B. Newton to J. Forge, ECF No. 1003-3 at PageID 25610–11.)  Plaintiffs rejected that offer, pivoting to another radical demand:  four times the applicable default limits on written discovery, *i.e.*, *100 interrogatories* (based on the limit of 25 under Rule 33(a)(1)) and *160 RFAs* (based on the limit of 40 under Local Rule 36.1).  (*Id.* at PageID 25609.)  Plaintiffs have offered no detail as to the content of their proposed requests or why they waited until now to raise this proposal.

Plaintiffs cannot have it all ways—seek a sweeping expansion of written discovery, yet demand to curtail the fact discovery period while maintaining that they could "try this case next week."  (Apr. 9, 2026 Conf. Tr. at PageID 25517.)  Their request should be rejected for at least three reasons.  *First*, they have failed to make *any* showing of need for additional written discovery, let alone the required "particularized showing."  *See Mall* v. *Merlo*, 2019 WL 2521165, at *1 (S.D.

Ohio June 19, 2019).  That alone is fatal to Plaintiffs' request.  *Second*, Plaintiffs' proposal would be extremely burdensome and inefficient, and is directly at odds with Plaintiffs' stated objective of rapidly completing fact discovery.  *Third*, if the Special Master is inclined to approve any additional discovery, 15 additional requests per side (or other similarly reasonable increase the Court considers appropriate) would adequately accommodate Plaintiffs' purported needs beyond the hundreds of thousands of documents and dozens of depositions they have already received.

## ARGUMENT

*(1)  Plaintiffs' request is premature and unsupported by any "particularized showing"*

*of need.*  Rule 33 limits each party to 25 interrogatories "[u]nless otherwise stipulated or ordered by the court," Fed. R. Civ. P. 33(a)(1), and Local Rule 36.1 limits each party to 40 RFAs absent "leave of Court," S.D. Ohio Civ. R. 36.1.  To exceed those limits, a party "must make a 'particularized showing' to establish a need for [] additional requests," *Mall*, 2019 WL 2521165, at *1, including by "submit[ting] the proposed additional requests to the district court for review," *Pettus-Brown* v. *Phelps*, 2018 WL 5960821, at *5 (S.D. Ohio Nov. 14, 2018).  Plaintiffs make no attempt to meet that standard.

As an initial matter, by their own count, Plaintiffs have nearly all their RFAs and more than a dozen interrogatories remaining.[1]  As such, Plaintiffs cannot plausibly claim that quadrupling the scope of written discovery is "need[ed]."  *See Mall*, 2019 WL 2521165, at *1.  Indeed, when Defendants sought to eliminate the distinction between party and non-party depositions, Plaintiffs complained that Defendants had not yet reached the non-party deposition limit.  (Dec. 12, 2024 Conf. Tr., ECF No. 777 at PageID 17844, 17846.)  The Special Master agreed, finding that

---

[1]   FirstEnergy objected to certain interrogatories on the ground that Plaintiffs impermissibly attempted to combine multiple interrogatories into a single request.  FirstEnergy assumes for purposes of this submission that each of Plaintiffs' interrogatories counts as one interrogatory.

Defendants had not "sufficiently establish[ed] a problem necessitating action at this juncture." (Order and R&R, ECF No. 784 at PageID 18132.)  The same logic must apply here.

Even if Plaintiffs had exhausted their written discovery requests, they still would not be entitled to the massive increase they seek because they have not made a "particularized showing" of need by "submit[ting] the proposed additional requests" for review.  *Pettus-Brown*, 2018 WL 5960821, at \*5–6.  Courts in this Circuit routinely deny requests for additional discovery on that basis.  In *St. Ann* v. *McLean*, the court ruled that because plaintiff failed to present "the content of th[e] interrogatories" he sought to serve, the court could not "determine that the requested information [wa]s necessary to prove [p]laintiff's claims."  2017 WL 5732991, at \*2 (E.D. Mich. Nov. 28, 2017).  And in *Daycab Co.* v. *Praire Technology, LLC*, the court could not "determine if the additional interrogatories" were necessary where plaintiff merely identified "topics" without specifying each interrogatory's "*exact content*."  2021 WL 6275687, at \*2 (E.D. Tenn. Oct. 8, 2021) (emphasis added).  Plaintiffs equally cannot meet this standard by providing a smattering of "examples" of the potentially hundreds of interrogatories and RFAs they may propound.  (Apr. 20, 2026 Conf. Tr., ECF No. 1004 at PageID 25658.)[2]

Far from making a "particularized showing" of need, Plaintiffs assert that because "the significance of this case justified raising the number of depositions to over four times the standard limit," Plaintiffs may "seek[] a parallel increase for written discovery for both sides."  (Apr. 15, 2026 Email from J. Forge to B. Newton at PageID 25609; *see also* Apr. 20, 2026 Conf. Tr. at PageID 25627.)  That comparison fails.  The principal driver of the deposition-limit increase to 42 party depositions was to account for the number of defendants in the case at the time.  Here, by

---

[2]  To the extent that Plaintiffs submit "examples" of their written discovery requests with their Position Statement, FirstEnergy respectfully requests the opportunity to respond, as Plaintiffs have not provided such information to date.

contrast, Plaintiffs intend to direct a barrage of additional written discovery at FirstEnergy alone.

At the April 20, 2026 conference, Plaintiffs tried to justify this grossly lop-sided result as "more modest than what [Plaintiffs] [a]re already entitled to do" under Rule 31.  (Apr. 20, 2026 Conf. Tr. at PageID 25657–58.)  That makes no sense.  Rule 31 simply allows Plaintiffs to serve a deponent with written questions, but the deponent is still examined *orally*.  *See* Fed. R. Civ. P. 31(a)(3), (4); 31(b).  Moreover, Plaintiffs must seek leave under Rule 31 to depose FirstEnergy by written questions because FirstEnergy has already been deposed—*twice*.  *See* Fed. R. Civ. P. 31(a)(2)(A)(ii).   And in any event, the Court ordered a Fact Deposition Protocol that contemplates oral examination only.  (*See*, *e.g.*, ECF No. 309 at PageID 6731, 6734–35 (limiting hours deponent "will be required to sit"; ordering "court reporter" to be "in the same room with the witness"; allowing depositions to be "recorded"; etc.)  Plaintiffs cannot now re-write that protocol to aim hundreds of written questions at FirstEnergy, much less demand a written response.

*(2)  Plaintiffs' proposal is excessively burdensome and cannot be squared with Plaintiffs' proposed fact discovery cutoff.*  By requiring a "particularized showing" of need on a request-by-request basis, courts ensure that parties do not exceed default discovery limits without good cause. *See Seiverth* v. *City of Perrysburg, Ohio*, 2026 WL 27590, at *1 (N.D. Ohio Jan. 5, 2026); *see also Mall*, 2019 WL 2521165, at *1.  Plaintiffs attempt to bypass that critical gating mechanism.  Given free rein to propound hundreds of additional requests on FirstEnergy, Plaintiffs will be incentivized to seek broad and burdensome discovery, inevitably leading to wasteful disputes.

Plaintiffs made precisely this argument when opposing Defendants' request to alter the party/non-party deposition allocation.  Direct Action Plaintiffs argued that granting that request would "encourage [Defendants] not to be judicious and to take unnecessary" discovery.  (Dec. 12, 2024 Conf. Tr. at PageID 17821.)  And Lead Plaintiffs argued that where a party must show that

additional discovery is necessary, it will "self-regulat[e]" to avoid "squander[ing]" its requests. (Apr. 10, 2025 Conf. Tr., ECF No. 902 at PageID 23438.)  Plaintiffs cannot hold Defendants to that standard while seeking to amass hundreds of gratuitous discovery requests for themselves.

For these reasons, handing Plaintiffs a "blank check" (Dec. 12, 2024 Conf. Tr. at PageID 17846) to serve additional written discovery requests will make it impossible to meet their already unrealistic fact discovery cutoff.  If the Special Master is inclined to approve Plaintiffs' request for additional discovery, any case schedule must account for the very substantial time needed to complete potentially hundreds of additional responses and litigate any resulting disputes.

*(3)  Any additional written discovery should be limited to a reasonable increase per side.* Despite Plaintiffs' failure to show any cause for expanding written discovery, FirstEnergy, to avoid a dispute, previously offered a reciprocal increase of 15 requests, allocated between interrogatories and RFAs at the proponent's election, which Plaintiffs summarily rejected.  This proposal, or a similarly reasonable increase that the Court determines is appropriate, would significantly mitigate the burden issues described above and is consistent with other courts' management of securities fraud class actions.  *See Burket* v. *Hyman Lippitt, P.C.*, 2007 WL 2421136, at *1 (E.D. Mich. Aug. 23, 2007) (denying motion for 50 additional interrogatories in a securities fraud action where the movant failed to make a "particularized showing" of necessity and depositions would be "easier and more cost-efficient"); Order at 3, *In re Apollo Grp., Inc. Sec. Litig.*, No. 2:04-cv-02147 (D. Ariz. Dec. 19, 2005), ECF No. 111 (setting limit of "35 interrogatories [per side]").

**CONCLUSION**

FirstEnergy respectfully requests that the Special Master deny Plaintiffs' request to quadruple the presumptive limits on interrogatories and RFAs, and if inclined to approve an increase, limit it to 15 additional requests or other similarly reasonable amount the Court determines.

Dated:  April 22, 2026

Respectfully submitted,

*/s/ Paul J. Schumacher*
Paul J. Schumacher, Trial Attorney (0014370)
DICKIE, MCCAMEY & CHILCOTE, P.C.
600 Superior Avenue East
Fifth Third Center, Suite 2330
Cleveland, Ohio  44114
Telephone:  (216) 685-1827
pschumacher@dmclaw.com

Richard J. Silk, Jr. (0074111)
DICKIE, MCCAMEY & CHILCOTE, P.C.
10 W. Broad Street, Suite 1950
Columbus, Ohio  43215
Telephone:  (614) 258-6000
rsilk@dmclaw.com

Robert J. Giuffra, Jr. (*pro hac vice*)
Sharon L. Nelles (*pro hac vice*)
David M.J. Rein (*pro hac vice*)
Beth D. Newton (*pro hac vice*)
Nicholas F. Menillo (*pro hac vice*)
Hilary M. Williams (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000

Kamil R. Shields (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C.  20006
Telephone:  (202) 956-7040

*Counsel for Defendant FirstEnergy Corp.*

**DECLARATION OF SERVICE**

I certify that the foregoing was filed electronically on April 22, 2026.  Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Paul J. Schumacher*
Paul J. Schumacher (0014370)

*Counsel for Defendant FirstEnergy Corp.*