UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) | No. 2:20-cv-03785-ALM-KAJ |
| | ) | CLASS ACTION |
| | ) | |
| This Document Relates To: | ) ) | Judge Algenon L. Marbley |
| | ) | Magistrate Judge Kimberly A. Jolson |
| ALL ACTIONS. | ) | |
| | ) | |

PLAINTIFFS' POSITION STATEMENT REGARDING WRITTEN DISCOVERY

MURRAY MURPHY MOUL
  + BASIL LLP
JOSEPH F. MURRAY (0063373)
1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com


Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com


Class Counsel

4922-8082-8836.v1

## I.  INTRODUCTION

Between the class and the opt-out cases, there are 19 plaintiff-parties.  Under the Federal Rules of Civil Procedure and S.D. Ohio Civil Local Rules, each plaintiff-party is entitled to pose 25 interrogatories and 40 requests for admission ("RFAs") to each defendant.  Fed. R. Civ. P. 33; S.D. Ohio Civ. R. 36.1.[1]  Accordingly, the class and opt-plaintiffs do not need to seek leave of Court to collectively pose up to 475 interrogatories and 760 RFAs to each defendant.  Nevertheless, to avoid disputes over whether these limits should be calculated per party (as the plain language of the rules provide) or per side, in the spirit of the Deposition Protocol for these cases, which raised the number of allowable depositions from 10 to 65, and the length of the depositions from 7 to 18 hours),[2] Plaintiffs here attempted to reach a more-modest parallel agreement with defendant FirstEnergy concerning written discovery.  Ultimately, Plaintiffs sought no increase whatsoever to their collective allotments.  With 4 Plaintiffs in this case, Plaintiffs sought 4 times the allotted interrogatories and RFAs compared to the 16.7 times increase in deposition times under the Deposition Protocol.  FirstEnergy refused, necessitating this position statement.  Plaintiffs

---

[1] *See, e.g.*, *Bradfield v. Donahue*, 2016 WL 5661855, at *2 (W.D. Tenn. Sep. 29, 2016) ("Rule 33(a)(1) by its terms does not limit multiple defendants or multiple plaintiffs in a case to a combined total of only 25 interrogatories.  The rule states, 'a *party* may serve on any other *party* no more than 25 written interrogatories, including all discrete subparts' (emphasis added)."); *West v. Hilton*, 2012 WL 1186007, at *1 (S.D. Ohio Apr. 9, 2012) (citing *Auther v. Oshkosh Corp.*, 2010 WL 1404125, at *3 (W.D.N.Y. Mar. 30, 2010) ("stating that '[t]he plain language of Rule 33 indicates that the 25 interrogatory limitation is per party, rather than per side'")).  "Plaintiffs" are Class Representatives Los Angeles County Employees Retirement Association, Amalgamated Bank, as Trustee for the LongView LargeCap 500 Index Fund, LongView Quantitative LargeCap Fund, LongView Broad Market 3000 Index Fund, LongView LargeCap 500 Index Fund VEBA, LV LargeCap 1000 Value Index Fund, LongView Quantitative MidCap Fund, LongView Quant LargeCap Equity VEBA Fund and LongView Core Plus Fixed Income Fund, City of Irving Supplemental Benefit Plan, and Wisconsin Laborers' Pension Fund (collectively, "Plaintiffs").

[2] Deposition Protocol, ECF 309 at PageID 6731; Aggregation Order, ECF 355 at PageID 8636-37.

- 1 -

4922-8082-8836.v1

respectfully request the Court confirm they are entitled to collectively propound up to 100 interrogatories and 160 RFAs, without seeking leave of Court.

## II.    LEGAL STANDARDS[3]

Rule 33 of the Federal Rules of Civil Procedure provides, in part, the following: "Unless otherwise stipulated or ordered by the court, *a party* may serve on any other *party* no more than 25 written interrogatories, including all discrete subparts." Fed R. Civ. P. 33.  Likewise, Local Rule 36.1 provides: "Unless there has been agreement of the responding party or leave of Court has first been obtained, no *party* shall serve more than forty requests for admission (including all subparts) upon any other *party*."[4]   S.D. Ohio Civ. R. 36.1.  While there is some disagreement, many courts follow the plain language of these rules and apply these limits on a per-party basis.  *See, e.g.*, *Wright v. Stagnaro Distrib., LLC*, 2021 WL 1383374, at *1 (S.D. Ohio Apr. 13, 2021) ("Rule 33, by its express terms, limits each party to a total of 25 written interrogatories with certain exceptions."); *Bradfield*, 2016 WL 5661855, at *2 ("There are six individual Plaintiffs in this case, and each of them was entitled to serve up to 25 interrogatories.").

"A district court enjoys broad discretion in managing discovery." *Grant v. Target Corp.*, 281 F.R.D. 299, 306 (S.D. Ohio 2012) (citing *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)); *see also Marinkovic v. Hazelwood*, 2020 WL 1955329, at *1 (N.D. Ohio Apr. 23, 2020) ("[T]he Federal Rules of Civil Procedure were written to facilitate the discovery of relevant evidence proportional to the needs of each case.  Rule 26 authorizes relatively expansive discovery, subject to

---

[3]    Unless otherwise noted, all emphasis is added and citations are omitted.

[4]    The Federal Rules of Civil Procedure allow parties to pose unlimited requests for admission, so the inconsistent S.D. Ohio Civil Local Rule limiting requests for admission may be unenforceable. *St. Paul Fire & Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP*, 217 F.R.D. 288, 289 (D. Mass. 2003) ("A court's local rules must be 'consistent with – but not duplicative of' the Federal Rules of Civil Procedure.  Rule 83(a)(1), Fed.R.Civ.P.  Thus, it is my opinion that those parts of Local Rule 26.1(C) which limit the number of interrogatories to 25 for 'each side' and the number of depositions to 10 for 'each side' are unenforceable.").

4922-8082-8836.v1

the considerations set forth in Rule 26(b)(1). Further, a court has broad discretion over discovery matters."). "District courts have broad discretion to determine the proper scope of discovery" under Fed. R. Civ. P. 26(b)(2). *Mall v. Merlo*, 2019 WL 2521165, at \*1 (S.D. Ohio June 19, 2019). "Under Rule 26(b)(2) the Court has discretion to 'alter the limits' on the number of written interrogatories a party may serve on another party." *Safelite Grp., Inc. v. Lockridge*, 2025 WL 2684126, at \*1 (S.D. Ohio Sep. 19, 2025).

When determining whether to allow additional discovery, courts are to consider, *inter alia*, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The same proportionality factors apply to additional depositions and written discovery. *See, e.g.*, *Blue Cross Blue Shield of Mich. Mut. Ins. Co. v. Express Scripts, Inc.*, 2025 WL 2622077, at \*2 (E.D. Mich. June 6, 2025) (additional depositions); *West*, 2012 WL 1186007, at \*1 (additional interrogatories).

## III. DEPOSITION PROTOCOL

Without identifying any specific deponents (other than the parties), on July 6, 2022, Magistrate Judge Jolson entered the Deposition Protocol, which increased the total number of depositions from 10 to 65 and increased the length of each deposition from 7 hours to 14 hours (later, further increased to 18 hours). Deposition Protocol, ECF 309 at PageID 6731-32; Aggregation Order, ECF 355 at PageID 8636-37. Combining these limits, the Court increased the total deposition time for "each side" from 70 hours to 1,170 hours, or 16.7 times greater than the baseline. The Deposition Protocol also established a process for setting depositions that has, in practice, amounted to over a six-week ramp to take most depositions. Deposition Protocol, ECF 309

- 3 -

4922-8082-8836.v1

at PageID 6733.  None of the parties asked Magistrate Judge Jolson to address any limits on written discovery.

## IV.    NEED FOR WRITTEN DISCOVERY

Between defendants Charles E. Jones and Michael J. Dowling's discovery violations that have derailed many depositions for 18 months and counting (without any consequences for the violators), the lengthy scheduling process, and the 2 days (not counting travel) each deposition requires, Plaintiffs have turned their focus to using highly targeted written discovery to fill the evidentiary gaps and ensure this 2020 case is ready to be tried next year.  The attached June 5, 2025 interrogatories and April 8, 2026 requests for admission confirm that these are narrow and precise inquiries that are far less onerous than preparing for attending a two-day deposition.[5]  For example:

- "Identify every month and/or year that you paid membership dues to IEU-Ohio." Ex. 1, Interrogatory No. 6.

- "Admit that on or about July 28, 2020, FirstEnergy imaged then-Chief Executive Officer Charles Jones' iPhone 11 Pro Max ("Jones' iPhone") in connection with a federal grand jury subpoena that FirstEnergy had received and returned Jones' iPhone to Jones without having deleted any messages from it."  Ex. 2, RFA No 1.

Plaintiffs have assured the Court and FirstEnergy that they will continue to use their written discovery for similarly narrow and precise inquiries.  Plaintiffs would further agree to an expedited process under which: (1) all written discovery would be provided to the Special Master simultaneous to service; (2) FirstEnergy would have two business days to assert that any interrogatory or RFA is not sufficiently targeted (while preserving the ability to raise any other objections); and (3) at the very next status conference, the Special Master will determine whether the inquiry should be narrowed and, if so, Plaintiffs will be required to make revisions acceptable to the Special Master during that same status conference.

---

[5]    References to "Ex." are to the exhibits attached to the concurrently filed declaration of Jason A. Forge.

## V.    LESSER BURDEN

As set forth above, Plaintiffs are already entitled to pose the 100 interrogatories and 160 RFAs they are asking the Court to confirm.  Even if that were not the case, courts regularly recognize that interrogatories are far more efficient than depositions – and those holdings are in the context of single-day, 7-hour depositions, not the 2-day, 18-hour depositions here.  *See, e.g.*, *Skinner v. Liller*, 2023 WL 8520240, at *4 (D. Md. Dec. 8, 2023) (allowing 10 individual defendants to propound 177 total interrogatories because "responding to *most* of the interrogatories *now*, with the assistance of highly-experienced counsel at a time of his choosing, would be less burdensome than being required to sit for a deposition to respond orally to the same questions contained in the interrogatories").  Magistrate Judge Jolson has already determined that the circumstances of this case warrant *16.7 times* the deposition time allowed under Fed R. Civ. P. 30.  Since those same factors apply to additional written discovery, it would be entirely inconsistent to hold that this same case with the same importance of issues at stake, same amount in controversy, same relative access to relevant information, same parties' resources, same importance of discovery in resolving the issues, and *lesser* burden and expense for interrogatories and RFAs versus depositions does not warrant additional written discovery.  Moreover, Plaintiffs could pose *thousands* of written questions through dozens of Fed R. Civ. P. 31 depositions by written question.

Last, having to identify (and litigate) each interrogatory and RFA in advance of service would be inconsistent with the Deposition Protocol, which exponentially increased the total deposition hours without regard to the identities of up to 23 third-party witnesses per side, and would destroy the efficiency of written discovery.  It would also be wholly unnecessary, as defendants may still raise objections *and* Plaintiffs have offered an expedited screening process.

DATED:  April 22, 2026                              Respectfully submitted,

*s/ Joseph F. Murray*
JOSEPH F. MURRAY

- 5 -

4922-8082-8836.v1

- 6 -

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY, Trial Attorney (0063373)
1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
JASON A. FORGE (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com
jforge@rgrdlaw.com

Class Counsel

4922-8082-8836.v1

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on April 22, 2026. Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Joseph F. Murray
Joseph F. Murray (0063373)

4922-8082-8836.v1