Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE:  FIRSTENERGY CORPORATION    CIVIL Action
No. 2:2-cv-3785

THIS DOCUMENT RELATES TO:
ALL ACTIONS

_____

Status conference held before
SPECIAL MASTER JUDGE SHAWN

Thursday, April 23, 2026
11:00 A.M.

Taken remotely via Zoom videoconference

REPORTER:  Deborah A. Duffy, CSR

```
                                                     Page 2
```

APPEARANCES:

ROBBINS GELLER RUDMAN & DOWD LLP
BY:  JASON FORGE, ESQ.
BY:  RACHEL COCALIS, ESQ.
BY:  KEVIN S. SCIARANI, ESQ.
BY:  MARK CONOVER, ESQ.
BY:  JEREMY DANIELS, ESQ.
BY:  HILLARY STAKEM, ESQ.
BY:  PETER KO, ESQ.
BY:  FRANCIS KARAM, ESQ.
BY:  STEVEN PEPICH, ESQ.
        655 West Broadway
        San Diego, California 92101
        jforge@rgrdlaw.com
        rcocalis@rgrdlaw.com
        kscariani@rgrdlaw.com
        mconover@rgrdlaw.com
        jdaniels@rgrdlaw.com
        hstakem@rgrdlaw.com
        pko@rgrdlaw.com
        fkaram@rgrdlaw.com
        spepich@rgrdlaw.com
        655 West Broadway
        San Diego, California 92101
        619- 231-1058
        jforge@rgrdlaw.com
             -and-
MURRAY MURPHY MOUL + BASIL LLP
BY:  JOSEPH F. MURRAY, ESQ.
BY:  BRIAN MURPHY, ESQ.
        1114 Dublin Road
        Columbus, Ohio 43215
        Murray@mmmb.com
        murphy@mmmb.com
             For the Direct-Action Plaintiffs:

```

Page 3

APPEARANCES OF COUNSEL CONTINUED:

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP:
BY: RICHARD HEIMANN, ESQ.
BY: MICHAEL MIARMI, ESQ.
    250 Hudson Street, Eighth Floor
    New York, New York 10013
    Rheimann@lchb.com
    Mmiarmi@lchb.com

For Defendant FirstEnergy:

SULLIVAN & CROMWELL LLP
BY: ROBERT J. GIUFFRA, JR., ESQ.
BY: DAVID M. J. REIN, ESQ.
BY: HILARY M. WILLIAMS, ESQ.
BY: BETH D. NEWTON, ESQ.
BY: SHEEVA L. NESVA, ESQ.
    125 Broad Street
    New York, New York 10004
    GiuffraR@sullcrom.com
    ReinD@sullcrom.com
    WilliamsH@sullcrom.com
    NewtonB@sullcrom.com
    NesvaS@sullcrom.com
            -and-
DICKIE, MCCAMEY & CHILCOTE, P.C.
BY: PAUL J. SCHUMACHER, JR., ESQ.
    600 Superior Avenue East, Suite 2330
    Cleveland, Ohio 44114-2614
    PSchumacher@DMCLaw.com
            For Defendants Steven Strah; K. Jon
            Taylor; Jason J. Lisowski; George M.
            Smart; Paul T. Addison; Michael J.
            Anderson; Steven J. Demetriou; Julia
            L. Johnson; Donald T. Misheff;
            Thomas N. Mitchell; James F. O'Neil
            III; Christopher D. Pappas; Sandra
            Pianalto; Luis A. Reyes; Jerry Sue
            Thornton and Leslie M. Turner;

APPEARANCES OF COUNSEL CONTINUED:

Page 4

```
   JONES DAY:
   BY: GEOFFREY J. RITTS, ESQ.
        901 Lakeside Avenue
        Cleveland, Ohio 44114
        gjritts@jonesday.com
         -and-
   BY: MARJORIE P. DUFFY, ESQ.
          325 John H. McConnell Boulevard, Suite 600
        Columbus, Ohio 43216
        mpduffy@jonesday.com


 For Defendant Charles E. Jones:

   BAKER & HOSTETLER
   BY: RACHAEL L. ISRAEL, ESQ.
   BY: JONATHAN BARR, ESQ.
        Key Tower Suite 2000
        127 Public Square
        Cleveland, Ohio 44114
        RIsrael@bakerlaw.com
        JBarr@bakerlaw.com
  For Defendant Robert Reffner:
   MCDERMOTT WILL & EMERY LLP
   BY: PAUL M.G. HELMS, ESQ.
        444 West Lake Street, Suite 4000
        Chicago, Illinois 60606
        phelms@mwe.com

 For Defendant Donald Schneider:
   ORRICK, LLP
   BY: PRESTON BURTON, ESQ.
        1152 15th Street NW
        Columbia Center
        Washington, D.C. 20005
        PBurton@orrick.com

                 -and-
```

Page 5

APPEARANCES OF COUNSEL CONTINUED:
  SANTEN & HUGHES
   BY: BRIAN P. O'CONNOR, ESQ.
        600 Vine Street, Suite 700
        Cincinnati, Ohio 45202
        Bpo@santenhughes.com
 For Defendant Leila Vespoli:
 ARNOLD & PORTER
  BY: AARON F. MINER, ESQ.
        250 West 55th Street
        New York, New York 10019-9710
        aaron.miner@arnoldporter.com

 For Defendant Michael Dowling:
 TUCKER ELLIS LLP
  BY: JOHN F. McCAFFREY, ESQ.
  BY: JOHN A. FAVRET, ESQ.
        950 Main Avenue, Suite 1100
        Cleveland, Ohio 44113
        john.mccaffrey@tuckerellis.com
        john.favret@tuckerellis.com
           -and-
 WINSTON & STRAWN
 BY: STEVEN GRIMES, ESQ.
        35 W Wacker Drive
        Chicago, Illinois 60601
        Sgrimes@winston.com
 For Defendant John Judge:
 VORYS, SATER, SEYMOUR AND PEASE LLP
 BY: ANDREW P. GURAN, ESQ.
        50 S. Main Street, Suite 1200
        Akron, Ohio 44308
        apguran@vorys.com

 For Defendant James Pearson:
 BALLARD SPAHR LLP
 BY: DAVID AXELROD, ESQ.
 BY: JOSEPH J. BAILEY, ESQ.
        1735 Market Street, 51st Floor
        Philadelphia, Pennsylvania 19103
        axelrodd@ballardspahr.com
        baileyj@ballardspahr.com

Page 6

APPEARANCES OF COUNSEL CONTINUED:

For Defendant Dennis Chack:
MORGAN, LEWIS LLP
BY: CASSIDY DUCKETT BRITT, ESQ.
1701 Market Street
Philadelphia, Pennsylvania 19103
Cassidy.Britt@morganlewis.com


For The Underwriter Defendants:
DAVIS POLK & WARDWELL LLP
BY: ERIC M. KIM, ESQ.
450 Lexington Avenue
New York, New York 10017
Eric.Kim@davispolk.com
-and-
PORTER, WRIGHT, MORRIS & ARTHUR LLP
BY: HELEN M. FITE, ESQ.
41 South High Street, Suite 2900
Columbus, Ohio 43215
HFite@porterwright.com

ALSO PRESENT:

Michael Koslen, Esq., FirstEnergy

Page 7

SPECIAL MASTER JUDGE:  Good morning, everyone. If we can get started.  I do have a court reporter with us today.

All right.  Let's go on the record.  It is April 23, 2026.  It is 11:04 a.m., and we are gathered for our weekly status conference in the consolidated FirstEnergy matters.

We have at least one item on the agenda today to address the position statements filed by the various parties regarding the requested increase in interrogatories and requests for admissions.

I've read the parties submissions, which I think can be summarized as defendants are arguing for reciprocal increases of no more than 15 per side.

Defendants are asking for substantially more than that.

Mr. Forge, it is your request. Do you have anything in addition to your written submission or to respond to FirstEnergy's position statement?

MR. FORGE:  One additional point, and then two responses to FirstEnergy.  The additional point is I just wanted to -- I pointed out in our papers

Page 8

that these are 18-hour, 2-day depositions versus 7-hour, single-day depositions.  But they also involve dozens of lawyers.

So it is the dozens of lawyers. That is the additional factor that makes these depositions exceedingly inefficient.

So when you are comparing depositions to written discovery, that was one factor I failed to point out in our papers.

Regarding a response to their papers, their arguments are basically half-baked arguments.

Number one, they don't, in any way, address the reality of the language of the rule.  It's per party.  There is just -- there is no question about that.  That is what the rule states.  It is each party.

So that -- we are not asking for an increase.  We are asking for a confirmation of what we are allowed to do to avoid litigation, because otherwise, what happens is we pose an interrogatory or an RFA.  They wait 30 days.  They don't try and do it efficiently.  They wait until the very last second, and then they file their objections.  Okay?  So we've already lost 30 days

there.

Don't just complain, "Oh, you are not entitled to 25 per party, as the rules provide."

Then we have to meet and confer. Then we have to tell you we've met and conferred, and we need to file position statements. Then we file the position statements. And we come in for this -- a hearing like this. Then we wait for an order.

So it is not -- I wanted to kind of nip this in the bud and just get ahead of the dispute.

So, number one, they don't even address the language of the rule. Number two, they don't address the proportionality factors at all. They don't even acknowledge their existence. And the reason they don't acknowledge their existence is because there is absolutely no way to reconcile their position, which has already been determined in this case by Magistrate Judge Jolson. And that is that the circumstances of this case justify an exponential increase in the deposition time for the case.

Their only response to the

Page 10

proportionate increase argument is another half-thought-out argument. Their only response is, well, that is because there are so many parties in this case. Okay. That explains the 42 party depositions.

What about the 23 third-party depositions? If it was just 23 -- so we ignore the party depositions altogether. And I would submit that would be silly because every case has parties.

But if we ignored the party depositions altogether, if it was just a change from ten 7-hour depositions to 23 18-hour depositions, we would still be talking about a six times increase.

We are asking for a confirmation of four times. So even if you take a myopic view of what Magistrate Judge Jolson did, we are still far more modest than what Magistrate Judge Jolson already determined was appropriate in this case.

The other point that they make, that is, again, half-baked is this notion that somehow it is inconsistent with plaintiffs wanting to get discovery done and asking for a confirmation of the written discovery we are allowed to propound.

Page 11

Again, that makes no sense whatsoever.  We can propound 30 interrogatories today, and they would have to respond to them in 30 days.  We can't take 30 depositions this year, the way this thing is set up.

So that doesn't make -- it just makes no sense.  They are just resorting to these, like I said, half-baked arguments that aren't thought through and aren't justified by the logic or the law.

The notion that we have to make a particularized showing, there is definitely case law to support that.

SPECIAL MASTER JUDGE:  Well, Mr. Forge, the way I read that, though -- and tell me if I'm drawing an incorrect inference.  There would need -- there would be a need for a particularized showing if you were seeking an increase over what the rules would allow.  But if I understand your argument, you are saying that the federal civil rule and the local rule -- you are not asking for an increase.  You are just asking for confirmation that those numbers apply in the way you are applying them here.

MR. FORGE:  In the first instance, yes.  I

Page 12

also have an alternative argument if you don't agree with that one.

SPECIAL MASTER JUDGE:  Okay.  But in that case, at least, it would move the need for a particularized showing?

MR. FORGE:  Absolutely.

SPECIAL MASTER JUDGE:  Okay.  And what is your alternative argument?

MR. FORGE:  The alternative argument is, like I said, with the proportionality factors.  The same exact -- what they -- it is that argument.  And there was no need -- there was no -- at the deposition stage of the kind of scheduling order or protocol analysis, there was no need to identify specific deponents.  There was no need to justify individual depositions.

In this particular instance -- so the same logic, the same rule would apply here.  It is the same proportionality factors.

We can just look at the magnitude of this case and know that obviously the same discovery scope and parameters that apply to a dispute of about $25,000 with one party on each side wouldn't make any sense in this case.  That was the unwritten but undeniable logic behind

Page 13

Magistrate Judge Jolson's dramatic increase in the deposition protocol.

They completely ignore that reality. And to demand a particularized showing for each interrogatory and RFA would defeat all the efficiency gains that we are hoping to accomplish through this.

Then we would go through this entire exercise on an interrogatory and RFA basis for what? It doesn't -- it doesn't gain anything.

What we are proposing, again, in the alternative, is that we can have -- we will submit them to you simultaneously with them.

They will have two business days to say, "Hey, we don't think this is narrowly tailored, like the plaintiffs promised." Fine. We will get together for the status -- for this status conference, just like this, and you can say -- you know, these are all discretionary calls. There is no need for rounds of briefing.

You know? What I'm asking is -- you can, on a discretionary basis, limit us. I'm not saying this only goes one way, that your discretion only allows us to do what I say or more. It's -- these are discretionary calls. They

Page 14

don't -- they don't require briefing.

If you look at the interrogatories and the RFA and you say, "You know what? Do a better job." I will do it on the spot.

Why can't we have a productive discussion and narrow whatever needs to be narrowed on the spot. I'm not looking -- I don't want hundreds of pages of responses. I want specific answers to specific questions, because all I'm trying to do is tie up loose ends to make sure that I have got this case ready to try.

So in terms of the alternative argument, again, they fall far short of establishing anything regarding the proportionality factors, and the alternative procedure that we have proposed provides them with ample protection because they always retain their right to object. So there is no prejudice to them.

SPECIAL MASTER JUDGE: Thank you, Mr. Forge.

Mr. Rein, were you speaking for FirstEnergy?

MR. REIN: Yes, I will. So I think where I would start is, Special Master, you got this right. At the beginning, when you were describing what is going on, which is where plaintiffs are seeking an

Page 15

expansion of discovery, that is what you -- how you've described their request, and that is what it is.

But we don't even need to get to the question of, you know, how many are they entitled to under the rules and so on. Because all of this is premature right now.

So, you know, as of right now, plaintiffs, by their open count, have served 12 interrogatories. They are entitled to 25. As you remember, you know, one per side. Right now, then, even under that count, they have 13 left.

Under the local rule, there are 40 requests for admission permitted. Right now they have served 3. So there is 37 left. So it is not clear why we are here at all. All of this is premature. They haven't said why today this is something they need.

You know, by analogy, last year we were talking about -- we, FirstEnergy, proposed expanding the cap on depositions. In particular, getting rid of the cap between nonparty and party depositions.

Plaintiff said that is premature. We are not at the cap. The direct

action, plaintiff said is premature. You ruled. This is what you ruled on April 15th last year.

FirstEnergy hadn't sufficiently established a problem necessitating action at this juncture. You know, if their logic applied then, that logic so applies today.

So, first of all, I don't think there's actually a right to dispute here. But even if there was, then, as you recognized, the case law does require a particularized showing of need to exceed the limits.

What does that particularized showing mean? It means invariably, and I think we've cited cases in our position statement to say this -- submitting the proposed additional requests.

On Monday, plaintiffs' counsel told you, they would -- they would give you examples of their additional requests.

In their submission last night, they didn't. All they provided was requests they've done in the past. So that is not any sort of showing whatsoever.

Instead, we just have some sort of vague generic assurance that, well, we are going

Page 17

to use it for now for precise purposes.  That is what they say, but that is not a particularized showing of why they need an expansion, why they need, you know, 100 versus 50, versus 10.

I don't think there is any basis on which you could make any kind of informed judgment because they haven't given you anything on which to make their informed judgment.

You know, I think recognizing the fact that this particularized showing is needed, I think that is why last night, for the first time, we saw plaintiffs argue.  Well, we don't actually need to seek any leave at all, because, you know, we could see -- I think the number they came up with was 475 interrogatories, 760 requests for admission.  So over 1,000.  And that would be quite --

SPECIAL MASTER JUDGE:  Let me jump in and interrupt you for a moment, if I can.

I mean, absent from your papers -- your position statement, I know I limited you in the position statement in terms of length, but do you have any Sixth Circuit authority or -- and I mean, you know, to term the debate, an expansion is perhaps unfair, but it is -- it's, you

Page 18

know -- the first threshold issue is are we actually dealing with an expansion here or just a confirmation, and, you know, the argument that 33(a)(1) and local Rule 36.1 permit a per-party basis and not a per-side basis.

I mean, the way I'm reading is plaintiffs are saying per party, and there are multiple parties here, and that is how they should come up with -- and not any substantial numbers, as you just noted.  You are saying per side.

Do you have any Sixth Circuit authority or any authority from Judge Marbley or any authority in the district court limiting it to a per-side basis?

MR. REIN:  So, the -- if you look at Knox Trailers, which I think is cited in our submission -- Knox Trailers v. Clark, at 22 Westlaw 831432 -- it actually says there is a split of authority as to whether you interpret in that way between parties and sides.

But when courts look at it on a -- when courts look at this question and they say, "Well, has that side acted as a single unified entity?"

So if you look at -- that is

Page 19

what Knox Trailers said.  I think the Gray v. Price case as well.  And the way that they look at that is they look at things, well, do they have multiple parties represented by the same attorneys.

So, you know, here, for example, I think it is something like 15 of the plaintiff -- 15 of the 19 supposed parties on the plaintiffs' side, are these Brighthouse and MFA trusts that owns the -- you know, so FirstEnergy securities.

They clearly acted as a unified whole.  They had the same lawyer speaking on every issue.

On the class side, the judge only appointed one lead plaintiff.  In fact, in the lead plaintiff order, there was -- Judge Marbley discusses a proposal to have two lead plaintiffs and rejects it and says there is only one lead plaintiff.

So we are sort of shoehorning in, you know, the sort of named plaintiffs who filed the original complaints.  But they are not the ones who were under the -- the plaintiff order at least were given the statutory authority under the PSLRA to be -- you know, to be litigating this action.

Page 20

So I think -- I think it would be totally unreasonable to say, you know, there are 19 plaintiffs here, you know, however you read that case law. The idea is saying that there's 19 plaintiffs. I'm going to multiply these written requests up to north of 1,000.

I think it is just an attempt to avoid the particularized showing. I think that is what it is.

And if we go back to the central question asked about the particularized showing, I think it is not unreasonable to ask the plaintiff to make one.

We are not trying to be unreasonable here, and I hope that has come through in our papers. You know, we have proposed increasing 15 each side. We actually didn't say that is a hard limit. If you tell us, "Look, I think some other number here that is, you know, sort of in the ballpark is the right number," we're not going to be complaining about that. We are not going to be -- we're not trying to be difficult here.

We think this is the sort of issue that there really ought to be a compromise.

Page 21

There is no reason that this should be, you know, the focus of litigation on, you know, exactly how many RFAs.

But, of course we are going to object to proposals of, you know, a thousand and hundreds and hundreds.  That just doesn't make sense and has not -- it hasn't been supported.  We haven't seen what they are.

And as for this sort of fallback position -- supposed fallback position that you would sort of be a real-time monitor for interrogatories and request for admission as they are served, and we will all discuss whether they are targeted.

I mean, that conflicts with the federal rules which provide the 30 days.  And there was a reason for that, which is we have to gather information.  We have to understand -- do we have the information.  What would be involved in getting it.  We can't just argue off the top of our head: Is this targeted?  Is this not targeted?

There is real work that goes into that.  If we can respond, we will.  If we can -- if it makes sense to propose some narrowed version that is actually, you know, achievable, we

Page 22

would do that.  But that is the type of thing you do during the time period permitted by the rules. You figure those things out.  So you are not just sort of shooting from the hip and giving some answer that isn't with any basis.

So I've never seen a case, I've never heard of a case with this sort of two-day real-time monitorship on this sort of targeting issue.  I don't know how you -- I don't know actually how you take apart targets -- you know, your objections that it is targeted versus your objections that it is burdensome versus you object to whatever other issues you may have.  It is all intertwined in the end.

So I don't think it makes sense as a practical matter.  You know, what I would hope is that, you know, we could work with you and would hope Mr. Forge will agree to come up with some number that makes sense and move forward instead of wasting more time on this question.

SPECIAL MASTER JUDGE:  Thank you.

Mr.  Forge, before we circle around to some of the other parties, address, if you would -- you can address anything you want, but I want you to start off with addressing the way

Page 23

Mr. Rein is countering the 15 of the 19 parties are acting as a unified whole and that any class -- designated class representative counts as a party and not every named plaintiff.

MR. FORGE: Sure. That is an easy one.

First of all, we are not here on behalf of the opt-out plaintiffs. We are talking about the class plaintiffs. We are talking about the four class plaintiffs.

Mr. Rein has already made his decision on that, and it completely contradicts his argument. They deposed each separate plaintiff in this case. Each of the four. They propounded document requests, four separate document requests to the four separate plaintiffs.

They know they are separate. They are counting the deposition separately by plaintiffs. So they can't treat them as separate entities, which they clearly are separate management, separate entities, separate policies, and take discovery separately from them, but then say --

SPECIAL MASTER JUDGE: Well, you are saying they deposed the four. Instead of just deposing the class rep, you are saying they deposed each one

Page 24

of the named plaintiffs individually.

MR. FORGE: Exactly.

SPECIAL MASTER JUDGE: Yeah.

MR. FORGE: And they propounded separate document requests for each one of the named plaintiffs.

They took investment manager -- investment manager depositions separately, based on who was managing what funds.

So they've always, from day one, treated them as separate, which they are. They are separate. I'm not saying that was wrong for FirstEnergy to do. I'm just saying it is wrong for them to pretend as if they're the same when it suits their argument, when they are clearly not the same.

Moreover, that is just a made-up argument or policy. That is just what some courts do from time to time to pursue an ideological agenda.

It says "party." These are different parties. They don't have to be a lead plaintiff. They are separate plaintiffs in this case. They are parties in this case, and we can't just massage them out of the case. They've been a

Page 25

part of it.  They are a part of it.  They have been treated separately.  They are separate.

Now, in addition, I want to respond to, again, this -- this is just unfortunate that these defendants are just incapable of not misrepresenting something whenever they speak.

Mr. Rein argued that I promised at the last hearing that I would provide you with examples of what we are going to propound.

Here is what I actually said.  This is a quote from the transcript.  "I will give you examples of the targeted interrogatories that we are proposing," which is contrary to what Mr. Giuffra described.  Either targeted interrogatory requests.  These are targeted requests for admissions.

So I would just ask counsel to please be honest, and please -- if you are not -- if you are not being dishonest intentionally, don't be reckless.

Before you accuse somebody else of not honoring his word, at least make the effort of reading one sentence out of a transcript, because these guys just recklessly do this -- at best, recklessly -- do this all the time.

Page 26

I did exactly what I said I would do. I gave you examples of the targeted interrogatories and request for admissions that we are proposing in the present tense.

Now, if you go then, unfortunately, backwards to his argument about prematurity.

Number one, it's a complete -- number one, we are not asking -- like I said, we are not asking for an expansion. So that -- it is an apples to -- not even apples to oranges. It is apples-to-scooters comparison, but we are not asking for -- we are not asking for an expansion.

Number two, even if we were the -- it's -- we are asking for a -- we are not asking for an expansion beyond what the depositions were already increased -- a proportional increase beyond the depositions.

We are asking for a more modest increase. So we haven't even reached the point where the depositions are.

Number three, the depositions take -- like I said, at least -- and in practice, it's more than a six-week windup. But it is at least a six-week lineup. So they could notice

those depositions and then say, "Okay. We've now noticed" -- and they can -- they have to schedule them, not just notice them on TBD basis. Actually, make it real. Schedule them.

Okay. We now have 55 depositions scheduled. We need to talk about this. They were the ones -- the reason why they wanted to do this in the dark, if you recall, is they didn't want to have to justify why they are taking all of these investment manager depositions because they were going absolutely nowhere. And we've demonstrated that with our submissions, and we would be happy to do it again in more detail, but one of -- that's the irony of this, where you can tie in his first and last argument to expose the hypocrisy of it.

The first argument is talking about -- oh, when they wanted to expand the number of depositions. The second argument is talking about -- it really should just be one plaintiff instead of four.

The reason that -- one of the reasons they wanted to depose -- expand the number of depositions is because they wanted to take investment manager depositions associated with each

Page 28

individual plaintiff.

So, again, they are making -- they are taking a position that they're either each separate individual plaintiffs, which they are, when they want to expand the depositions, when they want to propound document requests, and then they come in here today and tell you that, oh, they are just one.  They should just be treated as one.

It just doesn't pass the smell test, and it certainly doesn't pass the plain-language of the rule test.

SPECIAL MASTER JUDGE:  Thank you, Mr. Forge.

Direct-action plaintiff, let me circle around to you.  Do you have any input here?

Is there anyone we have here today representing the direct-action plaintiffs?

MR. FORGE:  I don't see anyone.

SPECIAL MASTER JUDGE:  I'm not -- yeah.  I don't see anyone.  I'm looking at the list.

I mean, I think, to a large extent, they don't have a dog in this fight, right?

MR. FORGE:  Well, they certainly haven't -- they certainly haven't asked for confirmation.

SPECIAL MASTER JUDGE:  Yes.

MR. FORGE:  So they're not -- they haven't

taken -- they haven't done anything for this issue.

SPECIAL MASTER JUDGE:  Yeah.

MR. FORGE:  And I can't say I speak for them, because I'm not trying to speak for them, and I haven't asked to speak for them.

MR. REIN:  Most of the interrogatories and request for admissions that Mr. Forge is claiming come from their 15 multiplied by, you know, the number permissible under the rules, right?  So the fact --

MR. FORGE:  That is not true.

MR. REIN:  -- but they are not exactly seeking that themselves.

MR. FORGE:  That is not at all true.  That is not even remotely true.

It is 4 times 25 is 100, David. And 4 times 40 is 160.  I started off by explaining all the combined class and opt-out plaintiffs to show the high number that it could be potentially with all the cases combined.  But all the analysis within the body of the position statement is comparing four times.  We are requesting four times -- confirmation of four times.  We have four plaintiffs in this case.

MR. REIN:  Well, I think it is easy to get

lost in your math, because I think this is about the fourth different proposal you've made in the last two weeks. So it's a bit -- last night was the first time you've come up with this new proposal about we have -- which should confirm that we can do this under the rules.

I think we should just try to reach, you know, a sensible number for a case of this size, and that is really is where FirstEnergy is.

We've offered something that we think makes sense. We think it is premature to be talking about much more than that. And if there comes a point where that makes sense, we would obviously have that discussion.

But it is not clear to me why we are having this discussion today when there is no request for admission. There is no interrogatories that are pending on the table. There is nothing like that. This is all hypothetical.

MR. FORGE: Again, Mr. Judge, I hate that I always have to do this, but Mr. Rein just said last night was the first time I came up with this proposal for four times.

I will just point you to his own

Page 31

filing from last week, DCF10003-3 at page ID 25609. It is a copy of an e-mail from me to him and other people, responding to their request, what is the number of additional requests for each RFP's interrogatories, for which plaintiffs now seek FirstEnergy's agreement.

The response, "Four times the number allowed under the federal and local rules." That was on April 15th, 2026.

Last night was April 22nd, 2026. Again, if they want to just to confine their arguments to their position, totally fine if they get things wrong. But when you start accusing the other side of things, you better get your facts right, and they never do.

MR. REIN: And it is the first time you've come up with your confirmation theory. And that is what I actually said. This is not what is in your prior submissions. This is the first time you have said that.

So stop accusing other people of not telling the truth, which I think is somewhat unbecoming and not productive. And instead, let's talk focus on the actual issues.

SPECIAL MASTER JUDGE: Thank you, gentlemen.

Page 32

I get the point.

Counsel for Jones and Dowling, anything to jump in here with?

MS. ISRAEL:  No, Special Master.  Not on behalf of Mr. Jones.

SPECIAL MASTER JUDGE:  Thank you, Ms. Israel.  Mr. McCaffrey?

MR. McCAFFREY:  Nothing on behalf of Mr. Dowling.  Thank you.

SPECIAL MASTER JUDGE:  Thank you.  All right. I see at least -- you know, the three core issues here are, one, is this is an expansion, or is this simply a confirmation?

So the first issue I will have to decide is construction of the rules and whether in this circuit, in this district, the rules are understood to apply on a per-party basis versus a per-side basis.

The resolution of that issue either opens or closes the door to getting to a particularized showing and proportionality arguments.

I will take it under advisement. I'm going to roll it into the omnibus order that I'm working on that it is hopefully going to

Page 33

resolve all the pending issues that we have and then is waiting in part on the parties' briefing that we'll wrap up next Wednesday, the 27th.

There will be an omnibus order coming out after that, and it should get things moving, hopefully, in this case.

In the meantime, Mr. Rein, even with the tensions between the parties and the disagreement here, I hear him extending, at least, a tentative olive branch of let's talk about it. See if we can come to an agreed-upon number that would meet the need for me to act on this issue. I encourage the parties to talk offline and pursue that. And if they come up with an agreed-upon proposal, I'm certainly willing to listen to it and to see if it would be reasonable and resolve these issues and get the case moving.

So, realistically, if you are going to come up with any kind of agreement, Mr. Forge and Mr. Rein, you have about a week to do so before that section is going to be locked in.

If you would want any input from me in that regard, depending upon the nature of that input, that could be worked on in the next week, but I encourage you to talk. I'm not going

Page 34

to mandate it.  If you can't come to agreement, that is fine.  I will resolve the issue and get an order out.

From either side or counsel for Jones and Dowling, are there any other issues we need to take up today on the agenda?

MR. REIN:  I raise one question on this, which is on the parties versus side issue, that is not briefed in our submission, because it was briefed and raised for the first time last night in plaintiffs' submission.

So all you've heard from us, actually, is just me today responding to last night's submission.

You know, I think the cases I quoted to you, are cited to you, are not in a submission for that reason.  I can certainly give you the cites of those, but I think right now you just have one side's view on this.  And so I think it would be only fair if we would be permitted something short to respond on the parties versus side issue.

SPECIAL MASTER JUDGE:  When you say "short," what do you mean?

MR. REIN:  Two pages.

Page 35

SPECIAL MASTER JUDGE:  Oh, I like that.

Mr. Forge, any objection to two pages' simultaneous briefing due by close of business on --

MR. FORGE:  Of course, I object to a one-thousand lawyer law firm saying they couldn't read the rule and address the actual language of it because I didn't spell it out for them.  I mean, this is just another stall --

SPECIAL MASTER JUDGE:  Mr. Forge, I understand the frustration, but that wasn't my question.

MR. FORGE:  I object.  Your question was do I object?  And of course I object.  This was the time -- yesterday was the time to state your position.

They have known about this for weeks.  If they didn't read the rule -- you can look at their papers.  It's party, party, party throughout their papers.  If they didn't know what that meant, that's on them.

MR. REIN:  Well, the confirmation appeared for the first time last night.  And so, you know, we are responding to something new on this whole parties versus side thing.  I actually don't think

Page 36

plaintiff should get to put something in. We are just responding to them. It is just two pages.

It sounds like Mr. Forge doesn't want something anyway. So I would suggest that is what we do, and we would put it in quickly.

SPECIAL MASTER JUDGE: All I want is authority. I mean, I understand the arguments. I can read the cases and understand them myself.

Each party, if they want to submit something, submit it by -- what day is today? Today is Thursday. Submit it by -- yeah. I want to get this written up, and every conference, everybody asks for briefing, which is --

MR. FORGE: Not me.

SPECIAL MASTER JUDGE: Well, okay. Yes. That is fair. You want a trial date. You don't want briefing.

MR. FORGE: Exactly.

SPECIAL MASTER JUDGE: If either side wants to submit a list of cases, a list of citations, a list of authority, I don't want arguments. I don't want parentheticals telling me what the case means. I can read it for myself. Give me no more than a two-page list by close of business on Tuesday.

Page 37

MR. FORGE:  Mr. Judge, can I give you -- can our list include all the individual discovery that they have propounded?

SPECIAL MASTER JUDGE:  I mean -- what was that, Mr. Rein?

MR. REIN:  That sounds like an argument.  It sounds like what he is trying to do is just, you know, go back on his argument about what we've, of course, served, you know, discovery on, you know, named plaintiffs --

SPECIAL MASTER JUDGE:  We are not disputing that you served discovery on named plaintiffs, correct?

MR. REIN:  No, we're not.  We're not.  And I'm also not disputing the base of discovery, you know, on behalf of plaintiffs, plural.  I am not disputing that either.  And I think you know what Judge Marbley's order is appointing Lecera as the lead plaintiff in this case.

SPECIAL MASTER JUDGE:  Yeah.  I mean, I don't think that is an issue in dispute that I need proof of.

MR. FORGE:  I just want to make sure they are agreeing they propounded separate written discovery for the separate plaintiffs.  They've taken

Page 38

separate depositions of investment managers for the separate plaintiffs. And they've taken separate depositions of the separate plaintiffs.

It is not just -- it's every single category of discovery, included third-party discovery, has been done differently for these four different plaintiffs.

If they're -- if they would acknowledge that, that is -- and you are hearing that, that is fine.

MR. REIN: We agree that they have class members who are seeking recovery. So we are entitled to assert our defenses against them.

MR. FORGE: No. They are parties. They are parties. They are named parties in this case. To call them class members is --

SPECIAL MASTER JUDGE: Gentlemen. I don't think it is a dispute that they deposed them separately and served discovery on them separately. That is all I need to know for purposes. I should figure out how that plays out myself --

MR. FORGE: Okay. And did third-party discovery separately.

SPECIAL MASTER JUDGE: All I'm looking for is authority -- relevant authority on the issue of is

Page 39

it per party or per side in the circuit in this district court.

By close of business on Tuesday, if you can't come to an agreement -- if you can come to an agreement with some kind of proposal for me, I'm all ears.  But I don't want additional briefing.  I just want a list of cases.

So I'm going to do my own research.  I will read the cases that are suggested to me to read, or the other authority that is suggested to me, but I don't need additional briefing or facts.

I mean, this is a fairly clean issue, and I think the arguments have been teed up today and the position statements with clarity.  I mean, it's -- it's -- you know, it is just construction of the rules and then clean issues after that if we need to get to them.

Does that answer your question, Mr. Rein?

MR. REIN:  Yes, it does.

SPECIAL MASTER JUDGE:  Thank you.

Any other issues we need to take up today?

MR. REIN:  Not for us.

Page 40

MR. FORGE:  Not for plaintiffs.  Thank you.

SPECIAL MASTER JUDGE:  All right.  As always, if any issues arise, please reach out and contact me.  We will have our normal status conference.  Make sure there is no conflict with that.  And next Thursday on the 30th, we have briefing due on the 27th.  And then on the 29th.  And on -- by close of business on the 28th, we will have the supplemental authority, if you wish to file any with me.

With that, we are off the record.

MR. FORGE:  Listen, Judge, I know we are off the record.  I just wanted to clarify regarding the whole Jones-Dowling severance issue.

You're -- it is briefs from them, just them, and for Synergy, and then a reply just from us, right?

SPECIAL MASTER JUDGE:  Yes.

MR. FORGE:  Okay.  I just wanted to -- I mean, that was my understanding.  I want to make sure.

SPECIAL MASTER JUDGE:  Yeah.  And then the dates were what, the 27th for them, the 29th for you.

MR. FORGE:  Yes.

SPECIAL MASTER JUDGE:  Thank you, everyone.

Have a good weekend.

* * * * * * * * * * * * * * * * * * * *

Page 42

STATE OF ILLINOIS        )
                         )   SS:
COUNTY OF COOK           )

          Deborah A. Duffy, CSR, RPR, being first duly sworn, on oath says that she is a court reporter doing business in the State of Illinois; and that she reported in shorthand the proceedings of said hearing; and that the foregoing is a true and correct transcript of her shorthand notes so taken as aforesaid, and contains the proceedings given at said hearing.

*Deborah A. Duffy*

                    Deborah A. Duffy  CSR, RPR
                    License No. 84-002517

**[& - accusing]**

**&**

**&** 2:2 3:2,8,16 4:9,14 5:2,5,14 6:7,11

**1**

**1** 18:4
**1,000** 17:16 20:6
**10** 17:4
**100** 17:4 29:16
**10004** 3:11
**10013** 3:4
**10017** 6:8
**10019-9710** 5:7
**1100** 5:10
**1114** 2:17
**1152** 4:19
**11:00** 1:11
**11:04** 7:5
**12** 15:9
**1200** 5:18
**125** 3:11
**127** 4:11
**13** 15:12
**15** 7:16 19:6,7 20:17 23:1 29:8
**15th** 4:19 16:2 31:9
**160** 29:17
**1701** 6:3
**1735** 5:22

**18** 8:1 10:12
**19** 19:7 20:3,4 23:1
**19103** 5:23 6:4

**2**

**2** 8:1
**2000** 4:11
**20005** 4:20
**2026** 1:10 7:5 31:9,10
**22** 18:17
**22nd** 31:10
**23** 1:10 7:5 10:6,7,12
**231-1058** 2:13
**2330** 3:17
**25** 9:3 15:10 29:16
**25,000** 12:23
**250** 3:3 5:6
**25609** 31:1
**27th** 33:3 40:7 40:22
**28th** 40:8
**2900** 6:12
**29th** 40:7,22
**2:2** 1:4

**3**

**3** 15:15
**30** 8:22,25 11:2 11:4,4 21:16
**30134** 42:14

**30th** 40:6
**325** 4:5
**33** 18:4
**35** 5:15
**36.1** 18:4
**37** 15:15
**3785** 1:4

**4**

**4** 29:16,17
**40** 15:14 29:17
**4000** 4:15
**41** 6:12
**42** 10:4
**43215** 2:18 6:12
**43216** 4:6
**44113** 5:11
**44114** 4:2,12
**44114-2614** 3:17
**44308** 5:19
**444** 4:15
**450** 6:8
**45202** 5:3
**475** 17:15

**5**

**50** 5:18 17:4
**51st** 5:22
**55** 27:5
**55th** 5:6

**6**

**600** 3:17 4:5 5:3
**60601** 5:15
**60606** 4:16
**619** 2:13
**655** 2:7,12

**7**

**7** 8:2 10:12
**700** 5:3
**760** 17:16

**8**

**831432** 18:18
**84-002517** 42:16

**9**

**901** 4:2
**92101** 2:7,13
**950** 5:10

**a**

**a.m.** 1:11 7:5
**aaron** 5:6
**aaron.miner** 5:7
**absent** 17:20
**absolutely** 9:19 12:6 27:11
**accomplish** 13:6
**accuse** 25:21
**accusing** 31:13 31:21

[achievable - avenue]

**achievable** 21:25
**acknowledge** 9:17,18 38:9
**act** 33:12
**acted** 18:23 19:10
**acting** 23:2
**action** 1:3 2:20 16:1,4 19:25 28:13,16
**actions** 1:5
**actual** 31:24 35:7
**actually** 16:8 17:13 18:2,18 20:17 21:25 22:10 25:10 27:3 31:18 34:13 35:25
**addison** 3:20
**addition** 7:20 25:3
**additional** 7:23 7:24 8:5 16:15 16:19 31:4 39:6,11
**address** 7:9 8:14 9:15,16 22:23,24 35:7
**addressing** 22:25
**admission** 15:14 17:16

21:12 30:18
**admissions** 7:12 25:16 26:3 29:7
**advisement** 32:23
**aforesaid** 42:10
**agenda** 7:9 24:20 34:6
**agree** 12:2 22:18 38:11
**agreed** 33:11 33:14
**agreeing** 37:24
**agreement** 31:6 33:19 34:1 39:4,5
**ahead** 9:12
**akron** 5:19
**allow** 11:19
**allowed** 8:20 10:24 31:8
**allows** 13:24
**alternative** 12:1,8,9 13:12 14:12,15
**altogether** 10:8 10:11
**ample** 14:16
**analogy** 15:19
**analysis** 12:14 29:20
**anderson** 3:20

**andrew** 5:18
**answer** 22:5 39:19
**answers** 14:9
**anyway** 36:4
**apart** 22:10
**apguran** 5:19
**appearances** 2:1 3:1,25 5:1 6:1
**appeared** 35:22
**apples** 26:11,11 26:12
**applied** 16:5
**applies** 16:6
**apply** 11:23 12:18,22 32:17
**applying** 11:24
**appointed** 19:14
**appointing** 37:18
**appropriate** 10:19
**april** 1:10 7:5 16:2 31:9,10
**argue** 17:12 21:20
**argued** 25:7
**arguing** 7:15
**argument** 10:1 10:2 11:20 12:1,8,9,11 14:13 18:3

23:12 24:15,18 26:6 27:15,17 27:19 37:6,8
**arguments** 8:11,12 11:8 31:12 32:22 36:7,22 39:14
**arnold** 5:5
**arnoldporter....** 5:7
**arthur** 6:11
**asked** 20:11 28:23 29:5
**asking** 7:17 8:18,19 10:15 10:23 11:21,22 13:21 26:9,10 26:13,13,15,16 26:19
**asks** 36:13
**assert** 38:13
**associated** 27:25
**assurance** 16:25
**attempt** 20:7
**attorneys** 19:4
**authority** 17:23 18:12,12,13,19 19:23 36:7,22 38:25,25 39:10 40:9
**avenue** 3:17 4:2 5:10 6:8

**[avoid - close]**

**avoid** 8:20 20:8
**axelrod** 5:21
**axelrodd** 5:23

**b**

**back** 20:10
  37:8
**backwards**
  26:6
**bailey** 5:22
**baileyj** 5:24
**baked** 8:11
  10:21 11:8
**baker** 4:9
**bakerlaw.com**
  4:12,13
**ballard** 5:21
**ballardspahr....**
  5:23,24
**ballpark** 20:20
**barr** 4:10
**base** 37:15
**based** 24:8
**basically** 8:11
**basil** 2:16
**basis** 13:9,22
  17:5 18:5,5,14
  22:5 27:3
  32:17,18
**beginning**
  14:24
**behalf** 23:7
  32:5,8 37:16

**bernstein** 3:2
**best** 25:25
**beth** 3:10
**better** 14:4
  31:14
**beyond** 26:16
  26:18
**bit** 30:3
**body** 29:21
**boulevard** 4:5
**bpo** 5:4
**branch** 33:10
**brian** 2:17 5:2
**briefed** 34:9,9
**briefing** 13:20
  14:1 33:2 35:3
  36:13,18 39:7
  39:12 40:6
**briefs** 40:15
**brighthouse**
  19:8
**britt** 6:3
**broad** 3:11
**broadway** 2:7
  2:12
**bud** 9:12
**burdensome**
  22:12
**burton** 4:19
**business** 13:14
  35:4 36:25
  39:3 40:8 42:6

**c**

**cabraser** 3:2
**california** 2:7
  2:13
**call** 38:16
**calls** 13:19,25
**cap** 15:21,22,25
**case** 9:21,22,24
  10:4,9,19
  11:12 12:4,21
  12:24 14:11
  16:9 19:2 20:4
  22:6,7 23:13
  24:24,24,25
  29:24 30:8
  33:6,17 36:23
  37:19 38:15
**cases** 16:14
  29:20 34:15
  36:8,21 39:7,9
**cassidy** 6:3
**cassidy.britt**
  6:4
**category** 38:5
**center** 4:20
**central** 20:10
**certainly** 28:10
  28:22,23 33:15
  34:17
**chack** 6:2
**change** 10:11
**charles** 4:8

**chicago** 4:16
  5:15
**chilcote** 3:16
**christopher**
  3:22
**cincinnati** 5:3
**circle** 22:22
  28:14
**circuit** 17:23
  18:11 32:16
  39:1
**circumstances**
  9:22
**citations** 36:21
**cited** 16:14
  18:16 34:16
**cites** 34:18
**civil** 1:3 11:20
**claiming** 29:7
**clarify** 40:13
**clarity** 39:15
**clark** 18:17
**class** 19:13
  23:2,3,8,9,25
  29:18 38:11,16
**clean** 39:13,17
**clear** 15:16
  30:16
**clearly** 19:10
  23:19 24:15
**cleveland** 3:17
  4:2,12 5:11
**close** 35:3
  36:25 39:3

**[close - deposing]**

40:7
**closes** 32:20
**cocalis** 2:3
**columbia** 4:20
**columbus** 2:18
4:6 6:12
**combined**
29:18,20
**come** 9:8 18:9
20:15 22:18
28:7 29:8 30:4
31:17 33:11,14
33:19 34:1
39:4,5
**comes** 30:14
**coming** 33:5
**comparing** 8:7
29:22
**comparison**
26:12
**complain** 9:2
**complaining**
20:21
**complaints**
19:21
**complete** 26:8
**completely**
13:3 23:11
**compromise**
20:25
**confer** 9:5
**conference** 1:8
7:7 13:18
36:13 40:4

**conferred** 9:6
**confine** 31:11
**confirm** 30:5
**confirmation**
8:19 10:15,23
11:22 18:3
28:23 29:23
31:17 32:13
35:22
**conflict** 40:5
**conflicts** 21:15
**conover** 2:4
**consolidated**
7:7
**construction**
32:15 39:17
**contact** 40:3
**contains** 42:10
**continued** 3:1
3:25 5:1 6:1
**contradicts**
23:11
**contrary** 25:13
**cook** 42:2
**copy** 31:2
**core** 32:11
**corporation**
1:3
**correct** 37:13
42:9
**counsel** 3:1,25
5:1 6:1 16:17
25:17 32:2
34:4

**count** 15:9,12
**countering**
23:1
**counting** 23:17
**counts** 23:3
**county** 42:2
**course** 21:4
35:5,14 37:9
**court** 1:1 7:2
18:13 39:2
42:5
**courts** 18:21,22
24:18
**cromwell** 3:8
**csr** 1:13 42:4
42:15
**cv** 1:4

**d**

**d** 3:10,22
**d.c.** 4:20
**daniels** 2:4
**dark** 27:8
**date** 36:17
**dates** 40:22
**david** 3:9 5:21
29:16
**davis** 6:7
**davispolk.com**
6:9
**day** 4:1 8:1,2
22:7 24:10
36:10

**days** 8:22,25
11:4 13:14
21:16
**dcf10003-3**
31:1
**dealing** 18:2
**debate** 17:24
**deborah** 1:13
42:4,15
**decide** 32:15
**decision** 23:11
**defeat** 13:5
**defendant** 3:6
4:8,14,18 5:5,8
5:17,20 6:2
**defendants**
3:19 6:6 7:15
7:17 25:5
**defenses** 38:13
**definitely** 11:12
**demand** 13:4
**demetriou** 3:20
**demonstrated**
27:12
**dennis** 6:2
**depending**
33:23
**deponents**
12:15
**depose** 27:23
**deposed** 23:12
23:24,25 38:18
**deposing** 23:24

**[deposition - expand]**

**deposition** 9:23 12:13 13:2 23:17

**depositions** 8:1 8:2,6,8 10:5,7,8 10:11,12,13 11:4 12:16 15:21,23 24:8 26:16,18,21,22 27:1,6,10,19,24 27:25 28:5 38:1,3

**described** 15:2 25:14

**describing** 14:24

**designated** 23:3

**detail** 27:13

**determined** 9:20 10:19

**dickie** 3:16

**diego** 2:7,13

**different** 24:22 30:2 38:7

**differently** 38:6

**difficult** 20:22

**direct** 2:20 15:25 28:13,16

**disagreement** 33:9

**discovery** 8:8 10:23,24 12:22 15:1 23:21

37:2,9,12,15,24 38:5,6,19,23

**discretion** 13:24

**discretionary** 13:19,22,25

**discuss** 21:13

**discusses** 19:16

**discussion** 14:6 30:15,17

**dishonest** 25:19

**dispute** 9:13 12:23 16:8 37:21 38:18

**disputing** 37:11 37:15,17

**district** 1:1,1 18:13 32:16 39:2

**division** 1:2

**dmclaw.com** 3:18

**document** 1:5 23:14,14 24:5 28:6

**dog** 28:21

**doing** 42:6

**donald** 3:21 4:18

**door** 32:20

**dowd** 2:2

**dowling** 5:8 32:2,9 34:5 40:14

**dozens** 8:3,4

**dramatic** 13:1

**drawing** 11:16

**drive** 5:15

**dublin** 2:17

**duckett** 6:3

**due** 35:3 40:6

**duffy** 1:13 4:5 42:4,15

**duly** 42:5

**e**

**e** 4:8 31:2

**ears** 39:6

**east** 3:17

**eastern** 1:2

**easy** 23:5 29:25

**efficiency** 13:6

**efficiently** 8:23

**effort** 25:22

**eighth** 3:3

**either** 25:14 28:3 32:20 34:4 36:20 37:17

**ellis** 5:9

**emery** 4:14

**encourage** 33:13,25

**ends** 14:10

**entire** 13:9

**entities** 23:19 23:20

**entitled** 9:3 15:6,10 38:13

**entity** 18:24

**eric** 6:7

**eric.kim** 6:9

**esq** 2:2,3,3,4,4 2:5,5,6,6,16,17 3:2,3,8,9,9,10 3:10,16 4:1,5 4:10,10,15,19 5:2,6,9,10,14 5:18,21,22 6:3 6:7,11,15

**established** 16:4

**establishing** 14:14

**everybody** 36:13

**exact** 12:11

**exactly** 21:2 24:2 26:1 29:12 36:19

**example** 19:5

**examples** 16:19 25:9,12 26:2

**exceed** 16:11

**exceedingly** 8:6

**exercise** 13:9

**existence** 9:17 9:18

**expand** 27:18 27:23 28:5

**[expanding - guys]**

**expanding** 15:21

**expansion** 15:1 17:3,25 18:2 26:10,13,16 32:12

**explaining** 29:17

**explains** 10:4

**exponential** 9:23

**expose** 27:15

**extending** 33:9

**extent** 28:21

**f**

**f** 2:16 3:21 5:6 5:9

**fact** 17:10 19:14 29:10

**factor** 8:5,9

**factors** 9:16 12:10,19 14:15

**facts** 31:14 39:12

**failed** 8:9

**fair** 34:20 36:17

**fairly** 39:13

**fall** 14:13

**fallback** 21:9 21:10

**far** 10:17 14:13

**favret** 5:10

**federal** 11:20 21:16 31:8

**fight** 28:21

**figure** 22:3 38:21

**file** 8:24 9:7,8 40:9

**filed** 7:10 19:21

**filing** 31:1

**fine** 13:16 31:12 34:2 38:10

**firm** 35:6

**first** 11:25 16:7 17:12 18:1 23:6 27:15,17 30:4,23 31:16 31:19 32:14 34:10 35:23 42:5

**firstenergy** 1:3 3:6 6:15 7:7,24 14:21 15:20 16:3 19:9 24:13 30:9

**firstenergy's** 7:21 31:6

**fite** 6:11

**fkaram** 2:11

**floor** 3:3 5:22

**focus** 21:2 31:24

**foregoing** 42:8

**forge** 2:2 7:19 7:23 11:14,25 12:6,9 14:19 22:18,22 23:5 24:2,4 28:12 28:17,22,25 29:3,7,11,14 30:21 33:20 35:2,5,10,13 36:3,15,19 37:1,23 38:14 38:22 40:1,12 40:19,24

**forward** 22:19

**four** 10:16 23:9 23:13,14,15,24 27:21 29:22,22 29:23,23 30:24 31:7 38:6

**fourth** 30:2

**francis** 2:6

**frustration** 35:11

**funds** 24:9

**g**

**gain** 13:10

**gains** 13:6

**gather** 21:17

**gathered** 7:6

**geller** 2:2

**generic** 16:25

**gentlemen** 31:25 38:17

**geoffrey** 4:1

**george** 3:19

**getting** 15:22 21:19 32:20

**giuffra** 3:8 25:14

**giuffrar** 3:12

**give** 16:18 25:11 34:17 36:24 37:1

**given** 17:7 19:23 42:11

**giving** 22:4

**gjritts** 4:3

**go** 7:4 13:8 20:10 26:5 37:8

**goes** 13:23 21:22

**going** 14:25 16:25 20:5,21 20:22 21:4 25:9 27:11 32:24,25 33:19 33:21,25 39:8

**good** 7:1 41:1

**gray** 19:1

**grimes** 5:14

**guran** 5:18

**guys** 25:24

**[h - jeremy]** Page 7

**h**

**h** 4:5
**half** 8:11 10:2 10:21 11:8
**happens** 8:21
**happy** 27:13
**hard** 20:18
**hate** 30:21
**head** 21:20
**hear** 33:9
**heard** 22:7 34:12
**hearing** 9:9 25:8 38:9 42:8 42:11
**heimann** 3:2,2
**held** 1:8
**helen** 6:11
**helms** 4:15
**hey** 13:15
**hfite** 6:13
**high** 6:12 29:19
**hilary** 3:9
**hillary** 2:5
**hip** 22:4
**honest** 25:18
**honoring** 25:22
**hope** 20:15 22:16,18
**hopefully** 32:25 33:6
**hoping** 13:6

**hostetler** 4:9
**hour** 8:1,2 10:12,12
**hstakem** 2:10
**hudson** 3:3
**hughes** 5:2
**hundreds** 14:8 21:6,6
**hypocrisy** 27:16
**hypothetical** 30:20

**i**

**idea** 20:4
**identify** 12:14
**ideological** 24:19
**ignore** 10:7 13:3
**ignored** 10:10
**iii** 3:22
**illinois** 4:16 5:15 42:1,6
**incapable** 25:5
**include** 37:2
**included** 38:5
**inconsistent** 10:22
**incorrect** 11:16
**increase** 7:11 8:19 9:23 10:1 10:14 11:18,22 13:1 26:17,20

**increased** 26:17
**increases** 7:15
**increasing** 20:17
**individual** 12:16 28:1,4 37:2
**individually** 24:1
**inefficient** 8:6
**inference** 11:16
**information** 21:18,19
**informed** 17:6 17:8
**input** 28:14 33:22,24
**instance** 11:25 12:17
**intentionally** 25:19
**interpret** 18:19
**interrogatories** 7:11 11:2 14:3 15:10 17:15 21:12 25:12 26:3 29:6 30:18 31:5
**interrogatory** 8:22 13:5,9 25:15
**interrupt** 17:19

**intertwined** 22:14
**invariably** 16:13
**investment** 24:7,8 27:10 27:25 38:1
**involve** 8:3
**involved** 21:19
**irony** 27:14
**israel** 4:10 32:4 32:6
**issue** 18:1 19:12 20:25 22:9 29:1 32:14,19 33:12 34:2,8,22 37:21 38:25 39:14 40:14
**issues** 22:13 31:24 32:11 33:1,17 34:5 39:17,23 40:3
**item** 7:8

**j**

**j** 3:8,9,16,19,20 3:20 4:1 5:22
**james** 3:21 5:20
**jason** 2:2 3:19
**jbarr** 4:13
**jdaniels** 2:10
**jeremy** 2:4

**[jerry - logic]**

**jerry** 3:22
**jforge** 2:8,14
**job** 14:4
**john** 4:5 5:9,10
  5:17
**john.favret**
  5:12
**john.mccaffrey**
  5:11
**johnson** 3:21
**jolson** 9:21
  10:17,18
**jolson's** 13:1
**jon** 3:19
**jonathan** 4:10
**jones** 4:1,8 32:2
  32:5 34:5
  40:14
**jonesday.com**
  4:3,6
**joseph** 2:16
  5:22
**jr** 3:8,16
**judge** 1:9 5:17
  7:1 9:21 10:17
  10:18 11:14
  12:3,7 13:1
  14:19 17:18
  18:12 19:13,15
  22:21 23:23
  24:3 28:12,18
  28:24 29:2
  30:21 31:25
  32:6,10 34:23

35:1,10 36:6
36:16,20 37:1
37:4,11,18,20
38:17,24 39:22
40:2,12,18,21
40:25
**judgment** 17:7
  17:8
**julia** 3:20
**jump** 17:18
  32:3
**juncture** 16:5
**justified** 11:9
**justify** 9:22
  12:15 27:9

**k**

**k** 3:19
**karam** 2:6
**kevin** 2:3
**key** 4:11
**kim** 6:7
**kind** 9:12 12:13
  17:6 33:19
  39:5
**know** 12:21
  13:19,21 14:3
  15:5,8,11,19
  16:5 17:4,9,14
  17:21,24 18:1
  18:3 19:5,9,20
  19:24 20:2,3
  20:16,19 21:1
  21:2,5,25 22:9

22:9,10,16,17
23:16 29:8
30:8 32:11
34:15 35:20,23
37:8,9,9,15,17
38:20 39:16
40:12
**known** 35:17
**knox** 18:15,17
  19:1
**ko** 2:5
**koslen** 6:15
**kscariani** 2:9

**l**

**l** 3:10,21 4:10
**lake** 4:15
**lakeside** 4:2
**language** 8:14
  9:15 28:11
  35:7
**large** 28:20
**law** 11:10,13
  16:9 20:4 35:6
**lawyer** 19:11
  35:6
**lawyers** 8:3,4
**lchb.com** 3:4,5
**lead** 19:14,15
  19:16,17 24:22
  37:19
**leave** 17:13
**lecera** 37:18

**left** 15:12,15
**leila** 5:5
**length** 17:22
**leslie** 3:23
**lewis** 6:2
**lexington** 6:8
**license** 42:16
**lieff** 3:2
**limit** 13:22
  20:18
**limited** 17:21
**limiting** 18:13
**limits** 16:11
**lineup** 26:25
**lisowski** 3:19
**list** 28:19 36:21
  36:21,21,25
  37:2 39:7
**listen** 33:15
  40:12
**litigating** 19:24
**litigation** 8:20
  21:2
**llp** 2:2,16 3:2,8
  4:14,18 5:9,17
  5:21 6:2,7,11
**local** 11:21
  15:13 18:4
  31:8
**locked** 33:21
**logic** 11:9
  12:18,25 16:5
  16:6

**[look - narrowed]**

**look** 12:20 14:2
18:15,21,22,25
19:2,3 20:18
35:19
**looking** 14:7
28:19 38:24
**loose** 14:10
**lost** 8:25 30:1
**luis** 3:22

**m**

**m** 3:9,9,19,23
6:7,11
**m.g.** 4:15
**made** 23:10
24:17 30:2
**magistrate**
9:21 10:17,18
13:1
**magnitude**
12:21
**mail** 31:2
**main** 5:10,18
**make** 10:20
11:6,11 12:24
14:10 17:6,8
20:13 21:6
25:22 27:4
37:23 40:5,20
**makes** 8:5 11:1
11:7 21:24
22:15,19 30:12
30:14

**making** 28:2
**management**
23:20
**manager** 24:7,8
27:10,25
**managers** 38:1
**managing** 24:9
**mandate** 34:1
**marbley** 18:12
19:15
**marbley's**
37:18
**marjorie** 4:5
**mark** 2:4
**market** 5:22
6:3
**massage** 24:25
**master** 1:9 7:1
11:14 12:3,7
14:19,23 17:18
22:21 23:23
24:3 28:12,18
28:24 29:2
31:25 32:4,6
32:10 34:23
35:1,10 36:6
36:16,20 37:4
37:11,20 38:17
38:24 39:22
40:2,18,21,25
**math** 30:1
**matter** 22:16
**matters** 7:7

**mccaffrey** 5:9
32:7,8
**mccamey** 3:16
**mcconnell** 4:5
**mcdermott**
4:14
**mconover** 2:9
**mean** 16:13
17:20,24 18:6
21:15 28:20
34:24 35:8
36:7 37:4,20
39:13,16 40:19
**means** 16:13
36:23
**meant** 35:21
**meet** 9:5 33:12
**members** 38:12
38:16
**met** 9:6
**mfa** 19:8
**miarmi** 3:3
**michael** 3:3,20
5:8 6:15
**miner** 5:6
**misheff** 3:21
**misrepresenti...**
25:6
**mitchell** 3:21
**mmiarmi** 3:5
**mmmb.com**
2:18,19
**modest** 10:18
26:19

**moment** 17:19
**monday** 16:17
**monitor** 21:11
**monitorship**
22:8
**morgan** 6:2
**morganlewis....**
6:4
**morning** 7:1
**morris** 6:11
**moul** 2:16
**move** 12:4
22:19
**moving** 33:6,17
**mpduffy** 4:6
**multiple** 18:8
19:4
**multiplied** 29:8
**multiply** 20:5
**murphy** 2:16
2:17,19
**murray** 2:16,16
2:18
**mwe.com** 4:16
**myopic** 10:16

**n**

**n** 3:21
**named** 19:20
23:4 24:1,5
37:10,12 38:15
**narrow** 14:6
**narrowed** 14:6
21:24

**[narrowly - party]** Page 10

| | | | |
|---|---|---|---|
| **narrowly** 13:15 | **notes** 42:9 | **ohio** 1:1 2:18 | 36:2 |
| **nature** 33:23 | **notice** 26:25 | 3:17 4:2,6,12 | **papers** 7:25 8:9 |
| **necessitating** | 27:3 | 5:3,11,19 6:12 | 8:11 17:21 |
| 16:4 | **noticed** 27:2 | **okay** 8:25 10:4 | 20:16 35:19,20 |
| **need** 9:7 11:17 | **notion** 10:21 | 12:3,7 27:1,5 | **pappas** 3:22 |
| 11:17 12:4,12 | 11:11 | 36:16 38:22 | **parameters** |
| 12:14,15 13:20 | **number** 8:13 | 40:19 | 12:22 |
| 15:4,18 16:10 | 9:14,15 17:15 | **olive** 33:10 | **parentheticals** |
| 17:3,4,13 27:6 | 20:19,20 22:19 | **omnibus** 32:24 | 36:23 |
| 33:12 34:6 | 26:8,9,14,22 | 33:4 | **part** 25:1,1 |
| 37:21 38:20 | 27:18,23 29:9 | **ones** 19:22 27:7 | 33:2 |
| 39:11,18,23 | 29:19 30:8 | **open** 15:9 | **particular** |
| **needed** 17:11 | 31:4,8 33:11 | **opens** 32:20 | 12:17 15:21 |
| **needs** 14:6 | **numbers** 11:23 | **opt** 23:7 29:18 | **particularized** |
| **nesva** 3:10 | 18:9 | **oranges** 26:11 | 11:12,17 12:5 |
| **nesvas** 3:14 | **nw** 4:19 | **order** 9:10 | 13:4 16:10,12 |
| **never** 22:6,7 | **o** | 12:13 19:15,22 | 17:2,10 20:8 |
| 31:15 | | 32:24 33:4 | 20:11 32:21 |
| **new** 3:4,4,11,11 | **o'connor** 5:2 | 34:3 37:18 | **parties** 7:10,13 |
| 5:7,7 6:8,8 | **o'neil** 3:21 | **original** 19:21 | 10:3,9 18:8,20 |
| 30:4 35:24 | **oath** 42:5 | **orrick** 4:18 | 19:4,7 22:23 |
| **newton** 3:10 | **object** 14:17 | **orrick.com** | 23:1 24:22,24 |
| **newtonb** 3:13 | 21:5 22:12 | 4:21 | 33:2,8,13 34:8 |
| **night** 16:20 | 35:5,13,14,14 | **ought** 20:25 | 34:21 35:25 |
| 17:11 30:3,23 | **objection** 35:2 | **own** 30:25 39:8 | 38:14,15,15 |
| 31:10 34:10 | **objections** 8:25 | **owns** 19:9 | **party** 8:15,17 |
| 35:23 | 22:11,12 | **p** | 9:3 10:4,6,8,10 |
| **night's** 34:14 | **obviously** | | 12:23 15:22 |
| **nip** 9:12 | 12:21 30:15 | **p** 4:5 5:2,18 | 18:4,7 23:3 |
| **nonparty** 15:22 | **offered** 30:11 | **p.c.** 3:16 | 24:21 32:17 |
| **normal** 40:4 | **offline** 33:13 | **page** 31:1 | 35:19,19,19 |
| **north** 20:6 | **oh** 9:2 27:18 | 36:25 | 36:9 38:5,22 |
| **noted** 18:10 | 28:7 35:1 | **pages** 14:8 | 39:1 |
| | | 34:25 35:3 | |

**[pass - purposes]**

| | | | |
|---|---|---|---|
| **pass** 28:9,10 | **plaintiffs** 2:20 | **potentially** | **proportionate** |
| **past** 16:22 | 10:22 13:16 | 29:19 | 10:1 |
| **paul** 3:16,20 | 14:25 15:9 | **practical** 22:16 | **proposal** 19:16 |
| 4:15 | 16:17 17:12 | **practice** 26:23 | 30:2,5,24 |
| **pburton** 4:21 | 18:7 19:7,16 | **precise** 17:1 | 33:15 39:5 |
| **pearson** 5:20 | 19:20 20:3,5 | **prejudice** | **proposals** 21:5 |
| **pease** 5:17 | 23:7,8,9,15,18 | 14:18 | **propose** 21:24 |
| **pending** 30:19 | 24:1,6,23 28:4 | **premature** 15:7 | **proposed** 14:16 |
| 33:1 | 28:16 29:18,24 | 15:17,25 16:1 | 15:20 16:15 |
| **pennsylvania** | 31:5 34:11 | 30:12 | 20:16 |
| 5:23 6:4 | 37:10,12,16,25 | **prematurity** | **proposing** |
| **people** 31:3,21 | 38:2,3,7 40:1 | 26:7 | 13:11 25:13 |
| **pepich** 2:6 | **plays** 38:21 | **present** 6:14 | 26:4 |
| **period** 22:2 | **please** 25:18,18 | 26:4 | **propound** |
| **permissible** | 40:3 | **preston** 4:19 | 10:25 11:2 |
| 29:9 | **plural** 37:16 | **pretend** 24:14 | 25:9 28:6 |
| **permit** 18:4 | **point** 7:23,24 | **price** 19:1 | **propounded** |
| **permitted** | 8:9 10:20 | **prior** 31:19 | 23:13 24:4 |
| 15:14 22:2 | 26:20 30:14,25 | **problem** 16:4 | 37:3,24 |
| 34:20 | 32:1 | **procedure** | **protection** |
| **peter** 2:5 | **pointed** 7:25 | 14:15 | 14:16 |
| **phelms** 4:16 | **policies** 23:20 | **proceedings** | **protocol** 12:14 |
| **philadelphia** | **policy** 24:18 | 42:7,10 | 13:2 |
| 5:23 6:4 | **polk** 6:7 | **productive** | **provide** 9:4 |
| **pianalto** 3:22 | **porter** 5:5 6:11 | 14:5 31:23 | 21:16 25:8 |
| **pko** 2:11 | **porterwright....** | **promised** 13:16 | **provided** 16:21 |
| **plain** 28:11 | 6:13 | 25:7 | **provides** 14:16 |
| **plaintiff** 15:24 | **pose** 8:21 | **proof** 37:21 | **pschumacher** |
| 16:1 19:6,14 | **position** 7:9,21 | **proportional** | 3:18 |
| 19:15,18,22 | 9:7,8,20 16:14 | 26:17 | **pslra** 19:24 |
| 20:12 23:4,12 | 17:21,22 21:10 | **proportionality** | **public** 4:11 |
| 24:23 27:20 | 21:10 28:3 | 9:16 12:10,19 | **purposes** 17:1 |
| 28:1,13 36:1 | 29:21 31:12 | 14:14 32:21 | 38:20 |
| 37:19 | 35:16 39:15 | | |

**[pursue - right]**

**pursue** 24:19 33:13
**put** 36:1,5

**q**

**question** 8:16 15:5 18:22 20:11 22:20 34:7 35:12,13 39:19
**questions** 14:9
**quickly** 36:5
**quite** 17:17
**quote** 25:11
**quoted** 34:16

**r**

**rachael** 4:10
**rachel** 2:3
**raise** 34:7
**raised** 34:10
**rcocalis** 2:8
**reach** 30:8 40:3
**reached** 26:20
**read** 7:13 11:15 20:3 35:7,18 36:8,24 39:9 39:10
**reading** 18:6 25:23
**ready** 14:11
**real** 21:11,22 22:8 27:4
**realistically** 33:18

**reality** 8:14 13:4
**really** 20:25 27:20 30:9
**reason** 9:18 21:1,17 27:7 27:22 34:17
**reasonable** 33:16
**reasons** 27:23
**recall** 27:8
**reciprocal** 7:15
**reckless** 25:20
**recklessly** 25:24,25
**recognized** 16:9
**recognizing** 17:9
**reconcile** 9:19
**record** 7:5 40:11,13
**recovery** 38:12
**reffner** 4:14
**regard** 33:23
**regarding** 7:10 8:10 14:14 40:13
**rein** 3:9 14:20 14:22 18:15 23:1,10 25:7 29:6,12,25 30:22 31:16 33:7,20 34:7

34:25 35:22 37:5,6,14 38:11 39:20,21 39:25
**reind** 3:12
**rejects** 19:17
**relates** 1:5
**relevant** 38:25
**remember** 15:11
**remotely** 1:12 29:15
**rep** 23:25
**reply** 40:16
**reported** 42:7
**reporter** 1:13 7:2 42:6
**representative** 23:3
**represented** 19:4
**representing** 28:16
**request** 7:19 15:2 21:12 26:3 29:7 30:18 31:3
**requested** 7:11
**requesting** 29:22
**requests** 7:11 15:14 16:16,19 16:21 17:16 20:6 23:14,14

24:5 25:15,16 28:6 31:4
**require** 14:1 16:10
**research** 39:9
**resolution** 32:19
**resolve** 33:1,16 34:2
**resorting** 11:7
**respond** 7:21 11:3 21:23 25:4 34:21
**responding** 31:3 34:13 35:24 36:2
**response** 8:10 9:25 10:2 31:7
**responses** 7:24 14:8
**retain** 14:17
**reyes** 3:22
**rfa** 8:22 13:5,9 14:3
**rfas** 21:3
**rfp's** 31:4
**rgrdlaw.com** 2:8,8,9,9,10,10 2:11,11,12,14
**rheimann** 3:4
**richard** 3:2
**rid** 15:22
**right** 7:4 14:17 14:23 15:7,8

**[right - somewhat]**

15:11,14 16:8
20:20 28:21
29:9 31:15
32:10 34:18
40:2,17
**risrael** 4:12
**ritts** 4:1
**road** 2:17
**robbins** 2:2
**robert** 3:8 4:14
**roll** 32:24
**rounds** 13:20
**rpr** 42:4,15
**rudman** 2:2
**rule** 8:15,16
9:15 11:21,21
12:18 15:13
18:4 28:11
35:7,18
**ruled** 16:1,2
**rules** 9:3 11:19
15:6 21:16
22:2 29:9 30:6
31:8 32:15,16
39:17

**s**

**s** 2:3 5:18
**san** 2:7,13
**sandra** 3:22
**santen** 5:2
**santenhughes...**
5:4

**sater** 5:17
**saw** 17:12
**saying** 11:20
13:23 18:7,10
20:4 23:23,25
24:12,13 35:6
**says** 18:18
19:17 24:21
42:5
**schedule** 27:2,4
**scheduled** 27:6
**scheduling**
12:13
**schneider** 4:18
**schumacher**
3:16
**sciarani** 2:3
**scooters** 26:12
**scope** 12:22
**second** 8:24
27:19
**section** 33:21
**securities** 19:9
**see** 17:14 28:17
28:19 32:11
33:11,16
**seek** 17:13 31:5
**seeking** 11:18
14:25 29:12
38:12
**seen** 21:8 22:6
**sense** 11:1,7
12:24 21:7,24
22:15,19 30:12

30:14
**sensible** 30:8
**sentence** 25:23
**separate** 23:12
23:14,15,16,18
23:19,20,20
24:4,11,12,23
25:2 28:4
37:24,25 38:1
38:2,2,3
**separately**
23:17,21 24:8
25:2 38:19,19
38:23
**served** 15:9,15
21:13 37:9,12
38:19
**set** 11:5
**severance**
40:14
**seymour** 5:17
**sgrimes** 5:16
**shawn** 1:9
**sheeva** 3:10
**shoehorning**
19:19
**shooting** 22:4
**short** 14:13
34:21,23
**shorthand** 42:7
42:9
**show** 29:19
**showing** 11:12
11:18 12:5

13:4 16:10,13
16:23 17:3,10
20:8,11 32:21
**side** 7:16 12:24
15:11 18:5,10
18:14,23 19:8
19:13 20:17
31:14 32:18
34:4,8,22
35:25 36:20
39:1
**side's** 34:19
**sides** 18:20
**signature** 42:14
**silly** 10:9
**simply** 32:13
**simultaneous**
35:3
**simultaneously**
13:13
**single** 8:2 18:23
38:5
**six** 10:13 26:24
26:25
**sixth** 17:23
18:11
**size** 30:9
**smart** 3:20
**smell** 28:9
**somebody**
25:21
**somewhat**
31:22

**[sort - telling]**

| | | | |
|---|---|---|---|
| **sort** 16:22,24 19:19,20 20:20 20:24 21:9,11 22:4,7,8 | **ss** 42:1 | **submit** 10:8 13:13 36:10,10 36:11,21 | **sworn** 42:5 |
| **sounds** 36:3 37:6,7 | **stage** 12:13 | **submitting** 16:15 | **synergy** 40:16 |
| | **stakem** 2:5 | | **t** |
| | **stall** 35:9 | **substantial** 18:9 | **t** 3:20,21 |
| **south** 6:12 | **start** 14:23 22:25 31:13 | **substantially** 7:18 | **table** 30:19 |
| **southern** 1:1 | **started** 7:2 29:17 | **sue** 3:22 | **tailored** 13:16 |
| **spahr** 5:21 | **state** 35:15 42:1,6 | **sufficiently** 16:3 | **take** 10:16 11:4 22:10 23:21 26:23 27:24 32:23 34:6 39:23 |
| **speak** 25:6 29:3 29:4,5 | **statement** 7:22 16:14 17:21,22 29:21 | **suggest** 36:4 | **taken** 1:12 29:1 37:25 38:2 42:10 |
| **speaking** 14:20 19:11 | **statements** 7:9 9:7,8 39:15 | **suggested** 39:9 39:11 | **talk** 27:6 31:24 33:10,13,25 |
| **special** 1:9 7:1 11:14 12:3,7 14:19,23 17:18 22:21 23:23 24:3 28:12,18 28:24 29:2 31:25 32:4,6 32:10 34:23 35:1,10 36:6 36:16,20 37:4 37:11,20 38:17 38:24 39:22 40:2,18,21,25 | **states** 1:1 8:17 | **suite** 3:17 4:5 4:11,15 5:3,10 5:18 6:12 | **talking** 10:13 15:20 23:7,8 27:17,19 30:13 |
| | **status** 1:8 7:6 13:17,17 40:4 | **suits** 24:15 | **targeted** 21:14 21:21,21 22:11 25:12,14,15 26:2 |
| | **statutory** 19:23 | **sullcrom.com** 3:12,12,13,13 3:14 | |
| | **steven** 2:6 3:19 3:20 5:14 | **sullivan** 3:8 | **targeting** 22:8 |
| | **stop** 31:21 | **summarized** 7:14 | **targets** 22:10 |
| | **strah** 3:19 | **superior** 3:17 | **taylor** 3:19 |
| | **strawn** 5:14 | **supplemental** 40:8 | **tbd** 27:3 |
| **specific** 12:15 14:8,9 | **street** 3:3,11 4:15,19 5:3,6 5:18,22 6:3,12 | **support** 11:13 | **teed** 39:14 |
| **spell** 35:8 | **submission** 7:21 16:20 18:17 34:9,11 34:14,17 | **supported** 21:7 | **tell** 9:6 11:15 20:18 28:7 |
| **spepich** 2:12 | | **supposed** 19:7 21:10 | |
| **split** 18:18 | | | **telling** 31:22 36:23 |
| **spot** 14:4,7 | **submissions** 7:14 27:12 31:19 | | |
| **square** 4:11 | | **sure** 14:10 23:5 37:23 40:5,20 | |

| | | | |
|---|---|---|---|
| **ten** 10:12 | **thomas** 3:21 | **tower** 4:11 | **undeniable** 12:25 |
| **tense** 26:4 | **thornton** 3:23 | **trailers** 18:16 18:17 19:1 | **under** 15:6,12 15:13 19:22,23 29:9 30:6 31:8 32:23 |
| **tensions** 33:8 | **thought** 10:2 11:9 | **transcript** 25:11,23 42:9 | |
| **tentative** 33:10 | **thousand** 21:5 35:6 | **treat** 23:18 | |
| **term** 17:24 | **three** 26:22 32:11 | **treated** 24:11 25:2 28:8 | **understand** 11:19 21:18 35:11 36:7,8 |
| **terms** 14:12 17:22 | **threshold** 18:1 | **trial** 36:17 | **understanding** 40:20 |
| **test** 28:10,11 | **thursday** 1:10 36:11 40:6 | **true** 29:11,14 29:15 42:8 | |
| **thank** 14:19 22:21 28:12 31:25 32:6,9 32:10 39:22 40:1,25 | **tie** 14:10 27:15 | **trusts** 19:8 | **understood** 32:17 |
| | **time** 9:23 17:12 21:11 22:2,8 22:20 24:19,19 25:25 30:4,23 31:16,19 34:10 35:15,15,23 | **truth** 31:22 | **underwriter** 6:6 |
| **theory** 31:17 | | **try** 8:23 14:11 30:7 | **unfair** 17:25 |
| **thing** 11:5 22:1 35:25 | | **trying** 14:10 20:14,22 29:4 37:7 | **unfortunate** 25:4 |
| **things** 19:3 22:3 31:13,14 33:5 | **times** 10:14,16 29:16,17,22,23 29:23 30:24 31:7 | **tucker** 5:9 | **unfortunately** 26:6 |
| **think** 7:14 13:15 14:22 16:7,13 17:5,9 17:11,14 18:16 19:1,6 20:1,1,7 20:8,12,19,24 22:15 28:20 29:25 30:1,7 30:12,12 31:22 34:15,18,19 35:25 37:17,21 38:18 39:14 | | **tuckerellis.com** 5:11,12 | **unified** 18:23 19:10 23:2 |
| | **today** 7:3,9 11:3 15:17 16:6 28:7,16 30:17 34:6,13 36:11,11 39:15 39:24 | **tuesday** 36:25 39:3 | **united** 1:1 |
| | | **turner** 3:23 | **unreasonable** 20:2,12,15 |
| | | **two** 7:23 9:15 13:14 19:16 22:7 26:14 30:3 34:25 35:3 36:2,25 | **unwritten** 12:25 |
| | **together** 13:17 | | **use** 17:1 |
| | **told** 16:18 | **type** 22:1 | **v** |
| | **took** 24:7 | | **v** 18:17 19:1 |
| **third** 10:6 38:5 38:22 | **top** 21:20 | **u** | **vague** 16:25 |
| | **totally** 20:2 31:12 | **unbecoming** 31:23 | **various** 7:10 |

**[version - zoom]** Page 16

| | | |
|---|---|---|
| **version** 21:25 | **wants** 36:20 | **word** 25:22 |
| **versus** 8:1 17:4 17:4 22:11,12 32:17 34:8,21 35:25 | **wardwell** 6:7 | **work** 21:22 22:17 |
| **vespoli** 5:5 | **washington** 4:20 | **worked** 33:24 |
| **videoconfere...** 1:12 | **wasting** 22:20 | **working** 32:25 |
| **view** 10:16 34:19 | **way** 8:14 9:19 11:5,15,23 13:23 18:6,19 19:2 22:25 | **wrap** 33:3 |
| **vine** 5:3 | **we've** 8:25 9:6 16:14 27:1,11 30:11 37:8 | **wright** 6:11 |
| **vorys** 5:17 | **wednesday** 33:3 | **written** 7:20 8:8 10:24 20:5 36:12 37:24 |
| **vorys.com** 5:19 | **week** 26:24,25 31:1 33:20,25 | **wrong** 24:12,13 31:13 |

**w**

| | | |
|---|---|---|
| **w** 5:15 | **weekend** 41:1 | **y** |
| **wacker** 5:15 | **weekly** 7:6 | **yeah** 24:3 28:18 29:2 36:11 37:20 40:21 |
| **wait** 8:22,23 9:9 | **weeks** 30:3 35:18 | **year** 11:4 15:19 16:2 |
| **waiting** 33:2 | **west** 2:7,12 4:15 5:6 | **yesterday** 35:15 |
| **want** 14:7,8 22:24,25 25:3 27:9 28:5,6 31:11 33:22 36:4,6,9,12,17 36:17,22,22 37:23 39:6,7 40:20 | **westlaw** 18:17 | **york** 3:4,4,11 3:11 5:7,7 6:8 6:8 |
| **wanted** 7:25 9:11 27:7,18 27:23,24 40:13 40:19 | **whatsoever** 11:2 16:23 | **z** |
| **wanting** 10:22 | **williams** 3:9 | **zoom** 1:12 |
| | **williamsh** 3:13 | |
| | **willing** 33:15 | |
| | **windup** 26:24 | |
| | **winston** 5:14 | |
| | **winston.com** 5:16 | |
| | **wish** 40:9 | |