# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) | No. 2:20-cv-03785-ALM-KAJ |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) | |
| ALL ACTIONS | ) ) ) | Judge Algenon L. Marbley Magistrate Judge Kimberly A. Jolson Special Master Shawn K. Judge |
| | ) | |
| MFS Series Trust I, et al., | ) ) | Case No. 2:21-cv-05839-ALM-KAJ |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| FirstEnergy Corp., et al., | ) ) | |
| Defendants. | ) ) | |
| Brighthouse Funds Trust II – MFS Value Portfolio, et al., | ) ) ) | Case No. 2:22-cv-00865-ALM-KAJ |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| FirstEnergy Corp., et al., | ) ) | |
| Defendants. | ) ) | |

**JOINT POSITION STATEMENT OF
CHARLES E. JONES AND MICHAEL J. DOWLING
REGARDING PLAINTIFFS' PROPOSED ASYMMETRICAL STAY OF DISCOVERY,
SEVERANCE, AND/OR BIFURCATION
AGAINST DEFENDANTS JONES AND DOWLING ONLY**

On several occasions over the past year and a half, Plaintiffs have proposed that Defendants Charles Jones and Michael Dowling be excluded from participating in depositions and other discovery in this matter, that discovery be stayed as to Jones and Dowling only, and/or that Jones and Dowling be severed or bifurcated from the other Defendants for the purposes of discovery and trial.[1] The reasoning for Plaintiffs' proposal has varied over time. On the one hand, Plaintiffs have argued that Jones and Dowling should be precluded from participating in discovery as a sanction for alleged discovery violations. (Doc. 748 at PageID 17338; Doc. 899 at PageID 23318; Doc. 862 at PageID 20413-17.)[2] More recently, however, Plaintiffs have argued in favor of a complete stay of this securities litigation against Jones and Dowling, pending resolution of the state and federal criminal cases pending against them, to avoid (1) an "unfair information balance among the active litigants"; (2) a delay of the entire case during the pendency of the criminal case; and (3) "significant evidentiary complications from trying Jones and Dowling along with FirstEnergy." (Doc. 1002 at PageID 25582.)

Regardless of its reasoning or scope, any asymmetrical stay of discovery, trial, or any other proceedings against Jones and Dowling would be improper. Jones and Dowling cannot be barred from participating in discovery as a sanction for the simple reason that they have not violated any discovery order. Plaintiffs have never filed, let along prevailed on, a motion to compel against them. Even if not imposed as a sanction, courts regularly reject asymmetrical, one-sided discovery stays of the sort Plaintiffs propose. The fact that courts have discretion to stay civil discovery

---

[1] The majority of these proposals have been made by Class Plaintiffs, but Direct Action Plaintiffs have also recently requested that the Court "stay Plaintiffs' claims against Jones and Dowling and order that they be tried separately" under Fed. R. Civ. P. 42(b). (Doc. 1001 at PageID 25575. During the April 20, 2026 Status Conference, the Special Master permitted Defendants to file position statements addressing "the bifurcation or a stay of Jones and Dowling." (Doc. 1004 at PageID 25679.)

[2] The appended index more fully describes each of the record documents cited in this brief.

1

pending the resolution of a criminal proceeding when requested by parties to that criminal proceeding does not justify the involuntary, asymmetrical stay requested by Plaintiffs. Moreover, bifurcating or severing Jones and Dowling now would do nothing to resolve Plaintiffs' discovery complaints or promote efficiency.

In addition to the arguments below, Jones and Dowling adopt the arguments and reasoning set forth in FirstEnergy's *Position Statement Regarding Plaintiffs' Request for a Stay and Separate Trial of Their Claims Against Defendants Jones and Dowling*, which is being filed contemporaneously with this submission.

### A. Plaintiffs Have Repeatedly Sought to Exclude Jones and Dowling from Discovery Based on a Discovery Dispute.

Plaintiffs' stated reason for seeking a stay of this case against Jones and Dowling only is so that "there will be no unfair information imbalance among active litigants." (Doc. 1002 at PageID 25582.) That "information imbalance" refers to Plaintiffs' well-trodden complaint that Jones and Dowling failed to produce in this securities litigation the Criminal Rule 16 discovery material disclosed to them under a state court protective order in the Summit County criminal case. (*See generally, e.g.*, Doc. 704.) The history of this dispute—and reasons why Jones and Dowling did not commit any discovery violation or improperly withhold documents—is set forth in Jones and Dowling's April 29, 2025 Ex Parte Submission and Objections to the Special Master's April 15, 2025 Order (Doc. 794).

Plaintiffs have repeatedly asserted that Jones and Dowling should be excluded from discovery as a sanction. For example, in January of last year, Plaintiffs argued that "Jones and Dowling should be prevented from taking any discovery (including posing any questions during any depositions) unless and until they cure their discovery violations." (Doc. 748 at PageID 17338.) Plaintiffs described this as "a meaningful **sanction**." (*Id.* (emphasis added); *see also* Doc. 899 at PageID 23318 ("Jones and Dowling should not be asking any questions at any

2

depositions … unless and until they bring themselves into compliance … by producing all materials").)

Although Plaintiffs now style their request as a one-sided "stay" of the case as to Jones and Dowling only, what Plaintiffs truly seek is a bar against Jones and Dowling from ever fully participating in discovery. A stay of the type granted in the cases cited by Plaintiffs would pause this proceeding as to all parties and then allow all parties—including Jones and Dowling—to freely propound discovery within the contours of Rule 26 once the case resumes. *Stay*, Black's Law Dictionary (12th ed. 2024) (defined as a "postponement" of proceedings); *B.L. v. Schuhmann*, 2019 WL 177940 (W.D. Ky. Jan. 11, 2019); *Boerste v. Ellis, LLC*, 2017 WL 6377976 (W.D. Ky. Dec. 13, 2017). Yet Plaintiffs instead propose that, following the asymmetrical stay they seek, Jones and Dowling would be entitled to "additional discovery" only if "they can show any good cause." (Doc. 1004 at PageID 25672; *see also* Doc. 862 at PageID 20413-21 ("Jones and Dowling should be precluded from noticing any additional depositions in this matter until after the conclusion of their criminal trial" and then required to "move the Court for leave" and "establish good cause to take" any depositions).) This would be an extinguishment, not a postponement, of Jones and Dowling's right to take discovery to defend themselves against Plaintiffs' claims.

Eliminating Jones and Dowling's right to pursue discovery is exactly the outcome that Plaintiffs desire. Simply delaying discovery by Jones and Dowling would not streamline anything. The opposite would occur. As FirstEnergy explained, any new facts developed by Jones and Dowling following Plaintiffs' requested stay would simply prompt other parties to seek still further discovery because of the "very basic problem that discovery leads to more discovery." (Doc. 865 at PageID 20527.) The attractiveness of Plaintiffs' requested stay thus logically depends on functionally barring Jones and Dowling from the discovery process.

3

**B.      Plaintiffs' Request to Exclude Jones and Dowling from Discovery Is a Meritless Request for Discovery Sanctions.**

Plaintiffs seek to exclude Jones and Dowling from the discovery process as a punishment for a purported discovery violation. Plaintiffs themselves described this as a "sanction." (Doc. 748 at PageID 17338.) So do the Rules of Civil Procedure, which explicitly identify "staying further proceedings until [an] order is obeyed" as a discovery sanction. Fed. R. Civ. P. 37(b)(2)(A)(iv). That suggested sanction is made all the more draconian by the fact that Plaintiffs' proposal is ultimately to bar, and not merely pause, Jones and Dowling's ability to conduct discovery. Yet Plaintiffs do not even attempt to demonstrate that they are entitled to a stay against Jones and Dowling as a discovery sanction under Rule 37.

First, Jones and Dowling never violated a discovery order. Sanctions may be awarded under Rule 37(b)(2) only where a party "fails to obey an order to provide or permit discovery." Accordingly, a "party seeking to impose discovery sanctions must first seek a court order compelling discovery." *Nozinich v. Johnson & Johnson, Inc.*, 2011 WL 13124086, at *2 (W.D. Tenn. Apr. 4, 2011); *see also Peltz v. Moretti*, 292 F. App'x 475, 478-79 (6th Cir. 2008) ("[S]anctions may not be used against a party who never defied a court order compelling discovery.").

As explained in detail in the Ex Parte Submission, the Court's June 14, 2021 Order partially lifting a discovery stay was not an order compelling discovery. (Ex Parte Submission at 5-7, 13-14, 26-27.) Nor did Jones and Dowling violate that 2021 Order in any respect. (*Id.*) The Court has never ordered Jones and Dowling to produce the criminal discovery materials in this case,[3] and

---

[3] The Special Master's April 15, 2025 Order and Report and Recommendation cannot constitute an order compelling discovery. That Order specifically permitted Jones and Dowling to "withhold the documents" at issue pending the Special Master's final recommendation. (Doc. 784 at PageID 18129.) For that reason, Jones and Dowling's objection to the Special Master's conclusion that Jones and Dowling committed a discovery violation was rejected as unripe. (Doc. 823 at PageID 19363-64.)

Plaintiffs never sought (much less obtained) an order compelling production in response to their requests. Because Jones and Dowling have never violated any order compelling discovery, imposing a sanction would be inappropriate.

Second, the extreme sanction of excluding Jones and Dowling from the discovery process (either temporarily or, as is integral to Plaintiffs' request, permanently) would be wholly unwarranted. The Sixth Circuit employs a four-part test to evaluate discovery sanctions, considering (1) the willfulness of the violation; (2) prejudice to the adversary; (3) whether the party was previously warned of that sanction; and (4) whether less drastic sanctions were imposed or considered. *Peltz*, 292 F. App'x at 479. Jones and Dowling have already explained why each of these factors require that no sanction be imposed, much less an extreme one such as the asymmetrical stay that Plaintiffs now propose. (Ex Parte Submission at 27-30.)

### C.     Plaintiffs' Proposed One-Sided Stay Is Unwarranted.

Plaintiffs' proposed stay is unwarranted even as a general case management tool for several reasons. First, Plaintiffs propose a stay of discovery only as to Jones and Dowling. But in the unusual instances that litigants even propose one-sided, asymmetrical stays, courts are quick to reject them. *Bank of America v. Veluchamy*, 2010 WL 1693108, at *4 (N.D. Ill. Apr. 26, 2010) ("More importantly, it would be unfair to impose a one-sided stay that would allow [counterplaintiffs] to pursue discovery, while preventing [counterdefendant] from engaging in the discovery necessary to defend [itself]…."); *Inland Am. (LIP) SUB, LLC v. Lauth*, 2010 WL 670546, at *2 (S.D. Ind. Feb. 19, 2010) (denying stay where movants "seek a one-sided discovery stay"); *Pendergest-Holt v. Certain Underwriters at Lloyd's of London & Arch Specialty Ins. Co.*, 2010 WL 3199355, at *3 (S.D. Tex. Aug. 11, 2010) (rejecting stay because the "stay of discovery Plaintiffs seek is one-sided"); *Fouad v. Milton Hershey Sch.*, 2019 WL 7020354, at *3 (M.D. Pa. Dec. 20, 2019) (ordering a complete stay and rejecting request "for a partial, asymmetrical stay"

that would "create an uneven playing field by permitting his discovery while staying defense discovery"); *Walker v. Nw. Mut. Life Ins. Co.*, 2015 WL 5178702, at *3 (E.D. Ky. Sept. 4, 2015) (similar; "it would be unfair to permit Plaintiff to proceed with discovery in this suit, while depriving Defendant of information needed to prepare its defense"). This is in keeping with the fundamental principles of the Rules of Civil Procedure, which "authorize extremely broad discovery" and must be "liberally construed in favor of allowing discovery." *Ward v. Am. Pizza Co.*, 279 F.R.D. 451, 457 (S.D. Ohio 2012).

Second, Plaintiffs' request is designed to eliminate rather than delay discovery, such that Plaintiffs are essentially seeking a protective order presumptively "forbidding … disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). To obtain such a protective order, a party must demonstrate "one of Rule 26(c)(1)'s enumerated harms"—annoyance, embarrassment, oppression, or undue burden or expense—with "a particular and specific demonstration of fact." *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (reversing protective order limiting a deposition). Plaintiffs make no attempt at the specific showing required to obtain a protective order limiting discovery by Jones and Dowling. Plaintiffs provide only the generalized argument that foreclosing discovery by Jones and Dowling would "streamline the rest of discovery" by "avoiding further disputes about how the criminal proceedings impact this case's ongoing depositions and information asymmetries among parties." (Doc. 1002 at PageID 25583.) Foreclosing depositions based on these sorts of "conclusory statements" constitutes an abuse of discretion. *Serrano* at 901-02.

The sole legal argument Plaintiffs offer in support of a stay is that courts possess discretion to stay a civil action "due to pending or impending criminal proceedings." (Doc. 1002 at PageID 25582.) But Plaintiffs provide no explanation whatsoever as to why criminal proceedings against an opposing party supports their request for a stay. Both cases Plaintiffs cite involve civil

6

defendants requesting a stay because they themselves are also defendants in parallel criminal proceedings. *B.L. v. Schuhmann*, 2019 WL 177940, at \*2-3 (W.D. Ky. Jan. 11, 2019); *Boerste v. Ellis, LLC*, 2017 WL 6377976, at \*1 (W.D. Ky. Dec. 13, 2017). And, in both cases, it was the plaintiffs who opposed the stay in order to keep the civil litigation moving forward. That is not the situation here. Plaintiffs are not parties to the criminal proceedings, they have no Fifth Amendment rights to protect, and they seek a stay as to only two of the defendants rather than a stay of this entire case.

Jones and Dowling agree that the Court has authority to stay civil cases pending criminal proceedings "sometimes at the request of the [criminal] prosecution" and "sometimes at the request of the [criminal] defense." *U.S. Sec. & Exch. Comm'n v. Abdallah*, 313 F.R.D. 59, 64 (N.D. Ohio 2016) (indirectly quoting *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)). However, Plaintiffs cite no authority for their bizarre request to partially stay a civil case as to only some civil defendants.

Plaintiffs explain that one factor courts consider is "the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay." (Doc. 1002 at PageID 25582-83.) But they ignore that the plaintiffs' interest in expediency and avoiding delay is a factor weighing ***against*** a stay. *See B.L.*, 2019 WL 177940, at \*4 ("Plaintiffs have an interest in the expeditious resolution of this litigation and … a stay of discovery impedes that interest to some extent"). Here, Plaintiffs paradoxically seek to accelerate this litigation, which demonstrates they do not seek to stay anything, but rather seek to asymmetrically exclude Jones and Dowling from the litigation, a result not contemplated by any of the cases cited. Finally, Plaintiffs' argument that a stay is sometimes necessary to protect a civil litigant's Fifth Amendment rights is ironic, given that Plaintiffs successfully opposed Jones and Dowling's motion to stay their depositions on precisely that basis. (*See generally* Docs. 448, 461.)

At bottom, as Jones and Dowling have argued for more than 18 months, there is no "information imbalance" obstacle to Plaintiffs' proceeding with depositions in this case. (Doc. 749-2 at PageID 17465-71.) The delay that Plaintiffs complain of is simply unnecessary. Plaintiffs have access to hundreds of thousands of documents and—as a result of the PUCO and SEC investigations, Dennis Chack's arbitration, the first Summit County criminal trial, and other related proceedings—far more prior testimony of potential deponents than is typical. Jones and Dowling have repeatedly indicated that they will not make use of any criminal discovery materials in depositions conducted in this proceeding. (*Id.* at PageID 17468; Doc 899 at PageID 23312.) Jones and Dowling simply want to proceed with taking the discovery necessary to defend themselves in this action. The solution, therefore, is not to exclude any parties from the discovery process but rather to simply to "ask witnesses questions about what they knew, saw and did at the relevant time irrespective of anything that they said" to any prosecutors in any criminal proceedings. (Doc. 749-2 at PageID 17468.)

D.      **Bifurcating or Severing the Case Against Jones and Dowling Now Would Be Pointless.**

Plaintiffs have merged their requested stay with a request to hold a separate trial as to their claims against Jones and Dowling. (*See* Doc. 1002 at PageID 25582 (noting that along with their requested stay, Plaintiffs seek to avoid "trying Jones and Dowling along with FirstEnergy").) As a result, the Special Master has allowed briefing to address both "the bifurcation or a stay of Jones and Dowling." (Doc. 1004 at PageID 25679.)

Plaintiffs' current proposal to have a separate trial against Jones and Dowling pursuant to Rule 42(b) puts the cart significantly before the horse. At the appropriate time, the Court will consider how an eventual trial will be structured and how evidentiary issues such as the admissibility of the FirstEnergy DPA will be handled. However, the issue of trial structure is just that—a quintessential trial issue, not a pretrial, discovery, or scheduling matter of the sort referred

8

to the Special Master. (Doc. 541 at PageID 11684-85.) Plaintiffs' attempt to dictate how this case will be tried in a case schedule is improper.

To the extent Plaintiffs also (or alternatively) seek to completely sever the case against Jones and Dowling pursuant to Rule 21, that would accomplish nothing. Under Rule 21, severance "creates two discrete, independent actions, which then proceed as separate suits." *Kitchen v. Heyns*, 802 F.3d 873, 874 (6th Cir. 2015). In that new independent action, Jones and Dowling would naturally have every right to take discovery, which would undoubtedly prompt the exact same "information imbalance" complaints from Plaintiffs and others. Plaintiffs have failed to address how such a severance could procedurally be accomplished.

Having previously moved to consolidate these related actions into one class action against more than 40 defendants (Doc. 33), Plaintiffs do not explain why a severance of Jones and Dowling would be appropriate or lawful. The Court already determined that consolidation was appropriate because "the Related Actions involve the same operative questions of fact and law." (Doc. 65, PageIDs 1498-99.) As Judge Marbley explained,

> Both actions contend that Defendants issued materially false and misleading statements and omissions regarding the Company's legislative efforts, which artificially inflated the price of FirstEnergy's securities and subsequently damaged the putative class when the price of those securities fell after the criminal charges were filed. Accordingly, the Related Actions each assert claims under the Exchange Act on behalf of investors who were allegedly defrauded by FirstEnergy and certain Company directors and officers. Given these commonalities, ***the Court finds that consolidation will promote judicial economy and conserve the parties' resources by preventing the duplicative motions, discovery, and trials that would result from litigating each action separately***. The Court also finds that consolidation is unlikely to prejudice the rights of any party.

(*Id*. at PageID 1499 (emphasis added).)

Plaintiffs' claims against Jones and Dowling involve the exact same questions of fact and law as Plaintiffs' claims against the other Defendants, and severing the case does nothing to address the purported issues that prompted Plaintiffs to request a stay. Severing the case would

9

simply multiply the actions in this already complex dispute and waste the resources of the Court and the parties by requiring them to duplicate motions, discovery, and trials.

### E. Any Report and Recommendation Staying, Bifurcating, or Severing the Case Against Jones and Dowling Should Be Stayed.

Jones and Dowling request that any Report and Recommendation to stay, bifurcate, or sever the case as to them should be stayed until the later of the Court's ruling on Jones and Dowling's objections or until expiration of the time to object. A stay will avoid the substantial risk of reopening depositions and otherwise duplicating proceedings (thus jeopardizing the very expediency Plaintiffs seek) if the Court determines that Jones and Dowling have been improperly excluded from participation in discovery. Consistent with the Court's November 30, 2023 Order, Jones and Dowling make this request "contemporaneously with briefing the underlying motion." (Doc. 576 at PageID 12425.)

10

Respectfully submitted,

| | |
|---|---|
| */s/ Rachael L. Israel* | */s/ John F. McCaffrey (with consent)* |
| Carole S. Rendon (0070345) | John F. McCaffrey (0039486) |
| Daniel R. Warren (0054595) | John A. Favret (0080427) |
| Douglas L. Shively (0094065) | Hannah M. Smith (0090870) |
| Jeremy Steven Dunnaback (0098129) | TUCKER ELLIS LLP |
| Rachael L. Israel (0072772) | 950 Main Avenue - Suite 1100 |
| BAKER & HOSTETLER LLP | Cleveland, OH 44113 |
| 127 Public Square, Suite 2000 | 216-592-5000 |
| Cleveland, OH 44114-1214 | Fax: 216-592-5009 |
| 216-621-0200 | john.mccaffrey@tuckerellis.com |
| Fax: 216-696-0740 | john.favret@tuckerellis.com |
| crendon@bakerlaw.com | hannah.smith@tuckerellis.com |
| dwarren@bakerlaw.com | |
| dshively@bakerlaw.com | Dan K. Webb (admitted *pro hac vice*) |
| jdunnaback@bakerlaw.com | Steven Grimes (admitted *pro hac vice*) |
| risrael@bakerlaw.com | Matthew Durkin (admitted *pro hac vice*) |
| | WINSTON & STRAWN LLP |
| Albert G. Lin (0076888) | 300 N. LaSalle, Suite 4400. |
| BAKER & HOSTETLER LLP | Chicago, IL 60654 |
| 200 Civic Center Drive, Suite 1200 | 312-558-5600 |
| Columbus, OH 43215 | Fax: 312-558-5700 |
| 614-228-1541 | dwebb@winston.com |
| Fax: 614-462-2616 | sgrimes@winston.com |
| alin@bakerlaw.com | m.durkin@winston.com |
| | |
| George A. Stamboulidis (admitted *pro hac vice*) | *Attorneys for Defendant Michael J. Dowling* |
| BAKER & HOSTETLER LLP | |
| 45 Rockefeller Plaza | |
| New York, NY 10111 | |
| 212-589-4211 | |
| Fax: 212-589-4201 | |
| gstamboulidis@bakerlaw.com | |
| | |
| William S. Scherman (admitted *pro hac vice*) | |
| VINSON & ELKINS LLP | |
| 2200 Pennsylvania Ave., NW, Suite 500 West | |
| Washington, DC 20037 | |
| 202-639-6500 | |
| Fax: 202-639-6604 | |
| wscherman@velaw.com | |
| | |
| *Attorneys for Defendant Charles E. Jones* | |

11

## INDEX OF DOCKET ITEMS CITED

Doc. 33...........September 28, 2020 Plaintiffs' Motion for Consolidation and Appointment as Lead Plaintiff

Doc. 65...........November 23, 2020 Order Granting Consolidation

Doc. 448.........April 21, 2023 Plaintiffs' Opposition to Defendants' Motion for Protective Order Regarding Depositions of Jones and Dowling

Doc. 461.........May 19, 2023 Order Denying Motion for Protective Order

Doc. 541.........September 12, 2023 Order Appointing Special Master

Doc. 576.........November 30, 2023 Order

Doc. 704.........October 17, 2024 Plaintiffs' Response to State of Ohio's Limited Motion to Intervene and Limited Motion to Stay

Doc. 748.........January 6, 2025 Plaintiffs Position Statement Regarding Depositions of Fanelli and Richlovsky

Doc. 749-2......October 31, 2024 Hearing Transcript

Doc. 784.........April 15, 2025 Order and Report and Recommendation by Special Master

Doc. 794.........May 1, 2025 Defendants Jones and Dowling's Objections to Order and Report and Recommendation by Special Master

Doc. 823.........July 15, 2025 Order Overruling Objections

Doc. 862.........October 6, 2025 Status Conference Transcript

Doc. 865.........October 9, 2025 Status Conference Transcript

Doc. 899.........January 7, 2025 Status Conference Transcript

Doc. 1002.......Plaintiffs Position Statement Regarding Case Schedule

Doc. 1004.......April 20, 2026 Status Conference Transcript

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2026, the foregoing was filed electronically.  Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Rachael L. Israel*
*Attorney for Defendant Charles E. Jones*