# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) |
| | Case No. 2:20-cv-03785-ALM-KAJ |
| | CLASS ACTION |
| This Document Relates To: | ) ) |
| ALL ACTIONS | ) ) ) ) ) | 

In re FIRSTENERGY CORP. SECURITIES LITIGATION        )    Case No. 2:20-cv-03785-ALM-KAJ
                                                     )
                                                     )    CLASS ACTION
                                                     )
This Document Relates To:                            )
                                                     )    Judge Algenon L. Marbley
ALL ACTIONS                                          )    Magistrate Judge Kimberly A. Jolson
                                                     )    Special Master Shawn K. Judge
                                                     )

MFS Series Trust I, et al.,                          )    Case No. 2:21-cv-05839-ALM-KAJ
                                                     )
            Plaintiffs,                              )
                                                     )
    vs.                                              )
                                                     )
FirstEnergy Corp., et al.,                           )
                                                     )
            Defendants.                              )
                                                     )

Brighthouse Funds Trust II – MFS Value Portfolio, et al.,   )    Case No. 2:22-cv-00865-ALM-KAJ
                                                     )
            Plaintiffs,                              )
                                                     )
    vs.                                              )
                                                     )
FirstEnergy Corp., et al.,                           )
                                                     )
            Defendants.                              )
                                                     )

**DEFENDANTS' POSITION STATEMENT
REGARDING PLAINTIFFS' REQUEST FOR A STAY AND SEPARATE TRIAL OF
THEIR CLAIMS AGAINST DEFENDANTS JONES AND DOWLING**

## PRELIMINARY STATEMENT

Plaintiffs complain about the time that this complex securities case has taken, as if Defendants should either pay an unwarranted settlement or waive their constitutional, statutory, and procedural rights by agreeing to a premature trial date or to the severance of two of the most important Defendants—Charles Jones, FirstEnergy's former CEO, and Michael Dowling, the Company's former Senior Vice President for External Affairs.  FirstEnergy has every right to defend itself in this action, and Jones and Dowling have every right to defend themselves in this action and in their criminal case.  That is our system, and shortcuts will only lead to error and ultimately more delay.

In complaining about supposed "delay," Plaintiffs ignore that their own strategic decisions have slowed this action substantially.  In their Complaint, at the motion to dismiss stage, and at class certification, Plaintiffs elected to pursue their legally flawed "omissions" theory, instead of pressing forward with claims based on Defendants' alleged misstatements.  In their rush to obtain massive but unwarranted damages, they have added still more complexity by asking the District Court to certify claims spanning a three-and-one-half-year class period and based on evolving alleged misconduct.  Even after the Sixth Circuit reversed class certification, rejected Plaintiffs' *Affiliated Ute* theory of reliance and remanded for the District Court to conduct the required "rigorous analysis" to determine whether Plaintiffs had proposed a methodology that satisfied *Comcast Corp.* v. *Behrend*, 569 U.S. 27 (2013), Plaintiffs elected to rest on their expert's promise of some future methodology, instead of presenting a methodology capable of measuring classwide damages consistent with Plaintiffs' theory of liability, as required by both *Comcast* and the Sixth Circuit's decision in *Speerly* v. *General Motors, LLC*, 143 F.4th 306 (6th Cir. 2025).

In their April 16 position statements, Plaintiffs ask for (i) a trial date in September 2027; (ii) a "separate trial" of their claims in this action against Defendants Jones and Dowling under Federal Rule of Civil Procedure 42(b); and (iii) a "stay" of their claims against Jones and Dowling. (Direct Action Pls.' Postn. Stmt., ECF No. 1001 at PageID 25575; *see* Pls.' Postn. Stmt., ECF No. 1002 at PageID 25579 n.3.) But more than a year ago, the Special Master, Plaintiffs, and Defendants all recognized the obstacles to a separate trial for just two Defendants. When the Special Master *sua sponte* raised whether claims against Jones and Dowling should be "sever[ed]" from this action (Jan. 9, 2025 Conf. Tr., ECF No. 802 at PageID 18559, 8:24-9:12), Plaintiffs correctly recognized that the PSLRA's "apportionment of liability" provisions meant that "it's not quite as simple as just say[ing] good-bye to" Jones and Dowling. (*Id.* at PageID 18560, 10:21–24.) And Plaintiffs later *agreed* with FirstEnergy that "there are Seventh Amendment issues" that would be implicated if one jury tried claims against FirstEnergy and other Defendants, and then a second jury tried the very same claims against Jones and Dowling. (Jan. 16, 2025 Conf. Tr., ECF No. 900 at PageID 23356, 12:4.) As Plaintiffs then acknowledged, "*the surest way to fix those issues is to have the same jury decide everything*." (*Id*. at PageID 23356, 12:22–24 (emphasis added).) Plaintiffs also considered the Special Master's proposal a "non starter" because of the "months" that the parties would likely spend litigating it, including whether separate trials were permitted under the Seventh Amendment and PSLRA. (*Id.* at PageID 23353, 9:1–12.) After hearing from the parties, the Special Master expressed "big concerns" about the "implications" of separately trying claims against Jones and Dowling. (*Id.* at PageID 23374, 30:2–4.) As the Special Master explained, "there's always the Seventh Amendment issue," and "I just don't know how you get around some of that." (*Id.* at PageID 23374, 30:9–12.)

Nothing has changed since January 2025, and separate trials of, and staying the claims against, Jones and Dowling would still be barred by the Seventh Amendment's Reexamination Clause and Rule 42(b).

*First*, holding a separate trial of Jones and Dowling after a trial against the other Defendants would violate the Seventh Amendment's requirement that "no fact tried by a jury" may be "re-examined in any Court of the United States." Here, a jury would have to make the same findings concerning the same facts in both trials. The problem is exacerbated by the Private Securities Litigation Reform Act ("PSLRA"), which mandates that a jury make specific factual findings (i) determining whether a defendant, or *any other person* who allegedly "caused or contributed" to the claimed loss, knowingly violated the securities laws, and (ii) apportioning their respective "percentage of responsibility." 15 U.S.C. § 78u-4(f)(3)(A). If there were a trial of Defendants other than Jones and Dowling, the jury would still need to make findings about Jones's and Dowling's respective responsibility because they are persons who allegedly "caused or contributed" to Plaintiffs' claimed losses. At a later trial of only Jones and Dowling, a separate jury would necessarily have to revisit those findings. This is exactly what the Reexamination Clause "forbids": "review by a second fact-finder, whether a judge or another jury, of facts already determined by a jury." *Johnson* v. *Nextel Commc'ns Inc.*, 780 F.3d 128, 150 n.27 (2d Cir. 2015) (citing *Matter of Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995)).

*Second*, Rule 42(b), by its plain terms, allows a court only to "order a separate trial of one or more **separate** *issues, claims*, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b) (emphasis added). The threshold Rule 42(b) inquiry is therefore "whether the bifurcated issues [are] indeed separate." *HRT Enters.* v. *City of Detroit*, 163 F.4th 319, 333 (6th Cir. 2025). Here, the legal and factual issues are the same. Plaintiffs assert their claims against Jones and

Dowling under the same Counts of their Complaint as against other Defendants and based on the same factual allegations. Indeed, Plaintiffs allege that Jones personally made many of the challenged statements and that Dowling was "instrumental" to the so-called "Bailout Scheme." (Compl., ECF No. 72 at PageID 1623–24, ¶ 220–22.) There are no separable claims against Jones and Dowling in this action. A separate trial would therefore not afford any efficiencies. Discovery, motions, trial, and appeals would all proceed seriatim, needlessly complicating and extending this action.

*Third*, Plaintiffs cannot satisfy their burden to justify staying this action as to Jones and Dowling. Because all Defendants must be tried together, staying claims as to Jones and Dowling would serve only to pointlessly delay any future trial. In fact, a stay as to Jones and Dowling would impose unnecessary burdens on the Court and Defendants, including because the non-Jones and Dowling Defendants would participate in pre-trial proceedings and then, once again, need to participate in a second round of pre-trial proceedings after the stay is lifted, including during any further development of the discovery record by Jones and Dowling.

In short, nothing has changed in the fifteen months since the Special Master last considered this issue. The PSLRA still requires a jury to answer interrogatories as to all Defendants and all other persons who may have "contributed" to the claimed loss. 15 U.S.C. § 78u-4(f)(3)(A). The Seventh Amendment's Reexamination Clause still prohibits a second jury from reexamining the findings of a prior jury. Plaintiffs still cannot meet the Rule 42(b) standards for a separate trial because their claims against Jones and Dowling are not separable. And staying proceedings as to Jones and Dowling would needlessly delay this action for no benefit. For all those reasons, Plaintiffs' request to stay their claims against, and for a separate trial of, Defendants Jones and Dowling must be denied.

## I.    PLAINTIFFS' PROPOSAL TO TRY DIFFERENT DEFENDANTS IN SEPARATE TRIALS CONTRAVENES THE SEVENTH AMENDMENT.

Under the Seventh Amendment, "no fact tried by a jury" may be "re-examined in any Court of the United States." U.S. Const. amend. VII. Plaintiffs' demand to hold a separate trial in this action for Defendants Jones and Dowling would violate that constitutional requirement. After a jury makes findings in a trial against FirstEnergy and other Defendants, a separate jury would have to re-examine the same issues and make its own findings in a trial against *only* Jones and Dowling.

The Seventh Amendment issue is squarely presented here because of the PSLRA's provisions mandating specific jury findings. Specifically, the PSLRA requires that a jury answer interrogatories for each Defendant *and* for "each of the other persons claimed by any of the parties to have caused or contributed to the loss incurred by the plaintiff" finding (i) "whether such person violated the securities laws"; (ii) if so, each person's "percentage of responsibility" for the claimed losses; and (iii) whether that person's violation was "knowing[]." 15 U.S.C. § 78u–4(f)(3)(A). In "determining the percentage of responsibility" for Defendants, the jury is required to consider (i) "the nature of the conduct of each" Defendant, and (ii) "the nature and extent of the causal relationship" between each Defendant's "conduct" and the "damages incurred by" plaintiffs. *Id.* § 78u–4(f)(3)(C).[1]

Here, if Jones and Dowling are not present as defendants at a trial in this action, the remaining Defendants would insist that the PSLRA-mandated jury interrogatories include Jones and Dowling as persons who allegedly "caused or contributed" to Plaintiffs' claimed loss—not least because their involvement in FirstEnergy's conduct, including its disclosures to investors, is central to Plaintiffs' claims. *Id.* If Jones and Dowling were then separately tried on the same

---

[1]    For the Special Master's convenience, the full text of the PSLRA's proportionate liability provisions is reproduced in Appendix A.

claims, the second jury would be tasked with re-examining the same findings for Jones and Dowling, as well as for any other Defendants from the first trial whom Jones or Dowling claims "contributed" to Plaintiffs' loss.

This is exactly what the Seventh Amendment prohibits. The Reexamination Clause bars "review by a second fact-finder . . . of facts already determined by a jury." *Johnson*, 780 F.3d at 150 n.27 (2d Cir. 2015); *see Rhone-Poulenc*, 51 F.3d at 1303 (explaining that the Seventh Amendment requires that "juriable issues [be] determined by the first jury impaneled to hear them . . . and not reexamined by another finder of fact"). This prohibition extends not just to the "explicit findings of fact" made in the jury's interrogatory responses, but also to any "findings that are necessarily implicit in the jury's verdict." *Timken Co.* v. *Robert Bosch, LLC*, 2009 WL 2167916, at *1 (N.D. Ohio July 21, 2009).

*Rhone-Poulenc* is instructive. There, the district court certified under Rule 23(c)(4) the "issue" of whether defendants acted negligently, to be determined by a "special verdict" at a first trial. 51 F.3d at 1297. Individual class members could then rely on the special verdict in numerous separate trials of their claims. *Id*. The Seventh Circuit granted mandamus, decertified the claims, and held that the district court's order violated the Reexamination Clause because multiple juries would have to decide issues that "overlap[ped] the issue of the defendants' negligence," such as the "comparative negligence" of the individual class members and "proximate causation." *Id*. at 1303–04. The Seventh Circuit explained that, when ordering "separate trials" under Rule 42(b), "the district judge must carve at the joint." *Id*. at 1302. Specifically, to comport with the Seventh Amendment, "the judge must not divide issues between separate trials in such a way that the same issue is reexamined by different juries." *Id*. at 1303. The Sixth Circuit has adopted the reasoning of *Rhone-Poulenc*, and numerous Circuit Courts of Appeals have reached the same conclusion.

*See Olden* v. *LaFarge Corp.*, 383 F.3d 495, 509 n.6 (6th Cir. 2004) (affirming bifurcation of liability and damages, and ruling that a district court must not "'divide issues between separate trials in such a way that the same issue is . . . reexamined by different juries'" (quoting *Rhone-Poulenc*, 51 F.3d at 1303)).[2]

Here, Jones and Dowling do not face separable claims or issues from the other Defendants. Plaintiffs' Complaint contains five Counts—Jones is a Defendant in all five (claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, and §§ 11, 12(a)(2) and 15 of the Securities Act of 1933), and Dowling is a Defendant in one (claim under § 20(a) of the Exchange Act). As demonstrated in Appendix B, each Count asserted against Jones and Dowling is brought against some or all other Defendants. All claims are based on the same theory of alleged misstatements to FirstEnergy investors, and, in fact, each Count against each Defendant rests on the very same factual allegations. (*See* Compl. ¶¶ 268, 272, 302, 310, 318 (Counts incorporating Complaint allegations).)

Jones and Dowling will be central to any trial of Plaintiffs' claims against the remaining Defendants, including FirstEnergy. As FirstEnergy's former CEO, Jones is referenced approximately 100 times in the Complaint, and Plaintiffs claim that he personally made many of the alleged misstatements. As FirstEnergy's former Senior Vice President of External Affairs, Dowling is also repeatedly named in the Complaint and is alleged to have been "an instrumental

---

[2]     *See Blyden* v. *Mancusi*, 186 F.3d 252, 268–69 (2d Cir. 1999) ("[A] given issue may not be tried by different, successive juries."); *In re Paoli R.R. Yard PCB Litig.*, 113 F.3d 444, 452 n.5 (3d Cir. 1997) ("The Seventh Amendment requires that, when a court bifurcates a case, it must 'divide issues between separate trials in such a way that the same issue is not reexamined by different juries.'" (quoting *Rhone-Poulenc*, 51 F.3d at 1303)); *Castano* v. *Am. Tobacco Co.*, 84 F.3d 734, 750 (5th Cir. 1996) ("The Seventh Amendment entitles parties to have fact issues decided by one jury, and prohibits a second jury from reexamining those facts and issues."); *In re Innotron Diagnostics*, 800 F.2d 1077, 1086 (Fed. Cir. 1986) (explaining that the Seventh Amendment prohibits "having two juries *decide* the same *essential issues*" (emphasis in original)).

participant in the Bailout Scheme." (Compl. ¶ 222.) A trial of claims against all Defendants other than Jones and Dowling will necessarily require jury findings on issues concerning Jones and Dowling. And then a separate jury would have to reexamine those issues at a subsequent trial of Jones and Dowling.

In *Crown Cork & Seal Co. Master Retirement Trust* v. *Credit Suisse First Boston Corp.*, the court denied a separate trial of claims under a logic that applies here. 288 F.R.D. 331 (S.D.N.Y. 2013). One defendant, Credit Suisse, requested to "sever the claims against" a co-defendant. *Id.* at 332.[3] The court held that "questions of fact and law presented by" the claims against Credit Suisse and its co-defendant "overlap[ped]." *Id.* at 333. The court also noted that the jury would be required to "apportion fault among alleged joint tortfeasors." *Id*. at 334. The court thus denied severance because "[t]he same jury should determine the issues of Credit Suisse's liability, [the co-defendant's] liability, and, if either is found liable, the apportioned share of responsibility of each liable defendant and of the settling defendants." *Id.* at 334–35.[4]

---

[3]     Though the court analyzed Credit Suisse's request under Rule 21, the court made clear that Credit Suisse had raised Rule 42(b) in "its filings" and that it considered the standards under Rule 21 to be "substantially the same" as under Rule 42(b). *Id.* at 335 n.1.

[4]     Courts have held securities fraud class-action trials against a single defendant where claims against other defendants were resolved through settlement, such that the trial presented no risk of reexamining jury findings. For example, in *In re Homestore.com, Inc. Securities Litigation*, the company's former CEO was the sole trial defendant after other defendants settled. *See* Joint Final Pretrial Conf. Order at PageID 5869, No. 01-cv-11115 (C.D. Cal. Jan. 20, 2011), ECF No. 1260. The verdict form asked the jury to determine the relative fault of defendant and eight other persons or entities, as well as a catchall category of "Other Homestore Persons." Verdict Form, *Homestore.com*, No. 01-cv-11115 (C.D. Cal. Feb. 24, 2011), ECF No. 1423 at 13. Similarly, in *In re Longtop Financial Technologies Limited Securities Litigation*, the former CFO was the only defendant, after default judgment was entered against the company and its former CEO. *See* Order, No. 11-cv-03658 (S.D.N.Y. Nov. 14, 2013), ECF No. 164. The jury was charged with "determin[ing] what percentage of responsibility" to assign to the company, its CEO, and the defendant. Verdict Form at 17, No. 11-cv-03658 (S.D.N.Y. Jan. 28, 2015), ECF No. 272-1.

The reasons against separate trials here are even more compelling because of the extensive overlap in the legal and factual issues in the claims against all Defendants, as well as the PSLRA's requirement that the jury must also apportion fault among all Defendants and any other person alleged to have contributed to the claimed loss.  Indeed, Plaintiffs do not even attempt to explain what would happen if a first jury were to find that Defendants or "other persons" "violated the securities laws" and apportioned fault among them, but a second jury then found no violation by some or all of those same persons or apportioned responsibility differently.  The inevitable outcome would be two competing and contradictory verdicts in the same action.

Plaintiffs have no answer to any of this, and simply ignore their own concession last year that "*the surest way to fix [the Seventh Amendment] issues is to have the same jury decide everything.*"  (Jan. 16, 2025 Conf. Tr. at PageID 23356, 12:22–24 (emphasis added).)  At that time, the Special Master rightly did not see any way to "get around" the "Seventh Amendment issue." (*Id.* at PageID 23374, 30:2–12.)  Nothing has changed.  Now, just as then, the same claims in the same action resting on the same allegations against different Defendants cannot be divided into separate, successive trials.

## II. PLAINTIFFS CANNOT MEET THE RULE 42(b) STANDARDS FOR A SEPARATE TRIAL.

Both the plain text of Rule 42(b) and Sixth Circuit law bar a "separate trial" of Jones and Dowling in this action.

Rule 42(b) permits a court, "[f]or convenience, to avoid prejudice, or to expedite and economize," to order "a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  Fed. R. Civ. P. 42(b); *see Ross* v. *Bernhard*, 396 U.S. 531, 540 (1970) (under Rule 42(b), "*[s]eparable claims* may be tried separately" (emphasis added)). Accordingly, in the Sixth Circuit, the threshold inquiry in reviewing an order under Rule 42(b) is

"whether the bifurcated issues were indeed separate." *HRT Enters.*, 163 F.4th at 333; *see In re Bendectin Litig.*, 857 F.2d 290, 308 (6th Cir. 1988) (Rule 42(b) "'may not properly be resorted to unless it clearly appears that the issue . . . is so distinct and separable from the others that a trial of it alone may be had without injustice.'") This separate-claims requirement is necessary to comport with the Seventh Amendment, and Rule 42(b) cannot be construed otherwise because procedural rules must be "not inconsistent with the statutes or constitution of the United States." *Mistretta* v. *United States*, 488 U.S. 361, 387 (1989). Plaintiffs thus fail at the first step because they do not seek a separate trial of "separate" issues or claims. To the contrary, Plaintiffs seek a separate trial of the *same* issues and claims brought against multiple Defendants. On its face, Rule 42(b) does not permit the relief that Plaintiffs seek.

In their Position Statement, Direct Action Plaintiffs cited to *Saxion* v. *Titan-C-Manufacturing, Inc.*, to argue that "[o]nly one of [the Rule 42(b)] criteria"—*i.e.*, "[f]or convenience, to avoid prejudice, or to expedite and economize"—needs to be met for the court to order "bifurcation." (Direct Action Pls.' Postn. Stmt. at PageID 25575 (citing 86 F.3d 553, 556 (6th Cir. 1996) (first two alterations in original).) But that puts the cart before the horse—a district court only reaches those criteria where, unlike here, the party seeking a separate trial satisfies the *separate-claims* requirement. In any event, none of the criteria is met here. A separate trial of Jones and Dowling, coupled with the stay against them that Plaintiffs seek, would not be "convenient," nor would it "expedite" anything. Because all Defendants must be tried together, a separate trial would lead to seriatim discovery, motions, and trials, introduce needless complexity and duplication, and pointlessly delay resolution of this action. Courts routinely deny Rule 42(b) requests where, as here, the result would not be judicial economy, but duplicative discovery and

-10-

motion practice.[5] And severance requests are rejected even where the claims are separable, but rest on overlapping evidence.[6] In short, Rule 42(b) requires denial of Plaintiffs' request.

## III.    PLAINTIFFS CANNOT SATISFY THEIR BURDEN TO OBTAIN A STAY.

Because, as shown above, Plaintiffs' claims against Defendants are not "separate" and must be tried together, Plaintiffs' request to stay their claims against Jones and Dowling would only cause unwarranted delay and should be denied.

To stay their claims, Plaintiffs must "establish[] the 'pressing need for delay" and 'that neither the other party nor the public will suffer harm from entry of the order.'" *Edelstein* v. *Stephens*, 2021 WL 4946685, at *1 (S.D. Ohio Feb. 22, 2021) (quoting *Ohio Env't Council* v. *U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)). "In deciding whether to grant a stay, courts commonly consider factors such as: (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court." *Kirby Devs., LLC* v. *XPO Glob. Forwarding, Inc.*, 2018 WL 6075071, at *2 (S.D. Ohio Nov. 20, 2018).

Plaintiffs cannot meet their burden. First, there is no "need," pressing or otherwise, for a stay. To the contrary, the Seventh Amendment requires that this action, including the findings

---

[5]    *See Humenuik* v. *T-Mobile USA, Inc.*, 2015 WL 3397861, at *1 (N.D. Ohio May 26, 2015) (denying Rule 42(b) request requiring "two rounds of dispositive briefing, two parallel tracks of discovery, and potentially two trials"); *Stumph* v. *Spring View Physician Pracs.*, 2019 WL 6312566, at *3 (W.D. Ky. Nov. 25, 2019) (separate trials "would not promote judicial economy" and "risks unnecessary repetition through the discovery process").

[6]    *Shah* v. *Metro. Life Ins. Co.*, 2017 WL 3288185, at *2 (S.D. Ohio Aug. 2, 2017) (separate trials "inconvenient and inefficient" where "evidence presented will be relevant to all" claims); *Prof'ls Direct Ins. Co.* v. *Wiles, Boyle, Burkholder & Bringardner Co., LPA*, 2008 WL 4758679, at *3 (S.D. Ohio Oct. 27, 2008) (where claims raised "'similar factual issues,'" "'judicial economy will be served by the resolution of the entire controversy in one forum'" (quoting *Taylor Novelty, Inc.* v. *City of Taylor*, 816 F.2d 682 (6th Cir. 1987))).

-11-

required under the PSLRA, be decided in a single trial. A stay would thus make the case inefficient and more protracted because all pre-trial proceedings would need to occur twice—once as to all Defendants but Jones and Dowling, and then again as to Jones and Dowling—before that single trial could occur. Second, at this stage of litigation, Plaintiffs still do not have certified Exchange Act claims, so there is no point in staying those claims against Jones and Dowling until there is clarity as to whether those claims will proceed on a class basis at all. Third, Defendants would be prejudiced by a stay. For example, the non-Jones and Dowling Defendants should not have to proceed through the remainder of discovery twice before a trial. Further, those Defendants would need to participate in the second stage of discovery applicable to Jones and Dowling, including so that they could conduct their own examinations in response to any deposition testimony. Fourth, a stay will not simplify the issues because it will lead to piecemeal and duplicative discovery and motion practice. Fifth, the burden of litigation would be significantly increased for the Court and parties in light of the seriatim and extended proceedings that a stay would cause.

## CONCLUSION

For the foregoing reasons, the undersigned Defendants respectfully request that the Special Master recommend that the Court deny the Lead Plaintiffs' and Direct Plaintiffs' request to stay and to separately try the claims against Defendants Jones and Dowling in this action.[7]

---

[7] The Undersigned Defendants understand that, as required by the Appointment Order (ECF No. 541 at PageID 11685), any decision by the Special Master on this issue will be a report and recommendation ("R&R"), which would not be enforceable unless and until the Court were to adopt the R&R. To the extent the Special Master issues an order, the Undersigned Defendants request that it be stayed until any objections are resolved by the Court.

Dated:  April 27, 2026

/s/ Geoffrey J. Ritts (with permission)
Geoffrey J. Ritts (0062603)
Robert S. Faxon (0059678)
Corey A. Lee (0099866)
Adrienne F. Mueller (0076332)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
gjritts@jonesday.com
rfaxon@jonesday.com
calee@jonesday.com
afmueller@jonesday.com

Marjorie P. Duffy (0083452)
M. Ryan Harmanis (0093642)
Shalini B. Goyal (0093642)
Elizabeth A. Benshoff (0098080)
JONES DAY
325 John H. McConnell Boulevard,
Suite 600
Columbus, Ohio  43215
Telephone:  (614) 469-3939
mpduffy@jonesday.com
rharmanis@jonesday.com
sgoyal@jonesday.com
ebenshoff@jonesday.com

Jordan M. Walsh (*pro hac vice*)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, Pennsylvania  15219
Telephone:  (412) 391-3939
jmwalsh@jonesday.com

*Counsel for Defendants Steven E. Strah, K.*
*Jon Taylor, Jason J. Lisowski, George M.*
*Smart, Paul T. Addison, Michael J. Anderson,*
*Steven J. Demetriou, Julia L. Johnson,*
*Donald T. Misheff, Thomas N. Mitchell,*
*James F. O'Neil III, Christopher D. Pappas,*
*Sandra Pianalto, Luis A. Reyes, Jerry Sue*
*Thornton, and Leslie M. Turner*

Respectfully submitted,

/s/ Paul J. Schumacher
Paul J. Schumacher, Trial Attorney (0014370)
DICKIE, MCCAMEY & CHILCOTE, P.C.
600 Superior Avenue East
Fifth Third Center, Suite 2330
Cleveland, Ohio  44114
Telephone:  (216) 685-1827
pschumacher@dmclaw.com

Richard J. Silk, Jr. (0074111)
DICKIE, MCCAMEY & CHILCOTE, P.C.
10 W. Broad Street, Suite 1950
Columbus, Ohio  43215
Telephone:  (614) 258-6000
rsilk@dmclaw.com

Robert J. Giuffra, Jr. (*pro hac vice*)
Sharon L. Nelles (*pro hac vice*)
David M.J. Rein (*pro hac vice*)
Beth D. Newton (*pro hac vice*)
Nicholas F. Menillo (*pro hac vice*)
Hilary M. Williams (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000

Kamil R. Shields (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C.  20006
Telephone:  (202) 956-7040

*Counsel for Defendant FirstEnergy Corp.*

/s/ Laura H. McNally (with permission)
Douglas M. Mansfield (0063443)
LAPE MANSFIELD NAKASIAN & GIBSON, LLC
9980 Brewster Lane, Suite 150
Powell, Ohio  43065
Telephone:  (614) 763-2316
dmansfield@lmng-law.com

-13-

*/s/ John C. Fairweather (with permission)*
John C. Fairweather (0018216)
ROETZEL & ANDRESS, LPA
222 South Main Street, Suite 400
Akron, Ohio 44308
Telephone: (330) 376-2700
jfairweather@ralaw.com

David Sporar (0086640)
ROETZEL & ANDRESS, LPA
600 Superior Avenue East, Suite 1600
Cleveland, Ohio 44114
Telephone: (216) 623-0150
dsporar@ralaw.com

Stephen S. Scholes (*pro hac vice*)
Paul M.G. Helms (*pro hac vice*)
Emilie E. O'Toole (*pro hac vice*)
MCDERMOTT WILL & SCHULTE LLP
444 West Lake Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
sscholes@mwe.com
phelms@mwe.com
eotoole@mwe.com

*Counsel for Defendant Robert P. Reffner*

*/s/ David S. Bloomfield, Jr. (with permission)*
David S. Bloomfield, Jr. (0068158)
Hele M. Fite (0102212)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, Ohio 43215
Telephone: (614) 227-2000
dbloomfield@porterwright.com
hfite@porterwright.com

Brian S. Weinstein (*pro hac vice*)
Eric M. Kim (*pro hac vice*)
Joshua N. Shinbrot (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
brian.weinstein@davispolk.com

Michael L. Kichline (*pro hac vice*)
Eric W. Sitarchuk (*pro hac vice*)
Laura H. McNally (*pro hac vice*)
Karen Pieslak Pohlmann (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 963-5000
michael.kichline@morganlewis.com
laura.mcnally@morganlewis.com
karen.pohlmann@morganlewis.com

*Counsel for Defendant Dennis M. Chack*

*/s/ Derek P. Hartman (with permission)*
Derek P. Hartman (0087869)
CAVITCH FAMILO & DURKIN CO., L.P.A
1300 East Ninth Street, 20th Floor
Cleveland, Ohio 44114
Telephone: (216) 621-7860
dhartman@cavitch.com

David L. Axelrod (*pro hac vice*)
M. Norman Goldberger (*pro hac vice*)
Laura E. Krabill (*pro hac vice*)
Hannah L. Welsh (*pro hac vice*)
Erin K. Fountaine (*pro hac vice*)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 665-8500
axelrodd@ballardspahr.com
goldbergerm@ballardspahr.com
krabilll@ballardspahr.com
welshh@ballardspahr.com
fountainee@ballardspahr.com

*Counsel for Defendant James F. Pearson*

-14-

-15-

eric.kim@davispolk.com
joshua.shinbrot@davispolk.com

*Counsel for Defendants Barclays Capital Inc.,
BofA Securities, Inc., Citigroup Global
Markets Inc., J.P. Morgan Securities LLC,
Morgan Stanley & Co. LLC, Mizuho
Securities USA LLC, PNC Capital Markets
LLC, RBC Capital Markets, LLC, Santander
Investment Securities Inc., Scotia Capital
(USA) Inc., SMBC Nikko Securities America,
Inc., CIBC World Markets Corp., KeyBanc
Capital Markets Inc., TD Securities (USA)
LLC, U.S. Bancorp Investments, Inc., and
MUFG Securities Americas Inc.*

# APPENDIX A

## 15 U.S.C. § 78u-4.  Private securities litigation [Excerpted]

### (f) Proportionate liability

#### (1) Applicability

Nothing in this subsection shall be construed to create, affect, or in any manner modify, the standard for liability associated with any action arising under the securities laws.

#### (2) Liability for damages

##### (A) Joint and several liability

Any covered person against whom a final judgment is entered in a private action shall be liable for damages jointly and severally only if the trier of fact specifically determines that such covered person knowingly committed a violation of the securities laws.

##### (B) Proportionate liability

###### (i) In general

Except as provided in subparagraph (A), a covered person against whom a final judgment is entered in a private action shall be liable solely for the portion of the judgment that corresponds to the percentage of responsibility of that covered person, as determined under paragraph (3).

###### (ii) Recovery by and costs of covered person

In any case in which a contractual relationship permits, a covered person that prevails in any private action may recover the attorney's fees and costs of that covered person in connection with the action.

#### (3) Determination of responsibility

##### (A) In general

In any private action, the court shall instruct the jury to answer special interrogatories, or if there is no jury, shall make findings, with respect to each covered person and each of the other persons claimed by any of the parties to have caused or contributed to the loss incurred by the plaintiff, including persons who have entered into settlements with the plaintiff or plaintiffs, concerning--

(i) whether such person violated the securities laws;

(ii) the percentage of responsibility of such person, measured as a percentage of the total fault of all persons who caused or contributed to the loss incurred by the plaintiff; and

(iii) whether such person knowingly committed a violation of the securities laws.

**(B) Contents of special interrogatories or findings**

The responses to interrogatories, or findings, as appropriate, under subparagraph (A) shall specify the total amount of damages that the plaintiff is entitled to recover and the percentage of responsibility of each covered person found to have caused or contributed to the loss incurred by the plaintiff or plaintiffs.

**(C) Factors for consideration**

In determining the percentage of responsibility under this paragraph, the trier of fact shall consider--

(i) the nature of the conduct of each covered person found to have caused or contributed to the loss incurred by the plaintiff or plaintiffs; and

(ii) the nature and extent of the causal relationship between the conduct of each such person and the damages incurred by the plaintiff or plaintiffs.

# APPENDIX B

## Plaintiffs' Claims Against Defendants in Consolidated Complaint[8]

| Defendant | Count I: Exchange Act § 10(b) | Count II: Exchange Act § 20(a) | Count III: Securities Act § 11 | Count IV: Securities Act § 12(a)(2) | Count V: Securities Act § 15 |
|---|---|---|---|---|---|
| FirstEnergy | Yes | Yes | Yes | Yes | Yes |
| Jones | Yes | Yes | Yes | Yes | Yes |
| Dowling | No | Yes | No | No | No |
| Pearson | Yes | Yes | No | No | No |
| Strah | Yes | Yes | Yes | Yes | Yes |
| Taylor | Yes | Yes | No | No | No |
| Judge | Yes | Yes | No | No | No |
| Schneider | Yes | Yes | No | No | No |
| Chack | No | Yes | No | No | No |
| Reffner | No | Yes | No | No | No |
| Vespoli | No | Yes | No | No | No |
| Lisowski | No | No | Yes | Yes | Yes |
| Outside Directors[9] | No | No | Yes | No | Yes |
| Underwriter Defendants[10] | No | No | Yes | Yes | No |

---

[8]     The Court dismissed all claims against Ty Pine, Count IV against the Outside Director Defendants, and Count I against Defendants Dennis Chack, Michael Dowling, Robert Reffner, and Leila Vespoli.  (*See* Opinion & Order, ECF No. 219; Supplemental Opinion & Order, ECF No. 446.)

[9]     "Outside Director" Defendants refers to George Smart, Paul Addison, Michael Anderson, Steven Demetriou, Julia Johnson, Donald Misheff, Thomas Mitchell, James O'Neil III, Christopher Pappas, Sandra Pianalto, Luis Reyes, Jerry Sue Thornton, and Leslie Turner.

[10]     "Underwriter Defendants" refers to Barclays Capital Inc.; BofA Securities, Inc.; CIBC World Markets Corp; Citigroup Global Markets Inc.; J.P. Morgan Securities LLC; KeyBanc Capital Markets Inc.; Mizuho Securities USA LLC; Morgan Stanley & Co. LLC; MUFG Securities Americas Inc.; PNC Capital Markets LLC; RBC Capital Markets, LLC; Santander Investment Securities Inc.; Scotia Capital (USA) Inc.; SMBC Nikko Securities America, Inc.; TD Securities (USA) LLC; and U.S. Bancorp Investments, Inc.

**DECLARATION OF SERVICE**

I certify that the foregoing was filed electronically on April 27, 2026.  Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


*/s/ Paul J. Schumacher*
Paul J. Schumacher (0014370)

*Counsel for Defendant FirstEnergy Corp.*