UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) | No. 2:20-cv-03785-ALM-KAJ |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) ) | Judge Algenon L. Marbley |
| ALL ACTIONS. | ) ) ) | Magistrate Judge Kimberly A. Jolson |

## PLAINTIFFS' REPLY REGARDING STAYING THIS CASE AS TO DEFENDANTS CHARLES JONES AND MICHAEL DOWLING

MURRAY MURPHY MOUL
 + BASIL LLP
JOSEPH F. MURRAY (0063373)
1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com



Liaison Counsel

ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com

Class Counsel

4912-3910-0838.v1

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.    RELEVANT LEGAL STANDARD.......................................................................2

      A.    Power to Partially Stay Proceedings........................................................2

      B.    Seventh Amendment.................................................................................2

      C.    Separate Verdict as to Each Defendant....................................................3

      D.    Judgments Under the Private Securities Litigation Reform Act ("PSLRA")..........3

III.    ARGUMENT.........................................................................................................4

      A.    Staying Discovery as to J-D Would Yield Tremendous Benefits with Little
to No Detriments......................................................................................4

            1.    J-D's Opposition Confirms the Appropriateness of a Stay..........5

                  a.    Partial Stays as to Less than All Defendants Are Well
Within the Court's Discretion............................................5

                  b.    J-D's Gamesmanship Continues .......................................7

      B.    FirstEnergy's Argument is Baseless .....................................................10

IV.    CONCLUSION....................................................................................................12

4912-3910-0838.v1

## TABLE OF AUTHORITIES

**Page**

CASES

*B.L. v. Schuhmann*,
2019 WL 177940 (W.D. Ky. Jan. 11, 2019) ...................................................................2, 5, 6

*Boerste v. Ellis, LLC*,
2017 WL 6377976 (W.D. Ky. Dec. 13, 2017) ...............................................................2, 5, 6

*Cranel, Inc. v. Pro Image Consultants Grp., LLC*,
2013 WL 6440197 (S.D. Ohio Dec. 9, 2013) ........................................................................2

*Cremeans v. Taczak*,
2025 WL 2772454 (S.D. Ohio Sep. 26, 2025).......................................................................3

*F.T.C. v. E.M.A. Nationwide, Inc.*,
767 F.3d 611 (6th Cir. 2014) ................................................................................................2

*Hetrick Cos. LLC v. IINK Corp.*,
710 F. Supp. 3d 467 (E.D. Va. 2024) ...................................................................................2

*Householder v. United States*,
2026 WL 1127200 (U.S. Apr. 27, 2026) ...............................................................................1

*Houseman v. U.S. Aviation Underwriters*,
171 F.3d 1117 (7th Cir. 1999) ..............................................................................................3

*In re Beverly Hills Fire Litig.*,
695 F.2d 207 (6th Cir. 1982) ..............................................................................................10

*In re Flint Water Cases*,
960 F.3d 820 (6th Cir. 2020) ............................................................................................5, 6

*Martin v. Behr Dayton Thermal Prods. LLC*,
896 F.3d 405 (6th Cir. 2018) ..............................................................................................11

*United States v. Hills*,
2016 WL 6893272 (N.D. Ohio Nov. 23, 2016) .....................................................................5

STATUTES, RULES, AND REGULATIONS

15 U.S.C.
§78u-4(f) ..........................................................................................................................4, 11
§78u-4(f)(2)(B)(i) ..................................................................................................................3
§78u-4(f)(3)(A)(ii) ...........................................................................................................4, 11
§78u-4(f)(3)(A)......................................................................................................................4

4912-3910-0838.v1

**Page**

Federal Rules of Civil Procedure
    Rule 1 .............................................................................................................12
    Rule 26(e)......................................................................................................7, 8
    Rule 42(b) ...........................................................................................10, 11, 12

## OTHER AUTHORITIES

U.S. Const. amend.
    §VII ..................................................................................................................2

4912-3910-0838.v1

## I.    INTRODUCTION

> Insanity is doing the same thing over and over while expecting different results.
>
> *--Unknown author (but apparently not Einstein)*

On Monday, April 27, 2026, the Supreme Court denied Larry Householder's Petition for *Certiorari*, confirming his 20-year sentence for the conspiracy defendant FirstEnergy Corp. ("FE") has confessed to executing with defendants Charles Jones and Michael Dowling ("J-D").[1]  In fact, these three co-conspirators engaged in far greater criminal conduct than Householder because their corruption of Samuel Randazzo – a public official as a member of the Public Utilities Commission of Ohio ("PUCO") Nominating Council and eventual PUCO Chairman – began years before they started bribing Householder.  J-D face a similar fate as Householder with two pending criminal indictments against them.  The evidence of their misconduct – both civil and criminal – is overwhelming and Plaintiffs would like nothing more than the prompt opportunity to try their case against these three co-conspirators together.

But J-D are already seeking to again delay this case due to their next criminal trial, and have refused to agree to a joint trial with FE.  The glacial pace of this litigation is as undeniable – disputes consistently take over six months to resolve (several have been pending for over a year) – as it is prejudicial.  Even though Plaintiffs brought their civil claims *over three years before* either criminal case against J-D, there is no end in sight, as these co-conspirators will stop at nothing to prevent a trial on the merits of this case.  Accordingly, we must disentangle this case from J-D's criminal trials.  Defendants' opposing arguments are legally baseless and factually inaccurate.

---

[1]    *Householder v. United States*, 2026 WL 1127200 (U.S. Apr. 27, 2026).  Further, Plaintiffs join in the arguments set forth in the Opt-Out Plaintiffs' concurrently filed reply brief.

- 1 -

4912-3910-0838.v1

The question before the Court is straightforward: are we going to move this case to trial through a simple exercise of the Court's discretion or are we going to do the same thing we've been doing for nearly six years while expecting a different result?

## II.     RELEVANT LEGAL STANDARD

### A.     Power to Partially Stay Proceedings

"'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court.'"[2] *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014).  District courts considering a stay of civil proceedings while parallel criminal actions are to consider and balance the following factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* at 627.  These same factors apply when a district court is considering a partial stay as to only some civil defendants but not others.  *See, e.g.*, *Cranel, Inc. v. Pro Image Consultants Grp., LLC*, 2013 WL 6440197, at *3 (S.D. Ohio Dec. 9, 2013); *B.L. v. Schuhmann*, 2019 WL 177940, at *3 (W.D. Ky. Jan. 11, 2019); *Boerste v. Ellis, LLC*, 2017 WL 6377976, at *4 (W.D. Ky. Dec. 13, 2017).

### B.     Seventh Amendment

The Seventh Amendment to the Constitution provides the following: "In Suits at common law, . . . the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."  U.S. Const. amend. VII.  This is a "personal right."  *Hetrick Cos. LLC v. IINK Corp.*, 710 F. Supp. 3d

---

[2]    Unless otherwise noted, all emphasis is added and citations are omitted.

467, 492 (E.D. Va. 2024).  Separate trials of separate defendants does not implicate the Seventh Amendment where "both, neither or either defendant could have been [determined to have been] causally responsible [for a plaintiff's damages], and [the first defendant's] causation could [be] revisited [in a second defendant's trial]."  *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1128 (7th Cir. 1999).

## C. Separate Verdict as to Each Defendant

Although the case involved different claims, last year the Court gave a jury instruction that would be equally apt here.  Specifically, liability as to each defendant must be determined separately:

> Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable.  Each defendant is entitled to a fair consideration of the evidence.  Neither defendant is to be prejudiced should you find against the other.  All instructions I give you govern the case as to each defendant.

*Cremeans v. Taczak*, 2025 WL 2772454, at *5 (S.D. Ohio Sep. 26, 2025).

## D. Judgments Under the Private Securities Litigation Reform Act ("PSLRA")

Under the PSLRA's express terms (and common sense), courts apply jury interrogatories only to cap the judgments as to the defendants at trial, not to alter or impact any prior or subsequent judgments against other defendants: "Except as provided in subparagraph (A), a covered person against whom a final judgment is entered in a private action shall be liable solely for the portion of the judgment that corresponds to the percentage of responsibility of that covered person, as determined under paragraph (3)."  15 U.S.C. §78u-4(f)(2)(B)(i).  Under paragraph (3), the jury answers special interrogatories

> with respect to each covered person and each of the other persons claimed by any of the parties to have caused or contributed to the loss incurred by the plaintiff, including persons who have entered into settlements with the plaintiff or plaintiffs, concerning . . . the percentage of responsibility of such person, measured as a

- 3 -

percentage of the total fault of all persons who caused or contributed to the loss incurred by the plaintiff.

15 U.S.C. §78u-4(f)(3)(A) & (f)(3)(A)(ii).  All these provisions are within subsection (f) of 15 U.S.C. §78u-4, which is the "Proportionate liability" subsection.  15 U.S.C. §78u-4(f).

## III.    ARGUMENT

### A.    Staying Discovery as to J-D Would Yield Tremendous Benefits with Little to No Detriments

Plaintiffs understand from the April 20, 2026 status conference that the Special Master is not inclined to stay discovery as to J-D at this time.  Plaintiffs appreciate this opportunity to explain why doing so is the most efficient way forward in this litigation.  Already in their proposed Scheduling Order, J-D are asking to delay this litigation 3.5 months for their next state criminal trial.  *See* Defendants' Scheduling Order Statement, ECF 1003 at PageID 25587.  More requests for more delays are inevitable once the date for J-D's federal criminal trial is finally set.  Then, of course, there is the very real possibility that J-D will be imprisoned by this time next year, which would bring all sorts of complications and opportunities for more delays, including a possible loss of funding for their defense.  And after all these delays and uncertainties, J-D will ask to be tried separately from FE due to FE's confession and many other admissions.  Throughout their entire 10-page position statement, J-D never express any openness, let alone willingness, to be tried with FE.  J-D Position Statement, ECF 1013 at PageID 25834-47.

Moreover, the ongoing delays, and risk of an unfair advantage, from J-D's "litigation gamesmanship" (4/15/2025 Special Master Order & R&R, ECF 784 at PageID 18127) and their exploitation of discovery in this case to circumvent the criminal discovery rules (*see, e.g.*, 10/16/2025 Hr'g Tr., ECF 862 at PageID 20456-58; 10/9/2025 Hr'g Tr., ECF 865 at PageID 20542) will be over.  "Because of the concern that criminal defendants will use civil actions to circumvent the restrictions on discovery in criminal actions, courts have repeatedly stayed discovery in civil

4912-3910-0838.v1

actions until related criminal actions are resolved." *United States v. Hills*, 2016 WL 6893272, at *2 (N.D. Ohio Nov. 23, 2016).  "'[A] trial court should not permit a defendant in a criminal case to use liberal civil discovery procedures to gather evidence to which he might not be entitled under the more restrictive criminal rules.'" *Id*.

The benefits of staying discovery as to J-D are significant beyond quantification.  In addition to saving what will likely be the better part of a year due to requested breaks for their criminal trials, the information imbalance issue will be gone.  Comity concerns will be gone.  Risk of circumventing the criminal discovery rules will be gone.  And the tremendous waste of time and resources from having to double the length of every deposition will be gone.

### 1.  J-D's Opposition Confirms the Appropriateness of a Stay

#### a.  Partial Stays as to Less than All Defendants Are Well Within the Court's Discretion

In their position statement, J-D proclaim: "Plaintiffs cite no authority for their bizarre request to partially stay a civil case as to only some civil defendants."  J-D Position Statement, ECF 1013 at PageID 25841.  This is just another of a relentless series of misrepresentations to the Court.  In truth, Plaintiffs cited not one case, but two cases in which courts within the Sixth Circuit "partially . . . stay[ed] a civil case as to only some civil defendants."  *Id.*  The first was *Schuhmann*.  2019 WL 177940.  There, the District Court for the Western District of Kentucky ordered a stay of discovery in a civil case as to only two defendants, but not as to the remaining seven defendants.  *Id*. at *1, *4. Likewise, Plaintiffs cited *Boerste*, in granting stay as to one defendant because "[w]hile it is *possible* that discovery could proceed . . . it would become more cumbersome for all parties" and "not be an efficient use of Court resources . . . to have to handle disputes regarding Bewley's assertion of his Fifth Amendment privilege."  2017 WL 6377976, at *4 (emphasis in original).

Moreover, J-D and their army of lawyers made this statement, despite the Sixth Circuit's decision in *In re Flint Water Cases*, 960 F.3d 820 (6th Cir. 2020), where the Sixth Circuit embraced

- 5 -

4912-3910-0838.v1

a district court decision to stay the case as to only state defendants, but allowed it to proceed as to the plaintiffs and non-state defendants. *Id.* at 823. In fact, the Sixth Circuit allowed the parties to depose the stayed defendants as non-parties. *Id.* Clearly, there is nothing "bizarre" about "partially stay[ing] a civil case as to only some civil defendants."[3] J-D Position Statement, ECF 1013 at PageID 25841.

J-D's opposition wholly fails to change the reality that all the applicable factors weigh in favor of staying this case as to them. Two separate criminal indictments against J-D (one state, one federal) have been entered arising from the exact same actions as those giving rise to Plaintiffs' claims. *See Schuhmann*, 2019 WL 177940, at *4 ("Courts have held that a stay in a civil case is most appropriate where a party to the civil case has already been indicted."). The state criminal proceedings have already delayed discovery in this case by nearly a year, prejudicing Plaintiffs' ability to prosecute their claims, and the two pending criminal trials will add the better part of another year of delay. Staying the case against J-D will: (1) streamline the rest of discovery in this action by reducing the number of depositions and the length of most depositions to one day, instead of two; (2) avoid further disputes about how the criminal proceedings impact this case's ongoing depositions and information asymmetries among the parties; and (3) and conserve judicial and party resources. *See Boerste, LLC*, 2017 WL 6377976, at *4 (granting stay as to one defendant because "[w]hile it is *possible* that discovery could proceed . . . it would become more cumbersome for all parties" and "not be an efficient use of Court resources . . . to have to handle disputes regarding Bewley's assertion of his Fifth Amendment privilege" (emphasis in original)).

Indeed, the toll on the Court's resources from J-D's gamesmanship alone has been overwhelming, as that dispute began in *October 2024* and over a year has passed since the Special

---

[3]  Likewise, J-D's entire one-side-stay argument is completely inapt, as Plaintiffs have never suggested that they should be permitted to continue seeking discovery from J-D and, indeed, would agree that the stay would apply to all discovery to or from J-D. Therefore, that argument goes away.

4912-3910-0838.v1

Master determined J-D's violations of Judge Marbley's June 14, 2021 Order and (implicitly) Rule 26(e) of the Federal Rules of Civil Procedure (4/15/2025 Special Master Order & R&R, ECF 784 at PageID 18126-28), yet J-D still have an objection pending and the Special Master's review of *ex parte* submissions to determine whether sanctions are appropriate is still pending.  As for the final factor, this Court has recognized on several occasions that the public has a strong interest in seeing FE brought to trial on these six-year-old fraud claims – which allege FE's corruption of public officials – as soon as possible.

Such a simple exercise of the Court's discretion would do wonders to finally put this case on a realistic path to trial.  And there is no risk of any prejudice to J-D, as staying the case as to them would not preclude their right to seek any discovery after what will be three criminal trials – and in all likelihood there will not be a need for any discovery or any trial against J-D here if they are convicted and FE is found liable, as they would be effectively uncollectible and Plaintiffs could recover their full damages from FE.

### b. J-D's Gamesmanship Continues

While the Court could certainly stay discovery as to J-D as a sanction for their misconduct, that is not the present request – Plaintiffs' position statement made no mention of sanctions.  *See* Plaintiffs' Position Statement, ECF 1002 at PageID 25577-85.  J-D's attempt to twist the stay request into a sanctions request is just another example of their refusal to play it straight with the Court.  Moreover, throughout their Position Statement, J-D invoke their *ex parte* submission regarding their violations of Judge Marbley's June 14, 2021 Order and Fed. R. Civ. P. 26(e).  J-D Position Statement, ECF 1013 at PageID 25836, 25838-39.  Not only does this highlight the inappropriateness of excluding Plaintiffs from the litigation of an issue that has obstructed this litigation for 20 months, but their arguments and recent conduct confirm J-D's lack of contrition and

- 7 -

recidivism, as they continue to misrepresent the circumstances surrounding their violations, including their own statements and actions.

J-D's contention that they did not violate Judge Marbley's June 14, 2021 Order ignores the litigation leading to the Order, the language of the Order itself, and J-D's own statements and conduct following the Order. As J-D themselves stated in their opposition to Lead Plaintiff's Motion to Partially Lift the PSLRA Discovery Stay:

> Lead Plaintiff seeks an order requiring defendants to produce, without any discovery request: (a) "all documents produced, provided, or received in the course of litigation against FirstEnergy arising out of the HB6 bribery scheme, including any deposition testimony," and (b) "all documents that defendants have produced or provided to, or received from, any regulatory or government agency, federal or state law enforcement agency, or legislative body or representative in connection with the HB6 bribery scheme, including any deposition testimony." (Doc. #145-10.)

Defendants' Opp. to Partially Lift PSLRA Discovery Stay, ECF 154 at PageID 2056-57. Judge Marbley's June 14, 2021 Order explicitly granted Lead Plaintiff's motion. 6/14/2021 Order, ECF 175 at PageID 4054. In doing so, Judge Marbley also held: "LACERA has . . . demonstrated that i[t] faces unique undue prejudice without having access to documents that have already been produced in other proceedings." *Id.* Therefore, there is no question that Judge Marbley's Order was an order requiring Defendants, including J-D, to produce "all documents that defendants have . . . received from, any regulatory or government agency, federal or state law enforcement agency, or legislative body or representative in connection with the HB6 bribery scheme, including any deposition testimony." Defendants' Opp. to Partially Lift PSLRA Discovery Stay, ECF 154 at PageID 2056-57.

In addition, Rule 26(e) of the Federal Rules of Civil Procedure explicitly requires parties to supplement their productions throughout discovery.

Perhaps most damning, however, is that J-D's argument contradicts their own statements and actions following Judge Marbley's Order:

- 8 -

- On May 31, 2022, Jones' counsel acknowledged Jones' ongoing production obligation in response to RFP No. 2: "We will produce to Lead Plaintiff any additional documents received from or provided to the government *under our continuing discovery obligations in this case*." Plaintiffs' Statement, Ex. 5 (5/31/2022 R. Israel letter), ECF 691-6 at PageID 14708.

- On July 18, 2023, Jones' counsel made another supplemental production regarding the same request for production that was the subject of Judge Marbley's Order. Plaintiffs' Statement, Ex. 12 (7/18/2023 T. Coleman letter), ECF 691-13 at PageID 14834.

- On March 25, 2022, Dowling's counsel made a "supplemental production (no. 2)" regarding the same request for production that was the subject of Judge Marbley's Order. Plaintiffs' Statement, Ex. 13 (3/25/2022 J. McCaffrey/J. Favret letter), ECF 691-14 at PageID 14836.

- On April 28, 2022, Dowling's counsel made another "supplemental production (no. 3)" regarding the same request for production that was the subject of Judge Marbley's Order.[4] *See* Forge Decl., Ex. A.

- On September 30, 2022, Dowling's counsel made another "supplemental production (no. 4)" regarding the same request for production that was the subject of Judge Marbley's Order. *See* Forge Decl., Ex. B.

- On November 27 2023, Dowling's counsel made another supplemental production regarding the same request for production that was the subject of Judge Marbley's Order, this time comprising Dowling's Securities and Exchange Commission deposition transcript. *See* Forge Decl., Ex. C.

Confirming their lack of contrition and recidivism, while the Special Master is still considering the appropriateness of sanctions, and against the backdrop of the foregoing supplemental productions, Dowling's lawyer made the following calculated misrepresentation:

> MR. McCAFFREY: No, I just, I want to correct something because I just don't want the record to be unclear on this.

> Mr. Forge made the argument that Mr. Dowling produced records after the PSLRA was lifted. That is not true. You will see that in our submission that once the PSLRA was lifted by Judge Marbley, we did not produce any further documents.

12/18/2025 Hr'g Tr., ECF 935 at PageID 24113:15-25. To be clear, every one of Dowling's above-listed supplemental productions of documents was *after* Judge Marbley's March 7, 2022 decision

---

[4] *See* the concurrently filed Declaration of Jason A. Forge ("Forge Decl.").

4912-3910-0838.v1

denying Defendants' motions to dismiss  (3/7/2022 Opinion & Order, ECF 219 at PageID 4717-91) and lifting the PSLRA discovery stay (6/14/2021 Order, ECF 175 at PageID 4054).

Likewise, J-D's arguments denying an ongoing production obligation plainly conflict with Jones' counsel's express acknowledgement and promise to "produce to Lead Plaintiff any additional documents received from or provided to the government under our continuing discovery obligations in this case."  Plaintiffs' Statement, Ex. 5 (5/31/2022 R. Israel letter), ECF 691-6 at PageID 14708. Jones' counsel's recent actions have also confirmed their lack of contrition and recidivism.  During the parties' April 6, 2026 hearing before the Special Master, Jones' counsel made the following representation:  "We believe that we could ask the Judge to – we could, we could seek clarification on Wednesday from the Judge regarding the status of her protective order."  4/6/2026 Hr'g Tr., ECF 996 at PageID 25458:12-15.  Nevertheless, the Wednesday hearing came and went with J-D's lawyers refusing to make any such request of the Summit County Judge.  After intentionally and improperly creating the information imbalance, J-D are so determined to maintain it, they opposed the Ohio AG's request to de-designate the improperly withheld documents and refused to ask the Summit County Judge if they could produce these documents subject to this Court's protective order, despite promising to do so.

### B.    FE's Argument is Baseless

Never one to pass up an opportunity for delay, FE filed a 12-page position statement (FE Position Statement, ECF 1014 at PageID 25848-67) that is so meritless, it advances an argument that no court has ever accepted in over 6,000 class actions under the PSLRA.  Specifically, FE contends in cases subject to the PSLRA, courts are stripped of their discretion to order separate trials of defendants for any reason.  This is unreasonable on its face, as "[i]t is well settled that the ordering of separate trials is within the sound discretion of the trial judge."  *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982).  Likewise, Federal Rule of Civil Procedure 42(b) provides, in

- 10 -

pertinent part: "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial . . . of *any* separate issue . . . ." *Id.* (alterations in original) (emphasis in original).  It is beyond implausible for FE to suggest that Congress chose to override a well-settled principle of law and an unequivocal rule of civil procedure without saying so and without so much as a whisper of such intentions in any of the discussions or legislative history of the PSLRA.

As set forth above, the jury interrogatories upon which FE's entire argument is based are prescribed in the "[p]roportionate liability" subsection of the PSLRA.  15 U.S.C. §78u-4(f).  Naturally, the only *liability* a jury can determine is that of the defendants on trial before it.  For example, in a trial against only FE, the jury would determine only whether FE committed securities fraud.  If so, and the jury finds that FE acted recklessly, but not knowingly (an implausible hypothetical considering FE's confession and its employees' testimony at J-D's criminal trial), the jury will complete an interrogatory determining "the percentage of responsibility of such person, measured as a percentage of the total fault of all persons who caused or contributed to the loss incurred by the plaintiff[s]" due to *FE's* securities fraud.  15 U.S.C. §78u-4(f)(3)(A)(ii).  If in a subsequent trial against J-D, the jury again finds reckless, but not knowing, violations, the same exercise would unfold, except this time, the jury would make these responsibility determinations for "the loss incurred by the plaintiff[s]" due to *Jones'* securities fraud, as well as responsibility determinations for "the loss incurred by the plaintiff[s]" due to *Dowling's* securities fraud.  *Id.* These are all *different* questions.  Therefore, there are no potential Seventh Amendment implications, let alone violations, here, as this Court's interrogatories would ensure that the second jury does not directly or indirectly reexamine the responsibility determinations for the losses caused by *FE's* fraud.  *See, e.g.*, *Martin v. Behr Dayton Thermal Prods. LLC*, 896 F.3d 405, 417 (6th Cir. 2018) (affirming class certification order and holding that "the fact that the district court

- 11 -

preemptively raised the potential for Seventh Amendment concerns suggests that it will take care to conduct any subsequent proceedings in accordance with the Reexamination Clause").

Last, the Seventh Amendment is a personal right and there is nothing in the PSLRA that would enable the jury in a subsequent trial of J-D to alter in any way, shape, or form the verdict rendered by the jury in an earlier trial, or the judgment entered, against FE.  Therefore, a subsequent jury in a trial against J-D could not do anything that would implicate *FE's* rights under the Seventh Amendment.[5]

## IV.    CONCLUSION

It should go without saying that the status quo is not working here.  As we approach the six-year anniversary of this case, we still do not have a trial date.  Now is the time for bold solutions and a greater commitment "to secure the just~~, speedy, and inexpensive~~ determination" of this action, not for kicking the can down the road and hoping things will somehow work out. Fed. R. Civ. P. 1. No one can credibly argue that anchoring this case to two defendants in two separate criminal cases will not significantly impede the progress of this litigation – it has and it will.  This Court tried taking a backseat to the Summit County Court's criminal trial, even though Plaintiffs brought this case over three years *before* the State's criminal case.  After impeding the progress of this case for the better part of 20 months, the Summit County Court has to do it all over again.  We cannot continue to be relegated to the backseat.

Plaintiffs have done their part by consistently pushing the pace of this litigation, consistently asking for a trial date, consistently filing briefs early, and consistently expressing a desire for shorter windows for fact and expert discovery, even though Plaintiffs bear the burden of proof here.  This

---

[5]    Because FE's entire Rule 42(b) argument is based on the false premise that "all Defendants must be tried together" (FE Position Statement, ECF 1014 at PageID 25858), it fails.

Court has the discretion to stay this case as to J-D, the factors are met, and, respectfully, Plaintiffs deserve some consideration after enduring the delays that have plagued this case.

Plaintiffs urge the Special Master to recommend a stay of the case as to J-D, as that is by far the most efficient way for this case to proceed.  Alternatively, Plaintiffs would respectfully request that the Special Master recommend Plaintiffs' proposed Scheduling Order, including explicitly precluding J-D from using their criminal cases as a basis for any relief from any deadlines.

DATED:  April 29, 2026

Respectfully submitted,

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY, Trial Attorney (0063373)


s/ Joseph F. Murray
JOSEPH F. MURRAY

1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com

Class Counsel

- 13 -

4912-3910-0838.v1

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on April 29, 2026.  Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/ Joseph F. Murray

Joseph F. Murray (0063373)

4912-3910-0838.v1