**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Kelly L. Stephens
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: September 28, 2026

Mr. John Arnold Favret III
Tucker Ellis
950 Main Avenue
Suite 1100
Cleveland, OH 44113

Mr. Robert J. Giuffra Jr.
Sullivan & Cromwell
125 Broad Street
Suite 2926
New York, NY 10004

Ms. Carole S. Rendon
Baker Hostetler
127 Public Square
Suite 2000
Cleveland, OH 44114-3485

Re: Case No. 26-0303/26-0304/26-0305
*In re: FirstEnergy Corporation, et al*
Originating Case No. 2:20-cv-037852:20-cv-04287

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Kelly Stephens

Appeal Case Manager: Robin
Direct Dial No. 513-564-7014

cc: Mr. Kwaku A. Akowuah

Mr. David L. Axelrod
Mr. David S. Bloomfield Jr.
Mr. Preston Burton
Mr. Damion M. Clifford
Mr. Charles Dean Cording
Mr. Todd Cosenza
Ms. Marjorie P. Duffy
Mr. John C. Fairweather
Ms. Helen Michele Fite
Mr. Jason Forge
Mr. Gerhardt A. Gosnell II
Mr. Andrew Paul Guran
Mr. Michael Ryan Harmanis
Mr. William Ernest Havemann
Ms. Rachael L. Israel
Mr. Neal Kumar Katyal
Mr. Eric M. Kim
Mr. Douglas Marr Mansfield II
Mr. John F. McCaffrey
Ms. Laura Hughes McNally
Mr. Nicholas Frank Menillo
Ms. Adrienne Ferraro Mueller
Mr. Brian K. Murphy
Mr. Joseph F. Murray
Mr. Richard W. Nagel
Ms. Sharon L. Nelles
Ms. Beth Newton
Mr. Brian P. O'Connor
Ms. Amanda Marie Payne
Mr. David Maxwell James Rein
Mr. Geoffrey John Ritts
Mr. Joshua N. Shinbrot
Mr. Douglas Lloyd Shively
Mr. David Sporar
Mr. Victor A. Walton Jr.
Mr. Ethan William Weber
Mr. Brian Weinstein
Ms. Hilary Williams

Enclosure

Nos. 26-0303/0304/0305

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 28, 2026
KELLY L. STEPHENS, Clerk

In re: FIRSTENERGY CORPORATION, et al. [26-0303]; In re: CHARLES E. JONES [26-0304]; In re: MICHAEL DOWLING [26-0305],

Petitioners.

O R D E R

Before: BOGGS, CLAY, and GIBBONS, Circuit Judges.

In these consolidated actions for securities fraud, the district court upheld its certification of a class of investors in FirstEnergy Corporation after we partially vacated its certification order and remanded for additional analysis of the plaintiffs' methodology for calculating damages on a classwide basis. Specifically, we directed the district court to determine if plaintiffs set out a methodology for calculating damages on a classwide basis that satisfies the predominance requirement in Federal Rule of Civil Procedure 23(b)(3) for plaintiffs' claims under section 10(b) of the Securities Exchange Act of 1934.

Defendants FirstEnergy and certain other individuals, Charles E. Jones and Michael Dowling, separately petition for permission to appeal the district court's order on remand. Plaintiffs oppose the petitions and defendants' motions for leave to file replies to plaintiffs' responses and move to take judicial notice of several facts from a Securities and Exchange Commission (SEC) order against FirstEnergy. FirstEnergy opposes taking judicial notice of the SEC order. Three groups move for leave to (1) file amicus briefs in support of FirstEnergy's petition, and (2) reply to plaintiffs' responses opposing their filings. We grant the petitions and the motions.

Plaintiffs assert as a threshold matter that we lack authority to consider these petitions because the district court's order did not grant or deny certification. Certainly, the plain language of Rule 23(f) limits our review to appeals from orders granting or denying class-action certification. Fed. R. Civ. P. 23(f). But this is not the bright line it first appears. Although we do not have binding authority on this point, "the circuit courts to have considered the issue generally agree that orders materially altering a prior order granting or denying certification fall within Rule 23(f), and orders that maintain the status quo do not." *In re Advanced Rehab & Med., P.C.*, No. 20-0506, 2021 WL 3533492, at *1 (6th Cir. Apr. 27, 2021) (order) (citing cases from the Third, Seventh, Eighth, Ninth, Tenth, Eleventh, and D.C. Circuits). And when "assessing materiality, substance is more important than form." *Wolff v. Aetna Life Ins. Co.*, 77 F.4th 164, 172 (3d Cir. 2023). Here, the district court on remand did not alter the class definition or the status quo, but it did—at our direction—revisit its analysis as to plaintiffs' damages methodology. And, as plaintiffs concede, a class cannot be certified without a damages methodology that aligns with the theory of the case and satisfies the predominance requirement in Rule 23(b)(3). Under these circumstances, we conclude that Rule 23(f) affords us the discretion to review the district court's order following remand.

Plaintiffs also ask us to take judicial notice of an SEC order. We decline to do so here. *See In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 467-68 (6th Cir. 2014) (declining to take judicial notice of documents where their subject matter went to the heart of the disputed matters).

We may, in our discretion, permit an appeal from an order certifying a class action. Fed. R. Civ. P. 23(f). Although there is no definitive test for granting permission to appeal, we consider multiple factors, including: (1) whether the petitioner is likely to succeed on appeal under the deferential abuse-of-discretion standard; (2) whether the cost of continuing the litigation for either party presents such a barrier that subsequent review is hampered; (3) whether the case presents a novel or unsettled question of law; and (4) the procedural posture of the case before the district court. *In re Delta Air Lines*, 310 F.3d 953, 960 (6th Cir. 2002) (per curiam).

FirstEnergy asks one question in its petition for review: "Whether securities plaintiffs can satisfy their evidentiary burden at class certification under *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013), by having their expert recite the generally applicable rule for measuring damages for such claims and promise to develop a methodology for applying that rule to the particular facts of the case at a later date."

The novelty of a claim "weigh[s] more heavily in favor of review when the question is of relevance not only in the litigation before the court, but also to class litigation in general." *In re Delta Air Lines*, 310 F.3d at 960. Review is also favored if, without an immediate appeal, the issue may evade review. *Id.* Petitioners easily satisfy this factor because the parties' positions largely rest on non-binding authority, caselaw that long predates *Comcast*, and cases that are not class actions. And at least one district court in this circuit disagrees with the district court here. Because this case involves an intersection of these holdings, raises a novel issue in this circuit, and our decision will resolve conflict within the circuit, these factors favor immediate review.

The "death-knell" factor goes to whether "the costs of continuing litigation for either a plaintiff or defendant may present such a barrier that later review is hampered." *Id.* Courts require more than general assertions by a party; instead, "a defendant should provide the court insight into potential expenses and liabilities." *Id.* The court also looks to the size of the class, which determines the scope of defendants' liability. *In re E.I. DuPont de Nemours & Co. C-8 Pers. Inj. Litig.*, No. 22-0305, 2022 WL 4149090, at *9 (6th Cir. Sept. 9, 2022) (order). FirstEnergy's conclusory assertions fail to provide the needed insights into this factor.

The procedural posture of a case weighs against permission to appeal if there is an indication the district court will reexamine certification or the appeal would constitute "a vehicle for early review of a legal theory that underlies the merits of a class action." *See In re Delta Air Lines*, 310 F.3d at 960. There is no indication here that the district court will revisit its decision, and the issue raised warrants immediate review. Plaintiffs are correct that defendants may challenge damages calculations during future stages of the litigation, but those future stages do not

involve certifying a class action, or deciding whether the plaintiffs satisfied the Rule 23 factors, which is the issue before us at this stage of the proceedings.

Therefore, the petitions for permission to appeal and the motions for leave to file replies and to file amicus briefs are **GRANTED**. The motion to take judicial notice is **DENIED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk