UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) | No. 2:20-cv-03785-ALM-KAJ |
| | ) | |
| | ) | CLASS ACTION |
| This Document Relates To: | ) | Judge Algenon L. Marbley<br>Magistrate Judge Kimberly A. Jolson |
| ALL ACTIONS. | ) | |

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MISTITLED AND UNAUTHORIZED MOTION TO AVOID SCHEDULING ORDER

MURRAY MURPHY MOUL
+ BASIL LLP
JOSEPH F. MURRAY (0063373)
BRIAN K. MURPHY (0070654)
1114 Dublin Road
Columbus, OH 43215
Telephone: 614/488-0400
614/488-0401 (fax)
murray@mmmb.com
murphy@mmmb.com

Liaison Counsel

ROBBINS GELLER RUDMAN
& DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com

Class Counsel

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION AND BACKGROUND ....................1

A. The Unopposed Scheduling Order ....................1

B. FirstEnergy's Belated About-Face ....................2

C. The Motion the Special Master Authorized ....................2

II. ARGUMENT ....................4

A. FirstEnergy's Motion is Procedurally Defective ....................5

B. FirstEnergy's Motion is Factually and Legally Baseless ....................5

C. Neither *Boeing* Nor the 2024 Stay Supports Deferral ....................9

D. Defendants Seek Disparity, Not Parity ....................11

E. Defendants' Demand for a Preemptive Prohibition on Supplemental Reports Should Be Rejected ....................12

III. CONCLUSION ....................14



4935-7705-3919.v1

# TABLE OF AUTHORITIES

**Page**

## CASES

*Bowles v. City of Mansfield*,
2008 WL 11480485 (N.D. Ohio Nov. 21, 2008) ........ 13

*Chkrs, LLC v. City of Dublin*,
2019 WL 3975447 (S.D. Ohio Aug. 22, 2019) ........ 13

*Comcast Corp. v. Behrend*,
569 U.S. 27 (2013) ........ 3, 9

*Compound Prop. Mgmt. LLC v. Build Realty, Inc.*,
2023 WL 3004148 (S.D. Ohio Apr. 18, 2023) ........ 6

*Cosby v. KPMG, LLP*,
2021 WL 2668803 (E.D. Tenn. June 29, 2021) ........ 6

*Faber v. Ciox Health, LLC*,
944 F.3d 593 (6th Cir. 2019) ........ 12

*Griffiths v. Ohio Farmers Ins. Co.*,
2010 WL 2774446 (N.D. Ohio July 12, 2010) ........ 6

*In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.*,
2020 WL 1154809 (S.D. Ohio Mar. 10, 2020) ........ 13

*In re FirstEnergy Corp. Sec. Litig.*,
149 F.4th 587 (6th Cir. 2025) ........ 8, 10

*State of Rhode Island Office of the General Treasurer v. Boeing Co.*,
182 F.4th 422 (4th Cir. 2026) ........ 9, 10

## STATUTES, RULES, AND REGULATIONS

15 U.S.C.
§78u-4(e)(1) ........ 8
§78u-4(e)(3) ........ 8

Federal Rule of Appellate Procedure
Rule 8(a)(1) ........ 11

**Page**

Federal Rules of Civil Procdure
Rule 1 .....1
Rule 16(b)(4) .....1, 5
Rule 23 .....6
Rule 23(f) .....3, 10, 11, 12
Rule 26(e) .....13
Rule 26(e)(1)(A) .....12
Rule 26(e)(2) .....13
Rule 37(c) .....13



4935-7705-3919.v1

## I. INTRODUCTION AND BACKGROUND

Defendants' so-called "Motion to Enforce the Scheduling Order" (ECF 1104 ("Motion")) is anything but what its title represents. Defendants do not seek to enforce the Scheduling Order; they seek to rewrite it. The Special Master has already construed the Scheduling Order, this Court has adopted it without change, and, as Defendants concede, the Special Master has already directed them to serve their rebuttal reports by March 15, 2027. Motion, ECF 1104 at Page ID 28186. Unable to show the good cause that Rule 16(b)(4) of the Federal Rules of Civil Procedure requires, Defendants instead ask the Special Master to reclassify Plaintiffs' damages report without any basis for doing so and to preemptively bar supplementation that the Federal Rules require. Defendants' Motion is the latest example of their disregard for the Court's rulings and persistent efforts to delay any reckoning on the merits. It should be denied in its entirety.

### A. The Unopposed Scheduling Order

On October 8, 2026, the Special Master confirmed that the deadline for expert reports set forth in the June 24, 2026 partial Scheduling Order created a carveout that was limited only to "experts whose opinions *are* contingent on [class] certification" (6/24/26 Special Master Scheduling Order, ECF 1033 at PageID 26352 (emphasis in original)), and that the additional language "such as damages experts" (*id.*) simply meant damages experts "to the extent their opinions are contingent on class certification [10/08/26 Hr'g Tr., ECF 1077 at PageID 27322:8-27323:5]."[1] This confirmation was perfectly consistent with the Scheduling Order and Rule 1 of the Federal Rules of Civil Procedure. Throughout most of this litigation, there have been parallel *non*-class cases that involve all of the same issues, including the same basis for damages. The Scheduling Order's wisdom was also buttressed by the lack of any disagreement from any party. In a litigation that has been as contentious as any, there were no objections. That was true on October 8, 2026 as well as on

[1] Unless otherwise noted, all emphasis is added and citations are omitted.



4935-7705-3919.v1

October 15, 2026 and on October 23, 2026 – three times in which the Special Master expressly invited anyone to identify any issues they wanted to discuss and three times in which not a single defendant took issue with the October 8 confirmation. 10/08/26 Hr'g Tr., ECF 1077 at PageID 27323:2-27324:6; 10/15/26 Hr'g Tr., ECF 1081 at PageID 27398:16-27399:11; 10/23/26 Hr'g Tr., ECF 1099 at PageID 27974:17-25.

Against this backdrop, on October 26, 2026, this Court noted that no party had objected to the Special Master's Scheduling Order and then adopted it *without any changes* to the meaning of '"Non-Certification"' and '"Certification"' Expert Reports. 10/26/26 Order, ECF 1094 at PageID 27878.

**B. FirstEnergy's Belated About-Face**

The next day, on October 27, 2026 – four months after the June 24, 2026 Scheduling Order, including 20 days and two status conferences after raising no disagreement with or objection to the Special Master's October 8, 2026 confirmation – FirstEnergy declared that it "makes literally no sense" to maintain what they had never objected to before. 10/27/26 Hr'g Tr., ECF 1100 at PageID 28061:24; 28064:17; 28068:6. When confronted with the reality that there will be little to no daylight between Plaintiffs' expert damages report and the Direct Action Plaintiffs' damages report to which FirstEnergy confirmed it would be responding on March 15, 2027, it had literally no answer. *Id*. at PageID 28078:1-25.

**C. The Motion the Special Master Authorized**

The Special Master declined to modify Judge Marbley's decision on the Scheduling Order, allow FirstEnergy to dictate that Plaintiffs' damages report is contingent on class certification (when it will not differ materially, if at all, from the Direct Action Plaintiffs' damages report), or

preemptively foreclose any kind of supplemental reports after resolution of FirstEnergy's pending Rule 23(f) appeal.[2] *Id.* at PageID 28069:10-28070:10.

Plaintiffs pointed out that Judge Marbley's Order referred to "'Certification' with quotation marks around it. That clearly was informed by your previous order and by our discussion from three weeks ago. That is an air quote, 'certification' report is an expert report that is contingent upon class certification. *That is not what we are talking about here*." 10/27/26 Hr'g Tr., ECF 1100 at PageID 28071:18-24. The Special Master observed: "[T]hat is how I'm reading [it] and that is how it is apparent to me that this is what the order says." *Id.* at PageID 28072:9-11.

Still, the Special Master continued: "Here's the caveat I'm giving you, though: *If you disagree with that, you're free to file a motion to modify the case schedule*." *Id.* at PageID 28072:12-15. The Special Master repeated this limited opportunity: "I'm not going to overrule Mr. Forge's expert report without having seen the expert report and say what it's contingent on. *If you disagree and you want to modify this case schedule, you'll have to file a motion and demonstrate good cause for doing so,* Mr. Giuffra." *Id.* at PageID 28073:19-22. FirstEnergy then agreed to file a motion, but knowing its history in this litigation, Plaintiffs' counsel confirmed with the Special Master the limited motion FirstEnergy was authorized to file:

---

[2] Contrary to FirstEnergy's characterization (Motion, ECF 1104 at PageID 28184), the Sixth Circuit did not "summarize[]" the question presented. *Id.* Its Order granting the Petition could not have been clearer or more complete regarding the lone question presented:

> FirstEnergy asks one question in its petition for review: "Whether securities plaintiffs can satisfy their evidentiary burden at class certification under *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013), by having their expert recite the generally applicable rule for measuring damages for such claims and promise to develop a methodology for applying that rule to the particular facts of the case at a later date."

9/28/26 6th Cir. Order, ECF 1066 at PageID 27118. As can be seen, that lone question concerns where on the generality-specificity spectrum a plaintiff's recitation of its damages methodology must fall to "satisfy their evidentiary burden at class certification under *Comcast*." *Id.* It does *not* concern the mathematical accuracy of a plaintiff's damages methodology.

> MR. FORGE: But just so we're clear: The issue is modification of the scheduling order.
>
> SPECIAL MASTER JUDGE: Yeah, and the modification of the scheduling order and I imag[in]e the parties' debate is going to be on how to classify the expert report.
>
> MR. FORGE: Sure.
>
> SPECIAL MASTER JUDGE: Yeah. And whether one side gets to reclassify the other side's expert report in a sense.
>
> MR. FORGE: Right.

*Id.* at PageID 28082:25-28083:11. FirstEnergy raised no objection to the scope of this authorization. Its Motion nonetheless disregards it. And on November 5, 2026, FirstEnergy confirmed this defiance was intentional: "I want to be totally clear. We are not seeking modification of the scheduling order. So we're not filing a motion stating we are seeking modification of the scheduling order, because that is not what we want. That is not the relief that we're seeking." 11/05/26 Hr'g Tr., ECF 1108 at PageID at 28212:5-10. Instead, Defendants seek not only to reclassify Plaintiffs' report, but also a unilateral extension of Defendants' own rebuttal deadline and a preemptive ban on supplementation.

## II. ARGUMENT

The Motion would not even accomplish its stated purpose. FirstEnergy has confirmed that it will serve a rebuttal to the Direct Action Plaintiffs' damages expert report by March 15, 2027, and that report cannot be "contingent on class certification" because there is no class in those cases. 10/26/26 Order, ECF 1094 at PageID 27878; 10/27/26 Hr'g Tr., ECF 1100 at PageID 28055:1-28056:25. Plaintiffs have advised that there will be little or no daylight between their damages calculations and Direct Action Plaintiffs' damages calculations. 10/27/26 Hr'g Tr., ECF 1100 at PageID 28050:1-25; 28078:1-25. Defendants dismiss this as "pure speculation" (Motion, ECF 1104 at PageID 28191), but they offer no reason to doubt it. Deferring FirstEnergy's rebuttal to Plaintiffs'

damages report would therefore spare FirstEnergy no meaningful time or expense; it would only delay this case. The Motion fails procedurally, factually, and legally.

**A. FirstEnergy's Motion is Procedurally Defective**

The scope of the authorized motion was clear. FirstEnergy was only authorized to file a motion: (1) to amend/modify the Scheduling Order; and (2) to determine whether one side gets to reclassify the other side's expert report. 10/27/26 Hr'g Tr., ECF 1100 at PageID 28082:25-28083:11. The governing standard was equally clear: a party seeking to modify the schedule must "file a motion and demonstrate good cause for doing so." *Id.* at PageID 28073:19-22; *see also* Fed. R. Civ. P. 16(b)(4). Yet at the November 5, 2026 Status Conference, FirstEnergy confirmed that it had not, and would not, file a motion to amend the Scheduling Order. 11/05/26 Hr'g Tr., ECF 1108 at PageID at 28212:5-10. Having disclaimed any request to modify the Scheduling Order, FirstEnergy has not attempted to show the good cause that Rule 16(b)(4) requires. Its Motion therefore is an unauthorized effort to re-litigate its reading of the Scheduling Order – a reading that the Special Master and this Court have already rejected. 10/08/26 Hr'g Tr., ECF 1077 at PageID 27322:3-23723:24; 10/26/26 Order, ECF 1094 at PageID 27878. Indeed, Defendants acknowledge that the Special Master has already directed them to respond to Plaintiffs' report by March 15, 2027. Motion, ECF 1104 at PageID 28186. Notwithstanding its erroneous title, Defendants' Motion is, in substance, an unsupported request for reconsideration. It should be denied as procedurally (and, as set forth below, substantively) infirm.

**B. FirstEnergy's Motion is Factually and Legally Baseless**

FirstEnergy asserts: "Plaintiffs should not be able to force Defendants to waste time and resources on unnecessary expert discovery without the benefit of the Sixth Circuit's ruling." Motion, ECF 1104 at PageID 28183. This assertion is fatally flawed in at least four respects. First, as shown above, FirstEnergy has confirmed that it will rebut the Direct Action Plaintiffs' damages

report by March 15, 2027 regardless (10/27/26 Hr'g Tr., ECF 1100 at PageID 28055:1-28056:25), and Plaintiffs' damages report will be materially the same, if not identical. *Id.* at PageID 28050:1-25; 28078:1-25. Therefore, the rebuttal to Plaintiffs' damages report will demand little to no additional time and resources. Second, even in the context of motions to stay pending appeal, courts consistently hold that litigation costs do not constitute irreparable harm to justify delaying proceedings.[3] Third, the carveout under the Scheduling Order is not for expert reports that could be impacted by the Sixth Circuit's decision, but rather only for expert reports that are contingent on class certification. Plaintiffs' expert damages report clearly is not. Plaintiffs are not forcing Defendants to do anything. Plaintiffs are simply following the Scheduling Order, as all parties must.

And fourth, there is no indication from the Sixth Circuit's Order, including the one question presented, that its decision will consider the mathematical accuracy of Plaintiffs' final damages model and calculations, or any specific component of it. Although the Sixth Circuit's Order describes the earlier remand as calling for "additional analysis of the plaintiffs' methodology for calculating damages on a classwide basis," the question the Sixth Circuit agreed to decide concerns only the showing required at class certification, and the court expressly recognized that "defendants may challenge damages calculations during future stages of the litigation, but those future stages do not involve certifying a class action, or deciding whether the plaintiffs satisfied the Rule 23 factors, which is the issue before us at this stage of the proceedings." 9/28/26 6th Cir. Order, ECF 1066 at PageID 27116, 27118-19. FirstEnergy's contention that Plaintiffs have yet to set out how their methodology applies to the facts of this case is not only demonstrably false (*see, e.g.*, 12/12/25 Hr'g Tr., ECF 936 at PageID 24169:4-24181:13; 24189:4-24192:10), but it would mean that finalizing the analysis on January 15, 2027 is the cure, not the problem. In any event, years ago, FirstEnergy's

[3] *See, e.g.*, *Compound Prop. Mgmt. LLC v. Build Realty, Inc.*, 2023 WL 3004148, at *4 (S.D. Ohio Apr. 18, 2023); *Griffiths v. Ohio Farmers Ins. Co.*, 2010 WL 2774446, at *2 (N.D. Ohio July 12, 2010); *Cosby v. KPMG, LLP*, 2021 WL 2668803, at *5 (E.D. Tenn. June 29, 2021).

class-certification expert, Dr. Marietta-Westberg, conceded that Plaintiffs' proposed damages methodologies were consistent with Plaintiffs' theory of liability.[4]

Defendants' reliance on the Sixth Circuit's observation that "a class cannot be certified without a damages methodology that aligns with the theory of the case" (Motion, ECF 1104 at PageID 28184-85) proves Plaintiffs' point. That statement concerns what showing is required to *certify a class*. Whatever the Sixth Circuit decides on that question will determine whether the class-certification order stands; it will not change how damages on Plaintiffs' purchases are calculated under the Private Securities Litigation Reform Act (the "PSLRA"). A report that would be served in the same form whether the class is affirmed, vacated, or never existed is, by definition, not "contingent on certification."

Defendants further contend:

> Plaintiffs disclosed that they have pivoted to yet another damages theory. Plaintiffs' counsel stated that "[FirstEnergy's counsel is] going to be perhaps pleasantly surprised when he gets our damages report because he's going to see *that the damages are far from constant throughout the class period*." (*Id.* at 76:12-16 (emphasis added).) That is an about-face from Plaintiffs' representations to the Court on remand that "inflation is the same" throughout the class period and was always "about $20." (Nov. 6, 2025 Oral Arg. Tr. (ECF No. 914) at PageID 23813-14.)

Motion, ECF 1104 at PageID 28186. Defendants are conflating inflation with damages. Whether this confusion is feigned or genuine is not important. All that matters is that they are unequivocally wrong. Plaintiffs' damages theory has never wavered, let alone changed. In maintaining class certification, this Court recognized that Plaintiffs allege "that Defendants engaged in a fraudulent

---

[4] Q. "And are you opining that their proposed damages methodologies are not consistent with plaintiffs' theory of liability?"

A. "No. I'm providing an economic opinion about whether their damages approach is applicable to the specific facts and circumstances of this matter."

Class Cert. Reply, Ex. P (Marietta-Westberg Dep. Tr.), ECF 346-10 at PageID 8224 (113:11-16).

scheme that artificially inflated the value of FirstEnergy's securities during the class period" (4/30/26 Opinion & Order, ECF 1020 at PageID 26097 (citing Complaint, ECF 72 at PageID 1547-49, 1631-32, 1640, 1646 (¶¶3-8, 236-237, 257, 271)); Reply, ECF 960 at PageID 24842-46), and held that "Plaintiffs' proposed damages methodology is consistent with its liability case" (*id.* at PageID 26093). Under that theory, constant inflation never meant constant damages, as the PSLRA caps damages according to a 90-day lookback provision when damages are calculated by reference to market price. 15 U.S.C. §78u-4(e)(1).

For example, for shares still held at the end of the lookback period, damages "shall not exceed the difference between the purchase . . . price paid . . . by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." *Id.* The "mean trading price" is "an average of the daily trading price of that security, determined as of the close of the market each day during the 90-day period." 15 U.S.C. §78u-4(e)(3). The operative lookback mean trading price here will be about $30 per share. *See* Complaint, ECF 72 at PageID 1600, 1608, 1610, 1613-14 (¶¶148, 177, 183, 187, 195, 200) (post-disclosure closing prices of $26.66 to $29.72); Digrin, *FirstEnergy Corp. (FE) – Price History*, https://www.digrin.com/stocks/detail/FE/price (last visited Nov. 10, 2026) (month-end closing prices of $26.56 to $30.76 from July 2020 through January 2021). Based on FirstEnergy's trading prices, that means damages would be capped at or below about $5.00 per share for about the first 17 months of the Class Period and below $10.00 well into the first quarter of 2019. *See, e.g.*, Appointment Mot., Ex. B (Certification), ECF 33-4 at PageID 780 (purchase at $28.90 on May 4, 2017); Complaint (Certification), ECF 72 at PageID 1662-63 (purchases at $31.36 on March 17, 2017, $34.20 on June 1, 2018, $39.60 on February 19, 2019, and $41.23 on March 15, 2019);

*Digrin*, *supra* (month-end closing prices of $29.16 to $35.91 from February 2017 through June 2018).

In other words, constant *inflation* has *never* meant constant *damages*. Far from it. Nothing about Plaintiffs' theory has changed. In any event, the content of Plaintiffs' forthcoming report is a merits question that Defendants can test through rebuttal reports, depositions, and *Daubert* motions – "future stages of the litigation" that, as the Sixth Circuit recognized, "do not involve certifying a class action." 9/28/26 6th Cir. Order, ECF 1066 at PageID 27118-19. Defendants' speculation about what the report will say is no basis for postponing it.

### C. Neither *Boeing* Nor the 2024 Stay Supports Deferral

Defendants' principal argument rests on *State of Rhode Island Office of the General Treasurer v. Boeing Co.*, 182 F.4th 422 (4th Cir. 2026), an out-of-circuit decision that Defendants say rejected a '"constant"' inflation methodology. Motion, ECF 1104 at PageID 28181; *see also id.* at PageID 28187-89. But by Defendants' own account, *Boeing* addressed what plaintiffs must show "*before* a class is certified." *Id*. at PageID 28189 n.4 (citing *Boeing*, 182 F.4th at 442-46). That is a class certification question, and it is the question the Sixth Circuit will decide here. Whatever the Sixth Circuit concludes about the showing *Comcast* requires, its answer will govern whether the class certification order is affirmed; it will not alter the calculation of damages on Plaintiffs' own purchases, which must be performed in any event. Defendants' insistence that Plaintiffs' report is contingent "[e]ither way" – whether it confirms or departs from the methodology presented at certification (Motion, ECF 1104 at PageID 28188-89) – only underscores that the report's content does not depend on the appeal's outcome. Defendants' attacks on the class certification order – and the 4.5-year-old expert report on which it is based – belong in their Sixth Circuit briefing, not in a dispute over the expert discovery schedule.

Moreover, *Boeing* involved "misstatements [that] suppressed a variety of *different types of information*" and the plaintiffs' final damages report was before the court. 182 F.4th at 447-48. Here, all of Defendants' statements concealed the same core relevant truth: that FirstEnergy, with FirstEnergy Solutions Corp.'s participation and money, was pursuing that relief through payments to and for the benefit of public officials, made through anonymous 501(c)(4) entities designed to conceal their source, in return for official action. *See* Complaint, ECF 72 at PageID 1565-76, 1593-95 (¶¶64-94, 136-138); Deferred Prosecution Agreement, ECF 259-5 at PageID 6013-42. In stark contrast to *Boeing*, here the Sixth Circuit has already reached the same conclusion.[5] Unlike *Boeing*, the only damages report the Sixth Circuit is considering is the 4.5-year-old report in support of class certification that did not even attempt to calculate damages. Yet another gaping disparity is that, as explained above, here *damages* are not constant and changed dramatically over time due to the PSLRA's lookback cap, whereas in *Boeing*, there was apparently no distinction drawn between inflation and damages. *Boeing* is completely inapt to this case and this issue.

Nor does the March 2024 stay of merits expert discovery during Defendants' first Rule 23(f) appeal help Defendants. Motion, ECF 1104 at PageID 28181-82 (citing 3/15/24 Report & Recommendation, ECF 638 at PageID 13952). When the Special Master set the current schedule in June 2026 – with Defendants' second Rule 23(f) petition already pending – he did not impose a stay. He instead adopted a two-track schedule that carves out only reports from experts whose opinions are "contingent on certification." 6/24/26 Special Master Scheduling Order, ECF 1033 at PageID 26352. This Court then adopted that schedule on October 26, 2026, nearly a month *after* the Sixth Circuit granted review. 10/26/26 Order, ECF 1094 at PageID 27878. Defendants' argument that the

[5] *In re FirstEnergy Corp. Sec. Litig*., 149 F.4th 587, 618 (6th Cir. 2025) ("Plaintiffs argue in their complaint that *the pervasive pure omission* was that '[n]one of the Company's SEC filings mentioned any risks in connection with the Bailout Scheme. . . .' But that same problem, because of its high level of generality, *is the core of all of Plaintiffs' misrepresentation-based claims, too*.").

"same reasoning" should apply now is an argument for a stay that Defendants have not sought (and Rule 23(f) does not allow to be imposed automatically).[6] Motion, ECF 1104 at PageID 28182).

**D. Defendants Seek Disparity, Not Parity**

Another example of Defendants' refusal to accept the plain language of this Court's orders is their so-called parity argument. The Court's January 15, 2027 deadline applies to all "experts whose opinions *are not* contingent on certification." 6/24/26 Special Master Scheduling Order, ECF 1033 at PageID 26352 (emphasis in original). Throughout the hearing on this issue and their brief, Defendants fail to advance even a theory as to why calculating damages here would be "contingent on certification." Calculating damages here is not. Plaintiffs purchased FirstEnergy common stock in 40 of the 42 months from February 2017 through July 2020. *See* Appointment Mot., Ex. B (Certification), ECF 33-4 at PageID 779-80; Complaint (Certification), ECF 72 at PageID 1660-68. As such, damages must be calculated throughout this period irrespective of this case being a class action, and the class action determination has nothing to do with the results of those calculations. Therefore, these are "'Non-Certification' Expert Reports" and the January 15, 2027 deadline applies. 6/24/26 Special Master Scheduling Order, ECF 1033 at PageID 26352; 10/26/26 Order, ECF 1094 at PageID 27878. By the terms of the Scheduling Order, this means the deadline for any rebuttal reports to these damages reports is March 15, 2027. 6/24/26 Special Master Scheduling Order, ECF 1033 at PageID 26352; 10/26/26 Order, ECF 1094 at PageID 27878. To the extent Defendants have their own affirmative experts whose opinions *are not* contingent on certification, the deadline for their reports would also be January 15, 2027, and Plaintiffs' rebuttal reports would be due on March

[6] "An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f); *see also* Fed. R. App. P. 8(a)(1) (requiring a motion to stay in the district court before a motion may be made to the court of appeals). Having chosen not to seek a stay – and without attempting to satisfy the standard for one – Defendants cannot obtain a partial stay of expert discovery by mislabeling it "[e]nforce[ment]." Motion, ECF 1104 at PageID 28719. Therefore, Defendants' citations to a series of cases concerning stays of discovery pending Rule 23(f) appeals (*id.* at PageID 28189) are inapt.

15, 2027. 6/24/26 Special Master Scheduling Order, ECF 1033 at PageID 26352; 10/26/26 Order, ECF 1094 at PageID 27878.

The Scheduling Order provides the exact same '"Non-Certification"' treatment for both the opening damages reports and the rebuttal reports. 10/26/26 Order, ECF 1094 at PageID 27878. Likewise, the Scheduling Order treats the *parties* the same. That is the definition of parity. Defendants demand *disparity*, not parity. Accordingly, their argument fails, and the cases they cite that call for equal, not disparate, treatment support the Scheduling Order.

Defendants' claim that Plaintiffs' reading would "upend" the remaining case schedule (Motion, ECF 1104 at PageID 28190-91) is likewise unfounded. Plaintiffs do not seek to change any deadline. If there are no experts whose opinions are contingent on certification, all expert discovery will be complete by June 26, 2027, but Class notice remains keyed to resolution of the Rule 23(f) appeal. 10/26/26 Order, ECF 1094 at PageID 27878-79; 6/24/26 Special Master Scheduling Order, ECF 1033 at PageID 26355-56. Defendants' concern under *Faber v. Ciox Health, LLC*, 944 F.3d 593, 603-04 (6th Cir. 2019) is misplaced. It is also premature, as we do not know when the Sixth Circuit will resolve the 23(f) appeal – and, if necessary, the Court can simply withhold its rulings on any dispositive motions until after the Class-notice process is complete.

### E. Defendants' Demand for a Preemptive Prohibition on Supplemental Reports Should Be Rejected

Defendants do not even attempt to cite any cases granting the final form of relief they seek: preemptive punishment if Plaintiffs have the temerity to *comply* with the Court's Scheduling Order. The punishment Defendants seek is for the Court to preclude Plaintiffs from supplementing their expert's damages report for any reason whatsoever "after the Sixth Circuit rules, regardless of the scope or content of that ruling." Motion, ECF 1104 at PageID 28194. That request would forbid what the Federal Rules require. A party must supplement its expert's report "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect" (Fed. R.

Civ. P. 26(e)(1)(A)), and that duty "extends both to information included in the report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2). Beyond that, it should go without saying that a change in controlling law concerning damages calculations would constitute good cause to amend the Scheduling Order. *See, e.g.*, *Chkrs, LLC v. City of Dublin*, 2019 WL 3975447, at *3 (S.D. Ohio Aug. 22, 2019) (Jolson, M.J.) ("Because [the intervening decision] was not issued prior to the deadline for amendments, Plaintiff demonstrated the necessary diligence to establish good cause by promptly filing the proposed Amended Complaint within weeks of [its] issuance."). For example, if the Supreme Court (or the Sixth Circuit in any case) were to hold that event studies for all securities cases must include the Russell 2000 Index, that would constitute good cause to allow supplemental opinions to address the new standard.

Defendants' authorities do not hold otherwise. *Bowles v. City of Mansfield*, 2008 WL 11480485 (N.D. Ohio Nov. 21, 2008) and *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.*, 2020 WL 1154809 (S.D. Ohio Mar. 10, 2020) addressed supplemental reports that were served to cure an inadequate report or to bolster an expert's opinions. Motion, ECF 1104 at PageID 28193. Neither involved an intervening appellate decision nor barred supplementation in advance – before any report had been served or any ruling issued. The Special Master correctly declined to '"foreclos[e] the possibility of any kind of supplemental reports"' because '"[w]e don't know what the Sixth Circuit is going to do."' *Id.* at PageID 28186 (quoting 10/27/26 Hr'g Tr., ECF 1100 at PageID 28069:14-23 (original alterations)). Defendants offer no reason to revisit that ruling. If a supplemental report is ever served, Defendants will be free to challenge it under Rules 26(e) and 37(c) of the Federal Rules of Civil Procedure on the record as it then exists. Likewise, whether class certification proceedings are to be reopened on any remand (Motion, ECF 1104 at PageID 28192-93 n.6) is a question for the Sixth Circuit and/or this Court, but not one to be prejudged now.

## III. CONCLUSION

Plaintiffs respectfully request that the Special Master issue a Report and Recommendation that denies any relief for Defendants and makes clear that their Motion does not seek to enforce the Scheduling Order, but rather they seek an end run around it.

DATED: November 10, 2026

Respectfully submitted,

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY, Trial Attorney (0063373)
BRIAN K. MURPHY (0070654)

s/ Joseph F. Murray
JOSEPH F. MURRAY

1114 Dublin Road
Columbus, OH 43215
Telephone: 614/488-0400
614/488-0401 (fax)
murray@mmmb.com
murphy@mmmb.com

Liaison Counsel

ROBBINS GELLER RUDMAN
& DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
JASON A. FORGE (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com
jforge@rgrdlaw.com

Class Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on November 10, 2026. Notice of this filing will be sent to all electronically registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Joseph F. Murray
Joseph F. Murray (0063373)